# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

### COUNSELLORS AT LAW

_____

CHARLES C. CARELLA
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

DONALD F. MICELI
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
CAROLINE F. BARTLETT
ZACHARY S. BOWER+
DONALD A. ECKLUND
CHRISTOPHER H. WESTRICK*
STEPHEN R. DANEK
MICHAEL A. INNES
MEGAN A. NATALE
KEVIN G. COOPER

**5 BECKER FARM ROAD**
**ROSELAND, N.J.  07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
**www.carellabyrne.com**

PETER G. STEWART
FRANCIS C. HAND
JAMES A. O'BRIEN, III
JOHN G. ESMERADO
STEVEN G. TYSON
MATTHEW J. CERES
ZACHARY A. JACOBS***
JASON H. ALPERSTEIN++

OF COUNSEL

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
**MEMBER NY BAR
***MEMBER IL BAR
+MEMBER FL BAR
++MEMBER NY & FL BAR

RAYMOND J. LILLIE
GREGORY G. MAROTTA
MARYSSA P. GEIST
JORDAN M. STEELE**
SEAN M. KILEY
ROBERT J. VASQUEZ
BRITTNEY M. MASTRANGELO
GRANT Y. LEE***

June 20, 2024

**VIA ECF**

Honorable Julien Xavier Neals, U.S.D.J.
United States District Court
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

> Re:    ***In re: Apple Inc. Smartphone Antitrust Litigation*,**
> **Civil Action No. 2:24-md-03113-JXN-LDW (MDL 3113)**

Dear Judge Neals:

This firm represents a variety of direct purchaser plaintiffs in this important, newly created multidistrict litigation. At present, twenty-three direct purchaser complaints have been filed in New Jersey, with an expected thirteen more to be transferred to Your Honor consistent with the Judicial Panel on Multidistrict Litigation's ("JPML") June 7, 2024 Order.  Attached as Exhibit A is a chart listing all direct purchaser cases filed against Apple.  There are also a number of complaints filed on behalf of indirect purchasers.

I am writing to provide the Court with an abbreviated background of the litigation and to propose the entry of an initial Case Management Order regarding the organization and conduct of this MDL for the direct purchaser cases.

**Litigation Background**

On March 21, 2024, the Department of Justice ("DOJ") filed a civil complaint pursuant to Section 4 of the Sherman Act (15 U.S.C. § 4) alleging that Apple violated Section 2 of the Sherman Act (15 U.S.C. § 2) by monopolizing or attempting to monopolize the smartphone market through its dominance to impose contracts and rules that restrict the behavior and design decisions of other companies, and for engaging in conduct that precludes competition and innovation.

After the filing of the DOJ's complaint, private plaintiffs filed similar antitrust complaints seeking injunctive relief as well as damages occasioned by Apple's anti-competitive conduct.  All direct purchaser Plaintiffs allege that Apple engages in anti-competitive and exclusionary practices

and conduct related to a number of technological areas in the smartphone market, including (1) "super apps"; (2) cloud streaming apps; (3) messaging; (4) smartwatches; and (5) digital wallets. Plaintiffs allege that Apple's actions have impeded users from purchasing non-Apple products and/or artificially inflating the prices of Apple products. Through these lawsuits, Plaintiffs seek to restore competition in the smartphone market to lower prices for consumers, allow consumers to more easily switch between competitors' products, reduce fees for developers, and promote innovation.

As recognized by the JPML, there are several common factual questions throughout the private plaintiff actions including, among other things, whether Apple has monopolized or attempted to monopolize one or more smartphone markets (as well as other product markets, including the tablet (*i.e.*, iPad) and smartwatch (*i.e.*, Apple watch) markets) by controlling the creation and distribution of apps compatible with the iPhone and other Apple products, and suppressing technologies that would make the iPhone and other Apple products more compatible with competitors' devices.

Apple is one of the world's most valuable companies providing products and services to hundreds of millions of Americans. The allegations in the DOJ's complaint and the private plaintiffs' complaints paint a striking portrait of how Apple gained its market dominance and continues to profit from what plaintiffs contend to be illegal anti-competitive conduct, all to the financial detriment of consumers and industry competitors. The case is of obvious public import - much like the Microsoft antitrust case brought by the DOJ in the late 1990s. Accordingly, the entry of early and time-tested case management protocols is necessary to move the litigation forward in an efficient and organized fashion.

**Proposed Case Management Order**

As of June 7, 2024, forty-one[1] civil cases have been filed against Apple, with a majority filed either in the District of New Jersey or the Northern District of California.

To facilitate the effective and efficient administration of these actions, I have enclosed a proposed Case Management Order Number 1. Similar orders have been entered in other MDLs both in the District of New Jersey and elsewhere. *See, e.g.*, *In re: Passenger Vehicle Replacement Tires Antitrust Litig.*, No. 5:24-md-03107-SL (N.D. Oh.) (ECF 3); *In re: Samsung Customer Data Security Breach Litig.*, No. 1:23-md-03055-CPO-EAP (D.N.J.) (ECF 6); *In re: Hair Relaxer Marketing Sales Practices and Products Liability Litig.*, No. 1:23-cv-00818-MMR (MDL No. 3060) (N.D. Ill.) (ECF 3); *In re: Cattle and Beef Antitrust Litig.*, No. 0:22-md-03031-JRT-JFD (D.M.N.) (ECF 21); *In re: Generic Digoxin and Doxycycline Antitrust Litig.*, No. 2:16-md-02724-CMR (E.D. Pa.) (ECF 2). It proposes, as is standard in class actions where you have overlapping

---

[1] In addition to the thirty-six direct purchaser actions identified in Exhibit A, to date, five indirect purchaser actions (*e.g.*, bought from a wireless carrier like AT&T) have also been filed against Apple.

June 20, 2024
Page **3** of **3**

class claims, the consolidation of all direct purchaser complaints and a schedule for the filing of a consolidated amended complaint.

The proposed order also addresses other important threshold MDL issues, including the establishment of a master docket and an orderly process for appointing Interim Lead Counsel under Rule 23(g). In that regard, plaintiffs' counsel have already begun discussing appropriate leadership structures for this MDL and those discussions are progressing well. I will keep the Court apprised of our efforts.

Finally, since this type of initial case management order is routinely utilized in the initial phases of an MDL such as this, I do not expect that there will be any objection to its entry. The proposed order, once approved, will help to streamline the litigation process, ensuring that all parties are on the same page and that the case moves forward in an efficient and organized fashion. I am filing this proposed order to start the process of organizing the MDL in anticipation of all the cases subject to the JPML's order being transferred to Your Honor this week. In the meantime, I will continue talking to plaintiffs' counsel concerning the proposed order and will advise Your Honor if there are any objections or suggested changes. I will also discuss any comments or suggested additional case management orders with defense counsel.

We thank the Court for its attention to this matter. If Your Honor has any questions or concerns, we are, as always, available at the Court's convenience. We look forward to discussing this MDL at any initial case management conference the Court may set.

Respectfully submitted,

CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.

*/s/ James E. Cecchi*

JAMES E. CECCHI