

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

June 25, 2024

**VIA ECF**
Honorable Julien Xavier Neals, U.S.D.J.
United States District Court
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

Re:   ***In re: Apple Inc. Smartphone Antitrust Litigation*,**
       Civil Action No. 2:24-md-03113-JXN-LDW (MDL 3113)

Dear Judge Neals:

      This firm, together with Gibson, Dunn & Crutcher LLP, represents Defendant Apple Inc. ("Apple") in the above-referenced multidistrict litigation ("MDL"). I write in response to the letter and proposed Case Management Order ("CMO") submitted by James E. Cecchi on June 20, 2024. *See* Dkt. 2. Mr. Cecchi purports to represent plaintiffs in six of 36 direct purchaser actions that, along with an additional eight[1] indirect purchaser actions, have recently been ordered consolidated before the Court in this MDL. Apple submits that Mr. Cecchi's letter and proposed CMO—which he sent without first meeting and conferring with Apple—are premature and that case management should be addressed at a later date, after coordination counsel has been appointed and the parties have had an opportunity to meet and confer about a proposed schedule and case management structure.

      **Litigation Background**

      On March 21, 2024, the United States and sixteen states filed a complaint in the District of New Jersey against Apple. *See United States v. Apple Inc.*, 2:24-cv-04055 (D.N.J.), Dkt. 1. On June 11, 2024, plaintiffs amended their complaint to reflect that four additional states joined the lawsuit and to add a cause of action. Dkt. 51. Apple vigorously disputes the complaint's allegations that Apple unlawfully monopolized or attempted to monopolize a smartphone (or, in the alternative, "performance" smartphone) market under Section 2 of the Sherman Act, 15 U.S.C. § 2, and certain state antitrust laws.

      Since the Government filed suit, 41 putative class actions, alleging claims on behalf of both direct and indirect iPhone and/or Apple Watch purchasers, have been filed by private plaintiffs in several federal district courts across the country (collectively, the "Related Actions"). The

---

[1] 33 actions allege a putative class of exclusively direct purchasers, five actions allege a putative class of exclusively indirect purchasers, and three actions allege a putative class of both indirect and direct purchasers.

Honorable Julien Xavier Neals, U.S.D.J.
June 25, 2024
Page 2

majority (26 complaints) were filed in this District, and 15 additional cases were filed across the Northern District of California, the Northern District of Illinois, the District of Minnesota, and the Western District of Pennsylvania.

On June 7, 2024, the Judicial Panel on Multidistrict Litigation ordered that all 41 Related Actions be consolidated before this Court. *See* Dkt. 1 at 1. The Related Actions are still in the process of being transferred and consolidated, in part pending resolution of an objection filed on June 20, 2024, by Plaintiff Whiteside. *See In Re: Apple Inc. Smartphone Antitrust Litigation*, MDL No. 3113, Dkt. 120.

**Mr. Cecchi's June 20, 2024 Letter**

On June 20, 2024, without first meeting and conferring with Apple, Mr. Cecchi sent a letter to Your Honor purporting to "provide the Court with an abbreviated background of the litigation and to propose the entry of an initial Case Management Order regarding the organization and conduct of this MDL for the direct purchaser cases." Dkt. 2 at 1. It was only after Mr. Cecchi filed the letter that he shared a copy with Apple's counsel to ask if Apple had "any questions" about the proposed CMO. Apple submits that Mr. Cecchi's letter and proposed CMO are premature. Any discussion of case management should follow the complete transfer of all lawsuits in the MDL and include input from all parties in the Related Actions. In light of that, and in order to proceed fairly and efficiently, Apple respectfully recommends the following sequencing prior to entry of any CMO:

1. The process of transferring the Related Actions is completed, including resolution of the objection filed by Plaintiff Whiteside;
2. The Court appoint class coordination counsel for the direct and indirect plaintiffs' groups, or at least interim class coordination counsel, to speak on behalf of plaintiffs in the Related Actions regarding scheduling and case management matters; and
3. Coordination counsel (once appointed) and Apple meet and confer regarding a proposed case schedule and case management structure, and submit a proposed CMO for the Court's consideration.

Apple submits that this process will allow all parties to provide input regarding case management in an efficient and orderly fashion, and will help facilitate coordination, as appropriate, of the schedule in this MDL with the schedule in the United States' lawsuit. In the meantime, Apple does not object to the entry of an order scheduling briefing on the appointment of class coordination counsel. Apple thanks the Court for its consideration.

Respectfully submitted,

*s/Liza M. Walsh*

Liza M. Walsh

cc:   Hon. Leda Dunn Wettre
      All Counsel of Record (via ECF)