**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS, P.C.**
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
Phone: 856.596.4100
BY: Stanley O. King
Attorney ID No.: 034131996
**Attorney for Indirect Purchaser Plaintiffs**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION<br><br>*This Document Relates to:*<br><br>All Indirect Purchaser Cases | Civil Action No. 2:24-md-03113 (JXN)(LDW) |

**INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM**
**OF LAW IN SUPPORT OF THEIR MOTION TO**
**APPOINT INTERIM CO-LEAD COUNSEL**

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................1

II.    BACKGROUND ................................................................4

III.   ARGUMENT ....................................................................6

   A. The Court Should Appoint Proposed Interim Co-Lead Counsel, the
      Executive Committee, and Liaison Counsel....................................7

      1.  Proposed Interim Co-Lead Counsel's Relevant Experience................. 10

         a.  SWCK ................................................................ 10

         b.  Berger Montague .................................................... 14

         c.  LGN ................................................................ 16

         d.  SRK ................................................................ 20

      2.  Proposed Executive Committee Members' Relevant Experience ........ 24

         a.  CMST ............................................................... 24

         b.  FKLM .............................................................. 27

         c.  RWB ............................................................... 29

         d.  Preti .............................................................. 31

         e.  ID ................................................................. 32

      3.  Proposed Liaison Counsel's Relevant Experience ................................ 34

         a.  Javerbaum ......................................................... 34

   B. Proposed Interim Co-Lead Counsel's Proposal to Manage this Litigation
      Pursuant to CMO-1 .......................................................... 35

      1.  Monitoring Billing and Controlling Costs ............................................ 35

      2.  Avoiding Duplication of Efforts and Process for Assigning and
          Monitoring Work ...................................................... 37

C. Proposed Interim Co-Lead Counsel's Proposal to Maintain Communication and Input from Lawyers not Part of Leadership ............. 37

IV.   CONCLUSION ........................................................................... 38

Pursuant to Rule 23(g) and the Court's Case Management Order Number 1 (ECF No. 7) ("CMO-1"), Indirect Purchaser Plaintiffs Nicole Arends, Christina Kolinsky, Eric Loewen, Sidney Rossi, Susan Marie, Sharla Hilburn, Nancy Cox, and Jared Schermer ("Plaintiffs" or "IPPs") submit this memorandum of law in support of their motion to appoint (a) Schneider Wallace Cottrell Konecky LLP ("SWCK"), Berger Montague PC ("Berger Montague"), Lockridge Grindal Nauen PLLP ("LGN"), and Spector Roseman & Kodroff, P.C. ("SRK") as interim co-lead counsel for the proposed indirect purchaser class ("Proposed Interim Co-Lead Counsel"), (b) Cohen Milstein Sellers & Toll PLLC ("CMST"), Freed Kanner London & Millen LLC ("FKLM"), Reinhardt Wendorf & Blanchfield ("RWB"), Preti, Flaherty, Beliveau & Pachios, Chartered, LLP ("Preti"), and Israel David LLC ("ID") as members of the proposed executive committee ("Executive Committee"), and (c) Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C. ("Javerbaum") as liaison counsel.

## I.    INTRODUCTION

This litigation against Defendant Apple Inc. ("Apple") challenges perhaps the furthest-reaching monopoly in world history: Apple's iPhone, a lucrative franchise that has delivered to Apple annual net income of $97 billion, exceeding the gross domestic product of over 100 countries.[1] Plaintiffs allege that Apple

---

[1] *Loewen* Compl. ¶ 36.

maintained its considerable market power not by competition on the merits, but through a five-part scheme that "locked in" consumers and frustrated cross-platform interoperability in the U.S. smartphone market that Apple has dominated, in violation of federal and state antitrust laws.

On behalf of Plaintiffs, Proposed Interim Co-Lead Counsel SWCK, Berger Montague, LGN, and SRK have worked cooperatively to organize counsel for all indirect purchasers. Proposed Interim Co-Lead Counsel have negotiated edits on behalf of indirect purchasers to CMO-1; assembled a team of attorneys for an Executive Committee to ensure that the litigation is fully staffed and funded on behalf of indirect purchasers; and met with potential experts to frame the theories of liability and injury that will be central to recovery on behalf of indirect purchasers.

Proposed Interim Co-Lead Counsel are experienced antitrust litigators who have particular expertise in state law issues raised by statutes that have repealed *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 748 (1977) ("*Illinois Brick*") (holding that only direct purchasers can seek damages under federal antitrust law). Proposed Interim Co-Lead Counsel have successfully litigated, or are currently leading, antitrust actions in products such as Twitch streaming video games, dynamic random access memory chips, optical disk drives, TFT-LCD television screens, foreign currency, credit scoring, Energizer batteries, critical

passive electronic components such as capacitors, surgical robots, and the personal computer games distribution market.

Proposed Interim Co-Lead Counsel proposes to work with an Executive Committee consisting of CMST, FKLM, RWB, Preti, and ID. Each of CMST, FKLM, RWB, Preti, and ID brings considerable expertise on behalf of the proposed indirect purchaser class, particularly in antitrust litigation concerning electronics and technology. Proposed Interim Co-Lead Counsel also propose to work with Javerbaum as liaison counsel, which brings significant experience in complex litigation in this District to the case. Together, Proposed Interim Co-Lead Counsel, the Executive Committee, and Liaison Counsel have the resources and expertise to take on Apple in litigation that concerns its core "lock in" business model.

Proposed Interim Co-Lead Counsel, the Executive Committee, and Liaison Counsel have the support of all indirect purchaser plaintiffs and counsel. This leadership team is the most qualified to represent the proposed indirect purchaser class based on their successful effort to organize all presently filed indirect purchaser counsel in this case, their expertise in litigating both monopolization and indirect purchaser claims, and their substantial experience in complex class actions.

## II.    BACKGROUND

After the Department of Justice filed its complaint in this District on March 21, 2024, indirect purchasers filed five complaints in federal courts in New Jersey and California between March 26, 2024 and May 5, 2024. *See Schermer v. Apple Inc.*, No. 4:24-cv-01815 (N.D. Cal.) (filed March 23, 2024); *Kolinsky, et al. v. Apple Inc.*, No. 2:24-cv-04232 (D.N.J.) (filed March 26, 2024); *Loewen v. Apple Inc.*, No. 3:24-cv-02006 (N.D. Cal.) (filed April 2, 2024); *Marie, et al. v. Apple Inc.*, No. 2:24-cv-5541 (D.N.J.) (filed April 23, 2024); *Arends v. Apple Inc.*, No. 2:24-cv-05961 (D.N.J.) (filed May 9, 2024). Ultimately, the indirect purchaser cases were all transferred to this Court by order of the United States Judicial Panel on Multidistrict Litigation (the "Panel") on June 6, 2024. ECF No. 1. On July 25, 2024, the Court issued its initial case management order. CMO-1.

In CMO-1, the Court ordered counsel for direct and indirect purchasers to meet and confer concerning leadership for their respective clients. *Id.* ¶ 5. Proposed Interim Co-Lead Counsel for indirect purchasers have done that, and they have reached a consensus among all counsel for indirect purchaser plaintiffs—one that meets the requirements of Rule 23(g)(3) and is best suited to represent the proposed class in this complex litigation.

