UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: APPLE INC. SMARTPHONE
ANTITRUST LITIGATION                                                                        MDL No. 3113


**TRANSFER ORDER**


    **Before the Panel:**\* Plaintiff in the Northern District of California action (*Whiteside*) listed on the attached Schedule A moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring his action to MDL No. 3113. Defendant Apple Inc. opposes the motion.

    After considering the argument of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 3113, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer thus is warranted for the reasons set out in our order directing centralization. In that order, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that Apple has monopolized or attempted to monopolize the smartphone market by controlling the creation and distribution of apps compatible with the iPhone and suppressing technologies that would make the iPhone more compatible with competitors' devices. *See In re: Apple Inc. Smartphone Antitrust Litig.*, MDL No. 3113, __ F. Supp. 3d __, 2024 U.S. Dist. LEXIS 102149, at *2 (J.P.M.L. June 7, 2024). *Whiteside* involves virtually identical allegations and thus falls within the scope of the MDL.

    Plaintiff does not dispute that his action shares factual questions with the MDL but moves to vacate the conditional transfer order principally by arguing that federal jurisdiction is lacking over his case and that the transferor court should be permitted to rule on his pending motion for remand to state court. This argument is not convincing. Jurisdictional objections generally do not present an impediment to transfer. *See, e.g.*, *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018) ("It is well-established that jurisdictional objections, including objections to removal, are not relevant to transfer. This is so even where, as here, plaintiffs assert that the removals were patently improper."). Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Plaintiff's motion for remand has been fully

---

\* Judge Karen K. Caldwell did not participate in the decision of this matter.

-2-

briefed since July 17, 2024, and the transferor court has had ample time to rule on the motion if it were inclined to do so.

Plaintiff also argues that transfer is not warranted because he asserts claims under California law rather than under federal antitrust law. We have repeatedly held that "[t]he presence of additional or differing legal theories is not significant . . . when the actions arise from a common factual core." *See In re Erie Covid-19 Bus. Interruption Prot. Ins. Litig.*, 509 F. Supp. 3d 1370, 1373 (J.P.M.L. 2020). In any event, as Apple points out, there are multiple actions in the MDL that also assert claims under California law.

IT IS THEREFORE ORDERED that this action is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Julien Xavier Neals for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION



**TRUE AND CERTIFIED COPY**
**Keith Guthrie**
**1:18 pm, Oct 07 2024**

_____
Nathaniel M. Gorton
Acting Chair

Matthew F. Kennelly        David C. Norton
Roger T. Benitez            Dale A. Kimball
Madeline Cox Arleo

**IN RE: APPLE INC. SMARTPHONE**
**ANTITRUST LITIGATION**                                    MDL No. 3113

## SCHEDULE A

<u>Northern District of California</u>

WHITESIDE v. APPLE INC., C.A. No. 3:24−02699   DNJ 2:24-cv-09658