UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION<br><br>*This Document Relates To: All Actions* | Civil Action No. 2:24-md-03113<br><br>MDL 3113<br><br>**OPINION** |

**NEALS**, District Judge:

This matter comes before the Court upon the following four groups of motions for the appointment of interim co-lead counsel in this multi-district litigation: (1) Steve W. Berman of Hagens Berman Sobol Shapiro, LLP ("Hagens Berman"), Dena Sharp of Girard Sharp LLP ("Girard Sharp"), Christopher A. Seeger of Seeger Weiss, LLP ("Seeger Weiss"), and James E. Cecchi of Carella Bryne Cecchi Brody & Agnello, P.C. ("Carella Bryne"; collectively with Hagens Berman, Girard Sharp, and Seeger Weiss, "DIP Group 1") on behalf of direct iPhone purchasers (ECF No. 17); (2) Hausfeld LLP ("Hausfeld") and Susman Godfrey LLP ("Susman Godfrey"; collectively with Hausfeld, "DIP Group 2") on behalf of direct iPhone purchasers (ECF No. 19); (3) Schneider Wallace Cottrell Konecky LLP ("Schneider Wallace"), Berger Montague PC ("Berger Montague"), Lockridge Grindal Nauen PLLP ("Lockridge Grindal"), and Spector Roseman & Kodroff, P.C. ("Spector Roseman"; collectively, with Schneider Wallace, Berger Montague, and Lockridge Grindal, "IIP Group") on behalf of indirect iPhone purchasers (ECF No. 18); and (4) Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. ("Kellogg, Hansen"), Korein Tillery LLC ("Korein Tillery"), and MoloLamken LLP ("MoloLamken") ("DAWP Group") on behalf of direct Apple Watch purchasers.  (ECF No. 20).

For the reasons set forth below, the DAWP Group's motion to appoint Kellogg, Hansen,

1

Korein Tillery, and MoloLamken as co-lead interim counsel for the putative Direct Apple Watch Purchaser Plaintiff Class and McElroy, Deutsch, Mulvaney & Carpenter, LLP ("McElroy, Deutsch") as liaison counsel (ECF No. 20) is **GRANTED**. The IIP Group's motion to appoint Schneider Wallace, Berger Montague, Lockridge Grindal, and Spector Roseman as co-lead interim counsel for the putative Indirect iPhone Purchaser Plaintiff Class and Javerbaum Wurgaft Hicks Kahn & Sinins, P.C. ("Javerbaum") as liaison counsel (ECF No. 18) is **GRANTED**, but the Court **RESERVES** decision on the request for appointment of an executive committee until after supplementary briefing is submitted and reviewed by the Court. The Court similarly **RESERVES** its decision on the DIP Group 1 and DIP Group 2's competing motions for appointment as co-lead interim counsel for the putative Direct iPhone Purchaser Plaintiff Class (ECF Nos. 17, 19) until after supplementary briefing is submitted and reviewed by the Court. Upon reviewing the Groups' supplementary briefings, the Court will determine whether oral argument is necessary to address any outstanding issues pertaining to the leadership applications.

I.   **BACKGROUND**

On June 7, 2024, the Judicial Panel on Multidistrict Litigation transferred this matter to this Court. (ECF No. 1). Thereafter, on July 25, 2024, this Court issued a Case Management Order, which required Plaintiffs, in pertinent part, to meet and confer regarding proposed leadership for all cases and submit applications outlining the proposed Interim Class Counsel. (ECF No. 7).

On August 8, 2024, the Court received four motions from counsel for the following interim lead counsel designations: (1) the DIP Group 1 on behalf of direct iPhone purchasers ("DIP Group 1 Br."); (2) the DIP Group 2 on behalf of direct iPhone purchasers ("DIP Group 2 Br."); (3) the IIP Group on behalf of indirect iPhone purchasers ("IIP Group Br."); and (4) the DAWP Group on

behalf of direct Apple Watch purchasers ("DAWP Group Br."). (ECF Nos. 17-20). On August 22, 2024, the DIP Group 2, the DIP Group 1, and the DAWP Group filed responses.[1] (ECF Nos. 21-23). This matter is now ripe for consideration.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 23(g)(3) provides the "court may designate interim class counsel to act on behalf of the putative class before determining whether to certify the action as a class action." This typically occurs in cases where "a large number of putative class actions have been consolidated or otherwise are pending in a single court." *Donaldson v. Pharmacia Pension Plan*, No. 06-3, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006). Further:

> Although neither the federal rules nor the Advisory Committee Notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification.

