# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION<br><br>*This Document Relates to:*<br>*All Direct Purchaser Plaintiff Actions* | Case No. 24-MD-3113 (JXN-LDW) |

# HAUSFELD LLP'S & SUSMAN GODFREY LLP'S SUPPLEMENTAL BRIEF REGARDING LEADERSHIP FOR THE DIRECT iPHONE PURCHASER CLASS

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................... 1

II. THE PROPOSED CO-LEADS HAVE ASSEMBLED EXPERIENCED COUNSEL FOR THE PROSECUTION OF THIS CLASS ACTION ....... 4

III. THE PROPOSED CO-LEADS ARE CONTINUING TO DEVELOP THE DIP CLASS'S ALLEGATIONS AND CLAIMS .............................. 6

CONCLUSION .................................................................................................. 9

## TABLE OF AUTHORITIES

*In re Multiplan Health Insurance Provider Litigation*,
  No. 23-cv-6795 (N.D. Ill.) ........................................................................................ 3

**Rules**

Fed. R. Civ. P. 23(g)(1) ............................................................................................ 7

Fed. R. Civ. P. 23(g)(1)(A)(i) ................................................................................... 6

Plaintiffs Shoshi Goldfus and Ira Polly respectfully submit this Supplemental Brief to address the Court's questions in its October 17, 2024 Order (ECF No. 35) and in further support of Hausfeld's and Susman's application to serve as Interim Co-Lead Counsel for the Direct iPhone Purchaser Plaintiff Class. (ECF No. 19).

## I. INTRODUCTION

America's biggest companies, as sophisticated consumers of legal services for high-stakes litigation, hire one or two law firms and local counsel to represent them. Unsurprisingly here, when faced with one of the largest and most consequential antitrust actions in decades, Apple has responded by retaining two elite national law firms, Kirkland & Ellis and Gibson Dunn, and the local experts at Walsh Pizzi O'Reilly Falanga, to defend against the suits.

The Direct iPhone Purchaser Class is entitled to the same efficient and coordinated representation structure as Apple was able to obtain: two elite national law firms, Hausfeld and Susman Godfrey (the "Proposed Co-Leads"), and New Jersey experts Joseph DePalma and Michael Critchley (together, "DIP Group 2"). The Proposed Co-Leads appreciate the Court's recognition that they are "well-credentialled lawyers with significant antitrust and class action experience" who "would devote the necessary resources these actions require." ECF No. 34 at 9. And when two national antitrust firms, together with their local experts, have identified appropriate lawyers and resources to do the work, no sophisticated consumer of legal

1

1013591.1

services would risk the inefficiency and waste of hiring sixteen firms instead, as proposed by the competing DIP Group 1.

In response to the Court's recent Opinion and Order, the Proposed Co-Leads provide in Part II below additional details on the "duties and responsibilities of the proposed co-lead counsel firms" and the "anticipated roles of" local expert New Jersey counsel. *See* ECF No. 34 at 11. We emphasize at the outset that the Proposed Co-Leads are a single coordinated team of attorneys with close working relationships, including counsel who have tried an antitrust case to verdict together as recently as a few months ago. Put simply, "what you see is what you get." We have expressly named *each* of the partner and counsel-level attorneys whom the Court might reasonably expect to hear at arguments; to take significant depositions; to lead the briefing on class certification, summary judgment, and other significant motions; to work with expert witnesses; to guide the case strategically through resolution or trial; to coordinate with other class and government plaintiffs; and to be directly accountable to the DIP class and to the Court.

This transparent proposal differs markedly from DIP Group 1's advocacy for 16 law firms—each of which has its own support staff, IT systems, and supporting lawyers and paralegals—in leadership positions. Beyond the 16 lawyers identified by DIP Group 1 for co-lead, executive committee, and steering committee positions, a total of nearly **60 attorneys** in total appear on the separate complaints filed by those

firms. For a single-defendant case in which DIP Group 1 has asserted that all of their private class complaints were based on the action filed by the United States Department of Justice ("DOJ") and the States (*see* ECF No. 17 at 9), such a proposal is neither efficient nor justifiable on the basis of any alleged dissimilarities in DIP class members' interests and positions.

Mindful of the Court's request to seek a consensual resolution (ECF No. 34 at 11), the Proposed Co-Leads sought through direct outreach as well as mediation before Judge Wettre to resolve the DIP class counsel leadership issues, but those efforts have been unsuccessful. The two Proposed Co-Leads here are willing to work in a balanced and manageable four-way leadership group, alongside two of the proposed co-lead counsel from DIP Group 1 (affording the groups equal representation and encouraging consensus in directing the litigation, as well as not being too unwieldy). We would still welcome the contributions of other counsel, like our local experts from Lite DePalma and Mr. Critchley, as appropriate. However, there is no need for appointments beyond four such co-leads. Indeed, we believe that any larger formal structure here is not only unnecessary but also at odds with the best interests of the Class—as Judge Kennelly, presiding over a large antitrust MDL in the Northern District of Illinois, recently found in rejecting a leadership structure of nine firms, even in a multidefendant case. *See In re Multiplan Health Insurance Provider Litigation*, No. 23-cv-6795 (N.D. Ill.), ECF No. 146 (order appointing

3

interim class counsel); *id.* ECF No. 117 (describing 3-firm leadership structure appointed by the court); *id.* ECF No. 120 & 121-1 (describing 9-firm leadership structure, plus additional liaison counsel, rejected by the court).

