UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION<br><br>*This Document Relates to:*<br><br>DIRECT PURCHASER ACTIONS | Civil Action No. 2:24-md-03113 (JXN)(LDW) MDL 3113<br><br>[PROPOSED] ORDER |

**THIS MATTER** having come before the Court in response to Case Management Order Number 1, ¶ 5 (ECF 7), wherein the Court directed Plaintiffs to submit applications for interim leadership of the Direct Purchaser Plaintiff class, and a subsequent letter from Plaintiffs indicating a consensual leadership structure has been reached; and

the Court having considered all the papers submitted in support of and in opposition to Direct Purchaser Plaintiff class leadership; and

based on the parties' consensus proposal reflecting a self-organized leadership structure for the Direct Purchaser Plaintiff class; and

for good cause shown;

**IT IS** on this ____ day of _____ 2024,

**HEREBY ORDERED**:

1. ***Plaintiffs' Co-Lead Interim Class Counsel.*** Steve W. Berman of Hagens Berman Sobol Shapiro, LLP; Dena Sharp of Girard Sharp, LLP; Christopher A. Seeger of Seeger Weiss LLP; James E. Cecchi of Carella Byrne Cecchi Brody & Agnello, P.C.; Bill Carmody of Susman Godfrey LLP; and Melinda Coolidge of Hausfeld LLP shall serve as Co-Lead Interim Class Counsel for the Direct iPhone Purchaser Plaintiff class. Messrs.

Cecchi and Shawn Rabin of Susman Godfrey LLP shall serve as Chairs, and Mssrs. Seeger and Bill Carmody shall serve as Settlement Liaison, for Co-Lead Interim Class Counsel.

2.  Consistent with the Manual for Complex Litigation, Fourth §§ 10.221 and 40.22, Co-Lead Counsel shall have the authority to perform or delegate the following tasks on behalf of all Plaintiffs in this consolidated action:

   a. directing, coordinating, and supervising the prosecution of Plaintiffs' claims in this action;

   b. preparing, structuring, and presenting pretrial and other case management orders;

   c. convening meetings of counsel;

   d. communicating with defense counsel;

   e. initiating, responding to, scheduling, briefing, and arguing all motions;

   f. appearing at all hearings and conferences regarding the case;

   g. determining the scope, order, and conduct of all discovery proceedings;

   h. assigning work to other Plaintiffs' counsel in this action, as necessary and appropriate;

   i. retaining experts;

   j. conducting settlement negotiations on behalf of Plaintiffs and the class;

   k. entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

   l. preparing and distributing status reports to other Plaintiffs' counsel; and

   m. collecting and reviewing time and expense records from Plaintiffs' counsel on a regular basis, or as provided for under any Court-approved protocol.

3. ***Trial Counsel.*** Michael Critchley Sr. of Critchley & Kinum shall serve as Trial Counsel.

4. ***Liaison Counsel.*** Joseph DePalma of Lite DePalma Greenberg & Afanador shall serve as Liaison Counsel. Consistent with the Manual for Complex Litigation, Fourth §§ 10.221 and 40.22, Liaison Counsel shall assist with communications between the Court and other counsel, maintain an up-to-date service list, and otherwise assist in the prosecution of the litigation consistent with the local rules of practice.

5. The foregoing appointments are personal to the individual attorney appointed.

6. The Court grants Co-Lead Counsel the authority to draw upon certain firms for particular non-duplicative, discrete projects, should the case warrant it, under the direction, oversight, and agreement of Co-Lead Counsel.

                                                                            _____
                                                                            HON. JULIEN XAVIER NEALS
                                                                            UNITED STATES DISTRICT JUDGE

**DATED:** _____

cc: Leda D. Wettre, U.S.M.J.