# CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.
### COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| JAN ALAN BRODY | DONALD F. MICELI | 5 BECKER FARM ROAD | PETER G. STEWART | RAYMOND J. LILLIE |
| JOHN M. AGNELLO | CARL R. WOODWARD, III | ROSELAND, N.J. 07068-1739 | FRANCIS C. HAND | GREGORY G. MAROTTA |
| CHARLES M. CARELLA | MELISSA E. FLAX | PHONE (973) 994-1700 | JAMES A. O'BRIEN, III | MARYSSA P. GEIST |
| JAMES E. CECCHI | DAVID G. GILFILLAN | FAX (973) 994-1744 | JOHN G. ESMERADO | JORDAN M. STEELE** |
| | G. GLENNON TROUBLEFIELD | www.carellabyrne.com | STEVEN G. TYSON | ROBERT J. VASQUEZ |
| | BRIAN H. FENLON | | MATTHEW J. CERES | BRITTNEY M. MASTRANGELO |
| CHARLES C. CARELLA | CAROLINE F. BARTLETT | | ZACHARY A. JACOBS*** | GRANT Y. LEE*** |
| 1933 – 2023 | ZACHARY S. BOWER+ | | JASON H. ALPERSTEIN+ + | MAYBOL HALL |
| | DONALD A. ECKLUND | | | WILLIAM J. MANORY |
| | CHRISTOPHER H. WESTRICK* | | OF COUNSEL | |
| | STEPHEN R. DANEK | | | |
| | MICHAEL A. INNES | | *CERTIFIED BY THE SUPREME COURT OF | |
| | MEGAN A. NATALE | | NEW JERSEY AS A CIVIL TRIAL ATTORNEY | |
| | KEVIN G. COOPER | | **MEMBER NY BAR ONLY | |
| | | | ***MEMBER IL BAR ONLY | |
| | | | +MEMBER FL BAR ONLY | |
| | | |  + + MEMBER NY & FL BAR ONLY | |

January 24, 2025

<u>**VIA ECF**</u>

Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

  Re: *In re Apple Inc. Smartphone Antitrust Litig.*,
    <u>Civ. No. 2:24-md-3113 (JXN) (LDW)</u>

Dear Judge Wettre:

  We write on behalf of Co-Lead Interim Class Counsel representing the direct purchasers of iPhones ("DPP Plaintiffs"), direct purchasers of Apple Watches ("DAWP Plaintiffs) and the indirect purchasers of iPhones ("IIP Plaintiffs") in this litigation (collectively, "Plaintiffs"). We seek the Court's assistance in resolving a discovery dispute with defendant Apple Inc. ("Apple"). Plaintiffs have asked Apple to provide them all documents that Apple produced to the U.S. Department of Justice's Antitrust Division ("DOJ") in connection with DOJ's investigation of Apple's alleged anti-competitive conduct. Apple has declined to turn over these documents at this time, documents which it has already gathered, reviewed, and disclosed to the Government. We ask that the Court order Apple to cross-produce these documents to all tracks for Plaintiffs.[1]

  The DOJ investigated Apple's anti-competitive conduct relating to smartphone markets for years. We understand that as part of this investigation, Apple produced voluminous documents about the allegations in both the DOJ complaint and the complaints filed by the DPP, DAWP, and IIP Plaintiffs.

  Courts in this District and around the country routinely order antitrust defendants to cross-produce to private plaintiffs any documents provided to government entities investigating the same anticompetitive conduct. Cross-production in these circumstances is the "prevailing practice." *In*

---

[1] The parties have met and conferred about this issue, but are now at an impasse.

January 24, 2025
Page **2** of **6**

*re Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *12 (E.D. Pa. Nov. 29, 2004) (collecting cases and ordering production of "all documents that were produced to the DOJ, any grand jury, and any domestic investigatory authority").

The Court should follow that prevailing practice here for three reasons: The DOJ and Plaintiffs allege substantially the same anticompetitive conduct, so the documents are relevant. It is not burdensome for Apple to cross-produce these documents. And cross-production will streamline this litigation going forward.

