

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

February 3, 2025

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

Re:   *In re Apple Inc. Smartphone Antitrust Litigation*,
       Civil Action No. 2:24-md-03113-JXN-LDW

Dear Judge Wettre:

Defendant Apple Inc. writes in response to the January 24, 2025 letter filed by co-lead counsel for the Direct iPhone Purchaser Plaintiffs on behalf of all plaintiff groups. *See* ECF No. 66 ("Ltr."). Plaintiffs' request for wholesale production of millions of documents that Apple produced to the U.S. Department of Justice during its years-long investigation—not all of which are pertinent to the Government's allegations in *United States v. Apple Inc.*, No. 24-cv-4055 (the "Government Action"), and many of which contain highly sensitive information—is premature. Contrary to Plaintiffs' unilateral assertion of an "impasse," Apple told Plaintiffs that Apple is committed to resolving this issue without the Court's intervention—consistent with the Court's direction that the parties "work better together" and demonstrate "cooperation, transparency and flexibility between counsel." Government Action, Case Management Conference, October 10, 2024 (Tr. 55:16–19, 56:8–10) ("Oct. 10 CMC Tr."). Plaintiffs, too, have agreed the parties should "keep discussing." In short, consolidated complaints have not been filed, discovery has not opened, no request for production has been served, no protective order or ESI protocol has been entered, and the parties *agree* that the meet-and-confer process remains ongoing. Apple respectfully requests that the Court deny Plaintiffs' request without prejudice to allow the parties to continue the meet-and-confer process.

### *Background*

During its years-long investigation, Apple produced millions of documents to the Government ("DOJ Investigation Files"). These documents concern a wide range of issues, some of which have no bearing on the Government's allegations (nor, so far as Apple can tell, Plaintiffs' soon-to-be-amended complaints), and many of which contain highly sensitive information—such as confidential information about unannounced products.

Honorable Leda Dunn Wettre, U.S.M.J.
February 3, 2025
Page 2

In connection with a meet-and-confer related to the joint agenda for the initial case management conference, Plaintiffs informed Apple that they sought immediate production of all of Apple's DOJ Investigation Files. Plaintiffs did not make a specific request tying the documents they sought to any claims. Apple explained during the meet-and-confer that in its view, the request was premature and stated that the parties should meet-and-confer further especially after the motion to dismiss the Government Action is resolved. The parties ultimately left the discussion open.

Plaintiffs subsequently informed Apple that they intended to bring the issue to the Court but acknowledged that the parties should continue discussing the issue. In response, Apple reiterated its position that while Apple was not flatly objecting to reproducing any DOJ Investigation Files, a continuation of the parties' conversation would likely be most productive after the motion to dismiss the Government Action was resolved. Plaintiffs did not respond. Instead, two days later, Plaintiffs filed their letter seeking the Court's intervention.

*Argument*

Plaintiffs' request is premature for three reasons: 1) the parties' meet-and-confer remains in progress and may resolve or narrow the dispute, 2) neither the Court nor the parties can determine whether wholesale reproduction of the DOJ Investigation Files is relevant or proportional at this time, and 3) no protective order or ESI protocol has yet been entered in this case.

**1.** The Court need not rule on Plaintiffs' request at this time because, as discussed above, the parties *agreed* that further meeting and conferring could resolve or narrow the dispute. As this Court has explained, discovery disputes are not ripe until the "parties . . . meet and confer in an effort to solve the dispute before filing a motion to compel." *Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 425 (D.N.J. 2009). When Plaintiffs demanded that Apple agree to produce *millions* of documents *now*—before several key events in the litigation have been resolved—Apple did not object *in toto*; Apple instead responded that the parties should review the Court's forthcoming ruling on Apple's motion to dismiss and thereafter try to reach an agreement. Plaintiffs, for their part, agreed to continue discussions. In this posture, it is "inappropriate" for Plaintiffs to ask the Court and parties to "spend[] their resources on [an unripe] discovery dispute" instead of focusing on resolving the issues first. *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, 337 F.R.D. 610, 621 (D.N.J. 2020); *see also In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 506 (D.N.J. 2021) (directing parties to meet and confer to resolve discovery disputes). Indeed, the Court has already instructed the parties to work cooperatively with one another. Oct. 10 CMC Tr. 55:16–19, 56:8–10. Apple respectfully requests that the Court deny Plaintiffs' request and permit the parties to exhaust the negotiation process before burdening the Court any further on this issue.

