# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

CHARLES C. CARELLA
1933 – 2023

DONALD F. MICELI
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
CAROLINE F. BARTLETT
ZACHARY S. BOWER+
DONALD A. ECKLUND
CHRISTOPHER H. WESTRICK*
STEPHEN R. DANEK
MICHAEL A. INNES
MEGAN A. NATALE
KEVIN G. COOPER

5 BECKER FARM ROAD
ROSELAND, N.J.  07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

PETER G. STEWART
FRANCIS C. HAND
JAMES A. O'BRIEN, III
JOHN G. ESMERADO
STEVEN G. TYSON
MATTHEW J. CERES
ZACHARY A. JACOBS***
JASON H. ALPERSTEIN++

OF COUNSEL

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
**MEMBER NY BAR ONLY
***MEMBER IL BAR ONLY
+MEMBER FL BAR ONLY
 ++ MEMBER NY & FL BAR ONLY

RAYMOND J. LILLIE
GREGORY G. MAROTTA
MARYSSA P. GEIST
JORDAN M. STEELE**
ROBERT J. VASQUEZ
BRITTNEY M. MASTRANGELO
GRANT Y. LEE***
MAYBOL HALL
WILLIAM J. MANORY

February 8, 2025

**By ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
Martin Luther King Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:   *In re: Apple Inc. Smartphone Antitrust Litigation*,
>       <u>Civil Action No. 2:24-md-03113</u>

Dear Judge Wettre:

  We write on behalf of Co-Lead Interim Class Counsel representing the direct purchasers of iPhones ("DPP Plaintiffs"), direct purchasers of Apple Watches ("DAWP Plaintiffs"), and the indirect purchasers of iPhones ("IIP Plaintiffs") in this litigation (collectively, "Private Plaintiffs"). We write briefly in response to Defendant Apple Inc.'s February 3, 2025 letter.  ECF No. 70.

  The goal of discovery is simple: "obtain the fullest possible knowledge of the issues and facts before trial," while accounting for limitations, such as attorney-client privilege, the needs of the case, or burden. *See Hickman v. Taylor*, 329 U.S. 495, 501 (1947); *see* Fed. R. Civ. P. 26(b)(1). Private Plaintiffs' request for Apple's production of its DOJ Investigation Files fulfills the former objective: it seeks relevant documents submitted as part of a nearly identical investigation into the conduct at issue in this lawsuit. And the request does not implicate the latter concerns: Apple needs only reproduce a collection of non-privileged documents.

  Both case law and common sense favor the Private Plaintiffs' request. Indeed, there can be no serious dispute that reproductions of related investigations are: (1) routinely done at the *outset* of the litigation, even before the motions to dismiss have been decided and (2) would be the most efficient and least burdensome path for Apple. Compelling Apple to merely reproduce its DOJ productions will ensure the goals of Rules 1, 16, and 26 are met in a way that is proportional to the needs of this case and minimally burdensome to Apple. Simply reproducing what has already been produced also fosters coordination between the DOJ action and the MDL, putting both in lock step, rather than on staggered tracks, thus minimizing the burden on the Court to preside over different litigation timetables.

It bears noting that Apple's position here cannot be squared with what Apple represented to the Court. ECF No. 66 at 4. Apple asserts four arguments in support of its position that production is inappropriate: (1) the meet and confer process was on-going; (2) the reproduction would be premature and may include materials that are not relevant or proportional; (3) the reproduction may be unprotected from disclosure given the absence of a protective order; and (4) no ESI protocol has been entered in this case. All of these arguments fail for the reasons below.

Apple's first argument overlooks that the parties did *discuss* the production. While hope always springs eternal, it was clear to Private Plaintiffs that further meeting and conferring at this time would not be fruitful and that the legal issues were sufficiently framed such that the Court should weigh in at this time. Put simply, there is no reason why Apple should delay or withhold a production that was already created and provided to the DOJ regarding the same conduct. Indeed, Apple's position would undermine considerable efficiencies supporting early production. Further meeting and conferring will not change Private Plaintiffs' request for what is minimally burdensome for Apple and common practice in comparable cases.

