# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

IN RE: APPLE INC. SMARTPHONE
ANTITRUST LITIGATION

*This Document Relates to:*
*ALL ACTIONS*

Case No. 2:24-md-03113 (JXN) (LDW)

## [PROPOSED] DISCOVERY CONFIDENTIALITY ORDER

In the interests of (1) ensuring efficient and prompt resolution of this Action; (2) facilitating discovery by the Parties litigating this Action; and (3) protecting confidential information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Federal Rule of Civil Procedure 26(c)(1), ORDERS as follows:

1. The parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations by any Producing Party under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation. This Order is identical to the Order entered by the Court in *United States v. Apple Inc.*, Case No. 2:24-cv-04055 (JXN) (LDW) ("the Government Action"), pending in this Court (*see* Dkt. 235 from the Government Action), except for certain modifications below.

A.    **Definitions**

2.     As used herein for purposes of this Order only:

(a)     "Action" means the above-captioned action pending in this Court, including any related discovery, pre-trial, trial, post-trial, or appellate proceedings.

(b)     "Business Decisions" means decisions relating to a competitor, potential competitor, customer, or distribution partner including decisions regarding contracts, marketing, pricing, product or service development or design, product or service offerings, research and development, mergers and acquisitions, or licensing, acquisition, or enforcement of intellectual property rights.  It does not include the rendering of legal advice in connection with litigation, compliance, regulatory, or liability issues related to business decisions.

(d)     "Confidential" or "Confidential Information" means any information, document, or thing, or portion of any document or thing, produced in any Investigation Materials or Litigation Materials that contains (a) Personal Information; or (b) confidential research or commercial information. Provided, however, that any portion of any Investigation Materials or Litigation Materials, except for Personal Information, that has been published or otherwise made publicly available is not Confidential Information.

(e)     "Defendant" or "Apple" means Apple Inc. and its employees, agents, representatives, parents, subsidiaries, affiliates, successors, and assigns.

(f)     "Designated In-House Attorneys" means no more than four (4) attorneys employed by Apple who can access Highly Confidential Information provided that they are not currently involved in Business Decisions and whose names, titles, and department are disclosed to Plaintiffs and Intervening Non-Parties at least ten (10) business days prior to the effective date of designation, and who are agreed upon by the Parties and Intervening Non-Parties or (in the absence of an agreement) designated by the Court.  To the extent Apple seeks to replace a Designated In-

House Attorney, Apple must provide notice to Plaintiffs and Intervening Non-Parties at least ten (10) business days prior to the desired effective date of such change, and the replacement must be agreed upon by the Parties and Intervening Non-Parties or (in the absence of an agreement) designated by the Court. Designation of Apple's Designated In-House Attorneys to any Producing Party that is not a Party or an Intervening Non-Party will be made at least ten (10) business days prior to the disclosure of any Highly Confidential Information. An individual who has served as a Designated In-House Attorney shall not—for a period of two years following the last occasion on which Highly Confidential Information is disclosed to such Designated In-House Attorney—(a) participate in or advise on Business Decisions at the Defendant, (b) participate in or advise on Business Decisions involving a Protected Person whose Highly Confidential Information they accessed during the course of this Action at any employer, or (c) participate in or advise on litigation or other legal actions on behalf of Defendant or any other employer where a Protected Person is a party and whose Highly Confidential Information the Designated In-House Attorney accessed in the course of this Action (aside from litigation arising from or related to the allegations in the Complaint in this Action). Any attorney subject to this subsection who leaves the employment of Defendant to work in an unrelated industry shall be presumed to be exempt from the post-employment limits of this provision absent a showing by Plaintiffs or any interested Protected Person that such a person engaged in Business Decision-making.

(g)     "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

(h)     "Document" means any document or electronically stored information, as the term is used in Federal Rule of Civil Procedure 34(a).

(i)　　"Highly Confidential" or "Highly Confidential Information" means any information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes the disclosure of which is likely to cause economic harm or competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the Highly Confidential designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(j)　　"Highly Confidential – Outside Counsel Only" or "Highly Confidential Information – Outside Counsel Only" means any Highly Confidential Information that the Producing Party reasonably believes the disclosure of which to Defendant's personnel (including its officers, directors, executives, employees, or in-house attorneys) is likely to cause economic harm or competitive disadvantage to the Producing Party.

(k)　　"In-House Attorneys" means any attorney employed by the Defendant.

(l)　　"Intervening Non-Party" or "Intervening Non-Parties" means one the following Non-Parties: Capital One Financial Corporation; Garmin International, Inc.; Google LLC; JPMorgan Chase Bank, N.A.; Match Group, Inc.; Meta Platforms, Inc.; Microsoft Corp.; PayPal, Inc.; and Samsung Electronics America, Inc.

(m)　　"Investigation" means any pre-complaint review, assessment, or investigation of the matters at issue in the Government Action by the United States or Plaintiff States.

(n)　　"Investigation Material" or "Investigation Materials" means non-privileged documents, data, communications, transcripts of testimony, or other materials relating to the

Investigation, including but not limited to documents or information provided pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14 or any State equivalent CID process that prior to the filing of the Government Action (a) any Non-Party to the Government Action provided to any party to the Government Action; (b) any party to the Government Action provided to any Non-Party to the Government Action; or (c) any party to the Government Action provided to any party of the Government Action.

(o)     "Litigation Material" or "Litigation Materials" means non-privileged documents, data, communications, testimony, or other materials relating to this Action that, after the filing of and during the pendency of this Action, (a) any Non-Party provides to any Party, either voluntarily or under compulsory process; (b) any Party provides to any Non-Party; or (c) any Party provides to any Party.

(p)     "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

(q)     "Outside Counsel" means the law firm(s) who represent or are retained by the Parties, including any attorneys, paralegals, and other professional personnel (including support and IT staff), agents, or independent contractors retained by a Party that such law firm(s) assign(s).

(r)     "Party" or "Parties" means any individual Plaintiff or any Defendant in the above-captioned action, or Plaintiffs and Defendants collectively.

(s)     "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

(t)     "Personal Information" means a natural person's non-public personal identifiable information that is linked or reasonably linkable to an identified or identifiable natural person, including, but not limited to, Social Security number; driver's license number, or state or federal

government identification number, or foreign country equivalent identification number; passport number; financial account number; credit or debit card number; email address; name, address, or phone number in combination with other personal identifiable information; sensitive personal information regarding genetic or biometric data, precise geolocation data, financial information or transactions, medical or health history and records, and criminal or employment history; and any other protected personal information subject to non-disclosure obligations imposed by governmental authorities, law, or regulation.

