**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**

STANLEY O. KING, ESQ.
Partner
sking@lawjw.com

1000 HADDONFIELD-BERLIN RD.
SUITE 203
VOORHEES, NJ 08043
Phone: (856) 845-3001
Fax: (856) 845-3079
WWW.LAWJW.COM

September 12, 2025

**By ECF**

Hon. Julien Xavier Neals, U.S.D.J.
U.S. District Court
Martin Luther King Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      **Re:** *In re: Apple Inc. Smartphone Antitrust Litigation*,
      **Civil Action No. 2:24-md-03113**

Dear Judge Neals:

  We write on behalf of the Interim Co-Lead Counsel for the Indirect iPhone Purchaser Plaintiffs ("IIPs") in the above-captioned multidistrict litigation ("MDL") to address the motion to remand filed by plaintiffs in the *Whiteside* action (No. 3:24-cv-02699, N.D. Cal.; transferred as No. 2:24-cv-09658, D.N.J.). If granted, the motion to remand the *Whiteside* action would result in a California class action brought on behalf of both direct and indirect purchasers, in direct conflict with the Court's Case Management Orders appointing separate leadership for IIPs and Direct Purchaser Plaintiffs ("DPPs").

  The Court has appointed undersigned counsel Interim Co-Lead Counsel for the IIPs, and IIPs' Corrected Consolidated Amended Complaint alleges California causes of action on behalf of California consumers. *See* ECF No. 109 at ¶¶ 327-346 (alleging violations of California's Unfair Competition Law), 347-351 (alleging violations of California common law), 281-289 (alleging unjust enrichment). Whiteside purports to represent "both direct and indirect purchasers of iPhones" for their claims under California law. *See Whiteside*, ECF No. 35-1 at 4.

  The *Whiteside* action was related to this MDL as a tag-along action on May 6, 2024. *See* MDL ECF No. 77. On November 14, 2024, Whiteside filed a motion to remand in his individual docket. *See Whiteside* ECF No. 35. Despite the fact that this Court had appointed Interim Co-Lead Counsel for IIPs nearly a month earlier on October 17, ECF No. 35, the remand motion was not

served on the IIPs, nor was it filed on the MDL master docket pursuant to this Court's Case Management Order No. 1 (ECF No. 7, "CMO"). Therefore, his motion is procedurally defective.

The pendency of the *Whiteside* action in California state court is likely to undermine the Court's leadership appointment and interfere with the Court's supervisory powers under Rule 23. The Court should accordingly consider whether it must act to preserve its jurisdiction under the All Writs Act, 28 U.S.C. § 1651, and if so, on what timeline.

## I. Whiteside Failed to Notice or Serve His Motion to Remand.

Whiteside filed his motion to remand on November 14, 2024, and did not provide timely notice of his motion on the IIPs. This Court's Case Management Order No. 1, entered July 25, 2024, requires that all motions affecting the MDL must be filed on the master docket. ECF No. 7 at ¶ 3 ("All documents shall be e-filed in the master file, 2:24-md-03113. Documents that pertain to one or only some of the pending actions shall be e-filed in the individual case(s) to which the document pertains"); *see also In re Bridgestone/Firestone, Tires Prod. Liab. Litig.*, No. 1:08-CV-5843 SEB-JMS, 2010 WL 9567341, at *1 n.1 (S.D. Ind. Jan. 14, 2010) ("All filings in this cause [*sic*] are required to be made in *both* the MDL Master Docket … and in the Individual Docket….").

Additionally, Whiteside's failure to file in the Master Docket violates Federal Rule of Civil Procedure 5 because Whiteside failed to serve all of the parties to this MDL. *See Whiteside*, ECF No. 30 at 2 (transferring Whiteside's action for "inclusion in the coordinated or consolidated pretrial proceedings" to the MDL); *Whiteside*, Docket Notation, ECF No. 31 ("This case is part of MDL 3113. Parties are expected to review and abide by all prior orders entered in this MDL, which can be found here.").

This lack of notice deprived the IIPs of the opportunity to respond and undermines the consolidation of these MDL proceedings. Whiteside's failure to comply with this Court's Order, including filing solely in his individual docket rather than the master MDL docket, warrants denial of the motion on procedural grounds alone.

