

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

September 29, 2025

**VIA ECF**

Honorable Julien Xavier Neals, U.S.D.J.
United States District Court
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

Re:   *In re: Apple Inc. Smartphone Antitrust Litigation*
      **Civil Action No. 2:24-md-03113-JXN-LDW (MDL 3113)**

Dear Judge Neals:

      This firm, together with Gibson, Dunn & Crutcher LLP, represents Defendant Apple Inc. ("Apple") in the above-referenced multidistrict litigation. We write regarding Apple's forthcoming motion to dismiss.

      As Your Honor is aware, the Court agreed to the parties' proposed briefing structure for Apple's upcoming motion to dismiss as set forth in the parties' September 5, 2025 joint agenda letter (ECF 100). Pursuant to that agreement and for the Court's convenience, Apple will file one consolidated, 90-page brief in support of its motion to dismiss all three consolidated amended class action complaints, rather than three briefs totaling 120 pages.

      The Parties jointly request that the Court order the motion to dismiss briefing schedule submitted in the Parties' joint agenda for the September 16, 2025 case management conference. *See* ECF 100 at 2. Under that schedule and as discussed during the September 16, 2025 conference, Apple's motion to dismiss will be filed by October 6, 2025, Plaintiffs' opposition brief(s) will be filed by November 20, 2025, and Apple's reply brief in support of its motion to dismiss will be filed by December 19, 2025. *Id.*

      Separately, in light of the numerous state laws at play in this litigation, Apple plans to include certain appendices in support of its motion to dismiss. These appendices will not contain argument or exposition. Apple submits that organized appendices of relevant caselaw from these states will streamline the presentation of issues for the Court and avoids the need for Apple's brief to contain numerous, multi-state string citations or footnotes for each point of law. Such appendices have proven helpful in other similar litigations. *See, e.g.*, *In re Valsartan Losartan and Irbesartan Prod. Liability Litig.*, No. 19-md-02875, MDL 2875 (D.N.J.), ECF 522-2 & 577-1 (appendices of state law charts submitted by both plaintiffs and defendants alongside motion to dismiss briefing); *MSP Recovery Claims, Series, LLC et al. v. Sanofi Aventis U.S. LLC*, No. 18-

Honorable Julien Xavier Neals, U.S.D.J.
September 29, 2025
Page 2

cv-02211 (D.N.J.), ECF 443 (letter order granting defendants' request to file appendices of state law charts).

      Therefore, Apple respectfully submits that its consolidated brief will not exceed 90 pages in 14-point proportional font, *exclusive of these appendices*. Apple likewise maintains that the page limit on Plaintiffs' opposition(s) is exclusive of any similar appendices they may wish to file in response. The Indirect Purchaser Plaintiffs (to whose claims the proposed appendices relate) consent to this request.

      If the clarification regarding appendices and the Parties' joint briefing schedule meets with Your Honor's approval, we respectfully request that Your Honor "So Order" this letter and enter it on the docket. Thank you for Your Honor's attention to this matter, and we are available should you have any questions.

                                              Respectfully submitted,

                                              *s/Liza M. Walsh*

                                              Liza M. Walsh

cc:    All Counsel of Record (via ECF)


SO ORDERED this \_\_\_\_, day of _____, 2025

_____
Honorable Julien X. Neals, U.S.D.J.