**WALSH PIZZI O'REILLY FALANGA**

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

October 30, 2025

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

Re:   *In re Apple Inc. Smartphone Antitrust Litigation*, No. 2:24-md-03113-JXN-LDW

Dear Judge Wettre:

The parties in the above-referenced matter respectfully submit the Joint Discovery Plan (attached as Exhibit A) and the Joint [Proposed] Scheduling and Case Management Order ("CMO" attached as Exhibit B). The parties have met and conferred numerous times about the CMO and have exchanged multiple drafts and emails concerning the same. Although the parties have reached agreement on most issues, they remain at an impasse over a few matters, as outlined below and separately delineated in the CMO.

**I. Fact Discovery**

1. **Interrogatories**. The parties disagree over the number of non-contention interrogatories that should be permitted.

   a. **Plaintiffs' Position**: In even the smallest, simplest cases, the Federal Rules presumptively entitle parties to 25 interrogatories each. Though their cases are large and complex, Plaintiffs are willing to compromise and accept fewer total interrogatories than the Rules would otherwise provide in order to resolve this issue and move forward. Plaintiffs are willing to agree to the following framework for non-contention interrogatories:

      *Non-Contention Interrogatories*: Plaintiffs may serve 50 non-contention interrogatories on Apple—divided among the Plaintiffs at their discretion[1]—and may seek more for good cause. Apple may serve no more than 35 collective non-contention interrogatories—divided at Apple's discretion—plus 5 additional non-contention interrogatories to each named Plaintiff, and may seek more for good cause. Plaintiffs will respond individually only if they have particularized information to provide in

---

[1] To the extent multiple plaintiff groups jointly propound an interrogatory, that shall count as a single interrogatory against the 50-interrogatory total.

> response. Apple will limit the scope of an interrogatory served on any named Plaintiff to subject matter that is specific to that Plaintiff, such that Apple has a reasonable belief that the Plaintiff has unique knowledge on the topic that no other Plaintiff would have, and the topic of inquiry is specific to the served Plaintiff.

Apple's position is unreasonable. Apple does not appear to disagree that the nature of this action warrants a significant number of interrogatories. Instead, it seeks a lower number for Plaintiffs in the MDL because it assumes that Plaintiffs will substantially benefit from the Government's interrogatories. That, however, is not guaranteed. For example, if the Government settles or drops the case before Apple provides responses, Plaintiffs will not benefit at all. It is therefore risky to premise MDL Action decisions like this one on a Government Action feature that could disappear. Additionally, Apple suggests that the Plaintiffs will benefit from its answers to "up to 130" Government interrogatories, but the reality is that 105 of those are dedicated to state-plaintiffs and their unique issues, and that Apple may not have to answer them at all, since it negotiated a right to challenge them on the basis of "necessity."

Apple also overstates the degree to which Plaintiffs' allegations overlap—indeed, the very quote Apple cites for this purpose refers to supposedly shared "core allegations" that, in reality, are not asserted at all by the Watch Plaintiffs. The reality is that there are substantial differences between the Plaintiffs' allegations—particularly between the Phone and Watch Plaintiffs. Apple's argument that Plaintiffs can reduce the number of interrogatories if they "coordinate their requests appropriately" is misplaced for the same reason. Because Plaintiffs have distinct allegations, case-specific interrogatories will be necessary regardless of how successfully Plaintiffs coordinate (which Plaintiffs intend to do).

Lastly, the risk of providing too few interrogatories is more dangerous than providing too many. The Federal Rules provide grounds for Apple to refuse to respond where, for example, the interrogatories are too burdensome, cumulative, or irrelevant. The risk of allowing for too few interrogatories, on the other hand, is harder to remedy and more likely to cause delay.

b. **Apple's Position**: Apple proposes a balanced framework for interrogatories in this Action—setting reasonable caps on non-contention interrogatories in light of overlapping allegations and coordinated discovery with the Government Action[2]—while preserving Plaintiffs' (and Apple's) ability to seek additional interrogatories for good cause. Plaintiffs' proposal, in contrast, effectively disregards coordination between this Action and the Government Action—and, instead of adopting reasonable limits on interrogatories as the Federal Rules dictate, proposes that Apple should have the burden of asking the Court to intercede when Plaintiffs serve excessive interrogatories. Plaintiffs' proposal is far from the "very rational[] and

---

[2] *United States v. Apple Inc.*, No. 2:24-cv-04055 (D.N.J.).

practical[]" coordination the Court called for.  July 17, 2024 Premotion Conference Tr., Government Action, ECF 80, 38:18-23.

Apple proposes that Plaintiffs may serve up to 25 non-contention interrogatories to be divided among the plaintiff groups at their discretion.  Apple proposes that it may serve up to 25 non-contention interrogatories on Plaintiffs collectively and up to an additional 5 non-contention interrogatories on each named plaintiff—the same number it is permitted in the Government Action, and less than what is proposed by Plaintiffs here.

Apple's approach to interrogatories is reasonable.  In addition to the 25 non-contention interrogatories Apple proposes Plaintiffs should be entitled to serve here, Plaintiffs will also receive, and benefit from, Apple's responses to the interrogatories—up to 130—the Government Plaintiffs are entitled to serve on Apple in the Government Action, many of which will likely overlap with issues in the MDL.  And Apple has proposed that, in the event that the Government Action resolves before the conclusion of fact discovery in this Action, the parties meet and confer to determine how to revise limits on interrogatories to make up for that change in circumstance.

