# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION<br><br>*This Document Relates to:*<br>*ALL ACTIONS* | Civil Action No. 2:24-md-03113 (JXN)(LDW) MDL 3113 |

JOINT DISCOVERY PLAN

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

   **Plaintiffs' Statement:** The proposed consolidated classes of Direct Purchasers ("DPPs"), Indirect Purchasers ("IPPs"), and Watch Direct Purchasers ("Watch Plaintiffs") (collectively, "Plaintiffs") allege that Apple Inc. ("Apple" or "Defendant") has unlawfully monopolized, or attempted to monopolize, the smartphone market and the performance smartphone market in the United States. In addition, the proposed consolidated class of Watch Plaintiffs alleges that Apple unlawfully monopolized, or attempted to monopolize, the iOS-Connected Smartwatch market.

   **In DPPs' and IPPs' Consolidated Amended Complaints ("DPP CAC" and "IPP CAC"), DPPs and IPPs allege that Apple imposes a series of technical and contractual restrictions to block or degrade cross-platform technologies that threaten Apple's monopoly power, DPP CAC ¶¶ 73, 74, IPP CAC ¶¶ 86, 87, such as super apps, DPP CAC ¶¶ 82, 83, IPP CAC ¶¶ 92–103; cloud-streaming games, DPP CAC ¶¶ 97, 98, IPP CAC ¶¶ 104–12; messaging apps, DPP CAC ¶¶ 108, 109, IPP CAC ¶¶ 113–26; smartwatches, DPP CAC ¶¶ 124, 125, IPP CAC ¶¶ 127–36; and digital wallets, DPP CAC ¶¶ 137, 138, IPP CAC ¶¶ 137–55. The DPPs and IPPs allege that these restrictions serve Apple by driving consumers to the iPhone based on factors other than the iPhone's merit. The DPP CAC and IPP CAC further allege that Apple has suppressed cross-platform third-party technologies, such as cloud-storage apps, web browsers, video communication apps, and eSIMs. DPP CAC ¶¶ 154, 155, IPP CAC ¶¶ 156–64. The DPPs and IPPs allege that Apple's course of conduct harms competition, resulting in reduced innovation, quality, and choice. DPP CAC ¶ 169, IPP CAC ¶¶ 166–79. Apple's conduct has made its products worse, sacrificing short-term profits to preserve the long-term value of maintaining its monopoly, and Apple has engaged in this conduct to the detriment of its own short-term profits. DPP CAC ¶ 168, IPP CAC ¶ 180.**

1

In Watch Plaintiffs' Amended Complaint ("Watch AC"), Watch Plaintiffs allege that Apple imposes a series of technical, contractual, and procedural restrictions and degradations to impair cross-platform technologies and features used by iOS-connected smartwatches that threaten Apple's monopoly power. Watch AC ¶¶ 25, 31. These restrictions and degradations affect messaging Application Programming Interfaces (APIs), *id.* ¶¶ 53–95, notification APIs, *id.* ¶¶ 96–107, digital wallets, *id.* ¶¶ 108–13, companion applications, *id.* ¶¶ 115–17, 183–87, sister applications, *id.* ¶¶ 118–30, background execution processes, *id.* ¶¶ 132–48, private notifications, *id.* ¶¶ 149–52, health data utilization, *id.* ¶¶ 153–55, pairing, *id.* ¶¶ 156–63, location services, *id.* ¶¶ 164–74, and Bluetooth connectivity, *id.* ¶¶ 175–82. The Watch Plaintiffs allege that these restrictions and degradations serve Apple by forcing out rivals, precluding new entrants, restricting supply, harming competition, restricting users and app developers, driving consumers to the Apple Watch based on factors other than its merit, and enabling Apple to charge supracompetitive prices for its Apple Watch as a result. *Id.* ¶¶ 188–96.

DPPs bring claims for: (1) monopolization of the performance smartphone in the United States in violation of Sherman Act § 2; (2) in the alternative, attempted monopolization of the performance smartphone market in the United States in violation of Sherman Act § 2; (3) monopolization of the smartphone market in the United States in violation of Sherman Act § 2; (4) in the alternative, attempted monopolization of the smartphone market in the United States in violation of Sherman Act § 2; and (5) violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §§ 17200, et seq.

