# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION<br><br>*This Document Relates to:*<br>*ALL ACTIONS* | Civil Action No. 2:24-md-03113 (JXN)(LDW) MDL 3113 |

**JOINT [PROPOSED] SCHEDULING AND CASE MANAGEMENT ORDER**

Upon consideration of the Joint Proposed Scheduling and Case Management Order filed by Plaintiffs representing the Direct Purchaser Class, Indirect Purchaser Class, and Watch Class ("Plaintiffs"), and Defendant Apple Inc. ("Apple"), on _____, 2025, the Court hereby **ORDERS** as follows:

    **I.**    **Jurisdiction and Venue**

Apple consents to personal jurisdiction and venue in this Court.

    **II.**    **Consent to Magistrate Judge**

The parties do not consent to trial being conducted by a Magistrate Judge.

    **III.**    **Settlement**

Plaintiffs are willing to review any settlement offer Apple makes and submit that any settlement discussions should not delay this litigation but rather proceed on a parallel track. Apple is always willing to explore a potential resolution and looks forward to discussing options with Plaintiffs when they are willing to do so.

    **IV.**    **ADR**

At this time, Plaintiffs do not believe that this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), appointment of a special master, or other special procedure. Plaintiffs are willing to review any settlement offer Apple makes and will consider

voluntary mediation if Plaintiffs believe such a procedure would assist the parties in reaching a resolution of this case.

Apple remains willing to discuss potential avenues for resolving this matter, including voluntary mediation.

## V.     Evidence Preservation

The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) and L. Civ. R. 26.1 regarding reasonable and proportionate steps taken and to be taken to preserve relevant evidence.

## VI.    Initial Disclosures

The parties complied with the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(a)(i) and (ii) and L. Civ. R. 26.1 on September 23, 2025.

## VII.   Privilege Claims and Logs

The parties included their agreements and disputes regarding their obligations concerning claims of privilege and privilege logs in the Proposed ESI Protocol filed on September 5, 2025 (ECF No. 100-2). As discussed at the Case Management Conference held on September 16, 2025, the parties will continue to meet and confer regarding their remaining disputes.

## VIII.  Case Schedule

Unless otherwise specified, days will be computed according to Rule 6(a) of the Federal Rules of Civil Procedure. The Court hereby adopts the following schedule, which departs from L. Civ. R. 6.1(b), 7.1(c), and 7.1(d):

| AGREED SCHEDULE PROPOSALS | |
|---|---|
| **Event** | **Deadline** |
| Initial disclosures | The parties exchanged initial disclosures on September 23, 2025 |

| | |
|---|---|
| Initial Productions | Apple will promptly make rolling productions to Plaintiffs' counsel in compliance with the Discovery Confidentiality Order of materials in its possession, custody, or control that have been produced in the Government Investigation, Government Action[1], and MDL Action, regardless of whether those materials were initially produced by Apple, the Government, or third parties. |
| Deadline to Amend Pleadings or Add Parties | 14 days after Apple's motion to dismiss under Fed. R. Civ. P. 12(b)(6) is decided |
| Substantial completion of productions responsive to requests served at least 60 days in advance of deadline | The same as the deadline applicable in the Government Action, subject to any changes to that schedule ordered by the Court to accommodate the volume and demands of discovery in the two actions |
| Earliest date to serve contention interrogatories | 30 days before the close of fact discovery unless otherwise permitted by the Court |
| Last day to respond to contention interrogatories | 14 days after the close of fact discovery; if a response to a contention interrogatory or portion thereof calls for expert opinions to be addressed in expert discovery, the parties may respond to that contention interrogatory or portion thereof 14 days after the close of expert discovery. |
| **DISPUTED SCHEDULING PROPOSALS** ||
| **[PLAINTIFFS' PROPOSAL]** <br> **(iPhone Plaintiffs' dates on left; Watch Plaintiffs' dates on right)** ||

| | | | |
|---|---|---|---|
| Fact discovery closes ||| July 31, 2026 |
| | Opening[2] | September 4, 2026 | February 5, 2027 |

---

[1] *United States v. Apple Inc.*, No. 2:24-cv-4055 (D.N.J.)

