January 14, 2026

VIA ECF

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   *In re Apple Inc. Smartphone Antitrust Litigation*, No. 2:24-md-03113 – Joint Letter

Dear Judge Wettre:

Direct iPhone Plaintiffs, Indirect iPhone Plaintiffs, and Direct Apple Watch Purchaser Plaintiffs (collectively, "MDL Plaintiffs") and Defendant Apple Inc. respectfully submit this joint letter regarding the date for substantial completion of document production. The parties propose the following substantial completion deadlines:

- Direct Apple Watch Purchaser Plaintiffs:    June 15, 2026
- Direct and Indirect iPhone Plaintiffs:    March 31, 2026
- Apple:    June 15, 2026

Each party's position is found below.

**<u>Direct Apple Watch Purchaser Plaintiffs' Position:</u>**

Direct Apple Watch Purchaser Plaintiffs ("Watch Plaintiffs") do not object to Apple's proposed extension of the substantial completion deadline to June 15, 2026. An earlier date would prejudice Watch Plaintiffs' ability to adequately prepare for depositions given this Court's direction that "fact witnesses will only sit for deposition once between the MDL and the Government Action collectively," Dkt. 142 at PDF 19.

Watch Plaintiffs, like the other MDL Plaintiffs, are racing to catch up with Government Plaintiffs who have had years to review and analyze the millions of documents they received in the Government Investigation (the "CID documents"). But, as Watch Plaintiffs stated at the initial case conference on September 16, 2025, Watch Plaintiffs also need Watch-specific discovery. Reviewing the CID documents—which Apple has not finished producing to MDL Plaintiffs—is a prerequisite to preparing for depositions, but in Watch Plaintiffs' case, also a prerequisite to identifying a complete set of Watch-specific custodians and search parameters for the Watch-specific discovery.

January 14, 2026
Page 2

Apple's reproduction of CID documents to MDL Plaintiffs began in earnest in mid-December (before December 7, 2025, MDL Plaintiffs had received less than 10% of the approximately 2.6 million CID documents that Apple produced in the Government Investigation).. MDL Plaintiffs have now received approximately 85% of the CID documents that Apple produced in the Government Investigation. Watch Plaintiffs are reviewing those millions of documents—as well as the hundreds of thousands of reproduced Government Action documents—as quickly as possible, but identifying a complete list of key participants, terms, and information sources is only possible now that Watch Plaintiffs have a nearly-complete set of those documents. Watch Plaintiffs are working to propose search parameters to Apple in the next few weeks, but the parties will still need to negotiate those parameters; Apple will need to collect, review, and produce documents; and Watch Plaintiffs will need to review them in preparation for depositions. Based on the current pace of negotiations, it seems unlikely that Watch Plaintiffs will receive documents responsive to their unique requests by the end of March.[1] Apple suggests that Watch Plaintiffs' statement that they will need Watch-specific discovery is premature. But Watch Plaintiffs' preliminary review of the custodians that Apple and the Government have agreed to in the Government Action reveals relatively few Watch-focused Apple employees. To be clear: Watch Plaintiffs' non-objection to Apple's proposed June 15, 2026 deadline is premised on Watch Plaintiffs needing, and obtaining, Watch-specific discovery. Without that discovery, Watch Plaintiffs cannot meaningfully participate in depositions.

*Most importantly*, to mitigate the potential prejudice from depositions proceeding before Watch Plaintiffs can receive and adequately review discovery material, Watch Plaintiffs respectfully request that the Court order the parties in both the Government and MDL Actions to provide 30 days' notice of any deposition, and/or order that depositions in both cases begin no sooner than 30 days after the substantial completion deadline (or the later deadline, if the Government and MDL Actions have different deadlines). That notice will enable Watch Plaintiffs to prioritize review of documents related to upcoming deponents and to press Apple to produce Watch-related documents for those deponents. If the Court grants an extension of the substantial completion deadline, Watch Plaintiffs request a proportionate extension of the deadline for the close of fact discovery, to provide adequate time for depositions.

