

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

March 2, 2026

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    *In re Apple Inc. Smartphone Antitrust Litigation*,
             No. 2:24-md-03113-JXN-LDW

Dear Judge Wettre:

The parties in the above-referenced matter submit this joint status letter, as directed by the Court's December 5, 2025 Scheduling and Case Management Order. Dkt. No. 142 at 8. The parties can discuss these topics in more detail in writing and/or at the March 18, 2026 Case Management Conference, at the Court's request.

## I. Deposition Coordination

The parties disagree over the procedures that should govern the depositions in this action, as well as the depositions that Plaintiffs may cross-notice in the Government Action.

    1. **MDL Plaintiffs' Position**:

        Depositions have been noticed in the Government Action, but the MDL does not yet have a deposition protocol allowing MDL Plaintiffs to determine the consequences of cross-noticing these depositions. Accordingly, MDL Plaintiffs respectfully request entry of a deposition protocol establishing the following limits and procedures. The parties exchanged their proposed deposition protocols on Thursday, February 19, and they met and conferred about those proposals on Wednesday, February 25.

        a. Document Production: In order for the MDL Plaintiffs to adequately represent the interests of their respective classes, they must have a witness's documents before the MDL deposition of that witness may proceed. Apple should promptly produce documents and achieve substantial completion. MDL Plaintiffs further note that their cases—and especially the Watch Plaintiffs' case—cover topics distinct from those raised in the Government Action, and that their discovery requests accordingly request documents different from those requested by the Government Plaintiffs.

        b. Notice / Scheduling / Timing: If a deponent is also a document custodian, then the

Honorable Leda Dunn Wettre, U.S.M.J.
March 2, 2026
Page 2

    production of all documents for which they are a custodian must be completed by the earlier of (1) 30 days before their deposition or (2) the substantial completion deadline. If a deposition is noticed in the Government Action before the MDL parties receive full productions of documents related to the noticed witness, then to afford due process and avoid prejudice, MDL parties must be permitted to depose the witness after such document production is complete.

c. <u>Notices not required</u>:  Formal deposition notices for party witnesses are not required; notice by letter shall be sufficient. Any Party noticing a deposition shall serve the notice on all other Parties using the service email addresses listed in the case management orders (Dkt. 142 in the MDL; Dkt. 270 in the Government Action).

d. <u>Number</u>: The Government Plaintiffs have proposed that each side in the Government Action be limited to 50 depositions of fact witnesses under Rule 30(b)(1) and Rule 45 of the Federal Rules of Civil Procedure. The MDL Plaintiffs should be allowed to cross-notice any deposition that is noticed in the Government Action, and each MDL party (i.e., the DIPs, IIPs, Watch Plaintiffs, and Apple) should each be allowed to notice 20 additional depositions of fact witnesses in the MDL Action. If the Government Plaintiffs do not use all fact-witness depositions allotted to them, then the remaining depositions should be allotted to the MDL Plaintiffs.

    The following depositions shall not count against any deposition caps imposed in this case: (a) second depositions of witnesses who were initially noticed by the Government Plaintiffs and whose first depositions proceeded before the MDL parties received full productions of documents related to the noticed witness; (b) depositions of the parties' designated expert witnesses; (c) depositions of any persons identified on a party's final trial witness list who were not identified on that party's preliminary trial witness list or initial disclosures; and (d) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or depositions of a non-party, provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

e. <u>Time allocation</u>:

    a. <u>Depositions of a party witness</u>:

        If a single MDL party (i.e., one of DIPs, IIPs, Watch Plaintiffs, or Apple) notices a party witness for a 30(b)(1) deposition, the noticing party shall be limited to 7 hours on the record.

        If more than one party within the same action (with the MDL being treated as one action, so more than one plaintiff within the MDL) notices a party witness for a 30(b)(1) deposition, the noticing parties shall be limited to 10 hours on the record over one single day of testimony.

Honorable Leda Dunn Wettre, U.S.M.J.
March 2, 2026
Page 3

Noticing MDL Plaintiffs will determine their order by agreement or else random selection. Plaintiffs that examine a witness earlier in time may examine a witness further in any remaining time allotted for the deposition.

