**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 2:24-cv-04055-JXN-LDW |
| IN RE APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Case No. 2:24-md-3113-JXN-LDW |

**SPECIAL MASTER APPOINTMENT ORDER**

This matter comes before the Court *sua sponte* regarding the appointment of Special Discovery Masters in the above-captioned actions. In accordance with Rule 53(b)(1) of the Federal Rules of Civil Procedure, the Court notified the parties of its intention to appoint Jose L. Linares, U.S.D.J. (ret.), Ronald J. Hedges, U.S.M.J. (ret.), and Peter F. Bariso, Jr., A.J.S.C. (ret.) as Special Masters on May 5, 2026. All parties consent to these appointments. For the reasons stated in the Court's memorandum of May 5, 2026, Dkt. No. 431, it is hereby **ORDERED** that:

1. Jose L. Linares, U.S.D.J. (ret.), Ronald J. Hedges, U.S.M.J. (ret.), and Peter F. Bariso, Jr., A.J.S.C. (ret.) ("the Special Masters") are appointed pursuant to Federal Rule of Civil Procedure 53 as Special Masters in 2:24-cv-04055-JXN-LDW ("Government Action") and

1

2:24-md-3113-JXN-LDW ("MDL," and together with Government Action, "Actions") for the purpose of considering matters referred to them as described in Paragraph 3 below.

2. Pursuant to Rule 53(b)(3)(A) of the Federal Rules of Civil Procedure, the Special Masters shall file affidavits disclosing whether there is any ground for disqualification under 28 U.S.C. § 455 within ten business days of the entry of this Order.

3. The Special Masters may hear disputes or matters relating to discovery in the above-captioned Actions, including but not limited to claims of privilege, motions to compel, motions to quash, motions for protective order, and disputes over scheduling, depositions, electronic discovery, and expert discovery. The Court may assign a particular dispute or matter to a particular Special Master, or may also assign a particular category of disputes or matters to a particular Special Master.

4. Pursuant to Local Civil Rule 37.1(b), for any discovery dispute that the parties are unable to resolve after a good-faith effort to confer, the parties shall jointly file a notice of impasse with Judge Wettre informing the Court of the dispute. The notice shall describe the dispute as well as the parties' efforts to resolve the dispute. The joint notice shall not exceed two single-spaced pages. The notice shall also inform the Court of the urgency of the dispute, and whether any ongoing discovery must await resolution of the instant dispute.

5. Following Judge Wettre's determination that the parties have reached impasse on a discovery dispute, the parties shall submit letter briefs on the dispute as follows:

   a. The moving party shall submit its letter brief (not to exceed four single-spaced pages) within five business days from an order granting leave to submit letter briefs. If the letter presents multiple discovery disputes, the letter shall have numbered

paragraphs for each disputed item. For the avoidance of doubt, nothing in this Order requires a party to include all ripe disputes in a single letter.

b. The responding party shall submit its letter brief (not to exceed four single-spaced pages) after receipt of the initial letter brief and within ten business days from the order granting leave to submit letter briefs. The letter shall address each disputed item following the same numbered-paragraph protocol used in the initial letter.

c. No party shall submit a reply letter brief absent leave of Court or (if assigned) a Special Master, which must be provided prior to any submission.  The reply letter brief, if permitted, shall not exceed two single-spaced pages.

d. The parties may stipulate to appropriate, modest extensions of pages or this briefing schedule.

e. Upon a showing of good cause, the moving party or the responding party may ask the Court or (if assigned) a Special Master for leave to submit a full brief. The Court or (if assigned) a Special Master will then decide whether full briefing is appropriate, and the schedule and page limits that shall apply.

6. Upon review of the letter briefs, Judge Wettre will determine whether to resolve the dispute herself or assign it to a Special Master.

7. Should the Court assign a Special Master to hear a dispute, and if the Special Master holds a conference, it will be within the Special Master's discretion to hold any conference in person, virtually, or telephonically as the Special Master deems appropriate, and to issue rulings either verbally during such conferences, or in a written opinion.

