# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Case No. 24-md-3113-JXN-LDW |
| | MDL No. 3113 |
| This Document Relates to: | Hon. Julien X. Neals, U.S.D.J. |
| | Hon. Leda D. Wettre, U.S.M.J. |
| All Direct Purchaser Actions and All Indirect Purchaser Actions | **RETURN DATE: August 17, 2026** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DIRECT IPHONE PURCHASER PLAINTIFFS' AND INDIRECT IPHONE PURCHASER PLAINTIFFS' MOTION FOR ISSUANCE OF A LETTER OF REQUEST UNDER THE HAGUE EVIDENCE CONVENTION TO KLARNA BANK AB IN THE KINGDOM OF SWEDEN**

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

BACKGROUND .....................................................................................................2

LEGAL STANDARD..............................................................................................5

ARGUMENT ..........................................................................................................7

    A.   The Requested Evidence Is Important To The Litigation ..............................7

    B.   The Letter Of Request Is Reasonably Specific And Tailored ........................9

    C.   No Adequate Alternative Means Exist To Obtain The Information ............11

    D.   Issuance Promotes U.S. Interests And Does Not Undermine Sweden's Interests........................................................................................................12

CONCLUSION......................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
278 F.R.D. 51 (E.D.N.Y. 2010)........................................................................13

*Arcelik A.S. v. E.I. DuPont de Nemours & Co.*,
856 F. App'x 392 (3d Cir. 2021).....................................................7, 11, 12, 14

*AstraZeneca LP v. Breath Ltd.*,
2011 WL 1421800 (D.N.J. Mar. 31, 2011) ......................................................7

*In re Auto. Refinishing Paint Antitrust Litig.*,
358 F.3d 288 (3d Cir. 2004) ..........................................................................5, 6

*In re Baycol Prods. Litig.*,
348 F. Supp. 2d 1058 (D. Minn. 2004) ...........................................................10

*Behrens v. Arconic, Inc.*,
2020 WL 1250956 (E.D. Pa. Mar. 13, 2020) .................................................12

*El Paso Disposal, LP v. Ecube Labs Co.*,
792 F. Supp. 3d 703 (W.D. Tex. 2025) ...........................................................11

*Ingenico Inc. v. Ioengine, LLC*,
2021 WL 765757 (D. Del. Feb. 26, 2021)......................................................13

*Lincoln Adventures, LLC v. Those Certain Underwriters at Lloyd's London*,
2020 WL 13158012 (D.N.J. Oct. 14, 2020) ...................................................11

*Liqwd, Inc. v. L'Oréal USA, Inc.*,
2018 WL 11189616 (D. Del. Nov. 16, 2018)...................................................6

*In re Mercedes-Benz Emissions Litig.*,
2020 WL 487288 (D.N.J. Jan. 30, 2020)..........................................................9

*Milliken & Co. v. Bank of China*,
758 F. Supp. 2d 238 (S.D.N.Y. 2010) ............................................................13

*Netherby Ltd. v. Jones Apparel Grp., Inc.*,
2005 WL 1214345 (S.D.N.Y. May 18, 2005)..................................................6

*Ney v. Owens-Illinois, Inc.*,
    2016 WL 7116015 (E.D. Pa. Dec. 6, 2016) .....................................................9

*Pronova BioPharma Norge AS v. Teva Pharms. USA, Inc.*,
    708 F. Supp. 2d 450 (D. Del. 2010) .................................................................6

*Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*,
    482 U.S. 522 (1987).................................................................................*passim*

*Strauss v. Credit Lyonnais, S.A.*,
    249 F.R.D. 429 (E.D.N.Y. 2008).................................................................9, 12

*Tulip Computs. Int'l B.V. v. Dell Comput. Corp.*,
    254 F. Supp. 2d 469 (D. Del. 2003) ...................................................5, 6, 9, 10

*In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*,
    2021 WL 6010575 (D.N.J. Dec. 20, 2021) ...................................................12

## Other Authorities

Commission Decision of 11 July 2024, Case AT.40452—Apple—Mobile
    Payments, C(2024) 4761, https://competition-
    cases.ec.europa.eu/cases/AT.40452 ..............................................................3

Hague Convention on the Taking of Evidence Abroad in Civil or Commercial
    Matters, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444.........................13

