**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Case No. 24-md-3113-JXN-LDW |
| | MDL No. 3113 |
| This Document Relates to: | Hon. Julien X. Neals, U.S.D.J. |
| All Direct Purchaser Actions and All Indirect Purchaser Actions | Hon. Leda D. Wettre, U.S.M.J. |
| | **RETURN DATE: August 17, 2026** |

**DECLARATION OF KYLE P. QUACKENBUSH IN SUPPORT OF
DIRECT IPHONE PURCHASER PLAINTIFFS' AND INDIRECT
IPHONE PURCHASER PLAINTIFFS' MOTION FOR ISSUANCE OF
LETTER OF REQUEST UNDER THE HAGUE CONVENTION TO
KLARNA BANK AB IN THE KINGDOM OF SWEDEN**

I, Kyle P. Quackenbush, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.     I am an associate at Girard Sharp LLP, counsel of record for Direct iPhone Purchaser Plaintiffs in the above-captioned matter. I submit this declaration in support of Direct iPhone Purchaser Plaintiffs' and Indirect iPhone Purchaser Plaintiffs' (collectively, "iPhone Plaintiffs") Motion for Issuance of Letter of Request Under the Hague Convention to Klarna Bank AB in the Kingdom of Sweden. I have personal knowledge of the matters set forth in this declaration, and if called as a witness, I could and would competently testify to those matters.

1

2. Attached as **Exhibit A** is a true and correct copy of the proposed Letter of Request to Klarna Bank AB ("Klarna Bank"), together with the schedule of document requests attached thereto as Exhibit 1.

3. On February 13, 2026, iPhone Plaintiffs jointly served a subpoena duces tecum on Klarna Inc. ("Klarna US"), Klarna Bank's United States affiliate. Attached as **Exhibit B** is a true and correct copy of iPhone Plaintiffs' Subpoena to Klarna US.

4. Klarna US's deadline to respond to iPhone Plaintiffs' subpoena was extended to July 7, 2026.

5. Counsel for iPhone Plaintiffs and counsel for Klarna US met and conferred regarding the subpoena by videoconference on April 6, May 4, May 27, and June 11, 2026.

6. Through the meet-and-confer process, iPhone Plaintiffs focused their requests on documents showing Klarna's strategic discussions and business analyses regarding the European Commission's July 2024 decision requiring Apple to open its mobile payment system to competitors.

7. On July 7, 2026, Klarna US served its response to iPhone Plaintiffs' subpoena by letter of its counsel, David Y. Livshiz of Freshfields. Attached as **Exhibit C** is a true and correct copy of that letter.

8. In its July 7, 2026 letter, Klarna US stated that it "has not identified any such documents in its possession, custody, or control" responsive to the narrowed requests "after having undertaken a diligent and reasonable search."

2

9. In the same letter, Klarna US objected to the subpoena's requests to the extent they seek documents "in the possession of third parties or separate legal entities" and documents "located outside the United States, maintained by Klarna's foreign affiliates, or otherwise subject to the data protection, privacy, or blocking laws of foreign jurisdictions."

10. During the June 11, 2026 meet and confer, counsel for Klarna US confirmed that documents concerning Klarna's strategic discussions and business analyses regarding the European Commission's July 2024 mandate that Apple open its mobile payment system to competitors are held by Klarna Bank, Klarna's European entity, in Sweden.

11. Klarna Bank AB is a Swedish company incorporated and headquartered in Stockholm, Sweden. Based on Klarna US's representations and objections, iPhone Plaintiffs have no available means short of a Letter of Request under the Hague Convention to obtain the documents and information they seek from Klarna Bank.

12. I, on behalf of iPhone Plaintiffs, will bear the reimbursable costs associated with the Letter of Request in accordance with the provisions of the Hague Convention. I am the designated point of contact for receipt of the executed Letter of Request from this Court and for transmission of the Letter of Request to the Central Authority of the Kingdom of Sweden.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 15, 2026, in New York, New York.

_____
Kyle P. Quackenbush
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: kquackenbush@girardsharp.com

*Counsel for Direct iPhone*
*Purchaser Plaintiffs*

# EXHIBIT A

*Model for Letters of Request recommended for use in applying the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*

**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

*N.B. Under the first paragraph of Article 4, the Letter of Request shall be in the language of the authority requested to execute it or be accompanied by a translation into that language. However, the provisions of the second and third paragraphs may permit use of English, French or another language.*

*In order to avoid confusion, please spell out the name of the month in each date.*

*Please fill out an original and one copy of this form (use additional space if required).*

| | | |
|---|---|---|
| 1. | Sender | The Honorable Leda D. Wettre, United States Magistrate Judge, United States District Court for the District of New Jersey, Martin Luther King Building & United States Courthouse, 50 Walnut Street, Newark, New Jersey 07102, United States of America. |
| 2. | Central Authority of the Requested State | Division for Criminal Cases and International Judicial Co-operation, Ministry of Justice, S-103 33 Stockholm, Sweden. |
| 3. | Person to whom the executed request is to be returned | Clerk of the Court, United States District Court for the District of New Jersey, 50 Walnut Street, Newark, New Jersey 07102, United States of America, with a copy to counsel for the requesting parties: Kyle P. Quackenbush, Girard Sharp LLP, 601 California St., Suite 1400, San Francisco, California, 94108, United States, kquackenbush@girardsharp.com. |

4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request

| | |
|---|---|
| Date | October 23, 2026 |
| Reason for urgency* | In view of the discovery schedule in the underlying proceedings, under which fact discovery closes on January 29, 2027, and opening class-certification expert reports are due April 2, 2027 (ECF No. 175). |

_____

\* Omit if not applicable.

