

## NATIONAL COURT ADMINISTRATION
### REPUBLIC OF KOREA
219 SEOCHO-DAERO, SEOCHO-GU, SEOUL, KOREA, 06590
Tel: 82-2-3480-1734          Fax: 82-2-533-2824

June 15, 2026

**Your Ref**: No. 2:24-MD-3113 (D.N.J.)
**Our Ref**: 2026-D-418

Dear Sir/Madame:

Reference is made to the above case seeking international judicial assistance to take evidence. We are informing you that, pursuant to Article 5 of the HCCH 1970 Evidence Convention, the Letter of Request cannot be executed.

Under Article 23 of the Convention, the Republic of Korea has declared that it will not execute Letters of Request issued to obtain documents for pre-trial discovery purposes. Therefore, evidence requests must specify the materials sought in detail rather than broadly stating them as all-related documents.

Please let us know if we can provide any further assistance in this matter.

Sincerely,

**Jiyong Jang**
Director General for International Affairs
National Court Administration
Supreme Court of the Republic of Korea

*Model for Letters of Request recommended for use in applying the Hague Convention on 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*

**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

*N.B. Under the first paragraph of Article 4, the Letter of Request shall be in the language of the authority requested to execute it or be accompanied by a translation into that language. However, the provisions of the second and third paragraphs may permit use of English, French or another language.*

*In order to avoid confusion, please spell out the name of the month in each date.*

*Please fill out an original and one copy of this form (use additional space if required).*

| | | |
|---|---|---|
| 1. | Sender | The Honorable Leda D. Wettre<br>United States Magistrate Judge<br>United States District Court for the District of New Jersey<br>Martin Luther King Building & U.S. Courthouse<br>50 Walnut Street, Courtroom MLK 3C<br>Newark, NJ 07102 USA |
| 2. | Central Authority of the Requested State | National Court Administration<br>Attn: Director of International Affairs<br>Seocho-daero 219<br>Seoghu-gu<br>SEOUL 06590<br>Republic of Korea |
| 3. | Person to whom the executed request is to be returned | Lauren Dayton<br>MoloLamken LLP<br>300 N. LaSalle Drive<br>Chicago, IL 60654<br>+1 312-450-6707<br>LDayton@MoloLamken.com<br>MGold@MoloLamken.com |

4.  Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request

Date

> June 30, 2026, or as expeditiously as possible thereafter

Reason for urgency*

---

\* Omit if not applicable.

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:

| | | | |
|---|---|---|---|
| 5. | a | Requesting judicial authority (Article 3,*a*)) | The Honorable Leda D. Wettre<br>United States Magistrate Judge<br>United States District Court for the District of New Jersey<br>Martin Luther King Building & U.S. Courthouse<br>50 Walnut Street, Courtroom MLK 3C<br>Newark, NJ 07102<br>United States of America |
| | b | To the competent authority of (Article 3, *a*)) | Republic of Korea |
| | c | Names of the case and any identifying number | In re: Apple Inc. Smartphone Antitrust Litigation, No. 2:24-md-3113 (D.N.J.)<br><br>Giamanco v. Apple, Inc., No. 2:24-cv-07238-JXN-LDW (D.N.J.) |

6. Names and addresses of the parties and their representatives (including representatives in the requested State*) (Article 3, *b*))

| | | | |
|---|---|---|---|
| | a | Plaintiff | Direct Apple Watch Purchaser Plaintiffs - Joseph Giamanco<br>Direct Phone Purchaser Plaintiffs<br>Indirect Phone Purchaser Plaintiffs |
| | | Representatives | LAUREN F. DAYTON, MoloLamken LLP, 300 N LaSalle Street, Chicago, IL 60654 USA, (312) 450-6707, ldayton@mololamken.com<br><br>FRAZAR THOMAS, Seeger Weiss LLP, 325 Chestnut Street, Suite 917, Philadelphia, PA 19106 USA, (973) 639-9100, fthomas@seegerweiss.com<br><br>STANLEY KING, Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C., 1000 Haddonfield-Berlin Road, Suite 203, Voorhees, NJ 08043 USA, (856) 596-4100, sking@lawjw.com |
| | b | Defendant | Apple Inc.<br>One Apple Park Way<br>Cupertino, CA 95014<br>USA |
| | | Representatives | Cynthia E. Richman, Gibson Dunn & Crutcher LLP, 1700 M Street, N.W., Washington, DC 20036 USA, (202) 955-8500, crichman@gibsondunn.com<br><br>Liza M. Walsh, Walsh Pizzi O'Reilly Falanga LLP, 100 Mulberry Street 15th Floor, Newark, NJ 07102 USA, (973) 757-1100, lwalsh@walsh.law |
| | c | Other parties | Not applicable |
| | | Representatives | Not applicable |

