**McElroy Deutsch**

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
**T:** 973.993.8100 | **F:** 973.425.0161
**MDMC-LAW.COM**

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmclaw.com

July 17, 2026

**VIA ECF**

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

   Re: *In re Apple Inc. Smartphone Antitrust Litigation*, 2:24-md-03113-JXN-LDW
   <u>Joint Notice of Impasse Regarding Watch Plaintiffs' Requests for Production
   (Expedited Issues)</u>

Dear Judge Wettre,

   Pursuant to ¶4 of the Court's Special Master Appointment Order, Direct Apple Watch Purchaser Plaintiffs ("Watch Plaintiffs") and Apple Inc. ("Apple") respectfully submit this joint notice of impasse regarding Watch Plaintiffs' requests for production.  The parties have met and conferred extensively and agree they have reached impasse on the following issues.  These issues require immediate resolution, so that Apple can accurately complete the document review that it is currently ordered to complete by August 6, 2026, Dkt. 223-1 ¶ 2 (Special Master Hedges's order).

   Apple proposes dividing these issues for purposes of briefing into two separate briefs: one addressing Issues 1, 2, & 6 and a second addressing Issues 3, 4, 5, & 7.  Watch Plaintiffs propose one consolidated brief addressing all issues.  If consolidated into one brief, given the number of issues, the parties respectfully request permission to file letter briefs of 8 single-spaced pages.

*   *   *

1. **Interoperability Scope.** RFPs 8, 8.1, 8.2, 8.3, 17.1, 47, 51.4(b), and 70 seek documents about the interoperability of third-party smartwatches with the iPhone.  Apple objects to producing documents that relate only to third-party smartwatch interoperability with iPhone that is identical to Apple Watch interoperability with iPhone, as opposed to ways in which interoperability with iPhone differs between third-party smartwatches and Apple Watch.

NEW JERSEY  NEW YORK  PENNSYLVANIA  CONNECTICUT  MASSACHUSETTS  COLORADO  DELAWARE  FLORIDA  RHODE ISLAND

#20024445v1<MDMDOCS>

# McElroy Deutsch

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
July 17, 2026
Page 2

2. **Types of Interoperability Issues.** RFPs 68-70 and 122 seek all documents concerning any complaints from third parties about interoperability issues. Apple has agreed to produce responsive, non-privileged documents concerning interoperability issues expressly alleged in Watch Plaintiff's Amended Complaint. But Apple objects to producing documents regarding interoperability issues not expressly alleged in the Amended Complaint. Apple's position is that these RFPs are overbroad. In Apple's view, purported interoperability issues Watch Plaintiff did not allege in his Amended Complaint and has raised for the first time in discovery correspondence are irrelevant.

3. **Sister Apps.** Several RFPs including RFPs 13, 14, 17.1, 18.1, 30, 38, 43, 55, and 58, seek documents concerning various issues related to "Identified Product[s] or Service[s]." One "Identified Product or Service" is "Sister Apps" that connect to a smartwatch. Watch Plaintiffs have defined "Sister Apps" to include any app that can be installed on a smartwatch or that can interact with a smartwatch. Apple maintains that "Sister App" is not a term with a recognized meaning or definition. Apple objects to this definition as overbroad, unclear in scope, and not administrable. Watch Plaintiffs propose resolving this through search terms: If a document hits on a search term and is otherwise responsive to a request, Apple will produce it even if it relates solely to one or more "Sister App," rather than another Identified Product or Service. Apple maintains "Sister Apps" should be limited to a discrete list of apps, as otherwise Apple will not be able to reliably identify which documents relate to "Sister Apps."

4. **Smartwatch App Agreements.** RFPs 51.1 and 51.2 seek agreements, policies, and guidelines about third-party smartwatch apps, among other things. Apple has agreed to produce a list of agreements, guidelines, and policies responsive to these requests. Apple objects to producing all agreements concerning smartwatch apps. In Apple's view, Watch Plaintiff's definition of smartwatch apps is overbroad, unclear in scope, and not administrable.

5. **Third-Party Agreements and Communications.** RFP 71 seeks communications or agreements with third parties regarding smartwatches. Apple has agreed to produce responsive documents related to the enumerated list of third parties Watch Plaintiff identified in this RFP but objects to producing all documents regarding "communications or agreements with third parties regarding smartwatches" as overbroad.

6. **Interoperability Submissions.** RFPs 121, 122, and 129 request documents about developers' interoperability requests, including those submitted through a European Commission ("EC") mandated process; differences in iOS-connected smartwatch functionality in the European Union ("EU") versus the United States; and submissions made through Apple's Feedback Assistant. Apple has agreed to produce documents sufficient to show Feedback Assistant submissions in the United States during the relevant period that (i) relate to interoperability issues involving third-party smartwatches and/or Apple Watch interoperability with iPhone/iOS and (ii) relate to the conduct alleged in Watch Plaintiff's Amended Complaint. Apple has objected to a broader production of (a) requests submitted through the Digital Markets Act ("DMA") portal or otherwise relating to EU compliance, (b) documents

McElroy, Deutsch, Mulvaney & Carpenter, LLP
COLORADO   · CONNECTICUT   · DELAWARE   · FLORIDA   · MASSACHUSETTS   · NEW JERSEY   · NEW YORK   · PENNSYLVANIA   · RHODE ISLAND

#20024445v1<MDMDOCS>

**McElroy Deutsch**

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
July 17, 2026
Page 3

concerning functionalities Apple changed in the EU to comply with the DMA, and (c) Feedback Assistant submissions that do not relate to U.S. issues and do not relate to interoperability issues alleged in Watch Plaintiff's Amended Complaint. Apple maintains that materials related to irrelevant foreign regulatory regimes or irrelevant interoperability topics are not relevant or proportional to the U.S. antitrust claims alleged in Watch Plaintiff's Amended Complaint.

7. **APIs for Non-Watch Smart Products.** RFPs 130-136 seek documents related to CarPlay and non-watch smart home products for which Watch Plaintiffs claim Apple makes certain APIs available to third-party developers. Apple objects to these requests as not relevant to Watch Plaintiff's allegations or claims, unduly burdensome, and not proportional to the needs of the case.

Accordingly, the parties respectfully request that the Court determine the parties have reached impasse on the issues identified above and grant the parties leave to submit letter briefs pursuant to paragraph 5 of the Special Master Appointment Order on an expedited schedule.

Respectfully Submitted,

/s/ *Thomas R. Curtin* _____
Thomas R. Curtin
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ  07962
Tel: (973) 993-8100
tcurtin@mdmc-law.com

/s/ *Liza M. Walsh*_____
Liza M. Walsh
WALSH PIZZI O'REILLY
FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ  07102
Tel: (973) 757-1100
lwalsh@walshlaw.com

cc:    All counsel (by ECF)

McElroy, Deutsch, Mulvaney & Carpenter, LLP
COLORADO   · CONNECTICUT   · DELAWARE  · FLORIDA   · MASSACHUSETTS   · NEW JERSEY   · NEW YORK   · PENNSYLVANIA   · RHODE ISLAND

#20024445v1<MDMDOCS>