July 17, 2026

**VIA ECF**

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

      Re: *In re Apple Inc. Smartphone Antitrust Litigation*, 2:24-md-03113-JXN-LDW
      <u>Joint Notice of Impasse Regarding Watch Plaintiffs' Requests for Production
      (Non-Expedited Issues)</u>

Dear Judge Wettre,

      Pursuant to ¶4 of the Court's Special Master Appointment Order, Direct Apple Watch Purchaser Plaintiffs ("Watch Plaintiffs") and Apple Inc. ("Apple") respectfully submit this joint notice of impasse as to Watch Plaintiffs' requests for production. The parties have met and conferred extensively and agree they have reached impasse on the following issues. These disputes will not affect Apple's ongoing document review and do not require expedited resolution. However, these disputes must be resolved for discovery to proceed efficiently, as depositions are proceeding.

      The parties propose filing one consolidated brief. Given the number of issues, Apple respectfully requests that the parties be granted permission to file letter briefs of 6 single-spaced pages.

*   *   *

1. **Government Investigations.** RFP 1.3 seeks documents related to 16 foreign investigations into Apple. Apple has agreed to produce formal submissions from 2 investigations brought by the European Commission ("EC"). Watch Plaintiffs narrowed their requests to Apple's formal submissions in the remaining 14 investigations, which Watch Plaintiffs claim investigate similar or related conduct as in Watch Plaintiffs' complaint, and to all submissions and communications from the EC investigations. Apple objects to producing formal submissions from additional investigations because, in its view, foreign investigations under non-U.S. law are irrelevant and because doing so would impose significant burdens relating to foreign law and languages, and because Apple has already agreed to produce documents substantively related to the conduct at issue in Watch Plaintiff's Amended Complaint. Apple objects to producing cloned discovery from the EC as it maintains that these productions contain irrelevant documents and materials privileged under U.S. law. It also objects to producing all communications with the EC which would be unduly burdensome to collect, review, and produce, including because such documents would have to be collected from outside counsel.

2. **Apple-Government Communications.** RFP 1.1 seeks all communications between Apple and Government Plaintiffs relating to the MDL, Government Action, or Government Investigation. Apple has represented it has produced what it considers "substantive

1

communications" such as "white papers" and negotiations over discovery protocols, but objects to producing all communications. Apple's position is that doing so would impose undue and disproportionate burden, including risking the disclosure of privileged materials. Watch Plaintiffs' position is that these documents are relevant and not privileged, and the procedures set out in the Protective Order are sufficient to protect Apple.

3. **App Review Documents.** RFPs 72 and 128 seek certain categories of App Review documents. Watch Plaintiffs propose both a targeted collection for App Review documents related to a specific set of apps to be agreed upon by the parties and a separate search-term review for additional apps tied to specific allegations in the Amended Complaint, including: (i) use of SMS, RCS, OTT, or any other messaging protocol, *see, e.g.*, Dkt. 86 ¶¶ 64-80; (ii) use of or access to NFC technology or hardware, *see, e.g.*, Dkt. 86 ¶¶108-13; (iii) use of or access to APIs, entitlements, frameworks, or other software interfaces that allow the app to complete background execution tasks, *see, e.g.*, Dkt. 86 ¶¶132-48; (iv) transmission and syncing of health or fitness information, *see, e.g.*, Dkt. 86 ¶¶143-44, ¶¶153-55; or (v) reference to Third-Party Smartwatches, *see, e.g.*, Dkt. 86 ¶¶119-27. Apple has agreed to conduct a targeted collection for App Review documents related to a specific set of apps to be agreed upon by the parties, but objects to the additional search-term review. Apple's proposed targeted collection will pull from Apple's non-custodial sources, where detailed information regarding the review of specific apps, including many communications, is stored. Apple maintains that a further custodial collection for largely duplicative documents would be unduly burdensome and disproportional to the needs of the case.

Accordingly, the parties respectfully request the Court determine that the parties have reached impasse on the issues identified above, and grant the parties leave to submit letter briefs on those issues on the schedule set forth in paragraph 5 of the Special Master Appointment Order.

Respectfully Submitted,

/s/ *[DRAFT]*
Thomas R. Curtin
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ  07962
Tel: (973) 993-8100
tcurtin@mdmc-law.com

/s/ *[DRAFT]*
Liza M. Walsh
WALSH PIZZI O'REILLY
FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ  07102
Tel: (973) 757-1100
lwalsh@walshlaw.com

cc:      All counsel (by ECF)

3