# LITE DePALMA GREENBERG & AFANADOR

570 Broad Street / Suite 1201 / Newark, NJ 07102
P: 973.623.3000 / F: 973.623.0858 / litedepalma.com

Newark ▮ Philadelphia ▮ Morristown

July 17, 2026

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:    ***In re Apple Inc. Smartphone Antitrust Litigation***
>        **Civil Action No.: 2:24-md-03113-JXN-LDW**
>
>        **Joint Notice of Impasse Regarding Scope of Phone Plaintiffs'**
>        **First Set of Requests for Production (Non-Expedited Issues)**

Dear Judge Wettre:

Pursuant to paragraph 4 of the Court's Special Master Appointment Order, ECF 208, the Direct and Indirect iPhone Purchaser Plaintiffs ("Phone Plaintiffs") and Apple Inc. ("Apple") respectfully submit this joint notice of impasse regarding the scope of the below categories of Phone Plaintiffs' requests for production.  The parties have met and conferred extensively and agree they have reached impasse on the following issues.  These disputes will not affect Apple's ongoing document review and do not require expedited resolution.

- **Contracts and Communications with Carriers and Retailers (RFPs 29, 29(A)):** Apple has agreed to produce final, executed contracts with all U.S. wireless carriers, as well as final contracts with the six largest non-carrier retailers.  Apple objects to producing contracts with the remaining non-carrier retailers on the basis that they are too burdensome to collect and produce, and because it alleges that the contracts Apple has already committed to produce cover retailers accounting for the vast majority of non-Apple iPhone sales.  Apple has offered to produce a selection of final executed contracts with additional non-carrier retailers (which it cannot guarantee will be representative), as well as an exemplar or form contract used with many smaller retailers.  Phone Plaintiffs maintain that these contracts' relevance to liability, class certification, and damages outweighs the burden of production, and so Apple must produce contracts with all retailers.

  Apple has likewise agreed to produce communications with all carrier retailers and Best Buy.  For communications with non-carrier retailers, Apple has agreed to run

**LITE DEPALMA**
**GREENBERG &**
**AFANADOR**

Honorable Leda Dunn Wettre, U.S.M.J.
July 17, 2026
Page 2

Plaintiffs' proposed search terms across its agreed custodians and to produce any responsive communications it identifies. Apple's agreed custodians already include multiple executives with responsibility for sales, including for the carrier and channel sales function. Apple maintains that, while these custodians did not directly communicate with clients, significant communications or discussions related to contract negotiations or iPhone promotions are likely to filter up to these higher-level employees. Apple likewise maintains that its internal points of contact with non-carrier retailers change frequently and so identifying the relevant communications with all non-carrier retailers over the relevant time period would be unreasonably burdensome, and that producing all communications with non-carrier retailers would be disproportional to the needs of the case. Phone Plaintiffs maintain that the relevance of these documents justifies the burden of production, and that for production to be meaningful, Apple must search the appropriate files to identify all responsive communications with all non-carrier retailers.

- **Potential Waiver of Privilege Over Documents Produced to the European Commission**: Apple produced documents, which included otherwise U.S.-privileged documents, to the European Commission ("EC") in response to a September 2024 decision, which imposed daily monetary penalty payments on Apple if Apple failed to produce the requested, U.S.-privileged documents by the EC's deadline. Apple repeatedly objected to the EC's demand and made clear that it was producing the privileged documents because of the imminent and concrete threat of financial penalties. Phone Plaintiffs believe that by producing these documents, likely also relevant here given the similar conduct at issue in both matters, Apple waived privilege and cannot assert it now. Apple contends that it did not waive privilege because the production was compelled. Phone Plaintiffs argue that Apple waived privilege by failing to meaningfully contest the production.

Accordingly, the parties respectfully request the Court determine that the parties have reached impasse on the issues identified above and grant the parties leave to submit letter briefs on the schedule set forth in paragraph 5 of the Special Master Appointment Order.

**SO ORDERED.**

*s/ Leda Dunn Wettre, U.S.M.J.*

**Dated:** July 21, 2026

Respectfully submitted,

*/s/ Joseph J. DePalma*

Joseph J. DePalma

cc:     All Counsel of Record (via ECF)
        Hon. Ronald J. Hedges (ret.)
        Hon. Jose L. Linares (ret.)
        Hon. Peter F. Bariso, Jr. (ret.)