# LITE DEPALMA GREENBERG & AFANADOR

570 Broad Street / Suite 1201 / Newark, NJ 07102
**P:** 973.623.3000 / **F:** 973.623.0858 / litedepalma.com

Newark ▮ Philadelphia ▮ Morristown

July 17, 2026

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:    *In re Apple Inc. Smartphone Antitrust Litigation*
> Civil Action No.: 2:24-md-03113-JXN-LDW

> **Joint Notice of Impasse Regarding Scope of Phone Plaintiffs'**
> **First Set of Requests for Production (Expedited Issues)**

Dear Judge Wettre:

Pursuant to paragraph 4 of the Court's Special Master Appointment Order, ECF 208, the Direct and Indirect iPhone Purchaser Plaintiffs ("Phone Plaintiffs") and Apple Inc. ("Apple") respectfully submit this joint notice of impasse regarding the scope of the below categories of Phone Plaintiffs' requests for production. The parties have met and conferred extensively and agree they have reached impasse on the following issues. The parties agree these issues should be resolved on an expedited schedule so that Apple can accurately complete the document review that it is currently ordered to complete by August 6, 2026, Dkt. 223-1 ¶ 2.

- **Global Productions (RFPs 11, 31, 34, 79)**: For RFP 11, which requests documents related to barriers to entry, Apple has agreed to produce documents on a worldwide basis for Smartphones and to produce documents on a U.S. basis for Identified Products and Services. For RFPs 31 (requesting information on customer segments), 34 (requesting information regarding the use or potential use of web apps or third-party app stores), and 79 (requesting documents regarding the actual or potential impact of offering third-party app stores), Apple has agreed to produce documents related to the U.S. market, but maintains that documents relating to global or ex-U.S. markets are not relevant to the allegations in Phone Plaintiffs' Amended Complaints. Phone Plaintiffs maintain that these documents are relevant because, among other things, Apple implemented certain elements of the challenged conduct in the United States after observing consumer patterns abroad, and because Apple has suspended or modified certain elements of the challenged conduct abroad, thus providing insight into the impact of the challenged conduct. Apple has already agreed to produce

**LITE DEPALMA**
**GREENBERG &**
**AFANADOR**

Honorable Leda Dunn Wettre, U.S.M.J.
July 17, 2026
Page 2

documents on a worldwide basis related to "actual or potential effects of ending or altering any aspect of the Alleged Conduct" in response to RFP 25 and maintains that to the extent RFPs 31, 34, and 79 request documents outside the scope of RFP 25, only documents related to the U.S. market are relevant.

- **Documents relating to Google's Protections for Privacy and Security and Apple's Decision to make Google the Default Search Engine in Safari (RFPs 102 and 103)**: Phone Plaintiffs maintain that these documents are relevant to Apple's privacy and security justifications, and more particularly Phone Plaintiffs' argument that Apple inconsistently applies privacy and security standards in order to prevent the emergence of competitive threats. Apple's position is that these requests are irrelevant to Phone Plaintiffs' claims and have no connection to any conduct that Phone Plaintiffs allege to be anticompetitive.

Accordingly, the parties respectfully request that the Court determine the parties have reached impasse on the issues identified above and grant the parties leave to submit letter briefs pursuant to paragraph 5 of the Special Master Appointment Order on an expedited schedule.

---

**SO ORDERED.**

*s/ Leda Dunn Wettre, U.S.M.J.*

**Dated:** July 21, 2026 _____

---

Respectfully submitted,

*/s/ Joseph J. DePalma*

Joseph J. DePalma

cc:    All Counsel of Record (via ECF)
       Hon. Ronald J. Hedges (ret.)
       Hon. Jose L. Linares (ret.)
       Hon. Peter F. Bariso, Jr. (ret.)