**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*ALL ACTIONS* | Case No. 2:24-md-03113 (JXN) (LDW) |

## ~~AMENDED~~ SPECIAL MASTER ORDER

The Special Master having considered Apple's Motion for Reconsideration (ECF No. 228) of Paragraph 1 of Special Master Order No. 1 (ECF No. 223-1), and MDL Plaintiffs' response to Apple's Motion for Reconsideration (ECF No. 233);

IT IS on this 4th day of ~~July~~ August, 2026, **ORDERED** that Paragraph 1 of Special Master Order No. 1 (ECF No. 223-1) is modified as follows:

1.      Apple shall produce both native and image format versions of all documents it has produced or will produce in this action, with the following exceptions:

     a.    Apple may produce the following categories of documents exclusively in image format:

          i. document families containing any redacted or withheld documents;

          ii.    iMessage, Slack, and Quip files; and

     b.    Apple may produce the following categories of documents exclusively in native format:

          i. Keynote, PowerPoint, spreadsheets (e.g., Excel or CSV files), and other files that cannot be converted to TIFF or PDF (such as audio and video files).

2.    If a Receiving Party identifies or presents Apple with an image format document that is not reasonably usable, Apple shall promptly produce a reasonably usable image and/or native format document to replace it.

3.    Receiving Parties shall access native emails only within a review platform that does not permit reviewers to click hyperlinks or manipulate natively produced emails as an addressee would (e.g., by replying to or forwarding them).

4.    Review platform administrators are permitted to access native emails outside of the review platform so that they can upload the material to the review platform, process clawback requests, and handle similar administrative tasks. They are to be instructed not to click hyperlinks or manipulate natively produced emails as an addressee would.

5.    Receiving Parties shall not download native versions of emails from the review platform except as necessary to use them in depositions, hearings, or at trial, with one caveat: emails should never be used as exhibits in their native form; rather the parties should first request a replacement image and should print native emails to PDF, with no active links, only as a last resort to remedy a document that is not reasonably usable. To clarify, the requirement that images should be used wherever possible and printed to PDF to be used as exhibits only as a last resort applies not just to emails, but all document types that have both image and native versions.

6.    All parties shall use image format versions of documents as exhibits whenever reasonably possible, turning to native versions only where the imaged version is not reasonably usable.

7.    If a Party uses a native version of a document in a deposition, it shall take steps to retain Bates numbering and confidentiality markings by including a metadata cover sheet as the

first page of the exhibit or by appending the imaged version bearing Bates and confidentiality stamping to the printed native copy.

8.    To ensure that Receiving Parties have reasonably usable documents sufficiently in advance of depositions, Apple shall produce images and natives simultaneously, to the extent possible.

Hon. Ronald J. Hedges, Special Master