# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Case No. 2:24-md-03113-JXN-LDW<br><br>MDL No. 3113<br><br>**DECLARATION OF ERIC WILLIS IN SUPPORT OF MOTION TO SEAL**<br><br>*Filed Electronically* |

I, Eric Willis, declare as follows:

1.      I am Vice President, Legal Technology at OpenText. I have held my current position since 2021.  My business address is Central Park Tower, 385 Interlocken Cres. Interlocken Business Park Suite 500, Broomfield, CO 80021.

2.      I submit this declaration on behalf of OpenText in support of the Motion to Seal limited, redacted portions of the Declaration of Larry Barela in support of Apple Inc.'s Letter Brief for Reconsideration of Special Master Order, dated July 9, 2026 (Dkt. No. 227-1) (the "Confidential Information").

3.      The Confidential Information disclosed in the Barela Declaration includes non-public information concerning OpenText's production infrastructure, technical capabilities, system capacity, processing throughput, business practices, and proprietary methodologies.

4.      The Confidential Information is not publicly available and is not generally known within the industry. OpenText does not publicly disclose this information except under circumstances required by law or under circumstances designed to preserve its confidentiality.

5.      OpenText takes reasonable measures to maintain the confidentiality of this information, including restricting access to employees and contractors with a business need to know, requiring confidentiality obligations, limiting disclosure to authorized recipients, and maintaining internal controls and security measures designed to prevent unauthorized disclosure.

6.      The Confidential Information reflects significant investment by OpenText in research, development, testing, engineering, operational analysis, and business planning.

7.      The Confidential Information exposes OpenText to risk because it reveals details regarding OpenText's confidential and proprietary technical capabilities, performance characteristics, operational capacities, and proprietary methodologies.

8.      Public disclosure of the Confidential Information would likely create substantial risk of competitive harm to OpenText's business.  Competitors and other third parties could use the information to emulate aspects of operational practices, benchmark their products against OpenText's proprietary capabilities, gain unauthorized insights into OpenText's technical strengths and strategic priorities, and obtain benefits from OpenText's investments at negligible cost.

9.      Because the information concerns proprietary technical and business matters that remain non-public, disclosure creates a material risk of competitive harm to OpenText.

10.  Limited, redacted elements of the Declaration of Larry Barela should be sealed to protect the confidential information of OpenText.

11.  In my opinion, sealing the Confidential Information is necessary because there is no legitimate public need for disclosure of OpenText's confidential and proprietary business information, while public disclosure would create significant competitive risk to OpenText.

12.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2026, at Denver, CO.

Eric Willis
Vice President
Legal Technology

# Exhibit 1

**INDEX IN SUPPORT OF MOTION TO SEAL**

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| **Declaration of Larry Barela in support of Apple Inc.'s Letter Brief for Reconsideration of Special Master Order, dated July 9, 2026 (Dkt. No. 227-1)** | | | | | |
| Page 2, Paragraph 7, Line 3,4,5 | OpenText requests sealing of this text because it contains non-public, competitively sensitive information concerning OpenText's production infrastructure, technical capabilities, system capacity, processing throughput, business practices, and proprietary methodologies. This information is not publicly available and is not generally known within the industry. OpenText does not publicly disclose this information except where required by law or under circumstances designed to preserve its confidentiality. OpenText takes reasonable measures to maintain the confidentiality of this information, including restricting access to employees and contractors with a business need to know, requiring confidentiality obligations, limiting disclosure to authorized recipients, and maintaining internal controls and security measures designed to prevent unauthorized disclosure. | If filed on the public docket, OpenText would suffer a clearly defined, substantial, and specific competitive injury because competitors could obtain insight into OpenText's internal systems, operational capabilities, system capacity, production processes, business practices, and proprietary methodologies. Disclosure of this non-public information would diminish the value of OpenText's confidential business information, undermine its efforts to maintain confidentiality, and provide competitors with an unfair competitive advantage. | OpenText seeks to seal only the specific confidential information at issue. There is no less restrictive alternative because the confidential and competitively sensitive information is contained within the limited text identified for redaction. The proposed redactions are narrowly tailored to protect only OpenText's non-public information while leaving the remainder of the document publicly accessible. | No prior order entered in this action. | Plaintiffs take no position on the Motion to Seal. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Page 2, Paragraph 9, Line 8,9,10 | Same as above | Same as above | Same as above | Same as above | Same as above |
| Page 3, Paragraph 11, Line 3,4 | Same as above | Same as above | Same as above | Same as above | Same as above |

2

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Page 3, Paragraph 12, Line 2,3,4,5 | Same as above | Same as above | Same as above | Same as above | Same as above |
| Page 4, Paragraph 13, Line 6,7,8 | Same as above | Same as above | Same as above | Same as above | Same as above |

3

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Page 4, Paragraph 14, Line 2 | Same as above | Same as above | Same as above | Same as above | Same as above |
| Page 4, Paragraph 15, Line 2,3,4 | Same as above | Same as above | Same as above | Same as above | Same as above |

4

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Page 5, Paragraph 16, Line 5-9 | Same as above | Same as above | Same as above | Same as above | Same as above |

5