August 18, 2026

**VIA ECF**

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re: *In re Apple Inc. Smartphone Antitrust Litigation*, 2:24-md-03113-JXN-LDW
Joint Notice of Impasse Regarding Watch Plaintiffs' Proposed Custodians

Dear Judge Wettre,

Pursuant to ¶4 of the Court's Special Master Appointment Order, Direct Apple Watch Purchaser Plaintiffs ("Watch Plaintiffs") and Apple Inc. ("Apple") respectfully submit this joint notice of impasse regarding Watch Plaintiffs' proposed document custodians. The need for resolution is time-sensitive: the dispute affects coordination of discovery between this action and the Government Action.

The parties met and conferred on June 17, 18, and 25, 2026. The parties agree this dispute must be resolved for discovery to proceed efficiently. Apple believes it would be most efficient to resolve all custodian disputes—including any that the other MDL Plaintiffs may raise—on a coordinated basis. Apple requested that all remaining custodian disputes be presented and resolved together because Apple believes that the proportionality of requiring it to add any proposed custodian must be assessed in view of all custodians already agreed upon or being sought and believes that MDL Plaintiffs proposed their additional custodians together. Watch Plaintiffs and Indirect Phone Plaintiffs disagree, among other reasons, because they contend that they have requested different, non-overlapping custodians relating to different substantive issues, and have been negotiating separately with Apple, as described below. Watch Plaintiffs believe that there is no basis to delay resolution of the separate custodian disputes.

* * *

On March 13, 2026, Apple proposed that document discovery in the MDL action rely on the same fifty-four custodians Apple designated in the Government Action because of the substantial overlap between the two actions. MDL Plaintiffs maintain that they had no role in seeking or negotiating those custodians, and their cases relate to a broader set of issues and witnesses than the Government Action. Apple contends that MDL Plaintiffs were invited on at least three occasions between December 2025 and February 2026 to participate in the custodian discussions in the Government Action, but MDL Plaintiffs respond that, even if they were, such participation would have been illusory, as (1) they had no authority to negotiate custodians in the Government Action, and (2) Apple instructed MDL Plaintiffs to identify custodians by reviewing production materials, but Apple had only just started producing materials at that point. On April 16, MDL Plaintiffs, including Watch Plaintiffs, proposed sixty-one additional MDL-specific document custodians. Apple contends that MDL Plaintiffs declined at that time to provide specific information about the potential relevance of each proposed custodian. Apple objected to each

proposed custodian (as well as five listservs) as duplicative, cumulative, and/or irrelevant. Apple takes the position that MDL Plaintiffs bear the burden of demonstrating that the Government Action custodians are insufficient. Apple declined to provide organizational charts, hit-count analyses, and similar materials, arguing that doing so would be unduly burdensome and that MDL Plaintiffs had not shown why the additional custodians were necessary, particularly given the millions of documents already produced to them.

On June 12, Watch Plaintiffs identified a subset of 10 of their previously proposed custodians. On June 24, Watch Plaintiffs proposed to Apple a revised list of 17 custodians that Watch Plaintiffs contend possess material specifically relevant to Watch Plaintiffs' claims, citing materials (including Apple's produced documents) that the proposed custodians possess relevant, non-duplicative material. For instance, Garmin (a competitor smartwatch manufacturer) has produced to Watch Plaintiffs several examples of relevant correspondence with Apple, and Watch Plaintiffs contend that Apple's Government Action custodians do not possess documents relating to this correspondence (or at least Apple has not produced them, or asserted they have been produced). Watch Plaintiffs identified 17 such custodians who appear to have missing, relevant documents, and proposed that Apple designate them as custodians. On June 25, the parties met and conferred on the narrowed list, and Apple said that it would respond with its positions on these 17 custodians in writing. Watch Plaintiffs followed up to request Apple's positions on July 7, July 13, and July 17. Because the Plaintiffs groups sent separate requests to Apple at separate times, Apple on July 13 responded to MDL Plaintiffs that it was finalizing its written positions to address all additional custodians proposed by all MDL Plaintiffs.

Apple provided that written response on July 20, agreeing to produce documents from five additional custodians, two of whom were on Watch Plaintiffs' narrowed list of 17. On July 24, Apple provided its positions on the remaining proposed custodians, namely that "[t]hose individuals are all either unrelated to the conduct at issue or cumulative of agreed custodians who already cover the same functions." Apple maintains that the agreed custodial set, particularly as supplemented by the five additional custodians, provides broad and proportional coverage of the topics relevant to MDL Plaintiffs' claims.

On August 3, Watch Plaintiffs responded to Apple, agreeing to remove three of the proposed custodian listservs from its list, but maintaining that 12 remaining proposed custodians (along with the two offered by Apple on July 20) would provide unique, relevant documents different from, and not simply duplicative of, documents produced from Apple's current custodians. After that correspondence, the parties agreed that they were at an impasse on the remaining proposed custodians.

Accordingly, the parties respectfully request that the Court determine the parties have reached impasse and grant leave to submit letter briefs pursuant to paragraph 5 of the Special Master Appointment Order on an expedited schedule. The parties also respectfully request permission to file letter briefs of 6 single-spaced pages.

Respectfully Submitted,

/s/ Thomas R. Curtin
Thomas R. Curtin
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 993-8100
tcurtin@mdmc-law.com

/s/ Liza M. Walsh
LIZA M. WALSH
WALSH PIZZI O'REILLY
FALANGA LLP
THREE GATEWAY CENTER
100 MULBERRY STREET, 15TH FLOOR
NEWARK, NJ 07102
TEL: (973) 757-1100
LWALSH@WALSHLAW.COM

cc: All counsel (by ECF)