**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*INDIRECT IPHONE PURCHASER ACTIONS* | Case No. 2:24-md-3113(JXN)(LDW)<br>MDL 3113<br><br>Hon. Julien X. Neals, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J. |

# INDIRECT IPHONE PURCHASER PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND SET OF COLLECTIVE INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Indirect iPhone Purchaser Plaintiffs Erik Loewen, Sharla Hilburn, Alton Peacock, Thomas Bane, Jemiah Duff, Kiana Brown, Kenneth Hill, Jeffrey Burke, Charles Derr, Susan Marie, David Love, Dana Bein, David McNeal, Ken Leinbach, Nicole Arends, Andrea Mathieu, David Burleigh, Kori Lodi, and Joshua Roy (collectively "Plaintiffs") by and through their undersigned counsel hereby submit these Responses and Objections to Defendant Apple Inc.'s ("Apple") Second Set of Collective Interrogatories as follows:

## PRELIMINARY STATEMENT

Plaintiffs do not waive and expressly reserve all objections as to the genuineness, foundation, competence, relevance, materiality, privileged status, or admissibility of the Interrogatory and the information provided herein as evidence in connection with any proceeding or at trial of this or any other action, or for any other purpose.

These Responses are made without prejudice to Plaintiffs' rights to use subsequently discovered evidence at trial or in connection with pretrial proceedings, or to amend these Responses in the event that any information is later acquired or learned by Plaintiffs or inadvertently omitted from these Responses. Ongoing legal and factual research may result in new or different factual Responses, Objections, and defenses. Plaintiffs expressly reserve the right to amend, modify, or supplement their Responses and Objections. Plaintiffs further reserve the right to rely on any facts,

documents, or other evidence that may develop or come to Plaintiffs' attention at a later date. Plaintiffs further reserve the right to rely on expert testimony.

Plaintiffs reserve their right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these Responses.

The general and specific Objections set forth below are intended to apply to all information produced or provided pursuant to the Interrogatory.

## GENERAL OBJECTIONS

The following Responses and Objections are based on Plaintiffs' knowledge, information and belief at this time. Plaintiffs and their attorneys have not completed their investigation of the facts relating to this Action, have not completed discovery in this Action, and have not completed preparation for trial. As discovery proceeds, facts, information, and evidence may be discovered that are not set forth in these Responses, but which may have been responsive to the Interrogatory. Furthermore, these Responses were prepared based on Plaintiffs' and their attorneys' good faith interpretation and understanding of the Interrogatory and are subject to correction for inadvertent errors or omissions, if any. Therefore, Plaintiffs reserve the right to amend, revise, correct, supplement, or clarify any of the Responses or Objections herein.

In the event any information falling within one or more of Plaintiffs' Objections is disclosed in response to the Interrogatory, the disclosure is not a waiver of Plaintiffs' Objection. A response to the Interrogatory shall not be deemed an admission or acknowledgment that such Interrogatory calls for information that is relevant to the subject matter of this Action, is proportional to the needs of the case, is authentic, or is admissible at any trial.

Plaintiffs' failure to object on a particular ground to a specific Interrogatory shall not be construed as a waiver of Plaintiffs' right to object on additional grounds or to supplement their Objections and Responses at a later time after further investigation and discovery and/or in response to clarifications or interpretations provided by Apple.

Plaintiffs reserve the right to refer to, to conduct discovery with reference to, or to offer into evidence at the time of trial or any hearings in this case, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these Responses.

Plaintiffs reserve the right to amend, revise, correct, supplement and clarify any of the Objections or Responses herein.

Any Response indicating that information or documents of a certain type will be produced is not a representation that any such documents exist or that Plaintiffs have knowledge of the subject matter set forth in the Requests.

Subject to the General Objections and Specific Objections set forth herein, Plaintiffs are willing to meet and confer with Apple in order to negotiate the scope of the Interrogatory and the timing of any information or document production in response.

Plaintiffs respond to the Interrogatory, including the Instructions and Definitions therein, subject to the General Objections set forth below. These General Objections are incorporated by reference into the specific Responses and Objections to each Definition, Instruction, and Interrogatory set forth below as if set forth fully therein and are set forth here to avoid the duplication and repetition of restating them for each individual Response. Certain General Objections may be specifically repeated in individual Responses for purposes of emphasis. Failure to make a specific reference, however, is not a waiver of any General Objection. These General Objections are continuing in nature. Any undertaking to search for any item sought by, or provide information or documents in response

to, the Interrogatory remains subject to, and without waiver of, the General Objections.

