UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Case No. 2:24-md-03113 (JXN) (LDW) |

**SPECIAL MASTER ORDER**

The Special Master having considered Apple's August 12, 2026 letter (ECF No. 277) requesting modification of the August 7, 2026 Case Management Order (ECF No. 272), and MDL Plaintiffs' position on the request;

**IT IS** on this 24th day of August, 2026, **ORDERED** that the August 7, 2026 Order (ECF No. 272) (the "TAR Order") is modified as follows:

1. Apple may provisionally sequester from the sample batches and productions required by the TAR Order those documents that Apple has identified that may be subject to statutory non-disclosure and confidentiality obligations referenced in its August 12, 2026 letter to the Court (Dkt. 277 at ¶ 3) (the "Letter").

2. For the sample batches, Apple shall provide a log to MDL Plaintiffs with each batch that identifies only the number of documents that were sequestered; for any productions, Apple shall provide a log identifying only the number of documents that were sequestered on the same timeline as its privilege log(s).

3. Apple shall submit a request to the authorities referenced in the Letter (the "Pertinent Authorities") that they provide a written statement to Apple describing their final position regarding the application of the obligations set forth in the Letter, including identifying

(a) the legal basis in their view that prevents Apple from providing the documents to the MDL Plaintiffs and/or the Special Master, and a general description of the types of information that they consider would be subject to sequestration under the referenced law(s), (b) whether in their view there would be any legal basis for providing documents in redacted form; and (c) whether the written statement itself can be provided to the Special Master and/or MDL Plaintiffs.

4. Apple shall notify the Special Master and the MDL Plaintiffs within one business day of receiving the final views of the Pertinent Authorities as to such documents. If permitted by the pertinent authorities, Apple shall provide the pertinent authorities' written statement to the Special Master and MDL Plaintiffs.

5. Apple shall, within the following two business days, provide the Special Master and MDL Plaintiffs with its position in light of those views. MDL Plaintiffs may, within the following five business days, provide a letter brief in response. One or both of the parties may request a hearing on the matter at that time.

This order is entered without prejudice and without determination of whether those documents must ultimately be produced.

Hon. Ronald J. Hedges, Special Master