WALSH PIZZI O'REILLY FALANGA

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

**VIA ECF AND EMAIL** August 24, 2026

Honorable Ronald Hedges, U.S.M.J. (Ret.), Special Master
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***In re: Apple Inc. Smartphone Antitrust Litigation***
**Civil Action No. 2:24-md-03113-JXN-LDW (MDL 3113)**

Dear Judge Hedges:

This firm, together with Gibson, Dunn & Crutcher LLP, represents Defendant Apple Inc. ("Apple") in the above-captioned matter. The Parties submit this letter regarding two time-sensitive issues arising under the August 7, 2026 Order ("TAR Order"), Dkt. No. 272-1. Following meet-and-confer discussions, Apple and the Plaintiffs have reached agreement—subject to Your Honor's consent—to allow Apple to temporarily withhold and redact documents from the first batch of the 100,000 TAR validation sample due to the MDL Plaintiffs on August 21, 2026 (the "August 21 TAR Sample") that Apple contends contain highly sensitive personal information or third-party confidential information, as set forth below:

- With respect to documents in the August 21 TAR Sample containing personal information, such as tax forms and discussions of personal medical issues, Apple may redact only the minimal amount of information needed to protect any genuinely private and highly sensitive information (i.e., social security numbers, bank account numbers, tax-related financial details, medical diagnoses and conditions, doctors' names) ("Highly Sensitive Personal Information") and must advise the MDL Plaintiffs whether the document scored above or below the TAR Model's cutoff. To allow time for redaction, Apple may produce these documents on August 24, but it may not hold up any other portion of the August 21 TAR Sample. Judge Hedges also should be offered the ability to review unredacted versions *in camera*, if he wishes to do so. Apple is permitted to continue to redact such personal information from the remainder of its TAR testing sample batches.

- With respect to documents in the August 21 TAR Sample containing third-party confidential information subject to contractual notice and consent obligations, Apple may temporarily withhold these documents until the earlier of (a) the date on which the third party advises it does not object to Apple providing the document to the MDL, (b) the expiration of any applicable contractual notice period, or (c) August 28, 2026. If Apple

seeks to withhold these documents beyond August 28, it must identify the reason it is required to withhold the document for longer, the entity whose information is at issue and information Apple is permitted to provide as to the basis for withholding the document.

Apple accordingly produced the documents in its August 21 TAR Sample on August 21, but withheld 14 documents in the first category (for which it will provide redacted versions on Monday, August 24) and 30 documents in the second category (until August 28, at which point Apple will either produce the documents or provide the basis, on a document-by-document basis, for continuing to withhold any of those documents).

**<u>Apple's Position and Requests</u>**

Apple respectfully requests to modify the TAR Order to permit it to redact and/or withhold, as appropriate, documents in these two categories from the remaining three batches of the 100,000 TAR sample documents. The TAR Order requires Apple to apply a TAR 1.0 model at a 75% recall rate to documents hitting on the parties' negotiated search terms for Plaintiffs' First and Second Sets of Requests for Production, and to provide Plaintiffs with a review sample totaling 100,000 documents pulled through a randomized process, comprised of four batches (referred to generally as the "TAR process"). Dkt. 272-1 ¶¶ 1–2, 4. The present requests arose after creating the August 21 TAR Sample, when Apple conducted highly targeted searches to check whether any of the sample documents (1) contain Highly Sensitive Personal Information, and/or (2) contain confidential information belonging to third parties that Apple believes are subject to contractual confidentiality, nondisclosure, notice, or consent obligations ("Third-Party Confidential Information Documents"). These types of searches are conducted to protect both (i) extremely sensitive personal information that is irrelevant to the matter, and (ii) third-party information subject to binding contractual commitments. Apple determined that the August 21, 2026 Sample contained both categories of information.

Apple thus seeks to amend that part of the TAR Order that currently states that Apple "may not screen for personally identifiable information." *Id.* ¶ 6. Apple also seeks to amend the TAR Order to permit Apple time to comply with its contractual obligations with third parties to, before disclosing their confidential information, provide notice (and if necessary, obtain consent) pursuant to such contracts. Documents in the second category would be, as with the August 21 TAR Sample, withheld only temporarily while Apple performs the notice (and obtains consent as needed) pursuant to its contractual obligations with the pertinent third parties.

