WALSH PIZZI O'REILLY FALANGA

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

**VIA ECF**

August 27, 2026

Honorable Ronald J. Hedges, U.S.M.J. (Ret.), Special Master
r_hedges@live.com

**Re:** ***In re: Apple Inc. Smartphone Antitrust Litigation***
**Civil Action No. 2:24-md-03113-JXN-LDW (MDL 3113)**

**Apple's Letter Brief Regarding DOJ Settlement-Related Communications**

Dear Judge Hedges:

This firm, together with Gibson, Dunn & Crutcher LLP, represents Defendant Apple Inc. ("Apple") in the above-captioned matter. Apple respectfully submits this letter in response to Your Honor's August 13, 2026 request for briefing on Apple's objections to the production of any settlement-related communications between Apple and Government Plaintiffs.

Apple has already produced to MDL Plaintiffs—including Watch Plaintiff—all documents it produced to Government Plaintiffs, white papers and other substantive submissions to Government Plaintiffs, deposition transcripts and exhibits from the investigation, and discovery-related communications from the Government Action. The remaining discovery Watch Plaintiff seeks in RFP 1.1 would be disproportionately burdensome for the reasons Apple previously identified. *See* Dkt. 265. As to settlement-related communications specifically, Your Honor should not compel their discovery for two independent reasons. First, Watch Plaintiff has not made—and cannot make—the heightened, particularized showing required for settlement-related discovery. Second, the prejudice of such discovery would outweigh its purported benefits. The prejudice would fall on both Apple and Government Plaintiffs—who separately object to production of these materials—and disserve the judicial interest in the efficient resolution of litigation.

## I. Watch Plaintiff Cannot Satisfy the Heightened Standard for Discovery of Any Settlement-Related Communications.

Courts in the Third Circuit require a "heightened, more particularized showing of relevance" before ordering settlement-related discovery. *Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 423 (D.N.J. 2009) (citation omitted). Under that standard, "mere 'interest' in the documents is not enough." *Id.* at 424 (citation omitted). A party must instead make "a particularized showing that there is a strong need for the information and that the information cannot be obtained otherwise." *Kaye v. Nussey*, 2022 WL 3227578, at *2 (D.N.J. Aug. 10, 2022). The requirement seeks to "harmonize[] the two competing rationales behind" Rule "408, which prohibits the use of settlement discussions to prove liability, and Rule 26, which permits liberal discovery." *Ford Motor*, 257 F.R.D. at 423. It also recognizes the risk that settlement-related discovery could "have a chilling effect," particularly where the materials concern "resolv[ing] possible liability with the government." *Id.* at 424.

Watch Plaintiff does not come close to clearing the high bar for production of settlement-related discovery. As a preliminary matter, Watch Plaintiff has not even specifically requested settlement-related communications. He points instead to RFP 1.1, which broadly seeks "all" communications with Government Plaintiffs related to the Government Action or Investigation. Reliance on such a generalized request undercuts any claim that Watch Plaintiff has a "strong need for the information." *Kaye*, 2022 WL 3227578, at *2.

In any event, Watch Plaintiff has not offered a single reason why discovery related to settlement communications would be relevant and proportional under Rule 26, let alone provided the "particularized showing" required. *Ford Motor*, 257 F.R.D. at 423. His impasse brief defends RFP 1.1 generally on the ground that Apple's communications with Government Plaintiffs are relevant "both substantively and for impeachment." Dkt. 257 at 5. Neither (vague) rationale supports discovery into settlement communications. Such communications provide no "substantive" information—they are not a witness's account of the challenged conduct or its alleged effects on competition. Rather, they may reflect counsel's assessment of litigation risk and the terms on which parties might resolve a disputed claim.

Nor can the discovery be used for "impeachment." Dkt. 257 at 5. Any settlement communications that exist would be between Government Plaintiffs and outside counsel, not witnesses who could be impeached.

