**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Civil Action No. 24-md-3113 (JXN) (LDW)<br><br>MDL 3113<br><br>**ORDER TO SEAL** |

**THIS MATTER** having come before the Court by way of Defendant Apple Inc.'s ("Apple") and non-party OpenText's (collectively, the "Sealing Parties") Motion to Seal portions of (1) Exhibit B to the July 9, 2026 Declaration of Jason Lo in support of Apple Inc.'s Letter Brief for Reconsideration of Special Master Order and (2) the July 9, 2026 Declaration of Larry Barela in support of Apple Inc.'s Letter Brief for Reconsideration of Special Master Order (ECF 274); and having considered the Declaration of Liza M. Walsh and the Declaration of Eric Willis in support of the Motion to Seal as well as the factors set forth in Local Civil Rule 5.3(c)(3), the Court makes the following Findings of Fact and Conclusions of Law:

1. Apple seeks to seal portions of Exhibit B to the Declaration of Jason Lo in support of its Letter Brief for Reconsideration of Special Master Order. (ECF 227; public redacted version at ECF 275).
2. OpenText seeks to seal portions of the Declaration of Larry Barela in support of Apple Inc.'s Letter Brief for Reconsideration of Special Master Order. (ECF 227-1; public redacted version at ECF 275-1).
3. There is "a common law public right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), which includes "a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions,

whether these motions are case dispositive or not, but [there is] no such right as to discovery motions and their supporting documents." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).

4. However, "the common law right of access is 'not absolute'" and the presumption of access may be rebutted where the party seeking sealing demonstrates "'that the interest in secrecy outweighs the presumption.'" *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). Specifically, "[t]he movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

5. Local Civil Rule 5.3(c)(3) requires a party seeking to seal materials filed with the Court to file a motion that describes "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interest which warrants the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."

6. Exhibit B to the Lo Declaration contains non-public, proprietary, and commercially sensitive information concerning the code names that Apple uses to preserve the confidentiality of its business operations, including its development of unannounced products and services. Apple designated this information as "Highly Confidential" pursuant to the Discovery Confidentiality Order. *See Pearson Educ., Inc. v. Chegg, Inc.*, 21-cv-16866 (ESK), 2023 WL 1779523, at *3 (D.N.J. Feb. 6, 2023) ("Confidential information regarding the structure and function of a party's proprietary database qualifies

for protection from public disclosure, due to the risk that the information will be used improperly by competitors to the severe disadvantage of that party."); *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) ("The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure.").

7. Apple has a legitimate interest in protecting this sensitive, non-public, and proprietary business information, disclosure of which poses a substantial risk of harm to Apple's competitive standing in that competitors are likely to use this information to enhance their own business operations, better their market and negotiation positions, and gain an unfair advantage over Apple. *See Overton v. Sanofi-Aventis U.S., LLC*, 13-cv-5535 (DEA), 2014 WL 1554718, at *2 (D.N.J. Apr. 9, 2014) ("[C]ourts have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents.").

8. The Declaration of Larry Barela contains nonpublic information concerning OpenText's hardware infrastructure, processing capacity, throughput metrics, performance benchmarks, and related technical capabilities. OpenText does not publicly disclose this information and takes reasonable measures to maintain the confidentiality of this information, including restricting access to employees and contractors with a business need to know, requiring confidentiality obligations through employment agreements and nondisclosure agreements, limiting disclosure to authorized recipients, and maintaining internal controls and security measures designed to prevent unauthorized disclosure.

9. OpenText has a legitimate interest in protecting this sensitive, non-public, and proprietary business information, disclosure of which poses a substantial risk of harm to OpenText's competitive standing in that it would enable competitors to assess, benchmark against, and potentially replicate aspects of OpenText's proprietary technology and operational capabilities to enhance their own business operations, better their market and negotiation positions, and gain an unfair advantage over OpenText. *See Overton*, 2014 WL 1554718, at *2.
10. Accordingly, the Sealing Parties have legitimate interests in protecting this information from disclosure and would suffer clearly defined injuries if the information were to be made public.
11. There is no less restrictive alternative available than to seal the information. The Sealing Parties have sought to seal only that information that is entitled to protection.
12. The Sealing Parties have satisfied the requirements for sealing under Local Civil Rule 5.3(c).

**WHEREAS** the Court having found that found that legitimate private interests outweigh any presumption of public access, warranting the relief sought; and no opposition to the motion having been filed; and for good cause shown;

**IT IS** on this day, August 28, 2026, **ORDERED** that:

1. The Motion to Seal is **GRANTED** and the information identified in Exhibit 1 to the Declaration of Liza M. Walsh and Exhibit 1 to the Declaration of Eric Willis is hereby ordered **SEALED**.
2. The Clerk of Court is directed to terminate the motion at ECF 274.

*s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge