UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION<br><br>*This Document Relates to:*<br>*ALL ACTIONS* | Case No. 2:24-md-03113 (JXN) (LDW) |

**[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING REVIEW, PRODUCTION, AND HANDLING OF SOURCE CODE IN THIS ACTION**

In the interests of (1) ensuring efficient and prompt resolution of this Action; (2) facilitating discovery by the Parties to this Action; and (3) protecting confidential source code from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Federal Rule of Civil Procedure 26(c)(1), ORDERS as follows:

1. The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that any designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly withdraw the designation, or modify it accordingly, and notify all other Parties that it is withdrawing or changing the designation. This Order is consistent with the Order entered by the

Court in *United States v. Apple Inc.*, Case No. 2:24-cv-04055 (JXN) (LDW) ("the Government Action"), pending in this Court (see Government Action, ECF 236).

2. Notwithstanding any other provision of this Order, this Order shall not apply to Non-Parties.

**Definitions**

3. As used herein:

(a) "Action" means the action filed in this Court under the caption *In re Apple Inc. Smartphone Antitrust Litigation*, No. 2:24-md-03113 (JXN) (LDW), as well as any additional actions subsequently consolidated with this Action, including any consolidated discovery, pretrial, trial, post-trial, or appellate proceedings.

(b) "Defendant" or "Apple" means Apple Inc. and its employees, agents, representatives, parents, subsidiaries, affiliates, successors, and assigns.

(c) "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

(d) "Document" means any document or electronically stored information, as the term is used in Federal Rule of Civil Procedure 34(a).

(e) "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

(f) "Highly Confidential" or "Highly Confidential Information" means any information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes the disclosure of which is likely to cause economic harm or competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the Highly Confidential designation: trade secrets, pricing

information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(g) "Highly Confidential – Source Code" means "Highly Confidential Information" containing proprietary "Source Code," as that term is defined herein.

(h) "Including" means including, but not limited to.

(i) "Investigation" means any pre-complaint review, assessment, or investigation of the matters at issue in this Action by the United States or Plaintiff States.

(j) "Investigation Material" or "Investigation Materials" means non-privileged documents, data, communications, transcripts of testimony, or other materials relating to the Investigation, including but not limited to documents or information provided pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14 or any State equivalent CID process that prior to the filing of this Action (a) any Non-Party provided to any Party; (b) any Party provided to any Non-Party; or (c) any Party provided to any Party.

(k) "Litigation Material" or "Litigation Materials" means non-privileged documents, data, communications, testimony, or other materials relating to this Action that, after the filing of and during the pendency of this Action, (a) any Non-Party provides to any Party, either voluntarily or under compulsory process; (b) any Party provides to any Non-Party; or (c) any Party provides to any Party.

(l) "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

(m) "Outside Counsel" means the law firm(s) who represent or are retained by a Party or Non-Party, including any attorneys, paralegals, and other professional personnel (including support and IT staff), agents, or independent contractors retained by the Party or Non-Party that such law firm(s) assign(s).

(n) "Party" or "Parties" means, for the purposes of this Order only, any individual Plaintiff or any Defendant in the above-captioned action, or Plaintiffs and Defendants collectively.

(o) "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

(p) "Personal Information" means a natural person's non-public personal identifiable information that is linked or reasonably linkable to an identified or identifiable natural person, including, but not limited to, Social Security number; driver's license number, or state or federal government identification number, or foreign country equivalent identification number; passport number; financial account number; credit or debit card number; email address; name, address, or phone number in combination with other personal identifiable information; sensitive personal information regarding genetic or biometric data, precise geolocation data, financial information or transactions, medical or health history and records, and criminal or employment history; and any other protected personal information subject to non-disclosure obligations imposed by governmental authorities, law, or regulation.

(q) "Plaintiff State" means State of New Jersey, State of Arizona, State of California, District of Columbia, State of Connecticut, State of Indiana, State of Maine, Commonwealth of Massachusetts, State of Michigan, State of Minnesota, State of Nevada, State of New Hampshire, State of New York, State of North Dakota, State of Oklahoma, State of Oregon, State of Tennessee, State of Vermont, State of Washington, and State of Wisconsin acting by and through their

respective Attorneys General, or any other State acting by and through their respective Attorneys General which joins this Action. "Plaintiff States" means collectively all Plaintiff States in this Action.

