Liza M. Walsh
Douglas E. Arpert
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

*Attorneys for Defendant Apple Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Case No. 2:24-md-03113-JXN-LDW<br><br>MDL No. 3113<br><br>**[PROPOSED] ORDER TO SEAL**<br><br>*Filed Electronically* |

**THIS MATTER** having come before the Court by way of Defendant Apple Inc.'s ("Apple") Motion to Seal portions of Plaintiffs' Letter Briefs at Dkt. Nos. No. 256-4, 7, 10, 13, 17, 258, 259; and Apple's Responses at Dkt. Nos. 263; and having considered the Declaration of Liza M. Walsh in support of the Motion to Seal as well as the factors set forth in Local Civil Rule 5.3(c), the Court makes the following Findings of Fact and Conclusions of Law:

1. Apple seeks to seal portions of (1) Exhibits C, F, I, L, and P of the Declaration of Lauren F. Dayton in Support of Watch Plaintiff's Letter Briefs Regarding the Expedited and Non-Expedited Joint Notices of Impasse, dated July 28, 2026 (Dkt. No. 256-4, 7, 10, 13, 17); (2) Phone Plaintiffs' Letter Brief Regarding Joint Notice of Impasse Regarding Scope of Phone Plaintiffs' First Set of Requests for Production (Non-

Expedited Issues), dated July 28, 2026 (Dkt. No. 258); (3) Direct and Indirect iPhone Purchaser Plaintiffs' Letter Brief Regarding Expedited Joint Notice of Impasse, dated July 28, 2026 (Dkt. No. 259); and (4) Apple's Response Regarding iPhone Non-Expedited Issues, dated August 4, 2026 (Dkt. No. 263).

2. There is "a common law public right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). However, "the common law right of access is 'not absolute,'" and the presumption of access may be rebutted where the party seeking sealing demonstrates "'that the interest in secrecy outweighs the presumption.'" *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672–673 (3d Cir. 2019) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). Specifically, "[t]he movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id*. at 672 (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

3. Fed. R. Civ. P. 26(c)(1)(G) allows the Court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information" to prevent harm to a litigant's competitive standing in the marketplace. *See In re Avandia Mktg.*, 924 F.3d at 679 ("[C]ourts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'" (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)); *Pearson Educ., Inc. v. Chegg, Inc.*, No. 21-16866, 2023 WL 1779523, at *3 (D.N.J. Feb. 6, 2023) (granting motion to seal information regarding the structure

and function of a party's proprietary database, and trade secret and other information contained in the database).

4. Local Civil Rule 5.3(c)(3) requires a party seeking to seal materials filed with the Court to file a motion that describes "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interest which warrants the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."

5. The confidential material at issue contains non-public, proprietary, and commercially sensitive information concerning the tools and internal listservs that Apple personnel use to collaborate on confidential business matters; details of Apple's unannounced products and services; information concerning Apple's internal databases, including the categories of information Apple maintains in them, how Apple uses that information, and how those databases are organized; nonpublic financial information concerning Apple's sales and business dealings; nonpublic information related to Apple's product development; and Apple's internal and commissioned analyses of its products and services, business plans, strategic considerations, and other efforts undertaken to gain a competitive advantage, all of which Apple does not reveal to the public. Apple designated this information as "Confidential" and/or "Highly Confidential" pursuant to the Discovery Confidentiality Order. *See Pearson Educ., Inc. v. Chegg, Inc.*, 21-cv-16866 (ESK), 2023 WL 1779523, at *3 (D.N.J. Feb. 6, 2023) ("Confidential information regarding the structure and function of a party's proprietary database qualifies for protection from public disclosure, due to the risk that the

information will be used improperly by competitors to the severe disadvantage of that party."); *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) ("The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure.").

6. Apple has a legitimate interest in protecting this sensitive, non-public, and proprietary business information, disclosure of which poses a substantial risk of harm to Apple's competitive standing in that competitors are likely to use this information to enhance their own business operations, better their market and negotiation positions, and gain an unfair advantage over Apple. *See Overton v. Sanofi-Aventis U.S., LLC*, 13-cv-5535 (DEA), 2014 WL 1554718, at *2 (D.N.J. Apr. 9, 2014) ("[C]ourts have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents.").

7. There is no less restrictive alternative available than to seal the information. Apple has sought to seal only that information that is entitled to protection.

8. Apple has satisfied the requirements for sealing under Local Civil Rule 5.3(c).

**WHEREAS** the Court having found that legitimate private interests outweigh any presumption of public access, warranting the relief sought; and no opposition to the motion having been filed; and for good cause shown

**IT IS** on this day, ________________, 2026; **ORDERED** that:

1. The Motion to Seal is **GRANTED** and the information identified in Exhibit 1 to the Declaration of Liza M. Walsh is hereby ordered **SEALED**.

2. The Clerk of Court is directed to terminate the motion at ECF 305.

______________________________

**HONORABLE LEDA DUNN WETTRE**
**UNITED STATES MAGISTRATE JUDGE**