JAVERBAUM WURGAFT
HICKS KAHN WIKSTROM & SININS, P.C.

**STANLEY O. KING, ESQ.**
Partner
sking@lawjw.com

**1000 HADDONFIELD-BERLIN RD.**
**SUITE 203**
**VOORHEES, NJ 08043**
**Phone: (856) 596-4100**
**Fax: (856) 702-6640**
**WWW.LAWJW.COM**

September 2, 2026

**VIA ECF**
Honorable Leda Dunn Wettre
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***IN RE APPLE INC. SMARTPHONE ANTITRUST LITIGATION***
**Case No. 2:24-md-03113-JXN-LDW (D.N.J.)**

**Joint Notice of Impasse Regarding**
**Centralization of Third-Party Subpoena Enforcement**

Dear Judge Wettre:

Pursuant to ¶4 of the Court's Special Master Appointment Order, ECF 208, Direct iPhone Purchaser Plaintiffs, Indirect iPhone Purchaser Plaintiffs, and Direct Apple Watch Purchaser Plaintiffs (collectively, "MDL Plaintiffs") and Apple Inc. ("Apple") respectfully notify the Court of a dispute over whether enforcement of third-party subpoenas issued in this MDL should be exclusively centralized in this Court.

MDL Plaintiffs seek an order centralizing subpoena enforcement exclusively in this Court. Apple does not oppose permitting subpoena enforcement in this Court, but contends that any such mechanism should be permissive rather than exclusive, preserving the option to proceed in the district where compliance is required under Rule 45. Apple further contends that any enforcement motion in the MDL directed to a subpoena recipient already facing enforcement proceedings relating to the MDL or Government actions in another district should be brought in that district.[1]

---

[1] The Government Plaintiffs support centralization of subpoena enforcement in the MDL. The Government Plaintiffs have explained to MDL Plaintiffs and Apple that if subpoena enforcement disputes arise in the Government action, "the United States and the States expect they would generally advance justifications for the transfer of subpoena enforcement to the District of New Jersey that are the same as those the MDL Plaintiffs have currently offered, including the avoidance of inconsistent rulings and the preservation of judicial resources."

MDL Plaintiffs and Apple respectfully submit that the issue warrants prompt resolution. More than 170 third-party subpoenas seeking document production have been served in the MDL; discovery negotiations with third parties are ongoing; and disputes requiring court intervention are beginning to crystallize. MDL Plaintiffs seek a ruling on centralization before any subpoena enforcement motion arising from this MDL is filed in another district court.

MDL Plaintiffs and Apple have met and conferred in good faith and agree they are at an impasse. Because the disagreement concerns the forum for enforcing subpoenas issued in this MDL, MDL Plaintiffs and Apple respectfully submit that letter briefing would assist the Court in resolving the issue efficiently and before potentially duplicative subpoena enforcement motion practice begins elsewhere. They respectfully request leave to submit letter briefs under ¶ 5 of the Court's Special Master Appointment Order, ECF 208.

Respectfully submitted,

*<u>/s/ Stanley O. King</u>*
Stanley O. King
**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
Tel: (856) 596-4100
sking@lawjw.com

*Liaison Counsel for Indirect iPhone Purchaser Plaintiffs*

*<u>/s/ Liza M. Walsh</u>*
Liza M. Walsh
**WALSH PIZZI O'REILLY FALANGA LLP**
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Tel: (973) 757-1100
lwalsh@walshlaw.com

*Counsel for Defendant Apple, Inc.*

cc: All Counsel of Record (via ECF)
Hon. Jose L. Linares (ret.)
Hon. Ronald J. Hedges (ret.)
Hon. Peter F. Bariso, Jr. (ret.)