Liza M. Walsh
Douglas E. Arpert
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

*Attorneys for Defendant Apple Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Case No. 2:24-md-03113-JXN-LDW<br><br>MDL No. 3113<br><br>**DECLARATION OF LIZA M. WALSH**<br><br>*Filed Electronically* |

I, Liza M. Walsh, hereby declare and state as follows:

1. I am an attorney admitted to practice before this Court and a partner of the law firm of Walsh Pizzi O'Reilly Falanga LLP, counsel for Apple Inc. ("Apple") in connection with the above-captioned matter. I am familiar with the facts set forth herein as well as the categories and types of information that Apple keeps confidential. I am also familiar with the harm that Apple would sustain if its confidential information were to become public. I have personal knowledge of the facts set forth in this declaration.

2. I submit this Declaration on behalf of Apple in support of the Motion to Seal portions of the Opinion and Order of the Special Discovery Master Re: Carrier/Non-Carrier Discovery Dispute, dated August 26, 2026, (Dkt. No. 296) ("Confidential Information").

3. In support of the motion, Apple prepared an Index identifying the specific portions of the relevant document that Apple seeks to maintain under seal and explaining (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. The Index is being submitted concurrently herewith as Exhibit 1.

4. Apple operates in an intensely competitive environment. Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage. Similarly, bad actors may exploit non-public information to harm Apple. As such, Apple takes extensive measures to protect the confidentiality of its information.

5. Apple requests sealing of the Confidential Information that reflects Apple's non-public, proprietary, and/or competitively sensitive business information that it maintains in confidence and is of the type that Apple treats as confidential and proprietary generally. In particular, the Confidential Information includes and/or references nonpublic financial information concerning Apple's sales and business dealings that Apple does not reveal to the public.

6. The Confidential Information Apple seeks to seal reflects information that Apple designated as "Highly Confidential" pursuant to the Discovery Confidentiality Order, entered by this Court on October 7, 2025 (Dkt. No. 124) ("DCO").

7. There is a substantial public interest in ensuring that the nonpublic highly proprietary information remains confidential and not become public at a later date.

8. Apple would suffer a clearly defined, substantial and specific harm, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information reflected in the Confidential Information be publicly disclosed in contravention of the terms of the DCO. Competitors would improperly and unfairly benefit from the disclosure of Apple's nonpublic business information and would likely use the confidential information to enhance their own business operations, better their market and negotiation positions, and cause Apple competitive harm.

9. There is no less restrictive alternative other than sealing the Confidential Information, as set forth in the Index submitted concurrently herewith. Apple's request is narrowly tailored to redact and seal only the confidential information at issue. This is the least restrictive alternative available to protect the non-public confidential information.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

