JAVERBAUM WURGAFT
HICKS KAHN WIKSTROM & SININS, P.C.

**STANLEY O. KING, ESQ.**
Partner
sking@lawjw.com

**1000 HADDONFIELD-BERLIN RD.**
**SUITE 203**
**VOORHEES, NJ 08043**
**Phone: (856) 596-4100**
**Fax: (856) 702-6640**
**WWW.LAWJW.COM**

September 9, 2026

**VIA ECF**

The Honorable Leda Dunn Wettre, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re:** ***IN RE APPLE INC. SMARTPHONE ANTITRUST LITIGATION***
**Civil Action No. 2:24-md-03113-JXN-LDW**

Dear Judge Wettre:

Direct iPhone Purchaser Plaintiffs, Indirect iPhone Purchaser Plaintiffs, and Direct Apple Watch Purchaser Plaintiffs (collectively, "MDL Plaintiffs") respectfully seek entry of the proposed order attached as Exhibit A, which would require disputes over pretrial subpoenas in this MDL to be adjudicated in this Court. The reason is straightforward: without centralized subpoena enforcement, subpoena disputes in this MDL could be filed in district courts scattered across the country, multiplying forum motion practice, duplicating judicial effort, risking inconsistent rulings, and delaying discovery in a case the JPML centralized precisely to avoid inefficiencies.[1]

***This litigation involves a high volume of pretrial document subpoenas directed to geographically dispersed recipients.*** According to MDL Plaintiffs' records, **over 170** pretrial subpoenas seeking production of documents have been served in the MDL. The scale of third-party discovery highlights why the requested relief is necessary. The subpoenas are primarily directed to well-known and sophisticated corporations, including manufacturers of other smartphones (e.g., Google and Motorola), banks (e.g., JP Morgan Chase and Wells Fargo), retailers (e.g., Walmart and Target), and wireless carriers (e.g., AT&T and T-Mobile). There is also substantial overlap between the subpoena recipients in the MDL and the Government action.

---

[1] Government Plaintiffs support centralized subpoena enforcement in the MDL action. Government Plaintiffs have represented that if subpoena enforcement disputes arise in the Government action, they would generally advance justifications for the transfer of subpoena enforcement to the District of New Jersey that are the same as those the MDL Plaintiffs have currently offered, including the avoidance of inconsistent rulings and the preservation of judicial resources.

These corporate subpoena recipients are scattered throughout the United States.[2] The MDL parties have been engaged in discovery negotiations with third parties for months and anticipate that, given the high volume of subpoenas, several discovery disputes requiring judicial intervention will arise. Those disputes should be resolved by this Court applying one coherent approach, not by many courts each confronting isolated discovery disputes in a large MDL.

***MDL Courts have broad statutory authority over pretrial proceedings, including subpoena enforcement.*** The Court has ample authority to enter the proposed order. Section 1407(b) provides that an MDL judge "may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions." 28 U.S.C. § 1407(b). Courts have recognized that this authority is not confined to depositions: it is "widely accepted" that it "extends to all pretrial proceedings, including governance of non-party, extra-district subpoenas." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2020 WL 9065791, at *1 (S.D.N.Y. May 8, 2020) (quoting *In re Bank of New York Mellon Corp. Forex Trans. Litig.*, 2014 WL 2884726, at *1 (S.D.N.Y. June 26, 2014)). *See also In re Avandia Marketing, Sales Practices & Prods. Liab. Litig.*, 2021 WL 5178489, at *8 (E.D. Pa. July 12, 2021) ("While the statute refers to an MDL court's authority as to only 'pretrial depositions,' most courts to address the issue have held that the statute confers broader authority on an MDL court to oversee other discovery disputes, such as those involving document subpoenas to non-parties.") *adopted by* 2021 WL 4129426, at *4 (E.D. Pa. Sept. 10, 2021) ("Because Congress intended the powers to allow for coordinating and consolidating pretrial proceedings, it follows that greater power to compel deposition testimony and documents would include the lesser power of compelling only documents.").

