# Exhibit 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Case No. 2:24-md-3113(JXN)(LDW)<br>MDL No. 3113<br>Hon. Julien X. Neals, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J.<br>**SPECIAL MASTER CASE MANAGEMENT ORDER** |

By Text Order dated August 7, 2026 (Dkt. 269), and in accordance with the Special Master Appointment Order dated June 18, 2026 (Dkt. 208), the Honorable Leda D. Wettre, U.S.M.J., referred to the Special Master the non-expedited discovery disputes between Defendant Apple Inc. and Direct Apple Watch Purchaser Plaintiff ("Watch Plaintiff") briefed at Dkt. 257 and Dkt. 265 ("the Watch Non-Expedited Issues").

**IT IS HEREBY ORDERED** as follows:

1. On or before August 27, 2026, Apple shall produce all formal submissions related to Identified Products and Services[1] Apple made in the European Commission investigation and proceedings dating from approximately March 2024—which concerned Apple's App Store rules, in-app purchase system, and anti-steering provisions, and which resulted in a decision in April 2025 (Article 5(4) of the Digital Markets Act)—and the European Commission investigation and proceedings dating from approximately March 2025—which concerned the access

[1] Identified Products and Services is defined in this instance as meaning each product or service in one of the following categories: (a) Cloud Streamed Games; (b) Messaging Systems; (c) Digital Wallets or Payment Apps; (d) Platform Apps or Mini Programs; and (e) Smartwatches.

afforded to third-party device manufacturers to iOS connectivity features and resulted in two decisions (Article 6(7) of the Digital Markets Act)—which together shall be referred to as the "EC DMA Investigations."

2. On or before September 24, 2026, Apple shall produce:

   a. all documents, including informal communications, that Apple provided to or exchanged with the European Commission in relation to the EC DMA Investigations; and

   b. all formal submissions Apple made in the European Commission investigation and proceedings dating from approximately June 2020—which concerned Apple's restrictions on the access of mobile wallet applications to the NFC functionality of the iPhone and Apple Watch—which shall be referred to as the "EC NFC Investigation."

3. Formal submissions include the European Commission's preliminary findings and Apple's responses, including expert reports and related final decks.

4. The Special Master reserves decision on Watch Plaintiffs' other requests for production regarding foreign government regulatory actions until after the Watch Plaintiffs have been given the opportunity to review the above-referenced documents related to the European Commission investigations.

5. On or before August 27, 2026, Apple shall submit a letter brief, not to exceed two (2) pages, addressing the privilege status of documents produced to the European Commission that Apple maintains remain privileged. Two weeks after Apple's submission, Watch Plaintiff shall submit a responsive letter brief, not to exceed two (2) pages.

6. On or before August 27, 2026, Apple shall submit a letter brief, not to exceed three pages, providing reasoning for its position that Apple's settlement communications with the plaintiffs in the Government Action, *United States v. Apple, Inc.*, No. 2:24-cv-4055 (D.N.J.), should not be made available in discovery. Two weeks after Apple's submission, Watch Plaintiffs shall submit a responsive letter brief, not to exceed three pages.

7. On or before August 20, 2026, Apple shall provide Watch Plaintiffs with Apple's proposed list of apps for which Apple will produce full App Review files in response to Watch Plaintiffs' Requests for Production Nos. 72 and 128.

8. The parties shall continue to negotiate the scope of the App Review file production, including the set of apps for which App Review files will be produced. In the event the parties cannot resolve a dispute, the parties shall contact the Special Master by letter identifying the dispute for resolution.

9. Nothing in this Order constitutes a waiver of any party's objections, arguments, or authority, all of which are preserved.

SO ORDERED this _____ day of August, 2026.

