McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
T: 973.993.8100 | F: 973.425.0161
MDMC-LAW.COM

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmclaw.com

September 10, 2026

**VIA ECF AND EMAIL**

Honorable Ronald J. Hedges, U.S.M.J. (Ret.), Special Master
r_hedges@live.com

Re: *In re Apple Inc. Smartphone Antitrust Litigation*, 2:24-md-03113-JXN-LDW

Dear Judge Hedges:

Watch Plaintiffs hereby respond to Apple's August 27, 2026 letter regarding whether it waived privilege over certain materials it produced to the European Commission.

## I. This Issue is Premature and Not Properly Before Your Honor

At the August 13, 2026 hearing, Your Honor directed Apple to produce, within six weeks, documents and communications it exchanged with the European Commission or any constituent agencies in relation to certain of the Commission's investigations. *See* Aug. 13, 2026 Hrg. Tr. at 5-9. When Apple requested an additional "45 days after that period . . . to complete privilege logging," Your Honor asked Apple what privilege it could assert on communications with a third party that would not have been waived. *Id.* at 9-10. Apple requested the right to brief that issue, and Your Honor granted its request. *Id.* at 10-11, 15. Apple filed its brief on August 27, arguing that it did not waive privilege when it produced otherwise-privileged documents to the European Commission. Apple's argument is premature and not properly before Your Honor.

Apple has not yet invoked privilege to withhold the documents at issue. Accordingly, Watch Plaintiffs have not yet argued that the yet-to-be-invoked privilege was waived. Such an argument would be premature. This issue should follow the normal process: if Apple wants to withhold documents on the basis of privilege, it may do so as long as it includes those documents on a satisfactory privilege log that it produces to Watch Plaintiffs. *Cf. United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990) ("[C]laims of attorney-client privilege must be asserted document by document, rather than as a single, blanket assertion."). At that point, Watch Plaintiffs may challenge Apple's privilege designations, on waiver or other grounds. Since Apple has not invoked privilege to withhold the documents at issue or produced a privilege log, the privilege-waiver issue is not ripe.

This privilege-waiver issue is also outside the scope of Judge Wettre's referral. It was not discussed in the notice of impasse, referral, or briefing, and Your Honor does not need to rule on the privilege-waiver issue to rule on the issues that were referred.

## II. Watch Plaintiffs Have Waived Nothing

Apple argues that Watch Plaintiffs waived the right to argue that Apple waived privilege over otherwise-privileged documents it produced to the European Commission because (1) Watch Plaintiffs did not raise the issue in their letter brief on the referred non-expedited discovery issues, and (2) the iPhone Plaintiffs separately raised the issue. This is nonsense.

Watch Plaintiffs did not raise the issue in their brief because it was not a referred dispute (as Apple acknowledges, Dkt. 299 at 1), because it would be premature (as described above), and because it was not necessary to resolve the privilege-waiver issue to rule on the disputes that were actually referred to Your Honor. Parties do not waive arguments by declining to raise them before they are ripe. *See Belt v. P.F. Chang's China Bistro, Inc.*, No. CV 18-3831, 2020 WL 3829026, at *8 (E.D. Pa. July 8, 2020) (no waiver where argument would be "premature"). And Apple cannot be correct that *both* (a) the privilege-waiver issue is not properly before Your Honor because it was not included in the referral, and (b) Watch Plaintiffs "waived the issue" by declining to raise it in their brief. The privilege-waiver issue was not referred, so declining to improperly raise it in a subsequent brief cannot effect a waiver.

The sole case Apple cites in support of its argument that Watch Plaintiffs "waived the issue" by declining to include it in their brief is inapposite. *Arroyo v. N.J. Trans. Rail Oper., Inc.*, 2026 WL 2111312 (D.N.J. Jan. 22, 2026). It is a case quashing a Rule 45 subpoena because it was issued more than a year after the close of discovery. The Court also found waiver, but explained that it was because it "cannot fathom any circumstance justifying why [the] dispute" was not timely raised. *Id.* at *5. In contrast, here it is easy to fathom a justification: the issue is not ripe and, as even Apple acknowledges, was not referred to Your Honor. Watch Plaintiffs were correct not to raise the privilege-waiver issue in their letter brief, and doing so did not waive anything.

Apple also argues that because *iPhone* Plaintiffs raised the privilege-waiver issue in a separate impasse notice and later withdrew it in their briefing, that *Watch* Plaintiffs "waived the issue." Dkt. 299 at 1. But *iPhone* and *Watch* Plaintiffs are separate parties, and waiver cannot be imputed against one because of actions taken by the other. *See HT of Highlands Ranch, Inc. v. Hollywood Tanning Sys., Inc.*, 590 F. Supp. 2d 677, 684 n.6 (D.N.J. 2008) ("[O]ne party's litigation decisions do not waive a separate party's rights."). Moreover, the iPhone Plaintiffs did not "waive the issue," but rather decided not to seek the Court's assistance at that time, and did so "[w]ithout waiving, and expressly preserving, any right to challenge Apple's claim of privilege or protection for any document Apple has withheld or redacted in this litigation." Dkt. 258 at 4.

## III. Relief Requested

Watch Plaintiffs respectfully request that Your Honor (1) find that Watch Plaintiffs have not waived any arguments regarding the aforementioned privilege-waiver issue, and (2) defer resolving the privilege-waiver issue unless and until Apple actually withholds the documents at issue on the basis of privilege and a privilege challenge is properly before Your Honor.

Respectfully Submitted,

/s/ Thomas R. Curtin
Thomas R. Curtin
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 993-8100
tcurtin@mdmc-law.com

cc: All counsel (by ECF and email)