WALSH PIZZI O'REILLY FALANGA

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
WALSH.LAW

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

**VIA ECF**

September 14, 2026

**Re:** ***In re: Apple Inc. Smartphone Antitrust Litigation***
**Civil Action No. 2:24-md-03113-JXN-LDW (MDL 3113)**

Dear Judge Hedges:

This firm, together with Gibson, Dunn & Crutcher LLP, represents Defendant Apple Inc. ("Apple"). Apple writes in response to Watch Plaintiffs' September 10, 2026 letter, Dkt. 330. It is a brief about the waiver of arguments on a dispute that is not at issue. Apple expressly told Watch Plaintiff, in writing before he filed, that Apple would not argue waiver due to any failure to respond to Apple's now-mooted brief. Nevertheless, Watch Plaintiff asks Your Honor for an advisory order on an issue that Watch Plaintiff concedes is outside of Judge Wettre's referral. Your Honor cannot and should not do so, and Watch Plaintiff's letter should be disregarded in its entirety.

## I. Background

At the August 13, 2026 hearing, Your Honor directed Apple to produce documents and communications exchanged with the European Commission ("EC") in connection with certain of the Commission's investigations. Aug. 13, 2026 Hrg. Tr. at 8:18–22. When Apple noted that a subset of those materials were privileged under U.S. law and should not be produced, Your Honor directed Apple to submit a brief explaining its position by August 27, 2026, and directed Watch Plaintiff to submit a response brief by September 10, 2026. *Id.* at 10:8–11:12. Apple submitted its brief addressing that question on August 27, 2026. *See* Dkt. 299.

Apple's letter made two points. First, Apple noted at the outset that the privilege-waiver question is a distinct issue that falls outside the scope of Judge Wettre's referral of "Watch Plaintiffs' non-expedited discovery disputes," *see* Dkts. 208, 257, 265, and that Watch Plaintiffs had not included it in their notice of impasse or referral briefing. Dkt. 299 at 1. Second, Apple explained why compelled production to a foreign regulator, over objection and under protest, does not waive privilege. *Id.* at 1–2.

On September 2, 2026, Your Honor wrote counsel for the parties, "Have the parties resolved the EC-related issue? Please advise by 5PM today." The parties were not at that time engaged in discussions about resolving that issue; Apple had submitted the brief Your Honor directed on August 27, and Watch Plaintiff was preparing his brief. Watch Plaintiff responded to Your Honor's email that morning, explaining that he "intended to file a responsive brief (on Sep. 10)" and would "ask Apple if it is available to meet and confer on this issue to see if there is a more efficient way to resolve this." Apple responded, "Apple is happy to confer with Watch Plaintiff

about this. The parties can inform Your Honor if they are unable to reach a solution." Your Honor responded, "Sounds good, thank you. But discussions end tomorrow at 5ET."

Your Honor's email set a one-day deadline for the parties to meet and confer about an issue they had not previously discussed and which had not been referred to Your Honor—and to conclude that process 7 days before the close of briefing under Your Honor's schedule. Counsel for Apple responded, "Your Honor, the proposal is new. We just received it. We were expecting to receive the opposition next week. Of course, we will be more than happy to discuss it but certainly more time is needed given all of the issues the parties are dealing with." Your Honor responded, "OK. A week from today please to finish conferring"—in other words, directing the parties to finish conferring by September 9, 2026, a week from September 2, 2026.

The parties then began scheduling the discussion Your Honor ordered them to complete by September 9. The following day, September 3, 2026, Your Honor emailed the parties, "Good afternoon, everyone. Please submit this matter to Judge Wettre under the dispute protocol." The parties understood from that email that Your Honor had determined the Court's referral did not encompass any request to compel production of privileged documents that had been produced under protest to the EC—as Apple had argued in its brief. The issue thus appeared to be resolved for the time being.

On September 9, 2026, Your Honor wrote to the parties, "One more thing: I believe the parties were discussing a form of order. I had given them time to resolve the language. Is that resolved or back with Judge Wettre?" Apple's counsel responded to Your Honor, "You directed the parties to submit that issue to Judge Wettre under the Special Master protocol if necessary, so we understand it is no longer before you."

