Vinson&Elkins

Bradley Small bsmall@velaw.com
**Tel** +1.212.237.0268

September 14, 2026

**VIA ECF**

The Honorable Leda Dunn Wettre, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re: *In re Apple Inc. Smartphone Antitrust Litigation,* Case No. 2:24-md-03113-JXN-LDW; *United States of America, et al. v. Apple Inc.*, Case No. 2:24-cv-04055-JXN-LDW; Non-Party Samsung Electronics America, Inc.'s Joinder in MDL Plaintiffs' Motion for Proposed Order Centralizing Enforcement of Pretrial Subpoenas

Dear Judge Wettre:

Non-Party Samsung Electronics America, Inc. ("SEA") respectfully submits this joinder in support of the MDL Plaintiffs' request for an order confirming that disputes over pretrial subpoenas in this MDL are to be adjudicated in this Court. (ECF Nos. 321-0 & 321-1). As the MDL Plaintiffs observe, allowing Apple to exercise an "option" over where subpoena enforcement disputes are heard, (see ECF No. 311), would interfere with this Court's mandate to efficiently manage these centralized pretrial proceedings, and force non-parties like SEA to engage in wasteful threshold litigation about where subpoena disputes should be heard. Apple's litigation tactics with respect to SEA underscore an additional concern: that Apple will attempt to pick and choose when it is bound by the precedents of this Court and this Circuit, in hopes of achieving inconsistent, self-serving discovery rulings.

Apple served a subpoena on SEA in the above-captioned actions on January 30, 2026 ("the Subpoena").[1] The Subpoena was issued by this Court, and Apple effected personal service on SEA at its offices in Englewood Cliffs, New Jersey.

Apple and SEA have been meeting and conferring regarding the Subpoena for more than six months. During those discussions, a dispute arose regarding Apple's demand that SEA produce documents within the exclusive possession of SEA's Korean parent company, Samsung Electronics Co., Ltd. ("SEC"). In February 2026, SEA provided Apple with Third Circuit

---

[1] Apple simultaneously issued the Subpoena in the MDL actions and in *United States v. Apple Inc.*, but took the position that "only one response" was required, and has not distinguished between the two actions during meet and confer discussions.

authority holding that a subpoenaed entity has no obligation to produce documents possessed by another corporation unless that subpoenaed entity has the "*legal right*" to access those documents "on demand." *Gerling Int'l Ins. Co. v. Comm'r*, 839 F.2d 131, 140 (3d Cir. 1988). At the same time, SEA provided Apple with a prior decision by this Court applying *Gerling* to *the very corporate relationship at issue*—between SEA and SEC—and concluding that SEA does *not* have the legal right to obtain documents from SEC on demand, and therefore has no duty to produce such documents. *TQ Delta, LLC v. Samsung Elecs. Am., Inc.*, 2021 WL 6049908, at *3 (D.N.J. Dec. 20, 2021). Apple and SEA agreed that they were at impasse on this issue in August 2026, and SEA requested that Apple and SEA submit a two-page notice of impasse to Your Honor promptly, consistent with the Court's Special Master Appointment Orders.

Apple refused to collaborate with SEA on a joint notice of impasse, and instead, on September 10, 2026, informed SEA for the first time that it intends to seek enforcement of its Subpoena against SEA, including its demand for SEC's documents in Korea, in the U.S. District Court for the Southern District of New York, based on the Subpoena's nominal request for compliance in New York city. That disclosure came just five business days after Apple and the MDL Plaintiffs filed a Joint Notice of Impasse in which Apple announced its position that it should have "the option" to seek enforcement of subpoenas in other jurisdictions. (ECF No. 311).

Apple's tactics illustrate the gamesmanship and forum shopping that would be licensed by Apple's desired "option" over subpoena enforcement. Apple's only possible goal in seeking enforcement of SEA's Subpoena in another district court—indeed, another federal Circuit—is to circumvent the Third Circuit's decision in *Gerling* and this Court's decision in *TQ Delta*. As the MDL Plaintiffs explain, any notion that Apple has a legitimate interest in enforcing its Subpoena to SEA in another jurisdiction (where SEA is not located) is dispelled by its recent efforts to ensure that another of its subpoenas is adjudicated in this Court to "ensure consistency" with this Court's rulings. (ECF No. 321-0 at 3). Apple claims to want consistency with prior rulings, but only when it serves Apple's litigation goals.

Centralization of subpoena enforcement in this Court would spare non-parties like SEA the unnecessary expense and delay of litigating clear-cut transfer motions in other courts. Such transfer is routinely granted where "the person subject to the subpoena consents," Fed. R. Civ. Proc. 45(f), as SEA would here. *See SBA Commc'ns Corp. v. Fractus, S.A.*, 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019) (observing that "Rule 45(f)'s primary objective lies in 'avoiding burdens on local nonparties subject to subpoenas,' not the issuing party" and granting transfer because the non-party "wants the case transferred…where the underlying action is pending."). Independently, the Committee Notes to Rule 45 expressly confirm that the issuing court should preside over subpoena disputes when necessary "to avoid disrupting the issuing court's management of the underlying litigation," including "when that court has already ruled on issues presented by the motion," as this Court has in *TQ Delta* regarding the SEA-SEC control issue. Fed. R. Civ. Proc. 45, Advisory Committee Notes (2013 Amendment). And courts separately find "exceptional circumstances" warranting transfer when the party opposing transfer is "attempting some type of mid-case forum shopping," as Apple is here. *De Leon v. N. Nat. Gas Co.*, 2021 WL 6113419, at *4 (W.D. La. Aug. 30, 2021).

For all of these reasons, and the additional reasons set forth in the MDL Plaintiffs' papers, SEA respectfully requests that the Court issue an order centralizing all subpoena enforcement in the above-captioned actions in this Court.

Dated: September 14, 2026

Respectfully submitted,

**VINSON & ELKINS LLP**

*/s/ Bradley Small*
Bradley D. Small
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel: (212) 237-0268
Fax: (212) 237-0100
bsmall@velaw.com

Michael W. Scarborough (*pro hac vice* forthcoming)
Dylan I. Ballard (*pro hac vice* forthcoming)
555 Mission Street, Suite 2000
San Francisco, CA 94105
Tel: (415) 979-6900
Fax: (415) 651-8786
mscarborough@velaw.com
dballard@velaw.com

*Counsel for Non-Party*
*Samsung Electronics America, Inc.*

cc: All Counsel of Record via ECF