THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
WALSH.LAW

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

September 14, 2026

**VIA ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re:** ***In re Apple Inc. Smartphone Antitrust Litigation***
**Civil Action No. 2:24-md-03113-JXN-LDW (MDL 3113)**

Dear Judge Wettre:

Apple respectfully submits this response to MDL Plaintiffs' September 9, 2026 letter (ECF 321, "Ltr."), which seeks to make this District the exclusive forum for enforcing pretrial subpoenas. For purposes of this action, Apple does not dispute this Court's authority under 28 U.S.C. § 1407(b) to entertain MDL subpoena disputes requiring compliance elsewhere, or that adjudication here may be appropriate in many or most cases. But there is no reason to make this process obligatory. MDL Plaintiffs claim their motion is meant to prevent scattered, inefficient, and potentially inconsistent rulings. But the truth is the opposite. Because the order they seek would apply only in the MDL and not in the Government Action, it would foster rather than prevent splintered and inefficient enforcement. In contrast, Apple's proposal avoids those inefficiencies while preserving flexibility: the parties may file motions to compel in this District, except that any MDL enforcement motion directed to a recipient already facing enforcement proceedings in another district would be brought in that district.

**1.** ***Plaintiffs' proposal will foster the very duplication and inconsistency they decry***. *See* Ltr. at 2, 5. Although discovery is being coordinated, as a formal matter, the Government Action sits outside the MDL statute. 28 U.S.C. § 1407(g). Plaintiffs' order therefore cannot reach it: disputes in that case will proceed in the compliance district absent consent or a transfer order from that court. Fed. R. Civ. P. 45(d)(2)(B)(i), (f). Plaintiffs' proposal thus risks forcing overlapping disputes involving the same recipient to proceed in parallel in different courts: if the Government Plaintiffs move to compel documents in a compliance court, Plaintiffs' proposal would prevent the MDL parties from bringing any related disputes in that same court—duplicating work and inviting inconsistent rulings.

Plaintiffs report that Government Plaintiffs "would generally advance justifications for the transfer" here. Ltr. at 1 n.1. But willingness to seek transfer is no assurance of obtaining it.

Recipients may withhold consent, and courts may find transfer inappropriate for any number of reasons. That risk is not hypothetical. Plaintiffs blame the current Meta proceedings in California on Apple's "permissive" approach, Ltr. at 4–5, but that dispute arose in the Government Action and would fall outside their proposed order. *See* Apple's Mot. to Compel Discovery from Non-Party Meta Platforms, Inc. and to Transfer, No. 3:26-mc-80274-JCS, ECF No. 1, at 1 (N.D. Cal. Aug. 28, 2026). Under their proposal, any dispute MDL Plaintiffs have with Meta would have to be brought here—even while a court in the Northern District of California adjudicates related issues arising out of the Government Action. Plaintiffs' position is thus internally inconsistent. They condemn Apple's approach because coordination under it turns on contingencies: a recipient like Meta may withhold consent, and a compliance court may or may not grant transfer. *See* Ltr. at 4–5. Yet their own answer to the Government Action gap rests on exactly the same contingencies—recipients must consent, or parties to the Government Action must persuade a compliance court that "exceptional circumstances" warrant transfer. Contingencies Plaintiffs treat as disqualifying for Apple's approach cannot become safe assumptions for their own.

In contrast, an order that permits, but does not require, that MDL motions to compel be filed in this District would avoid that balkanization. It would allow the parties to avoid scenarios like the one described above. The parties could file a motion in this District in appropriate circumstances, but if doing so would force a motion to compel in the Government Action and a motion to compel in the MDL to be split into different districts, they would not be required to accept this inefficient result.

In addition to proposing that subpoena enforcement in this Court be permissive rather than mandatory, Apple also proposes that the Court's order provide that any enforcement motion in the MDL directed to a subpoena recipient already facing enforcement proceedings relating to the MDL or Government Action in another district should be brought in that district. Apple's proposal maximizes the probability that all motions to compel against the same third party, whether in the Government Action or the MDL, will be brought in the same district in the first instance. That will often be in this District, and even when it is not, Apple or other parties will often seek transfer to this District. But critically, whether here or elsewhere, under Apple's proposal the motions against the same third party will likely stay together, reducing the expense and inconvenience to that recipient of litigating overlapping demands in different courts. In contrast, the mandatory "consolidation" that Plaintiffs seek is only half consolidation, as it applies only in the MDL and not in the Government Action. And Plaintiffs' proposed half consolidation is effectively no consolidation at all—in fact it is worse.

