# FINDINGS OF FACT AND CONCLUSIONS OF LAW

## INTRODUCTION

United States Magistrate Judge Leda Dunn Wettre, by Order filed September 19, 2026 (Docket No. 350), directed that,

> On or before September 25, 2026, the parties are directed to file a joint summary of all discovery disputes that have been referred to Special Master Ronald J. Hedges and his rulings on each dispute, including the transcripts of any oral arguments, findings of fact and conclusions of law, and orders entered with respect to both the underlying disputes and any requests for reconsideration. Briefing on any pending discovery disputes or requests for reconsideration before Special Master Hedges is stayed until further order of the Court.

During the status conference before Judge Wettre on September 16, 2026, counsel for defendant Apple, Inc. ("Apple"), contended that I had not filed written findings of fact and conclusions of law. Although I disagree with that contention given the filing of transcripts of proceedings before me, I now make written findings and conclusions. These are intended to supplement those that are reflected in the transcripts.

## A. PRELIMINARY FINDINGS OF FACT

1. Pursuant to Amended Scheduling Order filed April 6, 2026 (Docket No. 175), document production was to have been "substantially completed no later than June 15, 2026." That has not come to pass. Indeed, at the September 16th status conference, the parties requested an extension of discovery. The duration of any extension is under consideration by Judge Wettre.
2. I am one of three special masters appointed by United States District Judge Julien Xavier Neals pursuant to Memorandum and Special Master Appointment Order (Docket Nos. 189 and 208).
3. Judge Neals, in his memorandum, noted that, "disputes continue to be filed in the Government enforcement action ***, and the Court anticipates a similar volume of disputes to arise in the MDL." What Judge Neals anticipated in the MDL arose.
4. Pursuant to Order filed June 26, 2026 (Docket No. 214), Judge Wettre referred to me the following:

The disputes concerning (a) whether Apple should be excused from logging communications with outside counsel in a privilege log, (b) document processing and imaging errors, and (c) Plaintiffs' RFPs to Apple, which are reflected in Sections II, IV, and V of the joint dispute letter at ECF 192, are referred to Special Master Ronald J. Hedges.

## B. FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH REGARD TO DOCUMENT PRODUCTION AND REVIEW (INCL. PLAINTIFFS' RFPs TO APPLE)

1. Pursuant to various orders, I directed Apple to produce an admittedly voluminous amount of information within a limited period of time. I did so mindful of (a) the age of the MDL, (b) the "passing" of the date for substantial completion of discovery, and (c) the relevance of the information sought. The nature of the dispute between the parties is reflected in Section IV of the joint dispute letter referred to by Judge Wettre above.
2. First, as to relevance, the scope of discovery is governed by *Federal Rule of Civil Procedure* ("Rule") 26(b)(1), which provides:

> *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

I will address proportionality later.

3. Review of the plaintiffs' complaints in the MDL and in the Government Enforcement Action establishes that the information in dispute as described in the joint dispute letter (see paragraph 5 above) is within the scope of discovery. That information is "relevant to any party's claim."
4. As to volume, I appreciate that I gave Apple a limited period to make production. I did so for the reasons expressed in Paragraph 5 above. Given that volume, and at Apple's request, I found that its use of a "technology assisted review" ("TAR") process was reasonable and

allowed that use, subject to input for the plaintiffs and validation of the procedure. My understanding from discussion among counsel at the September 16th status conference is that a process is in place and that review is underway. I am amenable to any reasonable modification of the TAR process when and if one of presented to me.

5. The focus of Apple's objection to my order as to production, as I understand it, turns on proportionality. As I advised the parties, and as I affirm here, my approach to discovery of electronically stored information such as that in issue here took note of the discovery rulings of United States Magistrate Judge Ona T. Wang of the United States District Court for the Southern District of New York in *In re Open AI, Inc. Copyright Litigation,* 25-md-3143 (SHS) (OTW). Among other things, Judge Wang addressed proportionality at 2025 WL 2691297 (Sept. 19, 2025) and production in her Discovery Order of March 9, 2026.

6. Turning to the first proportionality factor set forth in Rule 26(b)(1), "the importance of the issues at stake in the action," the complaints before the court demonstrate that the interests of both the federal and State government plaintiffs in the Government Enforcement Action seek to enforce their respective laws for the benefit of their citizens and that the private plaintiffs seek to vindicate the interests of millions of consumers of Apple's products across the Nation. This factor strongly favors the proportionality of volume of discovery in issue.

7. Turning to the amount in controversy, the pleadings of the Direct Apple Watch Purchaser Plaintiffs and the Indirect iPhone Purchaser Plaintiffs allege injuries measured in the hundreds of millions of dollars. Moreover, the relief sought in the Government Enforcement Action is, to say the least, substantial. This factor strongly favors the proportionality of volume of discovery in issue.

8. Turning to the "relative access to relevant information," the information sought is within the possession, custody, or control of Apple within the meaning of Rule 34(a)(1). This factor strongly favors the proportionality of volume of discovery in issue. (I note that there are disputes involving subpoenas to nonparties. Those disputes are not before me and are irrelevant to my proportionality analysis.).

9. Turning to the Apple's resources, I take judicial notice of Apple's SEC filings available at SEC Filings - Apple. I do so as "a fact that is not subject to reasonable dispute" within the meaning of *Federal Rule of Evidence* 201(b). I have not taken into consideration the resources available to Direct Apple Watch Purchaser Plaintiffs Indirect iPhone Purchaser Plaintiffs or to the plaintiffs in the Government Enforcement Action. However, Given the resources presumably available to the latter if not the former I will deem factor neutral.

10. The last factor goes to burden and expense. I appreciate the resources in money and personnel that Apple must devote to compliance with my rulings. I also appreciate that the six proportionality factors are not to be applied mechanically to reach a result. Having reviewed the factors and my findings above and, again, bearing in mind what I am mindful of as described in paragraph 5 above, I find that the discovery is not unduly burdensome or expensive. See generally the discussion of proportionality in Section 7 of *The Sedona Conference Cooperation Proclamation: Resources for the Judiciary, Fourth Edition* (Aug. 2025), available at Resources for the Judiciary, Fourth Edition, Journal Version.pdf

## C. UNRESOLVED ISSUE OF PRODUCTION OF DOCUMENTS AND COMMUNICATIONS APPLE EXCHANGED WITH EUROPRAN COMMISSION

Subject to any other matter that the parties will raise in the joint summary due on September 25th, I appreciate that Apple has objected to my consideration of documents and communications between it and the European Commission as being beyond the scope of the reference to me. See Special Master Case Management Orders filed August 26 and September 11, 2026 (Docket Nos. 293 and 332) and Walsh letter filed September 14, 2026 (Docket No. 340). This matter was brought to my attention by the Indirect iPhone Purchaser Plaintiffs, and I considered it to be within the reference as a document production and attorney-client privilege issue. Apple has also alleged a conflict between orders issued by Special Master Bariso and me.

s/ Ronald J. Hedges, Special Master
September 21, 2026