WALSH
PIZZI
O'REILLY
FALANGA

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
WALSH.LAW

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

**VIA ECF** September 21, 2026

Honorable Peter F. Bariso, Jr., A.J.S.C. (Ret.)
Chasan Lamparello Mallon & Cappuzzo, PC
300 Lighting Way, Suite 200
Secaucus, New Jersey 07094

**Re: *In re: Apple Inc. Smartphone Antitrust Litigation***
**Civil Action No. 2:24-md-03113-JXN-LDW (MDL 3113)**

Dear Judge Bariso:

This firm, together with Gibson, Dunn & Crutcher LLP, represents Defendant Apple Inc. ("Apple") in the above-captioned matter. Apple respectfully submits this letter in response to Watch Plaintiff's Motion for Clarification or Reconsideration (Dkt. 304).

Watch Plaintiff seeks unwarranted and unnecessary relief regarding Your Honor's August 18, 2026 Order (Dkt. 284, the "Order"). Dkt. 304 ("Pl. Br."). Watch Plaintiff filed a notice of impasse seeking a ruling on a specific set of Requests For Production ("RFPs"). Your Honor's Order adjudicated the scope of those RFPs, precisely as Watch Plaintiff asked. Nothing in Your Honor's Order exceeds the scope of the referral or the topics on which Watch Plaintiff sought a ruling. There is nothing to reconsider.

Watch Plaintiff's motion purports to seek clarification of the Order's scope. But the Order clearly articulates its scope and explains that it is ruling on the specific RFPs Watch Plaintiff submitted for adjudication. Watch Plaintiff also seeks clarification that the Order denying discovery into "interoperability non-differences" applies only to the interoperability portions of each disputed RFP before Your Honor. But again, the Order limits its scope to the portions of Watch Plaintiff's Requests referred to Your Honor that seek documents related to interoperability.

## I. Background

On July 17, 2026 the parties filed joint notices of impasse regarding "expedited" and "non-expedited" issues related to certain Watch Plaintiff RFPs to Apple. *See* Dkts. 243 (expedited issues), 244 (non-expedited issues). Judge Wettre referred Watch Plaintiff's "expedited" issues to Your Honor, Dkt. 268 and "non-expedited" issues to Special Master Hedges, Dkt. 269.

The "expedited" notice of impasse referred to Your Honor spanned 34 RFPs, under several different headings related to different issues: "interoperability scope" (RFPs 8, 8.1, 8.2, 8.3, 17.1, 47, 51.4(b), and 70); "types of interoperability issues" (RFPs 68-70 and 122); "sister apps" (RFPs 13, 14, 17.1, 18.1, 30, 38, 43, 55, and 58); "smartwatch app agreements" (RFPs 51.1 and 51.2); "third-party agreements and communications" (RFP 71); "interoperability submissions" (RFPs 121, 122, and 129); "APIs for non-watch smart products" (RFPs 130–136). *See* Dkt. 243. On August 18, Your Honor issued an Opinion and Order resolving the issues referred to you. *See* Order.

As to the "interoperability submissions" issue, the Order held that Apple need not "produce the complete regulatory file concerning EU DMA evaluations, appeals, and compliance materials." *Id.* at 13. The Order explained that Watch Plaintiff's request for those materials "exceed[ed] the 'guardrails' of the Amended Complaint" because they involve processes "governed by non-U.S. law and arise from a Europe-specific regulatory process" and would be "neither relevant nor proportional to this antitrust action." *Id*. The Order does not address and does not purport to adjudicate the scope of Watch RFP 1.3. *Id.* As to the "interoperability scope" issue, Your Honor found that to the extent Watch Plaintiff sought documents regarding "interoperability non-differences," such documents were neither relevant nor proportional. Your Honor explained that "the claims at issue plainly concern alleged interoperability *differences*," and Watch Plaintiff's requests "would, as a practical matter, require production of documents concerning any manner in which the iPhone interoperates with any smartwatch." *Id.* at 7 (emphasis added).

The Order also adjudicated the other expedited issues referred to Your Honor. For example, Your Honor adjudicated the "specific interoperability issues" topic relating to RFPs 68–70 and 122. *Id.* at 7–8. That issue asked whether Apple should only be required to produce documents "concerning the interoperability issues expressly alleged in the Amended Complaint." *Id.* at 7. Your Honor held that Apple's productions "cannot be strictly confined to the specific examples alleged in the

Amended Complaint." *Id.* The Order also addressed all the other issues referred to Your Honor. *Id.* at 8–9 (RFPs 13, 14, 17.1, 18.1, 30, 38, 43, 55, and 58); *id.* at 9 (RFPs 51.1 and 51.2); *id.* at 10 (RFP 71). The Order nowhere states that it purports to resolve disputes regarding any RFPs not put before Your Honor. *Id. passim*.

Separately, on August 26, 2026, Special Master Hedges ordered Apple to produce documents related to several EC investigations, pursuant to RFP 1.3. *See* Dkt. 293.

