CARELLA BYRNE
CECCHI BRODY
AGNELLO, P.C.

JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

CHARLES C. CARELLA
11/21/33 – 11/4/23

DONALD F. MICELI
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
CAROLINE F. BARTLETT
ZACHARY S. BOWER+
DONALD A. ECKLUND
CHRISTOPHER H. WESTRICK*
STEPHEN R. DANEK
MICHAEL A. INNES
MEGAN A. NATALE
KEVIN G. COOPER

OF COUNSEL
PETER G. STEWART
CARL R. WOODWARD, III
FRANCIS C. HAND
JAMES A. O'BRIEN, III
JOHN G. ESMERADO
STEVEN G. TYSON
MATTHEW J. CERES
ZACHARY A. JACOBS***
JASON H. ALPERSTEIN

RAYMOND J. LILLIE
GREGORY G. MAROTTA
BRITTNEY M. MASTRANGELO
GRANT Y. LEE***
MAYBOL HALL
WILLIAM J. MANORY
NESLIHAN Z. TALU
PATRICK J. DOHERTY

*CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY
***MEMBER IL BAR ONLY
+MEMBER FL BAR ONLY

September 25, 2026

Via ECF

Hon. Leda Dunn Wettre, U.S.M.J.
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**SO ORDERED.**

***s/ Leda Dunn Wettre, U.S.M.J.***

**Dated:** 9/29/2026

Re: In re: Apple Inc. Smartphone Antitrust Litigation,
Civil Action No. 2:24-md-03113

Dear Judge Wettre:

We are writing on behalf of MDL Plaintiffs and Defendant Apple Inc. ("Apple"). We are pleased to report that the parties have reached an agreement regarding various issues presently outstanding before Your Honor as identified in this Court's Text Order at Dkt. 350 and related to impasse issues identified in the referral orders at Dkts. 214 and 244. The agreement is as follows:

**Summary of Proposal**

**I. TAR & Custodial Searches**

1. Apple will retrain its TAR model with the documents identified by Plaintiffs in Plaintiffs' September 15, 2026 Letter Brief ("Letter Brief"). For avoidance of doubt, Apple will retrain its TAR model so that Plaintiffs' identified "False Positives" from Plaintiffs' Letter Brief are coded as "Not Responsive" and the "False Negatives" from the Letter Brief are coded as "Responsive." Apple will also accept 3,000 additional documents identified by Plaintiffs to retrain the model. Plaintiffs will provide those documents to Apple by September 29, 2026. Apple will then produce 75% recall from there, subject to Apple's TAR Protocol. There will be no further validation, samples, or testing of the model.

2. Apple will agree to produce the TAR responsive documents as soon as possible and on a rolling basis, prioritizing production of witnesses with upcoming deposition

dates, starting from November 1, 2026, with a commitment to produce documents for a given deponent at least 14 days before the deposition, consistent with the Court's orders. Apple will substantially complete production of non-privileged documents by December 7, 2026. Apple will have an additional 45 days to complete privilege review of responsive materials and serve a privilege log. This agreement is limited to the existing 59 agreed-on MDL custodians. To the extent there are additional custodians designated, the parties will discuss a reasonable timeline for the production of those materials.

**II. European Commission Investigations**

1. The parties agree that Special Master Hedges's ruling regarding the European Commission ("EC") investigation documents should be vacated.

2. Apple will agree to run the productions of non-privileged documents produced to the EC in the 6(7) and 5(4) Investigations through the retrained TAR model and produce the resulting non-privileged responsive documents by December 7, 2026. To be clear, Apple will not run the volumes that were produced under protest to the EC, which Apple provided to the EC in separate folders, through the TAR model and will not re-review or re-produce those productions. But to the extent duplicates of the documents in those volumes also appear in Apple's custodial review population, they will be reviewed, produced, or logged consistent with the parties' other agreements.

3. Apple will also continue to collect formal submissions in the EC investigation relating to Apple Pay/NFC. Apple will produce the formal submissions by October 15, 2026.

4. Apple will not produce materials from any other foreign investigation.

**III. Government Plaintiff Communications**

1. The parties agree that Special Master Hedges's ruling regarding the Government Plaintiff communications (Dkt. 332) should be vacated.

2. Apple will not produce any further communications with Government Plaintiffs beyond those already produced in this case. To the extent MDL Plaintiffs can identify categories or types of substantive communications Apple may have had with Government Plaintiffs that MDL Plaintiffs do not already have, Apple will agree to meet and confer on a targeted set of additional, substantive materials to produce.

**IV. Other Pending Issues**

1. **Watch App List**: Apple will continue to meet and confer with Watch Plaintiff regarding this RFP. To the extent the parties cannot reach an agreement, they will file a new joint notice of impasse with Judge Wettre by the dispute deadline.

2. **Other disputes**: The parties agree that all issues referred to Special Master Hedges are resolved and will not file any further briefing; motions to reconsider; appeals; or other motions or applications regarding these disputes. Any future disputes will be filed as a joint notice of impasse with Judge Wettre, including any future disputes related to any issues referred to Special Master Hedges.

We are hopeful this agreement meets with Your Honor's approval. If the agreement is acceptable, we ask that Your Honor So Order this letter and have it filed on ECF.

Respectfully submitted,

CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.

*/s/James E. Cecchi*
James E. Cecchi

WALSH PIZZI O'REILLY
FALANGA LLP

*/s/ Liza Walsh*
Liza Walsh