**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>APPLE INC.<br><br>*Defendant*. | Case No. 2:24-cv-04055-JXN-LDW |
| IN RE APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Case No. 2:24-md-3113-JXN-LDW |

**[PROPOSED] DEPOSITION PROTOCOL**[1]

The Parties hereby submit the following Proposed Deposition protocol:

WHEREAS, the Court ordered the parties to provide a "comprehensive, jointly-proposed deposition protocol," *In re Apple Inc. Smartphone Antirust Litigation*, No. 24-md-3113 (D.N.J.) (the "MDL Action"), Dkt. No. 215 at 2,

NOW THEREFORE, it is hereby ORDERED:

[1] This Order shall not apply to depositions of expert witnesses. The parties shall meet and confer on a separate expert deposition protocol before such depositions commence. Agreements between the Government Plaintiffs and Apple concerning expert witness disclosures and depositions are memorialized in the Joint [Proposed] Scheduling and Case Management Order ("CMO"), submitted on April 1, 2025 (ECF No. 254-2) and adopted by the Court in the Pretrial Scheduling Order ("PSO"), entered on June 5, 2025 (ECF No. 270 at ¶ 29 ("All of the parties' agreements in the Joint Proposed Scheduling and Case Management Order (ECF 254) shall bind them (except to the extent inconsistent with this Order) and are hereby incorporated in this Order by reference.")).

## I. Deposition Notices, Scheduling, and Logistics

a. **Notice:** Formal deposition notices for party witnesses are not required; notice by email shall be sufficient. Any party noticing a deposition shall serve the notice on all other parties using the service email addresses listed in the case management orders.

b. **Cooperation to Reduce Burden on Witnesses:** The parties will cooperate in good faith to reduce the burden on witnesses noticed for depositions and to accommodate the witnesses' schedules. Prior to serving deposition notices or subpoenas, the parties and non-parties will consult in advance to schedule depositions at mutually convenient dates and times. The parties shall request input from the witness on a preference for deposition location. Depositions shall occur in or near the city in which the witness works or lives, at their counsel's offices, absent agreement of the parties to a different location.

c. **Depositions to Take Place in Person:** Absent agreement of the parties, all witnesses shall be made available in person. The noticing party will provide an option for remote participation. For the avoidance of doubt, questioning counsel may participate in depositions remotely.

d. **Deposition Participants:** Depositions may only be attended by the witness, attorneys at the law firms of record; in-house counsel; experts and consulting personnel who have assented to abide by the Discovery Confidentiality Order in these Actions; and necessary support staff, such as paralegals, the court reporter, and the videographer. For the avoidance of doubt, law clerks, summer associates, legal interns, and other law student personnel of any law firm shall not attend any deposition.

e. **Non-Party Deposition Scheduling:** If a party serves a non-party subpoena for the production of documents or ESI and a subpoena commanding attendance at a deposition, the party serving those subpoenas must schedule the deposition for a date at least fourteen days after the return date for the document subpoena or the agreed-upon date for production, whichever is later, absent other agreement of the parties. A party must serve a cross-notice of deposition on a non-party, if any, within seven days of service of the original deposition subpoena or within seven days of the date for completion of production of documents, whichever is later.

f. **Deposition Duration:** The noticing side will have 7 hours on the record to conduct the deposition of a party witness. If Plaintiffs in *United States of America v. Apple Inc.*, No. 24-cv-4055 (D.N.J.) (the Government Action) and Plaintiffs in the MDL both notice the same depositions, Plaintiffs in the Government Action will collectively have 7 hours on the record and Plaintiffs in the MDL will collectively have an additional 7 hours on the record. Only one attorney representing the United States, one attorney representing the Plaintiff States, one attorney representing each Plaintiff group in the MDL Action (each "MDL Plaintiff Group"), and one attorney representing Apple may conduct the examination or defense of any one witness.

