WALSH PIZZI O'REILLY FALANGA

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

**VIA ECF**

October 21, 2026

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***In re: Apple Inc. Smartphone Antitrust Litigation***
**Civil Action No. 2:24-md-03113-JXN-LDW (MDL 3113)**

**Joint Notice of Impasse Regarding RFP 129**

Dear Judge Wettre:

This firm, together with Gibson, Dunn & Crutcher LLP, represents Defendant Apple Inc. ("Apple") in the above-captioned matter. Pursuant to paragraph 4 of the Court's Special Master Appointment Order, Direct Apple Watch Plaintiffs and Apple respectfully submit this joint notice of impasse as to Apple's RFP 129. The parties have met and conferred and agree they have reached impasse on this issue. The parties agree that this issue can be resolved on a non-expedited basis.

* * *

**RFP 129.** RFP 129 requests: "All Documents, data, and Communications relating to Your complete history of digital software purchases or acquisitions, including Apps, In-App Purchases, subscriptions, and any other downloadable content, regardless of whether such items were obtained via an App Marketplace, direct web download, or side loading. This request encompasses all software installed, purchased, or acquired on any device used by You (including Smartphones, tablets, Wearables, portable media players, smart TVs, gaming consoles) and shall include the name of the item, the cost (if any), and the date of acquisition."

Watch Plaintiffs object to this Request on relevance, proportionality, and burden grounds. Watch Plaintiffs disagree that all of the named Watch Plaintiff's digital downloads, in-app purchases, and subscriptions on the listed devices are at issue and offered to produce documents for a defined set of apps on devices they contend are relevant to their allegations. Specifically, Watch Plaintiffs contend that their production should be limited to "Smartwatch Companion Apps, Sister Apps, messaging apps, health and fitness tracking apps, and digital payment apps on [the named Watch Plaintiff's] Apple Watch and iPhone."

Apple's position is that all app genres are relevant and discoverable because Watch Plaintiff alleges that Apple "lock[s] its customers into the Apple ecosystem" by, in part, requiring that "all

apps be distributed on the Apple App Store," and that a "desire to continue using apps" and other "valuable content" prevent smartphone switching such that "iOS connected smartwatches" is a distinct and relevant market. Watch Compl. ¶¶ 36, 203; *see id.* ¶¶ 201–212. Nonetheless, Apple has narrowed RFP 129 by agreeing to limit the scope of transactions and devices. Watch Plaintiffs disagree that Apple's offer addressed their objections. The parties have met and conferred on this RFP and exchanged multiple rounds of discovery correspondence.

Accordingly, the parties respectfully request that the Court determine that they have reached impasse on this issue and grant them leave to submit letter briefs on the schedule set forth in paragraph 5 of the Special Master Appointment Order.

Respectfully submitted,

*/s/ Liza M. Walsh*

Liza M. Walsh

cc: All Counsel of Record (via ECF)