WALSH PIZZI O'REILLY FALANGA

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

**VIA ECF** October 21, 2026

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***In re: Apple Inc. Smartphone Antitrust Litigation***
**Civil Action No. 2:24-md-03113-JXN-LDW (MDL 3113)**

**Joint Notice of Impasse Regarding Apple's Discovery Requests to iPhone Plaintiffs — DPP RFPs 125 and 132 // IPP RFPs 117 and 129**

Dear Judge Wettre:

This firm, together with Gibson, Dunn & Crutcher LLP, represents Defendant Apple Inc. ("Apple") in the above-captioned matter. Pursuant to paragraph 4 of the Court's Special Master Appointment Order, Direct iPhone Purchaser Plaintiffs ("DPPs"), Indirect iPhone Purchaser Plaintiffs ("IPPs") (collectively with DPPs, "Plaintiffs"), and Apple respectfully submit this joint notice of impasse as to the Requests for Production ("RFPs" or "Requests") identified below. The parties have met and conferred and exchanged several rounds of discovery correspondence on each of these issues and agree that they have reached impasse. The parties agree that these issues can be resolved on a non-expedited basis.

* * *

**DPP RFP 125 // IPP RFP 117.** These Requests seek "All Documents, data, and Communications relating to Your purchase, acquisition, lease, or consideration of any Smartwatch or other Wearables," including "the software Applications on Your Smartwatches."

The parties dispute whether Plaintiffs can limit their productions to discrete categories of apps. Apple's position is that all app genres are relevant and discoverable because Plaintiffs' app usage reflects how they use their smartwatches and thus bears directly on the allegations in their complaints. Plaintiffs object on relevance and proportionality grounds and contend that the scope of relevant apps be limited to "Identified Products and Services," which refers to apps relating to "Cloud Streamed Games"; "Messaging Systems"; "Digital Wallets and Payment Apps"; "Platform Apps or Mini Programs"; and "Smartwatches."

**DPP RFP 132 // IPP RFP 129.** These Requests seek "All Documents, data, and Communications relating to Your complete history of digital software purchases or acquisitions," including apps, in-app purchases, and subscriptions on devices used by Plaintiffs during the agreed to time period.

The parties dispute the breadth and relevance of Apple's Requests and whether Plaintiffs can limit their productions to discrete categories of apps and software. As with DPP RFP 125 and IPP RFP 117, Apple's position is that Plaintiffs' productions should not be limited to any particular app categories—i.e., that all app genres are relevant and discoverable because they reflect how Plaintiffs use the products and services at issue and thus bear directly on the allegations in their complaints. Apple has offered to narrow the scope of responsive apps, and Plaintiffs have rejected Apple's offer. Plaintiffs disagree that Apple's offer addressed their objections. Plaintiffs object to these RFPs on relevance and proportionality grounds, including burden and relative accessibility of responsive information, and contend that the scope of relevant apps should be limited to specific categories or, alternatively, that the parties should negotiate a modification to the protective order that would include additional protections for the production of information related to sensitive app categories. Apple maintains that the current protective order is more than sufficient to address any concerns Plaintiffs have about sensitive app categories.

Accordingly, the parties respectfully request that the Court determine that they have reached impasse on these issues and grant them leave to submit letter briefs on the schedule set forth in paragraph 5 of the Special Master Appointment Order.

Respectfully submitted,

*/s/Liza M. Walsh*

Liza M. Walsh

cc: All Counsel of Record (via ECF)