October 21, 2026

**<u>VIA ECF</u>**

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, NJ 07102

Re: *In re Apple Inc. Smartphone Antitrust Litigation*, 2:24-md-03113-JXN-LDW
<u>Joint Request to Defer Deadline for Declaring Impasse Regarding Device Purchase Data</u>

Dear Judge Wettre,

Direct Apple Watch Purchaser Plaintiffs, Indirect iPhone Purchaser Plaintiffs, and Direct iPhone Purchaser Plaintiffs ("MDL Plaintiffs") and Apple Inc. ("Apple") together respectfully request to defer submission of a joint notice of impasse, if necessary, regarding Apple's production of device purchase data, as described below, until November 4, 2026. *See* Special Master Order ¶ 4 (Dkt. 208) (joint impasse notice procedure). Apple and Indirect iPhone Purchaser Plaintiffs request a corresponding extension of the time to submit a joint notice of impasse, if necessary, regarding consistent hashing between Apple's production of device purchase data and corresponding data produced by third parties until November 13, 2026.

This interrelated set of issues concerns MDL Plaintiffs' requests for all transaction data sufficient to identify members of MDL Plaintiffs' respective proposed classes and to calculate the net price of an Apple Watch or iPhone purchase from Apple. While Apple does not adopt all characterizations of its data as set forth in Plaintiffs' requests, the parties have agreed that Apple will produce certain responsive data in a bifurcated manner: (1) a sample of certain sensitive data associated with purchases and registrations of some devices, produced on secure machines not linked to other produced data; and (2) certain other data associated with the same purchases, produced pursuant to DCO-compliant methods for Highly Confidential information. The parties' current negotiations concern what precise datasets and fields are to be included in the two respective productions.

Apple and Indirect iPhone Purchaser Plaintiffs are also currently in negotiations with third-party retailers and carriers for structured sales data. The parties have proposed that third parties adopt a uniform hashing proposal that will enable linking between Apple's produced data and third-party datasets. Apple and Indirect iPhone Purchaser Plaintiffs seek additional time to determine whether the issue of consistent hashing is at impasse.

The parties would benefit from more time to seek resolution without Court intervention because the issues include matters that are technical and complex, and Apple is still investigating certain related data issues. The parties have exchanged a number of letters and met and conferred for months, meeting and conferring most recently on September 30, October 9, October 14, October 16, and October 19, 2026. The parties further have exchanged multiple drafts of a proposed joint agreement and supplemental protective order governing the purchase data

productions, most recently on October 19, 2026. While the parties continue to make progress towards agreement, they have not yet resolved all of the issues and jointly request until November 4, 2026 to try to reach resolution or at least minimize the scope of a dispute requiring Court intervention. The parties ask for an extension to November 13, 2026 to submit a dispute, if necessary, regarding hashing in relation to third parties' production of data.

We appreciate the Court's attention to this matter.

Respectfully Submitted,

/s/ *Thomas R. Curtin*
Thomas R. Curtin
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 993-8100
tcurtin@mdmc-law.com

/s/ *Liza M. Walsh*
Liza M. Walsh
WALSH PIZZI O'REILLY
FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Tel: (973) 757-1100
lwalsh@walshlaw.com

cc: All counsel (by ECF)