**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

**VIA ECF**

October 21, 2026

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***In re: Apple Inc. Smartphone Antitrust Litigation***
**Civil Action No. 2:24-md-03113-JXN-LDW (MDL 3113)**

**Joint Notice of Impasse Regarding Apple's discovery requests to Plaintiffs: Apple's Collective Interrogatory No. 2**

Dear Judge Wettre:

This firm, together with Gibson, Dunn & Crutcher LLP, represents Defendant Apple Inc. ("Apple") in the above-captioned matter. Pursuant to ¶4 of the Court's Special Master Appointment Order, Direct iPhone Purchaser Plaintiffs, Indirect iPhone Purchaser Plaintiffs, Direct Apple Watch Plaintiffs (collectively, "MDL Plaintiffs") and Apple respectfully submit this joint notice of impasse as to Apple's collective interrogatory number 2 ("Rog 2"). The parties have met and conferred and agree they have reached impasse on this issue. The parties agree that this issue can be resolved on a non-expedited basis.

* * *

**Collective Interrogatory No. 2.** Apple IDs are accounts created with Apple to access Apple services like the App Store, Apple Music, iCloud, iMessages, Facetime, and others. Apple's Second Collective Interrogatory requests "each and every Apple ID" that each MDL Plaintiff has "access to, created, ha[s] used, or that is authorized to use one of [MDL Plaintiff's] payment methods," and "provide for each such Apple ID all account details including the associated email address, phone number, first name, last name, date of birth, physical address (if entered), and any other identifying information associated with the Apple ID." MDL Plaintiffs have objected to providing certain of the requested information and now move the Court for a protective order.

Apple's position is that Apple seeks this Apple ID information because (1) MDL Plaintiffs' RFPs request the same information, both as to themselves and as to the millions of putative class members they seek to represent; and (2) Apple maintains it is necessary to match named MDL Plaintiffs to the Apple accounts they use or control and obtain information about MDL Plaintiffs' own usage and purchases of Apple products and services to test the allegations in their complaints as well as adequacy and typicality under Rule 23, among other issues.

MDL Plaintiffs' position is that they object to providing the Apple IDs of non-parties (including their family members), as well as to providing Apple IDs that were used solely for business purposes, as irrelevant and disproportional to the needs of the case. MDL Plaintiffs will provide their personal-use Apple IDs provided that there be protections due to the extensive and sensitive information Apple (and Apple alone) may access using an Apple ID, such as potentially protected health or location information. MDL Plaintiffs contend that they have not given Apple a free license to engage in an unlimited fishing expedition into their private lives solely by virtue of being plaintiffs in this antitrust action. They therefore asked Apple to stipulate to not use their Apple IDs for certain purposes, not to use the Apple IDs to circumvent scope limitations reached in negotiations on other Apple discovery requests to MDL Plaintiffs, and to produce to MDL Plaintiffs any information that Apple "accesses, generates, or otherwise reviews using MDL Plaintiffs' Apple IDs"—protections not available under the Discovery Confidentiality Order. Accordingly, MDL Plaintiffs seek a protective order against disclosure or production of "non-party Apple IDs" and limiting the manner in which Apple may use MDL Plaintiffs' Apple IDs in this litigation pursuant to Rule 26(c)(1).

Apple does not agree that Apple IDs authorized to use the named plaintiffs' payment methods are "the Apple IDs of non-parties" and notes, in any event, that Plaintiffs' complaints put family member use of Apple products and services at issue. *See, e.g.*, DPP Compl. ¶ 225 (alleging that Apple's conduct has a lock in effect on the teenage children of existing iPhone users); IPP Compl. ¶ 123 (same). Apple further notes that it declined MDL Plaintiffs' proposal for multiple reasons, including because it would give MDL Plaintiffs unwarranted insight into Apple's defense strategy and require Apple to disclose attorney work product related to its investigative efforts involving MDL Plaintiffs' Apple IDs. Additionally, Apple contends that MDL Plaintiffs' privacy objections are speculative and unwarranted given (among other reasons) that they voluntarily put their usage and purchase of Apple products and services at issue when they filed their complaints. Apple also maintains that a protective order is unnecessary given the existing Discovery Confidentiality Order, which provides (among other protections) that "all Protected Material produced . . . by a Party . . . may be used solely for the conduct this Action . . . and shall not be used for any other purposes." Dkt. 124, ¶ 31.

The parties met and conferred regarding Rog 2 on August 24, 2026, and have exchanged additional discovery correspondence since that meeting, but they have been unable to reach an agreement on the scope of MDL Plaintiffs' interrogatory responses and on any protections on the use of their Apple IDs in this litigation.

Accordingly, the parties respectfully request that the Court determine that they have reached impasse on this issue and grant the parties leave to submit letter briefs on it on the schedule set forth in paragraph 5 of the Special Master Appointment Order.

Respectfully submitted,

*/s/ Liza M. Walsh*

Liza M. Walsh

cc: All Counsel of Record (via ECF)