Appointment of Proposed Interim Co-Lead Counsel and the proposed

4

Executive Committee is necessary to protect the interests of indirect purchasers, who purchase most of the iPhones sold in the U.S.[2] In response to *Illinois Brick*, most states have passed statutes explicitly providing indirect purchasers with a damages remedy, and certain others have repealed Illinois Brick by judicial decision or permit recovery under consumer protection statutes. *See, e.g.*, *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 764 (2010) (the California Legislature in enacting its 1978 *Illinois Brick* repealer law "cited with approval *Illinois Brick*'s 'vigorous dissent'" to the "majority's bar on indirect purchaser suits"); *In re Auto. Parts Antitrust Litig.*, 2015 U.S. Dist. LEXIS 189606, at *686 (E.D. Mich. May 1, 2015) ("In response to the Supreme Court's prohibition against antitrust actions by indirect purchasers articulated in [*Illinois Brick*] many states enacted repealer provisions, allowing state actions for indirect purchasers").

In addition to conferring with all indirect purchaser plaintiffs' counsel, who support the proposed leadership structure in this motion, Proposed Interim Co-Lead Counsel have worked cooperatively with counsel for Apple and

---

[2] Dan Resinger, "Here's Where Apple Customers Really Buy iPhones and iPads," YahooFinance (Oct. 19, 2017); https://finance.yahoo.com/news/apos-where-apple-customers-really-150404743.html ("The vast majority of people who buy iPhones in the U.S.—nearly 80%—do so at carrier stores rather than the company's own retail outlets"); Allison Johnson, "Only a quarter of US iPhones are sold through Apple," The Verge (Dec. 12, 2022); https://www.theverge.com/2022/12/12/23505822/apple-iphone-sales-retail-carriers-cirp-report; ("[T]he most popular way to buy a new iPhone was through a wireless carrier, which accounted for 67 percent of sales.").

counsel for the direct purchaser plaintiffs in negotiating the proposed order that the Court entered as CMO-1.[3]

## III.   ARGUMENT

Rule 23 permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Interim counsel's role is identical to the role of class counsel in a certified class action: to "fairly and adequately represent the interests of the class." *Id.* at 23(g)(4). The designation of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) § 21.11 (2004) (the "MANUAL").

Rule 23(g)(1)(A) sets out the factors for the Court to consider when appointing interim class counsel, which are the same criteria courts use to select potential counsel for a certified class. *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012). These factors, reflected in CMO-1, are:

> (i)  the work counsel has done in identifying or investigating potential claims in the action;

---

[3] Proposed Interim Co-Lead Counsel have worked cooperatively with direct purchasers' counsel in this case and expect to continue to do so in the future.

> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources counsel will commit to representing the class.

Fed. R. Civ. P. (23)(g)(1)(A); *Deangelis*, 286 F.R.D. at 223.

The primary goal in appointing leadership in a complex action "is achieving efficiency and economy without jeopardizing fairness to the parties." MANUAL §10.221 (4th ed. 2004). Ultimately, the Court must appoint the "applicant 'best able to represent the interests of the class.'" *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 272 (S.D.N.Y. 2009) (quoting Fed. R. Civ. P. 23(g)(2)).

### A. The Court Should Appoint Proposed Interim Co-Lead Counsel, the Executive Committee, and Liaison Counsel

Indirect purchasers such as Plaintiffs have bought most of the iPhones sold in the U.S. and require separate representation, as CMO-1 recognizes. Courts in the District of New Jersey frequently appoint separate representation for direct and indirect purchasers in antitrust class action litigation. *See In re Lipitor Antitrust Litig.*, 2020 U.S. Dist. LEXIS 173522, *3 (D.N.J. Sept. 20, 2020) ("CMO-1 addresses separately: (i) direct purchaser class organization; and (ii) end-payor class organization"); *In re Lamictal Indirect Purchaser & Antitrust*

7

*Consumer Litig.*, 172 F. Supp. 3d 724 (D.N.J. 2016) (concerning consolidated indirect purchaser cases); *In re Ductile Iron Pipe Fittings Indirect Purchaser Antitrust Litig.*, 2013 U.S. Dist. LEXIS 36783 (D.N.J.) (same); *In re Vehicle Carrier Servs. Antitrust Litig.*, 2015 U.S. Dist. LEXIS 114691 (D.N.J.) (addressing separate indirect purchaser and direct purchaser complaints); *In re: Fragrance Indirect Purchaser Antitrust Litigation*, 2:23-cv-03249-WJM-JSA, ECF No. 31 (Oct. 20, 2023) (appointing leadership for indirect purchaser class).

The leadership structure proposed by Proposed Interim Co-Lead Counsel has the approval of all counsel who have filed indirect purchaser cases. Consensus of counsel is an important consideration in selecting interim class counsel. *See* MANUAL § 21.272 (4th ed. 2004) ("The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class under Rule 23(g)."); §10.22 ("In some cases the attorneys coordinate their activities without the court's assistance, and such efforts should be encouraged."); *see also In re: Crop Prot. Loyalty Program Antitrust Litig.*, Case No. 1:23-md-3062, ECF No. 60 (M.D.N.C. Jun. 4, 2023) (appointing four interim co-lead class counsel where 41 of 52 plaintiffs supported the majority group); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 58 (E.D.N.Y. 2006) (That a "large number[ ] of experienced counsel are satisfied to be represented by" moving counsel "is some

measure of the respect they command and the confidence of their peers that they will serve well in the role."); *In re Crude Oil Commodity Futures Litig.*, 2012 WL 569195, at *2 (S.D.N.Y. February 14, 2012) (selecting interim lead counsel and noting, "the Court gives some weight to plaintiffs' 'self selection' of class counsel").

As Apple has vast resources at its disposal, the Court should appoint the structure proposed by Proposed Interim Co-Lead Counsel of four co-lead firms and four executive committee firms. *See In re Passenger Vehicle Replacement Tires Antitrust Litig.*, Case No. 5:24-md-03107-SL, ECF No. 137 (N.D. Ohio July 3, 2024) (appointing four co-lead firms and a steering committee of five firms for indirect purchasers); *In re Eyewear Antitrust Litig.*, Case No. 0:23-cv-03065, ECF No. 115 (D. Minn. May 1, 2024) (appointing four co-lead counsel and six firms to executive committee for direct purchaser plaintiffs in monopolization case); *In re: Realpage, Inc., Rental Software Antitrust Litig.*, Case No. 3:23-md-3071, ECF No. 278 (M.D. Tenn. Jun. 13, 2023) (appointing three interim co-lead counsel, and eight firms to the executive committee); *In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2017 WL 679367, at *27 (N.D. Cal. Feb. 21, 2017) (appointing three co-lead counsel, liaison counsel, and five-firm executive committee); *In re Nat'l Football Leagues Sunday Ticket Antitrust Litig.*, No. ML 15-02668-BRO, 2016 WL 6693146, at *4 (C.D. Cal.