*Yaeger v. Subaru of Am., Inc.*, No. 15-864, 2014 WL 7883689, at *1 (D.N.J. Oct. 8, 2014) (quoting *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006)); *Waudby v. Verizon Wireless Servs., Inc.*, 248 F.R.D. 173, 175-76 (D.N.J. 2008) (finding that courts choosing interim class counsel can apply the same factors that apply in choosing class counsel at the time of certification of the class, i.e., the standards set forth in Rule 23(g)(1)).

The factors courts consider for the appointment of interim lead counsel are:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

---

[1] The Court refers to the responses as the following:

- DIP Group 2's Response Memorandum (ECF No. 21) – "DIP Group 2 Resp."
- DIP Group 1's Response Memorandum (ECF No. 22) – "DIP Group 1 Resp."
- DAWP Group's Response Memorandum (ECF No. 23) – "DAWP Group Resp."

3

      (iii) counsel's knowledge of the applicable law; and

      (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. 23(g)(1)(A)(i)-(iv). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). The Court also has the discretion to appoint more than one firm to act as co-lead counsel. *See, e.g.*, *In re Air Cargo Shipping*, 240 F.R.D. at 58-59 (appointing four law firms as co-lead counsel); *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 361-63 (E.D. Mich. 2006) (appointing two law firms as interim co-lead counsel).

      The Manual for Complex Litigation provides additional guidance regarding the propriety of interim class counsel appointment prior to class certification:

> If the lawyer who filed the suit is to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interest of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11, at 246 (2004).

### III.   <u>DISCUSSION</u>

      The Court has thoroughly reviewed and appreciates proposed counsels' detailed submissions regarding the appointment of interim class counsel. The Court finds that appointment of interim class counsel in this matter will promote efficiency and avoid delay in the progress of these consolidated purported class actions.

      The Court first addresses Plaintiffs' request for appointment of separate interim counsel for the direct iPhone purchasers, indirect iPhone purchasers, and Apple Watches. (*See* IIP Group

at 10-11; DAWP Group at 7-12).[2]  Pursuant to Federal Rule of Civil Procedure 23(g)(4), "[c]lass counsel must fairly and adequately represent the interests of the class."  As the IIP Group points out, courts in this District have appointed separate counsel for direct and indirect purchasers in antitrust class action litigation.  *See, e.g.*, *In re Lipitor Antitrust Litig.*, Master Docket No. 12-2389, ECF No. 109 (appointing separate interim counsel for direct purchaser and end-payors); *In re: Fragrance Indirect Purchaser Antitrust Litig.*, No. 23-3249, ECF No. 31 (appointing interim class counsel fort indirect purchaser plaintiffs); *In re: Vehicle Carrier Servs. Antitrust Litig.*, Master Docket No. 13-3306, ECF No. 106 (appointing separate interim class counsel for direct purchaser actions, end-payor actions, and automobile dealer indirect purchaser actions).  The Court agrees and finds separate counsel is necessary for the direct and indirect iPhone purchaser plaintiffs to ensure that their interests are being "fairly and adequately represent[ed]" throughout litigation.  *See* Fed. R. Civ. P. 23(g)(4).

      Additionally, the DAWP Group asserts the iPhone purchasers and direct Apple Watch purchasers' legal theories are distinct and warrant separate representation.  (DAWP Group at 7-12).  The Court agrees.  For instance, as the DAWP Group notes, the direct Apple Watch purchasers allege "Apple's conduct is a highly effective anticompetitive scheme to acquire and maintain a monopoly in the market for iOS-connected smartwatches—restricting supply, harming competition, and enabling Apple to charge supracompetitive prices for its Apple Watch as a result."  *Giamanco v. Apple Inc.*, No. 24-7238, ECF No. 1 ¶ 127.  In contrast, the direct iPhone purchaser plaintiffs that raise allegations pertaining to the Apple Watch allege Apple utilized Apple Watches to prevent customers from purchasing other smartphones.  *See, e.g.*, *Goldfus v. Apple Inc.*, No. 24-4108, ECF No. 1 ¶ 118 ("Apple recognizes that driving users to purchase an

---

[2] For sake of clarity, when citing the parties' briefs, the Court cites to the page number listed in the ECF header.  If there is no page number listed in the ECF header, the Court cites to the page number listed in the parties' briefs.