## II. THE PROPOSED CO-LEADS HAVE ASSEMBLED EXPERIENCED COUNSEL FOR THE PROSECUTION OF THIS CLASS ACTION

To answer succinctly the Court's staffing question regarding DIP Group 2: the duties and responsibilities of the Proposed Co-Leads will be to handle the day-to-day litigation of the case just as Apple's two law firms will handle the defense of the case. At trial, lead counsel from Hausfeld and Susman will be joined by New Jersey trial veteran Michael Critchley. Lite DePalma will serve in an advisory and local counsel role and help coordinate the Plaintiff groups.

As explained in our application, the Proposed Co-Leads have been jointly appointed to leadership in numerous recent significant antitrust cases, and they are accustomed to integrating their teams as a "virtual firm" for that purpose. They also have worked closely with Lite DePalma and Michael Critchley. While our DIP Group 2 has identified lawyers to shepherd all anticipated phases of and work in the litigation, some of them will of course figure more prominently than others. A deep bench will enable the team to adjust staffing as needed for effective prosecution, and a focused leadership team can nimbly integrate contributions of other counsel when in the best interests of the class.

1013591.1

More specifically, here are the projected roles for each of the individual lawyers involved in DIP Group 2. **Melinda Coolidge** and **Scott Martin** (both Hausfeld) with **Shawn Rabin** and **Cory Buland** (both Susman) will share duties in guiding the litigation day-to-day, as well as representing the DIP class at conferences with the Court; arguing dispositive, class certification, and other significant motions; and taking key fact and trial depositions. They will also divide oversight of preparation of plaintiffs' economic and industry experts, as well as discovery directed to Apple's experts, and related (*Daubert*) motion practice.

**Sarah LaFreniere** and **Daniel Weick** (both Hausfeld) with **Mark Musico** and **Elisha Barron** (both Susman) will share day-to-day direction of written discovery, including electronic discovery issues, as well as overseeing document review and the synthesis of affirmative discovery into key document chronologies and deposition preparation materials, along with assisting plaintiffs' experts in that regard. As the case may require, both firms have a vast source of other partners, associates, and staff attorneys who can help with various tasks that a lawsuit like this will require—just as Apple's counsel at Kirkland and Gibson Dunn will call on younger partners and associates to assist it in defending the case.[1]

---

[1] For example, we may also call on Hausfeld partners Megan Jones for her expertise on privilege matters, Michael Lehmann for briefing and his expertise on additional evidence of Apple's monopolistic practices, New Jersey-barred Katie Beran for "boots on the ground" during discovery, and former DOJ prosecutor Nick Murphy for coordination with DOJ attorneys and additional discovery support.

5

1013591.1

**Lite DePalma** attorneys have worked extensively with the Proposed Co-Leads on fact discovery in significant antitrust matters for years and are prepared to do so here, as well as coordinating communications with the Court and other counsel, convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities among plaintiffs in the MDL.

**William Carmody** (Susman), **Michael Hausfeld** (Hausfeld), and **Michael Critchley** will principally play high-level strategic roles before any trial, including discussions with the team concerning trial themes and development of evidence, and serve as lead trial counsel. They also will take a leading role in any settlement discussions.

### III.  THE PROPOSED CO-LEADS ARE CONTINUING TO DEVELOP THE DIP CLASS'S ALLEGATIONS AND CLAIMS

In the October 17 Order, the Court indicated that it was requesting supplemental briefing and, accordingly, would not determine at that time whether "the work counsel has done in identifying or investigating potential claims in the action," *see* Fed. R. Civ. P. 23(g)(1)(A)(i), weighed in favor of one DIP leadership group. ECF No. 34 at 8-9. As detailed in the Proposed Co-Leads' prior briefing, they committed substantial resources and expertise to investigating the claims at issue, such that named plaintiff Shoshi Goldfus was able to file the ***first private complaint*** against Apple in connection with the antitrust violations at issue, the day after the DOJ and the States filed their action, with allegations that expanded beyond those in

the DOJ's complaint. *See generally* ECF No. 19-1 at 4-6, 8-11; ECF No. 21 at 20-26.

Should the Court require further information concerning this Rule 23(g)(1) factor, as indicated in our October 11, 2024 letter to the Court (ECF No. 33) the Proposed Co-Leads' team has continued research relevant to including additional claims, beyond those pleaded by the DOJ and States, in an amended consolidated DIP Class Complaint. Some of these additional allegations supporting DIP plaintiffs' claims of monopolization and attempted monopolization are summarized below:

- Earlier this year, Apple announced that, with the introduction of iOS 18, it would provide artificial intelligence features ("AI") for its iPhone and iPad. With respect to the former, however, the full scope of the new AI capabilities is not available to iPhone customers who did not purchase the most expensive version of iPhone 15 or the new iPhone 16, a fact that has caused significant discontent among such customers.[2] This development also indicates that Apple distinguishes between its premium smartphones and its other smartphones.