First, the documents Apple produced in the DOJ case are likely relevant to this MDL. The Government and Plaintiffs allege similar anticompetitive conduct involving Apple Smartphones and Apple Watches. Because the allegations overlap, the documents Apple gave to the DOJ will likely bear on Plaintiffs' claims too. *See In re Farm-Raised Salmon & Salmon Prods. Antitrust Litig.*, 2020 WL 14025674, at *3 (S.D. Fla. June 3, 2020) ("The information Plaintiffs seek is crucial to the litigation, as the [European Commission] Documents presumably contain information concerning the same allegedly unlawful, anticompetitive conduct described in the Amended Complaint, including names of employees with knowledge of the facts underlying Plaintiffs' claims."); *Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *12 (discussing "relevance" of "documents relating to government investigations . . . to antitrust litigation").

Second, Apple faces little burden or expense in producing these documents. Apple already collected, reviewed, and disclosed non-privileged material to the DOJ. Magistrate Judge Joseph A. Dickson of this District rejected a defendant's burden arguments in this context and ordered cross-production: "As Defendants have already compiled that material and produced it to the DOJ, there would be little burden (in effort or expense) associated with making a second copy and producing it to Plaintiffs' counsel." *In re Liquid Aluminum Sulfate Antitrust Litigation*, No. 16-md-2687 (D.N.J. July 5, 2016), ECF No. 209 at 6; *accord Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *12 ("production of these documents will impose only a minimum burden on the defendants, since the documents in question have already been identified and sorted").

So too here. The documents' "importance" outweighs any burden, particularly given Apple's ready "access to the relevant information" and its significant "resources." FED. R. CIV. P. 26(b)(1); *see, e.g.*, *In re Lithium Ion Batteries Antitrust Litig.*, 2013 WL 2237887, at *1 (N.D. Cal. May 21, 2013) ("The Court will allow discovery of the documents that have already been produced to the Department of Justice or any Grand Jury as to [certain] Defendants . . . because the benefits of disclosure of this information outweigh any burdens of production.").

A stipulated protective order can also remedy any concerns about confidentiality. Plaintiffs understand that the DOJ and Apple are close to terms on an agreed upon order and we can certainly agree to be bound by that order while any additional orders are negotiated with Apple.

Third, Apple's production of these documents will streamline this case to the benefit of all parties and the Court:

- Accessing these documents will enable Plaintiffs to narrow and tailor future discovery. *See In re Broiler Chicken Antitrust Litig.*, 2017 WL 4417447, at *7

January 24, 2025
Page **3** of **6**

> (N.D. Ill. Sept. 28, 2017) ("The benefit to Plaintiffs of obtaining access to the relatively discrete set of documents they have requested . . . so that Defendants and they can begin the process of intelligently discussing the appropriate parameters of more fulsome discovery that may come in time . . . outweighs the incremental expense and burden to [] Defendants of producing these documents which they already have produced.").

- If these documents contain class-wide information (*e.g.*, a list of customers who purchased iPhones in 2024), disclosure promotes Rule 23(c)(1)(A)'s requirement that class certification be determined "[a]t an early practicable time."

Courts in this District generally disfavor stays of discovery while a motion to dismiss is pending.[2] A stay is particularly inappropriate here. Not only is there no pending motion to dismiss in this case, but Plaintiffs also request narrow discovery that imposes little to no burden on Apple. Courts around the country, including Magistrate Judge Dickson in *Liquid Aluminum Sulfate*, have ordered cross-production of materials produced to government investigators before motions to dismiss are resolved.[3]

---

[2] *See, e.g.*, *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019); *Kiley v. Tumino's Towing, Inc.*, 2019 WL 2432121, at *2 (D.N.J. June 10, 2019); *Vanderwerff v. Quincy Bioscience Holding Co.*, 2018 WL 6243040, at *3 (D.N.J. Nov. 28, 2018); *Coyle v. Hornell Brewing Co.*, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009).