**2.** Plaintiffs' request is also premature because at this time neither the Court nor the parties can determine to what extent the DOJ Investigation Files are relevant or whether wholesale reproduction of those files is proportional. *See* Fed. R. Civ. P. 26. It is well established that "the scope of relevant discovery is circumscribed by the complaint and its claims, and it is against these claims that discoverability is determined as to each discovery request." *Castellani v. City of*

*Atlantic City*, 102 F. Supp. 3d 657, 663 (D.N.J. 2015). And discovery is a not "a fishing expedition during which Plaintiff[s] [can] search[] for evidence in support of facts . . . not yet pleaded," *Smith v. Lyons, Doughty & Veldhuius, P.C.*, 2008 WL 2885887, at *5 (D.N.J. July 23, 2008), but rather is meant to allow parties to "uncover evidence of the facts pleaded in the complaint," *Cooper Health Sys. v. Virtua Health, Inc.*, 2009 WL 10727974, at *3 (D.N.J. July 1, 2009). Plaintiffs cannot put the cart before the horse: Plaintiffs have not filed their consolidated complaints, and they are not "entitle[d] to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment.

Plaintiffs have shown no immediate need for the entirety of the DOJ Investigation Files, but say that such discovery is "routine[]" and that the documents are "likely relevant." Ltr. at 1–2. But in the cases Plaintiffs cite, the plaintiffs had filed consolidated class-action complaints before seeking production of investigative files. *See In re Farm-Raised Salmon & Salmon Prods. Antitrust Litig.*, 2020 WL 14025674, at *3 (S.D. Fla. June 3, 2020) (assessing discoverability of investigation documents based on the operative consolidated amended complaint); *In re Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *1–2 (E.D. Pa. Nov. 29, 2004) (dispute over discovery issues including investigation files arose after the court ruled on a motion to dismiss plaintiffs' consolidated amended complaint).[1] That makes sense: courts disfavor blanket requests for "a carte blanche" production of all productions from a prior case, and instead require litigants to "identify[] the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses." *Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, 2022 WL 17339035, at *3–5 (E.D. Pa. Nov. 30, 2022); *see also In re Broiler Chicken Antitrust Litig.*, 2017 WL 4417447, at *5 (N.D. Ill. Sept. 28, 2017) ("[R]eflexive production of documents previously provided to governmental entities is not appropriate."); *Multiple Energy Techs., LLC v. Under Armour, Inc.*, 2023 WL 2529187, at *7 (W.D. Pa. Feb. 21, 2023) (explaining that a "blanket request for all written discovery and transcripts of more than a dozen witnesses who testified in another case, without more, does not give the Court the ability to determine whether the request is relevant and its scope is proportional to the needs of the case"), *report and recommendation adopted as modified*, 2023 WL 2527334 (W.D. Pa. Mar. 15, 2023).

Plaintiffs seek to skirt the absence of consolidated complaints by using the Government's complaint as a proxy, noting they will "allege similar anticompetitive conduct." Ltr. at 2. But that is in tension with Plaintiffs' representations that they will file a "refined consolidated amended complaint" that will differ from the Government's allegations. ECF No. 19-1 at 8; *see also* ECF No. 20-1 at 6–7 (discussing the tension between the Apple Watch and iPhone Purchaser claims). Regardless, this argument only underscores Apple's point. Apple has moved to dismiss the Government's complaint (Government Action ECF No. 86), and the motion is currently under the Court's consideration. In deciding that motion, the Court may eliminate or otherwise narrow

---

[1] Notably, in *Plastics Additives*, the court emphasized that production of investigative files in private follow-on actions is typically the subject of *agreement* between the parties in the course of proposing a joint discovery schedule. *See* 2004 WL 2743591, at *12.