Apple's second argument ignores that courts across the country routinely order reproductions of governmental investigations before motions to dismiss are decided. *See, e.g.*, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, 2017 WL 4322823, at *3–4 (N.D. Ill. Sept. 28, 2017) (court ordered limited production of documents already produced to the Florida Attorney General before resolution of any motions to dismiss); *In re Lithium Ion Batteries Antitrust Litig.*, No. 4:13-md-02420, 2013 WL 2237887, at **1–4 (N.D. Cal. May 21, 2013)(ordering production of documents provided to the DOJ or any grand jury); *In re Platinum & Palladium Commodities Litig.*, No. 10-cv-3617-WHP 2010 WL 11578945, at *1 (S.D.N.Y. Nov. 30, 2010) (ordering defendants to produce 250,000 pages of documents already produced to government authorities before the decision on the motion to dismiss); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F.Supp.2d 896, 899–900 (N.D. Cal. 2008) (describing previous case management order requiring production of DOJ documents before resolution of the motion to dismiss); *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-md-2687-JLL-JAD (D.N.J. July 5, 2016), ECF No. 209 (order requiring production of DOJ documents). This common practice makes eminent sense, and the Court should reject Apple's invitation to deviate from the settled path.

Beyond being common practice, the request is targeted: it seeks only a defined set of documents that have already been identified, collected and produced to the DOJ. Apple bears *no* burden in reproducing the documents here. Indeed, the only burdens that Apple can offer are those it would wish to create by re-reviewing, culling, and potentially redacting those documents. But none of those created burdens are necessary and Apple provides no legitimate reason for this Court to take a different – and more difficult and protracted – path than those taken routinely in similar cases. Not only has Apple failed to demonstrate a clear case of hardship or inequity in reproducing the DOJ production, it ignores that, even if the DOJ production were bloated, the receiving party – *i.e.*, Private Plaintiffs – would be the ones faced with burdens and expense of review.

Furthermore, the production of these documents would be consistent with Circuit precedent, where courts in this Circuit have ordered broad productions of documents based on the

February 8, 2025
Page **3** of **3**

likelihood that many (even if not all) will be relevant while denying the defendant the right to object based on relevance, especially where as here the defendant has failed to show prejudice. *E.g.*, Pretrial Order No. 105 (Case Management Order and Discovery Schedule) at 2, *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, No. 16-MD-2724 (E.D. Pa. 2019), Dkt. No. 1135; *UPMC v. Highmark, Inc.*, No. 2:12-cv-00692-JFC, 2013 WL 12141530, at **1–2 (W.D. Pa. Jan. 22, 2013); *see also Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (granting motion to compel production of complete personnel records and finding defendants' prior production of selected documents from the records defendants deemed relevant was insufficient). And courts in other circuits have ruled similarly. *See, e.g.*, *In re Actos (Pioglitazone Prods. Liab. Litig.)*, No. 6:11-md-2299, 2013 WL 4776346 (W.D. La. Sept. 3, 2013); *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 479 (N.D. Ind. 2009); Order, *In re Prempro Prods. Liab. Litig.*, No. 4:03-cv-01507-WRW (E.D. Ark. Aug. 2, 2007), Dkt. No. 1594.

The third and fourth arguments are both strawmen—Private Plaintiffs have never asked Apple to forgo protections and are not expecting Apple to comply with a new ESI Protocol when reproducing the DOJ production. Private Plaintiffs will, of course, accept the reproduction as it was originally produced, notwithstanding any subsequent ESI Protocol. And Private Plaintiffs are surprised by Apple's suggestion that the absence of a Protective Order presents any concern. Apple cannot claim privilege: "when a client voluntarily discloses privileged communications to a third party, the privilege is waived," even if the communications occurred in "voluntary cooperation with government investigations." *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991). Lastly, Private Plaintiffs will accept reproduction of the DOJ production under the same protections as the DOJ – *e.g.*, treating the materials as confidential, highly confidential, and/or subject to data-security provisions set forth under the protective order entered in the DOJ Action.

Thank you for Your Honor's attention to this matter.

       Respectfully submitted,

      CARELLA, BYRNE, CECCHI,
     OLSTEIN, BRODY & AGNELLO, P.C.

        */s/ James E. Cecchi*
       JAMES E. CECCHI

cc: Counsel of Record (via ECF)