(u)     "Plaintiff State" means State of New Jersey, State of Arizona, State of California, District of Columbia, State of Connecticut, State of Indiana, State of Maine, Commonwealth of Massachusetts, State of Michigan, State of Minnesota, State of Nevada, State of New Hampshire, State of New York, State of North Dakota, State of Oklahoma, State of Oregon, State of Tennessee, State of Vermont, State of Washington, and State of Wisconsin acting by and through their respective Attorneys General, or any other State acting by and through their respective Attorneys General which joins the Government Action.  "Plaintiff States" means collectively all Plaintiff States in the Government Action.

(v)     "Producing Party" means any Party or Non-Party that discloses or produces or reproduces any Investigation Materials or Litigation Materials in this Action.

(w)     "Protected Material" means any Investigation Material or Litigation Material that is designated as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only," as provided for in this Order.  Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(x)     "Protected Person" means any Person (including any Party or Non-Party) that has provided Investigation Materials or that provides Litigation Materials in this Action.

(y)     "Receiving Party" means any Party or Non-Party who receives Investigation Materials or Litigation Materials from a Producing Party.

**B.     Computing Time**

3.     Unless otherwise specified, time will be computed according to Federal Rule of Civil Procedure 6(a).

**C.     Notice to Non-Party Protected Persons of the Terms of This Order**

4.     [Omitted].

5.     Any Party that seeks discovery from a Non-Party Protected Person for use in this Action must include a copy of this Order when serving a discovery request or subpoena on the Non-Party Protected Person.  If any Party sent a discovery request or subpoena to any Non-Party Protected Person prior to entry of this Order, that Party must send a copy of this Order to the Non-Party Protected Person within two (2) business days of entry of this Order.

**D.     Modifications of This Order**

6.     If a Non-Party Protected Person determines that this Order does not adequately protect its Protected Material, it may seek additional protection from the Court for its Protected Material within fourteen (14) days after receiving notice of this Order under Paragraphs 4 or 5 by filing a letter application pursuant to Local Civil Rule 37.1(a)(1).  If a Non-Party Protected Person timely seeks additional protection from the Court, a Party's obligation to produce that Non-Party Protected Person's documents containing Protected Material, that is the subject of the application, is suspended until a decision is rendered by the Court, unless the Non-Party Protected Person who filed the application and the Parties reach an agreement allowing production of the Protected Material while the application is pending.  If the Court orders the production of the non-Party

Protected Person's documents, the Party obligated to produce the Non-Party Protected Person's Protected Material will have seven (7) days to make the production unless a longer period is ordered by the Court.

7.      Nothing in this Order limits any Person, including members of the public, a Party, or a Non-Party Protected Person, from seeking additional protection or modification of this Order upon an application duly made according to Rule 37.1 of the Local Rules of this Court, including, without limitation, an order that certain information need not be produced at all or is not admissible evidence in this Action or any other proceeding.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

        **E.**      **Designation of Protected Material in Investigation Materials**

8.      Any Investigation Materials that Apple previously provided to the United States or any Plaintiff State during an Investigation that Apple designated as Protected Material or for which Apple requested protected or confidential treatment, including, but not limited to, testimony, documents, electronic documents and data, and materials produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, will be treated as containing Confidential Information, or as Highly Confidential if previously designated by Apple.

9.      A Non-Party Protected Person shall have sixty (60) days after receiving a copy of this Order (the "Designation Period") to designate as Highly Confidential Information or Highly Confidential Information – Outside Counsel Only any Investigation Materials to the extent the Non-Party Protected Person determines, in good faith, that the Investigation Materials include Highly Confidential Information or Highly Confidential Information – Outside Counsel Only, and that such designation is necessary to protect the interests of the Non-Party Protected Person.  Such Investigation Materials, including but not limited to testimony, documents, electronic documents

and data, and materials produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, or any State equivalent process, may be so designated by providing written notice by overnight mail or email to the Party to which the Investigation Materials were produced and providing a reproduction of the Investigation Materials stamped with the legend "HIGHLY CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY," in a manner that will not interfere with legibility, including page numbering, or auditability.

10.     Until the expiration of the Designation Period, all Investigation Materials produced by a Non-Party Protected Person will be treated as Highly Confidential Information – Outside Counsel Only in their entirety.  Investigation Materials previously produced by a Non-Party Protected Person that are not designated as Highly Confidential or Highly Confidential Information – Outside Counsel Only by the expiration of the Designation Period shall be treated as Confidential Information for purposes of this Order, whether or not the Non-Party Protected Person requested confidential treatment at the time of production.

**F.     Designation of Protected Material in Litigation Materials**

11.     The following procedures govern the process for all Protected Persons (including any Party or Non-Party) to designate as Protected Material any Litigation Materials, including but not limited to information provided in response to requests under Federal Rules of Civil Procedure 30, 31, 33, 36, or 45, and documents disclosed in response to Federal Rules of Civil Procedure 33(d), 34(b)(2) and (c), or 45.

12.     Any Producing Party may designate Litigation Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only."

13.    Any production or designation of Protected Material or other written notice to the Parties required by this Order must be provided by email to all counsel for Plaintiffs (using the listserv AppleAllPlaintiffs@lists.locklaw.com) and to all counsel for Apple (using the listserv Apple-SmartphoneMDL-External@gibsondunn.com).

14.    Testimony.  All transcripts of depositions taken in this Action will be treated as Highly Confidential – Outside Counsel Only in their entirety for thirty (30) days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable).  Within two (2) business days of receipt of the final transcript, the Party who noticed the deposition must provide the final transcript to the deponent (or the deponent's counsel, if applicable).  Within thirty (30) days following receipt of the final transcript, the deponent (or the deponent's counsel, if applicable) may designate as Confidential, Highly Confidential, or Highly Confidential – Outside Counsel Only, as appropriate, any portion(s) of the deposition transcript, by page(s) and line(s), and any deposition exhibits, or portion(s) of any exhibit(s), that were produced by the deponent or the deponent's employer or former employer. When a Party questions a deponent about Investigation Material or Litigation Material that has been designated by a Non-Party Protected Person as containing Confidential Information, Highly Confidential Information or Highly Confidential Information – Outside Counsel Only, the Party asking the questions must designate as Confidential, Highly Confidential, or Highly Confidential – Outside Counsel Only the portion(s) of the transcript relating to that designated Investigation Material or Litigation Material within thirty (30) days following receipt of the final transcript.  To be effective, designations must be provided in writing to the Parties' counsel listed in Paragraph 13 of this Order.