Even were the Court to overlook these procedural defects, the Court should deny Whiteside's motion to remand because Whiteside has still failed to meet his "burden of establishing that such remand is warranted" by showing "good cause." *In re Ins. Brokerage Antitrust Litig.*, No. CIV. 04-5184(GEB), 2009 WL 530965, at *2 (D.N.J. Mar. 3, 2009) (internal citations and quotations omitted). At this early stage of litigation, there remains significant benefits to "coordinated proceedings as part of the MDL." *Id.* (quoting *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*, 128 F.Supp.2d 1196, 1197 (S.D. Ind. 2001)). The Court has already appointed leadership to represent every purchaser Whiteside purports to represent – California iPhone purchasers who bought directly or indirectly from Apple. The Whiteside action has been consolidated with the other IIP and direct purchaser cases assigned before the Court in this MDL. See ECF No. 7 at 1 (any tagalong action "will automatically be consolidated in the MDL without the necessity of future motions or orders"). Whiteside's interests (and those of all class members he has proposed to represent)

are presently represented by Interim Co-Lead Counsel for the IIPs and DPPs. Accordingly, there cannot be "good cause" to remand the Whiteside action to state court.

## II. The Court Should Protect Its Jurisdiction and Exercise of Rule 23 Supervisory Powers Under the All Writs Act.

The pendency of a parallel class action under California law undercuts this Court's jurisdiction, including the organization and direction of these consolidated class actions. This Court appointed separate representation for the direct and indirect purchasers. ECF No. 35 (appointing Interim Co-Lead Counsel for IIPs); ECF No. 57 (appointing interim co-lead counsel for DPPs). Whiteside's proposal to represent both direct and indirect purchasers undercuts the Court's leadership and organization of this litigation. Similarly, the prospect of duplicative California state court litigation diminishes the Court's supervisory role under Rule 23.

The All Writs Act empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). Courts have repeatedly invoked the All Writs Act to enjoin proceedings that interfere with an MDL's jurisdiction, including attempts to resolve individual claims or class action state "subclasses" in state courts. *See, e.g., In re Diet Drugs Prods. Liab. Litig.*, 282 F.3d 220, 236 (3d Cir. 2002) (preventing parallel litigation by a Texas subclass because "[t]he threat to the federal court's jurisdiction posed by parallel state actions is particularly significant where there are conditional class certifications and impending settlements in federal actions"); *In re Prudential Ins. Co. of Am. Sales Pract. Litig.*, 261 F.3d 355, 367 (3rd Cir. 2001) (affirming use of All Writs Act to restrain parties to state court proceedings from settling); *In re Managed Care Litig.*, 236 F. Supp. 2d 1336, 1341 (S.D. Fla. 2002) (enjoining parallel actions through the All Writs Act because "an MDL court entertaining complex issues has the authority to be particularly vigilant and protective of its jurisdiction"); *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 1:17-md-2800-TWT, 2023 WL 2631070 *2-3 (N.D. Ga. Mar. 22, 2023) (invoking the All Writs Act to protect MDL jurisdiction against challenges to lead counsel and coordinated proceedings); *In re Am. Online Spin-Off Accounts Litig.*, No. CV 03-697, 2005 WL 5747463, at *4 (C.D. Cal. May 9, 2005) (enjoining settlement in Illinois state action because "[a] settlement in the Illinois action diminishes this Court's ability to bring the MDL litigation to a natural conclusion").

Rule 23 provides the Court with "broad authority … to control the management of the class action to ensure the fairness and efficiency of the litigation." *In re Lipior Antitrust Litig.*, No. 312CV2389PGSDEA, 2020 WL 5739151, at *3 (D.N.J. Sept. 24, 2020); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 792 (3rd Cir. 1995) (Rule 23(d) provides "the court power to manage the class action"). The *Whiteside* motion to remand directly undermines this Court's authority and supervisory duties under Rule 23 by attempting to litigate the California claims in the IIP action separately from this MDL, and prosecute California claims on behalf of a DPP in another jurisdiction. The *Whiteside* action therefore frustrates this Court's ability to provide full relief to the IIP claims and undermines the efficiency and uniformity of the MDL.

The *Whiteside* remand motion undercuts this Court's jurisdiction because it implicitly challenges this Court's Orders appointing leadership for IIPs and DPPs. *See* ECF Nos. 34, 57

(appointing interim co-lead counsel). Whiteside did not file for leadership in the MDL, nor did he oppose either of Interim Co-Lead Counsel for the IIPs or DPPs' leadership applications. Instead, Whiteside filed his motion to remand nearly a month *after* IIP leadership was appointed. This attempt to concurrently litigate the same claims on behalf of a California class in state court undermines this Court's ruling on leadership; interferes with Interim Co-Lead Counsel's ability to effectively represent a large segment of the putative class; jeopardizes the efficacy of the Court's supervisory role under Rule 23; and prevents the Court from providing full relief to both the IIP and DPP classes. The Court should reject remand of the *Whiteside* action to preserve its jurisdiction under the All Writs Act.