Moreover, many of Plaintiffs' allegations overlap with one another.  Brief in Support of Transfer to and Consolidation in the District of New Jersey, *In re Apple Inc. Smartphone Antitrust Litig.*, MDL No. 3113 (J.P.M.L. Apr. 26, 2024), ECF 40 ("Each Related Action shares the same core allegations that Defendant used its monopoly power to harm competition in the relevant markets and [allegedly] caused consumers to pay supracompetitive prices for iPhones.").  Plaintiffs cannot disclaim the substantial factual overlap between the allegations of the iPhone and Watch Plaintiffs.  The Judicial Panel on Multidistrict Litigation has already rejected the Watch Plaintiff's insistence that his case has only "minimal overlap" with the iPhone Plaintiffs' as "not persuasive"—and held that all MDL Plaintiffs' claims "will involve substantial factual overlap and common discovery."  *See* Transfer Order, *In re: Apple Inc. Smartphone Antitrust Litigation*, MDL No. 3113, ECF 116 (J.P.M.L. June 7, 2024).  (Notably, the iPhone Plaintiffs did not object to the Watch Plaintiff's inclusion in the MDL.)

For the reasons described by the JPML, many interrogatories Plaintiffs serve on Apple will likely elicit responses from Apple that are useful to multiple—or all—plaintiff groups.  Apple's proposal ensures Plaintiffs will benefit from a large volume of written discovery, especially if the plaintiff groups coordinate their requests appropriately, while limiting the burden on Apple (though Apple reserves the right to object to individual interrogatories on the grounds they are unduly burdensome).  In any case, Plaintiffs can of course ask Apple's consent or move the Court for permission to serve additional interrogatories if good cause arises in the future.

Honorable Leda Dunn Wettre, U.S.M.J.
October 30, 2025
Page 4

2. **Requests for Admission**:

    a. **Plaintiffs' Position**: The Court should not place a numerical limit on requests for admission. The Federal Rules do not provide for such a limit and doing so in this case would be arbitrary and potentially prejudicial. If in the future Apple believes that a request for admission is inappropriate, Rule 26(b)(1), 26(b)(2)(c), and 26(c)(1) provide grounds to refuse to answer.

        Additionally, what Apple calls "consistency" is actually inconsistent and arbitrary. The Government Action is a single action with one plaintiff group. The MDL Action contains three actions and three plaintiff groups. For the Court to be consistent, it would have to order 30 requests for admission *per plaintiff group*—three times as many as what Apple is proposing. In any event, choosing 30 for the sake of symmetry is arbitrary—there is no efficiency to be gained in such symmetry.

    b. **Apple's Position**: In the Government Action, the Court set a limit of 30 Requests for Admission for each side. *See* Government Action, ECF 270. To promote consistency between the discovery parameters between this Action and the Government Action, Apple proposes that the Court set the same limit here for both Plaintiffs and Apple.

3. **Depositions**. The parties request deferring presenting proposals on the number of depositions and other deposition protocols to allow further time to meet and confer, including potentially with the plaintiffs in the Government Action. The parties agree to meet and confer and submit a proposed Case Management Order regarding deposition limits and procedure.

## II. Case Schedule

1. **Case Schedule**[3]

    a. **Plaintiffs' Position**: Plaintiffs' proposed schedule is efficient, streamlined, and non-prejudicial. *First*, it provides that all expert work will occur in one round after fact discovery closes. That proposal avoids duplication by allowing experts to address related "class certification" issues and "merits" issues once. It also avoids delay by allowing the merits phase of the case to commence immediately after fact discovery concludes (under Apple's proposal, years will pass before the merits phase of the case begins). *Second*, Plaintiffs' proposed schedule provides that class-certification and *Daubert* motion work will occur in one round immediately after expert discovery closes. Again, that proposal avoids duplication and promotes judicial economy by allowing the parties one opportunity to challenge each expert's opinions, whether those opinions are best characterized as "class certification"

---

[3] For the Court's convenience, a table containing the dates of the parties' competing schedule proposals is attached to the end of this letter as an appendix.

Honorable Leda Dunn Wettre, U.S.M.J.
October 30, 2025
Page 5

opinions or "merits" opinions (or both). It also avoids delay by allowing the parties and the Court to deal with class-certification and *Daubert* motions at the same time, all before the end of 2027. By that point, the parties will have a fulsome understanding of the strengths and weaknesses of their positions, which understanding will aid in driving resolution. The parties will also be in a position to proceed with summary judgment and other pretrial motions and move this matter toward trial.[4]

Apple's proposed schedule, on the other hand, is inefficient, will intractably delay this litigation, and is facially prejudicial to Plaintiffs. In fact, Apple's scheduling "proposal" is that the Court defer scheduling *any* merits proceedings until after class certification, and Apple refuses to propose any deadlines for when that occurs (*e.g.*, 30 days, 60 days, 120 days after the Court's decision). That proposal guarantees delay and runs counter to Rule 1's mandate that litigation foster the "just, speedy, and inexpensive determination of every action." Fed R. Civ. P. 1. At best, Apple's proposal will guarantee that this case is not trial ready until 2029, assuming the Court rules and merits proceedings commence immediately after Apple's proposed deadline for Plaintiffs' class-certification reply (August 2027). At worst, Apple's proposal will delay merits proceedings and trial indefinitely.

Apple's original position was that the Court should postpone any merits discovery until a final judgment in the government action (and not just beyond an order on class certification), which will ensure even more delay. When asked if Apple was disclaiming that position in its most-recent submission, Apple's counsel's response was that "Apple takes no position regarding what it would propose."