IPPs bring claims for: (1) monopolization of the smartphone market in the United States in violation of Sherman Act § 2; (2) attempted monopolization of the smartphone market in the United States in violation of Sherman Act § 2; (3) monopolization of the performance smartphone in the United States in violation of Sherman Act § 2; (4) attempted monopolization of the performance smartphone market in the United States in violation of Sherman Act § 2; (5) violations under state law for unjust enrichment; (6) violation of Alabama's Code §§ 6-5-60 *et seq.*; (7) violation of Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. §§ 44-1401, 1403 *et seq.*; (8) violation of Arkansas' Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101, 107 *et seq.*; (9) violation of Arkansas' Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-75-301, 302 *et seq.*; (10) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (11) violation of California common law; (12) violation of Colorado's Colo. Rev. Stat. §§ 6-4-101, 104, *et seq.*; (13) violation of Connecticut's Conn. Gen. Stat. §§ 35-24, *et seq*; (14) violation of District of Columbia's Code Ann. §§ 28-4501, *et seq*; (15) violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq*; (16) violation of Florida's Antitrust Act, Fla. Stat. §§ 542.19, *et seq*; (17) violation of Hawaii's Antitrust Act, Haw. Rev. Stat. §§ 480-1, 2, 4, *et seq*; (18) violation of Illinois' Antitrust Act, 740 Ill. Comp. Stat. Ann. 10/3(1), *et seq* & 815 Ill. Comp. Stat. Ann. 505/2, *et seq*; (19) violation of Iowa Code §§ 553.1, 5, *et seq*; (20) violation of Kansas Stat. Ann. §§ 50-101, 132, *et*

*seq*; (21) violation of Maine's Monopolies and Profiteering Law, Me. Rev. Stat. Tit. 10, §§ 1101, 1102 *et seq*; (22) violation of Maryland Code Ann., Com. Law §§ 11-201, 204, *et seq*; (23) violation of Massachusetts' Consumer Protection Law, Mass. Gen. Laws Chapter 93A; (24) violation of Michigan's Comp. Laws Ann. §§ 445.771 *et seq*; (25) violation of Minnesota's Ann. Stat. §§ 325D.49, 52 *et seq*; (26) violation of Mississippi's Code Ann. §§ 75-21-1, 3, *et seq*; (27) restraint of trade under Missouri Law, Mo. Stat. §§ 416.031, *et seq*; (28) violation of Missouri's Merchandising Practices Act, Mo. Stat. §§ 407.010, *et seq*; (29) violation of Montana's Unfair Trade Practices and Consumer Protection Act, Mont. Code §§ 301-14-101, 103, *et seq*; (30) violation of Nebraska's Rev. Stat. §§ 59-801, 802, *et seq*; (31) violation of Nebraska's Rev. Stat. §§ 59-1604, *et seq*; (32) violation of Nevada's Rev. Stat. Ann. 598A.010, 060, *et seq*; (33) violation of New Hampshire's Rev. Stat. Ann. §§ 356.1, 3, *et seq*; (34) violation of New Hampshire's Stat. Ann. §§ 358A, *et seq*; (35) violation of New Jersey's Antitrust Act, N.J. Stat. Ann. §§ 56.9-1, 4, *et seq*; (36) violation of New Jersey's Consumer Fraud Act, N.J. Stat. Ann. §§ 56.8-2, *et seq*; (37) violation of New Mexico's Antitrust Act, N.M. Stat. Ann. §§ 57-1-1, *et seq*; (38) violation of New Mexico's Stat. Ann. §§ 57-12-1, *et seq*; (39) violation of the Donnelly Act, N.Y. Gen. Bus. Law. §§ 340, *et seq*; (40) violation of the Donnelly Act, N.Y. Gen. Bus. Law §§ 349, *et seq*.; (41) violation of North Carolina Gen. Stat. §§ 75-1, 2.1, *et seq*; (42) violation of North Dakota's Century Code, § 51-08.1-01, 03, *et seq*; (43) violation of Oregon's Antitrust Statute, O.R.S. §§ 646.705, .730, *et seq*; (44) violation of Oregon's Unlawful Trade Practices Act, O.R.S. §§ 646.605, .607, *et seq;* (45) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, PA. Stat. Ann. §§ 201-1, *et seq*; (46) violation of Puerto Rico's Antitrust Act, 10 L.P.R.A. §§ 257, 260, *et seq*; (47) violation of Rhode Island's Antitrust Act, R.I. Gen. Law §§ 6-36-1, 5, *et seq*; (48) violation of Rhode Island's Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Laws §§ 6-13.1-1, *et seq*; (49) violation of South Carolina's Antitrust Statute, S.C. St. § 39-3-10, *et seq*; (50) violation of South Carolina's Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10, *et seq*; (51) violation of South Dakota's Antitrust Act, S.D. Codified Laws §§ 37-1-3.1, 3.2, *et seq*; (52) violation of South Dakota's Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws §§ 37-24-6, *et seq*.; (53) violation of Tennessee's Trade Practices Act, Tenn. Code Ann. §§ 47-25-101, *et seq*; (54) violation of Utah's Antitrust Act, as amended, Utah Code Ann. §§ 76-10-3101, 3104, *et seq*; (55) violation of Vermont's Consumer Fraud Act, 9 V.S.A. §§ 2453, *et seq*; (56) violation of West Virginia's Antitrust Act, West Virginia Code §§ 47-18-1, 4, *et seq*; (57) violation of West Virginia's Consumer Credit and Protection Act, W. Va. Code §§ 46A-6-104, *et seq*; (58) violation of Wisconsin's Antitrust Statute, Wis. Stat. §§ 133.01, .04, *et seq*; and (59) violation of Wisconsin's Stat. 100.18, *et seq.*