[2] Plaintiffs reserve the right to request leave to submit supplemental expert reports as permitted by the Federal Rules of Civil Procedure, including updated damages reports in advance of trial that will disclose additional damages that have accrued since the submission of the initial damages report.

| Deadlines for the exchange of expert reports | Rebuttal | October 19, 2026 | March 19, 2027 |
|---|---|---|---|
| | Reply | November 16, 2026 | April 30, 2027 |
| Expert discovery Closes | | January 8, 2027 | June 11, 2027 |
| Deadlines to file class certification and *Daubert* motions | Opening | February 5, 2027 | July 9, 2027 |
| | Rebuttal | April 2, 2027 | September 3, 2027 |
| | Reply | June 11, 2027 | October 29, 2027 |
| **[APPLE'S PROPOSAL]** | | | |
| Close of fact discovery | | The same as the deadline applicable in the Government Action, subject to any changes to that schedule ordered by the Court to accommodate the volume and demands of discovery in the two actions | |
| Plaintiffs' motion for class certification and expert reports in support of class certification due | | February 5, 2027[3] | |
| Apple's opposition to class certification, expert reports regarding class certification, and *Daubert* motion(s) against Plaintiffs' experts with regard to class certification due | | June 7, 2027 | |
| Plaintiffs' reply in support of class certification, *Daubert* motion(s) against Apple's experts with regard to class certification, and opposition(s) to Apple's *Daubert* motion(s) due | | August 6, 2027 | |

---

[3] This and all other dates proposed by Apple assume that fact discovery closes on July 31, 2026 and that Expert Discovery in the Government Action closes on January 8, 2027. Should either of these dates change, Apple would request that the expert and class certification dates change as well.

| | |
|---|---|
| Apple's reply brief(s) in support of *Daubert* motion(s) against Plaintiffs' experts with regard to class certification due | September 20, 2027 |
| Apple's opposition(s) to Plaintiffs' *Daubert* motion(s) due | October 5, 2027 |
| Plaintiffs' reply brief(s) in support of *Daubert* motion(s) due | November 4, 2027 |

Notwithstanding L. Civ. R. 7.1(c), motions in this case shall be noticed and filed in accordance with this Scheduling and Case Management Order, without regard to the Court's motion days calendar.

Notwithstanding L. Civ. R. 6.1(b) and 7.1(d)(5), a party may not obtain an extension of the briefing schedule to answer or reply to pleadings or on a dispositive motion absent consent of the moving party or order of the Court.

The parties will confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's intervention. *See* L. Civ. R. 37.1(a); L. Civ. R. 16.1(f)(1).

**IX.   Discovery Plan**

    **A.   Electronically Stored Information (ESI)**

The parties shall continue to negotiate an ESI Protocol, including on issues discussed at the Case Management Conference held on September 16, 2025. Apple will produce documents consistent with the undisputed provisions of the parties' September 5, 2025 ESI protocol (Dkt. No. 100-2) and with Apple's positions on the disputed provisions until an ESI protocol is entered. Following the production of documents, the parties shall meet and confer regarding the disputed

provisions of the proposed ESI protocol and present any remaining disputes to the Court if the parties are unable to resolve them.

Following entry of an ESI Protocol, the parties shall produce all documents and ESI in accordance with the protocol entered by the Court.

### B. Discovery of Confidential Information

The confidentiality of materials produced in this action, including disclosures and sealing of confidential information before, during, and after trial, shall be governed by the Discovery Confidentiality Order entered by the Court in this action (Dkt. No. 124), and any subsequent amended, modified, or superseding discovery confidentiality orders entered by the Court. When sending discovery requests, notices, and subpoenas to non-parties, the parties must include copies of any Discovery Confidentiality Order and ESI protocol then in effect.