**Direct and Indirect iPhone Purchaser Plaintiffs' Position:**

Direct and Indirect iPhone Plaintiffs (the "iPhone Plaintiffs") respectfully submit that the substantial completion deadline in the MDL should be set to March 31, 2026, the date we understand the Government Plaintiffs have offered in the Government Action (Case No. 24-CV-

---

[1] The parties have discussed approximately 40 RFPs, but have reached agreement on less than 10 requests. For nearly all of the others, MDL Plaintiffs are waiting for Apple to confirm its position or respond to MDL Plaintiffs' questions. And even with respect to those few RFPs where Apple has agreed to a reasonable search, the parties still need to negotiate custodians and search terms. Those negotiations have not yet begun.

January 14, 2026
Page 3

04055, ECF 351). The iPhone Plaintiffs propose this date not only because all parties should be able to meet it, but because aligning substantial completion in the MDL with the date in the Government Action will facilitate coordinated discovery between the two actions. Most importantly, the sooner productions are made in the MDL, the sooner the MDL Plaintiffs will be able to work with the Government Plaintiffs and Apple to coordinate depositions.[2]

The history of this case shows the importance of setting deadlines—and Apple's ability to meet them. Apple initially slow-footed its production of CID/Government Action documents to the MDL Plaintiffs, producing just 106,770 documents between November 5, 2025, and December 5, 2025. When the Court issued the Scheduling Order on December 5, 2025, Apple finally began its production in earnest, but said it could only produce in small batches. When the MDL Plaintiffs pushed back, Apple picked up the pace. The result is that only since December 5 has Apple finally produced the vast majority of the 2.6 million documents produced in this case.[3]

The iPhone Plaintiffs' document requests largely track the Government's and the MDL parties are meeting and conferring twice a week to finalize their positions.[4] If Apple productively works with the iPhone Plaintiffs (e.g., wrapping up meet and confers by the end of the month, cooperating to identify custodians and search terms for areas not covered by the CID/Government Action productions), Apple can substantially complete production of the additional documents the iPhone Plaintiffs seek by March 31, 2026. The iPhone Plaintiffs would also be willing to work with Apple to prioritize areas of production if such a deadline is infeasible, but based on Apple's representation in the Government Action that it has 350 reviewers, a March 31, 2026 deadline provides more than sufficient time.[5]

---

[2] iPhone Plaintiffs understand that Watch Plaintiffs are joining Apple in a June 15, 2026, substantial completion deadline due to the need to address issues specific to their case. This Court can enter the March 31, 2026 deadline the Government offered as a compromise to ensure Apple works diligently to substantially complete production on common issues, while allowing extra time for the Watch Plaintiffs' unique discovery requests.

[3] Even with this Court requiring "prompt" production of the CID/Government Action documents, Apple estimates it will be mid-February before its production is complete.

[4] Excluding RFPs that are copies of the ones served in the Government Action, as well as subparts to those that are generally subsumed by the general RFP, iPhone Plaintiffs have served 48 new RFPs (of which Apple claims 12 are duplicative) and Watch Plaintiffs have served 31 new RFPs (of which Apple claims 3 are duplicative). Meet and confers commenced on December 15, 2025, once Apple had produced discovery responses and related communications from the Government Action to MDL Plaintiffs.

[5] As the Government Plaintiffs note in their related briefing, Apple's estimate on document review capacity is "puzzlingly slow" and Apple's unusual decision not to use TAR should not be used to disadvantage plaintiffs.

January 14, 2026
Page 4

      The fact that Apple only produced CID/Government Action documents in the past few weeks has placed an incredibly unfair burden on the iPhone Plaintiffs to "catch up" with the Government. We are working to do so. However, Apple's still-incomplete production of the CID/Government Action documents also means we will need cooperation from all Parties to coordinate overlapping depositions, such as (1) ample notice of intended deponents so that the iPhone Plaintiffs can prioritize review of relevant documents, and (2) complete production of relevant materials for each deposition sufficiently in advance for all Parties to sufficiently prepare.

      Finally, the iPhone Plaintiffs respectfully suggest that, once a Substantial Completion date is set, the MDL Parties should meet and confer on the balance of the schedule—i.e., fact discovery cutoff, expert reports, etc.—and submit an updated joint schedule to the Court.