*With respect to one aspect of this provision, regarding time allocation for depositions of party witnesses, Watch and Phone Plaintiffs propose different approaches. Watch Plaintiffs request that whatever protocol the Court enters, it affords at least 2 hours on the record to any party that cross-notices a party witness.*

**Watch Plaintiffs' proposal**: If parties in both the Government Action and the MDL notice a party witness for a 30(b)(1) deposition, then the resulting depositions shall occur on two consecutive business days, with the Government Action deposition proceeding on the first day and the MDL deposition proceeding on the second day, unless the noticing Government Action and MDL parties agree otherwise, or unless the MDL parties show good cause why the MDL deposition cannot proceed consecutively the day after the Government Action deposition. The noticing MDL parties shall receive 7 hours on the record, split evenly among themselves, unless they agree otherwise.

**Phone Plaintiffs' proposal**: If parties in both the Government Action and the MDL notice a party witness for a 30(b)(1) deposition, the default rule should be that cross-noticed depositions of party witnesses may last for a total of 10 hours over one single day of testimony. Plaintiffs will work cooperatively to allocate the time available for questioning, and the Government Plaintiffs will presumptively be entitled to 7 hours in any deposition that they notice. The DIPs, IIPS, and Watch Plaintiffs should each be allowed to select 7 cross-noticed depositions of party witnesses for a total of 21 depositions that may last for a total of 2 full 7-hour days.

b. <u>Depositions of a non-party witness</u>: If a single MDL party (one of DPPs, IPPs, Watch Plaintiffs, or Apple) notices a non-party deposition, the noticing party shall be limited to 7 hours on the record and non-noticing parties will each receive 1.5 hours of examination time. The time allocated to noticing parties may be expanded by agreement or court order for good cause shown. This allocation of time is separate from any time allocated to the Government Plaintiffs in the Government Action.

If multiple parties notice a non-party deposition, then they will determine the total time on the record, and the order and allocation of such time. If they cannot reach an agreement, they will divide their time evenly and determine order by random selection, except that if Apple notices a nonparty then it shall proceed first. No noticing party shall receive less than 2 hours on the record, and no non-

Honorable Leda Dunn Wettre, U.S.M.J.
March 2, 2026
Page 4

    noticing party shall receive less than 1 hour on the record. Parties that examine a witness earlier in time may examine a witness again in any remaining time allotted for the deposition.

    Any Party may apply to the Court for additional time for specific non-party witnesses, for good cause shown.

f. <u>Exhibits</u>: If multiple questioning attorneys want to use the same document as an exhibit in the same deposition, then the attorneys should use whatever version of that document is used by the first attorney to use that document while examining the deponent.

g. <u>Remaining Issues</u>: MDL Plaintiffs agree to the Government Plaintiffs' positions with respect to Cooperation to Reduce Burden on Witnesses, Depositions to Take Place in Person, Objections, Reservation of Rights, Deposition Scheduling, Time Excluded from Deposition, Preparation of Deponents, and Court Reporter Arrangements, as those positions were outlined by email on February 24, 2026. Those positions are paraphrased as follows:

    a. <u>Cooperation to Reduce Burden on Witnesses</u>: The parties will cooperate in good faith to reduce the burden on witnesses noticed for depositions and to accommodate the witnesses' schedules. Prior to serving deposition notices or subpoenas, the parties and non-parties will consult in advance to schedule depositions at mutually convenient times and places.

    b. <u>Depositions to Take Place in Person</u>: Absent agreement of the parties, all party, non-party, and expert depositions presumptively will take place in person. The noticing party will provide an option for remote participation.

    c. <u>Objections</u>: Any objection made by any party in a deposition preserves that objection for every party. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). Speaking objections are prohibited. No instruction not to answer shall be given unless a privilege is implicated.

    d. <u>Reservation of Rights</u>: The parties reserve the right to seek from the Court additional deposition time with particular witnesses or a different allocation of time than the allocations that are set forth within this Section.