8. All proceedings before a Special Master shall be recorded by a court reporter and made available to the parties to the relevant dispute. The moving party shall be responsible for arranging for the court reporter.

   a. The cost of the court reporter shall be allocated among the parties as described in Paragraph 21.

9. A Special Master's findings of fact and conclusions of law with respect to the matters presented by the parties shall be made pursuant to Federal Rule of Civil Procedure 53(d), reported to the Court, and filed on the docket(s) of the relevant Action(s) as soon as practicable. Unless directed by the Court or believed advisable by a Special Master, the findings of fact and conclusions of law shall not be accompanied by a transcript of the proceedings, the evidence, or the exhibits.

10. A Special Master shall preserve all rulings, any memoranda of oral rulings, and their findings, reports, and recommendations until these cases are resolved, including any actual or potential appeals. If any party files an appeal of a ruling by a Special Master within this District Court, it shall be that party's responsibility to file any pertinent transcript, exhibit, or otherwise.

11. If an unresolved dispute arises at a deposition, then the parties may contact the Chambers of the Magistrate Judge or a designated Special Master for assistance during the deposition. The parties shall endeavor to give the Magistrate Judge or Special Master advance notice if disputes are likely to arise at a deposition.

12. A Special Master and other persons assisting the Special Master may have access to trade secrets, proprietary information, or other information designated "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" in the Actions, including,

4

but not limited to, information that may be subject to any Discovery Confidentiality or Protective Order entered in the Government Action (Dkts. 235, 236) and the MDL (Dkt. 124) (collectively, "Protected Materials"). To receive such Protected Materials, the Special Masters and their assistant lawyers must sign the Agreement Concerning Confidentiality appended to the Protective Orders in both Actions, through which they become bound by the Protective Orders. The Special Master and other persons assisting the Special Master shall preserve and protect the confidentiality of all Protected Materials in accordance with the terms of any Discovery Confidentiality or Protective Order.

13. If required to file any orders, findings, opinions or other materials that contain or reference any Protected Materials, a Special Master shall file the same under seal. The parties shall inform a Special Master, in bold highlighted type font atop the first page of any submission, if the materials therein are designated as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" and whether any resulting ruling containing information so designated should be filed under seal. A party whose Protected Materials are contained or referenced in the party's or another party's submissions to the Special Master and/or the Special Master's filing(s) shall also file an appropriate motion to seal under Local Civil Rule 5.3. The party shall also create a redacted version of the Special Master's filing(s) to be filed in accordance with Local Civil Rule 5.3.

14. For the avoidance of doubt, the protections of Federal Rule of Evidence 502(d), as stated in the Discovery Confidentiality or Protective Orders in both Actions, apply to all disclosures in the Actions, including disclosures made in connection with proceedings before any Special Master. No such disclosure shall constitute a waiver of any privilege or protection in these Actions or any other proceeding.

15. Pursuant to Rule 53(f)(3), a Special Master's findings of fact will be reviewed *de novo*. Pursuant to Rule 53(f)(4), a Special Master's rulings on questions of law will be reviewed *de novo*. Rulings on procedural matters will be reviewed for abuse of discretion pursuant to Rule 53(f)(5).

16. The authority of the Special Masters shall be coextensive with that of a Magistrate Judge in the District of New Jersey pursuant to Local Civil Rule 72.1. By agreement of the parties, the rulings of the Special Masters will be subject to only one level of appeal within the District Court. Any appeal of a ruling made by a Special Master shall be taken to the District Judge through the procedure for appealing described in Paragraph 17 and consistent with Local Civil Rule 72.1(c)(1).