Restatement (Third) of Foreign Relations Law § 473 reporters' note 5 (Am. L. Inst.
    1987) ...........................................................................................................14

Status Table, Convention of 18 March 1970 on the Taking of Evidence Abroad in
    Civil or Commercial Matters, HCCH,
    https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last
    visited July 13, 2026)....................................................................................6

Sweden—Declarations & Reservations, Hague Evidence Convention, HCCH,
    https://www.hcch.net/en/instruments/conventions/status-
    table/notifications/?csid=560&disp=resdn (last visited July 13, 2026) ........10

## INTRODUCTION

Direct iPhone Purchaser Plaintiffs and Indirect iPhone Purchaser Plaintiffs (collectively, "iPhone Plaintiffs") respectfully request that this Court issue the accompanying Letter of Request under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention") to Klarna Bank AB ("Klarna Bank")[1] in the Kingdom of Sweden. iPhone Plaintiffs' Letter of Request seeks internal business reports, analyses, and data concerning Klarna's digital-wallet, virtual-card, and contactless-payment products, and the effects of Apple's policies governing digital wallets and related smartphone features.

iPhone Plaintiffs have already subpoenaed Klarna Bank's United States affiliate, Klarna Inc. ("Klarna US"). Over several meet-and-confers and numerous emails, iPhone Plaintiffs focused their requests on documents showing Klarna's strategic discussions and business analyses regarding the European Commission's decision requiring Apple to open its mobile payment system to competitors. Counsel for Klarna US confirmed during the final meet-and-confer that those documents are held by Klarna Bank in Sweden, and Klarna US's July 7, 2026 response letter confirms that, after a diligent and reasonable search, Klarna US identified no

---

[1]"Klarna" refers collectively to Klarna Bank AB and Klarna Inc.; "Klarna Bank" refers to Klarna Bank AB, and "Klarna US" refers to Klarna Inc.

responsive documents in its own possession, custody, or control. Because Klarna Bank is beyond the reach of a Rule 45 subpoena, the documents are obtainable only through the Hague Evidence Convention.

Both the United States and the Kingdom of Sweden are Contracting Parties to the Hague Evidence Convention. iPhone Plaintiffs' proposed Letter of Request meets each of the comity factors courts apply when issuing such letters: it seeks evidence important to core issues in this case; the requests are reasonably specific and tailored; no adequate alternative means exist to obtain the information; and issuance promotes the interests of the United States without undermining those of the Kingdom of Sweden. The Court should grant the Motion and issue the Letter.

## BACKGROUND

This Motion arises in related actions pending in this District: *United States v. Apple Inc.*, No. 2:24-cv-04055 (D.N.J.), brought by the United States and a number of state governments ("Government Plaintiffs"); and the related private actions consolidated as *In re Apple Inc. Smartphone Antitrust Litigation*, MDL No. 3113 (D.N.J.), which include class claims by Direct and Indirect iPhone Purchaser Plaintiffs and an Apple Watch Plaintiff. Plaintiffs allege, in substance, that Apple's rules governing app distribution, its restrictions on third-party access to application programming interfaces ("APIs") and related development tools, and its technical design choices have suppressed competing innovations and foreclosed competition

2

in alleged smartphone, performance-smartphone, and smartwatch markets. *See generally* No. 2:24-cv-04055, Dkt. 51 ("Gov't Compl."); MDL No. 3113, Dkt. 87 ("DPP Compl."); MDL No. 3113, Dkt. 109 ("IIPP Compl."); MDL No. 3113, Dkt. 86 ("Watch Compl.").

Plaintiffs' theory of harm extends to digital wallets and related payment functionality. Plaintiffs allege that Apple restricted digital wallets and the smartphone features on which they depend—including access to near-field communication ("NFC") and "tap-to-pay" functionality—as part of the challenged conduct. *See* Gov't Compl. ¶¶ 104–118. Plaintiffs further allege that Apple charges issuing banks a fee of 0.15 percent for transactions conducted through Apple Wallet, while competing wallet providers do not impose a comparable charge. *See* Gov't Compl. ¶ 113; DPP Compl. ¶ 146; IIPP Compl. ¶ 146. In July 2024, following an investigation into these same NFC restrictions, the European Commission adopted a decision making binding Apple's commitments to open access to the NFC functionality on iOS devices to third-party wallet and payment providers in the European Economic Area. *See* Commission Decision of 11 July 2024, Case AT.40452—Apple—Mobile Payments, C(2024) 4761, https://competition-cases.ec.europa.eu/cases/AT.40452 (the "EC Decision").