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:

| | | | |
|---|---|---|---|
| 5. | a | Requesting judicial authority (Article 3,a)) | The United States District Court for the District of New Jersey, by the Honorable Leda D. Wettre, United States Magistrate Judge. |
| | b | To the competent authority of (Article 3, a)) | The Kingdom of Sweden. |
| | c | Names of the case and any identifying number | In re Apple Inc. Smartphone Antitrust Litigation, Case No. 2:24-md-03113-JXN-LDW, MDL No. 3113 (D.N.J.), a coordinated multidistrict litigation related to United States v. Apple Inc., No. 2:24-cv-04055 (D.N.J.). |

6. Names and addresses of the parties and their representatives (including representatives in the requested State*) (Article 3, b))

| | | | |
|---|---|---|---|
| | a | Plaintiff | Direct iPhone Purchaser Plaintiffs and Indirect iPhone Purchaser Plaintiffs (collectively, "iPhone Plaintiffs"), putative classes of purchasers of Apple iPhones |
| | | Representatives | Girard Sharp LLP, 601 California Street, Suite 1400, San Francisco, CA 94108 and Berger Montague PC, 1818 Market Street, Suite 3600, Philadelphia, PA 19103 |
| | b | Defendant | Apple Inc., One Apple Park Way, Cupertino, CA 95014, United States of America |
| | | Representatives | Cynthia E. Richman, Gibson, Dunn & Crutcher LLP, 1700 M Street, N.W., Washington, D.C. 20036, crichman@gibsondunn.com; Liza M. Walsh, Walsh Pizzi O'Reilly Falanga LLP, 100 Mulberry Street, 15th Floor, Newark, NJ 07102, lwalsh@walsh.law |
| | c | Other parties | Klarna Bank AB (publ) ("Klarna Bank"), Sveavägen 46, 111 34 Stockholm, Sweden |
| | | Representatives | |

_____

* Omit if not applicable.

| 7. | a | Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, *c*)) | Civil antitrust actions |
| | b | Summary of complaint | iPhone Plaintiffs allege that Apple unlawfully monopolized markets for smartphones and performance smartphones in the United States, in violation of Federal and State Antitrust laws, by, among other things, restricting third-party access to iPhone near-field communication ("NFC") "tap-to-pay" functionality, thereby suppressing competing digital wallets. In July 2024, the European Commission required Apple to open NFC access on iOS devices to third-party wallet and payment providers in the European Economic Area (the "EC Decision"). |
| | c | Summary of defence and counterclaim* | Apple denies these allegations and contends, among other things, that its conduct was lawful and procompetitive |
| | d | Other necessary information or documents* | Not Applicable |
| 8. | a | Evidence to be obtained or other judicial act to be performed (Article 3, *d*)) | The requesting authority requests that the judicial authority of the Kingdom of Sweden order Klarna Bank, through an appropriate officer or custodian of records, to produce true and correct copies of the documents specified in Exhibit 1 |
| | b | Purpose of the evidence or judicial act sought | The documents specified in Exhibit 1 are sought for use in the proceedings identified above, including at trial, bearing on the definition of the relevant markets, the effects of the challenged conduct on competition, and the parties' claims and defenses. |
| 9. | | Identity and address of any person to be examined (Article 3, *e*))* | No examination of witnesses is requested; this Letter of Request seeks only the production of documents |
| 10. | | Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (Article 3, *f*))* | Not Applicable |

_____

\* Omit if not applicable.

11. Documents or other property to be inspected (Article 3, *g)*)*

> The particular documents specified in Exhibit 1 hereto. In conformity with the declaration of the Kingdom of Sweden under Article 23 of the Convention, this Letter of Request does not require Klarna Bank to state what documents relevant to the proceedings are or have been in its possession, custody, or power, and seeks only the particular documents specified in Exhibit 1, which the requesting authority has reason to believe, based on the nature of Klarna Bank's business and the record in the underlying proceedings, are or are likely to be in Klarna Bank's possession, custody, or power.

12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, *h)*)*

> The requesting authority respectfully requests that the documents produced be accompanied by a certification or attestation of an appropriate officer or custodian of records of Klarna Bank, given on oath or affirmation if permitted, identifying the documents produced and confirming that they are true and correct copies of records made and kept in the course of Klarna Bank's regularly conducted business activity.

13. Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Articles 3, *i)* and 9)*

> To the extent permissible under Swedish law, the requesting authority requests that documents maintained in electronic form be produced in electronic form, and that documents be produced as they are kept in the ordinary course of business.

14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)*

> Please notify counsel for the requesting parties identified in Item 3 above, and counsel for Apple Inc. identified in Item 6(b) above, of the time and place for the execution of this Request.

15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)*

> Not Applicable

_____

* Omit if not applicable.

16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, *b))*

> Attorney-Client Privilege, if applicable.

17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by*

> Counsel for iPhone Plaintiffs will bear the reimbursable costs associated with this request in accordance with the provisions of the Convention. Please contact iPhone Plaintiffs' counsel at Kyle P. Quackenbush (kquackenbush@girardsharp.com) and Taylor Hollinger (thollinger@bergermontague.com) to make any necessary financial arrangements

DATE OF REQUEST

SIGNATURE AND SEAL OF THE
REQUESTING AUTHORITY

--------------------------------------------------------------------

**Erase all entries**    **Print**

_____

* Omit if not applicable.

# EXHIBIT 1

## **Exhibit 1: DOCUMENTS REQUESTED TO BE PRODUCED**

As used below: "Klarna Bank" means Klarna Bank AB (publ); "Apple" means Apple Inc.; "the EC Decision" means the European Commission's Decision of 11 July 2024 in Case AT.40452—Apple—Mobile Payments, C(2024) 4761; "NFC" means near-field communication; "Digital Wallet" means a software application that stores payment credentials and enables payments from a smartphone or wearable device; "Virtual Card" means a digital version of a credit or debit card designed to be stored and used within a Digital Wallet or online payment system; and "Reports" means reports, research, papers, memoranda, presentations, reviews, or other analyses.