* Omit if not applicable.

| | | | |
|---|---|---|---|
| 7. | a | Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, c)) | Federal and state antitrust claims. |
| | b | Summary of complaint | Joseph Giamanco and the Direct Apple Watch Purchaser Plaintiffs bring claims under Sections 1 and 2 of the Sherman Act and state laws, alleging that Apple monopolizes the relevant smartwatch market, enabling it to charge supracompetitive prices for the Apple Watch. |
| | c | Summary of defence and counterclaim* | Apple argues that Plaintiffs' claims should be dismissed for failure to state a cognizable antitrust claim. Apple also asserts that it competes on the merits, that its conduct is and was pro-competitive, and that it has not intended to, attempted to, or in fact monopolized the relevant smartwatch market. |
| | d | Other necessary information or documents* | Not applicable |
| 8. | a | Evidence to be obtained or other judicial act to be performed (Article 3, d)) | The documents listed in Exhibit 1 to be produced by Samsung Electronics Co., Ltd. The documents should be furnished as electronic copies.<br><br>Samsung's mailing address is: Samsung Electronics Co., Ltd., 129 Samseong-ro, Yeongtong-gu Suwon, Gyeonggi, 16677 Republic of Korea |
| | b | Purpose of the evidence or judicial act sought | Watch Plaintiffs' document requests to Samsung target evidence that goes to the core of Plaintiffs' claims. Watch Plaintiffs allege that Apple has monopolized the market for smartwatches by forcing key third parties to sign illegal agreements that block competitors from offering basic features on smartwatches that connect to an iPhone, such as the ability to reply to text messages, and by continually updating and redesigning the iPhone operating system in ways that disrupt and degrade the experience of using a competing smartwatch with the iPhone. Watch Plaintiffs allege that conduct has forced some of the largest consumer-technology companies, including Samsung, to exit or decline to enter the market for iOS-connected (i.e., iPhone-compatible) smartwatches. This evidence is directly relevant to demonstrating Apple's anticompetitive conduct. |
| 9. | | Identity and address of any person to be examined (Article 3, e))* | Not applicable |
| 10. | | Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (Article 3, f))* | Not applicable |

---

* Omit if not applicable.

| | |
|---|---|
| 11. Documents or other property to be inspected (Article 3, *g*))* | Exhibit 1 lists the documents to be produced. The Court has reviewed the list of documents and finds that they relate to the subject-matter of the lawsuit and call for evidence that may be material to the case. |
| 12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, *h*))* | Not applicable |
| 13. Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Articles 3, *i*) and 9)* | Not applicable |
| 14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)* | Lauren F. Dayton<br>MoloLamken LLP<br>300 N LaSalle Street<br>Chicago, IL 60654<br>United States of America |
| 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)* | Not applicable |

_____

* Omit if not applicable.

16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, *b*))*

> Attorney-Client Privilege, if applicable.

17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by*

> Counsel for Watch Plaintiffs will bear the reimbursable costs associated with this request in accordance with the provisions of the Convention. Please contact Watch Plaintiffs' counsel at LDayton@mololamken.com or MGold@mololamken.com to make any necessary financial arrangements.

DATE OF REQUEST

> 5/7/2026

SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY

> *Leda Dunn Wettre, USMJ*

| Erase all entries | Print |
|---|---|

---

* Omit if not applicable.

## **Exhibit 1: Documents Required To Be Produced**

1.    Documents showing your research into and efforts to develop, or decision not to research or not to develop, any smartwatch.

2.    Documents showing the reasons for your decision to discontinue development of any smartwatch.

3.    Documents showing the reasons for your decision to discontinue, or discontinue support for, the interoperability of your smartwatches with iOS.

4.    Reports regarding your own and third-party market research and competitive intelligence regarding the market for smartwatches.

5.    Documents concerning Apple's contractual restrictions, technical restrictions, and any other restrictions Apple imposes on your ability to produce or sell smartwatches that connect to iOS or the iPhone, smartwatch operating systems that connect to iOS or the iPhone, and smartwatch-related apps that connect to iOS or the iPhone.

6.    Documents showing the effect that Apple's contractual restrictions, technical restrictions, and any other restrictions Apple imposes have had on your ability to produce or sell smartwatches that connect to iOS or the iPhone, smartwatch operating systems that connect to iOS or the iPhone, or smartwatch-related apps for such smartwatches or smartwatch operating systems.