Plaintiffs object to the Interrogatory to the extent the Instructions and Definitions used therein purport to impose obligations on Plaintiffs beyond the scope of the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules, any other applicable rules or laws or any orders entered in the Action (together, the "Applicable Rules"). Without waiver of their Objections, Plaintiffs will respond consistently with the requirements of the Applicable Rules.

Plaintiffs object to the Interrogatory to the extent that it is vague, ambiguous, overbroad, lacking in particularity, oppressive, calls for information that is not relevant to any party's claims or defenses, is not proportional to the needs of the case, and to the extent it requires Plaintiffs to provide information not available to Plaintiffs through a reasonably diligent and good faith search.

Plaintiffs object to the Interrogatory to the extent it seeks "each" "all" or "any" information concerning the subject matters referenced therein.

Plaintiffs object to the Interrogatory to the extent that it is unduly burdensome because the proposed discovery would impose a significant expense or inconvenience on Plaintiffs which outweighs its likely benefit.

Plaintiffs object to the Interrogatory to the extent it is duplicative or cumulative of any other Interrogatory or discovery request.

Plaintiffs object to the Interrogatory to the extent it seeks information not in Plaintiffs' possession, custody or control.

Plaintiffs object to the Interrogatory to the extent that it calls for the disclosure of information already in Apple's possession, custody, or control and/or calls for information that is publicly available and/or obtainable from some other source that is equally available to Apple as it is to Plaintiffs or is more convenient and/or less burdensome for Apple to obtain elsewhere.

Plaintiffs object to the Interrogatory to the extent that it seeks information or documents that are protected by the attorney-client privilege, the work-product doctrine, common interest privilege, the mediation privilege, Federal Rule of Evidence 408, or any other applicable privilege, immunity or discovery protection, or that are otherwise protected from disclosure. Plaintiffs hereby claim such privilege and protections to the extent available. Nothing contained in these Responses is intended to be, nor shall in any way be construed as, a waiver of any such privilege, immunity or protection. Objections to the Interrogatory on the grounds of privilege are provided for emphasis and clarity only, and the absence of an objection on this ground is neither intended, nor should be interpreted, as evidence that Plaintiffs do not object to the Interrogatory on the basis of an applicable privilege, immunity, or protection. Inadvertent production of any material covered by any privilege, immunity, or protection shall not constitute a waiver of any privilege, immunity, or protection or of any other grounds for objecting to discovery or admissibility of such material, its subject matter, or the information contained therein, nor shall such production constitute a waiver of Plaintiffs' rights, under any applicable protective order and the Applicable Rules, to (i) seek the return of such material or (ii) object to its use at any stage of the Action or in any other action or proceeding.

Plaintiffs further object to the Interrogatory to the extent it purports to impose obligations with respect to privileged or otherwise protected information beyond those imposed by applicable law.

Plaintiffs object to the Interrogatory to the extent that it purports to seek the production of information that is privileged or otherwise protected from disclosure under applicable civil laws that prohibit the disclosure of such information, documents, or data.

Plaintiffs object to the Interrogatory to the extent that it purports to require Plaintiffs to draw legal conclusions or are predicated on legal conclusions or arguments. Subject to and without waiver of their Objections, Plaintiffs state that any written Response, production of documents, or production

of information in response to the Interrogatory is not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission.

Plaintiffs object to the Interrogatory to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. These Responses shall not be construed as an admission that any allegations, assertions, or factual predicates stated in the Interrogatory are accurate.

Plaintiffs object to the Interrogatory to the extent that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed, erroneous, or irrelevant to the Action. In responding and objecting to the Interrogatory, Plaintiffs do not admit or concede the correctness of any such allegations or assertions.

Plaintiffs object to the Interrogatory as overly broad and unduly burdensome to the extent that it seeks information not relevant to the Action.

Plaintiffs object to the Interrogatory to the extent that it seeks unwarranted identification or disclosure of information in violation of Plaintiffs' constitutional, statutory, and/or common law rights of privacy and confidentiality. Plaintiffs' Responses shall not be deemed to be a waiver of Plaintiffs' rights with respect to such information.

Plaintiffs object to the Interrogatory to the extent it is interposed for an improper purpose, such as to harass, cause unnecessary delay or needless increase in the cost of litigation, or where the information is of limited use or relevance in comparison to the burden or expense involved in producing any such information.