Apple understands that MDL Plaintiffs believe it is premature to make this request, but the next three batches are due every ten days going forward. Particularly for documents containing third-party confidential information, this leaves limited time to identify the documents that contain such information, determine what notice and/or consent obligations exist for the third parties, provide that notice, and (if needed) obtain consent to disclose such documents. Moreover, Apple's contractual obligations can vary by third party and can, for some parties, require providing a third party more than seven days for the notice obligation to be met and/or to obtain the requisite consent. And for the documents containing personal information, Apple sees no need to wait until it has actually identified such documents in each sample to assess whether Apple should be permitted to redact such personal information. It would be far more straightforward and simpler to address personal information preemptively, rather than having to meet and confer each time a

document is identified. Indeed, Apple had offered to log such documents so that Plaintiffs could easily determine what is being redacted as personal information.

After making this determination, Apple informed the MDL Plaintiffs that it has contractual obligations with third parties that require that Apple provide notice to, and in some circumstances obtain consent to disclose from, these third parties before Apple may disclose their documents to another entity. Apple also informed the MDL Plaintiffs that it had found Highly Sensitive Personal Information in the August 21 Sample. The parties then meet and conferred, and the MDL Plaintiffs confirmed that they do not oppose Apple withholding and logging these documents on the terms set forth above. Apple thus respectfully requests that the TAR Order be modified as follows:

- **Highly Sensitive Personal Information Documents:** Apple shall be permitted under the TAR Order to apply redactions to documents in the 100,000 review sample sufficient to redact Highly Sensitive Personal Information, to protect genuine personal information. For the August 21 Sample, Apple is permitted to withhold those documents containing Highly Sensitive Personal Information from the August 21 TAR Sample and provide them in redacted form on August 24, 2026.

- **Third-Party Confidential Information Documents:** Apple shall be permitted to temporarily withhold documents containing third-party confidential information for up to 7 days after the date on which the sample in which such documents are contained is due, after which, if Apple seeks to continue to withhold those documents, Apple must provide the basis, on a document-by-document basis, for continuing to withhold those documents. Apple will endeavor to identify any additional documents implicating third-party contractual obligations as quickly as possible and provide any required notice to third parties as quickly as possible.

  With respect to the August 21 TAR Sample, the Parties' agreement addresses the treatment of Third-Party Confidential Information Documents through August 28. If Apple identifies a contractual confidentiality, nondisclosure, notice, or consent obligation requiring a hold beyond August 28, Apple respectfully requests that it be permitted to maintain the withholding while any dispute is presented to Your Honor because the MDL Plaintiffs object to continued withholding. If Your Honor directs production of these documents, or any documents beyond the 7 days to follow the provision of each sample batch, Apple requests that any such order expressly state that Apple must produce the document notwithstanding the identified obligation. This will make clear that any resulting disclosure is compelled by court order rather than a voluntary disclosure by Apple.

The MDL Plaintiffs also state that they have concerns regarding Apple's process of searching for personal and third-party confidential information, and demand extensive information about those searches, including the percentage of documents reviewed as part of those searches. MDL Plaintiffs seem to believe that Apple modified the responsiveness of the documents in the August 21 TAR Sample as part of its QC searches. To be clear, Apple did not. In conducting these searches, Apple did not alter the composition of the August 21 sample set, did not change the responsiveness of any documents because of these searches (and did not change the responsiveness of any documents in the August 21 TAR Sample after randomly drawing the sample and then

providing it on August 21), and did not change any scoring from the TAR 1.0 model for any documents within the sample set. Apple also did not use the targeted searches to modify or influence the TAR 1.0 model in any way. Apple also will not use the searches or the information from those searches to influence the random selection of future sample sets.

Apple's quality control searches were, as stated, targeted searches of its documents that are being disclosed—here, to determine whether such information existed given its existing contractual obligations and the nature of the Highly Sensitive Personal Information in order to assess the potential implications of providing the sample documents in compliance with the current TAR Order. Indeed, the documents in question have been collected from the custodial collections of Apple employees and thus encompass their emails and files kept on their computers. Moreover, and as an example, if the production of certain documents might be deemed a contractual breach, Apple wanted to identify that possibility, and to raise that possibility with MDL Plaintiffs and Your Honor. There is no question that Apple is permitted to review the sample documents that it provides to MDL Plaintiffs after they have been provided. But by that point, the proverbial bell cannot be unrung. MDL Plaintiffs raise the suggestion that Apple should be highly constrained in looking at its own documents before they are provided to Plaintiffs, even if the only thing Apple does as a result of the review is to raise with Your Honor the possibility of protecting certain confidential and private information. There is no basis for that suggestion. Apple accordingly requests that this implication be rejected, and that Paragraph 6 of the TAR Order be amended to explicitly permit Apple to perform limited purpose quality control review of its TAR sample batches.