Even setting that aside, Rule 408 bars both uses Watch Plaintiff identified: statements made during compromise negotiations are inadmissible "to prove or disprove the validity or amount of a disputed claim" or "to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). As Special Master Linares recently ruled in denying requests to compel material, "relevant information need not be admissible at trial" but "the sole purpose of discovery is to add support for trial on the parties' respective claims and defenses." Aug. 26, 2026 Op. and Order of Special Master Linares at 6. Where, as here, the only uses a requesting party identifies are uses the Rules of Evidence foreclose, the claimed benefit of the discovery is illusory. *See Lesal Interiors, Inc. v. Resolution Trust Corp.*, 153 F.R.D. 552, 562 (D.N.J. 1994) (emphasizing that the heightened requirement for settlement-related discovery "effectuates the aims of both" Rule 26 and Rule 408 because "[i]t is not reasonable to suggest that Congress intended to denigrate one rule through the application of the other rule"). Watch Plaintiff therefore cannot demonstrate a "strong need" for settlement-related information. *Kaye*, 2022 WL 3227578, at *2.

Watch Plaintiff also does not identify what relevant information he seeks that "cannot be obtained otherwise," *Kaye*, 2022 WL 3227578, at *2, or that is not "unreasonably cumulative or duplicative" of existing discovery, Fed. R. Civ. P. 26(b)(2)(C). Watch Plaintiff already has all documents Apple produced to Government Plaintiffs, Apple's white papers and other submissions to Government Plaintiffs, deposition transcripts and exhibits from the Investigation, and discovery-related correspondence in the Government Action. To the extent he is interested in Apple's assessment of the feasibility or effects of changing the challenged conduct, that is covered by other requests—including RFP 25, which covers documents concerning the "actual or potential effects of ending or altering" the alleged conduct. Apple is already shouldering a significant burden to address that request (and others) through comprehensive search-term and TAR protocols. Settlement communications would add nothing to that universe except counsel's negotiating positions. And the Tunney Act confirms that those positions are not Watch Plaintiff's to discover.

When the DOJ resolves any civil antitrust action by consent judgment, the Tunney Act requires public filing of the proposed judgment and a competitive impact statement, 15 U.S.C. § 16(b)–(c), while expressly excluding communications "made by counsel of record alone with . . . the Department of Justice," *id.* § 16(g). Watch Plaintiff's request would thus upset the balance Congress has already struck.

## II. Production Would Prejudice Apple, the Government, and the Judicial Process.

Even if Watch Plaintiff could satisfy the heightened standard, that would not end the inquiry. Courts asked to compel settlement-related discovery "must balance against plaintiff's asserted interest and need for the documents[] the effects that may flow from their discovery." *Lesal*, 153 F.R.D. at 562 & n.7 (denying motion to compel settlement-related discovery from separate action and explaining "one interest that must be considered is 'the strong interest in encouraging settlement'"). The effects of such discovery here would far outweigh its purported benefit.

Production would significantly prejudice Apple while the Government Action is pending. The production could hand the private MDL Plaintiffs a view into Apple's negotiating positions with the Government Plaintiffs, without any reciprocal disclosure of MDL Plaintiffs' own positions—an asymmetry that would distort negotiations in each case. Apple would be forced to conduct any negotiations with Government Plaintiffs with an eye towards its positions in the MDL, "inhibit[ing] freedom of communication with respect to compromise, even among lawyers." *See* Fed. R. Evid. 408 advisory committee's note. And because the MDL cases concern overlapping conduct and relief, the discovery would have the exact "chilling effect on negotiations" that the standard exists to prevent. *See Ford Motor*, 257 F.R.D. at 424.

The prejudice extends beyond Apple. Production would equally expose any negotiating positions taken by Government Plaintiffs, who have separately objected to the discovery. It would also disserve the "'strong public policy of favoring settlements'" and "'insulating the bargaining table from unnecessary intrusions.'" *Lesal*, 153 F.R.D. at 562 (citation omitted). That policy has particular force in cases involving the Government because resolution "could tend to clarify and focus the issues in other litigation"—as in the other MDL cases here—"facilitating judicial expediency" and "economy." *Ford Motor*, 257 F.R.D. at 424. Discovery that results in the "[h]indrance of that salutary purpose should not be taken lightly by courts." *Id.* The United States has authorized Apple to represent that the United States also opposes discovery into settlement-related communications and respectfully requests leave to brief this matter, if the Special Master is inclined to order production.

## III. Requested Relief

For the foregoing reasons, Apple respectfully requests that Your Honor decline to compel production of any settlement-related communications between Apple and Government Plaintiffs.

Respectfully submitted,

*s/Liza M. Walsh*
Liza M. Walsh

cc: All Counsel of Record (via ECF)