(r) "Producing Party" means any Party that discloses or produces or reproduces any Investigation Materials or Litigation Materials or Source Code in this Action.

(s) "Protected Material" as used in this Order means any Investigation Material or Litigation Material that is designated as Highly Confidential – Source Code. Protected Material shall not include materials that show on their face they have been disseminated to the public.

(t) "Protected Person" means any Person (including any Party or Non-Party) that has provided Investigation Materials or that provides Litigation Materials in this Action.

(u) "Receiving Party" means any Party who receives Source Code from a Producing Party.

(v) "Source Code" means the human-readable computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names, path structure, instructions, and content of the files), descriptions of source code (e.g., descriptions of declarations, functions, and parameters), in-line comments in source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component. "Source Code" includes associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs.

**Procedures Governing Source Code Availability and Review**

4. Any Source Code produced shall be made available for inspection at a location that is reasonably convenient for Expert(s) to whom the Source Code will be disclosed. Any Source

Code that is produced by Apple will be made available for inspection at any office of Apple's Outside Counsel so long as an office of Apple's Outside Counsel is reasonably convenient for the Receiving Party's Expert(s), or any other location mutually agreed by the Parties. If Apple's Outside Counsel does not have an office reasonably convenient for Plaintiffs' Expert(s), Apple and Plaintiffs agree to engage in good faith to identify an alternate secure location for Source Code review. Source Code will be made available for inspection between the hours of 9:00 a.m. and 5:00 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspection at other times. Defendant agrees to accommodate requests for weekend inspections of Source Code upon three (3) days' notice. Prior to the first inspection of any requested Source Code, the Receiving Party shall provide thirty (30) days' notice of the Source Code that it wishes to inspect, with the exception of Source Code relied upon in Producing Party's expert report(s), which must be made available upon the serving of said expert report(s). The Receiving Party may specify, by any reasonable means, the Source Code it wishes to inspect, including but not limited to the Source Code's function, operation, location, or relationship to other code provisions, operations, or functions. The Receiving Party may also specify a time period covering its request, including the relevant date of the Source Code. The Receiving Party shall provide three (3) days' notice prior to any additional inspections of previously reviewed Source Code. For avoidance of doubt, the three (3) days' notice only applies to Source Code previously reviewed by the Receiving Party. The Receiving Party must provide thirty (30) days' notice for any requests to inspect newly identified Source Code, with the exception of Source Code relied upon in Producing Party's expert report(s), which must be made available upon the serving of said expert report(s). All Source Code

previously requested shall remain available on the Source Code Computer for additional inspections.

5. Source Code shall be made available for inspection and review subject to the following provisions unless otherwise agreed to by the Producing Party:

(a) All Source Code provided shall be provided as it is kept in the usual course of business and shall include in-line comments and any other documents stored in the folder or code package in which the Source Code is stored in the regular course of business.

(b) All Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and/or Experts in a secure room ("Source Code Review Room") on a secured computer ("Source Code Computer"). For Apple Source Code, unless Plaintiffs and Defendant agree otherwise, the Source Code Computer shall be a MacBook with a recent version of MacOS that is compatible with the tools necessary to review the Source Code. For non-Apple Source Code, the Source Code Computer shall be designed for the type of Source Code being produced and have a recent version of an operating system compatible with the tools necessary to review the Source Code installed, unless the Producing Party and Receiving Parties agree otherwise. The Source Code Computer's Internet access, network access to other computers, and all access ports may be disabled except for ports to allow use of a printer, a keyboard, a mouse, and two (2) external monitors. The Producing Party shall provide the Source Code Computer, a keyboard, a mouse, and two external monitors with a minimum screen size of twenty-four (24) inches that are connected to and functional with the Source Code Computer. The Producing Party shall provide, in accessible and useable form on the Source Code Computer tools that are sufficient for viewing, searching, and navigating the Source Code provided. For the avoidance of doubt, these tools include, at minimum, Xcode (including Xcode command-line tools), VS Code (with