WALSH PIZZI O'REILLY FALANGA LLP

Dated: September 9, 2026

*s/ Liza M. Walsh*
Liza M. Walsh

# EXHIBIT 1

**INDEX IN SUPPORT OF MOTION TO SEAL**

| Entry # | Material / Title of Document | PDF Page # | Location | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|---|---|
| 1. | Dkt. No. 296 Opinion and Order of the Special Discovery Master Re: Carrier/Non-Carrier Discovery Dispute | 2 | In the third full paragraph (the one beginning with "As a concession"): in the first sentence, the words between "for its" and "non-carrier." | Apple requests sealing of this text because it relates to competitively sensitive aspects of Apple's business. Specifically, it concerns nonpublic, competitively sensitive financial information related to Apple's sales. This is the type of business information that Apple maintains in confidence and is of the type that is treated as confidential and proprietary generally. Producing this information would reveal to Apple's competitors and other third parties doing business with Apple information about Apple's finances and business dealings that would provide them an unfair advantage in the future. For example, this information could be used to negotiate more favorable terms and thereby undermine Apple's competitive standing and weaken its market position. In addition, the Confidential Information reflects information that Apple designated as "Confidential" or "Highly Confidential" pursuant to the DCO.<br><br>*See* Declaration of Liza M. Walsh ¶¶ 4-5 ("Walsh Decl.") | If filed on the public docket, Apple would suffer a clearly defined, substantial and specific harm, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the nonpublic, confidential, proprietary, commercial, and competitively sensitive business information reflected in the Confidential Information be publicly disclosed in contravention of the terms of the DCO or the Local Rules. Competitors and/or other third parties would improperly and unfairly benefit from the disclosure of Apple's non-public business information and would likely use this information to enhance their market position and cause Apple competitive | Apple requests sealing only portions of this document that reflect its confidential information or non-public discovery information.<br><br>There is no less restrictive alternative other than sealing the Confidential Information. Apple's request is narrowly tailored to seal the confidential information at issue. This is the least restrictive alternative available to protect the non-public confidential information.<br><br>*See* Walsh Decl. ¶ 9. | No prior order entered in this action. | Plaintiffs take no position on the Motion to Seal. |

| Entry # | Material / Title of Document | PDF Page # | Location | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|---|---|
| | | | | | harm.<br><br>*See* Walsh Decl. ¶¶ 4, 8 | | | |
| 2. | Same as Entry 1 above. | 2 | The text of footnote two. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. |
| 3. | Same as Entry 1 above. | 4 | In the first full paragraph (the one beginning with “First, Defendant does not disagree”): in the sentence beginning “Defendant explains that its carrier contracts,” the figure between “account for more than” and | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. |

| Entry # | Material / Title of Document | PDF Page # | Location | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|---|---|
| | | | "of all U.S. iPhone reseller sales." | | | | | |
| 4. | Same as Entry 1 above. | 4 | In the first full paragraph (the one beginning with "First, Defendant does not disagree"): in the sentence beginning "Defendant explains that its carrier contracts," the words immediately following "with non-carrier retailers representing" and preceding the closing quotation mark. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. |

| Entry # | Material / Title of Document | PDF Page # | Location | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|---|---|
| 5. | Same as Entry 1 above. | 4 | In the first full paragraph (the one beginning with "First, Defendant does not disagree"): in the sentence beginning "Defendant further explains," the words between "explains that the" and "non-carrier retailers." | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. |
| 6. | Same as Entry 1 above. | 4 | In the first full paragraph (the one beginning with "First, Defendant does not disagree"): in the sentence beginning "Defendant further explains," the figure between "account for approximately" and "of all non- | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. |

| Entry # | Material / Title of Document | PDF Page # | Location | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|---|---|
| | | | carrier retail iPhone sales." | | | | | |
| 7. | Same as Entry 1 above. | 4 | In the first full paragraph (the one beginning with "First, Defendant does not disagree"): in the sentence beginning "Hence, Defendant claims," the figure between "produce contracts with" and "of its retailers." | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. |

| Entry # | Material / Title of Document | PDF Page # | Location | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|---|---|
| 8. | Same as Entry 1 above. | 4 | In the first full paragraph (the one beginning with “First, Defendant does not disagree”): in the sentence beginning “Hence, Defendant claims,” the figure between “what amounts to” and “of its retailer contracts.” | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. |
| 9. | Same as Entry 1 above. | 4 | In the second full paragraph (the one beginning with “Moreover, Defendant explains”): the figure between “as to this remaining” and “of contracts.” | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. |

| Entry # | Material / Title of Document | PDF Page # | Location | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|---|---|
| 10. | Same as Entry 1 above. | 5 | In the first full paragraph (the one beginning with "As to the communications"): the words between "U.S. wireless carriers and" and "related to iPhone sales or promotions." | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. |
| 11. | Same as Entry 1 above. | 7 | In the paragraph beginning with "In reviewing the Parties' submissions": within the parenthetical beginning "which, according to Defendant," the figure between "accounts for" and "of its contracts with retailers." | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. | Same as Entry 1 above. |