Rule 45 does not displace that authority. Courts weighing "the competing provisions of Rule 45 and section 1407" have held that under § 1407 the authority to resolve a subpoena dispute belongs to the judge overseeing the MDL. *In re Disposable Contact Lens Antitrust Litig*., 306 F. Supp. 3d 372, 378 (D.D.C. 2017) (collecting cases holding "that the transferee judge who manages an MDL has jurisdiction under section 1407 . . . to enforce a subpoena that requires compliance in another district, despite the procedural requirements of Rule 45"); *In re Photochromic Lens Antitrust Litig*., 2012 WL 12904391, at *2 (M.D. Fla. Dec. 20, 2012) (collecting cases and concluding that "in keeping with the efficiency goals of the MDL statute," an MDL judge's authority reaches document subpoenas). That result follows from the statute's design: "[i]n enacting § 1407, Congress intended to provide *centralized* management of pretrial proceedings and to ensure their just and efficient conduct." *Contact Lens*, 306 F. Supp. 3d at 377-78 (citation omitted).

Several courts presiding over complex antitrust MDLs have ordered centralized subpoena enforcement, including in this District (*In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-md-2687 (D.N.J.), ECF 468, Exhibit B), elsewhere in this Circuit (*In re Generic*

---

[2] The examples are illustrative of the geographic dispersion across various regions of the United States, including the West Coast (Google in Mountain View, California; Wells Fargo in San Francisco, California), the Pacific Northwest (T-Mobile in Bellevue, Washington), the Midwest (Motorola in Chicago, Illinois; Target in Minneapolis, Minnesota), the South and Southwest (AT&T Mobility in Brookhaven, Georgia; Walmart in Bentonville, Arkansas), and the Northeast (JPMorgan Chase in New York, New York).

*Pharmaceuticals Pricing Antitrust Litig.*, No. 16-md-2724 (E.D. Pa.), ECF 1621, Exhibit C; *In re Niaspan Antitrust Litig.*, No. 13-md-2460 (E.D. Pa.), ECF 220, Exhibit D), and outside this Circuit (*Keurig*, 2020 WL 9065791, at *2). Those orders reflect a practical judgment rooted in experience and consistent with the goals of the JPML when creating this MDL.

***Centralized subpoena enforcement will promote the "just and efficient conduct" of the action pursuant to 28 U.S.C. § 1407.*** The JPML found that centralization of the actions comprising this MDL in this Court was "particularly merited here, as these overlapping cases are highly complex and likely will involve time-consuming fact and expert discovery." ECF 1 at 2. The JPML concluded that centralization would "conserve judicial resources" and "avoid the possibility of inconsistent pretrial rulings." ECF 1 at 2. Those concerns do not stop at party discovery. They apply with equal force to third-party discovery disputes that may affect the schedule, scope, and consistency of pretrial discovery in this MDL.

This Court is best positioned to decide those disputes. It already manages the substance, schedule and discovery architecture of the MDL. Centralized enforcement ensures that third-party discovery disputes are "handled by the tribunal that is best situated to decide the merits of the subpoena-enforcement issue." *Contact Lens*, 306 F. Supp. 3d at 374. The judges presiding over the MDL are already "'knee-deep in the nuances of the underlying litigation,'" and therefore are "'in a much better position . . . to evaluate relevance'" than a court encountering this case for the first time. *Id.* at 381-82 (quoting *Flynn v. FCA US LLC*, 216 F. Supp. 3d 44, 47 (D.D.C. 2016)).