______________________________
HONORABLE RONALD J. HEDGES
Special Master

# Exhibit 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Case No. 2:24-md-3113(JXN)(LDW)<br>MDL No. 3113<br>Hon. Julien X. Neals, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J.<br>**SPECIAL MASTER CASE MANAGEMENT ORDER** |

By Text Order dated August 7, 2026 (Dkt. 269), and in accordance with the Special Master Appointment Order dated June 18, 2026 (Dkt. 208), the Honorable Leda D. Wettre, U.S.M.J., referred to the Special Master the non-expedited discovery disputes between Defendant Apple Inc. and Direct Apple Watch Purchaser Plaintiff ("Watch Plaintiff") briefed at Dkt. 257 and Dkt. 265 ("the Watch Non-Expedited Issues").

**IT IS HEREBY ORDERED** as follows:

1. On or before August 27, 2026, Apple shall produce all formal submissions related to Identified Products and Services[1] Apple made in the European Commission investigation and proceedings dating from approximately March 2024—which concerned Apple's App Store rules, in-app purchase system, and anti-steering provisions, and which resulted in a decision in April 2025 (Article 5(4) of the Digital Markets Act)—and the European Commission investigation and proceedings dating from approximately March 2025—which concerned the access

[1] Identified Products and Services is defined as meaning each product or service in one of the following categories: (a) Cloud Streamed Games; (b) Messaging Systems; (c) Digital Wallets or Payment Apps; (d) Platform Apps or Mini Programs; and (e) Smartwatches.

afforded to third-party device manufacturers to iOS connectivity features and resulted in two decisions (Article 6(7) of the Digital Markets Act)—which together shall be referred to as the "EC DMA Investigations."

2. On or before September 24, 2026, Apple shall produce:

   a. all documents, including informal communications, that Apple provided to or exchanged with the European Commission in relation to the EC DMA Investigations; and

   b. all formal submissions Apple made in the European Commission investigation and proceedings dating from approximately June 2020—which concerned Apple's restrictions on the access of mobile wallet applications to the NFC functionality of the iPhone and Apple Watch—which shall be referred to as the "EC NFC Investigation."

3. With regard to documents previously produced in the EC DMA Investigations, Apple will apply the parties' agreed-upon search terms; will review documents that hit on those terms for substantive responsiveness pursuant to the parties' agreements regarding MDL Plaintiffs' other Requests for Production to Apple; and will produce non-privileged responsive documents. Apple may withhold documents it contends are privileged, pending further briefing and the Court's ruling on the issue of privilege addressed in paragraph 6 of this Order.

4. Formal submissions include the European Commission's preliminary findings and Apple's responses, including expert reports and related final decks.

5. The Special Master reserves decision on Watch Plaintiffs' other requests for production regarding foreign government regulatory actions until after the Watch

Plaintiffs have been given the opportunity to review the above-referenced documents related to the European Commission investigations.

6. On or before August 27, 2026, Apple shall submit a letter brief, not to exceed two (2) pages, addressing the privilege status of documents produced to the European Commission that Apple maintains remain privileged. Two weeks after Apple's submission, Watch Plaintiff shall submit a responsive letter brief, not to exceed two (2) pages.

7. On or before August 27, 2026, Apple shall submit a letter brief, not to exceed three pages, providing reasoning for its position that Apple's settlement communications with the plaintiffs in the Government Action, *United States v. Apple, Inc.*, No. 2:24-cv-4055 (D.N.J.), should not be made available in discovery. Two weeks after Apple's submission, Watch Plaintiffs shall submit a responsive letter brief, not to exceed three pages.

8. On or before August 20, 2026, Apple shall provide Watch Plaintiffs with Apple's proposed list of apps for which Apple will produce full App Review files in response to Watch Plaintiffs' Requests for Production Nos. 72 and 128.

9. The parties shall continue to negotiate the scope of the App Review file production, including the set of apps for which App Review files will be produced. In the event the parties cannot resolve a dispute, the parties shall contact the Special Master by letter identifying the dispute for resolution.

10. Nothing in this Order constitutes a waiver of any party's objections, arguments, or authority, all of which are preserved.

SO ORDERED this _____ day of August, 2026.

_______________________________
HONORABLE RONALD J. HEDGES
Special Master