That same day, Watch Plaintiff's counsel informed Apple that they believed they needed to file a response to Apple's mooted August 27 brief to argue that Watch Plaintiff had not waived any arguments about the privilege status of documents related to the EC's investigations. Apple represented to Watch Plaintiff's counsel during the parties' videoconference that, because Your Honor had told the parties that question was no longer before you, Watch Plaintiff would not forfeit or waive any arguments by not filing a response to Apple's August 27, 2026 brief. Apple memorialized that representation in writing that same day, writing to Watch Plaintiff: "the parties reserve their rights with regard to any briefing on the EC privilege waiver issue and that Watch Plaintiff will not forfeit or waive any arguments it may presently make by not filing a response to Apple's August 27, 2026 brief on September 10, 2026."

At 7:08 p.m. that evening, Watch Plaintiff sent Your Honor an unprompted email, titled "Watch Plaintiffs' Clarification." In that email, Watch Plaintiff purported to summarize the status of issues before Your Honor. That included, "Apple raised a waiver argument on the docket, [therefore] we wanted our response in opposition to appear on the docket as well, and [] that Watch Plaintiffs intended to file a responsive brief that would not require [Judge Hedges] to rule on whether Apple waived privilege by producing documents to the EC and would explain that Apple is incorrect that Watch Plaintiffs waived any argument." Watch Plaintiff's email failed to acknowledge that Your Honor had told the parties that question was not before you. Apple's counsel responded, explaining that "Watch Plaintiff's email is incomplete," and that Your Honor had told the parties

that "any dispute the parties have on that question in the future will be submitted to Judge Wettre in accordance with the Special Master Appointment Order."

The next day, September 10, Watch Plaintiff nonetheless filed a brief in ostensible response to Apple's moot August 27 brief. Watch Plaintiff acknowledges that any question about privilege attaching to documents related to the EC's investigations is "outside the scope of Judge Wettre's referral" and "not discussed in the notice of impasse, referral, or briefing." Dkt. 330 at 1. Yet Watch Plaintiff still asks Your Honor to (1) "find that Watch Plaintiffs have not waived any arguments regarding the aforementioned privilege-waiver issue" and (2) defer resolving the question of the privilege status of documents related to the EC's investigations. Dkt. 330 at 2.

## II. Watch Plaintiff's filing is improper and should be disregarded.

Watch Plaintiff's first request—seeking an advisory order on an issue that Your Honor has already stated was not referred to him—is improper twice over. First, Your Honor and both parties agree that this issue is outside of the scope of Judge Wettre's referral. *See* Dkts. 299 at 1, 330 at 1. Under the terms of the Special Master Appointment Order, special masters are not empowered to provide any rulings on matters that have not been referred to them. Dkt. 208 ¶¶ 3–9. It is Judge Wettre's province to "determine whether to resolve the dispute herself or assign it to a Special Master," and a special master may "issue [r]ulings" only "[s]hould the Court assign a Special Master to hear a dispute." *Id.* ¶¶ 6–7. Your Honor should reject Watch Plaintiff's invitation to act *ultra vires* and in contravention of the Court's Appointment Order.

For similar reasons, any "findings of fact and conclusions of law" entered by Your Honor would be purely advisory. Dkt. 208 ¶ 9. Watch Plaintiff asks Your Honor to issue an order to preserve an argument Watch Plaintiff might make one day in response to an argument Apple might make one day about an issue that might arise one day—in the face of Apple's written representation that it would not make that argument based on anything Watch Plaintiff did or did not file on September 10. That is a request for an advisory opinion, violating "'the oldest and most consistent thread in the federal law of justiciability.'" *Flast v. Cohen*, 392 U.S. 83, 96 (1968).

Watch Plaintiff's second request is equally improper. He asks Your Honor to "defer" deciding an issue that everyone—Watch Plaintiff, Apple, and Your Honor—agree is not before you and was never referred to Your Honor. There is nothing to "defer." Nor does the Special Master Appointment Order authorize an order holding open a question that has never been presented or referred. *See* Dkt. 208 ¶¶ 3–9.

For the aforementioned reasons, Apple respectfully requests that Your Honor disregard Watch Plaintiff's filing.

Respectfully submitted,

*s/Liza M. Walsh*
Liza M. Walsh

cc: All Counsel of Record (via ECF)