**2. *Plaintiffs also incorrectly assume that litigating in this forum will be more appropriate in every instance*.** *See* Ltr. at 3–4. Although that will often be the case, there may be exceptions: "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. Indeed, Plaintiffs' mandatory approach would require the parties to proceed in this Court even when the parties agree that specific circumstances make it more appropriate for the court of compliance to hear the dispute. Apple's approach, by contrast, at least permits the parties to take a subpoena recipient's convenience into account where the circumstances warrant. Plaintiffs' mandate forecloses that consideration for every recipient in advance.

Plaintiffs make a gesture toward this issue by proposing an order that "permits third parties to seek relief from the order for undue burden." Ltr. at 4. But this just adds another layer of complication and needlessly duplicates the issues this Court needs to resolve. The process Plaintiffs seek to impose could thus result in a vast number of motions just to resolve productions from a single third party—including threshold MDL forum disputes in this Court, followed by merits disputes in this Court or elsewhere, while at the same time separate proceedings against the same third party on substantively the same subpoena in the Government Action may be pending in another district. Plaintiffs do not even acknowledge these issues created by their proposed approach, let alone provide a solution to them.

In contrast, Apple's suggested approach, which would permit but not require the parties to file MDL motions to compel in this Court, would maintain all the advantages of consolidation while still permitting the parties to proceed elsewhere if specific circumstances make that more appropriate. That flexibility allows third-party convenience to be considered alongside the needs of coordinated discovery. The parties could choose to file first in this Court if that approach would be most efficient, but they would not be bound to do so. Thus, if filing in another district (at least pending transfer) would prevent splintered decisions, or if there were unique circumstances that made resolution in another district more appropriate, the parties could choose the more efficient path.

**3.** ***None of the cases Plaintiffs cite supports a blanket centralization order in this case***. Plaintiffs' principal authority, *In re Disposable Contact Lens Antitrust Litigation*, transferred a single dispute under Rule 45(f); it did not mandate prospective centralization of every subpoena dispute. 306 F. Supp. 3d 372, 382–83 (D.D.C. 2017). In that case, the issuing MDL court held that, under Rule 45, it could not rule on a fully briefed enforcement motion brought in that district absent the nonparty's consent. *Id.* at 374. Plaintiffs then re-filed their motion in the compliance court, which assessed the recipient's additional burden and concluded that transferring the fully briefed dispute to the issuing MDL court would avoid duplicating work already done. *Id.* at 379–83. That case-specific conclusion says nothing about a request that would apply case-wide to all parties and 70-plus subpoena recipients, many differently situated from one another and none situated like the respondent in *Contact Lens*. Nor did that case present the complication this one does: coordinating discovery with an overlapping Government Action that lies beyond the MDL's reach.

The three orders Plaintiffs attached as exhibits likewise do not justify imposing exclusivity over Apple's objections here. Each approved centralization without opposition. *Liquid Aluminum Sulfate* granted an unopposed letter motion; *Generic Pharmaceuticals Pricing* granted a joint motion; and *Niaspan* recorded both the absence of party opposition and agreement on the proposed order. ECF 321-2 at 2; ECF 321-3 at 2; ECF 321-4 at 2. None addressed the pitfalls of centralization discussed above. So too in *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*: no party opposed centralization, and the court there did not confront, much less address, the cross-action problem presented here. *See* 2020 WL 9065791, at *1–2 (S.D.N.Y. May 8, 2020).

* * *

For these reasons, Apple respectfully requests that the Court reject Plaintiffs' request for mandatory centralization and instead enter an order permitting, but not requiring, MDL motions to compel to be filed in this District, while directing that any such motion against a recipient already facing enforcement proceedings arising from the MDL or the Government Action in another district be brought in that district.

Respectfully submitted,

*/s/Liza M. Walsh*
Liza M. Walsh

cc: All Counsel of Record (via ECF)