## II. Legal Standard

Reconsideration is appropriate when a court "'overlooked' pertinent facts or controlling case law," *In re Lord Abbett Mut. Funds Fee Litig.*, 417 F. Supp. 2d 624, 627 (D.N.J. 2005), or to "correct a clear error or manifest injustice," *Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010). A motion for clarification should be granted only to "'explain or clarify something ambiguous or vague, not to alter or amend.'" *Blue Gentian v. Tristar Products, Inc.*, 2021 WL 3561215, at *2 (D.N.J. Aug. 12, 2021).

## III. No Clarification or Reconsideration Is Warranted As To RFPs 121, 122, and 129.

The Order clearly adjudicated Watch RFPs 121, 122, and 129, and Watch Plaintiff comes nowhere close to showing "manifest injustice" or anything "vague or ambiguous." *Supra*. The Order in relevant part found that "[r]equiring Apple to produce the complete regulatory file concerning EU DMA evaluations, appeals, and compliance materials, which are governed by non-U.S. law and arise from a Europe-specific regulatory process, is neither relevant nor proportional to this antitrust action." Order at 13. Watch Plaintiff seeks reconsideration or clarification because the Order "could be understood" as adjudicating RFP 1.3 when it denied discovery into "the broader universe of EU DMA requests, evaluations, appeals, and compliance materials." Pl. Br. at 4–5. There is no basis for any "clarification" of the Order, which clearly articulates its scope and never adjudicates RFP 1.3, the dispute over which was referred to a different special master. *See* Dkt. 269 (referring RFP 1.3 to Special Master Hedges).

Neither the notice of impasse, Dkt. 243, the parties' briefing on those issues, Dkts. 256, 266, nor the Order ever mentions RFP 1.3. The Order identifies the requests before Your Honor (RFPs 121, 122, and 129), quotes the specific categories of documents sought by those requests, and rules on the discoverability of those documents by reference to those specific requests for production. Order at 10–14. There is no "mistaken impression" to correct and nothing "ambiguous or vague" to clarify. Pl. Br. at 4. *See In re Stosic*, 770 F. App'x 27, 30 (3d Cir. 2019) (noting that district court properly rejected a motion to clarify because the court's order was "not ambiguous").

Watch Plaintiff seeks a ruling that the Order's "reasoning" does "not apply to any" other request, "including RFP 1.3." Pl. Br. at 5–6. That request is inappropriate and unjustified. Your Honor operated within the bounds of the referral. Dkt. 208 ¶¶ 3, 6, 16, 24; *see also Dickerson v. Kane*, 1995 WL 428647, at *5 (D.N.J. July 17, 1995) (a special master's authority is "limited" by "the order of reference"). Nothing in the Order applies to any other RFP and there is no need to "clarify" something that the Order does not suggest. And it is well-established that "'general language in judicial opinions' does not control 'quite different circumstances that the Court was not then considering.'" *Exxon Mobil Corp. v. Corporacion Cimex, S. A. (Cuba)*, 146 S. Ct. 1909, 1924 (2026); *see also Alabama State Fed'n of Lab., Loc. Union No. 103, United Bhd. of Carpenters*

*& Joiners of Am. v. McAdory*, 325 U.S. 450, 461 (1945) ("It has long been [federal courts'] considered practice not to decide abstract, hypothetical or contingent questions."). Your Honor resolved the parties' dispute in a reasoned and thoughtful order based on the circumstances of this dispute. To the extent there is disagreement about the effect of Your Honor's analysis on a different dispute, that will be a question for the decisionmaker resolving that separate motion.[1] Your Honor should deny the first portion of Watch Plaintiff's motion.

## IV. No Clarification Or Reconsideration Is Warranted Regarding "Interoperability Non-Differences."

There is also no basis for Watch Plaintiff's request for "[r]econsideration or clarification" of Your Honor's order regarding "interoperability non-differences," because Watch Plaintiff again fails to identify any manifest error or ambiguity.

The notice of impasse referred to Your Honor included 34 of Watch Plaintiff's RFPs to Apple. Dkt. 243. Apple objected to each of those Requests on the grounds that it sought irrelevant, unduly burdensome, and disproportionate materials. Dkt. 266. Among other things, the notice of impasse referred to Your Honor asked for an order ruling on whether Apple had to produce documents related to "interoperability non-differences" as well as to "interoperability differences." Dkt. 243 at 1. Apple argued that compelling Apple to produce documents regarding "interoperability non-differences" would disproportionately require Apple to produce "essentially everything about smartwatches and iPhone." *Id.* at 2. Your Honor agreed, finding that because the Amended Complaint "plainly" turns on allegations that Apple treated Apple Watch differently from third-party smartwatches, documents concerning non-differences "necessarily fall outside the claims and defenses at issue." Order at 7; *see also id.* ("Requiring Apple to produce documents concerning 'non-differences' would, as a practical matter, require production of documents concerning any manner in which the iPhone interoperates with any smartwatch."). In other words, Your Honor correctly recognized that the scope of discovery is "'circumscribe[d]' by '[t]he complaint and its claims,'" *Castellani v. City of Atlantic City*, 102 F. Supp. 3d 657, 663 (D.N.J. 2015) (alterations in original)), and determined requests seeking documents about "interoperability non-differences" were irrelevant to the claims and defenses in this case. Order at 7. And the Order applied that conclusion about relevance and proportionality to all the Requests referred to Your Honor. *See, e.g.*, Order at 8, 9, 10, 13. That was appropriate. The parties asked Your Honor to rule on the scope of production in response to a set of Watch Plaintiff's Requests, Your Honor determined what documents would be relevant and proportional, and Your Honor applied those conclusions. That is precisely what the Order should have done.