g. **Examinations in the Government Action:** If the United States examines a witness first as part of the examination by Plaintiffs in the Government Action (the "Government Plaintiffs"), and a subsequent State examination does not use all of the Government Plaintiffs' time, the United States may examine a witness again in any remaining time allotted to the Government Plaintiffs, provided that examination occurs within a single-day

deposition and there is no redirect between questioning by the State Plaintiff and the United States.

h. **Allocation of Time in Depositions of Non-Party Witnesses:** For purposes of this paragraph, Government Plaintiffs, MDL Plaintiffs, and Apple will each constitute a "Group." Each non-party deposition will last no more than 10 hours. During non-party depositions: (1) if only one Group notices the deposition, the noticing Group will receive 7 hours of examination time, and each non-noticing Group will receive 1.5 hours of examination time; (2) if Apple and only one other Group notices the deposition, Apple will receive 5 hours of examination time, the other noticing Group will receive at least 3.5 hours of examination time, and the non-noticing Group will receive 1.5 hours of examination time with any of their unused time available for use by the other noticing Group; (3) if both Government Plaintiffs and MDL Plaintiffs notice a deposition, but Apple does not, Government Plaintiffs and MDL Plaintiffs will collectively receive 8 hours of deposition time, and Apple will receive 2 hours of deposition time; and (4) if all three Groups notice a deposition, Apple will receive 5 hours of examination time, and Government Plaintiffs and MDL Plaintiffs will collectively receive 5 hours of examination time. If Government Plaintiffs notice a non-party deposition, the United States and the States will determine how to split their time. Each Group will have the right to question a non-party witness in the order that the Groups noticed the deposition. The deposition of a non-party will count as one deposition for each noticing Group, except for depositions cross-noticed by MDL Plaintiffs in the Government Action. Parties may petition the Court for additional time as to a given non-party witness upon a showing of good cause.

i. **Time Excluded from Deposition:**

**MDL PLAINTIFFS/GOVERNMENT PLAINTIFFS:** Consistent with the agreement of the Government Plaintiffs and Apple memorialized in the CMO, ECF No. 254-2 at 14, and adopted in the PSO, ECF No. 270 at ¶ 29, and with the agreement of the MDL Plaintiffs and Apple memorialized in the April 13, 2026 Joint Status Letter, ECF No. 179 at 2, reasonable breaks will be excluded from calculation of deposition time under Rule 30(d)(1) of the Federal Rules of Civil Procedure. Only a reasonable amount of time for a deponent to review a document tendered for the examination will count against the Rule 30(d)(1) limits, but the parties agree that deponents will be free to review as much as he or she believes is necessary of any exhibit off the clock. If review of any document takes more than three minutes, then any counsel may ask for the clock to be stopped, and the witness may continue to review the document.

**APPLE:** Reasonable breaks will be excluded from calculation of deposition time under Rule 30(d)(1) of the Federal Rules of Civil Procedure. A reasonable amount of time for a deponent to review a document will count against the Rule 30(d)(1) limits. If the examining attorney reasonably believes that a witness has engaged in a pattern of needlessly delaying and obstructing the deposition in reviewing documents, the examining attorney may ask for the clock to be stopped, and the witness may continue to review the document off the clock; provided, however, that the witness shall first be afforded a reasonable opportunity to review the document on the record, taking into account the document's length and complexity.

j. **Court Reporter Arrangements:** The first-noticing party will be responsible for arranging court reporters for any deposition, including paying applicable fees.

k. **Videography Arrangements:** Depositions shall be video recorded absent agreement of the parties to forgo video recording for a given deposition. The first-noticing party will be responsible for arranging videographers for any deposition, including paying applicable fees.

l. **Remote Deposition Arrangements:** Absent agreement of the parties to forgo it, the first-noticing party shall ensure that the parties may participate in depositions remotely, including by ensuring the availability of remote exhibit uploading and sharing.

m. **Depositions of Former Apple Employees:**

**MDL PLAINTIFFS:** If Plaintiffs wish to contact a former employee of Apple **about a potential deposition**, Plaintiffs shall first provide written notice to Apple. Within 15 business days of that notice, during which time Plaintiffs shall not contact the former employee, Apple will tell Plaintiffs if counsel for Apple is representing the former employee. If counsel for Apple is representing the former employee, Plaintiffs may not contact the former employee directly, and must instead serve any subpoena related to the former employee on Apple's counsel.