May 23, 2016) (appointing four co-lead counsel and five committee members); and *Ehler v. IPEX, Inc.*, No. 08-cv-02220-CMA-BNB, 2009 WL 1392075, at *2 (D. Colo. May 15, 2009) (appointing five co-lead counsel).

As set forth below, each of the firms proposed to lead this antitrust litigation meet the Rule 23(g) criteria based on their experience in antitrust litigation and other complex litigation.

### 1. Proposed Interim Co-Lead Counsel's Relevant Experience

#### a. SWCK

Based in Emeryville, California, SWCK represents only plaintiffs. SWCK has served as class counsel in hundreds of actions under antitrust, labor and employment, ERISA, and tort laws. SWCK is one of the largest plaintiff-side law firms in the western U.S. SWCK is led and directed by firm founder and Managing Partner Todd M. Schneider, a distinguished trial attorney who has tried numerous cases to juries across the United States.[4] SWCK will litigate this

---

[4] Mr. Schneider has served as the managing partner of Schneider Wallace for over 30 years. He was appointed by the Chief Justice of the California Supreme Court to serve on the Advisory Committee on Civil Jury Instructions, the body responsible for drafting the Judicial Council of California Civil Jury Instructions. He has been reappointed multiple times and has served on the committee for over a decade. Mr. Schneider's leadership roles in the trial bar include serving as President of the San Francisco Trial Lawyers' Association and as Vice President of the Consumer Attorneys of California. He was also honored as Trial Lawyer of the Year by the San Francisco Trial Lawyers' Association and was a finalist for the Consumer Attorney of the Year award by the Consumer Attorneys of California.

case with a diverse team, and in other practice groups SWCK is led by Carolyn Cottrell (Labor and Employment) and Amy Eskin (Mass Torts).

SWCK's Antitrust Litigation Practice Group is led by Matthew S. Weiler, an ardent antitrust litigator who most recently was a key member of a trial team concerning Suboxone, an opioid treatment, resulting in an $85 million settlement announced in July 2024, less than a week before the case was set for its second stage of trial in state court in Salem, Virginia.[5] Mr. Weiler developed the winning legal theories, led oral arguments in most of the dispositive motions, and presented two of the clients as witnesses in the successful first stage of trial. The Suboxone litigation settlement, reached on behalf of five clients, is among the largest recent recoveries in pharmaceutical antitrust litigation under state antitrust law.[6] Mr. Weiler has represented plaintiffs in antitrust cases involving capacitors, inflight entertainment video games, disposable batteries, UFC fighters, disposable contact lenses, and cryptoassets, among other things. In this litigation, Mr. Weiler drafted the *Loewen* complaint, has been coordinating discussions with the direct purchaser plaintiffs and Apple concerning case

---

[5] https://www.indivior.com/en/media/press-releases/Indivior-Provides-Business-Update-Conference-Call-at-8am-US-EDT

[6] Josh Davis and Rose Kohles Clark, "2022 Antitrust Annual Report," (Center for Litigation and Courts, UC Law SF, Sept. 2023), at 17 (class "indirect purchaser settlements averaged approximately $11 million" from 2009 to 2022), attached as Exhibit A.

management, and is leading SWCK's efforts.

SWCK currently serves as co-lead counsel with Berger Montague for direct purchaser plaintiffs in antitrust litigation concerning Energizer and Walmart's agreements to inflate the prices of disposable batteries in *Portable Power Inc. v. Energizer Holding Co.*, 5:23-cv-02093-PCP (N.D. Cal.)*. SWCK is also co-lead counsel in *In re Tether & Bitfinex Crypto Asset Litigation*, Case No. 1:19-cv-09236-KPF (S.D.N.Y.), an antitrust class action concerning the inflation of prices of bitcoin and other crypto assets due to trading in unbacked stable coin. SWCK is on the executive committee in *In re Tesla "Right to Repair" Antitrust Litigation*, Case No. 3:2023-cv-01145, (N.D. Cal.), antitrust class action concerning after market for repair of Tesla automobiles. SWCK is also counsel for the putative class in *Little v. Pacific Seafood Procurement, LLC, et al.*, Case No. No. 23-01098-AGT (N.D. Cal.), antitrust litigation concerning anticompetitive practices relating to Dungeness crab.

SWCK has extensive experience in difficult and novel antitrust issues under state laws. In the *Glumetza Antitrust Litigation*, SWCK represents two health plans in state court litigation concerning agreements to fix and inflate the price of Glumetza. Case No. HG21087971 (Cal. Super. Ct.) (Humana Inc.); Case No. 22CV009583 (Cal. Super. Ct.) (Health Care Service Corporation). SWCK reached confidential settlements in what are the only indirect purchaser recovery of any

type concerning Glumetza. In *In re Cipro Cases I & II*, – Mr. Weiler of SWCK represented indirect purchasers in California state court class action challenging $399 million "reverse payment" settlement, recovering $399 million.[7] Case Nos. JCCP 4154 & 4220 (Cal. Super. Ct.).

SWCK has reached path-breaking results in other class action litigation. In *Nevarez v. Forty Niners Football Co.*, Case No. 16-CV-07013 (N.D. Cal.), SWCK reached a class action settlement requiring defendants to fix more than 2,600 accessibility barriers around Levi's Stadium, and pay $24 million to the class, the largest damages fund in any case of this type. In *In Re J.P. Morgan Stable Value Fund ERISA Litigation*, Case No. 12-CV-2548 (VSB) (S.D.N.Y.), SWCK obtained $75 million settlement on behalf of the Class in an ERISA fiduciary breach action brought on behalf of a class of 401(k) plans. In *Helmick, et al., v. Air Methods Corporation*, RG-13665373 (Cal. Super. Ct.), SWCK obtained a $86.5 million settlement after class liability judgment and damages trial in overtime class action covering 494 emergency response employees.

The SWCK team will feature Mahzad Hite, a talented litigator who was a key member of the trial team in the Suboxone litigation and has twelve years of experience in complex litigation. Ms. Hite is a rising star in the plaintiffs' bar

---

[7] Result achieved by Mr. Weiler, now at SWCK, but then as part of a team at the Joseph Saveri Law Firm.

and will help Mr. Weiler manage the day-to-day responsibilities of SWCK in this litigation. The SWCK team will be supported by Jason Kim, who heads SWCK's Business Litigation and Competition group and has twenty-five years of experience managing complex litigation and trying cases.

### b. Berger Montague

Described by Chambers & Partners as a "[b]outique firm with deep expertise in complex antitrust litigation," Berger Montague was founded in 1970 to litigate the first antitrust class action lawsuits in the United States. Over the next 54 years, the firm has developed one of the largest and most successful antitrust departments of any plaintiffs' class action firm with 56 antitrust lawyers and billions of dollars in recoveries. Since its founding, Berger has been a leading nationwide advocate in many of the most important antitrust cases ever litigated, and the U.S. edition of The Legal 500 has recommended Berger as a "Tier 1 Firm" for representing plaintiffs in antitrust class action litigation and describes the firm as "excellent." The firm is headquartered in Philadelphia, Pennsylvania and maintains additional offices in Washington, D.C., Minneapolis, MN, Chicago, IL, San Diego, CA, San Francisco, CA, and Toronto, Ontario, Canada.