Apple Watch, rather than a third-party cross-platform helps drive iPhone sales and reinforce the moat around its smartphone monopoly."); *Chiuchiarelli v. Apple Inc.*, No. 24-7290, ECF No. 1 ¶ 86 ("Apple uses smartwatches, a costly accessory, to prevent iPhone customers from choosing phones other than iPhones. Apple prevents third-party developers from innovating and limits the Apple Watch to the iPhone to bolster iPhone sales."). To ensure the interests of the direct iPhone purchasers, indirect iPhone purchasers, and direct Apple Watch purchasers are "fairly and adequately" represented, the Court finds that the appointment of separate interim counsel is appropriate. *See* Fed. R. Civ. P. 23(g)(4).

### A. Direct Apple Watch Purchasers

Kellogg, Hansen, Korein Tillery, and MoloLamken seek appointment as co-lead interim counsel for the putative Direct Apple Watch Purchaser Plaintiff Class. (*See* DAWP Group Br. at 12-31). As outlined in their uncontested motion, Kellogg, Hansen, Korein Tillery, and MoloLamken are the only firms thus far to raise claims exclusively on behalf of Apple Watch purchasers and "identify and bring monopolization and horizontal conspiracy claims on behalf of Apple Watch purchasers." (*Id.* at 13). Proposed co-lead interim counsel has also engaged in an extensive investigation, which included conversations with class members, experts, and pertinent third parties, along with engaging a technical expert. (*Id.* at 14). Additionally, proposed co-lead interim firms, along with respective attorneys, are experienced in antitrust and class action litigation, have "'knowledge of the applicable law,'" and have "substantial resources . . . to ensure this litigation is conducted as effectively and efficiently as possible." (*Id.* at 15-32 (quoting Fed. R. Civ. P. 23(g)(1)(A)). The Court appoints Kellogg, Hansen, Korein Tillery, and MoloLamken as co-lead interim counsel for the putative Direct Apple Watch Purchaser Plaintiff Class.

McElroy, Deutsch, led by partners Thomas R. Curtin and Kathleen N. Fennelly, also seeks

6

appointment as liaison counsel for the putative Direct Apple Watch Purchaser Plaintiff Class. (*Id.* at 31-33). The Court finds Mr. Curtin and Ms. Fennelly are experienced New Jersey litigators and McElroy, Deutsch, along with Kellogg, Hansen, Korein Tillery, and MoloLamken, have the necessary resources to effectively litigate the Apple Watch claims. (*Id.*) Accordingly, McElroy, Deutsch is appointed as liaison counsel for the putative Direct Apple Watch Purchaser Plaintiff Class.

### B. Indirect iPhone Purchasers

Spector Roseman, Schneider Wallace, Berger Montague, and Lockridge Grindal seek appointment as co-lead interim counsel for the putative Indirect iPhone Purchaser Plaintiff Class. (*See* IIP Group Br. at 13-27). The Court finds that Spector Roseman, Schneider Wallace, Berger Montague, and Lockridge Grindal, along with their highlighted attorneys, possess the knowledge, experience, and resources needed to represent the interests of the putative Indirect iPhone Purchaser Plaintiff Class fairly and adequately.

Javerbaum, led by partner Stanley King, also seeks appointment as liaison counsel for the putative Indirect iPhone Purchaser Plaintiff Class. (*See id.* at 37-38). The Court finds Javerbaum, along with Mr. King, have experience in class actions and complex litigation and are qualified to serve as liaison counsel. As such, Javerbaum is appointed liaison counsel for the putative Indirect iPhone Purchaser Plaintiff Class.