- Also this year, under pressure from the European Commission ("EC"), Apple made numerous changes to its App Store and iOS that are available to customers in Europe[3] but *not* to customers in the United States—resulting in widely-held perceptions among United States customers that they are treated as "second-class citizens."[4]

---

[2] https://www.forbes.com/sites/ewanspence/2024/06/20/apple-intelligence-ai-wwdc-iphone-15-pro-macbook-air-ipad-pro/.

[3] https://www.macrumors.com/2024/09/10/apple-still-sells-these-lightning-products/.

[4] https://pxlnv.com/linklog/ios-eu-changes-default-apps/;

1013591.1

- Similarly, in 2012, Apple introduced the proprietary (and often criticized) lightning connector for its iPhone, a move that was intended to entrench its "walled garden" and provide it with additional revenue. In 2023, again under pressure from the EC, Apple replaced that connector with a standard USB-C port for the iPhone 15 and subsequent models in both Europe and the United States—but as of 2024, Apple still uses lightning connectors for a number of its products sold domestically.[5]

- In May 2024, in proceedings in federal court in the Northern District of California concerning whether Apple complied with an order on anti-steering rules for the Apple App Store (which figures significantly in the allegations here), the court questioned Apple's new program imposing 27% fees on out-of-app transactions, saying "all the new program does is maintain the anti-competitive environment" for the company's benefit.[6]

- While Apple in 2024 made changes that allowed Rich Communications Services to be used on the iPhone, so that Android phone users could send messages to iPhone users, the introduction of iOS 18 in September 2024 made that feature difficult to use for many iPhone users and was inferior to competing Android-based products.[7]

- And finally, recent reports indicate that Apple makes it nearly impossible for customers who want to switch from an iPhone to an Android phone to carry over much of their personal data, thus entrapping them permanently within Apple's "walled garden."[8]

---

https://mjtsai.com/blog/2024/09/10/eu-ios-envy/; https://mashable.com/article/5-best-new-ios-features-eu-dma; https://www.macworld.com/article/2440145/apples-greatest-fear-the-european-union-has-a-better-iphone.html.

[5] https://www.macrumors.com/2024/09/10/apple-still-sells-these-lightning-products/.

[6] https://www.law360.com/articles/1839898/antitrust-judge-questions-apple-s-phil-schiller-on-new-fees.

[7] https://discussions.apple.com/thread/255759205?sortBy=rank; https://www.pocket-lint.com/ios-18-rcs-rollout-issues/; https://www.forbes.com/sites/zakdoffman/2024/09/21/apples-ios-18-update-googles-new-warning-for-millions-of-phone-15-iphone-16-users/.

[8] https://www.tbsnews.net/bloomberg-special/iquit-my-hellish-attempt-leave-apples-walled-garden-666122.

## IV. CONCLUSION

For all of the foregoing reasons, the undersigned counsel respectfully request that the Court appoint the Hausfeld and Susman firms as co-lead counsel for the proposed DIP class.

Dated: November 8, 2024

Respectfully submitted,

**LITE DEPALMA GREENBERG & AFANADOR, LLC**

*/s/ Joseph J. DePalma*
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: (973) 623-3000
jdepalma@litedepalma.com

*Counsel for Plaintiff Ira Polly and the Putative Class*

**HAUSFELD LLP**
Michael D. Hausfeld*
Melinda R. Coolidge*
Sarah R. LaFreniere*
Nick Murphy*
Theodore DiSalvo*
881 16th Street, NW Suite 300
Washington, DC 20006
Tel: (202) 540-7200
mhausfeld@hausfeld.com
mcoolidge@hausfeld.com
slafreniere@hausfeld.com
nmurphy@hausfeld.com
tdisalvo@hausfeld.com

9

Katie R. Beran
325 Chestnut Street
Suite 900
Philadelphia, PA 19106
Tel: (215) 985-3270
kberan@hausfeld.com

Scott Martin*
Daniel P. Weick*
33 Whitehall Street
14th Floor
New York, NY 10004
Tel: (646) 357-1100
smartin@hausfeld.com
dweick@hausfeld.com

Michael P. Lehmann*
Megan E. Jones*
600 Montgomery Street
Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
mlehmann@hausfeld.com
mjones@hausfeld.com

*Counsel for Plaintiffs Goldfus and Polly and their respective Putative Classes*

**SUSMAN GODFREY LLP**
William Christopher Carmody**
Shawn J. Rabin**
Cory Buland**
Mark Musico**
Elisha Barron**
One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
cbuland@susmangodfrey.com

10

mmusico@susmangodfrey.com
ebarron@susmangodfrey.com

*Counsel for Plaintiff Polly and the Putative Class*

**CRITCHLEY & LURIA, LLC**
Michael Critchley
75 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 422-9200
mcritchley@critchleylaw.com

*Counsel for Plaintiff Goldfus and the Putative Class*

*\* admitted pro hac vice*
*\*\*pro hac vice forthcoming*

11