[3] *See e.g.*, *In re Broiler Chicken*, 2017 WL 4417447, at *7 (court ordered limited production of documents already produced to Florida Attorney General before resolution of any motions to dismiss); *In re Pool Products Distribution Market Antitrust Litig.*, No. 12-2328 (E.D. La. June, 4, 2012), ECF No. 93 at 3 (production of Federal Trade Commission documents prior to answer or motion to dismiss); *In re High Tech Employee Antitrust Litig.*, No. 11-2509 (N.D. Cal. Oct. 26, 2011), ECF No. 88 at 1 (production of DOJ documents prior to resolution of motion to dismiss); *In re Platinum & Palladium Commodities Litig.*, No. 10-3617 (S.D.N.Y. Nov. 30, 2010), ECF No. 59 at 2 (ordering defendants to produce 250,000 pages of documents already produced to government authorities before decision on the motion to dismiss); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09-3690 (N.D. Ill. Mar. 4, 2010), ECF No. 75 at 4 (ordering "[t]argeted discovery, including, but not limited to the previously produced material in the CFTC investigation" prior to resolution of the motions to dismiss); *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-12257 (D. Mass. Oct. 28, 2002), ECF No. 161 at 1 (ordering defendants to produce documents previously produced "to any federal or state executive or legislative agency or entity in connection with any investigation" less than two months after numerous related complaints were consolidated); *see also In re Optical Disk Drive Antitrust Litig.*, No. 10-2143 (N.D. Cal. Apr. 7, 2011), ECF No. 379 at 1 (order requiring production of DOJ documents).

\* \* \*

At the July 18, 2024 conference before Your Honor and Judge Neals, Apple's counsel represented that discovery in the DOJ case and this MDL "should be coordinated" after the Court appoints class leadership "to minimize the burden to everyone." Tr. of Premotion Conference, *United States of America v. Apple, Inc.*, No. 2:24-cv-4055 (JXN) (LDW), ECF No. 80 at 35–36.

That time has now come. We respectfully request that Your Honor order Apple to produce all documents it provided to the DOJ in connection with the DOJ's investigation. Thank you for Your Honor's attention to this matter. We are, of course, available at Your Honor's convenience to discuss Plaintiffs' request.

Respectfully submitted,

  */s/ James E. Cecchi*

| | |
|---|---|
| William Christopher Carmody<br>Shawn J. Rabin<br>**SUSMAN GODFREY LLP**<br>One Manhattan West, 50th Floor<br>New York, NY 10001-8602<br>Tel: (212) 336-8330<br>Email: bcarmody@susmangodfrey.com<br>Email: srabin@susmangodfrey.com | James E. Cecchi<br>**CARELLA, BYRNE, CECCHI,<br>BRODY & AGNELLO, P.C.**<br>5 Becker Farm Road<br>Roseland, NJ 07068<br>Tel: 973-994-1700<br>Email: jcecchi@carellabyrne.com |
| Christopher A. Seeger<br>**SEEGER WEISS, LLP**<br>55 Challenger Road<br>Ridgefield Park, NJ 07660<br>Tel: 973-639-9100<br>Email: cseeger@seegerweiss.com | Steven W. Berman<br>**HAGENS BERMAN SOBOL<br>SHAPIRO, LLP**<br>1301 Second Avenue<br>Suite 2000<br>Seattle, WA 98101<br>Tel: 206-623-7292<br>Email: steve@hbsslaw.com |
| Dena Sharp<br>**GIRARD SHARP LLP**<br>601 California Street, Suite 1400<br>San Francisco, CA 94108<br>Tel: 415-981-4800<br>Email: dsharp@girardsharp.com | Melinda R. Coolidge<br>**HAUSFELD LLP**<br>888 16th Street, NW Suite 300<br>Washington, DC 20006<br>Tel: (202) 540-7200<br>Email: mcoolidge@hausfeld.com |

*Co-Lead Interim Class Counsel for Direct Purchasers' Track*

| | |
|---|---|
| Joseph J. DePalma<br>**LITE DEPALMA GREENBERG<br>& AFANADOR, LLC** | Michael Critchley Sr.<br>**CRITCHLEY & LURIA, LLC**<br>75 Livingston Avenue |

| | |
|---|---|
| 570 Broad Street, Suite 1201<br>Newark, NJ 07102<br>Tel: (973) 623-3000<br>Email: jdepalma@litedepalma.com | Roseland, New Jersey 07068<br>Tel: (973) 422-9200<br>Email: mcritchley@critchleylaw.com |
| *Liaison Counsel for Direct Purchasers' Track* | *Trial Counsel/Direct Purchasers' Track* |