Honorable Leda Dunn Wettre, U.S.M.J.
February 3, 2025
Page 4

claims, which would affect the scope of Plaintiffs' claims and thereby render significant tranches of the DOJ Investigation Files wholly irrelevant.

Plaintiffs also argue that discovery stays are disfavored and that Apple has not yet moved to dismiss. Ltr. at 3. But these arguments do not make sense. Apple has not filed a motion to dismiss because Plaintiffs have not yet filed their consolidated complaints. And as a result, there is nothing yet to stay because discovery has not yet opened. Per the Federal Rules of Civil Procedure, a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1).

**3.** Plaintiffs' request also is premature because no protective order or ESI protocol has yet been entered. Apple has explained, and Plaintiffs do not dispute, that these are necessary prerequisites to any production: much of the DOJ Investigation Files contain highly sensitive information, so appropriate safeguards must be in place before Apple can turn them over. *See* Government Action ECF No. 117 (describing Apple's seeking "heightened protection for information such as competitively sensitive trade secrets, development and planning for future products, technical details concerning proprietary technology, and information regarding internal business strategy."); ECF Nos. 154, 156, 157 (highlighting nonparties' concerns over the disclosure of their competitive sensitive business information).

Plaintiffs suggest they will agree to be bound by the protective order in the Government Action. Ltr. at 2. But the proposed protective order in the Government Action does not include provisions tailored to cases brought by private plaintiffs rather than the Government. For example, after much negotiation with the Government, Apple agreed to remove certain proposed data-security provisions for any party receiving confidential information because the governmental entities receiving the documents represented that they are bound by laws and regulations that meet or exceed Apple's requirements. Plaintiffs, however, are not bound by those laws or regulations so data-security provisions will need to be negotiated separately.

Plaintiffs rely on *In re Liquid Aluminum Sulfate Antitrust Litigation*, No. 16-md-2687 (D.N.J. July 5, 2016), and *In re Lithium Ion Batteries Antitrust Litigation*, 2013 WL 2237887 (N.D. Cal. May 21, 2013), to argue that Apple "faces little burden or expense" in producing millions of documents, but these cases are distinguishable. Ltr. at 2. The defendants in *Liquid Aluminum* did not even object to the burden, and the *Lithium Ion Batteries* court held "the burdens outweigh[ed] the benefits of disclosure" where defendants objected. 2013 WL 2237887, at *3. Regardless, neither of those cases addressed a situation, like the one here, where Apple has a pending challenge to the scope of the case, has unresolved concerns about data security, and will need to at least review and redact highly confidential (irrelevant) information about unannounced products (as Apple and the Government have agreed are appropriate in their negotiations for an ESI protocol, and Apple maintains will be appropriate here). *See Liquid Aluminum Sulfate,* ECF No. 209 at 5 (noting that plaintiffs' challenge came after "multiple defendants ha[d] either pled guilty or sought leniency from the government regarding the very misconduct Plaintiffs allege" in the parallel criminal prosecutions). Complying with Plaintiffs' request therefore entails far more than a simple re-production of documents.

* * *

Honorable Leda Dunn Wettre, U.S.M.J.
February 3, 2025
Page 5

   This litigation is complex and involves many stakeholders. There will invariably be many disputes that the parties must resolve. While Apple reserves its right to substantively object to the production of documents in the DOJ Investigation Files, Apple remains committed to resolving these disputes as efficiently and cooperatively as possible. The negotiations over the DOJ Investigation Files will be informed by entry of the Court's order on Apple's motion to dismiss the Government's complaint, by the decisions of Plaintiffs' leadership regarding the scope of their own soon-to-be-amended cases, and by attention to protective order provisions specific to the circumstances of the MDL litigation.

              Respectfully submitted,

              *s/Liza M. Walsh*

              Liza M. Walsh

cc:  Hon. Julien X. Neals
    All Counsel of Record (via ECF)