Any portion(s) of a transcript or deposition exhibit(s) not so designated pursuant to this Paragraph 14 shall be treated as Confidential Information, even if the document(s) that become the deposition exhibit(s) or information that is the subject of deposition testimony was subject to a prior higher designation of confidentiality. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order. In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.

In the event the deposition is videotaped, the original and all copies shall be marked by the video technicians to indicate that the contents are subject to this Protective Order, substantially along the lines of "This recording contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."

Counsel for any Producing Party whose Protected Material is the subject of examination shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter, and videographer (if any), any person that is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during the periods of examination or testimony regarding such Protected Material.

15.    <u>Documents Produced in Native Format</u>.    When a Protected Person produces electronically stored files or documents in native electronic file format, such electronic files and documents shall be designated by the Protected Person under this Order by (a) appending the suffix "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only," to the file name or document production number, or (b) including the appropriate confidentiality

designation in reasonably accessible metadata associated with the file.  When documents that were produced in native file format are printed for use during a deposition, for a court proceeding, or for disclosure to any Person described in Paragraphs 22, 23, and 24, the Party printing the file must affix to the printed version a label containing the production number and the designation associated with the document.  No one shall seek to use in this Action a .tiff, .pdf, or other image format version of a document produced in native file format without first: (a) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered; and (b) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

16.    <u>Written Discovery and Documents and Data Produced in Hard Copy or Non-Native Format</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34(a)), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 2 may be so designated by stamping or otherwise marking each page or image with the appropriate designation in a manner that will not interfere with legibility.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event original documents are produced for inspection, the original documents shall be presumed "Highly Confidential – Outside Counsel Only" during the inspection and re-designated as appropriate during the copying process.

**G.    <u>Source Code</u>**

17.    The Parties acknowledge that if any Party produces Source Code in this Action, the disclosure of such Source Code to another Party or Non-Party may create a substantial risk of serious harm.  Any production of Source Code by any Party in this Action shall be governed by

the Stipulated Protective Order Governing, Review, Production, and Handling of Source Code in this Action.  If any Non-Party produces Source Code, Source Code produced by a Non-Party will be subject to separate negotiations and Court order.

### H.    Challenges to Confidentiality Designations

18.    Any Party who objects to any designation of confidentiality (the "Objecting Party") may challenge a designation of confidentiality at any time before the trial of this Action by providing written notice to the Producing Party and to all Parties identifying the challenged designation and stating with particularity the grounds for the objection.

19.    Within fourteen (14) days of the Objecting Party's written notice, the Parties and the Producing Party shall meet and confer in good faith to discuss their respective positions.  If the Parties and the Producing Party cannot reach agreement on an objection to a designation of confidentiality within fourteen (14) days of the Objecting Party's written notice, the Objecting Party may address this dispute to the Court no later than twenty-eight (28) days from the Objecting Party's written notice by submitting a letter to the Magistrate Judge, or requesting a telephone conference with the Magistrate Judge, to present the challenge.  Formal motions to resolve disputes over confidentiality shall not be filed without prior leave from the Magistrate Judge. If the Objecting Party fails to address this dispute with the Court within twenty-eight (28) days from the Objecting Party's written notice, the challenge will be considered rescinded.

20.    Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Protected Material in question withdraws such designation in writing; or (b) the Court rules that the Protected Material in question is not entitled to the designation.

21.    This Order does not: preclude or prejudice a Protected Person or a Party from arguing for or against any confidentiality designation, establish any presumption that a particular

confidentiality designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

### I.    **Disclosure of Protected Material**

22.    Except as provided by Paragraph 28 or pursuant to a court order, Protected Materials designated Confidential may be disclosed only to the following persons:

(a)    the Court and all persons assisting the Court in this Action, including Magistrate Judges, law clerks, court reporters, and stenographic or clerical personnel;

(b)    counsel for the United States for as long as the United States remains a plaintiff in the Government Action, including any attorneys, paralegals, other professional personnel employed by the United States (including economists, technologists, IT support, and IT staff), and agents or independent contractors retained by the United States to assist in this Action whose functions require access to the Confidential Information;

(c)    counsel for any Plaintiff State for as long as the Plaintiff State remains a plaintiff in the Government Action, including any attorneys, paralegals, other professional personnel employed by the Plaintiff State (including economists, technologists, IT support, and IT staff), and agents or independent contractors retained by the Plaintiff State to assist in this Action whose functions require access to the Confidential Information;

(d)    the Parties' Outside Counsel in this Action, including any attorneys, paralegals, other professional personnel employed by the Parties' Outside Counsel (including economists, technologists, IT support, and IT staff), and agents, consultants, or independent contractors retained by the Parties' Outside Counsel to assist in this Action whose functions require access to the Confidential Information;

(e)      Apple's Designated In-House Attorneys to whom such disclosure is reasonably necessary for this Action, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A;

(f)      In addition to Apple's Designated In-House Attorneys, no more than four (4) In-House Attorneys of Apple to whom such disclosure is reasonably necessary for this Action, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A;

(g)      No more than five (5) officers or employees of Apple who participate in decision-making with respect to this Action or who are persons with whom counsel finds it reasonably necessary to consult in the course of preparing Apple's defense in this Action, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A.  Such individuals will be disclosed to lead plaintiffs' counsel, as appointed by the Court (see Dkts. 35 and 57) ("Lead Plaintiffs' Counsel"), and Intervening Non-Parties at least ten (10) business days prior to the effective date of designation and agreed upon by the Parties and Intervening Non-Parties or (in the absence of an agreement) designated by the Court.  To the extent Apple seeks to replace any individual designated under this provision, Apple must provide notice to Lead Plaintiffs' Counsel and Intervening Non-Parties at least ten (10) business days prior to the desired effective date of such change, and the replacement must be agreed upon by the Parties and Intervening Non-Parties or (in the absence of an agreement) designated by the Court. Designation to any Producing Party that is not a Party or an Intervening Non-Party will be made at least ten (10) business days prior to the disclosure of any Confidential Information.