The Court has reason to be concerned about the prospect that Whiteside be allowed to proceed with parallel litigation in state court on behalf of California consumers. To avoid federal jurisdiction, Whiteside has disclaimed reliance on Section 2 of the Sherman Act, 15 U.S.C. § 2. *See Whiteside*, ECF No. 35-1 at 20 ("establishing a violation of the Sherman Act is not vital to Plaintiff's unfair UCL claim"). Section 2 is central to plaintiffs' theory of liability here and the focus of the Court's ruling denying Apple's motion to dismiss the United States and states' complaints. *See United States v. Apple, Inc.*, 2025 WL 1829127, at *5-17 (D. N.J. June 30, 2025) (denying motion to dismiss Section 2 claims). To allow Whiteside to proceed with hobbled California claims in separate proceedings risks inconsistent results and does not adequately serve the California class Whiteside seeks to represent.

Worse, Whiteside purports to represent both direct and indirect purchasers. This is an inherently untenable prospect. *See In re FICO Antitrust Litig.*, No. 1:20-CV-02114, 2021 WL 4478042, at *4 (N.D. Ill. Sept. 30, 2021) ("In any antitrust case, an indirect purchaser and a direct purchaser are trying to prove different things, which might or might not put them at odds."); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262 NRB, 2011 WL 5007957, at *3 (S.D.N.Y. Oct. 18, 2011) ("A far more commonsense approach is to divide plaintiffs into two putative classes and appoint interim lead counsel for each class. There is ample precedent for this approach at the pre-certification stage. In fact, the framework has been adopted specifically in the context of antitrust cases in which there are two distinct groups of plaintiffs, one of whom more 'directly' interacted with the defendants than the other."); *In re Lipitor Antitrust Litig.*, No. 312CV2389PGSDEA, 2020 WL 5739151, at *1 (D.N.J. Sept. 20, 2020) ("CMO-1 addressed separately the Direct Purchasers' Class action and the End-Payors' Class Action.").

Should it be necessary, Interim Co-Lead Counsel will seek relief under the All Writs Act at the appropriate time.

As Whiteside's motion is procedurally defective, and there is no good cause therefore, Interim Co-Lead Counsel respectfully request the Court deny the *Whiteside* motion to remand. Additionally, should it be necessary, Interim Co-Lead Counsel will seek appropriate affirmative relief under the All Writs Act.

                                            Very truly yours,

                                            /s/ Stanley O. King
                                            Stanley O. King, Esq.
                                            **JAVERBAUM WURGAFT HICKS**
                                            **KAHN WIKSTROM & SININS, P.C.**
                                            231 S. Broad Street
                                            Woodbury, NJ 08096
                                            Tel: 856.845.3001
                                            Fax: 856.845.3079
                                            Stanley O. King
                                            Attorney ID No. 03413-1996

                                            *Liaison Counsel for Indirect iPhone Purchaser Plaintiffs*

| | |
|---|---|
| Michael Dell'Angelo | Heidi M. Silton |
| Candice J. Enders | Jessica N. Servais |
| **BERGER MONTAGUE PC** | Joseph C. Bourne |
| 1818 Market Street, Suite 3600 | **LOCKRIDGE GRINDAL NAUEN PLLP** |
| Philadelphia, PA 19103 | 100 Washington Avenue South, Suite 2200 |
| Tel: (215) 875-3000 | Minneapolis, MN 55401 |
| mdellangelo@bm.net | Tel: (612) 339-6900 |
| cenders@bm.net | hmsilton@locklaw.com |
| | jnservais@locklaw.com |
| | jcbourne@locklaw.com |
| | |
| Matthew S. Weiler | William G. Caldes |
| Todd M. Schneider | Jeffrey L. Spector |
| **SCHNEIDER WALLACE COTTRELL KONECKY LLP** | **SPECTOR ROSEMAN & KODROFF, P.C.** |
| 2000 Powell Street, Suite 1400 | 2001 Market Street, Suite 3420 |
| Emeryville, CA 94608 | Philadelphia, PA 19103 |
| Tel: (415) 421-7100 | Tel: (215) 496-0300 |
| mweiler@schneiderwallace.com | bcaldes@srkattorneys.com |
| | jspector@srkattorneys.com |

                    *Co-Lead Interim Counsel for Indirect iPhone Purchaser Plaintiffs*

cc: Counsel of Record