According to Apple, the parties' scheduling dispute distills to the following three questions: (1) Should merits expert discovery be deferred until after the Court rules on class certification? (2) Should class-certification expert discovery be conducted at the same time the parties brief class-certification motions? (3) Should expert

---

[4] Phone Plaintiffs (i.e., the Direct iPhone Purchaser plaintiffs and Indirect Phone Purchaser plaintiffs) and Watch Plaintiffs (i.e., the Direct Apple Watch Purchaser plaintiffs) are in complete accord as to the case schedule's order of events and, with two exceptions, the amount of time between those events. The first exception is the amount of time between the close of fact discovery and the deadline to serve opening expert reports. Phone Plaintiffs prefer less time between those events, believing that the amount of time they propose will be sufficient absent intervening events, and that extensions can be requested if necessary. Watch Plaintiffs prefer more time between those events, believing that more time is necessary for what will be complex and simultaneous expert work that (for Watch Plaintiffs) will not benefit as much from the Government's case development, and that delays (e.g., discovery disputes and government shutdowns) are sufficiently likely to merit adding time to the schedule now. The second exception is the amount of time between rebuttal and reply expert reports. Phone Plaintiffs believe they will only need four weeks to reply to Apple's expert reports. Watch Plaintiffs believe they will need the same amount of time to reply to Apple's experts as Apple has to respond to theirs—i.e., six weeks.

5

discovery in the MDL be deferred until after merits expert discovery in the Government Action has concluded? Plaintiffs address each question in turn and explain why the answer to all three should be "no."

*1. "Class Certification" Expert Discovery and "Merits" Expert Discovery Should Occur at the Same Time*

Apple urges the Court to adopt a schedule with two rounds of expert discovery: one on "class certification" issues and another on "merits" issues. Apple insists that two rounds of expert reports and two rounds of *Daubert* briefing will "conserve[] judicial resources and avoid[] unnecessary costs," but that is incorrect.

Bifurcating expert discovery will waste judicial resources and force the parties to incur unnecessary costs given the relationship between the issues that will be relevant to class certification and the issues that will be relevant to the merits of the case. In their reports, Plaintiffs' experts will address whether Plaintiffs' claims or one or more of their constituent elements are capable of proof on a classwide basis. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). The reports will also provide that classwide proof. The latter is not a requirement for class-certification, but it often can overlap with the class-certification question. The Supreme Court recognized that overlap in *Comcast Corp. v. Behrend*, 569 U.S. 27, 33–34 (2013), explaining that the certification "analysis will frequently entail overlap with the merits of the plaintiff's underlying claim." District courts across the country have recognized the attendant benefits to ordering schedules with one round of expert discovery for both "class certification" issues and "merits" issues.[5] As one court explained in refusing to bifurcate expert discovery:

> In this case, there will likely be substantial overlap between the issues underlying the propriety of certification and those underlying the merits of the current Plaintiffs' claims. It would be artificial to

---

[5] *See, e.g.*, *Uriel Pharm. Health & Welfare Plan v. Advocate Aurora Health, Inc.*, No. 22-cv-610 (E.D. Wisc. Aug. 16, 2023), ECF No. 41; *Team Schierl Cos. v. Aspirus, Inc.*, No. 22-cv-00580 (W.D. Wisc. Feb. 24, 2023), ECF No. 35; *In re: Google Digital Advertising Antitrust Litig.*, 21-md-3010 (S.D.N.Y. Nov. 21, 2022), ECF No. 394; *Carbone v. Brown Univ.*, No. 22-cv-00125 (N.D. Ill. Sept. 8, 2022), ECF No. 195; *In re: Geisinger Health & Evangelical Community Hosp. Healthcare Workers Antitrust Litig.*, No. 4:21-cv-00196 (M.D. Pa. Feb. 7, 2022), ECF No. 80; *Simon & Simon P.C. v. Align Tech., Inc.*, No. 3:20-cv-03754 (N.D. Cal. May 13, 2021), ECF No. 106; *Fusion Elite All Stars v. Varsity Brands, LLC*, No. 20-cv-2600 (W.D. Tenn. Oct. 15, 2020), ECF No. 61; *In re: Broiler Chicken Grower Antitrust Litig.*, No. 6:17-cv-00033 (E.D. Okla. Apr. 13, 2020), ECF No. 312; *In re Lipitor Antitrust Litig.*, No. 3:12-cv-02389 (D.N.J. Oct. 1, 2019), ECF No. 899; *In re: Niaspan Antitrust Litig.*, No. 13-MD-2460 (E.D. Pa. Nov. 16, 2018), ECF No. 570; *In re Dental Supplies Antitrust Litig.*, No. 16-cv-696 (E.D.N.Y. 2018), ECF No. 570; *In re: Domestic Airline Travel Antitrust Litig.*, MDL No. 2656, 14-MC-01404 (D.D.C. Jan. 30, 2017), ECF No. 152; *Le v. Zuffa, LLC*, No. 2-15-cv-01045 (D. Nev. Oct. 14, 2016), ECF No. 311.

divorce the two for purposes of discovery, so splitting them up would waste more time than gained and would likely lead to disputes over the proper classification of discovery (which in turn would lead to more delay). Yes, if certification is denied, then the merits expert discovery would possibly go to waste (the Plaintiffs insist they would pursue the case even without certification). But waiting many, many months to start merits expert discovery 100% guarantees delay if certification is granted. So discovery (including expert discovery) shall cover both certification and the merits of the current Plaintiffs' claims.

*Sky Federal Credit Union v. Fair Isaac Corp.*, No. 20-cv-2114 (N.D. Ill. Oct. 17, 2023), ECF No. 180. The same reasoning applies to Apple's request for a bifurcated schedule. This Court should reject that request and enter a schedule with one round of expert discovery to avoid the waste of time and resources that a bifurcated approach "100% guarantees."

Apple responds that "Plaintiffs' counsel themselves have agreed" to bifurcating expert discovery "in prior complex litigation, including antitrust litigation brought against Apple." The Court should not give that argument any weight, as Plaintiffs' counsel have also requested and obtained schedules that consolidate class-certification expert discovery and merits expert discovery in prior complex antitrust cases.[6] Based on their experience with both types of schedules, Plaintiffs' counsel believe one round of expert discovery is the most prudent course for this case.