**Watch Plaintiffs bring claims for: (1) monopolization of the market for iOS-connected smartwatches in the United States in violation of Sherman Act § 2, or in the alternative, the market for smartwatches in the United States; (2) attempted monopolization of the market for iOS-connected smartwatches in the United States in violation of Sherman Act § 2, or in the alternative, the market for smartwatches in the United States; (3) unreasonable restraint of trade in violation of Sherman Act § 1;**

**(4) unreasonable restraint of trade in violation of the Cartwright Act, Cal. Bus. & Prof. Code § 16700,** *et seq***; and (5) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200,** *et seq***.**

**Apple's Statement: Apple denies Plaintiffs' allegations. Apple has not engaged in any exclusionary conduct, nor has its conduct had any anticompetitive effects in the alleged smartphone, performance smartphone, smartwatch, or iOS-connected smartwatch markets. On the contrary, Apple has granted third parties increasingly broad access to iPhone over time and enabled a variety of cross-platform and third-party technologies—while also enforcing reasonable limitations to protect consumers and seek to ensure a safe, secure, and seamless experience on iPhone and Apple Watch. Moreover, Apple does not have monopoly power. Among other things, Apple faces stiff competition from companies like Google, Samsung, and Garmin and therefore cannot charge supracompetitive prices or restrict output in the alleged markets. Finally, Apple does not have the requisite specific intent to monopolize, but instead has intended only to compete vigorously in highly competitive marketplaces.**

**On October 6, 2025, Apple filed a motion to dismiss the Consolidated Complaints under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court has not issued a decision on the motion to dismiss.**

**Apple's other affirmative defenses are dependent on the claims that remain after a ruling on Apple's motion to dismiss. As the motion to dismiss is still pending, Apple has not yet finalized its affirmative defenses. Apple will include any affirmative defenses in its answers to the Amended Complaints, assuming they survive the motion to dismiss.**

2. Have settlement discussions taken place?

    **Settlement discussions <u>have not</u> taken place since the filing of this action.**

3. **The parties <u>have</u> exchanged the information required by Fed. R. Civ. P. 26(a)(1).**

4. Describe any discovery conducted other than the above disclosures.

    **Plaintiffs have received the first set of Requests for Production served on Apple by the plaintiffs in the Government Action. Once Plaintiffs comply with the data security provision of the Discovery Confidentiality Order (ECF 124), to the extent not already provided, Apple will provide to Plaintiffs all written discovery requests served on Apple in the Government Action and Apple's written responses and objections to those discovery requests and begin making rolling productions of documents.**

    **DPPs and IPPs jointly served 20, and Watch Plaintiffs separately served 14, subpoenas on the third parties previously subpoenaed in the Government Action.**

4

        **With respect to the timing of subpoenas, Plaintiffs are making efforts to serve follow-on third-party subpoenas within 21 days of service of the corresponding subpoenas by the parties to the Government Action.**

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

    **The parties may file discovery motions.**

6. The parties propose the following:

    a. Discovery is needed on the following subjects:

    **Discovery is needed on, among other things, the facts supporting Plaintiffs' allegations and Apple's defenses, including Plaintiffs' alleged antitrust and Article III standing, Apple's alleged anticompetitive conduct, the alleged anticompetitive effects of that conduct including the alleged causation of Plaintiffs' alleged harm, Apple's proposed procompetitive justifications, market definition, the viability of classwide proof on the elements of the claims and defenses, and remedies, including monetary damages.**

    b. Should discovery be conducted in phases? If so, explain.