### C. Timely Service of Fact Discovery

All discovery, except contention interrogatories but including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery.

### D. Discovery on Non-Parties

A party serving a subpoena of the type described in Rule 45 of the Federal Rules of Civil Procedure must serve a copy of any subpoena on the other parties at or before the time the subpoena is served.

*Plaintiffs' Position*: If a party serves a subpoena on a third party calling for the production of documents, all other parties must serve a document subpoena, if any, on the same third party within a reasonable amount of time.

*Apple's Position*: If a party serves a subpoena on a third party calling for the production of documents, all other parties must serve a document subpoena, if any, on the same third party within 21 days. Requests for reasonable extensions of the time to serve a follow-on document subpoena

will not be unreasonably withheld, particularly if a party serves 8 or more subpoenas within 10 calendar days.

The parties agree to accept electronic service (by email) of a notice and copy of the subpoena. Every subpoena to a non-party shall include a cover letter requesting that: (a) the non-party stamp each document with a production number; and (b) the non-party produce documents in accordance with the ESI Protocol and Protective Order entered in this matter. The parties also agree that they will use best efforts to ensure that all non-parties producing documents in this case comply with the ESI Protocol and Protective Order. Any party that receives a production of documents from a non-party must reproduce those same documents to all non-serving parties within five business days of receiving the production.

The parties shall cooperate in good faith in an effort minimize the burden on non-parties to the extent possible. To facilitate cooperation, a requesting party will produce to all other parties (unless already copied) within 5 business days any substantive written communications concerning non-party subpoenas on a rolling basis, including objections, responses, agreements on extensions or limitations, and accounts of productions received from non-parties.

Discovery on non-parties shall presumptively proceed regardless of any filed or pending motion to dismiss, or government shutdown. Accordingly, non-parties must timely comply with any subpoena issued in this case or else demonstrate to the Court why compliance should be stayed.

If any party includes on their pretrial witness list a third party from whom discovery has not previously been taken, then the opposing party shall be permitted to serve document and deposition subpoenas on that third party and obtain that discovery prior to trial. This shall be true even if the third party was listed on either party's initial disclosures. Any such depositions shall not count against any deposition caps or other discovery limitations included in this Order.

### E. Discovery on Parties

#### 1. Document Requests

There is no pre-determined limit on the number of requests for the production of documents that may be served by the parties pursuant to Rule 34 of the Federal Rules of Civil Procedure, but any requests must be proportional to the needs of the case as required by Rule 26(b)(1) and all parties reserve the right to object to requests for production on any appropriate grounds, including undue burden. The parties must serve any objections to requests for productions of documents within 30 days after the requests are served.

The parties will comply with L. Civ. R. 37.1 to address any dispute over requests for production of documents before seeking the Court's intervention.

The parties will meet and confer regarding methodologies for conducting a search in response to requests for production of documents, including the use of technology assisted review ("TAR"), search terms, and custodians. The parties will include the agreed to methodologies in an ESI Protocol as appropriate.

#### 2. Data Requests

The parties shall meet and confer in good faith regarding any requests for production of data or data compilations, and, if requested, will produce data samples and data dictionaries (including information sufficient to allow reasonable use of the database) for all sources of structured data or data compilations if reasonably available. The parties shall meet and confer regarding the specific timeline for production based on the number of requests served and the burdens imposed by those requests. The parties shall comply with L. Civ. R. 37.1 to address any dispute over requests for production of data or data compilations before seeking the Court's intervention.