**Apple's Position:**[6]

      As Apple set forth at length in its December 12, 2025 letter, filed in the Government Action, a **June 15, 2026** deadline for substantial completion of document productions is appropriate. *See United States of America, et al. v. Apple Inc.*, No. 2:24-cv-04055-JXN-LDW (the "Government Action") at Dkt. No. 351.[7] Apple incorporates those arguments by reference here. All parties appear to agree that "aligning substantial completion in the MDL with the date in the Government Action will facilitate coordinated discovery between the two actions," as the iPhone Plaintiffs say above. Indeed, Watch Plaintiff supports Apple's proposal.[8] The iPhone Plaintiffs, however, urge the Court to set a March 31, 2026 deadline. But they say nothing explaining why that date is appropriate, other than the cursory (and incorrect) assertion that "all parties should be able to meet it." Nor do they challenge, or even acknowledge, the rationales for Apple's proposed

---

[6] Apple advised MDL Plaintiffs that the Court's order directing the parties to "submit a new proposed deadline for substantial completion of document productions," Case Management Order ("CMO"), Dkt. No. 142, did not call for or authorize substantive briefing. Because MDL Plaintiffs nonetheless insisted upon submitting substantive position statements, Apple submits this statement solely to respond to MDL Plaintiffs' arguments.

[7] As noted in Apple's December 12, 2025 letter in the Government Action, the deadline for substantial completion of document productions in the Government Action "carved out data productions from the 'substantial completion' deadline applicable to documents." Government Action, Dkt. No. 353 (citing Dkt. No. 270). Data discovery provisions in both actions are identical and provide that the parties should "meet and confer regarding the specific timeline for [data] production based on the number of requests served and the burden imposed by those requests" separate from the timeline for substantial completion of document productions. Dkt. No. 142.

[8] While Watch Plaintiff characterizes Apple's proposal as an "extension," Apple's proposed deadline is well within the Court's operative deadline for the end of all fact discovery in the MDL (September 16, 2026) and, unlike in the Government Action, the Court has not previously set a substantial completion deadline in this case.

January 14, 2026
Page 5

schedule, outlined in its December 12, 2025 letter in the Government Action. But all parties appear to believe that the substantial completion deadline in the MDL should be no earlier than the deadline for substantial completion of document productions in the Government Action.[9] The appropriate course, as Apple proposes, is to set a deadline for substantial completion of document productions in this Action and in the Government Action of June 15, 2026.

The iPhone Plaintiffs' accusations that Apple has been "slow-footed" are baseless. Apple has complied with the Court's December 5, 2025 Order that Apple "promptly make rolling productions to MDL Plaintiffs' counsel in compliance with the Discovery Confidentiality Order of materials in its possession, custody, or control that have been produced in the Government Investigation, Government Action, and MDL Action." Dkt. No. 142 at VIII.A.2. By MDL Plaintiffs' own admission, Apple has provided them with a significant proportion of Apple's Government Investigation productions. Apple has also made diligent efforts to produce documents in addition to those from the Government Investigation. Between November 5, 2025 and today, Apple has already made 52 productions to MDL Plaintiffs totaling over 2.6 million documents. Apple is continuing to make substantial ongoing, rolling productions—including 3 productions within the last week.

In addition, Apple has been working diligently to respond to MDL Plaintiffs' additional requests. On October 15, 2025, iPhone Plaintiffs served 111 RFPs and Watch Plaintiffs served 94 RFPs, for a total of 205 RFPs (270 RFPs including subparts) in total. Of the 270 RFPs, 138 RFPs purportedly overlap with RFPs served in the Government Action, leaving 132 RFPs that may not fully overlap with RFPs served in the Government Action. MDL Plaintiffs only asked to begin the meet-and-confer process regarding their RFPs starting during the week of December 15. Despite the holiday interruption, the parties have held three meet-and-confer sessions over six hours, covering at least 60 RFPs. Apple has sought to advance negotiations by proposing