    e. <u>Deposition Scheduling</u>: If a party serves a non-party subpoena for the production of documents or ESI and a subpoena commanding attendance at a deposition, the party serving those subpoenas must schedule the deposition for a date at least 14 days after the return date for the document subpoena or the agreed-upon date for production, absent other agreement of the parties. A party must serve a cross-notice of deposition on a non-party, if any, within 7 days of

  service of the original deposition subpoena or within 7 days of the date for completion of production of documents, whichever is later.

 f. <u>Time Excluded from Deposition</u>: Reasonable breaks will be excluded from calculation of deposition time under Rule 30(d)(1) of the Federal Rules of Civil Procedure. Only a reasonable amount of time for a deponent to review a document tendered for the examination will count against the Rule 30(d)(1) limits, but the parties agree that deponents will be free to review as much as he or she believes is necessary of any exhibit off the clock. If review of any document takes more than 3 minutes, then any counsel may ask for the clock to be stopped, and the witness may continue to review the document.

 g. <u>Preparation of Deponents</u>: Deponents and their counsel must make a good faith effort to prepare for deposition and to refresh witnesses' memories on important matters in the suit about which the witness reasonably should be expected to have knowledge.

 h. <u>Court Reporter Arrangements</u>: The first-noticing party will be responsible for arranging court reporters for any deposition.

2. **Apple's Position**:

On February 12, 2026, Apple, MDL Plaintiffs, and the Government Plaintiffs held an initial call to discuss the need to confer regarding the coordination of depositions between the MDL and the Government Action. Each party provided its initial position on twelve deposition coordination topics. For example, Apple proposed that MDL Plaintiffs may notice 5 additional party depositions (of no more than 7 hours each) in addition to cross-noticing any depositions in the Government Action; that MDL Plaintiffs could notice an additional Rule 30(b)(6) deposition of 7 hours beyond the time already allotted in the Government Action; and that the parties adopt the same protocols for excluding time and cross-noticing depositions that the Court ordered in the Government Action, among other coordination issues. The first substantive meet and confer took place on February 25, 2026. The parties made progress on multiple issues during that discussion and more since. The parties should continue conferring. MDL Plaintiffs' own counsel have not yet fully converged on a single set of proposals. The parties have never discussed multiple of MDL Plaintiffs' proposals, some of which have been amended multiple times in the days leading up to this submission, with the most recent substantive changes coming at 6:00 pm ET on Friday February 27. At that time, Watch Plaintiff proposed a protocol that would require certain Apple witnesses to sit more than once, disregarding this Court's order in both the Government Action and the MDL that "fact witnesses will only sit for deposition once as between the MDL and the Government Action collectively." (MDL Dkt No. 142 at 19; see also Government Action Dkt. No. 242-2 at 20.) The Court should allow the parties time to continue conferring.

Because the parties' negotiations remain ongoing, and the parties have committed to attempting to seek resolution by compromise, Apple will not burden the Court with an itemized recitation of its initial position on each aspect of coordination. Apple is prepared to share its positions on each

Honorable Leda Dunn Wettre, U.S.M.J.
March 2, 2026
Page 6

item of coordination before or during the March 18 conference if the Court would find such information helpful.

## II. Schedule

The Parties have agreed upon a proposed revision to the case schedule reflected in the table below:

| Case Event | Proposed Deadline[1] |
|---|---|
| Substantial Completion for Document Productions | June 15, 2026 (on requests served on or prior to January 5, 2026) |
| Deadline to Start Serving Contention Interrogatories | December 30, 2026 |
| Fact Discovery Deadline | January 29, 2027 |
| Deadline to Respond to Contention Interrogatories | February 12, 2027 |
| Opening Expert Reports ISO Class Certification | April 2, 2027 |
| Rebuttal Expert Reports ISO Class Certification | July 1, 2027 |
| Reply Expert Reports ISO Class Certification | September 22, 2027 |
| Deadline to Respond to Contention Interrogatories (if Expert Opinion Required for Response) | October 6, 2027 |
| Class Certification Expert Discovery Deadline | November 3, 2027 |
| Plaintiffs' Motion for Class Certification | November 23, 2027 |
| Apple's Opposition to Class Certification and Daubert Motions Against Plaintiffs' Class Certification Experts | February 4, 2028 |
| Plaintiffs' Reply ISO Class Certification, Daubert Motions Against Apple's Class Certification Experts, and Opposition to Apple's Daubert Motions | April 17, 2028 |
| Apple's Reply ISO Daubert Motions and Oppositions to Plaintiffs' Daubert Motions | May 12, 2028 |
| Plaintiffs' Reply ISO Daubert Motions | June 6, 2028 |