17. The procedure for appealing a ruling by a Special Master within the District Court shall be as follows:

    a. A party may appeal a Special Master's ruling by filing a notice of appeal and supporting letter memorandum no later than 14 calendar days after the Special Master's ruling is filed on the docket. The appealing party's letter memorandum in support of the appeal shall not exceed 5 single-spaced pages absent leave of Court.

    b. The non-appealing party's response, if any, to an appeal within the District Court must be filed within 14 calendar days after the appealing party files its memorandum in support of the appeal within the District Court. The response shall not exceed 5 single-spaced pages absent leave of Court.

    c. No party may file a reply submission absent leave of Court, which must be provided prior to any such filing.

d. If no notice of appeal is filed within 14 calendar days of a Special Master's ruling having been filed on the docket of the relevant Action(s), the right to an appeal within the District Court is waived and the Special Master's ruling is deemed adopted in full. The parties may request entry of a proposed order by the District Court.

18. Where a party timely appeals a Special Master's ruling within the District Court using the procedure for appealing described in Paragraph 17, the party may request that the Special Master's ruling not take effect until the appeal within the District Court has been resolved.

19. Compensation shall be paid to Judge Linares at a rate of $1,500 per hour. Compensation shall be paid to Judge Hedges and Judge Bariso at a rate of $750 per hour. Each Special Master may employ up to two attorneys to support them at a rate not to exceed $700 per hour. Such lawyers will be under the supervision and control of the respective Special Master, who shall take appropriate action to ensure that such lawyers preserve the confidentiality of matters submitted to the Special Master for review.

20. The Special Masters shall issue bills on a monthly basis for their services, their assistant lawyers' services, and any out-of-pocket expenses to each party. The bills should include reasonably detailed descriptions of the activities worked upon. The parties shall make prompt payments to the Special Masters.

21. Special Master compensation costs shall be allocated among the parties in the following manner:

a. For Special Master compensation incurred for discovery disputes involving only parties in the Government Action, Plaintiffs in that action will be jointly responsible

for paying one-half of compensation, while Apple will be responsible for paying the other half.

b. For Special Master compensation incurred for discovery disputes involving only parties in the MDL, Plaintiffs in that action will be jointly responsible for paying one-half of compensation, while Apple will be responsible for paying the other half.

c. For Special Master compensation incurred for discovery disputes involving Plaintiffs in both Actions, the Plaintiffs in the Government Action will be jointly responsible for paying one-quarter of compensation, the Plaintiffs in the MDL will be jointly responsible for paying one-quarter of compensation, and Apple will be responsible for the remaining one-half of compensation.

d. Nothing in this Order diminishes the rights of any party or non-party to seek recovery of Special Master fees and expenses in any particular dispute.

22. In accordance with Federal Rule of Civil Procedure 53(a)(3), the Court will protect against unreasonable expense by implementing the following procedure:

a. Each month, each Special Master will file, under seal, with the Court and serve on the parties a record of activities and expenses incurred in connection with these Actions; and

b. The Court will monitor the Special Masters' monthly reports for reasonableness in light of burden and expense to all parties.

23. The Special Masters shall not have *ex parte* communications with any party regarding these Actions or issues pending before the Special Masters. This prohibition does not include non-substantive communications. In addition, the parties may agree in writing, on recommendation by a Special Master or otherwise, to communicate with a Special Master

on an *ex parte* basis. In those instances, the decision as to whether to engage in such *ex parte* communications is committed to the sound discretion of a Special Master consistent with Federal Rule of Civil Procedure 53(c). Notwithstanding the foregoing, at a Special Master's request, a party or non-party may submit materials to the Special Master for *in camera* review without disclosure to other parties solely for the purpose of resolving claims of privilege, work product protection, confidentiality, or other similar protections. The Special Masters may communicate *ex parte* with the Court and with other Special Masters.

24. The Special Masters shall exercise all reasonable diligence in performing their assigned duties and shall take all appropriate measures to perform their duties fairly and efficiently.

25. The Court may modify this Order, in whole or part, upon notice to the parties, at any time.

26. The Clerk shall serve copies of this Order on the Special Masters and counsel for the parties by electronically filing it on the dockets of the above-captioned Actions.

Dated:  June 18, 2026

 *s/ Julien Xavier Neals*
JULIEN XAVIER NEALS
United States District Judge