Klarna is a global digital-payments and shopping provider, and is among the third-party digital-wallet and payment providers whose competitive position

Plaintiffs place at issue. Klarna offers virtual cards, a digital wallet, and contactless-payment products usable on smartphones and wearables, and competes with Apple Pay, Apple Wallet, and other digital-wallet providers. Klarna Bank AB is a Swedish company headquartered in Stockholm, Sweden; Klarna Inc. is its United States affiliate, headquartered in Columbus, Ohio.

On February 13, 2026, iPhone Plaintiffs jointly served a subpoena on Klarna US containing forty-three requests for production concerning, among other things, Klarna's digital wallets, virtual cards, and contactless-payment methods; Klarna's interactions with Apple and other smartphone manufacturers regarding wallet and app approval and access to smartphone payment features; analyses comparing Apple Pay and Apple Wallet to competing products; consumer adoption of and switching among digital wallets; and Klarna's fees, costs, revenue, and transaction data. *See* Declaration of Kyle P. Quackenbush ("Quackenbush Decl.") ¶ 3 & Ex. B. By agreement of counsel, Klarna US's deadline to respond was extended to July 7, 2026. *Id.* ¶ 4. Counsel met and conferred by videoconference on April 6, May 4, May 27, and June 11, 2026. *Id.* ¶ 5. Through that process, iPhone Plaintiffs focused their requests on documents showing Klarna's strategic discussions and business analyses regarding the EC Decision's mandate that Apple open its mobile payment system to competitors. *Id.* ¶ 6. During the June 11, 2026 meet and confer, counsel for Klarna US confirmed that those documents are held by Klarna Bank, Klarna's European

entity, in Sweden. *Id.* ¶ 10. On July 7, 2026, Klarna US responded to the subpoena by letter of counsel, confirming that it "has not identified any such documents in its possession, custody, or control" after "a diligent and reasonable search." *Id.* ¶¶ 7–8 & Ex. C. Klarna US further objected that the subpoena seeks documents "in the possession of third parties or separate legal entities" and documents "located outside the United States, maintained by Klarna's foreign affiliates," invoking the data-protection laws of foreign jurisdictions. *Id.* ¶ 9 & Ex. C.

Through the Letter of Request, iPhone Plaintiffs seek targeted categories of Klarna Bank's documents and data bearing directly on these issues. *See* Quackenbush Decl. Ex. A (proposed Letter of Request and document schedule). Given the time-consuming nature of discovery under the Hague Evidence Convention, *see Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 542 (1987), iPhone Plaintiffs bring this Motion now.

## LEGAL STANDARD

The Hague Evidence Convention provides a process for courts to "facilitate the gathering of evidence" from sources abroad. *Société Nationale*, 482 U.S. at 541; *see In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 299 (3d Cir. 2004). It serves as an "alternative" route to discovery in place of the Federal Rules of Civil Procedure. *Tulip Computs. Int'l B.V. v. Dell Comput. Corp.*, 254 F. Supp. 2d 469, 472 (D. Del. 2003). When discovery is sought from a non-party in a foreign

5

jurisdiction, application of the Convention is "virtually compulsory" because it "provides the only means of compelling discovery." *Liqwd, Inc. v. L'Oréal USA, Inc.*, 2018 WL 11189616, at *2, *6 (D. Del. Nov. 16, 2018) (*quoting Tulip Computs.*, 254 F. Supp. 2d at 474). Both the United States and the Kingdom of Sweden are Contracting Parties to the Hague Evidence Convention and bound by its provisions. *See* Status Table, Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, HCCH, https://www.hcch.net/en/instruments/ conventions/status-table/?cid=82 (last visited July 13, 2026).

"Letters of Request are one method of taking evidence pursuant to the Convention." *Pronova BioPharma Norge AS v. Teva Pharms. USA, Inc.*, 708 F. Supp. 2d 450, 452 (D. Del. 2010). Such letters "are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Société Nationale*, 482 U.S. at 541. Accordingly, "[c]ourts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd. v. Jones Apparel Grp., Inc.*, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005).