1. Reports, analyses, and strategic plans prepared or received by Klarna Bank between January 1, 2023 and December 31, 2025 concerning the EC Decision, including analyses of whether or how Klarna Bank would develop, launch, or offer payment or Digital Wallet products using the NFC access required by the EC Decision.

2. Reports and analyses prepared between January 1, 2023 and December 31, 2025 concerning the development, launch, or offering of any Klarna Digital Wallet, Virtual Card, or contactless or tap-to-pay payment product for use on Apple iOS devices.

3. Reports concerning Klarna Bank's Digital Wallet and Virtual Card business from 2020 to 2025.

1

4. Reports or analyses prepared between January 1, 2020 and December 31, 2025 comparing Apple Pay or Apple Wallet with Digital Wallet, Virtual Card, or contactless-payment products offered by Klarna or by other providers.

5. Reports or analyses prepared between January 1, 2020 and December 31, 2025 concerning consumer adoption of, or consumer switching among, Digital Wallets on smartphones.

6. Market research commissioned or prepared by Klarna Bank between January 1, 2020 and December 31, 2025 concerning Digital Wallets, Virtual Cards, or contactless payments on smartphones.

7. Documents produced by Klarna Bank to the European Commission in Case AT.40452 (Apple—Mobile Payments) concerning Apple's policies regarding NFC access or Digital Wallets.

2

# EXHIBIT B

**PretiFlaherty**

Portland, ME

Augusta, ME

Concord, NH

Elizabeth F. Quinby
equinby@preti.com
207.791.3226

Boston, MA

Washington, DC

February 13, 2026

Klarna Inc.
c/o CT Corporation System, Registered Agent
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

> **RE:    Apple Inc. Smartphone Antitrust Litigation**
> **Case No. 2:24-md-03113-JXN-LDW**

To whom it may concern:

Attached please find a subpoena issued to Klarna Inc. in connection with the above-referenced matter. You are required to respond to this subpoena by March 16, 2026, as specified in the subpoena. Accompanying the subpoena you will find a Schedule A, which includes document requests as well as applicable definitions and instructions for compliance.

Please stamp each document with a production number and produce documents in accordance with the Protective Order (attached as Exhibit E) entered in this matter. A copy of the ESI Order will be provided to you once entered.

Thank you for your prompt attention to this matter.

Sincerely,

*/s/ Elizabeth F. Quinby*

Elizabeth F. Quinby
Attorney

cc:    All Counsel of Record

Preti Flaherty
Beliveau & Pachios LLP
Attorneys at Law

One City Center, Portland, ME 04101   |   PO Box 9546, Portland, ME 04112-9546   |   Tel 207.791.3000   |   **www.preti.com**

25299284.1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | | |
|---|---|---|
| In Re: Apple Inc. Smartphone Antitrust Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:24-md-03113-JXN-LMW |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Klarna Inc.

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See Schedule A (attached)

| Place: Preti, Flaherty, Beliveau & Pachios, LLP<br>One City Center<br>Portland, ME 04112 (or electronically) | Date and Time:    03/16/2026 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/13/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Elizabeth F. Quinby |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Direct and Indirect iPhone Purchaser Plaintiffs_____ , who issues or requests this subpoena, are:
Elizabeth Quinby, Esq., Preti, Flaherty, Beliveau & Pachios, LLP, One City Center, Portland, ME 04112, equinby@preti.com, (207)791-3226

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-md-03113-JXN-LMW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## **<u>DEFINITIONS</u>**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in the below requests for production of documents ("Requests") and the Definitions and Instructions, the words set forth below shall be defined as follows:

1.  "Alleged Conduct" shall mean all (and any component of) the conduct alleged to be unlawful in the Complaints, including any alleged monopolization or attempted monopolization by Apple of the Alleged Markets. Alleged Conduct includes but is not limited to:

    a.    Any alleged restrictions that Apple has placed on third-party developers' ability to offer Apps for download in the Apple App Store or in any other App Marketplace;

    b.    Any alleged restrictions Apple has placed on third-party developers' access to iPhone features and development tools, including APIs and SDKs;

    c.    Any alleged restrictions Apple has placed on third-party access to Apple's In-App Purchase or alternatives to In-App Purchase;

    d.    Any alleged restrictions Apple has placed on products, services, Apps, or technology that allegedly facilitate users' ability to switch between the iPhone and non-Apple Smartphones, or vice versa, including those described in the Complaints as middleware;

1

e.    Any alleged restrictions Apple has placed on interoperability concerning Smartphones or policies or practices that allegedly make it harder for consumers to switch between competing Smartphones; and

f.    Any alleged restrictions Apple has placed on Super Apps, Cloud Streaming Apps, Messaging Apps, Wearables, and Digital Wallets.

2.    "Alleged Markets" shall mean the product markets alleged in the Complaints, including the "Alleged Smartphone Market," the "Alleged Performance Smartphone Market," and any other product markets alleged in the DOJ Complaint or any of the MDL Complaints. The "Alleged Smartphone Market" shall be defined as Smartphone Market is defined in the Complaints, including without limitation in Paragraphs 172 through 179 of the DOJ Complaint. The "Alleged Performance Smartphone Market" shall be defined as Performance Smartphone Market is defined in the Complaints, including without limitation in Paragraphs 165 through 171 and 176 through 179 of the DOJ Complaint.

3.    "API" shall mean an application programming interface and shall have the same meaning as used in the Complaints, including without limitation Paragraphs 158 through 163 of the DOJ Complaint.

4.    "Apple" shall mean Apple Inc. and its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, departments, divisions and any organization or entity managed or controlled by Apple Inc.

5.    "App" or "Application" shall be defined as in the Complaints, including in Paragraphs 158 through 163 of the DOJ Complaint.