7.    Documents showing differences between the interoperability of your smartwatches, smartwatch operating systems, and smartwatch-related apps with Android and iOS.

8.    Consumer complaints regarding the interoperability of your smartwatches, smartwatch operating systems, and smartwatch apps with iOS or the iPhone.

9.    Documents showing differences or similarities between the privacy or security of your smartwatches and the Apple Watch.

10.    Any agreements between you and Apple concerning smartwatches, smartwatch operating systems, or smartwatch-related apps.

11.    Any agreements between you and Google LLC concerning smartwatches, smartwatch operating systems, or smartwatch-related apps.

418

*민사 또는 상사 사안에 관한 해외에서의 증거조사에 관한 1970 년 3 월 18 일자 헤이그 협약 적용을 위한 요청서 권장 양식*

**민사 또는 상사 사안에 관한 해외에서의 증거조사에 관한 1970 년 3 월 18 일자 헤이그 협약에 따른 국제사법공조요청서**

*주의: 제 4 조 제 1 항에 따라, 사법공조요청서는 집행을 요청받은 기관의 언어로 작성되어야 하거나 해당 언어로 된 번역본이 첨부되어야 합니다. 단, 제 2 항 및 제 3 항의 규정에 따라 영어, 프랑스어 또는 기타 언어의 사용이 허용될 수 있습니다.*

*혼동을 피하기 위해, 각 날짜의 월 명칭은 전체 글자를 모두 표기해 주십시오.*

*본 서식의 원본 1 부와 사본 1 부를 작성해 주십시오(공간이 부족한 경우 별지 사용).*

| | | |
|---|---|---|
| 1. | 발신인 | Leda D. Wettre 판사<br>미국 치안판사<br>연방지방법원 뉴저지 지원<br>마틴 루터 킹 빌딩 및 미국 연방 법원<br>50 Walnut Street, Courtroom MLK 3C<br>Newark, NJ 07102 미국 |
| 2. | 피요청국 중앙 기관 | 국가 법원 행정처<br>수신: 국제심의관<br>(06590)서울특별시<br>서초구<br>서초대로 219<br>대한민국 |
| 3. | 공조 결과 송달처 | Lauren Dayton<br>MoloLamken LLP<br>300 N. LaSalle Drive<br>Chicago, IL 60654<br>+1 312-450-6707<br>LDayton@MoloLamken.com<br>MGold@MoloLamken.com |

4.  요청 기관이 사법공조요청서에 대한 회신을 받기 원하는 기한 명시

날짜

| 2026 년 6 월 30 일 또는 그 이후 최대한 빠른 시일 내에 |
|---|

긴급 사유*

| |
|---|
| |

---

\*해당하지 않는 경우 생략하십시오.

본 신청인은 협약 제 3 조에 의거하여 다음과 같이 요청서를 제출합니다:

5.  a   요청 사법당국(제 3 조 제 a 항)

Leda D. Wettre 판사
미국 치안판사
연방지방법원 뉴저지 지원
마틴 루터 킹 빌딩 및 미국 연방 법원
50 Walnut Street, Courtroom MLK 3C
Newark, NJ 07102
미국

b   귀중: (제 3 조 제 a 항)의 관할 당국

대한민국

c   사건명 및 사건번호

대상 사건: Apple Inc. 스마트폰 반독점 소송, 사건번호 제 2:24-md-3113 호(뉴저지 연방지방법원)

Giamanco 대 Apple, Inc., 사건번호 제 2:24-cv-07238-JXN-LDW 호(뉴저지 연방지방법원)

6.  당사자와 그 대리인의 성명 및 주소(피요청국 내 대리인 포함*)(제 3 조 제 b 항)

a   원고

애플 워치 직접 구매 원고단 - Joseph Giamanco
스마트폰 직접 구매 원고단
스마트폰 간접 구매 원고단

소송대리인

LAUREN F. DAYTON, MoloLamken LLP, 300 N LaSalle Street, Chicago, IL 60654 미국, (312) 450-6707, ldayton@mololamken.com

FRAZAR THOMAS, Seeger Weiss LLP, 325 Chestnut Street, Suite 917, Philadelphia, PA 19106 미국, (973) 639-9100, fthomas@seegerweiss.com

STANLEY KING, Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.,1000 Haddonfield-Berlin Road, Suite 203, Voorhees, NJ 08043 미국, (856) 596-4100, sking@lawjw.com

b   피고

Apple Inc.
One Apple Park Way
Cupertino, CA 95014
미국

소송대리인

Cynthia E. Richman, Gibson Dunn & Crutcher LLP, 1700 M Street, N.W., Washington, DC 20036 미국, (202) 955-8500, crichman@gibsondunn.com