Plaintiffs object to the Interrogatory to the extent that it seeks the premature disclosure of expert reports, analysis, opinion, or testimony.

Any undertaking to meet and confer in response to the Interrogatory remains subject to the Objections in these Responses.

Plaintiffs preserve, and do not waive, any objection as to competence, relevance, materiality, propriety, and admissibility, as well as any and all other objections and grounds that require the exclusion of evidence. Plaintiffs reserve the right to make any and all such objections at trial and at any other proceeding relating to this Action.

No Objection or limitation, or lack thereof, made in these Responses shall be deemed a waiver of Plaintiffs' right to assert such objection or limitation at any future time in connection with the Interrogatory or otherwise.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Plaintiffs object to the Definitions of "Plaintiffs," "You," and "Your" to the extent that those terms purport to impose the duty or responsibility to respond on behalf of entities or persons not a party to this Action (including absent class members), or to provide any information that is not within the possession, custody, or control of Plaintiffs. Plaintiffs further object to these Definitions to the extent they contemplate the production of information from Plaintiffs' counsel. For the purposes of this Interrogatory, Plaintiffs will construe these defined terms to refer only to Plaintiffs Erik Loewen, Sharla Hilburn, Alton Peacock, Thomas Bane, Jemiah Duff, Kiana Brown, Kenneth Hill, Jeffrey Burke, Charles Derr, Susan Marie, David Love, Dana Bein, David McNeal, Ken Leinbach, Nicole Arends, Andrea Mathieu, David Burleigh, Kori Lodi, and Joshua Roy, and will respond, if at all, only on behalf of those named Plaintiffs.

Plaintiffs object to the Definition of "Documents" to the extent that it is broader than a reasonable construction of the definition in FRCP 34(a)(1)(A). Plaintiffs further object to that definition to the extent it uses undefined and ambiguous terms such as "Communication," which Defendant has rightly seen fit to define in other contexts but historically defines too broadly, leading to objections. E.g., The United States' Responses and Objections to Apple's First Set of Requests for Production, United States v. Apple, Inc., Case No. 2-24-cv-4055. Plaintiffs will interpret the term

"Document" consistent with the Federal Rules, the Local Rules, the Discovery Confidentiality Order, and the [Proposed] Stipulation and Order Governing Electronically Stored Information and Hard Copy Documents submitted to the Court on September 5, 2025, ECF No. 100-2 ("ESI Protocol").

Plaintiffs object to Instruction No. 3 (i) as overbroad and not proportional to the needs of the case to the extent that it purports to seek information from entities other than Plaintiffs, that is outside Plaintiffs' possession, custody, or control, or to impose burdens or obligations on Plaintiffs that are broader than or inconsistent with the Applicable Rules; (ii) as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, including but not limited to, its use of the word "constructive," which is not a defined term; and (iii) to the extent that it seeks information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity or discovery protection.

Plaintiffs object to Instruction Nos. 4-10 to the extent they impose burdens or obligations on Plaintiffs that are broader than or inconsistent with the Applicable Rules or the ESI Protocol.

Plaintiffs object to Instruction No. 11 as unduly burdensome and inconsistent with the Applicable Rules insofar as it purports to impose an ongoing obligation without any time limitation to potentially produce information.

Plaintiffs object to Collective Interrogatory No. 2 to the extent that while styled as a single interrogatory, this Interrogatory contains multiple separate and distinct questions that should be presented as distinct interrogatories.

## RESPONSES TO DEFENDANTS' SECOND SET OF COLLECTIVE INTERROGATORIES

### COLLECTIVE INTERROGATORY NO. 2:

Identify each and every Apple ID that You have access to, created, have used, or that is authorized to use one of Your payment methods, and provide for each such Apple ID all account

details including the associated email address, phone number, first name, last name, date of birth, physical address (if entered), and any other identifying information associated with the Apple ID.

**RESPONSE TO COLLECTIVE INTERROGATORY NO. 2:**

Plaintiffs herein incorporate all General Objections and Objections to the Definitions and Instructions. In addition, Plaintiffs further object to this Interrogatory because it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Apple's demand for "each and every Apple ID" that Plaintiffs' "have access to, created, have used, or that is authorized to use one of Your payment methods," and "for each such Apple ID all account details including" the associated date of birth, phone number, physical address, and other account details seeks sensitive personal information that has no bearing on any element of Plaintiffs' claims or Apple's defenses. The marginal value of producing this information is negligible, while the privacy intrusion and burden of identifying and collecting it are substantial, particularly to the extent it includes non-parties' personal information.