**Plaintiffs' Additional Statement**

The MDL Plaintiffs believe that it is premature to request to modify the TAR Order to permit withholding of Third Party Confidential Information Documents from the remaining three batches of the 100,000 TAR sample documents. The parties have not met and conferred about any general modification to the TAR Order and the limited agreement discussed above is sufficient to resolve Apple's concerns while Plaintiffs wait for Apple to respond to questions related to this issue. With additional time, Plaintiffs and Apple can confer over the appropriate procedures to take when a third party does not provide a response or consent to Apple's notices; whether Apple must provide a redacted version of the document at some point rather than withholding it indefinitely; and whether any other information must be provided, such as whether the document scored above or below the TAR Model's cutoff. Furthermore, there is no guarantee that such issues will arise again as Apple has sufficient time to address any potentially similar documents by acting now rather than again waiting until production deadlines to alert MDL Plaintiffs and third parties of third-party confidential information.

Finally, Apple's request for a modification should be denied because MDL Plaintiffs have concerns about the TAR samples and Apple's "QC" process, which they address below.

The MDL Plaintiffs have sought to reasonably work with Apple in this process. However, in the two weeks since Your Honor entered the order concerning this TAR testing process [ECF 272], Apple has now sought to withhold or redact *three* categories of documents from the TAR testing samples based on what it characterizes as a "QC" review of the documents in the samples. Indeed, despite the current TAR testing order expressly stating Apple "may *not* screen for personally

identifiable information" [*id.* ¶ 6 (emphasis added)], Apple admits it has been doing exactly that and it now seeks to reverse that portion of the TAR testing order. Apple also admits it is screening for business documents that, Apple now says, it cannot produce under the robust Protective Order in this case [ECF 124] without a court order compelling production, despite the fact that there *already is* such an order—namely the TAR testing order at ECF 272.

More generally, while Apple asserts it is conducting a "targeted" QC review, the MDL Plaintiffs have no visibility into this process. Indeed, Apple has not even disclosed what percentage of the sample it has reviewed as part of the "targeted" QC process. The Court may recall that Apple already has reserved the right to downgrade documents under its TAR model based on what it observes in a QC process.[1] As such, the MDL Plaintiffs have concerns about whether the "QC process" is effectively a lawyer review process nullifying the TAR model—and calling into question why the parties are testing the TAR model at all. Although Apple has been careful to state that it has not modified the TAR scores of any documents in this first sample set, MDL Plaintiffs have concerns that Apple's QC review raises for the broader production set—not just these 25,000 documents.

Based on Apple's representations above that it is not rescoring any documents based on QC done of the TAR samples, the MDL Plaintiffs do not object to that QC process for the TAR samples. The MDL Plaintiffs reserve the right to challenge Apple's QC of the actual TAR production, however, as it appears Apple approach to QC is far more extensive than the parties had been led to believe and the MDL Plaintiffs may respectfully request that the Court require Apple to explain exactly what its "QC" process entails, including what percentage of documents in the sample have been reviewed individually by lawyers, and what filters Apple has applied, under any "QC" process. The MDL Plaintiffs oppose the additional request by Apple to amend Paragraph 6 of the TAR Order with respect to Apple's quality control review.

---

The Parties respectfully request that Your Honor confirm that Apple may redact or temporarily withhold the aforementioned documents from the August 21 TAR testing sample under the terms of the parties' agreement (described in this letter's first paragraph).

The Parties are also available to discuss these issues at a conference call at Your Honor's convenience.

Respectfully submitted,

*s/Liza M. Walsh*
Liza M. Walsh

cc: All Counsel of Record (via ECF and Email)

[1] *E.g.*, July 23, 2026 email from Apple's counsel to MDL Plaintiffs' counsel stating Apple will conduct "limited reviews" of documents identified for production by its TAR 1.0 model and reserving the right to "downgrade" documents to "not responsive" in the course of that review.