plug-ins that support the C+/C++ programming languages), GNU bash, and GNU utilities (e.g., grep, cat, sed, awk, diff, sort). If the Producing Party presently uses in the ordinary course of business different tools for viewing, searching, and navigating Source Code and will convey to the Receiving Party all necessary and appropriate licenses, permissions, or other authorizations for Receiving Party's use of such software tools, the Receiving Party shall negotiate in good faith with Producing Party to determine if those tools are sufficient for Receiving Party's purposes. The Receiving Party may also request other software tools be provided by Producing Party on the Source Code Computer. Such requested tools will be provided unless the Producing Party has reasonable concerns about the security of such software tools. If a software license is required for use of the additional requested source code tools, the Receiving Party must provide the Producing Party with a CD or DVD, or via SFTP, containing such licensed software tool(s) at least fifteen (15) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. If no license is required, the Receiving Party must provide the Producing Party with the name of the software tools it requests be available on the Source Code Computer at fifteen (15) days in advance of the date upon which the Receiving Party requests that the tools be available but need not provide a CD or DVD or file via SFTP.

(c) Upon reasonable request from the Receiving Party and after a meet and confer to identify the scope, if necessary, Apple will make available on the Source Code Computer during Source Code inspection materials that Apple has produced, agreed to produce, or been ordered to produce that are related to the requested Source Code and are identified by the Receiving Party.

(d) No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. For the avoidance of doubt, the Receiving Party's outside counsel and Experts shall be entitled to have devices, including computer(s) and cellular telephone(s), outside of the Source Code Review Room. The Receiving Party's outside counsel and Experts shall be permitted to leave the Source Code Review Room at any time to use their devices, including computer(s) and/or cellular telephone(s), and may bring their handwritten notes when accessing their device(s).

(e) The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code. The Producing Party shall not listen to conversations in the Source Code Review Room while Source Code is being reviewed or review notes taken by Receiving Party or their Expert(s).

(f) No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise permitted herein.

(g) The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. The Plaintiffs, collectively may print out no more than 750 pages total and no more than eighteen (18) pages of a continuous block of Source Code. The Receiving Party may make reasonable requests to print pages beyond the page limits provided herein. The Parties agree to meet and confer in an effort to resolve a dispute regarding page limits before seeking judicial intervention. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere

in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of the Source Code for review and analysis elsewhere. The Receiving Party may print limited portions of the Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers or for depositions, hearings, conferences, or trial. Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and affix confidentiality designations to any pages printed by the Receiving Party and, within two (2) days of printing, send via overnight mail twenty-five (25) copy sets of such pages to the Plaintiffs for their collective use or four (4) copy sets of such pages to Defendant, which the Parties is agree sufficient number of copies for the Parties and their Experts. The printed pages shall constitute part of the Source Code produced by the Producing Party in this Action.

(h) When Apple is the Producing Party, the number of representatives of Direct iPhone Purchaser Plaintiffs, Indirect iPhone Purchaser Plaintiffs, and Direct Apple Watch Purchaser Plaintiffs (collectively "Plaintiffs") entitled to have access to printed portions of the Source Code shall collectively be no more than thirty (30) (except insofar as such Source Code appears in any court filings or expert reports). For the avoidance of doubt, Plaintiffs may, consistent with the Requirements of this Protocol, distribute printed copies of Source Code between and amongst themselves.

(i) All persons who will review a Producing Party's Source Code in the Source Code Review Room on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in

advance of the first time that such person reviews such Source Code and shall sign an Agreement Concerning Confidentiality in the form attached as Appendix A to this Order.

(j) All persons viewing Source Code on the Source Code Computer shall sign on each day they view Source Code a log that will include the names of the person(s) who accessed the platform to view the Source Code and when they logged on and off. This log is to be maintained by the Producing Party, and the Receiving Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Producing Party.

(k) Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or Experts shall remove all notes, documents, and all other materials from the Source Code Review Room. All persons reviewing Source Code in the Source Code Review Room shall sign an Agreement Concerning Confidentiality in the form attached as Appendix A to this Order. Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or the Source Code Computer. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the Source Code Review Room or the Source Code Computer may be denied to any individual who fails to provide proper identification.

(l) Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any verbatim Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device or into handwritten notes. For the avoidance of doubt, the Receiving Party's Outside Counsel and/or Experts shall be entitled to take handwritten notes relating to the Source

Code that include the name of functions and data structures and descriptions thereof. The Receiving Party will not transmit any Source Code from the Source Code Review Room.