Apple does not appear to disagree. In the parallel Government action, Apple asked the Northern District of California to transfer a non-party subpoena dispute to this Court under Rule 45(f), on the ground that transfer would "avoid duplicative review, promote judicial efficiency, and ensure consistency" in the antitrust litigation, and that this Court "has already invested substantial effort in managing these coordinated actions." Apple Inc.'s Mot. (1) to Compel Disc. from Non-Party Meta Platforms, Inc.; and (2) to Transfer Motion to the District of New Jersey Pursuant to Fed. R. Civ. P. 45(f), *In re Apple Inc.'s Application for Order Compelling Compliance with Non-Party Subpoena Served on Meta Platforms, Inc.*, No. 3:26-mc-80274 (N.D. Cal.), ECF No. 1 at 24-25 ("*Apple Meta Mot.*"). Apple grounded that request in this Court's management of both the Government action and this MDL, and in the appointment of three Special Masters to address an "increasing number of discovery and other anticipated disputes." *Id.* at 25. Apple and MDL Plaintiffs thus agree on the substance. The parties only disagree about whether that conclusion should be reached once, or relitigated in every district where a dispute with a subpoena recipient happens to arise.

Centralization will also avoid inconsistent rulings. Many subpoenas contain nearly identical or overlapping requests directed to different third parties.[3] If those disputes are scattered

---

[3] For instance, Indirect iPhone Purchasers served subpoenas on the three largest wireless carriers—AT&T Mobility LLC, T-Mobile USA, Inc., and Verizon Communications Inc.—seeking, among other things, documents and data concerning consumer switching between smartphones and wearables made by one manufacturer to smartphones and wearables made by another manufacturer. *Compare* Request No. 5 of Indirect iPhone Purchasers' Subpoena to AT&T

across jurisdictions, different courts could reach different conclusions about the same categories of documents, the same relevance objections, and the same burden arguments.

Centralization will prevent delay and "avoid disrupting [the] court's management of the underlying complex MDL." *Contact Lens*, 306 F. Supp. 3d at 374. Absent centralized enforcement, each subpoena dispute may first require threshold briefing over forum—whether the dispute belongs in this Court or the court where compliance is required under Rule 45—before any court reaches the merits. *See id.* at 379-80 (discussing duplicative briefing in two different courts to address a third-party discovery dispute in an antitrust MDL with no centralization order in place). And even after forum questions are resolved, decisions issued on another court's schedule can force related MDL discovery to wait. Centralized enforcement eliminates that avoidable detour and potential delays.

***Subpoena enforcement in this Court will not unduly burden third parties.*** The subpoena recipients at issue are primarily sophisticated, well-resourced corporations, capable of litigating in this District regardless of geography. Apple has taken the same position. In seeking transfer of the Meta dispute to this Court, Apple argued that a global corporation represented by counsel nationwide is not "the type of local non-party whose burden Rule 45 is principally designed to minimize," and that there is "no practical difference" between appearing before this Court or appearing before the issuing court. *Apple Meta Mot.* at 25 (quoting *Bright House Networks, LLC v. MarkMonitor, Inc.*, 2020 WL 4464882, at *3 (N.D. Cal. 2020)).

Any travel concern is limited here: this Court and the Special Masters have regularly conducted remote proceedings regarding discovery disputes. *See also Contact Lens*, 306 F. Supp. 3d at 380 (rejecting a third party's burden argument and citing the availability of telephonic hearings). Further, third-party document productions in this MDL to date have been made electronically, without requiring travel to the District of New Jersey. The proposed order further reduces burden by waiving Local Rule 101.1(c)'s requirements, including association with local counsel, for attorneys entering a limited appearance concerning subpoena enforcement. The proposed order permits third parties to seek relief from the order for undue burden.

Even if centralization created additional burdens on third parties, that burden would pale in comparison to the burden Apple's permissive approach would impose on the courts. Absent centralization, individual district courts around the country would each be required to independently familiarize themselves with the substantive issues in this complex antitrust MDL to resolve a single subpoena dispute. *See Contact Lens*, 306 F. Supp. 3d at 382-83.