There is no basis for reconsidering or clarifying the Order's determinations. Watch Plaintiff appears to propose that Your Honor should revise the Order to hold, or leave open the possibility, that Apple *should* produce documents related to "interoperability non-differences" in response to some of Watch Plaintiff's Requests that were referred to Your Honor and which Your Honor adjudicated. For example, the notice of impasse referred to Your Honor asked for an order

[1] To be sure, Special Master Hedges' order resolving the parties' dispute over RFP 1.3 is irreconcilable with the framework that Your Honor employed in assessing the relevance and proportionality of RFPs 121, 122, and 129. But Apple has not asked Your Honor to overrule Special Master Hedges' decision. Apple will seek relief from Special Master Hedges' decision, if necessary, through the appropriate channels specified by the Court. The advisory opinion Watch Plaintiff seeks here is, in effect, an attempt to obtain an improper prejudgment about the merits of Apple's request for reconsideration or appeal of Special Master Hedges' order regarding RFP 1.3.

adjudicating the scope of production in response to Watch Plaintiff's RFPs 68 and 69. Your Honor held that Apple could not limit its production in response to those Requests to omit "documents concerning interoperability issues not expressly alleged in the Amended Complaint." Order at 8. Your Honor also held that Apple's production in response to those requests "shall be limited to interoperability differences," rather than non-differences—consistent with Your Honor's ruling earlier in the Order that only "interoperability differences" are relevant and proportional. *Id.* At page 6 of his Motion for Reconsideration, Watch Plaintiff appears to argue that Your Honor should not have addressed whether Apple had to produce documents regarding interoperability non-differences in response to RFPs 68 and 69. Pl. Br. at 6. That makes no sense. That Request was referred to Your Honor. Apple objected that it sought irrelevant and disproportional documents. Your Honor held what documents were relevant and proportional and directed Apple what documents it had to produce in response to those Requests, consistent with the parties' arguments about relevance and proportionality. That warrants neither reconsideration nor "clarification."

Notably, Your Honor did the same thing with respect to issues on which Watch Plaintiff prevailed—but Watch Plaintiff does not ask for "clarification" of those aspects of Your Honor's ruling. For example, Your Honor ruled in Watch Plaintiff's favor and held that Apple could not limit its productions only to interoperability issues expressly alleged in the Amended Complaint; the Order applied that ruling to each Request referred for Your Honor's adjudication, too. *See* Order at 8 (resolving the "specific interoperability issues" in Watch Plaintiff's favor); *id.* at 13 (applying that ruling to other Requests). Watch Plaintiff cannot ask Your Honor to "clarify" the Order's clear analysis simply because an issue did not go his way.

Watch Plaintiff also offers a strawman argument by complaining that reconsideration is warranted because "[t]he Order . . . could be understood as denying discovery into . . . any documents that do not concern interoperability differences." Pl. Br. at 7. But Apple has never argued and the Order does not remotely suggest that the only relevant documents are documents related to interoperability differences. Take for example RFPs 13, 14, 17.1, 18.1, 30, 38, 43, 55, and 58 concerning so-called "Sister Apps": As Watch Plaintiff notes, some of these RFPs do not seek interoperability documents at all. Pl. Br. at 7 ("RFP 14 seeks 'Apple's plans, strategies, objectives, research, development, investments, roadmaps, marketing, and features for' the Apple Watch, among other things."). Requests that have nothing to do with interoperability could not logically be limited to "interoperability differences." Apple has never argued that they should, and the Order does not say they are. The Order found that for Requests referred to Your Honor that relate to interoperability, discovery into interoperability non-differences is outside the scope of this case. *See* Order at 6–7. That resolved the dispute before Your Honor, and there is nothing to clarify about hypothetical issues that were not referred to Your Honor.

The Order does not purport to narrow all document discovery to only "interoperability differences." Nor does it alter the scope of production the parties have otherwise negotiated for the non-interoperability portions of the RFPs referred to Your Honor. Apple will continue to produce documents in accordance with those agreements, and Watch Plaintiff's unnecessary clarification request should be denied.

## V. Requested Relief

Apple respectfully requests that Your Honor deny Watch Plaintiff's motion in full.

Respectfully submitted,

*s/Liza M. Walsh*
Liza M. Walsh

cc: All Counsel of Record (via ECF)