**APPLE:** If Plaintiffs wish to contact a former employee of Apple [**omit bolded language**], Plaintiffs shall first provide written notice to Apple. Within 15 business days of that notice, during which time Plaintiffs shall not contact the former employee, Apple will tell Plaintiffs if counsel for Apple is representing the former employee. If counsel for Apple is representing the former employee, Plaintiffs may not contact the former employee directly, and must instead serve any subpoena related to the former employee on Apple's counsel.

**II. <u>MDL Action Document Production</u>**

a. This section only applies to the MDL actions.

b. **MDL PLAINTIFFS:** **Substantial Completion:** If production of an Apple witness's custodial file is complete less than 14 days prior to the witness's deposition, then deposing parties must be permitted to conduct their portion of the deposition after such document production is complete. Should the production of an Apple witness's custodial file not provide MDL Plaintiffs the ability to meaningfully review that custodial file in advance of the deposition, MDL Plaintiffs and Apple will meet and confer in good faith to discuss alternative dates for the MDL Plaintiffs' portion of that deposition. Nothing in this section shall prevent a party from seeking relief from the Court.

**APPLE:** **Substantial Completion:** If Apple substantially completes custodial productions for a witness at least 14 days before that witness's deposition in the MDL Action, the deposition shall proceed on the date noticed or agreed. Should Apple not substantially complete a witness's custodial production at least 14 days before the deposition, the parties will meet and confer in good faith regarding the schedule.

i. Apple's production of additional custodial documents less than 14 days before the deposition that are cumulative, duplicative, not material to the subject matter of the witness's testimony, or can reasonably be discussed by an Apple document custodian who has not yet been deposed, shall not be grounds to delay the deposition.

ii. If Apple's production of additional custodial documents less than 14 days before the deposition contain information that is unique to the deponent and not contained in previous productions, the parties can mutually agree to reschedule the witness's

deposition, or the party taking the deposition of that witness in the MDL Action may be allowed a limited redeposition that is limited in scope and in duration to address only unique or new information in documents produced less than 14 days before the witness's deposition. Such depositions shall be scheduled at the witness's convenience and conducted remotely if the witness prefers.

## III. Deposition Caps

a. **Depositions of Witnesses:** Apple and Government Plaintiffs are each limited to 75 depositions of fact witnesses under Rule 30(b)(1) and Rule 45 of the Federal Rules of Civil Procedure, which they may allocate between party and non-party depositions at their discretion.

**MDL PLAINTIFFS:** If Government Plaintiffs do not use their allotment of 75 depositions, then the MDL Plaintiffs may share the depositions remaining, and such depositions may proceed up to 7 hours on the record.

**APPLE:** [Omit MDL Plaintiffs' proposed provision].

b. **Incremental Fact Witness Depositions for MDL Plaintiffs:** In addition to any cross-noticed depositions in the Government Action, each MDL Plaintiff group (i.e., Direct iPhone Purchaser Plaintiffs, Indirect iPhone Purchaser Plaintiffs, and Direct Apple Watch Purchaser Plaintiffs) may notice 7 incremental fact witness depositions under Rule 30(b)(1) and Rule 45 of the Federal Rules of Civil Procedure (allocated between party and non-party depositions at their discretion).

i. **Cross Notice Requirements For Government Plaintiffs:** If Government Plaintiffs wish to examine the witness in these incremental MDL depositions, Government Plaintiffs must serve a cross notice for that deposition. If Government

Plaintiffs do not serve a cross notice for an incremental MDL deposition, they may not examine the witness. If the Government Plaintiffs serve a cross notice for an incremental MDL deposition, that deposition counts toward the limit laid out in Section III(a) above.