Berger's recent successes as lead or co-lead counsel in antitrust class actions are many, including *In re Payment Card Interchange Fee and Merchant*

*Discount Antitrust Litigation*, No. 1:05-md-01720 (E.D.N.Y.) (settlement of approximately $5.6 billion); *In re Namenda Direct Purchaser Antitrust Litigation*, No. 1:15-cv-07488 (S.D.N.Y.) ($750 million class settlement); and *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, No. 2:06-cv-01797 (E.D. Pa.) ($512 million class settlement). Berger Montague currently leads or is co-lead counsel in more than two dozen of the largest, most complex antitrust class actions around the country.

The Berger Montague team is led by Michael Dell'Angelo. He is an Executive Shareholder of Berger Montague PC and serves as the Firm's General Counsel. He serves as co-lead counsel in a variety of complex antitrust cases, including *Le, et al. v. Zuffa, LLC*, No. 15-1045 (D. Nev.) (co-lead counsel, certified class, trial pending October 2024); *In re Google Digital Publisher Advertising Antitrust Litigation*, No. 5:20-cv-03556 (N.D. Ca.) (co-lead counsel for class of publishers impacted by Google's digital advertising products); and *Portable Power Inc. v. Energizer Holding Co* (co-lead counsel with SWCK for direct purchaser plaintiffs in antitrust litigation concerning Energizer and Walmart's agreements to inflate the prices of disposable batteries). Mr. Dell'Angelo has served as co-lead counsel or class counsel in numerous direct and indirect purchaser antitrust class actions including: *In re Domestic Drywall Antitrust Litig.*, No. 13-md-2437 (E.D. Pa.) (co-lead counsel with SRK, $190

million in total settlements); *In re Commodity Exchange, Inc., Gold Futures and Options Trading Litig.*, 1:14-MD-2548-VEC (S.D.N.Y) ($152 million in settlements); *In re Platinum and Palladium Antitrust Litig.*, No. 14-cv-09391-GHW (S.D.N.Y.) (settlement announced, amount embargoed pending submission for court approval); *Contant, et al. v. Bank of America Corp., et al.*, 1:17-cv-03139-LGS (S.D.N.Y.) (indirect purchaser antitrust class action with SWCK, in $23.6 million settlements); *In re Libor-Based Financial Instruments Antitrust Litig.*, No. 11-md-2262 (S.D.N.Y.) ($187 million in settlements); *Alaska Elec. Pension Fund, et al. v. Bank of Am. Corp., et al.*, No. 14 Civ. 7126-JMF (S.D.N.Y.) ($504.5 million in settlements).

### c. LGN

LGN is a 63-lawyer firm headquartered in Minneapolis, Minnesota, with additional offices in Chicago, Illinois and Boston, Massachusetts. LGN has specialized in antitrust and other federal civil litigation for more than 40 years.

LGN's attorneys have prosecuted major cases and class actions involving price-fixing, industry cartels, predatory pricing, and other antitrust cases in courts nationwide. Many of those cases are indirect purchaser cases and monopolization cases. In just the last decade, LGN and its colleagues have recovered billions of dollars for their clients and class members in national and international antitrust cases. LGN currently leads complex cases in federal courts

16

across the country including: *In re Axon VieVu Antitrust Litigation*, No. 23-cv-7182-RK-RLS (D.N.J.) (co-lead counsel for direct purchasers in monopolization case); *In re Concrete and Cement Additives Antitrust Litigation*, No. 24-md-03097 (S.D.N.Y.) (co-lead counsel for indirect purchasers); *In re Eyewear Antitrust Litig.* (co-lead counsel for direct purchasers in monopolization case); *In re Valve Antitrust Litigation*, No. 2:21-cv-00563 (W.D. Wash.) (co-lead counsel for game publishers in monopolization case); *Wood Mountain Fish LLC v. Mowi ASA, et al.,* No. 19-cv-22128 (S.D. Fla.) (co-lead counsel for indirect purchasers); *In re Pork Antitrust Litigation*, No. 18-cv-01776 (D. Minn.) (co-lead counsel for direct purchasers); *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 16-MD-2724 (E.D. Pa.) (plaintiffs' steering committee for end payor plaintiffs); *In re Passenger Vehicle Replacement Tires Antitrust Litigation* (direct purchasers' executive committee).

LGN's antitrust attorneys are leaders in the field and have served in a variety of national leadership positions in the antitrust legal community, including on the Board of Directors and Advisory Board of the American Antitrust Institute (AAI); President of the Committee to Support the Antitrust Laws (COSAL); the Minnesota Bar Association's Antitrust Law Section; the Antitrust Law Advisory Board of Strafford Publications; and the American Bar Association Antitrust Section's committees. Additionally, its attorneys

participate in the Federal Practice Committee and Merit Selection Panels for the District of Minnesota and serve as members of the Sedona Conference.

LGN's team litigating this case includes Heidi M. Silton, Jessica N. Servais, and Joseph C. Bourne. Their individual qualifications are discussed briefly below. In addition, LGN is committed to providing meaningful, substantive opportunities to newer lawyers and junior members of the firm, including in depositions, motion practice, and meet and confers. LGN is also committed to encouraging and supporting diversity in the bar.

Heidi M. Silton has represented plaintiffs in nationwide antitrust class actions for more than 25 years. Ms. Silton possesses extensive experience in all aspects of multidistrict litigation and is a seasoned advocate for plaintiffs in MDLs. The vast majority of Ms. Silton's legal work has been collaborative in nature. She, and her firm, are routinely appointed to leadership roles that require high levels of cooperation with other plaintiffs' firms. Throughout her career, Ms. Silton has successfully represented clients in antitrust actions, earning her a reputation as a skilled and aggressive advocate for her clients' interests. She is known and respected by courts nationwide and by both plaintiffs' and defendants' counsel and routinely works with many types of clients, in varying market segments.

Ms. Silton is also a leader in the nationwide antitrust community and an

active participant in antitrust policy discussions. She is the past president of COSAL, an Advisory Board member of AAI, and the current co-chair of AAI's Private Enforcement Awards Committee. She is also a past chair and emeritus of the Minnesota State Bar Association Antitrust Law Section. Ms. Silton has worked with Twin Cities Diversity and Practice on their Membership and Engagement Committee and is actively involved in mentoring lawyers inside and outside her firm to support and encourage diversity in the bar.

Jessica N. Servais is a member of LGN's class action practice. Ms. Servais represents businesses, institutions, and consumers in complex litigation with an emphasis on antitrust cases involving domestic and international cartels. She has extensive experience in the adversarial process, including directing discovery, motion practice, witness examination, expert management, and class certification.