The IIP Group also seeks to appoint an executive committee to support its proposed interim co-lead counsel. The Court finds at this juncture, however, it is not evident that a formal committee of Plaintiffs' counsel is either necessary or beneficial to the interests of the putative Indirect iPhone Purchaser Plaintiff Class. The creation of a formal committee is "most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them

representation in decision making." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11, at 25 (2004). The IIP Group seemingly asserts appointment of the executive committee is necessary because "Apple has vast resources at its disposal." (IIP Group Br. at 12). However, the IIP Group has already outlined the resources and qualifications of Spector Roseman, Schneider Wallace, Berger Montague, and Lockridge Grindal, (*id.* at 13-27), and at this stage do not provide any additional bases for appointing an executive committee. The Court is mindful of increased costs and duplication of efforts that may come from appointing an executive committee. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11, at 25 (2004). As such, the IIP Group shall submit supplementary briefing to provide the Court with further details regarding the necessity for, along with the duties and responsibilities of, the proposed executive committee.

Accordingly, the Court grants the IIP Group's motion to the extent it seeks the appointment of Spector Roseman, Schneider Wallace, Berger Montague, and Lockridge Grindal as co-lead interim counsel and Javerbaum as liaison counsel. The Court will address the IIP Group's request for appointment of an executive committee after reviewing the supplementary briefing.

### C. Direct iPhone Purchasers

The DIP Group 1 and DIP Group 2 have submitted competing motions for appointment as interim co-lead counsel for the putative Direct iPhone Purchaser Plaintiff Class. (*See generally* DIP Group 1 Br.; DIP Group 2 Br.). In considering the qualifications of the applicant firms, the Court is satisfied that both the DIP Group 1 and DIP Group 2, if appointed, would fairly and adequately represent the interests of the Direct iPhone Purchaser Plaintiff Class.

The Court first considers "the work counsel has done in identifying or investigating potential claims in the action." Fed. R. Civ. P. 23(g)(1)(A)(i). The Court recognizes the unique nature of these putative class actions as the Department of Justice completed its investigation and

8

filed its complaint on March 21, 2024, *prior* to the initial multi-district complaint, *Goldfus*, being filed on March 22, 2024. *See United States of Am. v. Apple Inc.*, No. 24-4055. The DIP Group 1 contends neither Group "can legitimately claim to have independently identified or investigated potential claims in this action" because the private class actions filed in this multi-district litigation were "largely, if not exclusively, based" on the Department of Justice's investigation and complaint. (DIP Group 1 Br. at 14). In contrast, the DIP Group 2 argues the proposed co-leads have done significant work in identifying and investigating the claims because the *Goldfus* complaint "expanded considerably" on the Department of Justice's allegations. (DIP Group 2 Br. at 17). As discussed *infra*, the Court requests supplemental briefing by both Groups regarding their leadership proposals. Accordingly, the Court will not determine whether the first Rule 23(g)(1) factor weighs in one Group's favor.

The Court next considers the proposed law firms and attorneys' "experience in handling class actions, other complex litigation, and the types of claims asserted in the action" and "knowledge of the applicable law." Fed. R. Civ. P. 23(g)(1)(a)(ii)-(iii); *see also In re Imagine360, LLC Data Sec. Incident Litig.*, No. 23-2603, 2023 WL 6810247, at *2 (E.D. Pa. Oct. 16, 2023) (finding that the same supporting reasons for factor two supported factor three). Upon reviewing the competing motions and documentary support, the Court finds the firms and their respective attorneys are well-credentialled lawyers with significant antitrust and class action experience. (*See* DIP Group 1 Br. at 16-24; DIP Group 2 Br. at 20-37).

Further, based on the record, the Court is confident that either set of counsel would devote the necessary resources these actions require. *See* Fed. R. Civ. P. 23(g)(1)(a)(iv).