      */s/ Stanley O. King*
Stanley O. King, Esq.
**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
231 S. Broad Street
Woodbury, NJ 08096
Tel: 856.845.3001
Fax: 856.845.3079
Stanley O. King
Attorney ID No. 03413-1996

*Liaison Counsel for Indirect iPhone Purchaser Plaintiffs*

| | |
|---|---|
| Michael Dell'Angelo<br>Candice J. Enders<br>**BERGER MONTAGUE PC**<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Tel: (215) 875-3000<br>mdellangelo@bm.net<br>cenders@bm.net | Heidi M. Silton<br>Jessica N. Servais<br>Joseph C. Bourne<br>**LOCKRIDGE GRINDAL NAUEN PLLP**<br>100 Washington Avenue South, Ste. 2200<br>Minneapolis, MN 55401<br>Tel: (612) 339-6900<br>hmsilton@locklaw.com<br>jnservais@locklaw.com<br>jcbourne@locklaw.com |
| Matthew S. Weiler<br>Todd M. Schneider<br>Jason H. Kim<br>Mahzad K. Hite<br>Raymond S. Levine<br>**SCHNEIDER WALLACE COTTRELL KONECKY LLP**<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>Tel: (415) 421-7100<br>mweiler@schneiderwallace.com | William G. Caldes<br>Jeffrey L. Spector<br>Cary Zhang<br>**SPECTOR ROSEMAN & KODROFF, P.C.**<br>2001 Market Street, Suite 3420<br>Philadelphia, PA 19103<br>Tel: (215) 496-0300<br>bcaldes@srkattorneys.com<br>jspector@srkattorneys.com<br>czhang@srkattorneys.com |

*Interim Co-Lead Counsel for Indirect iPhone Purchaser Plaintiffs*

January 24, 2025
Page **6** of **6**

| | |
|---|---|
| |   /s/ *Thomas R. Curtin*   |
| David C. Frederick | Thomas R. Curtin |
| Aaron M. Panner | Kathleen N. Fennelly |
| Scott K. Attaway | **MCELROY, DEUTSCH,** |
| Ariela Migdal | **MULVANEY & CARPENTER, LLP** |
| Alex A. Parkinson | 1300 Mount Kemble Avenue |
| **KELLOGG, HANSEN, TODD** | Morristown, NJ 07962 |
| **FIGEL & FREDERICK, P.L.L.C.** | Tel: (973) 993-8100 |
| 1615 M Street NW, Suite 400 | tcurtin@mdmc-law.com |
| Washington, DC 20036 | |
| Tel.: (202) 326-7900 | *Liaison Counsel for the Proposed Apple Watch Direct Purchaser Class* |
| | |
| George A. Zelcs | Steven F. Molo |
| Marc A. Wallenstein | Jonathan Barbee |
| David Walchak | **MOLOLAMKEN LLP** |
| **KOREIN TILLERY LLC** | 430 Park Avenue |
| 205 N. Michigan Avenue, Suite 1950 | New York, NY 10022 |
| Chicago, IL 60601 | Tel.: (212) 607-8160 |
| Tel.: (312) 641-9750 | |
| | |
| Carol O'Keefe | Jordan A. Rice |
| Andrew Ellis | Eric A. Posner |
| **KOREIN TILLERY LLC** | **MOLOLAMKEN LLP** |
| 505 N. 7th Street, Suite 3600 | 300 N. LaSalle Street |
| St. Louis, MO 63101 | Chicago, IL 60601 |
| Tel.: (314) 241-4844 | Tel.: (312) 450-6700 |
| | |
| | Jennifer Fischell |
| | Kayvon Ghayoumi |
| | **MOLOLAMKEN LLP** |
| | 600 New Hampshire Avenue, N.W. |
| | Washington, DC 20037 |
| | Tel.: (202) 556-2000 |

*Attorneys for Plaintiff Joseph Giamanco and Interim Co-Lead Counsel for the Proposed Apple Watch Direct Purchaser Class*

Cc:  All Counsel of Record (via ECF)