(h)     an author or recipient of the document to whom disclosure of the Producing Party's Protected Material is reasonably necessary, provided that they have agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A;

(i)     a deponent or witness in this Action who is an officer or employee of a Producing Party, provided that only the Protected Material of that Producing Party is disclosed, the disclosure is reasonably necessary, and the deponent or witness has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A;

(j)     outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action, to whom such disclosure is reasonably necessary, provided that (i) an authorized representative first executes an Agreement Concerning Confidentiality in the form attached in Appendix A, and (ii) all employees of such outside vendor or service provider are subject to confidentiality obligations as part of their employment that would maintain the protection afforded under this Order;

(k)     any special master, mediator, arbitrator, trustee, or monitor that the Parties engage in this Action or that this Court appoints;

(l)     any Person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm(s) with which the expert or consultant is associated and independent contractors who assist the expert's work in this Action, the identity of whom needs not be disclosed, provided that: (i) disclosure is only to the extent necessary to perform such work; (ii) they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A; and (iii) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party nor anticipated at the time of retention to become an officer, director, or employee of a Party or a competitor of a Party;

(m)     Persons or firms retained by or for a Party to assist that Party in this Action, including, but not limited to, technical or litigation support consultants, graphics, translation, design, mock jurors and/or judges engaged in preparation for trial, and trial consultants, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A; and

(n)     Any other person with the prior written consent of the Producing Party.

23.     Except as provided by Paragraph 28 or pursuant to a court order, Protected Materials designated Highly Confidential may be disclosed only to the following persons:

(a)     the Court and all persons assisting the Court in this Action, including Magistrate Judges, law clerks, court reporters, videographers, and stenographic or clerical personnel;

(b)     counsel for the United States for as the United States remains a plaintiff in the Government Action, including any attorneys, paralegals, other professional personnel employed by the United States (including economists, technologists, IT support, and IT staff), and agents or independent contractors retained by the United States to assist in this Action whose functions require access to the Highly Confidential Information;

(c)     counsel for any Plaintiff State for as long as the Plaintiff State remains a plaintiff in the Government Action, including any attorneys, paralegals, other professional personnel employed by the Plaintiff State (including economists, technologists, IT support, and IT staff), and agents or independent contractors retained by the Plaintiff State to assist in this Action whose functions require access to the Highly Confidential Information;

(d)     the Parties' Outside Counsel in this Action, including any attorneys, paralegals, other professional personnel employed by the Parties' Outside Counsel (including economists, technologists, IT support, and IT staff), and agents, consultants, or independent contractors

retained by the Parties' Outside Counsel to assist in this Action whose functions require access to the Highly Confidential Information;

(e)     Apple's Designated In-House Attorneys to whom such disclosure is reasonably necessary for this Action, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A;

(f)     an author or recipient of the document to whom disclosure of the Producing Party's Protected Material is reasonably necessary, provided that they have agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A;

(g)     a deponent or witness in this Action who is an officer or employee of a Producing Party, provided that only the Protected Material of that Producing Party is disclosed, the disclosure is reasonably necessary, the deponent or witness has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A;

(h)     outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action, to whom such disclosure is reasonably necessary, provided that (i) an authorized representative first executes an Agreement Concerning Confidentiality in the form attached in Appendix A, and (ii) all employees of such outside vendor or service provider are subject to confidentiality obligations as part of their employment that would maintain the protection afforded under this Order;

(i)     any special master, mediator, arbitrator, trustee, or monitor that the Parties engage in this Action or that this Court appoints;

(j)     any Person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm(s) with which the expert or consultant is associated and independent contractors who assist the expert's work in this Action, the identity of whom needs

18

not be disclosed, provided that: (i) disclosure is only to the extent necessary to perform such work; (ii) that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A; and (iii) such expert or consultant is not a current officer, director, or employee of a Party or competitor of a Party, and does not reasonably anticipate at the time of retention to become an officer, director, or employee of a Party or a competitor of a Party, and is not involved in any capacity in competitive decision-making on behalf of a Party or a competitor of a Party;

(k)     Persons or firms retained by or for a Party to assist that Party in this Action, including, but not limited to, technical or litigation support consultants, graphics, translation, design, mock jurors and/or judges engaged in preparation for trial, and trial consultants, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A; and

(l)     any other person with the prior written consent of the Producing Party.

24.     Except as provided by Paragraph 28 or pursuant to a court order, Protected Materials designated Highly Confidential– Outside Counsel Only may be disclosed only to the following persons:

(a)     the Court and all persons assisting the Court in this Action, including Magistrate Judges, law clerks, court reporters, videographers, and stenographic or clerical personnel;

(b)     counsel for the United States for as long as the United States remains a plaintiff in the Government Action, including any attorneys, paralegals, other professional personnel employed by the United States (including economists, technologists, IT support, and IT staff), and agents or independent contractors retained by the United States to assist in this Action whose functions require access to the Highly Confidential Information – Outside Counsel Only;

(c)      counsel for any Plaintiff State for as long as the Plaintiff State remains a plaintiff in the Government Action, including any attorneys, paralegals, other professional personnel employed by the Plaintiff State (including economists, technologists, IT support, and IT staff), and agents or independent contractors retained by the Plaintiff State to assist in this Action whose functions require access to the Highly Confidential Information – Outside Counsel Only;

(d)      the Parties' Outside Counsel in this Action, including any attorneys, paralegals, other professional personnel employed by the Parties' Outside Counsel (including economists, technologists, IT support, and IT staff), and agents, consultants, or independent contractors retained by the Parties' Outside Counsel to assist in this Action whose functions require access to the Highly Confidential Information – Outside Counsel Only;

(e)      an author or recipient of the document to whom disclosure of the Producing Party's Protected Material is reasonably necessary, provided that they have agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A;

(f)      a deponent or witness in this Action who is an officer or employee of a Producing Party, provided that only the Protected Material of that Producing Party is disclosed, the disclosure is reasonably necessary, and the deponent or witness has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A;

(g)      outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action, to whom such disclosure is reasonably necessary, provided that (i) an authorized representative first executes an Agreement Concerning Confidentiality in the form attached in Appendix A, and (ii) all employees of such outside vendor or service provider are subject to confidentiality obligations as part of their employment that would maintain the protection afforded under this Order;

(h)    any special master, mediator, arbitrator, trustee, or monitor that the Parties engage in this Action or that this Court appoints;

(i)    any Person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm(s) with which the expert or consultant is associated and independent contractors who assist the expert's work in this Action, the identity of whom needs not be disclosed, provided that: (i) disclosure is only to the extent necessary to perform such work; (ii) that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A; and (iii) such expert or consultant is not a current officer, director, or employee of a Party or competitor of a Party, and does not reasonably anticipate at the time of retention to become an officer, director, or employee of a Party or a competitor of a Party, and is not involved in any capacity in competitive decision-making on behalf of a Party or a competitor of a Party;

(j)    Persons or firms retained by or for a Party to assist that Party in this Action, including, but not limited to, technical or litigation support consultants, graphics, translation, design, mock jurors and/or judges engaged in preparation for trial, and trial consultants, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A; and

(k)    any other person with the prior written consent of the Producing Party.