Apple also responds with the assertion that "[t]he result of class certification will significantly shape the scope of merits expert discovery." The accurate version of that statement is that "class certification *might* shape the scope of merits expert discovery" *if* the Court does not certify one or more of the three classes. That possibility *might* render *some* merits expert work unnecessary, but it would not require any "re-dos" of expert discovery. The risk of some expert work ultimately being unnecessary is outweighed by the definite duplication that will occur if the Court enters Apple's proposed bifurcated schedule. The Court should adopt the Plaintiffs' proposed schedule instead.

2. *Class Certification Expert Discovery Should Occur Before Class Certification Briefing*

---

[6] *See, e.g.*, *In re: Google Digital Advertising Antitrust Litig.*, 21-md-3010 (S.D.N.Y. Nov. 21, 2022), ECF No. 394; *In re: Broiler Chicken Grower Antitrust Litig.*, No. 6:17-cv-00033 (E.D. Okla. Apr. 13, 2020), ECF No. 312; *In re Dental Supplies Antitrust Litig.*, No. 16-cv-696 (E.D.N.Y. 2018), ECF No. 570; *In re: Domestic Airline Travel Antitrust Litig.*, MDL No. 2656, 14-MC-01404 (D.D.C. Jan. 30, 2017), ECF No. 152.

Honorable Leda Dunn Wettre, U.S.M.J.
October 30, 2025
Page 8

Apple argues that class-certification expert discovery should occur simultaneously with class certification briefing. According to Apple, the parties' experienced experts will draft "sprawling, theoretical reports divorced from the issues"—and the parties' experienced attorneys will be incapable of conducting "targeted depositions," "efficient *Daubert* motion practice," and a "coherent presentation for the Court"—without simultaneous class-certification briefing.

The Court should disregard that far-fetched speculation. Plaintiffs' counsel—all experienced in antitrust class actions—are capable of addressing Rule 23 issues in expert reports and depositions even if those events precede the filing of class-certification motions. Apple's unfounded concerns are also outweighed by the certain inefficiencies that will result if the Court enters a schedule requiring two rounds of expert reports, two rounds of *Daubert* motions, and two rounds of expert depositions. The Court should give no weight to Apple's representation that its proposed approach is "ubiquitous." Plaintiffs have identified numerous authorities adopting their proposal, *supra* at 6 n.5, and they have explained why that ubiquitous approach better promotes the "just, speedy, and inexpensive determination" of this action, as well as judicial economy. *See* Fed R. Civ. P. 1.

3. *There Is No Need to Delay Merits Expert Discovery in the MDL Until After Merits Expert Discovery in the Government Action*

Apple asks the Court to indefinitely[7] delay merits expert discovery in the MDL until after merits expert discovery in the government action. Apple argues that without that delay, it will suffer the "unnecessary burden" of conducting expert discovery in both actions simultaneously, and there will be a risk of "unnecessary duplication" between the expert discovery in both actions.

Neither concern justifies the indefinite delay that Apple proposes. First, Apple's attorneys are capable of conducting expert discovery in two actions at once, especially when two different law firms are lead counsel in each case. Second, there will be duplication between expert discovery in the government action and expert discovery in the MDL no matter when they occur. The private plaintiffs do not intend to use the same experts as the government plaintiffs, so they will need to serve their own expert reports, which will be subject to their own *Daubert* challenges, even if those reports disclose overlapping opinions. Finally, Apple's contention that its proposal to defer expert discovery in the MDL until expert discovery in the Government Action has concluded "aligns" with Watch Plaintiffs' proposal is misleading. The Watch Plaintiffs' proposed beginning of merits expert discovery in the MDL is based on the time they believe will be necessary to prepare expert reports, and not any desire to tie their proposed schedule to the expert discovery schedule in the Government Action. By way of example, if the close of

---

[7] There is no guarantee when expert discovery will end (or begin) in the government action, as demonstrated by the government shutdown.

expert discovery in the Government Action is delayed—e.g., due to a government shutdown—Watch Plaintiffs' proposed schedule would not change, but Apple's proposed schedule would shift the entire MDL back. Accordingly, the overlapping Feb. 5, 2027 date is better described as "coincidence" than "align[ment]."

\* \* \*

Setting aside the fundamental structural problems with Apple's proposed schedule, it also includes many features that will unreasonably prolong the proceedings and prejudice Plaintiffs. Those include:

- An unnecessarily long period of 120 days for class certification oppositions.

- No allowance for class certification reply expert reports, even though class certification is an issue on which Plaintiffs' have the burden of proof.[8]

- No allowance for class certification *Daubert* motions filed by Plaintiffs to exclude Apple's experts.

- Reply motions on class certification *Daubert* motions unnecessary extend the class certification schedule. In any event, 45 days for Apple to file class certification *Daubert* replies is an unreasonable and unnecessarily long amount of time.

- As for the merits phase, Apple's proposal excludes merits expert reports, which will prejudice Plaintiffs as they are the ones with the ultimate burden of proof and therefore should be able to respond to Apple's experts.

- 75 days between the close of expert reports and the close of expert discovery is too long. The parties should be able to complete expert discovery promptly after final expert report exchange.