    **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order accompanying this filing.**

    c. Number of Interrogatories by each party to each other party:

    **See the parties' proposals in Section IX.E.3 of the Joint [Proposed] Scheduling and Case Management Order accompanying this filing.**

    d. Number of Depositions to be taken by each party:

    **The parties request deferring presenting proposals on the number of depositions to allow further time to meet and confer.**

    e. Plaintiffs' expert reports due on:

    **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order accompanying this filing.**

    f. Defendant's expert reports due on:

    **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order accompanying this filing.**

g. Motions to Amend or to Add Parties to be filed by:

   **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order accompanying this filing.**

h. Dispositive motions to be completed by:

   **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order accompanying this filing.**

i. Factual discovery to be completed by:

   **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order accompanying this filing.**

j. Expert discovery to be completed by:

   **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order accompanying this filing.**

k. Class certification motions to be completed by:

   **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order accompanying this filing.**

l. Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

   **On September 5, 2025 the parties submitted a [Proposed] Stipulation and Order Governing Electronically Stored Information and Hard Copy Documents with competing proposals on a limited number of issues, ECF 100-2. As discussed in the Case Management Conference on September 16, 2025, the parties continue to meet and confer on those disputed issues.**

   **On October 7, 2025, the Court issued a Discovery Confidentiality Order. ECF 124.**

   **The parties further intend to submit a [Proposed] Stipulated Protective Order Governing Review, Production, and Handling of Source Code.**

   **Section X of the Joint [Proposed] Scheduling and Case Management Order, accompanying this filing, describes the parties' agreement concerning coordination of discovery in this action with the Government Action.**

m. A pretrial conference may take place on:

>> **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order accompanying this filing.**
>
> n. Trial by jury or non-jury trial:
>
> **Jury trial.**
>
> o. Trial date:
>
> **See the parties' proposals in Section VIII of the Joint [Proposed] Scheduling and Case Management Order Accompanying this filing.**

7. Do you anticipate any discovery problem(s)? **Yes  X**  No____. If so, explain.

    **The parties will make efforts to ensure discovery proceeds efficiently and without delay across both this case and the Government Action, and they agree to coordinate and minimize duplicative discovery where reasonable and non-prejudicial. The parties also will work in good faith to negotiate and agree upon more detailed coordination protocols, including with regards to depositions, as the need arises.**

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes___ **No  X** . If so, explain.

    **The parties are continuing to meet and confer on issues related to depositions and will update the Court if they anticipate any special discovery needs arising out of those discussions.**

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

    **At this time, Plaintiffs do not believe that this case is appropriate for alternative dispute resolution procedures ("ADR"). Plaintiffs are willing to review any settlement offer Apple makes and will consider voluntary mediation if Plaintiffs believe such a procedure would assist the parties in reaching a resolution of this case.**

    **Apple remains willing to discuss potential avenues for resolving this matter, including voluntary mediation.**

10. Is this case appropriate for bifurcation? Yes___ **No  X** .

    **At this time, the parties do not seek bifurcation. However, the parties reserve the right to later request or oppose bifurcation as appropriate.**

7

11. We **do not** consent to the trial being conducted by a Magistrate Judge.

Dated: October 30, 2025

| | |
|---|---|
| Cynthia E. Richman (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, DC 20036-4504<br>(202) 955-8234<br>crichman@gibsondunn.com | *s/ Liza M. Walsh*<br>Liza M. Walsh<br>Douglas E. Arpert<br>WALSH PIZZI O'REILLY FALANGA LLP<br>Three Gateway Center<br>100 Mulberry Street, 15th Floor<br>Newark, NJ 07102<br>(973) 757-1100<br>lwalsh@walsh.law<br>darpert@walsh.law |
| Daniel G. Swanson (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 229-7000<br>dswanson@gibsondunn.com | Julian W. Kleinbrodt (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>(415) 393-8200<br>jkleinbrodt@gibsondunn.com |
| Devora W. Allon (*pro hac vice*)<br>Alexia Brancato (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY<br>(212) 446-4800<br>devora.allon@kirkland.com<br>alexia.brancato@kirkland.com | Craig Primis (*pro hac vice*)<br>Winn Allen (*pro hac vice*)<br>Mary E. Miller (*pro hac vice*)<br>Luke McGuire (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 389-5000<br>cprimis@kirkland.com<br>winn.allen@kirkland.com<br>mary.miller@kirkland.com<br>luke.mcguire@kirkland.com |