### 3. Interrogatories

<u>Non-Contention Interrogatories:</u>

***Plaintiffs' Position***: Plaintiffs may serve 50 non-contention interrogatories on Apple—divided among the Plaintiffs at their discretion[4]—and may seek more for good cause. Apple may serve no more than 35 collective non-contention interrogatories—divided at Apple's discretion—plus 5 additional non-contention interrogatories to each named Plaintiff, and may seek more for good cause. Plaintiffs will respond individually only if they have particularized information to provide in response. Apple will limit the scope of an interrogatory served on any named Plaintiff to subject matter that is specific to that Plaintiff, such that Apple has a reasonable belief that the Plaintiff has unique knowledge on the topic that no other Plaintiff would have, and the topic of inquiry is specific to the served Plaintiff.

***Apple's Position***: Plaintiffs may collectively serve no more than 25 non-contention interrogatories on Apple. Apple may serve no more than 25 non-contention interrogatories to all Plaintiffs. Plaintiffs will respond individually only if they have particularized information to provide in response. Apple may serve no more than 5 additional non-contention interrogatories to each individual Plaintiff. Apple will limit the scope of an interrogatory served on any individual Plaintiff to subject matter that is specific to that Plaintiff, such that Apple has a reasonable belief that the Plaintiff has unique knowledge on the topic that no other Plaintiff would have, and the topic of inquiry is specific to the served Plaintiff. In the event that the Government Action resolves before the completion of fact discovery in this Action, the parties shall meet and confer to determine how many additional interrogatories Plaintiffs may serve, if any.

---

[4] To the extent multiple plaintiff groups jointly propound an interrogatory, that shall count as a single interrogatory against the 50-interrogatory total.

Contention Interrogatories: Plaintiffs may serve no more than 15 contention interrogatories on Apple—divided among the Plaintiffs at their discretion[5]—and may seek more for good cause. Apple may serve no more than 15 collective contention interrogatories on Plaintiffs—divided at Apple's discretion—and may seek more for good cause. Plaintiffs will respond individually only if they have particularized information to provide in response. Contention interrogatories must be labeled specifically as such. Contention interrogatories shall not be served until 30 days prior to the close of fact discovery unless otherwise permitted by the Court. The parties must provide answers to contention interrogatories no later than 14 days after the close of fact discovery. However, if a response to a contention interrogatory or portion thereof calls for expert opinions addressed in expert discovery, the parties may respond to that contention interrogatory or portion thereof 14 days after the close of expert discovery. For purposes of these limits, each discrete subpart of an interrogatory will count as a separate interrogatory. The parties must serve any responses and objections to all interrogatories within 30 days after the interrogatories are served. Requests for reasonable extensions of the time to serve responses and objections to specific interrogatories will not be unreasonably withheld. The parties will comply with L. Civ. R. 37.1 to address any dispute over interrogatories before seeking the Court's intervention.

### 4. Requests for Admission

*Plaintiffs' Position*: The Court should not place a numerical limit on requests for admission.

---

[5] To the extent multiple plaintiff groups jointly propound an interrogatory, that shall count as a single interrogatory against the 15-interrogatory total.

*Apple's Position*: Plaintiffs may collectively serve no more than 30 requests for admission on Apple, and Apple may serve no more than 30 total requests for admission on Plaintiffs. Plaintiffs will respond individually only if they have particularized information to provide in response.

Requests for admission relating solely to the authorship, authentication, or admissibility of documents, data, or other evidence (which are issues that the parties must attempt to resolve initially through negotiation) do not count against these limits. The parties must serve any responses and objections to requests for admission within 30 days after the requests for admission are served. Requests for reasonable extensions of the time to serve responses and objections to specific requests for admission will not be unreasonably withheld. The parties will comply with L. Civ. R. 37.1 to address any dispute over requests for admission before seeking the Court's intervention.

### 5. Depositions

The Parties shall meet and confer and submit a proposed Case Management Order regarding deposition limits and procedure.

### 6. Presumptions of Authenticity

Documents produced by parties and non-parties from their own files will be presumed to be authentic within the meaning of Rule 901 of the Federal Rules of Evidence. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties shall promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

## 7. Expert Witness Disclosures and Depositions

No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his or her report. Expert disclosures, including each side's expert reports, must be conducted in accordance with the requirements of Rules 26(a)(2) and 26(b)(4) of the Federal Rules of Civil Procedure, except as modified by this paragraph.