---

[9] At this early stage in the negotiations, it is premature for Watch Plaintiff to declare he will "also need Watch-specific discovery." As he acknowledges, Watch Plaintiff is still reviewing the *millions* of documents produced by Apple and like all MDL Plaintiffs has only begun meeting and conferring with Apple about RFPs served on Apple. Apple also believes resolution of Watch Plaintiff's proposal related to the timing of deposition notices and a further extension of the fact discovery deadlines is premature. Apple is happy to meet and confer on those subjects at the appropriate juncture. Apple notes that its proposal here, which tracks Apple's proposal in the Government Action, assumes that MDL Plaintiffs will not seek to include a significant number of additional custodians or substantially expand search terms beyond those already negotiated in the Government Action, or serve voluminous additional requests beyond those MDL Plaintiffs have already propounded. If those assumptions prove incorrect, Apple may request that this deadline be revisited.

additional windows for the parties to meet and confer over the next two weeks, which MDL Plaintiffs have accepted.

Based on the current discovery landscape, and as described in more detail in Apple's December 12, 2025 letter in the Government Action, June 15, 2026 is a reasonable and appropriate deadline that accommodates the scope and complexity of coordinated discovery among the Government Action and this Action's three plaintiff groups.

Respectfully submitted,

/s/ *Christopher A. Seeger*
Christopher A. Seeger
SEEGER WEISS, LLP
Ridgefield Park, NH 07660
Telephone: (973) 639-9100
cseeger@seegerweiss.com

Melinda R. Coolidge
HAUSFELD LLP
1200 17th Street, N.W., Suite 600
Washington, DC 20036
Telephone: (202) 540-7200
mcoolidge@hausfeld.com

Dena Sharp
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com

James E. Cecchi
CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
jcecchi@carellabyrne.com

William Christopher Carmody
SUSMAN GODFREY LLP
One Manhattan West, 50th Floor
New York, NY 10001-8602
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
bcarmody@susmangodfrey.com

Steven W. Berman
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

*Co-Lead Interim Class Counsel for Direct Purchasers' Track*

| | |
|---|---|
| Joseph J. DePalma<br>LITE DEPALMA GREENBERG<br>& AFANADOR, LLC<br>570 Broad Street, Suite 1201<br>Newark, NJ 017102<br>Telephone: (973) 623-3000<br>jdepalma@litedepalma.com | Michael Critchley Sr.<br>CRITCHLEY, KINUM & LURIA, LLC<br>75 Livingston Avenue<br>Roseland, NJ 07068<br>Telephone: (973) 422-9200<br>mcritchley@critchleylaw.com |
| *Liaison Counsel for Direct Purchasers' Track* | *Trial Counsel/Direct Purchasers' Track* |

/s/ Stanley O. King
Stanley O. King, Esq.
**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
231 S. Broad Street
Woodbury, NJ 08096
Tel: 856.845.3001
Fax: 856.845.3079
Stanley O. King
Attorney ID No. 03413-1996

*Liaison Counsel for Indirect iPhone Purchaser Plaintiffs*

| | |
|---|---|
| Michael Dell'Angelo<br>Candice J. Enders<br>Taylor Hollinger<br>**BERGER MONTAGUE PC**<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Tel: (215) 875-3000<br>mdellangelo@bergermontague.com<br>cenders@ bergermontague.com<br>thollinger@ bergermontague.com | Heidi M. Silton<br>Jessica N. Servais<br>Joseph C. Bourne<br>Michael J.K.M. Kinane<br>**LOCKRIDGE GRINDAL NAUEN PLLP**<br>100 Washington Avenue South,<br>Suite 2200<br>Minneapolis, MN 55401<br>Tel: (612) 339-6900<br>hmsilton@locklaw.com<br>jnservais@locklaw.com<br>jcbourne@locklaw.com<br>mjkmkinane@locklaw.com |
| Matthew S. Weiler<br>Todd M. Schneider<br>Raymond S. Levine<br>Suneel Jain | William G. Caldes<br>Jeffrey L. Spector<br>Rachel Kopp<br>**SPECTOR ROSEMAN & KODROFF, P.C.** |