---

[1] Apple's agreement with this proposed schedule assumes that MDL Plaintiffs will reasonably limit their voluminous document requests (including second sets that the parties have not yet begun to discuss) and will not seek to include a significant number of additional custodians or substantially expand search terms beyond those already negotiated in the Government Action. If those assumptions prove incorrect, Apple may request that these deadlines be revisited.

Honorable Leda Dunn Wettre, U.S.M.J.
March 2, 2026
Page 7

### III. Discovery Negotiations

The parties have met and conferred more than 15 times regarding the Plaintiffs' discovery requests to Apple since December 17, 2025. Apple first served its own Requests for Production and Interrogatories on January 5, 2026 to which Plaintiffs responded. Direct Apple Watch Purchaser Plaintiffs served amended responses to Apple's requests for production, making certain corrections on February 15. The parties first met and conferred regarding those requests on February 17, and those conversations have continued apace and are ongoing.

### IV. Direct Apple Watch Purchaser Plaintiffs' Additional Position:

1. **Discovery 30(b)(6) deposition not to count against 30(b)(6) limits**

    a. **Watch Plaintiffs' Position**: At the September 16, 2025 case management conference in the Government Action, the Court noted its receptivity to the idea of an early 30(b)(6) deposition "for the purpose of guiding discovery." *U.S. v. Apple, Inc.*, 24-cv-04055 (Sep. 16, 2025), Tr. 40:20 – 43:6. The Government Plaintiffs noticed such a deposition on January 27, 2026. Watch Plaintiffs issued a cross-notice out of concern that there would only be an opportunity for one such deposition across both actions and if they did not act promptly, they would lose the opportunity to investigate topics related to discovery of data unique to Watch Plaintiffs' case. However, Watch Plaintiffs proceeded before a deposition protocol was entered in this case, and thus are concerned that Apple may later argue that Watch Plaintiffs' participation in this early 30(b)(6) on discovery precludes Watch Plaintiffs from seeking a 30(b)(6) deposition of Apple on substantive matters, or that it would count against time in such a deposition. Watch Plaintiffs asked Apple if they would rule out asserting such an argument, but Apple declined. Accordingly, Watch Plaintiffs ask the Court to clarify that Watch Plaintiffs' participation in this early 30(b)(6) deposition on discovery will not have the effect of limiting Watch Plaintiffs' ability to take 30(b)(6) depositions of Apple on substantive matters going forward, either by reducing the number of 30(b)(6) depositions Watch Plaintiffs can take, or by reducing the number of hours for such depositions.

    b. **Apple's Position**: There is no dispute for the Court to resolve. When Watch Plaintiff first raised this issue on February 25, 2026, Apple responded that it would not object to MDL Plaintiffs serving a Rule 30(b)(6) notice later in the case on different topics, subject to any agreed-upon or court-ordered limitations. But time spent taking an early 30(b)(6) (if one is appropriate at all) should be counted against any agreed-upon or court-ordered limit on the length of Rule 30(b)(6) depositions. Because the parties are continuing to confer about deposition coordination generally, including the processes and time limits for Rule 30(b)(6) depositions, there is nothing for the Court to "clarify" at this time.

Honorable Leda Dunn Wettre, U.S.M.J.
March 2, 2026
Page 8

Thank you as always for Your Honor's attention to this matter.

Respectfully submitted,

*s/ Liza M. Walsh*
Liza M. Walsh

cc: All Counsel of Record (via ECF)