In deciding whether to issue a request, courts look to the "particular facts" of "each case," "sovereign interests," and the "likelihood that such resort will prove effective," *In re Auto. Refinishing*, 358 F.3d at 300, and operationalize that analysis through five comity factors: "(1) the importance to the . . . litigation of the documents

6

or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Arcelik A.S. v. E.I. DuPont de Nemours & Co.*, 856 F. App'x 392, 397 (3d Cir. 2021) (*citing Société Nationale*, 482 U.S. at 544 n.28).

## ARGUMENT

The comity factors favor issuing the Letter of Request: the evidence sought is important to core issues in this litigation; the requests are reasonably specific and tailored; the information is not otherwise obtainable; and issuance advances U.S. interests without undermining Sweden's sovereign interests.

### A.    The Requested Evidence Is Important To The Litigation

The first comity factor asks whether the "documents or other information requested" abroad are important to the litigation. *Société Nationale*, 482 U.S. at 544 n.28. Requests are granted where the evidence sought is "highly relevant" to the issues in the case. *See Arcelik*, 856 F. App'x at 397; *see also AstraZeneca LP v. Breath Ltd.*, 2011 WL 1421800, at *13 (D.N.J. Mar. 31, 2011) (factor "weighs in

7

favor of disclosure where the evidence sought is directly relevant to the claims in the litigation").

Klarna is squarely relevant to this case. Plaintiffs allege that Apple suppressed competition in digital wallets and related payment functionality—a theory that places the competitive experience of third-party wallet and payment providers like Klarna directly at issue. *See* Gov't Compl. ¶¶ 104–118; DPP Compl. ¶¶ 137–153; IIPP Compl. ¶¶ 137–155. Klarna offers virtual cards, a digital wallet, and contactless-payment products that compete with Apple Pay and Apple Wallet, and Klarna's own documents reflect how Apple's policies have affected that competition. The EC Decision makes Klarna Bank's documents especially probative: Klarna's analyses of whether and how to compete once Apple was required to open NFC access in Europe bear directly on what digital-wallet competition looks like in the absence of the challenged restrictions—evidence that goes to the effects of Apple's conduct and to Apple's likely defenses.

The evidence sought from Klarna Bank bears directly on numerous elements of Plaintiffs' case. Klarna Bank's reports, analyses, and strategic plans concerning the EC Decision—the core of the categories iPhone Plaintiffs pursued from Klarna US—speak to the effect of Apple's NFC and tap-to-pay restrictions on competing wallet providers and to the state of competition once those restrictions are lifted. *See* Quackenbush Decl. Ex. A, Letter of Request, Ex. 1 at Nos. 1–2. Defining and

8

analyzing the relevant markets and competitive conditions will draw on Klarna Bank's reports on its digital-wallet and virtual-card business, its comparisons of Apple Pay and Apple Wallet to rival products, and its market research. *See id.* at Nos. 3–4, 6. And consumer adoption of, and switching among, digital wallets—central to Plaintiffs' allegations—is reflected in Klarna Bank's adoption and switching analyses and data. *See id.* at No. 5.

In short, the Letter of Request pursues precisely the kind of foreign evidence courts deem "important to the litigation" under factor one: contemporaneous, real-world evidence about digital-wallet competition, consumer adoption and switching, and the effects of the challenged conduct, from a third party whose products Plaintiffs place at the center of the digital-wallet theory. *See In re Mercedes-Benz Emissions Litig.*, 2020 WL 487288, at *6 (D.N.J. Jan. 30, 2020); *Ney v. Owens-Illinois, Inc.*, 2016 WL 7116015, at *4 (E.D. Pa. Dec. 6, 2016).

## B.    The Letter Of Request Is Reasonably Specific And Tailored

Courts find this factor satisfied wherever there is a close nexus between the requests and the issues in the case. *Strauss v. Credit Lyonnais, S.A.*, 249 F.R.D. 429, 441 (E.D.N.Y. 2008) (request should be "sufficiently focused on the vital issues" in the case). Courts typically do not scrutinize the breadth or narrowness of particular requests; instead, they review only the "relevancy" of the materials sought, leaving any scope objections to the courts of the requested state. *See Tulip Computs.*, 254 F.