6.    "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground,

25276653.1

Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Google Workspace Marketplace, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

7.    "App Review" shall mean Apple's or any other Person's processes of reviewing Apps or App updates for potential inclusion on App Marketplaces.

8.    "Business" shall be defined as all actual or potential operations, services, products, technologies, activities, and business opportunities conducted or pursued by or on behalf of Klarna Inc.

9.    "Cloud Streaming App" shall be defined as in the Complaints, including in Paragraphs 10 and 71 through 79 of the DOJ Complaint, and shall include both native apps and web apps, including progressive web apps.

10.    "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

12.    "Complaints" shall mean the DOJ Complaint and any MDL Complaint.

13.    "Contactless Payment Method" means any digital payment solution, Virtual Card, or Contactless Card that allows users to make purchases at a point of sale by tapping or holding their card or device over a payment terminal.

25276653.1

14.     "Contactless Card" means any debit, credit, or other payment card accessing an account issued by an issuer and offered on a Payment Network that allows users to make purchases at point of sale by tapping or holding their card over a payment terminal.

15.     "Digital Wallet" shall be defined as in the Complaints, including in Paragraphs 10 and 104 through 118 of the DOJ Complaint.

16.     "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books, records, and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

17.     "DOJ Complaint" shall mean the First Amended Complaint or any future amended complaints against Apple filed by the United States Department of Justice, several states, and the District of Columbia in the United States District Court for the District of New Jersey on June 11, 2024 (No. 2:24-cv-04055, Dkt. No. 51), which is attached hereto as Exhibit A.

18.     "In-App Purchase" shall mean the purchase of a product, feature, service, or functionality for a fee that occurs within an App.

4

25276653.1

19.     "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

20.     "MDL Complaint" shall mean any of the consolidated complaints in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), including the Direct Purchaser Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 87), attached hereto as Exhibit B, filed on July 30, 2025; the Indirect iPhone Purchaser Plaintiffs' Corrected Consolidated Class Action Complaint (Dkt. No. 109), attached hereto as Exhibit C, filed on September 11, 2025; and the Direct Apple Watch Purchaser Plaintiffs' First Amended Class Action Complaint (Dkt. No. 86), attached hereto as Exhibit D, filed on July 30, 2025.

21.     "Messaging App" shall be defined as in the Complaints, including in Paragraphs 10 and 80 through 93 of the DOJ Complaint, and shall include without limitation Beeper, BlueChat, Discord, Facebook Messenger, Google Messages, Skype, Microsoft Messaging, Signal, Slack, Snapchat, Teams, Telegram, Texts, Viber, WhatsApp, and Apple's Messages App.22.

22.     "Mini-Program" shall have the same meaning as used in the Complaints, including in Paragraphs 60 through 70 of the DOJ Complaint.

23.     "Multimedia Messaging Service" or "MMS" shall be defined as in the Complaints, including in Paragraph 83 and Footnote 1 of the DOJ Complaint.

24.     "Payment Network(s)" means any one or more of Visa, MasterCard, Discover, American Express, or any other similar network permitting businesses and/or consumers to engage in financial transactions using a credit, debit, or prepaid card.

25.     "Klarna Inc.," "Klarna," "You," and "Your" shall mean Klarna Inc., its officers, directors, employees, representatives, consultants, agents, accountants, and any other Person acting on its behalf, as well as Klarna Inc.'s predecessors, successors, and subsidiaries,

5

and each of their predecessors, successors, and subsidiaries; departments and divisions of Klarna Inc.; and any Person that Klarna Inc. manages or controls.

25.    "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

26.    "QR-Code-Based-Payments" means contactless payments at point of sale that are facilitated using Quick Response Codes (i.e., QR codes).

27.    "Report" shall mean any reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

28.    "Rich Communication Services" or "RCS" shall have the same meaning as used in the Complaints, including in Paragraph 89 of the DOJ Complaint.

29.    "SDK" shall mean Apple's Software Development Kit.

30.    "Short Message Service" or "SMS" shall be defined as in the Complaints, including in Paragraphs 45 and 82 through 83 of the DOJ Complaint.

31.    "Smartphone" shall be defined as in the Complaints, including in Paragraphs 148 through 163 of the DOJ Complaint.

32.    "Super App" shall be defined as in the Complaints, including in Paragraphs 10 and 60 through 70 of the DOJ Complaint.

33.    "Virtual Card" shall mean any digital version of a credit or debit card that is designed to be stored and used within Digital Wallets or online payment systems.

34.    "Wearables" shall have the same meaning as used in the Complaints, including in Paragraphs 21, 131, 202, 208, 214, and 221 of the DOJ Complaint, and shall include any "Smartwatch" as that term is defined in the Complaints, including in Paragraphs 10 and 94 through 103 of the DOJ Complaint.

25276653.1

35.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, Communications, materials, or responses that might otherwise be construed to be outside of its scope.

36.    The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

37.    The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with, involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

38.    The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

39.    The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

40.    The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

**INSTRUCTIONS**

1.    All Documents and Communications should be produced in electronic form in accordance with the Electronically Stored Information ("ESI") Protocol that will be entered into between Apple and MDL Plaintiffs in In re Apple Inc. Smartphone Antitrust Litigation, No. 24-

7

25276653.1

MD-3113 (D.N.J.). A copy of the ESI Protocol will be provided to You once it is filed.

2.      For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

3.      All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures.

4.      In responding to these Requests, You shall produce all Documents and Communications in Your possession, custody, or control, and all Documents and Communications reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

5.      These Requests shall not be deemed to call for identical hash duplicates (e.g., MD5, SHA 256, or other industry standard) of Documents and Communications. "Identical" means precisely the same in all respects; for example, a Document or Communication with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents or Communications with attachments, the hash value shall be generated based on the parent/child document grouping. Otherwise identical Documents or Communications with unique family members are not identical, and both must be produced. You shall produce as a separate Document or Communication any Document and Communication that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document or Communication without such marks.