Liza M. Walsh, Walsh Pizzi O'Reilly Falanga LLP, 100 Mulberry Street 15th Floor, Newark, NJ 07102 미국, (973) 757-1100, lwalsh@walsh.law

c   기타 당사자들

해당 사항 없음

소송대리인

해당 사항 없음

---

*해당하지 않는 경우 생략하십시오.

| | | | |
|---|---|---|---|
| 7. | *a* | 소송의 성격(이혼, 친자확인, 계약 불이행, 제조물 책임 등)(제 3 조 제 *c* 항) | 연방 및 주 반독점 관련 소송. |
| | *b* | 청구 원인 요약 | 원고 Joseph Giamanco 및 애플 워치 직접 구매 원고단은 셔먼법 제 1 조 및 제 2 조와 주법에 의거하여, Apple 이 관련 스마트워치 시장을 독점함으로써 애플 워치에 대해 경쟁사 대비 과도한 가격을 부과할 수 있게 되었다고 주장하며 소송을 제기했습니다. |
| | *c* | 피고 측 답변 및 반소 요약* | Apple 은 원고들의 주장이 법적으로 성립 가능한 반독점법 위반 요건을 갖추지 못했으므로 각하되어야 한다고 주장합니다. Apple 은 또한 자사가 공정한 경쟁을 추구하며, 자사의 행위가 경쟁 촉진적이었고 현재도 그러하고, 관련 스마트워치 시장을 독점하려는 의도나 시도, 또는 실제로 독점한 적이 없다고 주장합니다. |
| | *d* | 기타 필요한 정보 또는 서류* | 해당 사항 없음 |
| 8. | *a* | 취득할 증거 또는 수행될 기타 법률행위(제 3 조 제 *d* 항) | 삼성전자 주식회사가 제출할 별지 제 1 호 기재 문서들. 해당 문서들은 전자 사본 형태로 제출되어야 합니다. 삼성전자 우편 주소: 대한민국 경기도 수원시 영통구 삼성로 129 삼성전자 주식회사(우편번호: 16677) |
| | *b* | 추구하는 증거 또는 법률행위의 목적 | 워치 원고단이 삼성전자에 요청한 문서들은 원고 주장의 핵심과 관련된 증거를 대상으로 합니다. 워치 원고단은 Apple 이 주요 제 3 자들에게 불법적인 계약 체결을 강제하여 경쟁사들이 iPhone 에 연동되는 스마트워치에서 문자 메시지 답장 기능과 같은 기본적인 기능을 제공하지 못하도록 막고, iPhone 운영체제를 지속적으로 업데이트 및 재설정함으로써 iPhone 과 경쟁사 스마트워치의 iPhone 연동 사용 경험을 저해하는 방식으로 스마트워치 시장을 독점해 왔다고 주장합니다. 워치 원고단은 이러한 행위로 인해 삼성전자를 포함한 주요 소비자 기술 기업들이 iOS 연동형(즉, iPhone 호환형) 스마트워치 시장에서 철수하거나 해당 시장에 진입하는 것을 포기할 수밖에 없었다고 주장합니다. 이 증거는 Apple 의 반경쟁적 행위를 입증하는 것과 직접적인 관련이 있습니다. |
| 9. | | 신문받을 자의 신원 및 주소(제 3 조 제 *e* 항)* | 해당 사항 없음 |
| 10. | | 신문받을 자에게 질문할 사항 또는 신문할 대상 사안에 관한 진술서(제 3 조 제 *f* 항)* | 해당 사항 없음 |

---

*해당하지 않는 경우 생략하십시오.

| 11. | 조사할 서류 또는 기타 재산(제 3 조 제 g 항)* | 제출 대상 문서 목록은 별지 제 1 호에 기재되어 있습니다. 법원은 문서 목록을 검토하였으며, 해당 문서들이 본 소송의 대상 사안과 관련이 있고 사건에 중대한 영향을 미칠 수 있는 증거를 포함하고 있다고 인정합니다. |
| 12. | 증거가 선서 또는 확약 하에 제공되어야 한다는 요건 및 사용해야 할 특별한 양식(제 3 조 제 h 항)* | 해당 사항 없음 |
| 13. | 따라야 할 특별한 방식 또는 절차(예: 구두 또는 서면, 속기록, 녹취록 또는 요약본, 반대신문 등)(제 3 조 제 i 항 및 제 9 조)* | 해당 사항 없음 |
| 14. | 사법공조요청 집행 일시 및 장소 통지 요청, 통지 대상자의 신원 및 주소(제 7 조)* | Lauren F. Dayton<br>MoloLamken LLP<br>300 N LaSalle Street<br>Chicago, IL 60654<br>미국 |
| 15. | 사법공조요청서 집행 시 요청 기관 사법 관계자의 참관 또는 참여 요청(제 8 조)* | 해당 사항 없음 |

---

*해당하지 않는 경우 생략하십시오.