Plaintiffs further object to this Interrogatory to the extent it seeks information related to individuals who are not named parties to this action, potentially including minor children. Non-parties' Apple IDs and associated email addresses, phone numbers, names, dates of birth, physical addresses, and other identifying information have no bearing on any element of Plaintiffs' claims or Apple's defenses, while disclosure would intrude on their personal privacy interests.

Plaintiffs further object to this Interrogatory as unduly burdensome, vague, and ambiguous because it includes many undefined and ambiguous terms, including the following: "have access to"; "have used"; "that is authorized to use"; "payment methods"; and "any other identifying information."

Plaintiffs also object to this Interrogatory to the extent that it calls for information that is not reasonably available to them or that may be obtained more easily and with less burden from another source, including Apple.

Plaintiffs further object to this Interrogatory as overly broad, vague and ambiguous to the extent it fails to specify the period for which it seeks information.

As expressed above, Plaintiffs further object to this Interrogatory because, while presented as a single interrogatory, this Interrogatory contains multiple distinct questions that should be presented as distinct interrogatories that count against the limit set by the Applicable Rules.

Subject to and without waiving the foregoing Objections, Plaintiffs are willing to meet and confer regarding the scope of this Interrogatory.

Dated: August 20, 2026

*/s/ Stanley O. King*
Stanley O. King, Esq.
**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS P.C.**
231 S. Broad Street
Woodbury, NJ 08096
Tel: 856.845.3001
Stanley O. King,
Attorney ID No. 03413-1996

*Liaison Counsel for*
*Indirect iPhone Purchaser Plaintiffs*

Michael Dell'Angelo
Candice J. Enders
J. Taylor Hollinger
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
mdellangelo@bergermontague.com
cenders@bergermontague.com
thollinger@bergermontague.com

Heidi M. Silton
Jessica N. Servais
Joseph C. Bourne
Michael J.K.M. Kinane
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South,
Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
hmsilton@locklaw.com
jnservais@locklaw.com
jcbourne@locklaw.com
mjkmkinane@locklaw.com

Matthew S. Weiler
Todd M. Schneider
Erica Fruiterman
Suneel Jain
**SCHNEIDER² WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel: (415) 421-7100
mweiler@schneiderwallace.com
tschneider@schneiderwallace.com
efruiterman@schneiderwallace.com
sjain@schneiderwallace.com

William G. Caldes
Jeffrey L. Spector
Rachel Kopp
**SPECTOR CALDES & CORRIGAN, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
bcaldes@scc.law
jspector@scc.law
rkopp@scc.law

*Interim Co-Lead Counsel for Indirect iPhone Purchaser Plaintiffs*

Kimberly Justice
Robert Wozniak
**FREED KANNER LONDON & MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
Tel: (224) 632-4500
kjustice@fklmlaw.com
rwozniak@fklmlaw.com

Daniel H. Silverman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
769 Centre Street, Suite 207
Boston, MA 02130
Tel: (617) 858-1990
dsilverman@cohenmilstein.com

Michael S. Smith
Elizabeth F. Quinby
**PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP**
One City Center
Portland, ME 04101
Tel: (207) 791-3246
msmith@preti.com
equinby@preti.com

Garrett Blanchfield
Brant Penney
**REINHARDT WENDORF & BLANCHFIELD**
80 South 8th Street, Suite 900
Minneapolis, MN 55402
Tel: (651) 287-2100
g.blanchfield@rwblawfirm.com
b.penney@rwblawfirm.com

Israel David
**ISRAEL DAVID LLC**
60 Broad Street, Suite 2900
New York, NY 10004
Tel: (212) 350-8851
israel.@davidllc.com

*Interim Executive Committee Counsel for Indirect iPhone Purchaser Plaintiffs*

David E. Kovel
Lauren Wands
**KIRBY McINERNEY LLP**
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
DKovel@kmllp.com
LWands@kmllp.com

Robert J. Gralewski, Jr.
**KIRBY McINERNEY LLP**
1420 Kettner Boulevard, Suite 100
San Diego, CA 92101
Telephone: (858) 834-2044
BGralewski@kmllp.com

Stuart G. Gross
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
Tel: (415) 671-4628
sgross@grosskleinlaw.com

*Additional Counsel for Indirect iPhone Purchaser Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of August, 2026, counsel of record have been served by electronic mail, pursuant to agreement of the parties, with a true and correct copy of the foregoing.

*/s/Stanley O. King*