(m) If a Party reasonably expects to disclose Source Code at any deposition, the Party seeking to make the disclosure shall provide advance notice to the Producing Party of their intent to disclose Source Code. The Receiving Party shall not bring copies of any printed Source Code to the deposition. The Producing Party shall bring printed copies of produced Source Code printed from the Source Code Machine for access and use at the deposition. The Producing Party shall provide the Receiving Party with the printed copies sufficiently in advance of the beginning of the deposition to allow Receiving Party to review the copies and identify exhibits. The Producing Party may ensure that only individuals who have signed Appendix A to this Order are present for portions of depositions that involve discussion of Source Code. The Producing Party may also seek reasonable limitations on the number of attendees present during questioning relating to Source Code during any depositions. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. Following the deposition, all paper copies of Source Code brought to the deposition shall remain with the Producing Party's Outside Counsel for secure storage or destruction in a timely manner. If a Party reasonably expects to disclose Source Code at any hearing, conference, or other proceeding, the Party seeking to make the disclosure shall comply with procedures established in paragraph 37 of the Discovery Confidentiality Order entered in this Action. Dkt. No. 124. The use of Source Code at any hearing, conference, or proceeding shall be governed by Paragraphs 9-10 herein and shall not in any way affect its designation as "Highly Confidential – Source Code."

**Designation of Litigation Materials as "Highly Confidential – Source Code"**

6. If it comes to a Producing Party's attention that designated material does not qualify for protection at all or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other parties that it is withdrawing or changing the designation.

Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Litigation Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "Highly Confidential – Source Code" by affixing the appropriate legend to each page that contains protected material.

7. A Party or Non-Party that makes available for inspection original documents or materials, such as original Source Code, need not designate them for protection until after the Receiving Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Source Code." After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend (e.g., if applicable, "Highly Confidential – Source Code") to each page that contains Protected Material.

Disclosure of documents and information designated as "Highly Confidential – Source Code" in exhibit lists, preparation of exhibits, preparation for or during trial, or in post-trial filings will be governed pursuant to a separate court order. The Parties will meet and confer and submit a recommended order outlining those procedures.

8. Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**Procedures for Handling Source Code in This Action**

9. The following procedures shall apply to the handling of Source Code in this Action:

(a) The Receiving Party shall maintain a log of all paper print outs of the Source Code. This provision does not apply to Source Code that is (1) included in or attached to draft or final court filings, (2) included in or attached to draft or final expert reports, (3) in preparation for, or used at, depositions, hearings or conferences, or as exhibits or demonstratives for trial, for which Source Code may be excerpted, reproduced, or attached including as electronic images, and a sufficient number of paper print outs of the Source Code may be made. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. The log will be made available to the Producing Party only upon a showing of need in the event of a security breach related to the specific Source Code included in the paper copies.

(b) No Source Code shall be filed on the public docket, under seal or otherwise, without first seeking and obtaining leave of Court.

(c) The Receiving Party's Outside Counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper print outs of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or locked cabinet at all times when it is not in use.

(d) Absent express written permission from the Producing Party, the Receiving Party shall use the Source Code solely for the purpose of prosecuting this litigation.

(e) All care shall be taken to avoid images or copies of Source Code being included in correspondence between the Parties, with references to production numbers being used instead.

10. Unless otherwise specified, time will be computed according to Federal Rule of Civil Procedure 6(a).

**Disclosure of Litigation Materials Designated as "Highly Confidential – Source Code"**

11. Unless otherwise ordered by the Court, Litigation Material designated as "Highly Confidential – Source Code" shall be subject to the provisions set forth herein, and may be disclosed solely to the following subject to the provisions of this Order:

(a) Counsel for Direct iPhone Purchaser Plaintiffs, Indirect iPhone Purchaser Plaintiffs, or Direct Apple Watch Purchaser Plaintiffs for as long as their clients remain plaintiffs in their corresponding actions, including any attorneys, paralegals, other professional personnel they employ (including economists, technologists, IT support, and IT staff);

(b) The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff whose functions require access;

(c) Any outside expert, expert staff, or consultant retained by the Receiving Party to assist in this Action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (i) such expert or consultant has agreed to be bound by the provisions of Appendix A to this Order; (ii) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become

an officer, director or employee of a Party or of a competitor of a Party; (iii) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party;

(d) Court reporters, stenographers and videographers retained to record testimony taken in this Action subject to the provisions of Paragraph 4(m);

(e) The Court, jury, and court personnel subject to the provisions of Paragraph 4(m);

(f) Any special master appointed in this Action;

(g) A deponent or witness in this Action to whom disclosure is reasonably necessary;

(h) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order; and

(i) Any other person with the prior written consent of the Producing Party.