***Apple's "permissive" approach invites delay, inconsistency, and unnecessary expenditure of judicial resources.*** Apple proposes that litigants should have the option to

---

Mobility LLC (Exhibit E at 12-13) *with* Request No. 5 of Indirect iPhone Purchasers' Subpoena to T-Mobile US, Inc. (Exhibit F at 12-13) *and* Indirect iPhone Purchasers' Subpoena to Verizon Communications, Inc. (Exhibit G at 12-13). These companies are located across the country—AT&T Mobility in Brookhaven, Georgia; T-Mobile in Bellevue, Washington; and Verizon in New York, New York—which means that three different courts could be required to adjudicate similar disputes of relevance or burden on identical Requests.

proceed with subpoena enforcement in this Court or the district where compliance is required. The costs of that structure are not hypothetical; Apple has just incurred them. To pursue a single subpoena dispute in the Government action, Apple opened a miscellaneous action in the Northern District of California, moved to compel, and concurrently briefed transfer to this Court under Rule 45(f). *Apple Meta Mot.* Apple filed its initial motion on August 28, 2026. *Id.* Briefing on the motion is scheduled to be completed on September 22, 2026. No. 26-80274 (N.D. Cal.), ECF 15. If Apple's motion to transfer is successful, then further briefing on the merits of Apple's motion to compel may occur in this Court. Apple's optional structure risks replicating that process each time a subpoena-related dispute is litigated in this MDL.

Rule 45(f) is not an adequate substitute for centralization. Transfer under that rule requires either the subpoena recipient's consent or a discretionary finding of exceptional circumstances. Fed. R. Civ. P. 45(f). Relief under the "exceptional circumstances" provision of Rule 45(f) becomes available only after a separate enforcement action has been opened and briefed in another district. And, Apple's experience with Meta illustrates the difficulty of relying on consent. Apple asked Meta to agree that any dispute concerning production pursuant to the subpoena be resolved in this Court. *Apple Meta Mot.* at 25 (Meta "declined to consent to having this motion heard in D.N.J."). Because consent is withheld at the recipient's option, the permissive approach does not avoid threshold forum litigation.

Apple's approach would also likely create scheduling delays and generate additional costs. To the extent that other district courts handle subpoena enforcement actions, they are less likely to be attuned to the MDL schedule and how the disputed third-party discovery may disrupt MDL deadlines. And, counsel litigating in another forum may need to associate with local counsel, seek *pro hac vice* admission, or appear in-person in those courts. *See* No. 3:26-mc-80274 (N.D. Cal.), ECF 6-8 (*pro hac vice* motions in Apple's dispute with Meta).

***Apple's proposed exception for recipients already facing proceedings in other districts should be rejected.*** Apple separately contends that any enforcement motion in this MDL directed to a subpoena recipient already facing enforcement proceedings relating to this MDL or the Government action in another district should be brought in that other district. The exception is unnecessary. The relief MDL Plaintiffs seek is prophylactic: no enforcement motion arising from this MDL is pending in any district. If the proposed order is entered before any such motion is filed, disputes concerning MDL subpoenas will be heard in this Court in the first instance. Government Plaintiffs likewise support centralized subpoena enforcement and have represented that they would seek transfer of subpoena enforcement to this Court. *See supra* note 1. Entry of the proposed order is therefore a more direct answer to Apple's concern about parallel proceedings than a carve-out that would perpetuate them.[4]

MDL Plaintiffs respectfully request that the Court enter the accompanying proposed order (Exhibit A).

[4] Apple's proposed exception is also insufficient because it focuses on the subpoena recipient and does nothing to mitigate the risk of inconsistencies from different courts adjudicating the same request served on different recipients. *See supra* note 3.

Respectfully submitted,

*/s/ Stanley O. King*
Stanley O. King
**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
Tel: (856) 596-4100
sking@lawjw.com

*Liaison Counsel for*
*Indirect iPhone Purchaser Plaintiffs*