c. **Modification of Deposition Caps:** Depositions limits may be modified upon application to the Court and for good cause shown.

d. **Depositions Excluded from Total Count:** The following depositions do not count against any deposition caps imposed in these cases.

i. Depositions of any of the class representatives in the MDL Action.

ii. To the extent agreed upon or ordered by the Court, one Rule 30(b)(1) deposition of each of the 20 Plaintiff States in the Government Action. Similarly, to the extent agreed upon or ordered by the Court, any additional Rule 30(b)(1) depositions of any Plaintiff State will count against the deposition caps.

iii. Depositions of Apple and the Government Plaintiffs taken pursuant to Rule 30(b)(6), regardless of the number of witnesses produced to testify on matters for examination in those depositions.

iv. Depositions of the parties' designated expert witnesses.

v. Depositions taken in response to Civil Investigative Demands.

vi. Further testimony from a witness who has already been deposed, by the parties' agreement or the Court's order.

vii. Depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any party or non-party, provided that such depositions must be designated at the time that they are noticed as being taken for

the sole purpose of establishing the location, authenticity, or admissibility of documents.

viii. MDL Plaintiffs may cross-notice any depositions that the Government Plaintiffs or Apple notice in the Government Action without those depositions counting against the number of incremental depositions the MDL Plaintiffs may notice in the MDL Action.

**IV. <u>30(b)(6) Depositions</u>**

a. **Plaintiffs' 30(b)(6) Depositions:**

**MDL PLAINTIFFS:** MDL Plaintiffs may serve one notice of deposition on Apple under Rule 30(b)(6), and such deposition **is presumptively limited to a total of 30 hours** on the record with such time being divided among the MDL Plaintiffs at their discretion. Consistent with the CMO, the parties shall endeavor to avoid unnecessarily duplicative discovery between the MDL Action and Government Action to the extent feasible. *See* ECF No. 142 at 19. For the avoidance of confusion, the MDL Plaintiffs and Government Plaintiffs shall not be restricted from noticing the same, similar, or potentially related 30(b)(6) topics. **[Omit bolded language from Apple]**. [MDL Plaintiffs take no position on the number of notices, total hours, or time allocation for Rule 30(b)(6) depositions of Apple by the Government Plaintiffs.]

**GOVERNMENT PLAINTIFFS:** In addition to the Rule 30(b)(6) depositions of Apple which took place before the entry of this Order, Government Plaintiffs collectively may serve one **or more** notices of deposition on Apple under Rule 30(b)(6), and such depositions are limited to a total of 21 hours on the record. Apple will identify each witness for each Rule 30(b)(6) topic at least **21 days** in advance of that witness's

deposition. [Government Plaintiffs take no position on the number of notices, total hours, or time allocation for Rule 30(b)(6) depositions of Apple by the MDL Plaintiffs.]

**APPLE:** In addition to fact witness depositions under Rule 30(b)(1) and the 30(b)(6) depositions of Apple which took place before the entry of this Order, Government Plaintiffs collectively may serve one [**omit bolded word from Government Plaintiffs]** notice of deposition on Apple under Rule 30(b)(6), and such deposition is limited to a total of 21 hours on the record. Apple will identify each witness for each Rule 30(b)(6) topic **in a reasonable time** in advance of that witness's deposition**.** MDL Plaintiffs may also serve one notice of deposition on Apple under Rule 30(b)(6), and such deposition is **limited to a total of 21 hours** on the record with such time being divided among the MDL Plaintiffs at their discretion. **Plaintiffs in the Government Action and the MDL shall coordinate to avoid duplicative 30(b)(6) topics in their respective notices.** ***See*** **Government Action Dkt. 270 at 6; MDL Dkt. 142 at 19**.

b. **Testimony on a Given Subject:**

**MDL PLAINTIFFS:** Consistent with the CMO, the parties shall endeavor to avoid unnecessarily duplicative discovery between the MDL Action and Government Action to the extent feasible. *See* ECF No. 142 at 19. For the avoidance of confusion, the MDL Plaintiffs and Government Plaintiffs shall not be restricted from asking questions on the same topics, or the same or related subject matter.