Joseph C. Bourne's practice focuses on antitrust and class action litigation in federal and state courts throughout the country. For more than a decade in private practice, Mr. Bourne has litigated antitrust, class action, and other complex civil litigation matters involving the technology, logistics, food product, and healthcare industries, among others. He has presented at seminars and CLEs concerning antitrust and class certification issues, and he has authored publications concerning access to justice, the role of pharmacy benefits

managers in the healthcare industry, and the timing of class certification in antitrust multidistrict litigation. Mr. Bourne served on the Minnesota State Bar Association's Antitrust Law Section Council from 2021 to 2023, and he received the American Antitrust Institute's Outstanding Antitrust Litigation Achievement by a Young Lawyer award in 2022 for his work leading and coordinating discovery of the defendants and third parties in *In re Pork Antitrust Litigation*.

More information about Ms. Silton, Ms. Servais, Mr. Bourne, and LGN can be found at www.locklaw.com.

### d. SRK

Based in Philadelphia for nearly 40 years, SRK is a highly regarded and successful law firm, with a nationwide practice that specializes in class actions and complex litigation, particularly in the fields of antitrust and consumer protection. SRK has extensive experience leading complex class actions on behalf of small businesses and consumers which have achieved billions of dollars in recoveries. The firm's reputation for excellence has been recognized by numerous courts which have appointed the firm as lead counsel in prominent class actions.

Currently active antitrust class actions in which SRK is serving as co-lead counsel include *Conry, et al. v. Gerber Products Co., et al.*, No. 3:24-cv-00295 (E.D. Va.) (co-lead counsel for a proposed class of indirect purchasers); *In re:*

*da Vinci Surgical Robot Antitrust Litig.*, No. 3:21-cv-03825 (N.D. Cal.) (co-lead counsel for a proposed class of direct purchasers); *In re: FICO Antitrust Litig.*, No. 1:20-cv-02114 (N.D. Ill.) (co-lead counsel for a proposed class indirect purchasers); and *In re: Merck Mumps Vaccine Antitrust Litig.*, No. 2:12-cv-03555 (E.D. Pa.) (co-lead counsel for a proposed class of direct purchasers). SRK is also on executive or steering committees in several ongoing cases, including *In re: Passenger Vehicle Replacement Tires Antitrust Litig* (member of the direct purchaser plaintiffs' Steering Committee); *In re Eyewear Antitrust Litig.* (member of the direct purchaser plaintiffs' executive committee); *In re Delta Dental Antitrust Litigation,* No. 1:19-cv-06734, (N.D. Ill.) (member of the direct purchaser plaintiffs' executive committee) and *Cornish-Adebiyi, et al. v. Caesars Entertainment, Inc., et al.*, No. 1:23-cv-02536KMW-EAP, ECF No. 115 (D.N.J. Mat 20, 2024) (Williams, J.) (member of the direct purchaser plaintiffs' executive committee).

In recent years, SRK has also served in leadership positions in several other significant antitrust cases, including *In re Domestic Drywall Antitrust Litig.*, (co-lead counsel for a class of direct purchasers, securing more than $190 million in settlements for the class); *In re Automotive Parts Antitrust Litig.*, MDL No. 2311 (E.D. Mi.) (co-lead counsel for direct purchaser plaintiffs, securing more than $300 million in settlements for the classes); *In re Interior Molded*

*Doors Antitrust Litig.*, No. 3:18-cv-00718-JAG (E.D. Va.) (co-lead counsel for direct purchaser plaintiffs, securing more than $60 million in settlements for the class); *In re Blood Reagents Antitrust Litig.*, MDL No. 2081 (E.D. Pa.) (sole lead counsel for a class of direct purchasers, securing $41.5 million in settlements for the class); and *Vista Healthplan, Inc. v. Cephalon, Inc.*, CA No. 06-1833 (E.D. Pa.) (co-lead counsel for a class of indirect purchasers, securing settlements of $65 million).

Primarily litigating this case on behalf of SRK are William Caldes, Jeffrey Spector, and Cary Zhang, attorneys with substantial experience handling complex antitrust class actions. Like LGN and the other Proposed Co-Lead Counsel, SRK is also committed to providing meaningful, substantive opportunities to newer lawyers and more junior members of the firm, as well as encouraging and supporting diversity in the bar.

William Caldes is a partner at SRK. He has a national practice representing plaintiffs, including both individual and corporate clients, in antitrust class actions for nearly thirty years. Mr. Caldes is currently serving as co-lead counsel in the *FICO* litigation, and on the executive committees in *Eyewear*, *Cornish-Adebiyi*, *Delta Dental*, and *Tires*. Mr. Caldes has previously been involved in some of the largest antitrust cases ever litigated, including *In re NASDAQ Market-Makers Antitrust Litigation*, MDL No. 1023 (S.D.N.Y.)

which was the first antitrust case to have settlements in excess of one billion dollars. Mr. Caldes also served as co-lead counsel for the direct purchaser plaintiffs in *Automotive Parts*, regarded as one of the largest antitrust cases to be litigated to date.

Jeffrey Spector, also a partner at SRK, has been prosecuting complex class actions for over a decade and a half, representing consumers, small businesses, and hospitals in a wide array of cases involving products in a variety of industries, including the automotive, building products, healthcare, agricultural, baby products, and financial instrument markets. Presently, Mr. Spector is co-lead counsel in the *da Vinci Surgical Robot* litigation, and the *Conry* litigation, and on the executive committee in *Eyewear*. Mr. Spector was also part of SRK's lead or co-lead teams in *Blood Reagents*, *Interior Molded Doors*, *Automotive Parts*, and *Drywall*. Mr. Spector also received the 2021 award for *Outstanding Antitrust Litigation Achievement in Private Law Practice* from the American Antitrust Institute as part of the team that litigated the *In re Peanut Farmers Antitrust Litig.*, No. 2:19-cv-00463-RAJ-LRL (E.D. Va.).

Cary Zhang, an associate at SRK, has several years of experience litigating complex class actions, antitrust, and data privacy cases. Ms. Zhang is presently part of the SRK co-lead team in the data breach case *Frasco et al. v. Flo Health et al.*, No. 3:1-cv-00757-JD (N.D. Cal.), taking on several tech giants, including

Google and Facebook, on behalf of a proposed nationwide class. She is also currently an integral member of the team in *In re Revlimid & Thalomid Purchaser Antitrust Litigation*, 2:19-cv-07532-ES-MAH (D.N.J.), and has recently assisted in the prosecution of *In re Broiler Chicken Antitrust Litigation*, No. 1:16-cv-08637 (N.D. Ill.) and *Staley v. Gilead Sciences, Inc., et al.*, 3:19-cv-02573-EMC (N.D. Cal.). Ms. Zhang has experience in all stages of litigation, including drafting complaints, discovery, motion practice, witness and expert examination, class certification, and trial preparation.

More information about SRK, Messrs. Caldes and Spector, and Ms. Zhang can be found at srkattorneys.com.