Notwithstanding, there are issues that remain that preclude the Court from appointing interim co-lead counsel for the putative Direct iPhone Purchaser Plaintiff Class. First, both Groups

respectively propose the appointment of numerous attorneys. (*See generally* DIP Group 1 Br.; DIP Group 2 Br.). The DIP Group 1 proposes sixteen lawyers broken down into four co-lead counsel, a seven-member executive committee, and a five-member steering committee. (*See generally* DIP Group 1 Br.). In support of its request for this structure, the DIP Group 1 cites to several complex cases, such as *In re National Prescription*, MDL No. 2804, No. 17-2804 (N.D. Ohio) and *In re Apple Inc. Device Performance Litigation*, MDL No. 2837, No. 18-2827 (N.D. Cal.), where the Court has appointed "similar structures." (*See* DIP Group 1 Br. at 40-42). However, the Court finds the DIP Group 1 has not provided sufficient grounds for this structure here.

The Court seeks to "achiev[e] efficiency and economy without jeopardizing fairness to the parties." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11, at 25 (2004). As discussed *supra*, committees, such as steering committees and executive committees, "are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." *Id.* However, the DIP Group 1 does not reference any differing interests amongst putative Direct iPhone Purchaser Plaintiff Class members in its motion. As such, the DIP Group 1 shall provide supplementary briefing addressing why the requested leadership structure is warranted in this matter and the respective duties and responsibilities of the proposed co-lead counsel, executive committee members, and steering committee members.

Moreover, the DIP Group 2 proposes that Hausfeld and Susman Godfrey serve as co-lead counsel and further provides biographies for fifteen attorneys across the two firms, along with attorneys from Lite DePalma Greenberg & Afanador ("Lite DePalma") and Michael Critchley Sr. of Critchley, Kinum & Luria. (*See generally* DIP Group 2). In its motion, the DIP Group 2 does not provide a clear breakdown of responsibilities between the law firms and their respective

10

attorneys. As such, the DIP Group 2 shall provide supplementary briefing addressing the duties and responsibilities of the proposed co-lead counsel firms and the fifteen attorneys, along with the anticipated roles of Lite DePalma and Mr. Critchley.

Finally, the Court encourages the DIP Group 1 and DIP Group 2 to meet and confer regarding a proposed modified leadership structure, which involves attorneys from the respective Groups. As the Court discussed *supra*, both Groups are well-credentialled lawyers with significant antitrust and class action experience that have the ability to devote the necessary resources required by these actions. Additionally, both Groups have stated in their respective motions that they have worked with counsel from the opposing Group on other matters. (*See* DIP Group 1 Resp. at 6 n.5; DIP Group 2 at 6 n.1); *see also O'Bannon v. Nat'l Collegiate Athletic Ass'n*, No. 09-3329, ECF No. 140 (N.D. Cal. Jan. 15, 2010) (appointing Hagens Berman and Hausfeld as interim co-lead class counsel).

Accordingly, the Court will reserve its decision on appointment of interim counsel for the putative Direct iPhone Purchaser Plaintiff Class to allow the Groups to address these issues in supplementary briefings.

## IV.     CONCLUSION

For the reasons set forth above, the DAWP Group's motion to appoint Kellogg, Hansen, Korein Tillery, and MoloLamken as co-lead interim counsel for the putative Direct Apple Watch Purchaser Plaintiff Class and McElroy, Deutsch as liaison counsel (ECF No. 20) is **GRANTED**. The IIP Group's motion to appoint Schneider Wallace, Berger Montague, Lockridge Grindal, and Spector Roseman as co-lead interim counsel for the putative Indirect iPhone Purchaser Plaintiff Class and Javerbaum as liaison counsel (ECF No. 18) is **GRANTED**, but the Court **RESERVES** decision on the request for appointment of an executive committee until after supplementary

briefing is submitted and reviewed by the Court. The Court similarly **RESERVES** its decision on the DIP Group 1 and DIP Group 2's competing motions for appointment as co-lead interim counsel for the putative Direct iPhone Purchaser Plaintiff Class (ECF Nos. 17, 19) until after supplementary briefing is submitted and reviewed by the Court. Upon reviewing the Groups' supplementary briefings, the Court will determine whether oral argument is necessary to address any outstanding issues pertaining to the leadership applications.

An appropriate Order accompanies this Opinion.

DATED: 10/17/2024

HONORABLE JULIEN XAVIER NEALS
United States District Judge