25.    Counsel for the Party making a disclosure to a Person identified in Paragraph 22, subparagraphs (e), (f), (g), (j), or (k), Paragraph 23, subparagraphs (e), (f), (g), (i), or (j), or Paragraph 24, subparagraphs (e), (f), (h), or (i), of this Order must obtain and retain the signed version of the Agreement Concerning Confidentiality in the form attached in Appendix A until the final resolution of this Action.

26.    Each Person identified in Paragraphs 22, 23, and 24 of this Order to whom information designated as Protected Material is disclosed must not disclose that Protected Material to any other Person, except as otherwise provided by this Order.

27.    Defendant may at any time before the trial of this Action request that disclosure of specified Highly Confidential Information – Outside Counsel Only be made to Apple's Designated In-House Attorneys.  Defendant shall provide a written notice to the Producing Party and all Parties to this Action stating with particularity the need for such disclosure.  Defendant must meet and confer with the Producing Party and all Parties to try to resolve the matter by agreement within seven (7) days of the written notice.  If no agreement is reached, Defendant may submit a letter to the Magistrate Judge or request a telephone conference with the Magistrate Judge to present the request.  Plaintiffs and/or the Producing Party will have seven (7) days to respond to such request.  Formal motions to resolve disputes over the request for disclosure of specified Highly Confidential Information – Outside Counsel Only to Apple's Designated In-House Attorneys shall not be filed without prior leave from the Magistrate Judge.   Defendant will not disclose any Highly Confidential Information – Outside Counsel Only to Apple's Designated In-House Attorneys pending resolution of the dispute.

28.    Nothing in this Order:

(a)    shall be construed to prevent counsel from advising their clients with respect to this Action based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order;

(b)    shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose;

(c)     prevents disclosure of Protected Material with the consent of the Protected Person that designated the material;

(d)     shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing with the consent of the Producing Party or by order of the Court;

(e)     shall restrict in any way the use or disclosure of Protected Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of receipt from the Producing Party during an Investigation or in this Action; (iii) previously produced, disclosed, or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to a court order;

(f)     [Omitted]; or

(g)     prohibits Non-Parties from negotiating for a different level of confidentiality for specific Protected Material with the Parties, which will be presented to the Court for approval as a modification of this Order.

29.     In the event of a disclosure of any Protected Material to any Person not authorized to receive disclosure under this Order, the Party responsible for the disclosure shall immediately notify counsel for the Protected Person whose Protected Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and ensure that no further or greater unauthorized disclosure and/or use of the material is made.

30. Unauthorized or inadvertent disclosure does not change the status of the disclosed Protect Material or waive the Protected Person's right to hold or maintain the disclosed material as Protected.

**J.    Use of Protected Material**

31. Except as provided in this Order, all Protected Material produced or reproduced by a Party or a non-Party Protected Person as part of this Action or as part of the Government Action, including materials produced during the Investigation, may be used solely for the conduct of this Action and the Government Action and shall not be used for any other purpose.

32. If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body that would require the disclosure of Protected Material, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Protected Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

33. Any Person that becomes subject to a motion to disclose Protected Material in another case or proceeding must promptly notify the Party or non-Party Protected Person that designated the Protected Material of the motion so the Protected Person has an opportunity to appear in the other case and be heard on whether that information should be disclosed.

34. The protections conferred by this Order cover not only Protected Material governed by this Order as addressed herein, but also any information copied, extracted, or summarized therefrom that would reveal Protected Material.

35. Court Filings. If any documents, testimony, or other materials designated under this Order as Protected Material are included in or with any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file must seek a court order to file such

Protected Material under seal, in accordance with Local Civil Rule 5.3.  The Protected Person that designated the Protected Material may not oppose the filing of Protected Material under seal and the filing Party need not meet and confer with the Protected Person before filing the Protected Material under seal.  If this Court grants leave to file a document under seal, the filing Party must file a version of the filing that redacts all Protected Material on the Court's docket if the Party has not already done so.

36.     Nothing in this Order will restrict the Parties or any interested member of the public from challenging the filing of any Protected Material under seal.  Filing another Person's Protected Material under seal does not constitute agreement by the filing party that the information is properly designated, and nothing in this Order should be construed to prevent a Party from later challenging the confidentiality designation of information that was previously filed under seal.

37.     Hearings.  If a Party reasonably expects to disclose Confidential Information, Highly Confidential Information, or Highly Confidential Information – Outside Counsel Only at any hearing, conference, or other proceeding, the Party seeking to make the disclosure shall provide advance notice of their intent to disclose Protected Material to the other Parties to the extent practicable to ensure that only authorized individuals are present at those proceedings and shall request that the Court seal the courtroom by making an application consistent with the 1st Amendment and common law right of public access.[1]  The use of a document at any hearing, conference, or proceeding shall not in any way affect its designation as Confidential, Highly Confidential, or Highly Confidential – Outside Counsel Only.

---

[1] For purposes of clarity, the Party whose Protected Material may be disclosed shall carry the burden for arguing that the courtroom should be sealed.

38.   <u>Trial</u>.  Disclosure of documents and information designated as Protected Material in exhibit lists, preparation of exhibits, at trial, or in post-trial filings will be governed pursuant to a separate court order.  The Parties will meet and confer and submit a recommended order outlining those procedures.

**K.    Secure Storage**

39.   Protected Material subject to the United States Export Administration Regulations must be stored at a location in the United States and may not be exported outside the United States or released to any foreign national (even if within the United States).  The Receiving Party will take measures necessary to store and control access to such Protected Materials in compliance with United States Export Administration Regulations.  To the extent the Parties disagree as to whether any Protected Material is subject to the United States Export Administration Regulations, they will work in good faith to resolve the dispute. .