- Similarly, 75 days between the close of expert discovery and *Daubert* and summary judgment motions is too long. The issues on which the parties are

---

[8] Apple argues that "Plaintiffs are not entitled to two sets of expert reports in support of class certification" and that it would therefore be "unfair" to permit expert replies. But expert replies only support *original* reports via rebuttal, and are circumscribed within their scope. They are not, therefore, a second set of expert reports in the way Apple means to evoke. Moreover, they can be tremendously helpful to the Court, and for that reason are commonly allowed. *See, e.g.*, *In re Lipitor Antitrust Litig.*, 12-cv-2389, Dkt. 1209 (D.N.J. Apr. 14, 2023) (Reversing magistrate judge's denial of Plaintiffs' request to file a class certification reply expert report because "in [the judge's] role to decide upcoming motions for summary judgment and class certification, a firm grasp of all the facts is necessary in rendering a fair decision."); *In re: Libor-Based Financial Instruments Antitrust Litigation*, 11-md-2262, Dkt. 3414 (S.D.N.Y Jun. 16, 2022) (entering scheduling order with class certification expert reply reports); *In re: Lincoln National 2017 COI Rate Litigation*, 17-cv-4150, Dkt. 34 (E.D. Pa. Oct. 5, 2018) (same).

> likely to move for exclusion or summary judgment should be largely known shortly after the final exchange of expert reports. A more appropriate interval is 14 days.
>
> - Overall, 140 days between the final expert report exchange and *Dauberts* and summary judgment motions is unreasonable and unnecessarily delays the proceedings.
>
> The Court should enter Plaintiffs' proposed schedule.

b. **Apple's Position**: The parties' scheduling dispute distills to three questions: (1) Should merits expert discovery be deferred until after the Court rules on class certification?; (2) Should class certification expert discovery be conducted at the same time the parties brief class certification motions?; (3) Should expert discovery in the MDL be deferred until after merits expert discovery in the Government Action has concluded? Common sense dictates that the answer should be "yes" to all three questions, as Apple's proposal reflects. (And on the third question, Watch Plaintiff's proposal aligns with Apple's.)

Apple's proposal is efficient and reasonable, as it takes into account the unusual burden of briefing class certification motions for three distinct putative classes. And given both the unusual need to manage three simultaneous class certification motions and the scope of the issues in this case, certification-related expert discovery is also likely to be significant. Apple's proposed schedule appropriately allocates the time necessary for that demanding expert discovery process, including *Daubert* briefing for certification-related experts. Apple's proposal suggests the same date suggested by Watch Plaintiff to begin serving certification-related expert reports and sets the end date for class certification briefing between Plaintiffs' proposed end dates for class certification briefing. Specifically, Apple proposes that class certification briefing conclude on August 6, 2027,[9] while iPhone Plaintiffs propose class certification briefing conclude on June 11, 2027, and Watch Plaintiff proposes class certification conclude on October 29, 2027. But Plaintiffs' proposals also unreasonably demand that merits expert discovery and *Daubert* briefing for merits experts occur before resolution of class certification; that proposal, while it facially appears to shorten the case schedule, is inefficient, out of step with complex class actions (including antitrust cases) such as this one, and unduly burdensome as explained below.

*1. Merits Expert Discovery Should Occur Only After Class Certification Is Resolved*

Apple proposes that, the parties should meet and confer at a later time regarding a schedule for merits expert discovery, related *Daubert* briefing, and summary

---

[9] *Daubert* briefing with regard to expert opinions relating to class certification would be complete on November 4, 2027 under Apple's proposal.

judgment briefing.[10] Courts, including this one, often follow a similar approach.[11] Plaintiffs' counsel themselves have agreed to such schedules in prior complex litigation, including antitrust litigation brought against Apple.[12] It is appropriate to conduct merits expert discovery after class certification resolves. And there is no need now to debate the schedule for a stage of the case that will unfold well in the future. Plaintiffs' proposed schedule—which requires the preparation of expert reports on the merits before any class is certified—is not "efficient, streamlined, and non-prejudicial." That proposal is particularly unwieldy here given the presence of three distinct plaintiff groups, meaning that class certification proceedings will likely be complex and involve significant expert analysis on certification-related issues.

The result of class certification could significantly shape the scope of merits expert discovery. For instance, should the putative class of Apple Watch purchasers not be certified, there almost certainly will be no need to prepare merits reports relating

---

[10] While negotiating with Plaintiffs, Apple at one point suggested that the Court order delaying all merits expert discovery in this Action until after resolution of the Government Action. To avoid unnecessary disputes, Apple has instead proposed that the parties defer discussion of the schedule for merits expert discovery. That proposal seeks to avoid wasting the Court's time with a dispute about scheduling issues that lay far down the road—it in no way means those stages of the case would be postponed "indefinitely." Nor is it reasonable for Plaintiffs to insist that Apple decide now what it will or will not propose about merits expert discovery in the future.

[11] *See, e.g.*, Pretrial Scheduling Order, *Weinberg v. Coopergenomics, Inc.*, No. 2:24-cv-09505-MEF-LDW (D.N.J. July 30, 2025), ECF 67 (ordering schedule that left merits expert discovery and dispositive motion briefing to be determined at a later date); Scheduling Order, *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, No. 2:19-md-02904-JKS-MAH (D.N.J. May 26, 2022), ECF 345 (same); Case Management Order, *In re Insulin Pricing Litig.*, No. 2:17-cv-00699-BRM-RLS (D.N.J. Apr. 30, 2020), ECF 334 (ordering that the parties submit a schedule for merits expert reports, Rule 56 and *Daubert* motions, and trial after a decision on class certification).