*Attorneys for Defendant Apple Inc.*

| | |
|---|---|
| William Christopher Carmody<br>Shawn J. Rabin<br>SUSMAN GODFREY LLP<br>One Manhattan West, 50th Floor<br>New York, NY 10001-8602<br>Tel: (212) 336-8330<br>Email: bcarmody@susmangodfrey.com<br>Email: srabin@susmangodfrey.com | *s/James E. Cecchi*<br>James E. Cecchi<br>CARELLA BYRNE CECCHI<br>BRODY & AGNELLO, PC<br>5 Becker Farm Road<br>Roseland, NJ 07068<br>Tel: 973-994-1700<br>Email: jcecchi@carellabyrne.com |
| Christopher A. Seeger<br>SEEGER WEISS, LLP<br>55 Challenger Road<br>Ridgefield Park, NJ 07660<br>Tel: 973-639-9100<br>Email: cseeger@seegerweiss.com | Steven W. Berman<br>HAGENS BERMAN SOBOL SHAPIRO, LLP<br>1301 Second Avenue<br>Suite 2000<br>Seattle, WA 98101<br>Tel: 206-623-7292<br>Email: steve@hbsslaw.com |
| Dena Sharp<br>GIRARD SHARP LLP<br>601 California Street, Suite 1400<br>San Francisco, CA 94108<br>Tel: 415-981-4800<br>Email: dsharp@girardsharp.com | Melinda R. Coolidge<br>HAUSFELD LLP<br>888 16th Street, NW Suite 300<br>Washington, DC 20006<br>Tel: (202) 540-7200<br>Email: mcoolidge@hausfeld.com |

*Co-Lead Interim Class Counsel for iPhone Direct Purchasers' Track*

Joseph J. DePalma
LITE DEPALMA GREENBERG
& AFANADOR, LLC
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: (973) 623-3000
Email: jdepalma@litedepalma.com

*Liaison Counsel for iPhone Direct Purchasers' Track*


David C. Frederick
Aaron M. Panner
Scott K. Attaway
Ariela Migdal
Alex A. Parkinson
KELLOGG, HANSEN, TODD
FIGEL & FREDERICK, P.L.L.C.
1615 M Street NW, Suite 400
Washington, DC 20036
Tel.: (202) 326-7900

George A. Zelcs
Marc A. Wallenstein
David Walchak
KOREIN TILLERY LLC
205 N. Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel.: (312) 641-9750

Carol O'Keefe
Andrew Ellis
KOREIN TILLERY LLC
505 N. 7th Street, Suite 3600
St. Louis, MO 63101
Tel.: (314) 241-4844

Michael Critchley Sr.
CRITCHLEY, KINUM & LURIA, LLC
75 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 422-9200
Email: mcritchley@critchleylaw.com

*Trial Counsel/iPhone Direct Purchasers' Track*

s/Steven F. Molo
Steven F. Molo
Jonathan Barbee
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Tel.: (212) 607-8160

Lauren Dayton
Eric A. Posner
MOLOLAMKEN LLP
300 N. LaSalle Street
Chicago, IL 60601
Tel.: (312) 450-6700

*Co-Lead Interim Class Counsel for Apple Watch Direct Purchasers*

Thomas R. Curtin
Kathleen N. Fennelly
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 993-8100
tcurtin@mdmc-law.com

*Liaison Counsel for the Proposed Apple Watch Direct Purchaser Class*

10

<div style="float:right">

s/Stanley O. King
Stanley O. King, Esq.
**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
231 S. Broad Street
Woodbury, NJ 08096
Tel: 856.845.3001
Fax: 856.845.3079
Stanley O. King
Attorney ID No. 03413-1996

*Liaison Counsel for Indirect iPhone Purchaser Plaintiffs*

</div>

| | |
|---|---|
| Michael Dell'Angelo<br>Candice J. Enders<br>**BERGER MONTAGUE PC**<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Tel: (215) 875-3000<br>mdellangelo@bm.net<br>cenders@bm.net | Heidi M. Silton<br>Jessica N. Servais<br>Joseph C. Bourne<br>**LOCKRIDGE GRINDAL NAUEN PLLP**<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401<br>Tel: (612) 339-6900<br>hmsilton@locklaw.com<br>jnservais@locklaw.com<br>jcbourne@locklaw.com |
| Matthew S. Weiler<br>Todd M. Schneider<br>Jason H. Kim<br>Mahzad K. Hite<br>Raymond S. Levine<br>**SCHNEIDER WALLACE COTTRELL KONECKY LLP**<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>Tel: (415) 421-7100<br>mweiler@schneiderwallace.com | William G. Caldes<br>Jeffrey L. Spector<br>**SPECTOR ROSEMAN & KODROFF, P.C.**<br>2001 Market Street, Suite 3420<br>Philadelphia, PA 19103<br>Tel: (215) 496-0300<br>bcaldes@srkattorneys.com<br>jspector@srkattorneys.com |

*Co-Lead Interim Counsel for Indirect iPhone Purchaser Plaintiffs*

**IT IS SO ORDERED.**

Dated: _____, 2025

_____
HON. LEDA DUNN WETTRE
United States Magistrate Judge

11