1. Neither side must preserve or disclose, including in expert deposition testimony, the following documents or information:

    a. Any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her report shared between:

        i. the expert and any persons assisting the expert;

        ii. any party's counsel and its expert(s) and/or any persons assisting the expert(s), or between any agent or employee of a party's counsel and the party's expert(s) and/or any persons assisting the expert(s);

        iii. testifying and non-testifying experts;

        iv. non-testifying experts; or

        v. testifying experts;

    b. The expert's notes, except for notes taken by or reviewed by an expert of an interview upon which the expert relied in forming any opinions in his or her report;

    c. Drafts of expert reports, affidavits, or declarations;

      d.     Data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her report; and

      e.     Budgets, invoices, bills, receipts, or time records concerning testifying or non-testifying experts, their staff, assistants, colleagues, or associates, or their companies or organizations. Notwithstanding this provision, any party may inquire into a testifying expert's compensation in this matter, including the testifying expert's hourly rates, the total hours spent by the testifying expert and staff members in connection with this case, and any other payments or consideration received by the testifying expert relating to work in the case.

2.    Expert reports and declarations shall be served via email.

3.    The parties agree that only the following materials must be disclosed electronically 3 business days after each expert report is served:

      a.     A list by Bates number of all documents relied upon by the testifying expert(s) in forming any opinions in their reports, including Bates numbers of documents previously produced;

      b.     Copies of all materials relied upon by the expert in forming any opinions in his or her report that were not previously produced and that are not readily available publicly;

      c.     A list of all publications authored by the expert in the previous 10 years;

      d.     Copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

      e.      A list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number;

      f.      For all calculations appearing in the report(s), all data and programs underlying the calculations, including all programs and codes necessary to replicate the calculations from the initial ("raw") data files, and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the report and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations. For clarity, raw data files are data that exist in the ordinary course of business, and intermediate working-data files are data assembled or processed for purposes of litigation; and

      g.      A statement of the compensation to be paid to the testifying expert for his or her report and testimony in the case, which statement may appear in the testifying expert's report.

For expert witnesses that will be examined by only one group of Plaintiffs (*i.e.*, Direct Purchaser Plaintiffs only), each expert deposition is limited to no more than one day of 7 hours on the record, with all 7 hours reserved for the side noticing the expert's deposition, subject to a reasonable re-direct. The parties may seek to modify this provision in good faith following the exchange of expert reports. The parties will endeavor to coordinate and avoid duplicative expert depositions as between the Government Action and the MDL.

      The parties shall not serve subpoenas or discovery requests upon any testifying or non-testifying expert. Instead, the party proffering such testifying expert will: (a) be responsible for

producing all materials and information required under this Order or to the extent not addressed in this Order, under the Federal Rules of Civil Procedure, for the testifying expert, and (b) upon request, make the testifying expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.

### X.     Discovery Coordination with the Government Action

The parties shall endeavor to avoid unnecessarily duplicative discovery between this case and the Government Action to the extent feasible. Absent agreement of the parties or order of the Court, fact witnesses will only sit for deposition once between the MDL and the Government Action collectively. The parties agree to work in good faith to negotiate and agree upon more detailed coordination protocols as the need arises.

### XI.    Nationwide Service of Trial Subpoenas

To assist the parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the parties are permitted, under 15 U.S.C. § 23, to issue nationwide trial subpoenas from this Court.