January 14, 2026<br>
Page 8

| | |
|---|---|
| **SCHNEIDER WALLACE COTTRELL KIM LLP**<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>Tel: (415) 421-7100<br>mweiler@schneiderwallace.com<br>tschneider@schneiderwallace.com<br>rlevine@schneiderwallace.com<br>sjain@schneiderwallace.com | 2001 Market Street, Suite 3420<br>Philadelphia, PA 19103<br>Tel: (215) 496-0300<br>bcaldes@srkattorneys.com<br>jspector@srkattorneys.com<br>rkopp@srkattorneys.com |

*Interim Co-Lead Counsel for Indirect iPhone Purchaser Plaintiffs*

January 14, 2026
Page 9

| | |
|---|---|
| Thomas R. Curtin<br>tcurtin@mdmc-law.com<br>Kathleen N. Fennelly<br>kfennelly@mdmc-law.com<br>MCELROY, DEUTSCH,<br>    MULVANEY & CARPENTER, LLP<br>1300 Mount Kemble Avenue<br>Morristown, NJ  07962<br>Tel.: (973) 993-8100<br><br>David C. Frederick<br>dfrederick@kellogghansen.com<br>Aaron M. Panner<br>apanner@kellogghansen.com<br>Alex A. Parkinson<br>aparkinson@kellogghansen.com<br>Scott K. Attaway<br>sattaway@kellogghansen.com<br>Ariela M. Migdal<br>amigdal@kellogghansen.com<br>Katherine V. Tondrowski<br>ktondrowski@kellogghansen.com<br>KELLOGG, HANSEN, TODD,<br>    FIGEL & FREDERICK, P.L.L.C.<br>1615 M Street, NW, Suite 400<br>Washington, D.C.  20036<br>Tel.: (202) 326-7900<br><br>Stephen M. Tillery<br>stillery@koreintillery.com<br>Carol O'Keefe<br>cokeefe@koreintillery.com<br>KOREIN TILLERY LLC<br>505 N 7th Street, Suite 3600<br>St. Louis, MO  63101<br>Tel.: (312) 241-4844 | /s/ Steven F. Molo<br>Steven F. Molo<br>smolo@mololamken.com<br>Lauren F. Dayton<br>ldayton@mololamken.com<br>Eric Posner<br>eposner@mololamken.com<br>Matthew E. Gold<br>mgold@mololamken.com<br>MOLOLAMKEN LLP<br>300 North LaSalle Street<br>Chicago, IL  60654<br>Tel.: (312) 450-6700<br><br>Kayvon M. Ghayoumi<br>kghayoumi@mololamken.com<br>Caroline A. Veniero<br>cveniero@mololamken.com<br>MOLOLAMKEN LLP<br>600 New Hampshire Ave, N.W.<br>Washington, D.C.  20037<br>Tel.: (202) 556-2000<br><br>George A. Zelcs<br>gzelcs@koreintillery.com<br>David Walchak<br>dwalchak@koreintillery.com<br>Daniel Epstein<br>depstein@koreintillery.com<br>KOREIN TILLERY LLC<br>205 North Michigan, Suite 1950<br>Chicago, IL  60601<br>Tel.: (312) 641-9750 |

*Co-Lead Interim Class Counsel for Direct Apple Watch Purchaser Plaintiffs*

January 14, 2026<br>Page 10

| | |
|---|---|
| */s/ Liza M. Walsh*<br>Liza M. Walsh<br>Douglas E. Arpert<br>WALSH PIZZI O'REILLY FALANGA LLP<br>Three Gateway Center<br>100 Mulberry Street, 15th Floor<br>Newark, NJ 07102<br>Tel.: (973) 757-110<br>Email: LWalsh@walsh.law<br>          DArpert@walsh.law | Cynthia E. Richman (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street. N.W. Washington, DC 20036<br>Tel.: (202) 955-8500<br>Email: crichman@gibsondunn.com<br><br>Daniel G. Swanson (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Tel.: (213) 219-7000<br>Email: dswanson@gibsondunn.com<br><br>Joseph R. Rose (*pro hac vice*)<br>Julian W. Kleinbrodt (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Tel.: (415) 393-8200<br>Email: jrose@gibsondunn.com<br>          jkleinbrodt@gibsondunn.com<br><br>Connor S. Sullivan (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel.: (212) 351-2459<br>Email: cssullivan@gibsondunn.com<br><br>*Counsel for Defendant Apple Inc.* |