Supp. 2d at 475; *In re Baycol Prods. Litig.*, 348 F. Supp. 2d 1058, 1061 (D. Minn. 2004) (arguments as to scope are not "a basis for quashing the Letter of Request").

iPhone Plaintiffs' requests seek seven defined, date-limited categories of documents, each closely tied to the digital-wallet theories in this litigation—for example, Klarna Bank's reports and strategic plans concerning the EC Decision; its analyses comparing Apple Pay and Apple Wallet to competing products; and its analyses of consumer adoption and switching. *See* Quackenbush Decl. Ex. A, Letter of Request, Ex. 1. The requests are framed to specify particular categories of documents, in conformity with the Kingdom of Sweden's declaration under Article 23 of the Hague Evidence Convention, which permits execution of Letters of Request that seek particular documents specified in the Letter. *See* Sweden— Declarations & Reservations, Hague Evidence Convention, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/notifications /?csid=560&disp=resdn (last visited July 13, 2026). Each request is tailored to seek specific categories of documents relevant to the issues in this litigation. And even if Klarna Bank thinks otherwise, it will have a full opportunity to raise that argument before the authorities of the Kingdom of Sweden. *See Tulip Computs.*, 254 F. Supp. 2d at 475.

### C.    No Adequate Alternative Means Exist To Obtain The Information

Courts also consider two closely related factors. The third factor asks whether the documents and the people who will produce them are located abroad or in the United States. *See Lincoln Adventures, LLC v. Those Certain Underwriters at Lloyd's London*, 2020 WL 13158012, at *9 (D.N.J. Oct. 14, 2020). The fourth factor asks "whether the information sought in discovery can easily be obtained elsewhere." *Id.* (citations omitted). Where the documents cannot be easily obtained through alternative means, both factors "weigh[] in favor of issuing [the Letter of Request] regardless of where the information originated." *El Paso Disposal, LP v. Ecube Labs Co.*, 792 F. Supp. 3d 703, 710 (W.D. Tex. 2025); *see also Arcelik*, 856 F. App'x at 399.

Here, there is no adequate alternative means to obtain the documents sought. iPhone Plaintiffs subpoenaed Klarna US and met and conferred with its counsel four times. Klarna US confirmed by letter of counsel that, after a diligent and reasonable search, it has not identified any responsive documents in its possession, custody, or control, and it objected that the subpoena seeks documents held by "separate legal entities" and by "Klarna's foreign affiliates" abroad.[2] *See* Quackenbush Decl. ¶¶ 7–9 & Ex. C. And during the June 11, 2026 meet and confer, counsel for Klarna US

---

[2] iPhone Plaintiffs do not concede that Klarna US lacks possession, custody, or control of any responsive documents, and reserve all rights to seek production from Klarna US of any responsive documents within its possession, custody, or control.

11

confirmed that the documents iPhone Plaintiffs primarily seek—Klarna's strategic discussions and business analyses regarding the EC Decision—are held by Klarna Bank, Klarna's European entity, in Sweden. *Id.* ¶ 10. Because Klarna Bank is beyond the subpoena power of this Court, the Hague Evidence Convention is the only means of compelling production from Klarna Bank, and both the third and fourth factors favor issuance of the Letter of Request.

> ### D.    Issuance Promotes U.S. Interests And Does Not Undermine Sweden's Interests

The fifth comity factor—"the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine the important interests of the state where the information is located," *Société Nationale*, 482 U.S. at 544 n.28—is "the most important" factor in the comity analysis. *Strauss*, 249 F.R.D. at 443; *see also In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, 2021 WL 6010575, at *12–13 (D.N.J. Dec. 20, 2021) (fifth factor "carries the greatest weight").

This factor weighs decisively in favor of issuance. The United States has a "very important interest" in ensuring that parties can exercise their discovery rights and prepare their cases, particularly in federal litigation governed by the Federal Rules' broad discovery regime. *Arcelik*, 856 F. App'x at 399–400. That interest is especially acute here, because litigation under the "domestic antitrust laws" carries "clear implications of national importance." *Behrens v. Arconic, Inc.*, 2020 WL

12

1250956, at *8 (E.D. Pa. Mar. 13, 2020); *see also In re Air Cargo Shipping Servs. Antitrust Litig.*, 278 F.R.D. 51, 54 (E.D.N.Y. 2010) ("case[s] involving violations of antitrust laws whose enforcement is essential to the country's interests in a competitive economy.") And because the fair adjudication of these claims "requires full discovery," *See Milliken & Co. v. Bank of China*, 758 F. Supp. 2d 238, 249 (S.D.N.Y. 2010), preventing necessary foreign discovery would impair iPhone Plaintiffs' "important interests in developing [their] claims," *Ingenico Inc. v. Ioengine, LLC*, 2021 WL 765757, at *3 (D. Del. Feb. 26, 2021).