6.      If there are no Documents or Communications responsive to a category in these Requests, You shall so state in writing.

8

25276653.1

7.      If You object to a portion of any Request, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

8.      If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

9.      If You object to any Request on the grounds that responding is unduly burdensome, describe the undue burden with particularity.

10.     If You contend that any part of a Request is overbroad, You shall explain in detail why You consider that part of the Request to be overbroad, and You shall produce Documents and Communications in response to the remainder of the Request that You do not consider to be overbroad.

11.     In producing Documents and Communications responsive to these Requests, You must Bates stamp them in a manner that clearly identifies that each such Document or Communication has been produced by You.

12.     If any requested Document or Communication is withheld on the basis of any claim of privilege, You must set forth the information necessary for MDL Plaintiffs to ascertain whether the privilege properly applies, including all information identified in the to-be-filed ESI Protocol.

25276653.1

13.    All productions shall be governed, as applicable, by the Discovery Confidentiality Order entered into between Apple and MDL Plaintiffs in *In re Apple Inc.  Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.). A copy of the Discovery Confidentiality Order is attached hereto as Exhibit E.

14.    If any portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

15.    In searching for and producing Documents and Communications responsive to these Requests, You shall use a reasonable time period to be agreed upon with MDL Plaintiffs in advance of productions.

16.    Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from and including January 1 to and including December 31.

17.    To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Requests are continuing and require further and supplemental production if additional Documents or Communications are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents or Communications that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents or Communications.

18.    MDL Plaintiffs serve these Requests without prejudice to their right to serve additional requests for production of Documents and Communications or other requests or subpoenas.

10

25276653.1

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**: All Documents and Communications concerning the Alleged Conduct or the Alleged Markets.

**REQUEST FOR PRODUCTION NO. 2**: All Documents and Communications concerning Your efforts to compete with Apple or any other Digital Wallet provider.

**REQUEST FOR PRODUCTION NO. 3:** All Documents concerning Your Communications or interactions with any government agency or division (whether federal, state, local, or foreign) or with any private plaintiff (or representative thereof) in any actions coordinated as part of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 24-MD-3113 (D.N.J.), concerning Apple, any lawsuit against Apple, the Alleged Conduct, or the Alleged Markets, including (a) any Documents or Communications exchanged between You and any such Person; (b) any Documents You relied on or otherwise used in connection with such Communications; (c) any agendas or materials prepared for any meetings or discussions with any such Person; or (d) any summaries, transcripts, notes, or other accounts of such meetings, discussions, or interactions.

**REQUEST FOR PRODUCTION NO. 4:** Documents sufficient to identify each type of Virtual Card that You offer or have offered for use on Smartphones or Wearables.

**REQUEST FOR PRODUCTION NO. 5**: Documents sufficient to identify each Digital Wallet with which Your Virtual Cards are or have been enabled for use.

**REQUEST FOR PRODUCTION NO. 6**: Documents sufficient to identify any App that You have submitted to any App Marketplace for Smartphones, including any updates to such Apps, as well as the features or functions of each such App or App update and the APIs, features, entitlements, or development tools that You used or sought to use for each such App or App update.

**REQUEST FOR PRODUCTION NO. 7**: All Communications with any Smartphone manufacturer, operating system provider, App Marketplace, or Digital Wallet Provider concerning approval or review of any of Your Apps, App updates, Digital Wallets, or Virtual Cards, as well as all Documents related to any such Communications.

25276653.1

**REQUEST FOR PRODUCTION NO. 8**: Documents sufficient to show download and use rates for Your Apps, Digital Wallets, and Virtual Cards, month-by-month, for the United States and globally, broken down by operating system, App Marketplace, Digital Wallet, and country.

**REQUEST FOR PRODUCTION NO. 9**: All Documents and Communications regarding Your policies and practices concerning Digital Wallets, including all current or previously operative versions of any public or internal guidelines, standards, procedures, requirements, or other conditions that You apply before allowing Your Virtual Cards to be used in a Digital Wallet.

**REQUEST FOR PRODUCTION NO. 10**: All Documents and Communications concerning any efforts by You to obtain access to or to use any Smartphone features or APIs concerning Digital Wallets, including APIs related to near-field communication.

**REQUEST FOR PRODUCTION NO. 11:** All Documents and Communications concerning Your, Apple's, or any other Smartphone manufacturer's, Digital Wallet provider's or App Marketplace's past or present policies or practices concerning Digital Wallets, including any alleged restrictions on the use of near-field communication or authentication of digital payment options on online checkout pages.

**REQUEST FOR PRODUCTION NO. 12:** All Documents and Communications concerning any impact, including in terms of customer usage, customer engagement, security, privacy, ease of use, distribution, marketing, or ability to innovate, that Apple Pay or Apple Wallet have had on Your Apps, including Your Digital Wallets, Your Virtual Cards, or Your Business, including any quantification of any such impact.

25276653.1

**REQUEST FOR PRODUCTION NO. 13:** All Documents and Communications concerning any comparison or analysis of the relative benefits or drawbacks of Apple Pay and Apple Wallet as compared to Digital Wallets, Virtual Cards, Apps, and products and services offered by You or other companies, including benefits or drawbacks related to privacy and security, user experience, effects on competition, performance, and features.

**REQUEST FOR PRODUCTION NO. 14:** All Documents and Communications concerning Your efforts, plans, or decisions to develop or offer Your Apps, Your Digital Wallets, Virtual Cards, or other products or services, including tap-to-pay functionality, including Your efforts to make, or decisions not to make Your Apps, Digital Wallets, and Virtual Cards available across different digital payment systems, Digital Wallets, App Marketplaces, Smartphones, and Wearables.