16. 요청국 법률에 따른 증언거부권 또는 증거제출 거부 의무의 명시(제 11 조 제 *b* 항)*

변호사-의뢰인 비밀유지 특권(해당하는 경우).

17. 협약 제 14 조 제 2 항 또는 제 26 조에 따라 상환 가능한 발생 비용 및 수수료는 다음의 주체가 부담합니다.*

워치 원고단 대리인은 본 협약의 규정에 의거하여 본 요청과 관련된 상환 가능한 비용을 부담합니다. 필요한 비용 정산 절차를 진행하기 위해 워치 원고 측 소송대리인의 이메일(LDayton@mololamken.com 또는 MGold@mololamken.com)로 연락하십시오.

요청일

[수기:] 2026 년 5 월 7 일

요청 기관의 서명 및 날인

[서명]

**모든 기재 사항 삭제**                    **인쇄**

본인은 [수기:] *2026 년 5 월 7 일*에 상기 문서가 본인의 사무실에서 [수기:]*발급된* 본인이 법적으로 보관 중인 기록상 원본의 완전하고 진실하며 정확한 사본임을 이에 증명하고 인증합니다.

미국 연방지방법원 서기

뉴저지 지원

[서명]

법원서기보

---

*해당하지 않는 경우 생략하십시오.

<u>**별지 제 1 호: 제출 요구 문서 목록**</u>

1. 귀사가 스마트워치를 연구 및 개발하고자 한 노력, 또는 스마트워치를 연구하지 않거나 개발하지 않기로 내린 결정을 보여주는 문서.

2. 귀사가 스마트워치 개발을 중단하기로 결정한 사유를 보여주는 문서.

3. 귀사의 스마트워치와 iOS 간의 상호운용성을 중단하거나, 이에 대한 지원을 중단하기로 결정한 사유를 보여주는 문서.

4. 스마트워치 시장에 대한 자체 및 제 3 자 시장 조사 및 경쟁 정보 보고서.

5. 귀사가 iOS 또는 iPhone 에 연동되는 스마트워치, iOS 또는 iPhone 에 연동되는 스마트워치 운영체제, 그리고 iOS 또는 iPhone 에 연동되는 스마트워치 관련 앱을 생산하거나 판매할 수 있는 능력에 대해 Apple 이 부과하는 계약상의 제한, 기술적 제한 및 기타 모든 제한과 관련된 문서.

6. Apple 이 부과하는 계약상 제한, 기술적 제한 및 기타 모든 제한이 iOS 또는 iPhone 에 연동되는 스마트워치, iOS 또는 iPhone 에 연동되는 스마트워치 운영체제, 또는 그러한 스마트워치나 스마트워치 운영체제용 스마트워치 관련 앱을 생산하거나 판매할 수 있는 귀사의 능력에 미친 영향을 보여주는 문서.

7. 귀사의 스마트워치, 스마트워치 운영체제 및 스마트워치 관련 앱이 안드로이드 및 iOS 와 상호운용되는 방식 간의 차이점을 보여주는 문서.

8. 귀사의 스마트워치, 스마트워치 운영체제 및 스마트워치 앱과 iOS 또는 iPhone 간의 상호운용성과 관련된 소비자 불만 사항.

9. 귀사 스마트워치와 애플 워치의 개인정보 보호 또는 보안 간의 차이점이나 유사성을 보여주는 문서.

10. 스마트워치, 스마트워치 운영체제 또는 스마트워치 관련 앱과 관련하여 귀사와 Apple 간에 체결된 모든 계약서.

11. 스마트워치, 스마트워치 운영체제 또는 스마트워치 관련 앱과 관련하여 귀사와 Google LLC 간에 체결된 모든 계약서.

## CERTIFICATE OF TRANSLATION

I, Jacqueline Yorke, hereby certify that the document identified below, translated from English into Korean (KR), is true and accurate, to the best of my knowledge and belief.

**Reference:**   Request for International Judicial Assistance

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

_____

Signature

Sworn to before me this
12th day of May 2026

_____

Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 27