12. Absent written consent from the Producing Party, any individual who receives access to information designated as Highly Confidential – Source Code by a Producing Party shall not directly or indirectly prosecute patents or patent applications based on that Highly Confidential – Source Code. For purposes of this paragraph, “prosecution” means directly or indirectly drafting, amending, or advising others as to the drafting or amending of patent claims. To avoid any doubt, “prosecution” as used in this paragraph does not include representing a party challenging or defending a patent for a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, post grant review or covered business method review). This Prosecution Bar shall begin when access to the Highly Confidential – Source Code is first received by the affected individual and shall end two (2) years after final termination of this Action.

13. Absent written consent from the Producing Party, any individual who receives access to information designated as Highly Confidential – Source Code by the Producing Party shall not (a) participate in the acquisition of patents or patent applications for the purposes of assertion against Apple Inc. that relate to the subject matters of the Highly Confidential – Source Code that has been reviewed by that individual; or (b) advise or counsel clients regarding the same. This Acquisition Bar shall not prohibit counsel from advising clients on other legal matters involving patents, including validity and settlement negotiations. This Acquisition Bar shall begin when access to Source Code information is first received by the affected individual and shall end one (1) year after final termination of this Action.

**Procedures Upon Termination of This Action**

14. The obligations imposed by this Order will survive the termination of this Action unless a Producing Party agrees otherwise in writing or the Court orders otherwise. The Court will retain jurisdiction to resolve any disputes arising out of this Order after termination of this Action for a period of two years.

15. Except as otherwise provided in this Order, within ninety (90) calendar days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received Source Code must make a good faith effort to (a) return that material and all copies that has not otherwise been made public to the Producing Party (or the Producing Party's counsel, if represented by counsel) or (b) destroy or delete all such Source Code, unless it may be retained pursuant to Paragraphs 16 or 17. All Source Code returned to the Parties or their counsel by the Court also must be disposed of in accordance with this Order.

16. Outside Counsel for the Parties will be entitled to retain court papers, deposition, hearing, and trial transcripts, trial exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of those materials containing Source Code except pursuant to

Court order or an agreement with the Protected Person that produced the Protected Material or as otherwise permitted by this Order.

17. Expert witnesses for the Parties will be entitled to retain their own expert reports, their own deposition and trial transcripts and exhibits, and their own work product, provided such expert witnesses have executed Appendix A to this Order, and do not disclose the portions of those materials containing Source Code except pursuant to a court order or with the consent of the Producing Party or as otherwise permitted herein.

18. Within ninety (90) days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received Source Code must certify compliance with Paragraph 15 of this Order in writing to the Producing Party.

**AGREED TO:**

Dated: August 31, 2026

Cynthia E. Richman (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036-4504
(202) 955-8234
crichman@gibsondunn.com

Daniel G. Swanson (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
dswanson@gibsondunn.com

Connor S. Sullivan (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel.: (415) 351-4000
cssullivan@gibsondunn.com

*/s/ Liza M. Walsh*
Liza M. Walsh
Douglas E. Arpert
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
lwalsh@walsh.law
darpert@walsh.law
lmalakoff@walsh.law

Joseph R. Rose (*pro hac vice*)
Julian W. Kleinbrodt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
(415) 393-8200
jrose@gibsondunn.com
jkleinbrodt@gibsondunn.com

*Attorneys for Defendant Apple Inc.*

Dated: August 31, 2026

William Christopher Carmody
Shawn J. Rabin
SUSMAN GODFREY LLP
One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel: (212) 336-8330
Email: bcarmody@susmangodfrey.com
Email: srabin@susmangodfrey.com

*/s/ James E. Cecchi*
James E. Cecchi
CARELLA BYRNE CECCHI
BRODY & AGNELLO, PC
5 Becker Farm Road
Roseland, NJ 07068
Tel: 973-994-1700
Email: jcecchi@carellabyrne.com

Christopher A. Seeger
SEEGER WEISS, LLP
55 Challenger Road
Ridgefield Park, NJ 07660
Tel: 973-639-9100
Email: cseeger@seegerweiss.com

Steven W. Berman
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Second Avenue
Suite 2000
Seattle, WA 98101
Tel: 206-623-7292
Email: steve@hbsslaw.com