**GOVERNMENT PLAINTIFFS:** Government Plaintiffs and MDL Plaintiffs will endeavor to coordinate and avoid duplicative topics. Where Government Plaintiffs and MDL Plaintiffs notice Rule 30(b)(6) topics concerning the same or related subject matter, Apple's designee may testify on both sets of topics.

**APPLE:** Apple will designate one witness per 30(b)(6) subject across the Government Action and the MDL Action, and each such designee will testify on a given subject only once. Where Government Plaintiffs and MDL Plaintiffs notice 30(b)(6) topics concerning the same or related subject matter, Apple's designee on that subject will address both sets of topics in a single deposition. Neither Government Plaintiffs nor MDL Plaintiffs may use a later-served 30(b)(6) notice to Apple to compel a witness who has already been produced on a topic to sit again for the same or related subject matter.

c. **Notice:**

**MDL PLAINTIFFS:** Government Plaintiffs and MDL Plaintiffs shall serve any Rule 30(b)(6) notices to Apple no later than 30 days after the substantial completion of documents in both the Government and MDL actions.

**GOVERNMENT PLAINTIFFS:** The parties may serve Rule 30(b)(6) deposition notices up to 90 days before the close of fact discovery.

**APPLE:** Government Plaintiffs and MDL Plaintiffs shall serve any Rule 30(b)(6) notices to Apple by November 30, 2026. MDL Plaintiffs may supplement their Rule 30(b)(6) notice no later than 30 days after the substantial completion of documents in the MDL action to the extent MDL Plaintiffs are able to identify documents on new subject matters which inform a new deposition topic that could not have been reasonably conceived prior to November 30, 2026.

d. **Apple's 30(b)(6) Depositions:**

**GOVERNMENT PLAINTIFFS:** Apple may serve one notice of deposition on each Plaintiff in the Government Action under Rule 30(b)(6), and such depositions are each

limited to a total of 7 hours on the record for each Plaintiff that agrees to such a deposition. To the extent a Plaintiff moves for a protective order regarding a noticed deposition under Rule 30(b)(6), the Court will determine the appropriate scope and length of any such deposition.

**APPLE:** Apple may serve one notice of deposition on each Plaintiff in the Government Action under Rule 30(b)(6), and such depositions are each limited to a total of 21 hours on the record for the United States and 10 hours on the record for each State Plaintiff.

**V. Reservation of Rights**

a. The parties reserve the right to seek from the Court additional deposition time with particular witnesses or a different allocation of time than the allocations agreed on by the parties or ordered by the Court.

**VI. Deposition Conduct**

a. **Exhibits:** If multiple examining attorneys use the same document as an exhibit in depositions of the same witness, then the attorneys should use the version introduced by the first examining attorney where reasonably feasible. Attorneys shall bring three additional copies of any exhibit (one each for the witness, opposing counsel, and the reporter).

b. **Objections:** Any objection made by any party in a deposition preserves that objection for every party. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). Speaking objections are prohibited. An instruction not to answer may be given when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). *See* Fed. R. Civ. P. 30(c)(2).

c. **Avoidance of Duplicative Questioning:**

**MDL PLAINTIFFS/GOVERNMENT PLAINTIFFS:** The parties will endeavor to avoid unnecessarily duplicative questioning to the extent feasible.

**APPLE:** If multiple attorneys examine a witness during their deposition in the Government Action and/or the MDL, examining attorneys shall not ask the witness duplicative questions. For any witness examined in both Actions, attorneys for the Government Plaintiffs and the MDL Plaintiffs shall coordinate their examinations in advance, including by reviewing the transcript of any prior examination of the witness, to avoid duplicative questioning.