## 2. Proposed Executive Committee Members' Relevant Experience

### a. CMST

Cohen Milstein's Antitrust Practice Group has achieved an impressive series of wins over the course of nearly five decades.[8] In *In re: Urethane Antitrust Litig.*, Cohen Milstein secured the largest *ever* price-fixing jury verdict—$1.06 billion after trebling and offsets for pretrial settlements. Judge John W. Lungstrum commented: "In almost 25 years of service on the bench, this Court has not experienced a more remarkable result." No. 04-1616-JWL, 2016 WL 4060156, at *4 (D. Kan. July 29, 2016). Other recent successes include *Moehrl v. Nat'l Ass'n*

---

[8] *See* https://www.cohenmilstein.com/cases/?_case_services=155

*of Realtors*, ("*Moehrl*") No. 19-cv-01610 (N.D. Ill.) ($997 million in settlements); *Iowa Public Employees Retirement System et al. v. Bank of America Corp.*, No. 1:17-cv-06221 ($580 million in settlements); *In re: Elec. Books Antitrust Litig.* ("*E-Books*"), No. 1:11-md-02293 (S.D.N.Y.) (more than $550 million in settlements); and *In re Broiler Chicken Antitrust Litigation* ($203 million in settlements). *The Legal 500* has named Cohen Milstein one of the top antitrust class action firms in the country for ten straight years, and National Trial Lawyers named it "Antitrust Law Firm of the Year" in 2020.

The Cohen Milstein attorneys principally responsible for this case are Daniel H. Silverman and Daniel L. Gifford.

Daniel H. Silverman is a partner in the Antitrust practice at Cohen Milstein and is highly regarded for his deep engagement with economic experts and for successfully shepherding cases through class certification. In 2022, *Law360* named him a "Rising Star - Antitrust," the only plaintiffs' lawyer to be so named. Mr. Silverman has played a crucial role in litigating several complex antitrust class actions, including *In re Broiler Chicken Antitrust Litigation*; *Moehrl* (Cohen Milstein, as co-lead counsel, obtained $997 million in settlements and significant industry reforms in case alleging that real estate broker franchisors conspired to inflate broker fees); and *Nitsch v. DreamWorks Animation SKG Inc.*, No. 14-CV-04062-LHK, 2017 WL 2423161, at *8 (N.D. Cal. June 5, 2017) (Cohen Milstein,

as co-lead counsel, obtained total recovery of $168.95 million on behalf of class).

Among others cases, he also currently helps lead *Zuffa* (co-lead counsel on behalf

of MMA fighters alleging that Zuffa LLC has unlawfully monopolized the market

for fighter services); *Copeland v. Energizer Holdings, Inc.* ("*Energizer*"), No.

4:23-cv-02087 (N.D. Cal.) (counsel for proposed indirect purchaser class in

antitrust litigation concerning Energizer and Walmart's alleged agreement to

inflate the prices of disposable batteries); *In Re Axon VieVu Antitrust Litigation*

(interim co-lead counsel on behalf of municipalities alleging that defendant

unlawfully monopolized market for body-worn police cameras); and *Mayor and

City Counsel of Baltimore v. Merck Sharp & Dohme Corp*, No. 2:23-cv-00828

(E.D. Pa.) (counsel for proposed class of third-party payors alleging Merck

unlawfully monopolized the market for meningococcal vaccines).

Daniel L. Gifford is an associate at Cohen Milstein. He represents a broad

range of businesses, workers, and consumers in antitrust class actions, with

matters including *In re Broiler Chicken Antitrust Litigation*; *Zuffa*; *Energizer*;

and *In re Payment Card Interchange Fee and Merchant Discount Antitrust

Litigation*. Previously, Mr. Gifford was a law clerk for the Honorable Pamela A.

Harris of the United States Court of Appeals for the Fourth Circuit and the

Honorable Sidney H. Stein of the United States District Court for the Southern

District of New York.

### b. FKLM

Freed Kanner has a reputation as one of the most effective plaintiffs' litigation firms in the nation, having secured billions of dollars in recoveries for the clients and classes it has represented. Its attorneys have undertaken lead, executive, or steering committee roles in class action litigation throughout the United States that have resulted in significant class recoveries, including two of the three largest civil antitrust settlements ever obtained in the Seventh Circuit. Peers and legal media alike have recognized Freed Kanner's focus and commitment to excellence in selecting the firm and its attorneys for numerous honors. For example, Chambers & Partners USA recognizes Freed Kanner as a "famous class action firm," ranking it year in and year out as one of the nation's top Plaintiffs' class action antitrust firms.

Kimberly A. Justice will lead the Freed Kanner team committed to this litigation. Ms. Justice has been litigating antitrust matters for two decades, routinely leads major cases against the largest defendants, and is frequently brought in by co-counsel to provide high-level strategic and trial advice. Ms. Justice is amongst a select number of plaintiff attorneys to have successfully tried (as first chair) a class action to a favorable verdict.[9]

---

[9] *See In re Longtop Financial Technologies Ltd. Securities Litig.*, No. 11-cv-3658 (S.D.N.Y.) (Hon. Shira A. Sheindlin ret.).

Ms. Justice has been personally appointed to numerous leadership positions. For example, she currently serves as Co-Lead Counsel for consumer indirect purchasers in *In re: Fragrance End-User Plaintiff Antitrust Litigation*, 2:23-cv-01627 (D.N.J.). Ms. Justice also serves as Lead Counsel in *Murphy, et al. v. Toyota Motor Corporation, et al.*, No. 4:21-cv-00178-ALM (E.D. Tex.), which resulted in a recall to fix the alleged defect in over 1.8 million vehicles and a significant reimbursement program for class members (final settlement approval pending). Ms. Justice also co-led the successful prosecution of *In re Peanut Farmers Antitrust Litigation* which settled for $102.75 million. Courts likewise have appointed Ms. Justice to Plaintiff Steering/Executive Committees in the following representative matters: *In re Liquid Aluminum Sulfate Antitrust Litigation*, No. 16-md-02687 (D.N.J.) (over $90 million in settlements for direct purchaser plaintiff class); *In re Local TV Advertising Antitrust Litigation*, No. 18-cv-06785 (N.D. Ill. Jan. 23, 2019) ($48 million in partial settlements approved to date); and *In re Farm- Raised Salmon & Salmon Products Litigation*, No. 19-cv-21551 (S.D. Fla.) ($85 million in settlements for direct purchaser plaintiff class).

Prior to entering private practice, Ms. Justice served as a federal antitrust prosecutor for nearly a decade where she led teams of trial attorneys and law enforcement agents who investigated and prosecuted domestic and international

cartel activity, including in the following industries: graphite electrodes, carbon products, ocean shipping, and benchmark interest rates (LIBOR). In addition, Ms. Justice successfully tried to guilty verdict the Antitrust Division's case against the first U.K. national extradited by the Division.[10]

### c. RWB

RWB is a nationally recognized class action law firm focused on representing plaintiffs injured by violations of state and federal competition laws. RWB's lawyers have practiced in antitrust class action law for 40 years, and the firm's reputation for excellence has been recognized across the country. RWB attorneys have been consistently recognized as antitrust Super Lawyers in Minnesota and were recently honored as Minnesota Lawyers of the Year by Minnesota Lawyer Magazine.