**L.    Data Security**

40.

| Plaintiffs Proposal | Apple Proposal |
|---|---|
| 40. Receiving Party shall implement an information security management system ("ISMS") to safeguard Protected Materials, including reasonable and appropriate administrative, physical, and technical safeguards, and network security and encryption technologies governed by written policies and procedures designed to protect against any reasonably anticipated threats or hazards to the security of such Protected Material and to protect against unauthorized access to Protected Material. To the extent a party or person does not have an ISMS, they may comply with this provision by having the Protected Material managed by and/or stored with eDiscovery vendors, claims administrators, or other platforms that maintain such an ISMS. The Parties shall implement multi-factor authentication [FN2] to prevent unauthorized access to Protected Materials. By way of example only, the minimum multi-factor authentication factor required by this Section of the Protective Order is to register a user's computer as a trusted device, after which that user can access Protected Material with their regular system username and password. Additionally, each Party shall implement encryption of all Protected Materials in transit outside of network(s) covered by the Party's ISMS (and at rest, where reasonably practical). A Party may satisfy this encryption requirement by, for example, using opportunistic transport layer security ("TLS") encryption provided by an email service for outgoing emails.

[FN2] Multi-factor authentication is "[a]uthentication using two or more factors to achieve authentication. Factors are (i) something you know (e.g., password/personal identification number); (ii) something you have (e.g., cryptographic identification device, token); and (iii) something you are (e.g., biometric)." National Institute of Standards and Technology (NIST), Special | 40. Receiving Party shall implement an information security management system ("ISMS") to safeguard Protected Materials, including reasonable and appropriate administrative, physical, and technical safeguards, and network security and encryption technologies governed by written policies and procedures, which shall comply with at least one of the following standards: (a) the International Organization for Standardization's 27001 standard; (b) the National Institute of Standards and Technology's (NIST) 800-53 standard; (c) the Center for Internet Security's Critical Security Controls; or (d) the most recently published version of another widely recognized industry or government cybersecurity framework. The Parties shall implement multi-factor authentication for any access to Protected Materials and implement encryption of all Protected Materials in transit outside of network(s) covered by the Party's ISMS (and at rest, where reasonably practical).

(a) If Receiving Party becomes aware of any unauthorized access, use, or disclosure of Protected Materials or devices containing Protected Materials ("Data Breach"), Receiving Party shall in the most expedient time possible and without unreasonable delay, consistent with the legitimate needs of law enforcement and any measures necessary to determine the scope of the Data Breach and restore the reasonable integrity of affected data system(s), notify Producing Party in writing and fully cooperate with Producing Party as may be reasonably necessary to (a) determine the source, extent, or methodology of such Data Breach, (b) to recover or to protect Protected Materials, and/or (c) to satisfy Producing Party's legal, contractual, or other obligations. For the avoidance of doubt, notification obligations under this Section arise when the Receiving Party both (a) learns of a Data Breach, and (b) learns that any of the |

Publication SP 1800-12, Appendix B at 63, *available at* https://nvlpubs.nist.gov/nistpubs/ SpecialPublications/ NIST.SP.1800-12.pdf; *see also* NIST, Special Publication 800-53, at 132, *available at* https://nvlpubs.nist.gov/nistpubs /SpecialPublications/NIST.SP.800-53r5.pdf.

(a)     If Receiving Party becomes aware of any unauthorized access, use, or disclosure of Protected Materials or devices containing Protected Materials, Receiving Party shall comply with the requirements of this Protective Order.     Additionally, if Receiving Party becomes aware of any cyberattack or other deliberate security breach resulting in actual or potential unauthorized access to Protected Materials (including as a result of or following an inadvertent disclosure) ("Data Breach"), Receiving Party shall in the most expedient time possible and without unreasonable delay, consistent with the legitimate needs of law enforcement and any measures necessary to determine the scope of the Data Breach and restore the reasonable integrity of affected data system(s), notify Producing Party in writing and fully cooperate with Producing Party as may be reasonably necessary to (a) determine the source, extent, or methodology of such Data Breach, (b) to recover or to protect Protected Materials, and/or (c) to satisfy Producing Party's legal, contractual, or other obligations. For the avoidance of doubt, notification obligations under this Section arise when the Receiving Party both (a) learns of a Data Breach, and (b) learns that any of the Producing Party's Protected Materials are potentially subject to the Data Breach.

(b)     Receiving Party shall promptly comply with Producing Party's reasonable request(s) that Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential recurrence and take all reasonable steps to terminate and prevent

Producing Party's Protected Materials are potentially subject to the Data Breach. The notification obligations set forth in this Section do not run from the time the Data Breach itself.

(b)  Receiving Party shall promptly comply with Producing Party's reasonable request(s) that Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential recurrence and take all reasonable steps to terminate and prevent unauthorized access. Receiving Party shall promptly provide any information that is reasonably requested by Producing Party and that relates to any such Data Breach, including but not limited to, the Protected Material that was potentially impacted, underlying vulnerabilities or flaws that led to the Data Breach, start or end date of the Data Breach, date of discovery, and specific actions taken to contain, mitigate, or remediate the Data Breach. For the avoidance of doubt, nothing in this Paragraph 40 is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

(c) If Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in this action, potentially including but not limited to (1) additional security measures to protect Protected Material; (2) a stay or extension of discovery pending investigation of a Data Breach and/or implementation of additional security measures; and (3) a sworn assurance that Protected Materials will be handled in the future only by entities not impacted by the Data Breach. Further, the Receiving Party shall submit to reasonable discovery concerning the Data Breach.

(d) In the event of a Data Breach affecting Protected Material of a Producing Party, at Producing Party's request, Receiving Party

unauthorized access. Receiving Party shall promptly provide any information that is reasonably requested by Producing Party and that relates to any such Data Breach, including but not limited to, identification of the Protected Material that was potentially impacted, the manner in which the Data Breach occurred, start or end date of the Data Breach, date of discovery, and specific actions taken to contain, mitigate, or remediate the Data Breach. For the avoidance of doubt, nothing in this Paragraph 40 is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

(c)    If Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in this action.

(d)    In the event of a Data Breach affecting Protected Material of a Producing Party, at Producing Party's request, Receiving Party within 10 business days shall share the relevant ISMS policies and procedures that relate to the safeguarding of Protected Materials and that preceded the Data Breach, in writing or otherwise.