[12] *See, e.g.,* Stipulation to Amend the Scheduling Order, *Wesley v. Samsung Electronics America, Inc.*, No. 2:20-cv-18629-JMV-AME (D.N.J. Dec. 29, 2021) ECF 46 (Berger Montague PC and Girard Sharp LLP requesting to file certification expert reports concurrent with class certification briefing and conducting merits expert discovery at a later time); Stipulation and [Proposed] Order Modifying Schedule, *Cameron v. Apple Inc.*, No. 4:19-cv-03074-YGR (N.D. Cal. May 27, 2020), ECF 92 (Hagens Berman Sobol Shapiro LLP requesting to file certification expert reports concurrent with class certification briefing and conducting merits expert discovery following resolution of class certification); Joint Case Management Conference Statement, *In re: MacBook Keyboard Litigation*, No. 5:18-cv-02813-EJD (N.D. Cal. Jan. 13, 2020), ECF 177 (Girard Sharp LLP requesting to file certification expert reports concurrent with class certification briefing and conducting merits expert discovery following resolution of class certification); Proposed Stipulated Deadlines, *Doe v. Mindgeek USA Inc.*, No. 8:21-cv-00338-WLH-ADS (C.D. Cal. Mar. 3, 2023), ECF 98-1 (Susman Godfrey LLP requesting that merits expert discovery begin after the conclusion of class certification briefing).

Honorable Leda Dunn Wettre, U.S.M.J.
October 30, 2025
Page 12

to the Watch Plaintiff's alleged relevant market for "iOS-connected smartwatches," ECF 86 ¶ 212, among other things. Alternatively, should the putative class of indirect iPhone purchasers not be certified, it is likely expert discovery related to those plaintiffs' state-law consumer-protection claims would be unnecessary. And even if the Court certifies all three putative classes, it could modify the proposed class definitions or otherwise provide analysis in its decision that could factor into the parties' approach to merits expert discovery. Contrary to Plaintiffs' criticism, Apple's proposed schedule is more efficient, less duplicative, and less burdensome. There are no efficiencies gained by Plaintiffs' proposal to charge ahead with *all* expert discovery before class certification briefing.

Addressing class certification prior to merits expert discovery conserves judicial resources and avoids unnecessary costs. Indeed, courts regularly sequence discovery and briefing on class certification before expert discovery on the merits.[13] After all, courts "should not inquire into the merits of the case before a motion for class certification, except insofar as is necessary to determine whether class certification is appropriate." *MacLean v. Wipro Ltd.*, 2023 WL 3742832, at *2 (D.N.J. May 31, 2023) (citing *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 317 (3d Cir. 2008)); *see also* Fed. R. Civ. P. 23(c)(1)(a) (directing that certification decisions be made "at an early practicable time."). And given the good reason to defer merits expert discovery until after class certification, it is efficient and sensible for the parties to meet and confer on a schedule merits expert discovery in the future when that stage of the case is closer.

*2. Class Certification Expert Discovery Should Occur Simultaneously With Class Certification Briefing*

---

[13] *See, e.g.*, Pretrial Scheduling Order, *Weinberg v. Coopergenomics, Inc.*, No. 2:24-cv-09505-MEF-LDW (D.N.J. July 30, 2025), ECF 67 (ordering schedule with class certification briefing and supporting expert discovery before merits expert discovery); Scheduling Order, *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, No. 2:19-md-02904-JKS-MAH (D.N.J. May 26, 2022), ECF 345 (same); Case Management Order, *In re Insulin Pricing Litig.*, No. 2:17-cv-00699-BRM-RLS (D.N.J. Apr. 30, 2020), ECF 334 (same); Revised Pretrial Scheduling Order, *In re Volkswagen Timing Chain Prod. Liab.*, No. 2:16-cv-02765-SDW-JAD (D.N.J. July 13, 2017), ECF 67 (same); Amended Scheduling Order, *In re Gerber Probiotic Sales Pracs. Litig.*, No. 2:12-cv-00835-JLL-CLW (D.N.J. Apr. 28, 2014), ECF 83 (same); Scheduling Order, *In re Suboxone Antitrust Litig.*, No. 13-md-2445 (E.D. Pa. Mar. 17, 2015), ECF 143 (same); Revised Case Management and Pretrial Order, *In re Apple iPhone Antitrust Litig.*, No. 11-cv-06714-YGR (N.D. Cal. Jan. 9, 2020), ECF 198 (same); *see also, e.g.*, *Conner v. Perdue Farms, Inc.*, 2013 WL 5977361, at *7 (D.N.J. Nov. 7, 2013) (bifurcating discovery into two phases, with the first phase limited to issues necessary to address whether class certification is appropriate and the second phase on substantive issues regarding the merits of the parties' claims and defenses); Pretrial Scheduling Order, *Sanchez v. Essex Cnty.*, No. 2:15-cv-3391-LDW (D.N.J. May 5, 2017), ECF 45 (ordering that all discovery be conducted in phases, the first of which was limited to class certification issues).

Apple proposes that, as is ubiquitous, the parties conduct class-related expert discovery simultaneously with class certification briefing.[14] Under this approach, Plaintiffs would serve opening expert reports with their motions for class certification and Apple would respond with its own expert reports—after having the opportunity to depose Plaintiffs' experts—concurrently with its oppositions to the motions for class certification and any *Daubert* motions against Plaintiffs' experts. Plaintiffs would then have the opportunity to depose Apple's experts and file any *Daubert* motions of their own against Apple's experts along with their replies in support of their motions for class certification.

This ubiquitous approach aligns the evidentiary record with the issues actually being litigated, curbs wasteful detours, and preserves momentum toward a timely decision. When expert depositions and disclosures occur in lockstep with the briefs, the parties can tailor expert analyses to the Rule 23 questions that the Court will actually decide, rather than generating sprawling, theoretical reports divorced from the issues that will actually help the Court resolve the class certification motions. This sequencing also minimizes the need for do-overs: because briefing will crystallize expert disputes, the parties can conduct targeted depositions, efficient *Daubert* motion practice tied to the class record, and a cleaner, more coherent presentation for the Court. By contrast, front-loading all expert discovery invites overbroad, duplicative work and increases the risk of scheduling drag that inflates costs and extends the path to a class ruling. Simultaneous class certification expert discovery and briefing will produce a leaner record, reduce procedural friction, and better serve the Court's need for decision-ready materials.