### XIII.  Service of Pleadings and Discovery on Other Parties

Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Rule 45 of the Federal Rules of Civil Procedure), expert disclosures, and delivery of all correspondence in this matter must be made by ECF or email to the following email distribution lists:

**If to Apple**: Apple-SmartphoneMDL-External@gibsondunn.com

**If to Direct Purchaser Plaintiffs**: AppleDPTeam@hausfeld.com

**If to Indirect Purchaser Plaintiffs**: AppleIndirectLead@lists.locklaw.com

**If to Watch Plaintiffs**: AppleWatch@koreintillery.com

**If to all Private Plaintiffs**: AppleAllPlaintiffs@lists.locklaw.com

### XIII. Modification of Rights and Responsibilities

The parties may mutually agree to modify their rights and responsibilities under this Order, provided any such modification has no effect on the schedule for pretrial filings or trial dates. Otherwise, any party may seek modification of this Order for good cause.

Dated: October 30, 2025

| | |
|---|---|
| Cynthia E. Richman (*pro hac vice*) <br> GIBSON, DUNN & CRUTCHER LLP <br> 1700 M Street, N.W. <br> Washington, DC 20036-4504 <br> (202) 955-8234 <br> crichman@gibsondunn.com | *s/ Liza M. Walsh* <br> Liza M. Walsh <br> Douglas E. Arpert <br> WALSH PIZZI O'REILLY FALANGA LLP <br> Three Gateway Center <br> 100 Mulberry Street, 15th Floor <br> Newark, NJ 07102 <br> (973) 757-1100 <br> lwalsh@walsh.law <br> darpert@walsh.law |
| Daniel G. Swanson (*pro hac vice*) <br> GIBSON, DUNN & CRUTCHER LLP <br> 333 South Grand Avenue <br> Los Angeles, CA 90071 <br> (213) 229-7000 <br> dswanson@gibsondunn.com | Julian W. Kleinbrodt (*pro hac vice*) <br> GIBSON, DUNN & CRUTCHER LLP <br> One Embarcadero Center, Suite 2600 <br> San Francisco, CA 94111-3715 <br> (415) 393-8200 <br> jkleinbrodt@gibsondunn.com |
| Devora W. Allon (*pro hac vice*) <br> Alexia Brancato (*pro hac vice*) <br> KIRKLAND & ELLIS LLP <br> 601 Lexington Avenue <br> New York, NY <br> (212) 446-4800 <br> devora.allon@kirkland.com <br> alexia.brancato@kirkland.com | Craig Primis (*pro hac vice*) <br> Winn Allen (*pro hac vice*) <br> Mary E. Miller (*pro hac vice*) <br> Luke McGuire (*pro hac vice*) <br> KIRKLAND & ELLIS LLP <br> 1301 Pennsylvania Avenue, N.W. <br> Washington, DC 20004 <br> (202) 389-5000 <br> cprimis@kirkland.com <br> winn.allen@kirkland.com <br> mary.miller@kirkland.com <br> luke.mcguire@kirkland.com |

*Attorneys for Defendant Apple Inc.*

|  |  |
|---|---|
| William Christopher Carmody<br>Shawn J. Rabin<br>SUSMAN GODFREY LLP<br>One Manhattan West, 50th Floor<br>New York, NY 10001-8602<br>Tel: (212) 336-8330<br>Email: bcarmody@susmangodfrey.com<br>Email: srabin@susmangodfrey.com | *s/James E. Cecchi*<br>James E. Cecchi<br>CARELLA BYRNE CECCHI<br>BRODY & AGNELLO, PC<br>5 Becker Farm Road<br>Roseland, NJ 07068<br>Tel: 973-994-1700<br>Email: jcecchi@carellabyrne.com |
| Christopher A. Seeger<br>SEEGER WEISS, LLP<br>55 Challenger Road<br>Ridgefield Park, NJ 07660<br>Tel: 973-639-9100<br>Email: cseeger@seegerweiss.com | Steven W. Berman<br>HAGENS BERMAN SOBOL SHAPIRO, LLP<br>1301 Second Avenue<br>Suite 2000<br>Seattle, WA 98101<br>Tel: 206-623-7292<br>Email: steve@hbsslaw.com |
| Dena Sharp<br>GIRARD SHARP LLP<br>601 California Street, Suite 1400<br>San Francisco, CA 94108<br>Tel: 415-981-4800<br>Email: dsharp@girardsharp.com | Melinda R. Coolidge<br>HAUSFELD LLP<br>888 16th Street, NW Suite 300<br>Washington, DC 20006<br>Tel: (202) 540-7200<br>Email: mcoolidge@hausfeld.com |