Issuance will not undermine the Kingdom of Sweden's interests. If issued, the requests will proceed through the Hague Evidence Convention—an international treaty mechanism to which Sweden agreed—which is designed to facilitate orderly evidence-gathering while respecting foreign sovereignty. *See* Hague Evidence Convention, 23 U.S.T. 2555; *Société Nationale*, 482 U.S. at 533. Proceeding under the Convention also addresses the data-protection concerns Klarna US itself raised in response to the subpoena, because execution of the Letter of Request will be supervised by Swedish authorities applying Swedish and European law. And when a U.S. court issues a Letter of Request under the Convention, it "commits the issue [of] whether compliance with the request would undermine important interests of the state where the information is located to the courts or other authorities of that

13

state." *Arcelik*, 856 F. App'x at 400 (*quoting* Restatement (Third) of Foreign Relations Law § 473 reporters' note 5 (Am. L. Inst. 1987)).

## CONCLUSION

For the foregoing reasons, iPhone Plaintiffs respectfully request that the Court issue the proposed Letter of Request attached as Exhibit A to the Declaration of Kyle P. Quackenbush. iPhone Plaintiffs further request that, after the Court executes the Letter of Request with an original signature, the Clerk affix an original seal authenticating the Court's signature, and that the original signed and sealed Letter, together with two certified copies, be returned to iPhone Plaintiffs' counsel for transmission to the Central Authority of the Kingdom of Sweden.

**LITE DEPALMA GREENBERG & AFANADOR, LLC**

Dated: July 15, 2026

*s/ Joseph J. DePalma*
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel.: (973) 623-3000
jdepalma@litedepalma.com

*Liaison Counsel for Direct iPhone Purchaser Plaintiffs*

14

s/ James E. Cecchi
James E. Cecchi
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Tel.: (973) 994-1700
jcecchi@carellabyrne.com


s/ William Christopher Carmody
William Christopher Carmody
Shawn J. Rabin
**SUSMAN GODFREY LLP**
One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com


s/ Christopher A. Seeger
Christopher A. Seeger
**SEEGER WEISS, LLP**
55 Challenger Road
Ridgefield Park, NJ 07660
Tel.: (973) 639-9100
cseeger@seegerweiss.com

s/ Dena Sharp
Dena Sharp
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel.: (415) 981-4800
dsharp@girardsharp.com


s/ Steven W. Berman
Steven W. Berman
**HAGENS BERMAN SOBOL
SHAPIRO, LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel.: (206) 623-7292
steve@hbsslaw.com


s/ Melinda R. Coolidge
Melinda R. Coolidge
**HAUSFELD LLP**
888 16th Street, NW, Suite 300
Washington, DC 20006
Tel.: (202) 540-7200
mcoolidge@hausfeld.com

*Interim Co-Lead Counsel for Direct iPhone Purchaser Plaintiffs*

s/ Stanley O. King
Stanley O. King
**JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.**
231 S. Broad Street
Woodbury, NJ 08096
Tel.: (856) 845-3001
Attorney ID No. 03413-1996

*Liaison Counsel for Indirect iPhone
Purchaser Plaintiffs*

15

*s/ Michael Dell'Angelo*
Michael Dell'Angelo
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
mdellangelo@bergermontague.com

*s/ Heidi M. Silton*
Heidi M. Silton
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel.: (612) 339-6900
hmsilton@locklaw.com

*s/ Todd M. Schneider*
Todd M. Schneider
**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel: (415) 421-7100
tschneider@schneiderwallace.com

*s/ Jeffrey L. Spector*
Jeffrey L. Spector
**SPECTOR ROSEMAN & KODROFF, P.C.** 2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
jspector@srkattorneys.com

*Interim Co-Lead Counsel for Indirect iPhone Purchaser Plaintiffs*

16