**REQUEST FOR PRODUCTION NO. 15:** All Documents and Communications, including consumer surveys, concerning customer satisfaction with Your Apps, Your Digital Wallets, Virtual Cards, and other products and services.

**REQUEST FOR PRODUCTION NO. 16:** All Documents concerning competition between forms of payment (such as "chip" or traditional "swipe" payment cards, Apple Pay, Google Pay, Samsung Pay, Contactless Cards, Virtual Cards, QR-Code-Based-Payments, or cash) including the number of Your customers who use each form of payment, and (a) any analyses of any Person's share of any market or submarket related to such competition; (b) any analyses of any Digital Wallets and services available for download, including with respect to pricing, commissions, product design, product functionality, App promotion, or privacy or security policies; (c) any analyses of the impact of Apple's or any other Smartphone manufacturer's or App Marketplace's policies or procedures on such competition; and (d) any survey, poll, study, report, or other analysis regarding consumer interest, behavior, or satisfaction in connection with using each form of payment, including "chip" or traditional "swipe" payment cards, Apple Pay, Google Pay, Samsung Pay, Virtual Cards, Contactless Cards, QR-Code-Based-Payments, or cash.

25276653.1

**REQUEST FOR PRODUCTION NO. 17:** All Documents and Communications concerning evaluations or analyses conducted by You or any third party regarding the use of Digital Wallets by consumers, including any early obstacles to consumer adoption, the pace of consumer adoption, the percentage of consumers who use Digital Wallets, the value or benefits to consumers from the use of Digital Wallets and/or different features that can be implemented in Digital Wallets, including any quantification of any such benefits, and the effects that Digital Wallets have on customer satisfaction with Smartphones and their reasons for purchasing or not purchasing Smartphones.

**REQUEST FOR PRODUCTION NO. 18:** Documents sufficient to show the terms of any proposed or actual agreement, or proposed modification to any agreement, between You and any provider of Digital Wallets or digital payment systems, including all contracts and agreements signed by You with any provider of Digital Wallets or digital payment systems, including Apple and Google.

**REQUEST FOR PRODUCTION NO. 19:** Transaction data for each digital payment service and Digital Wallet, including Apple Pay and Apple Wallet, in which You participate in the most disaggregated form in which it is kept, showing at least each and every cardholder or consumer, transaction date and time, merchant, transaction amount, whether the transaction was in-store or online, and any fees charged, including any fees charged by You.

**REQUEST FOR PRODUCTION NO. 20:** Data sufficient to show, month by month and differentiated by country, the number of cases and rate at which Your customers report fraudulent transactions occurring in connection with their use of each Contactless Payment Method You support.

**REQUEST FOR PRODUCTION NO. 21:** All Your policies and procedures concerning Your selection or use of Smartphones, including Your policies and procedures applicable to which Smartphones are permitted and how they may be used, policies and procedures for Bring Your Own Devices ("BYOD") and how they may be used, evaluations of the relative benefits and risks associated with different Smartphones, documents concerning Smartphone privacy and security

14                                                                                      25276653.1

features, and policies governing the downloading of Apps or software to the Smartphone, including any policies or procedures concerning the manner in which employees may download Apps or software to the device.

**REQUEST FOR PRODUCTION NO. 22:** Documents sufficient to show the month-by-month costs and revenue associated with each Contactless Payment Method and Digital Wallet You support, separately for the United States and globally, including (a) the costs associated with the use of Your Virtual Cards in a transaction in each Digital Wallet on which your Virtual Cards are available or each Contactless Payment Method You support; (b) the revenue generated by the use of Your Virtual Cards in a transaction in each such Digital Wallet or Contactless Payment Method; and (c) any per-transaction fee paid by You to each Digital Wallet or Contactless Payment Method provider.

**REQUEST FOR PRODUCTION NO. 23:** Documents sufficient to show all settlement fees, processing fees, and any other fees that You charge Your customers, including flat processing fees per transaction, payment method fees per transaction for each type of payment method that You offer, minimum monthly fees, refund fees, chargeback fees, reconciliation fees, and any additional fees for particular services, such as data analytics, customer service, security, and parental controls.

**REQUEST FOR PRODUCTION NO. 24:** All Documents and Communications concerning any effort, whether direct or indirect, alone or in concert with any Person, to change, influence, circumvent, lobby for legislation related to, or draw government or public attention to any of Apple's policies, including any contractual or policy terms related to Digital Wallets, any fees or other monetary penalties or incentives, or any policies or technical limitations concerning Apple's Digital Wallet, or any policies or technical limitations concerning digital payment-related features or APIs.

**REQUEST FOR PRODUCTION NO. 25:** All Documents and Communications concerning any security breaches or malware incidents related to Your use of other companies' Digital Wallets.

25276653.1

**REQUEST FOR PRODUCTION NO. 26:** All Documents and Communications concerning any evaluations or analyses conducted by You or any third party concerning the security technologies used to store and process sensitive data in Digital Wallets, including, without limitation, embedded Secure Element, Soft Secure Element, and Host Card Emulation.

**REQUEST FOR PRODUCTION NO. 27:** All Documents and Communications concerning any evaluations or analyses conducted by You or any third party of Apple's Digital Wallet compared to any non-Apple Digital Wallet, including with respect to consumer experience, software and app stability, privacy, data collection practices, security, safety, cost, and interoperability.

**REQUEST FOR PRODUCTION NO. 28:** All Documents and Communications concerning Your efforts to encourage the adoption of Digital Wallets.

**REQUEST FOR PRODUCTION NO. 29:** All Documents and Communications concerning consumer switching between Smartphones, as related to Your Apps or Virtual Cards, or any other Apps, Virtual Cards, or Digital Wallets.