Dena Sharp
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: 415-981-4800
Email: dsharp@girardsharp.com

Melinda R. Coolidge
HAUSFELD LLP
888 16th Street, NW Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Email: mcoolidge@hausfeld.com

*Co-Lead Interim Class Counsel for Direct iPhone Purchaser Plaintiffs*

Joseph J. DePalma
LITE DEPALMA GREENBERG & AFANADOR, LLC
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: (973) 623-3000
Email: jdepalma@litedepalma.com

*Liaison Counsel for Direct iPhone Purchaser Plaintiffs*

Michael Critchley Sr.
CRITCHLEY, KINUM & LURIA, LLC
75 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 422-9200
Email: mcritchley@critchleylaw.com

*Trial Counsel/Direct iPhone Purchaser Plaintiffs*

Dated: August 31, 2026

Heidi M. Silton
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Email: hmsilton@locklaw.com

*/s/ Michael Dell-Angelo*
Michael Dell'Angelo
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: mdellangelo@bergermontague.com

Matthew S. Weiler
SCHNEIDER WALLACE COTTRELL
KIM LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel: (415) 421-7100
Email: mweiler@schneiderwallace.com

Jeffrey L. Spector
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Email: jspector@srkattorneys.com

*Co-Lead Interim Class Counsel for Indirect iPhone Purchaser Plaintiffs*

Stanley O. King
JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.
231 S. Broad Street
Woodbury, NJ 08096
Tel: (856) 845-3001
Email: sking@lawjw.com

*Liaison Counsel for Indirect iPhone Purchaser Plaintiffs*

Dated: August 31, 2026

Steven F. Molo
Lauren F. Dayton
Eric Posner
Matthew E. Gold
Sofia M. Debbiche
MOLOLAMKEN LLP
300 North LaSalle Street
Chicago, IL 60654
Tel: (312) 450-6700
smolo@mololamken.com
ldayton@mololamken.com
eposner@mololamken.com
mgold@mololamken.com
sdebbiche@mololamken.com

*/s/ Thomas R. Curtin*
Thomas R. Curtin
Kathleen N. Fennelly
MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 993-8100
tcurtin@mdmc-law.com
kfennelly@mdmc-law.com

Kayvon Ghayoumi
Caroline A. Veniero
MOLOLAMKEN LLP
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
Tel: (202) 556-2000
kghayoumi@mololamken.com
cveniero@mololamken.com

George A. Zelcs
David Walchak
Daniel Epstein
KOREIN TILLERY LLC
205 North Michigan Ave., Suite 1950
Chicago, IL 60601
Tel.: (312) 641-9750
gzelcs@koreintillery.com
dwalchak@koreintillery.com
depstein@koreintillery.com

Stephen M. Tillery
Carol O'Keefe
KOREIN TILLERY LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Tel.: (314) 241-4844
stillery@koreintillery.com
cokeefe@koreintillery.com

David C. Frederick
Aaron M. Panner
Alex A. Parkinson
Scott K. Attaway
Ariela M. Migdal
Katherine V. Tondrowski
Rund M. Khayyat
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
dfrederick@kellogghansen.com
apanner@kellogghansen.com
aparkinson@kellogghansen.com
sattaway@kellogghansen.com
amigdal@kellogghansen.com
ktondrowski@kellogghansen.com
rkhayyat@kellogghansen.com

*Co-Lead Interim Class Counsel for Direct Apple Watch Purchaser Plaintiffs*

**IT IS SO ORDERED.**

Dated: ________, 2026

____________________________
**HON. LEDA D. WETTRE**
**United States Magistrate Judge**

**APPENDIX A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION<br><br>*This Document Relates to:*<br>*ALL ACTIONS* | Case No. 2:24-md-03113 (JXN) (LDW) |

**AGREEMENT CONCERNING CONFIDENTIALITY OF SOURCE CODE**

I, ________________________, am employed by ________________________ as ________________________.

I hereby certify that:

1. I have read the Protective Order governing Source Code entered in the above-captioned action, and understand its terms.

2. I agree to be bound by the terms of the Protective Order governing Source Code entered in the above-captioned action. I agree to use the information provided to me only as explicitly permitted by the Protective Order governing Source Code.

3. I understand that my failure to abide by the terms of the Protective Order governing Source Code entered in the above-captioned action may subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the District of New Jersey solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

____________________________ ____________________________
SIGNATURE DATE