## VII. Preparation of Apple Witnesses Testifying on Non-Sequential Days

a. **Preparation for Non-Sequential Days:** The parties should attempt in good faith to schedule depositions of Apple witnesses on sequential days. For any Rule 30(b)(1) deposition of an Apple witness noticed by both the Government Plaintiffs and the MDL Plaintiffs that does not proceed on sequential business days, Apple's counsel may prepare its deponents for the later-scheduled deposition as follows:

i. **Prior Transcripts:**

**MDL PLAINTIFFS:** Apple may provide its deponents with the transcript of their earlier deposition for their review **to read and sign any corrections necessary for the earlier deposition**, but Apple may not discuss with the deponent the deponent's testimony in the earlier deposition.

**APPLE:** Apple may provide its deponents with the transcript of their earlier deposition for their review **in advance of a later deposition**, but Apple may not discuss with the deponent the deponent's testimony in the earlier

deposition. Nothing in this provision is intended to limit Apple's ability to communicate with its witnesses regarding any errata that may need to be made to the transcript of the earlier deposition.

**ii. Preparation of Deponents**

**MDL PLAINTIFFS:** Apple may prepare its deponents to testify in the later deposition concerning topics and themes relevant to both cases, provided that preparation does not involve discussion of the deponent's testimony in the earlier deposition (including testimony about an exhibit marked **or related exhibit** in the earlier deposition).

**APPLE:** Apple may prepare its deponents to testify in the later deposition concerning topics and themes relevant to both cases, provided that preparation does not involve discussion of the deponent's testimony in the earlier deposition (including testimony about an exhibit marked [**omit bolded language**] in the earlier deposition).

**iii. Matters Unique to the MDL:** Apple may prepare its deponents without limitation to testify in the later deposition concerning matters uniquely relevant to claims or defenses in the MDL cases and any topic not addressed in the first deposition, even if that preparation concerns a document used in the earlier deposition.

**MDL PLAINTIFFS:** For example, Apple may prepare its deponents to testify on topics like monetary damages relevant to the MDL, even if that preparation involves the re-review of a document that was used for other

purposes in the deponent's earlier deposition, **but solely to review and prepare on the unique issue to the MDL cases.**

**APPLE:** For example, Apple may prepare its deponents to testify on topics like monetary damages relevant to the MDL, even if that preparation involves the re-review of a document that was used for other purposes in the deponent's earlier deposition. **[Omit bolded language]**

**iv. Use of Documents**

**MDL PLAINTIFFS:** Apple may otherwise prepare its deponents without limitation to testify in the later deposition using documents which were not introduced as exhibits, **nor related family members or similar copies** of the exhibit used in the earlier deposition.

**APPLE:** Apple may otherwise prepare its deponents without limitation to testify in the later deposition using documents which were not introduced as exhibits [**omit bolded language**] in the earlier deposition.

b. **Permitted Questioning in Non-Sequential Depositions:** During the later deposition, the examining attorney may ask the deponent—without objection from Apple's counsel—the following yes-or-no questions:

i. Whether the deponent reviewed their earlier deposition testimony and, if so, whether counsel substantively discussed their earlier testimony with them; and

ii. Whether the deponent reviewed any documents that were introduced as exhibits in their earlier deposition and, if so, whether the discussion of such documents was limited to topics not addressed in the earlier deposition.

c. **Objections:** For the avoidance of doubt, Apple's counsel will retain the right to object on privilege grounds, including attorney-client and work product privileges, to questions concerning the substance of the deponent's preparation for the later deposition, including but not limited to privilege objections to questions concerning which documents the deponent reviewed and what topics were discussed (including in connection with exhibits used in the earlier deposition) in preparation for the deposition.

## VIII. Dispute Resolution

a. If an unresolved dispute arises at a deposition, then the parties may contact the Chambers of the Magistrate Judge or a designated Special Master for assistance during the deposition. The parties shall endeavor to give the Magistrate Judge or Special Master advance notice if disputes are likely to arise at a deposition.

## IX. Modification

a. This Deposition Protocol may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.