RWB has been appointed as lead or co-lead counsel in many antitrust cases, including *In re FICO Antitrust Litigation*, Court File No. 1:20-CV-02114 (N.D.Il), *In re American Express Consolidated Merchants Litig.* No. 04-CV-00366 (SDNY), *In re American Express Anti-Steering Rules Antitrust Litig. (II)* No. 11-MD-02221(EDNY), *In re Bromine Antitrust Litig.,* No. IP 99-9310-C-B/S, (S.D.In.), and *In re Potash Antitrust Litigation*, No. 3-93-197

---

[10] *See United States v. Norris*, No. 03-cr-0632 (E.D. Pa.) (Hon. Eduardo C. Robreno ret.).

(D. Minn.). RWB also has served on numerous executive committees in antitrust class actions, including in the following active cases: *In Re: Crop Inputs Antitrust Litig.*, 4:21-md-02993-SEP (E.D.Mo.), *Deere & Co. Repair Service Antitrust Litig.,* 3:22-cv-50188 (N.D.Il), *In re Eyewear Antitrust Litig.*, and *In re: Passenger Vehicle Replacement Tires Antitrust Litig.*

Garrett Blanchfield will be the primary RWB attorney participating in this litigation. Mr. Blanchfield is a founding partner of RWB and has worked in antitrust class actions for nearly thirty years. He has been selected as a Minnesota SuperLawyer – an achievement given to less than 5% of lawyers – for more than a decade, and has briefed and argued cases in the Minnesota Supreme Court (including *Lorix v. Crompton Corp., et al,* 734 N.W.2d 619 (Minn. 2007) (unanimous reversal of Court of Appeals decision limiting standing under Minnesota's Antitrust Act)) and the Fourth Circuit (*Robertson v. Sea Pines Real Estate Co.,* 679 F.3d. 278 (4th Cir. 2012) (affirming District Court order denying motion to dismiss cases alleging violations of the Sherman Act)). In addition, he has served as co-lead counsel in other significant class actions, such as *Tyler v. Hennepin County, et al.,* 598 U.S. 631 (2023), in which the United States Supreme Court recently reversed the Eighth Circuit, holding that a statute that allowed counties to seize property for unpaid taxes and retain any surplus funds following the sale of the property resulted in an unconstitutional taking of the

homeowner's equity.

### d. Preti

Preti, Flaherty, Beliveau & Pachios, LLP ("Preti Flaherty") is a nearly 100-attorney firm with offices in Maine, Massachusetts, and New Hampshire. Preti Flaherty brings more than 50 years of litigation experience to its representation of corporate and individual clients on both sides of the courtroom and has been representing plaintiffs in antitrust class action litigation for nearly 30 years.

Preti Flaherty has litigated numerous major antitrust class actions on behalf of plaintiffs, including in *In re Automotive Parts Antitrust Litigation*, a sprawling multidistrict litigation involving multiple component-part class actions and dozens of domestic and foreign corporate defendants. Preti Flaherty served as court-appointed Co-Lead Counsel for more than a dozen separate direct purchaser classes, recovering more than $300 million in settlements for the classes in over a decade of litigation. Preti Flaherty has also served in court-appointed leadership roles in other recent antitrust class actions, including *Pro Slab, Inc. v. Argos North America Corp.,* et al., 2:17-cv-03185 (D. S.C.) (Interim Co-Lead Counsel); *Delta Dental* (Executive Committee); and *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation* (Executive Committee, $85 million in settlements). The firm has served in court-appointed leadership

positions in many other antitrust class actions over the last three decades.

Michael S. Smith is a Preti Flaherty partner who maintains a national practice focused on representing plaintiffs in antitrust litigation. He has played a key leadership role in numerous antitrust class actions, including by participating in successful mediations, developing and overseeing discovery and overall litigation strategy, and taking apex depositions of defendant witnesses. Outside the antitrust class action context, Mr. Smith's substantial complex litigation experience includes leading a large team of Preti Flaherty attorneys and paralegals in the firm's representation of the whistleblower in *United States and the State of Indiana ex rel. Thomas Fischer v. Community Health Network, Inc., et al.*, No. 1:14-cv-1215 (S.D. Ind.), in which certain of the client's claims have settled for a record-breaking $345 million. Mr. Smith's ability to work collaboratively and efficiently with a diverse array of clients and co-counsel has been a hallmark of his career in plaintiff-side complex litigation.

### e.  ID

Established in 2022, ID is a growing and diverse high-end litigation boutique focused exclusively on class action lawsuits and complex commercial litigation in federal and state courts throughout the United States. ID is comprised of seasoned litigators with extensive experience in antitrust class actions, securities and shareholder litigation, online and data privacy class

actions, and complex commercial litigation. ID has its offices in New York City and Boston.

ID's principal partners have over 55 years of combined experience litigating high-stakes class action lawsuits at some of the most prestigious law firms in the world, including over 20 years combined experience as prominent partners at those firms. Founding partner Israel David has more than 25 years of experience in representing litigants in a wide array of civil disputes, with an emphasis on securities and shareholder class actions, antitrust class actions, and data-privacy class actions. He has litigated numerous "bet-the-company" cases at the trial court and appellate levels in federal and state courts throughout the U.S. Mr. David has earned national acclaim for successfully representing clients in some of the largest and most high-profile securities and shareholder lawsuits in U.S. history.

ID has had leadership roles in many high-profile class action lawsuits nationwide, including most recently:

- *In re American Airlines/JetBlue Antitrust Litig.*, No. 22-cv-07374-AMD-TAM (E.D.N.Y.) (antitrust class action);

- *Gerber v. Twitter, Inc., et al.*, No. 23-cv-00186-KAW (N.D. Cal.) (data privacy class action);

- *Tuteur v. Metropolitan Opera Assoc., Inc.*, No. 23-cv-03997-GS

(S.D.N.Y.) (data privacy class action);

- *Doe v. GoodRx Holdings, Inc, et al.*, No. 23-cv-00501-AMO (N.D. Cal.) (data privacy class action);

- *In re TikTok Consumer Privacy Litig.*, No. MDL 2948-A (N.D. Ill.) (data privacy class action); and

- *In re Perry Johnson & Associates Medical Transcription Data Security Breach Litig.*, No. 1:24-md-3096-RPK-LGD (E.D.N.Y.) (data privacy class action).

### 3. Proposed Liaison Counsel's Relevant Experience

#### a. Javerbaum

Javerbaum is a well-respected law firm based in New Jersey with a nationwide practice, specializing in litigation on behalf of plaintiffs. Javerbaum is involved in several of the largest, high-profile class actions in the country, including *In re Roundup Products Liability Litigation*, MDL No. 2741 (N.D. Cal.); *In re JUUL Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, No. 19-md-02913-WHO (N.D. Cal.); and *Gilead Tenofovir Cases*, No. CJC-19-005043 (Cal. Super.) and has recovered tens of millions of dollars on behalf of its clients.