(e)    Receiving Party shall comply with this Paragraph 40 and any applicable security, privacy, data protection, or breach notification laws, rules, regulations, or directives ("Applicable Data Law"). If Receiving Party is uncertain whether a particular practice would conform with the requirements of this Paragraph 40, it may meet and confer with the other Parties; if any Party believes that the proposed practice would violate this Protective Order, it may, within 10 business days, bring the dispute to the Court. The Party challenging the proposed practice would bear the burden of demonstrating a violation.

within 10 business days shall provide a copy of its most recent ISMS policies and procedures that relate to the safeguarding of Protected Materials and that preceded the Data Breach.

(e) Receiving Party shall comply with this Paragraph 40 and any applicable security, privacy, data protection, or breach notification laws, rules, regulations, or directives ("Applicable Data Law"). If Receiving Party is uncertain whether a particular practice would conform with the requirements of this Paragraph 40, it may meet and confer with the other Parties; if any Party believes that the proposed practice would violate this Protective Order, it may, within 10 business days, bring the dispute to the Court. The Party challenging the proposed practice would bear the burden of demonstrating a violation.

29

**M.** **Inadvertent Failure to Designate Properly**

41.     Any production of documents or testimony not designated as Protected Material will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential, Highly Confidential, or Highly Confidential – Outside Counsel Only.  If at any time before trial of this Action, a Protected Person realizes that it should have designated as Confidential, Highly Confidential, or Highly Confidential – Outside Counsel Only any Investigation Materials or Litigation Materials that Person previously produced during discovery in the Investigation or this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing within a reasonable time from the discovery of the error.  The Parties shall thereafter treat the Investigation Materials or Litigation Materials pursuant to the Protected Person's new designation under the terms of this Order.

42.     No prior disclosure of newly designated Protected Material will violate this Order. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

**N.** **Inadvertent Disclosure of Privileged Materials**

43.     The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the Producing Party either in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the Producing Party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  That treatment shall be deemed to comply with any obligations the

Producing Party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

      **O.**    **Miscellaneous**

      44.    <u>Successors</u>. This Order is binding on the Parties, any non-Party Protected Persons, and their attorneys, successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, independent contractors, retained consultants and experts, and any persons or organizations over which the Parties or non-Party Protected Persons have control.

      45.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by the Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this Action or otherwise that any Investigation Material or Litigation Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Action or any other proceeding.

      46.    <u>Burdens of Proof</u>. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Investigation Material or Litigation Material is Protected Material, which confidentiality designation is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

47.    <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the District of New Jersey is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of New Jersey.

48.    <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of New Jersey, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of New Jersey, or the Court's own orders.

49.    <u>Re-productions</u>.  Notwithstanding any provisions to the contrary, documents that are re-produced in whole or in part from the production files from another investigation, litigation, arbitration, or other matter may be re-produced in the same manner and form as originally produced in the other matter, including with all confidentiality and privilege designations and redactions made in the other matter.

**P.    The Privacy Act**

50.    This Order, and any subsequent order of this Court governing the United States' production of any document, information, data, communications, transcript of testimony, or other materials in this Action, constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a (b) (11).

**Q.**     **Procedures Upon Termination of This Action**

51.     The obligations imposed by this Order will survive the termination of this Action unless a Producing Party agrees otherwise in writing or the Court orders otherwise.  The Court will retain jurisdiction to resolve any disputes arising out of this Order after termination of this Action.

52.     Except as otherwise provided in this Order, within ninety (90) calendar days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received Protected Material must make a good-faith effort to (a) return that Protected Material and all copies that have not otherwise been made public to the Protected Person (or the Protected Person's counsel, if represented by counsel) that produced it or (b) destroy or delete all such Protected Material, unless it may be retained pursuant to this Order Paragraphs 53 and 54.  All Protected Material returned to the Parties or their counsel by the Court also must be disposed of in accordance with this Order.

53.     Outside Counsel for the Parties will be entitled to retain court papers; deposition, hearing, and trial transcripts; deposition and trial exhibits; and work product, provided that the Parties and their counsel do not disclose the portions of those materials containing Protected Material except pursuant to court order or an agreement with the Protected Person that produced the Protected Material or as otherwise permitted by this Order.

54.     Expert witnesses for the Parties will be entitled to retain their own expert reports, their own deposition and trial transcripts and exhibits, and their own work product, provided such expert witnesses have executed Appendix A to this Order and do not disclose the portions of those materials containing Protected Material except pursuant to a court order or with the consent of the Protected Person that produced the Protected Material or as otherwise permitted herein.

55.    Within ninety (90) days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received Protected Material must certify compliance with Paragraph 52 of this Order in writing to the Party or Protected Person that produced the Protected Material.

**AGREED TO:**

Dated: [DATE]

|  |  |
|---|---|
|  | *s/ DRAFT* |
| Cynthia E. Richman (*pro hac vice*) | Liza M. Walsh |
| GIBSON, DUNN & CRUTCHER LLP | Douglas E. Arpert |
| 1700 M Street, N.W. | WALSH PIZZI O'REILLY FALANGA LLP |
| Washington, DC 20036-4504 | Three Gateway Center |
| (202) 955-8234 | 100 Mulberry Street, 15th Floor |
| crichman@gibsondunn.com | Newark, NJ 07102 |
|  | (973) 757-1100 |
|  | lwalsh@walsh.law |
|  | darpert@walsh.law |
|  |  |
| Daniel G. Swanson (*pro hac vice*) | Julian W. Kleinbrodt (*pro hac vice*) |
| GIBSON, DUNN & CRUTCHER LLP | GIBSON, DUNN & CRUTCHER LLP |
| 333 South Grand Avenue | One Embarcadero Center, Suite 2600 |
| Los Angeles, CA 90071 | San Francisco, CA 94111-3715 |
| (213) 229-7000 | (415) 393-8200 |
| dswanson@gibsondunn.com | jkleinbrodt@gibsondunn.com |
|  |  |
| Devora W. Allon (*pro hac vice*) | Craig Primis (*pro hac vice*) |
| Alexia Brancato (*pro hac vice*) | Winn Allen (*pro hac vice*) |
| KIRKLAND & ELLIS LLP | Mary E. Miller (*pro hac vice*) |
| 601 Lexington Avenue | Luke McGuire (*pro hac vice*) |
| New York, NY | KIRKLAND & ELLIS LLP |
| (212) 446-4800 | 1301 Pennsylvania Avenue, N.W. |
| devora.allon@kirkland.com | Washington, DC 20004 |
| alexia.brancato@kirkland.com | (202) 389-5000 |

cprimis@kirkland.com
winn.allen@kirkland.com
mary.miller@kirkland.com
luke.mcguire@kirkland.com