*3. Expert Discovery in the MDL Should Occur After Merits Expert Discovery in the Government Action has Concluded*

Like the Watch Plaintiff, Apple proposes that opening expert reports be served on

---

[14] *See, supra* n. 11 (examples of Plaintiffs' counsel requesting a schedule where expert reports in support of class certification are served and filed with class certification briefing); *see also, e.g.*, Pretrial Scheduling Order, *Weinberg v. Coopergenomics, Inc.*, No. 2:24-cv-09505-MEF-LDW (D.N.J. July 30, 2025), ECF 67 (expert reports in support of class certification served and filed with class certification briefing); Scheduling Order, *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, No. 2:19-md-02904-JKS-MAH (D.N.J. May 26, 2022), ECF 345 (same); Case Management Order, *In re Insulin Pricing Litig.*, No. 2:17-cv-00699-BRM-RLS (D.N.J. Apr. 30, 2020), ECF 334 (same); Revised Pretrial Scheduling Order, *In re Volkswagen Timing Chain Prod. Liab.*, No. 2:16-cv-02765-SDW-JAD (D.N.J. July 13, 2017), ECF 67 (same); Amended Scheduling Order, *In re Gerber Probiotic Sales Pracs. Litig.*, No. 2:12-cv-00835-JLL-CLW (D.N.J. Apr. 28, 2014), ECF 83 (same); Scheduling Order, *In re Suboxone Antitrust Litig.*, No. 13-md-2445 (E.D. Pa. Mar. 17, 2015), ECF 143 (same); Revised Case Management and Pretrial Order, *In re Apple iPhone Antitrust Litig.*, No. 11-cv-06714-YGR (N.D. Cal. Jan. 9, 2020), ECF 198 (same).

February 5, 2027.[15] This proposed date comes after expert discovery in the Government Action closes. The iPhone Plaintiffs' unduly burdensome proposal that expert discovery in this action should run concurrently with that in the Government Action makes no sense. First, it would impose unnecessary burden on Apple to conduct expert discovery in both actions simultaneously. Second, it would create a serious risk of unnecessarily duplication between the actions as the parties conduct separate expert discovery on overlapping issues. And third, it would deny all parties the benefit of using already completed expert discovery work from the Government Action to focus and improve their expert submissions in the MDL.

Finally, Plaintiffs' lengthy bulleted list of complaints regarding Apple's schedule proposal all miss the mark.

- 120 days is a reasonable amount of time for Apple to oppose Plaintiffs' motions to certify three distinct classes of plaintiffs. In that interval, in addition to drafting Apple's opposition brief(s), Apple must also depose Plaintiffs' class certification experts, prepare its responsive class certification expert reports, and likely prepare *Daubert* motions regarding some or all of Plaintiffs' class certification experts.

- Plaintiffs are not entitled to two sets of expert reports in support of class certification. Unlike at the merits stage where both sides would be submitting opening reports and therefore would be on equal footing if reply reports are permitted, at the class certification stage, only Plaintiffs submit opening reports and Apple is limited to rebuttal reports. It would be unfair if Plaintiffs get a chance to submit reply reports. Apple's approach has been followed in other MDL and class action litigation.[16]

- Local Rule 7.1(d)(3) permits the filing of a reply brief in support of the party's original motion. Plaintiffs provide no justification for requiring Apple to forgo a reply in support of any *Daubert* motion(s) other than it "extend[s] the class certification schedule." 45 days is a reasonable interval for drafting *Daubert* replies given the complexity of the issues and likelihood of multiple *Daubert* motions.

- Plaintiff's conclusory assertion that "the parties should be able to complete

---

[15] Even if Watch Plaintiff and Apple have different reasons for proposing February 5, 2027 as the start date for expert discovery, both Watch Plaintiff and Apple agree that expert discovery should not begin until February 5, 2027.

[16] *See, e.g.*, Amended Scheduling Order, *In re Gerber Probiotic Sales Pracs. Litig.*, No. 2:12-cv-00835-JLL-CLW (D.N.J. Apr. 28, 2014), ECF 83; Scheduling Order, *In re Suboxone Antitrust Litig.*, No. 13-md-2445 (E.D. Pa. Mar. 17, 2015), ECF 143; Revised Case Management and Pretrial Order, *In re Apple iPhone Antitrust Litig.*, No. 11-cv-06714-YGR (N.D. Cal. Jan. 9, 2020), ECF 198.

      expert discovery promptly after final expert report exchange," ignores that the parties will likely need time to schedule, prepare for, and take multiple expert depositions after those reports are exchanged.

- Similarly, Plaintiffs' suggestion that the parties can file *Daubert* and summary judgment motions within 14 days of the close of expert discovery is simply unworkable given the time it will take to evaluate expert depositions and incorporate them in those motions.

      Apple respectfully requests that the Court adopt its proposal.

## II. Discovery Plan

2. **Discovery on Non-Parties**

   a. **Plaintiffs' Position**: Plaintiffs have proposed a reasonable and flexible approach to third-party discovery. In particular, Plaintiffs have proposed that "[i]f a party serves a subpoena on a third party calling for the production of documents, all other parties must serve a document subpoena, if any, on the same third party within a reasonable amount of time." That proposal will minimize the burden on third parties by requiring parties to serve follow-on subpoenas "within a reasonable amount of time" under the circumstances. It also provides flexibility by not imposing a strict deadline (*e.g.*, of twenty-one days), which flexibility is needed given the anticipated volume of third-party discovery in this case. Apple opposes Plaintiffs' reasonable and flexible proposal and insists on a twenty-one-day deadline, even though there is *no* deadline for serving follow-on subpoenas under the Federal Rules. The Court should deny Apple's proposal because Apple will not suffer any prejudice if third parties are served follow-on subpoenas "within a reasonable amount of time" as opposed to twenty-one days.