*Co-Lead Interim Class Counsel for iPhone Direct Purchasers' Track*

Joseph J. DePalma
LITE DEPALMA GREENBERG
& AFANADOR, LLC
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: (973) 623-3000
Email: jdepalma@litedepalma.com

*Liaison Counsel for iPhone Direct Purchasers' Track*

David C. Frederick
Aaron M. Panner
Scott K. Attaway
Ariela Migdal
Alex A. Parkinson
KELLOGG, HANSEN, TODD
FIGEL & FREDERICK, P.L.L.C.
1615 M Street NW, Suite 400
Washington, DC 20036
Tel.: (202) 326-7900

George A. Zelcs
Marc A. Wallenstein
David Walchak
KOREIN TILLERY LLC
205 N. Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel.: (312) 641-9750

Carol O'Keefe
Andrew Ellis
KOREIN TILLERY LLC
505 N. 7th Street, Suite 3600
St. Louis, MO 63101
Tel.: (314) 241-4844

Michael Critchley Sr.
CRITCHLEY, KINUM & LURIA, LLC
75 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 422-9200
Email: mcritchley@critchleylaw.com

*Trial Counsel/iPhone Direct Purchasers' Track*

*s/Steven F. Molo*
Steven F. Molo
Jonathan Barbee
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Tel.: (212) 607-8160

Lauren Dayton
Eric A. Posner
MOLOLAMKEN LLP
300 N. LaSalle Street
Chicago, IL 60601
Tel.: (312) 450-6700

*Co-Lead Interim Class Counsel for Apple Watch Direct Purchasers*

Thomas R. Curtin
Kathleen N. Fennelly
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 993-8100
tcurtin@mdmc-law.com

*Liaison Counsel for the Proposed Apple Watch Direct Purchaser Class*

*s/Stanley O. King*
Stanley O. King, Esq.
**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS, P.C.**
231 S. Broad Street
Woodbury, NJ 08096
Tel: 856.845.3001
Fax: 856.845.3079
Stanley O. King
Attorney ID No. 03413-1996

*Liaison Counsel for Indirect iPhone Purchaser Plaintiffs*

| | |
|---|---|
| Michael Dell'Angelo<br>Candice J. Enders<br>**BERGER MONTAGUE PC**<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Tel: (215) 875-3000<br>mdellangelo@bm.net<br>cenders@bm.net | Heidi M. Silton<br>Jessica N. Servais<br>Joseph C. Bourne<br>**LOCKRIDGE GRINDAL NAUEN PLLP**<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401<br>Tel: (612) 339-6900<br>hmsilton@locklaw.com<br>jnservais@locklaw.com<br>jcbourne@locklaw.com |
| Matthew S. Weiler<br>Todd M. Schneider<br>Jason H. Kim<br>Mahzad K. Hite<br>Raymond S. Levine<br>**SCHNEIDER WALLACE COTTRELL KONECKY LLP**<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>Tel: (415) 421-7100<br>mweiler@schneiderwallace.com | William G. Caldes<br>Jeffrey L. Spector<br>**SPECTOR ROSEMAN & KODROFF, P.C.**<br>2001 Market Street, Suite 3420<br>Philadelphia, PA 19103<br>Tel: (215) 496-0300<br>bcaldes@srkattorneys.com<br>jspector@srkattorneys.com |

*Co-Lead Interim Counsel for Indirect iPhone Purchaser Plaintiffs*

**IT IS SO ORDERED.**

Dated: _____, 2025

_____
HON. LEDA DUNN WETTRE
United States Magistrate Judge