**REQUEST FOR PRODUCTION NO. 30:** All Documents produced to, and any Communications with, any government agency or division (whether federal, state, local, or foreign) concerning the Alleged Conduct related to Digital Wallets, and any transcript of any testimony regarding the same.

**REQUEST FOR PRODUCTION NO. 31:** All Documents produced to any party in *Affinity Credit Union v. Apple Inc.*, Case No. 22-cv-4174 (N.D. Cal.).

**REQUEST FOR PRODUCTION NO. 32:** All minutes or other recordings of meetings of Your Board of Directors relating to Smartphones.

**REQUEST FOR PRODUCTION NO. 33:** Documents sufficient to identify any sectors, industries, or business lines in which You compete with Apple, including (a) the existence of such markets or any submarkets within such markets, including any industry or public recognition of such markets and any distinct customers or prices within such markets; (b) any market shares within such markets or submarkets; (c) any analyses concerning competition between or within such markets or submarkets, such as supply and demand conditions; and (d) Your entry or potential

16

25276653.1

entry into such markets.

**REQUEST FOR PRODUCTION NO. 34:** Any contracts and agreements between You and Apple concerning Smartphones, including Apple's Developer Program License Agreement.

**REQUEST FOR PRODUCTION NO. 35:** Documents and Data sufficient to show any fees You paid to Apple related to Apple's APIs for Near Field Communications and Secure Element operations.

**REQUEST FOR PRODUCTION NO. 36:** All Documents and Communications concerning efforts or plans to develop, offer, or launch Your Apps on Apple's App Marketplace.

**REQUEST FOR PRODUCTION NO. 37:** All Documents concerning customer decisions to use or not use Your Apps, and Your products on Digital Wallets, including but not limited to surveys or other analyses.

**REQUEST FOR PRODUCTION NO. 38:** All Documents and Communications concerning cross-functionality between Your Apps and Your Virtual Cards across Apple and non-Apple Digital Wallets, App Marketplaces, Smartphones, and Wearables.

**REQUEST FOR PRODUCTION NO. 39:** All Documents and Communications concerning Your income and revenue generated from consumer use of Your Apps and Virtual Cards, including any comparisons, analyses, or differences across Apple and non-Apple Digital Wallets, App Marketplaces, Smartphones, and Wearables.

**REQUEST FOR PRODUCTION NO. 40:** All Documents and Communications concerning consumer switching behavior when switching between Your Digital Wallet, Apple's Digital Wallet, and other non-Apple Digital Wallets.

**REQUEST FOR PRODUCTION NO. 41:** All Documents and Communications concerning any effect on Your Apps or Virtual Cards from consumer behavior when switching between Apple and non-Apple App Marketplaces, Smartphones, or Wearables.

**REQUEST FOR PRODUCTION NO. 42:** All Documents that You produced or provided in connection with the DOJ action, *United States of America, et al. v. Apple, Inc.*, No. 2:24-cv-04055 (D.N.J.), including but not limited to documents produced by You in response to any subpoena, civil investigative demand, declaration, affidavit, or other statements, and transcript

17

of any testimony.

**REQUEST FOR PRODUCTION NO. 43:** All Documents that You produced or provided to the DOJ in connection with its investigation into allegations that Apple has engaged in anti-competitive conduct relating to the Alleged Conduct or the Alleged Market.

25276653.1

# EXHIBIT C

**FRESHFIELDS**

July 7, 2026

**New York**

3 World Trade Center
175 Greenwich Street
New York, NY 10007

**David Livshiz**
**T** +1 (212) 277-4000
**T** +1 (212) 284-4979 (direct)
**E** david.livshiz@freshfields.com

**freshfields.us**

**Kyle P. Quackenbush**
GIRARD | SHARP
601 California Street, Suite 1400
San Francisco, CA 94108
kquackenbush@girardsharp.com
www.girardsharp.com

**Elizabeth F. Quinby**
PretiFlaherty
One City Center
Portland, ME 04101
EQuinby@preti.com
www.preti.com

**Re: Klarna, Inc.'s Response to Third-Party Subpoena Issued In Connection With *In re Apple Inc. Smartphone Antitrust Litigation*, No. 2:24-md-03113 (D.N.J.)**

Dear Mr. Quackenbush and Ms. Quinby:

I write on behalf of our client, Klarna Inc. ("***Klarna***"), in response to the third-party subpoena dated February 13, 2026, served by Direct and Indirect iPhone Purchasers (collectively, the "***iPhone Plaintiffs***") on Klarna in connection with *In re Apple Inc. Smartphone Antitrust Litigation*, No. 2:24-md-03113, before the U.S. District Court for the District of New Jersey.[1]

At the outset, Klarna notes that the subpoena includes forty-three Requests for Production (the "***Requests***" or "***RFPs***"), many of which seek documents bearing no apparent connection to Klarna's limited relation to the matters at issue and none of which include any date limitation whatsoever. Such general and untailored requests are improper for a disinterested third party. *See* Fed. R. Civ. P. 45 (requiring a party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena").

Nonetheless, Klarna has engaged with the iPhone Plaintiffs in good faith through multiple meet and confers. As a result of this process, Klarna understands that the iPhone Plaintiffs seek documents generally showing Klarna's strategic discussions and business analyses regarding the European Commission's July 2024 mandate that Apple open its mobile payment system to competitors (the "***Narrowed Requests***"). Klarna can confirm that it has not identified any such documents in its possession, custody, or control.

Given the length and breadth of the Requests in the iPhone Plaintiffs' subpoena, and given Klarna's status as a third party, Klarna is not responding specifically to each one and provides this letter in lieu of more fulsome responses and objections. Klarna nevertheless reserves its right to object specifically to each of the Requests and to amend, revise, correct, supplement, or clarify its

---

[1] Pursuant to the parties' email correspondence on July 2, 2026, Klarna's deadline to respond to the iPhone Plaintiffs' subpoena was extended to July 7, 2026.