Primarily litigating this case on behalf of Javerbaum is Stanley King. Mr. King is a partner at the firm with extensive experience leading and litigating

complex cases, both criminal and civil, including serving as lead counsel in an 88-plaintiff consolidated civil case. He has achieved several multi-million-dollar settlements on behalf of his clients over the course of his career. Mr. King has been a featured speaker at the University of Pennsylvania, Rutgers University, and Rowan University, and this year, he was selected as a panelist at New Jersey's Federal Judicial Conference where he lectured on civil litigation. Mr. King has received numerous accolades for his professional accomplishments, such as, in 2019, the Judge John F. Gerry Award from the Camden County Bar Association for his contribution to the legal profession and the State of New Jersey, and in 2018, the Rev. Dr. Martin Luther King, Jr. Champion of Social Justice and Equality Award by Rutgers Law School.

### B. Proposed Interim Co-Lead Counsel's Proposal to Manage this Litigation Pursuant to CMO-1

Proposed Interim Co-Lead Counsel will undertake the following procedures to "monitor billing, control costs, and avoid duplication of efforts of counsel and the process for assignment and monitoring of work." *See* CMO-1.

#### 1. Monitoring Billing and Controlling Costs

Proposed Interim Co-Lead Counsel will require all counsel who submit time on behalf of the proposed indirect purchaser class to comply with time-keeping guidelines that will ensure contemporaneous time records and appropriately detailed time records. Proposed Interim Co-Lead Counsel will

establish a time and expense reporting protocol for all counsel, which will be set forth in a letter substantially in the form attached as Exhibit B.[11] The billing practices Proposed Interim Co-Lead Counsel will adopt include the following:

- Require time entries to be made at or around the time the work is performed;

- Billing time by the tenth (0.1) of an hour; and

- Restrictions on "block billing".

To monitor billing, one of the Proposed Interim Co-Lead Counsel firms will collect and review all time entries from all firms performing work on behalf of the proposed indirect purchaser class. Time entries that are duplicative or excessive will be removed or modified.

Proposed Interim Co-Lead Counsel will control expenses through a reimbursement guideline that includes the following provisions:

- Per diem limits on meals and other travel expenses;

- Limits on travel accommodation to reasonable expenses for business travel; and

- Capping first level document review billable time at $400 per hour.

---

[11] This time and expense protocol is materially similar to the time and expense protocol recently approved by the court in another case in this District in connection with a leadership application. *See In re Axon VieVu Antitrust Litig.*, No. 23-cv-7182-RK-RLS, ECF No. 17-3 (D.N.J. Sept. 26, 2023).

## 2. Avoiding Duplication of Efforts and Process for Assigning and Monitoring Work

Proposed Interim Co-Lead Counsel will assign work that is consistent with each firm's areas of expertise, and these assignments will change depending on the stage of the case. For example, responsibilities at the early stage of the case will include the following subjects: organizing and vetting potential class representatives; interviewing and hiring expert witnesses; drafting a consolidated complaint for the indirect purchasers; and refining the legal claims and theories advanced on behalf of indirect purchasers. At later stages of the litigation, these responsibilities may include managing and organizing document review; directing third-party discovery; preparing for and taking depositions; preparing a class certification motion; directing the work of expert witnesses; coordinating with direct purchaser and government enforcers; and preparing for various aspects of trial. Proposed Interim Co-Lead Counsel will assign such work to particular attorneys or firms among the Proposed Interim Co-Lead Counsel or the Executive Committee, or to additional indirect purchaser plaintiffs' counsel as appropriate given the needs of the case at that time.

## C. Proposed Interim Co-Lead Counsel's Proposal to Maintain Communication and Input from Lawyers not Part of Leadership

Proposed Interim Co-Lead Counsel will work cooperatively with other counsel for indirect purchasers who are not part of the leadership structure.

Those additional counsel's support of this leadership application reflects Proposed Interim Co-Lead Counsel's ability to work collaboratively and cooperatively with all counsel for the benefit of the proposed class. Proposed Interim Co-Lead Counsel will seek input and the assistance of other counsel for specific assignments and responsibilities suited to their experience and the needs of the case. Proposed Interim Co-Lead Counsel will not assign work that results in unnecessary or duplicative billing. As the litigation progresses, Proposed Interim Co-Lead Counsel will facilitate participation by other counsel by holding periodic conference calls. Proposed Interim Co-Lead Counsel will set an agenda and provide updates on the case while taking input from those additional counsel.

Within their own firms, Proposed Interim Co-Lead Counsel will make sure that attorneys with a diversity of backgrounds and experience will have opportunities to advance this litigation on behalf of the proposed indirect purchaser class.

## IV.   CONCLUSION

The Court should appoint the firms of Schneider Wallace Cottrell Konecky LLP, Berger Montague PC, Lockridge Grindal Nauen PLLP, and Spector Roseman & Kodroff, P.C., as interim co-lead counsel; the firms of CMST, FKLM, RWB, Preti, and ID as the Executive Committee; and Javerbaum

38

as Liaison Counsel to represent the proposed indirect purchaser class in this litigation. Proposed Interim Co-Lead Counsel, with the Executive Committee and Liaison Counsel, present the best leadership team to match the resources Apple will employ to defend indirect purchasers' monopolization claims. Finally, each firm is well-qualified under the criteria set forth by Rule 23(g), and their appointment will benefit all members of the proposed indirect purchaser class.

Dated:  August 8, 2024                    Respectfully submitted,

                                          **JAVERBAUM WURGAFT HICKS**
                                          **KAHN WIKSTROM & SININS, P.C.**

                                          **BY:** */s/ Stanley O. King*
                                          **STANLEY O. KING, ESQ.**
                                          Attorney ID No. 03413-1996
                                          1000 Haddonfield-Berlin Road
                                          Suite 203
                                          Voorhees, NJ 08043
                                          Tel: (856) 596-4100
                                          sking@lawjw.com

                                          *Proposed Liaison Counsel for Plaintiffs*

                                          */s/ Michael Dell'Angelo*
                                          Michael Dell'Angelo
                                          **BERGER MONTAGUE PC**
                                          1818 Market Street, Suite 3600
                                          Philadelphia, PA 19103
                                          Tel: (215) 875-3000
                                          mdellangelo@bm.net

*/s/ Heidi M. Silton*
Heidi M. Silton
Jessica N. Servais
Joseph C. Bourne
**LOCKRIDGE GRINDAL NAUEN
PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
hmsilton@locklaw.com
jnservais@locklaw.com
jcbourne@locklaw.com

*/s/ Matthew S. Weiler*
Matthew S. Weiler
Todd M. Schneider
Jason H. Kim
Mahzad K. Hite
Raymond S. Levine
**SCHNEIDER WALLACE COTTRELL
KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel: (415) 421-7100
mweiler@schneiderwallace.com
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mhite@schneiderwallace.com
rlevine@schneiderwallace.com

40

*/s/ William G. Caldes*

William G. Caldes (SBN 00062-1995)
Jeffrey L. Spector (SBN 03375-2007)
Cary Zhang (SBN 37948-2021)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
bcaldes@srkattorneys.com
jspector@srkattorneys.com
czhang@srkattorneys.com

*Proposed Interim Co-Lead Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 8, 2024, a true and correct copy of the attached Indirect Purchaser Plaintiffs' Memorandum of Law in Support of their Motion to Appoint Interim Co-Lead Counsel was filed and duly served *via* ECF to all counsel of record.

<u>*/s/ Stanley O. King*</u>
Stanley O. King