*Attorneys for Defendant Apple Inc.*

                                     /s/ DRAFT

| | |
|---|---|
| William Christopher Carmody | James E. Cecchi |
| Shawn J. Rabin | CARELLA BYRNE CECCHI |
| SUSMAN GODFREY LLP | BRODY & AGNELLO, PC |
| One Manhattan West, 50th Floor | 5 Becker Farm Road |
| New York, NY 10001-8602 | Roseland, NJ 07068 |
| Tel: (212) 336-8330 | Tel: 973-994-1700 |
| Email: bcarmody@susmangodfrey.com | Email: jcecchi@carellabyrne.com |
| Email: srabin@susmangodfrey.com | |
| | |
| Christopher A. Seeger | Steven W. Berman |
| SEEGER WEISS, LLP | HAGENS BERMAN SOBOL SHAPIRO, |
| 55 Challenger Road | LLP |
| Ridgefield Park, NJ 07660 | 1301 Second Avenue |
| Tel: 973-639-9100 | Suite 2000 |
| Email: cseeger@seegerweiss.com | Seattle, WA 98101 |
| | Tel: 206-623-7292 |
| | Email: steve@hbsslaw.com |
| | |
| Dena Sharp | Melinda R. Coolidge |
| GIRARD SHARP LLP | HAUSFELD LLP |
| 601 California Street, Suite 1400 | 888 16th Street, NW Suite 300 |
| San Francisco, CA 94108 | Washington, DC 20006 |
| Tel: 415-981-4800 | Tel: (202) 540-7200 |
| Email: dsharp@girardsharp.com | Email: mcoolidge@hausfeld.com |

*Co-Lead Interim Class Counsel for iPhone Direct Purchasers' Track*

Joseph J. DePalma
LITE DEPALMA GREENBERG
& AFANADOR, LLC
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: (973) 623-3000
Email: jdepalma@litedepalma.com

*Liaison Counsel for iPhone Direct
Purchasers' Track*


David C. Frederick
Aaron M. Panner
Scott K. Attaway
Ariela Migdal
Alex A. Parkinson
KELLOGG, HANSEN, TODD
FIGEL & FREDERICK, P.L.L.C.
1615 M Street NW, Suite 400
Washington, DC 20036
Tel.: (202) 326-7900

George A. Zelcs
Marc A. Wallenstein
David Walchak
KOREIN TILLERY LLC
205 N. Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel.: (312) 641-9750

Carol O'Keefe
Andrew Ellis
KOREIN TILLERY LLC
505 N. 7th Street, Suite 3600
St. Louis, MO 63101
Tel.: (314) 241-4844

Michael Critchley Sr.
CRITCHLEY, KINUM & LURIA, LLC
75 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 422-9200
Email: mcritchley@critchleylaw.com

*Trial Counsel/iPhone Direct Purchasers'
Track*

/s/ DRAFT
Steven F. Molo
Jonathan Barbee
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Tel.: (212) 607-8160

Lauren Dayton
Eric A. Posner
MOLOLAMKEN LLP
300 N. LaSalle Street
Chicago, IL 60601
Tel.: (312) 450-6700

*Co-Lead Interim Class Counsel for Apple
Watch Direct Purchasers*

Thomas R. Curtin
Kathleen N. Fennelly
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 993-8100
tcurtin@mdmc-law.com

*Liaison Counsel for the Proposed Apple
Watch Direct Purchaser Class*

*/s/ DRAFT*
Stanley O. King, Esq.
**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS, P.C.**
231 S. Broad Street
Woodbury, NJ 08096
Tel: 856.845.3001
Fax: 856.845.3079
Stanley O. King
Attorney ID No. 03413-1996

*Liaison Counsel for Indirect iPhone*
*Purchaser Plaintiffs*

| | |
|---|---|
| Michael Dell'Angelo | Heidi M. Silton |
| Candice J. Enders | Jessica N. Servais |
| **BERGER MONTAGUE PC** | Joseph C. Bourne |
| 1818 Market Street, Suite 3600 | **LOCKRIDGE GRINDAL NAUEN PLLP** |
| Philadelphia, PA 19103 | 100 Washington Avenue South, Suite 2200 |
| Tel: (215) 875-3000 | Minneapolis, MN 55401 |
| mdellangelo@bm.net | Tel: (612) 339-6900 |
| cenders@bm.net | hmsilton@locklaw.com |
| | jnservais@locklaw.com |
| | jcbourne@locklaw.com |
| | |
| Matthew S. Weiler | William G. Caldes |
| Todd M. Schneider | Jeffrey L. Spector |
| Jason H. Kim | **SPECTOR ROSEMAN & KODROFF,** |
| Mahzad K. Hite | **P.C.** |
| Raymond S. Levine | 2001 Market Street, Suite 3420 |
| **SCHNEIDER WALLACE COTTRELL** | Philadelphia, PA 19103 |
| **KONECKY LLP** | Tel: (215) 496-0300 |
| 2000 Powell Street, Suite 1400 | bcaldes@srkattorneys.com |
| Emeryville, CA 94608 | jspector@srkattorneys.com |
| Tel: (415) 421-7100 | |
| mweiler@schneiderwallace.com | |

*Co-Lead Interim Counsel for Indirect iPhone Purchaser Plaintiffs*

**APPENDIX A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE: APPLE INC. SMARTPHONE
ANTITRUST LITIGATION

*This Document Relates to:*
*ALL ACTIONS*

Case No. 2:24-md-03113 (JXN) (LDW)

## <u>AGREEMENT CONCERNING CONFIDENTIALITY</u>

I, _____, am employed by _____ as _____.

I hereby certify that:

1.      I have read the Protective Order entered in the above-captioned action, and understand its terms.

2.      I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only as explicitly permitted by the Protective Order.

3.      I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action may subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.      I submit to the jurisdiction of the United States District Court for the District of New Jersey solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____          _____
SIGNATURE                                                    DATE