   b. **Apple's Position**: Since the parties first exchanged a draft of the Joint [Proposed] Scheduling and Case Management Order on August 5, 2025, they have agreed that, after service of a document subpoena on a third-party, other parties shall have a 21-day period in which to serve further document subpoenas on that third-party. This provision matches the timing set forth in the Government Action. *See* Government Action, ECF 270. At 7:21 p.m. the day this letter was due, Plaintiffs without explanation removed that agreed-upon term and instead proposed that parties should serve successive subpoenas "within a reasonable time." That open-ended standard would introduce uncertainty on the parties and third-parties. To promote coordination and consistency between the Government and MDL cases, and to provide third-party subpoena recipients with certainty as to the scope of the obligations on them, the Court should order that "[i]f a party serves a subpoena on a third party calling for the production of documents, all other parties must serve a document subpoena, if any, on the same third party within 21 days," and that "[r]equests for reasonable extensions of the time to serve a follow-on document subpoena will not be unreasonably withheld, particularly if a party serves 8 or more

Honorable Leda Dunn Wettre, U.S.M.J.
October 30, 2025
Page 16

        subpoenas within 10 calendar days."

        Thank you as always for Your Honor's attention to this matter.

        Respectfully submitted,

        *s/ Liza M. Walsh*

        Liza M. Walsh

cc:    All Counsel of Record (via ECF)

Honorable Leda Dunn Wettre, U.S.M.J.
October 30, 2025
Page 17

### Appendix

For the Court's convenience, the following table presents the parties' competing proposals. As described in the position statements above and shown by the table, Plaintiffs propose that class and merits expert discovery be conducted and completed before briefing class certification, and Apple proposes that class expert discovery be conducted concurrently with class certification briefing and that the parties meet and confer regarding the schedule for conducting merits expert discovery and summary judgment after resolution of class certification.

| AGREED SCHEDULE PROPOSALS ||
|---|---|
| **Event** | **Deadline** |
| Initial disclosures | The parties exchanged initial disclosures on September 23, 2025. |
| Initial Productions | Apple will promptly make rolling productions to Plaintiffs' counsel in compliance with the Discovery Confidentiality Order of materials in its possession, custody, or control that have been produced in the Government Investigation, Government Action, and MDL Action, regardless of whether those materials were initially produced by Apple, the Government, or third parties. |
| Deadline to Amend Pleadings or Add Parties | 14 days after Apple's motion to dismiss under Fed. R. Civ. P. 12(b)(6) is decided |
| Substantial completion of productions responsive to requests served at least 60 days in advance of deadline | The same as the deadline applicable in the Government Action, subject to any changes to that schedule ordered by the Court to accommodate the volume and demands of discovery in the two actions |
| Earliest date to serve contention interrogatories | 30 days before the close of fact discovery unless otherwise permitted by the Court |

Honorable Leda Dunn Wettre, U.S.M.J.
October 30, 2025
Page 18

| Last day to respond to contention interrogatories | 14 days after the close of fact discovery; if a response to a contention interrogatory or portion thereof calls for expert opinions to be addressed in expert discovery, the parties may respond to that contention interrogatory or portion thereof 14 days after the close of expert discovery. | |
|---|---|---|
| **DISPUTED SCHEDULING PROPOSALS** | | |
| **[PLAINTIFFS' PROPOSAL]** <br> **(iPhone Plaintiffs' dates on left; Watch Plaintiffs' dates on right)** | | |
| Fact discovery closes | July 31, 2026 | |
| Deadlines for the exchange of expert reports | Opening[17] | September 4, 2026 | February 5, 2027 |
| | Rebuttal | October 19, 2026 | March 19, 2027 |
| | Reply | November 16, 2026 | April 30, 2027 |
| Expert discovery closes | | January 8, 2027 | June 11, 2027 |
| Deadlines to file class certification and *Daubert* motions | Opening | February 5, 2027 | July 9, 2027 |
| | Rebuttal | April 2, 2027 | September 3, 2027 |
| | Reply | June 11, 2027 | October 29, 2027 |

---

[17] Plaintiffs reserve the right to request leave to submit supplemental expert reports as permitted by the Federal Rules of Civil Procedure, including updated damages reports in advance of trial that will disclose additional damages that have accrued since the submission of the initial damages report.

Honorable Leda Dunn Wettre, U.S.M.J.
October 30, 2025
Page 19

| [**APPLE'S PROPOSAL**] | |
|---|---|
| Close of fact discovery | The same as the deadline applicable in the Government Action, subject to any changes to that schedule ordered by the Court to accommodate the volume and demands of discovery in the two actions |
| Plaintiffs' motion for class certification and expert reports in support of class certification due | February 5, 2027[18] |
| Apple's opposition to class certification, expert reports regarding class certification, and *Daubert* motion(s) against Plaintiffs' experts with regard to class certification due | June 7, 2027 |
| Plaintiffs' reply in support of class certification, *Daubert* motion(s) against Apple's experts with regard to class certification, and opposition(s) to Apple's *Daubert* motion(s) due | August 6, 2027 |
| Apple's reply brief(s) in support of *Daubert* motion(s) against Plaintiffs' experts with regard to class certification due | September 20, 2027 |
| Apple's opposition(s) to Plaintiffs' *Daubert* motion(s) due | October 5, 2027 |
| Plaintiffs' reply brief(s) in support of *Daubert* motion(s) due | November 4, 2027 |

---

[18] This and all other dates proposed by Apple assume that fact discovery closes on July 31, 2026 and that Expert Discovery in the Government Action closes on January 8, 2027. Should either of these dates change, Apple would request that the expert and class certification dates change as well.