**FRESHFIELDS**

2 | 4

responses at a later date, as required. However, Klarna notes the following general objections, which apply broadly to each of the iPhone Plaintiffs' Requests:

- Klarna objects to the Requests to the extent that they purport to seek information and/or documents that are not, or are not likely to be, in Klarna's possession, custody, or control, but in the possession of third parties or separate legal entities. (*See, e.g.*, Definition of "Klarna" and "Business"; RFP No. 27, seeking "evaluations or analyses conducted by . . . any third party"; RFP No. 30, seeking "All Documents produced to, and any Communications with, any government agency or division (whether federal, state, local, ***or foreign***) . . ." (emphasis added).)

- Klarna objects to the Requests to the extent that they are overly broad and unduly burdensome, not relevant to any party's claim or defense, and disproportionate to the needs of the case, particularly given Klarna's status as a third party. (*See, e.g.*, RFP No. 19, seeking disaggregated transaction data "showing at least each and every cardholder or consumer, transaction date and time, merchant, transaction amount, whether the transaction was in-store or online, and any fees charged, including any fees charged by You."; RFP No. 33, seeking "Documents sufficient to identify ***any sectors, industries, or business lines*** in which You compete with Apple" (emphasis added) without limitation.)

- Klarna objects to the Requests to the extent that they purport to seek information relating to any conduct, event, or occurrence without any temporal or geographic limitation as overly broad, unduly burdensome, not relevant to any claim or defense asserted in this action, and disproportionate to the needs of the case. (*See, e.g.*, RFP No. 7, seeking "All Communications with any Smartphone manufacturer, operating system provider, App Marketplace, or Digital Wallet Provider . . . " without any time or place limitations.)

- Klarna objects to the Requests to the extent that they are vague and/or ambiguous or would unreasonably require Klarna to speculate as to the nature or scope of the information sought. (*See, e.g.*, RFP Nos. 12 and 13, requesting documents that measure Apple's impact on the relative success of Klarna's products.)

- Klarna objects to the Requests to the extent that they purport to seek the production of information protected by any privilege, immunity, or protection, including, but not limited to, information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, or any other applicable privilege or rule of privacy, confidentiality, immunity, protection, or restriction that makes such information otherwise non-discoverable. (*See, e.g.*, RFP No. 3, seeking "All Documents concerning Your Communications or interactions with any government agency or division . . . or with any private plaintiff . . . including . . . (c) any agendas or materials prepared for any meetings or discussions with any such Person; or (d) any summaries, transcripts, notes, or other accounts of such meetings, discussions, or interactions.")

- Klarna objects to the Requests to the extent that they purport to seek the production of documents that contain trade secrets or confidential commercial, business, financial, proprietary, or competitively sensitive information, or that they are protected from disclosure by any agreement between Klarna and any other person or entity. (*See, e.g.*,

**FRESHFIELDS**

3 | 4

RFP No. 14, requesting confidential commercial, business, financial, proprietary, or commercially sensitive information regarding "[Klarna's] efforts, plans or decisions to develop or offer [Klarna's] Apps, [] Digital Wallets, Virtual Cards, or other products or services"; RFP No. 23, seeking competitively sensitive pricing information.)

- Klarna objects to the Requests to the extent that they are not tailored to this discovery target. (*See, e.g.*, RFP Nos. 3, 31, and 42, seeking documents produced in litigations in which the subpoenaed entity is not a party.)

- Klarna objects to the Requests to the extent that they purport to seek documents or information that were already produced, that are already in the possession of, or more readily available to, Plaintiffs, or that are publicly available or otherwise obtainable from some other source more convenient, less burdensome, or less expensive as overly broad and unduly burdensome. (*See, e.g.*, RFP No. 34, requesting "Apple's Developer Program License Agreement," a publicly available document.[2])

- Klarna objects to the Requests to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume legal conclusions. (*See, e.g.*, RFP No. 24, seeking documents regarding Klarna's purported efforts to "circumvent" Apple's policies and/or contractual terms.)

- Klarna objects to the Requests to the extent that they seek documents that do not exist or would require the creation or generation of documents. (*See, e.g.*, RFP Nos. 19, 20, seeking disaggregated data in specified formats that may not be kept in Klarna's ordinary course of business.)

- To the extent any request reaches such data, Klarna objects to the Requests insofar as they purport to seek documents or information located outside the United States, maintained by Klarna's foreign affiliates, or otherwise subject to the data protection, privacy, or blocking laws of foreign jurisdictions, including but not limited to the EU General Data Protection Regulation (Regulation (EU) 2016/679). (*See, e.g.*, RFP No. 20, seeking customer data "differentiated by country.")

Notwithstanding the foregoing general objections, and as noted above, Klarna has not identified documents in its possession, custody, or control that are responsive to the iPhone Plaintiffs' Narrowed Requests after having undertaken a diligent and reasonable search. The general objections set forth above are stated on a protective basis and without prejudice to that conclusion, in the event the iPhone Plaintiffs press any Request further.

Klarna provides this letter, and asserts the foregoing objections, without waiver of and expressly reserving all rights, including its right to: (i) object specifically to any individual Request; (ii) amend, revise, supplement, or clarify these responses and objections; (iii) withhold or claw back any privileged or otherwise protected material; and (iv) seek any and all relief available to a non-party under Federal Rule of Civil Procedure 45, including an order quashing or

---

[2] *See* https://developer.apple.com/support/terms/apple-developer-program-license-agreement/#S2a3-EXE.

**FRESHFIELDS**

modifying the subpoena and/or an order seeking attorney's fees incurred in connection with any production ultimately required in response to the subpoena.

Klarna appreciates the open and ongoing dialogue with the iPhone Plaintiffs. Please do not hesitate to contact me with any questions.

Very truly yours,

David Y. Livshiz