October 21, 2026

**VIA ECF**

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re: *In re Apple Inc. Smartphone Antitrust Litigation*, 2:24-md-03113-JXN-LDW
Joint Notice of Impasse Regarding the Causeway Document Repository maintained by the Connectivity Standards Alliance

Dear Judge Wettre,

Pursuant to ¶4 of the Court's Special Master Appointment Order, Direct Apple Watch Purchaser Plaintiffs ("Watch Plaintiffs") and Apple Inc. ("Apple") respectfully submit this notice of impasse regarding production of Documents in the "Causeway" document repository and file sharing system maintained by the Connectivity Standards Alliance. On October 16, Watch Plaintiffs informed Apple that they would submit this impasse letter.

On October 7, 2026, in response to third-party subpoenas from both Watch Plaintiffs and Apple, the Connectivity Standards Alliance informed Watch Plaintiffs and Apple that Apple has access to documents held in "Causeway," a document repository and file sharing system that the Connectivity Standards Alliance controls access to, which access the Connectivity Standards Alliance provides to Apple as part of Apple's membership with the Connectivity Standards Alliance. According to the Connectivity Standards Alliance, Causeway contains connectivity-related documents that Apple and the Connectivity Standards Alliance have exchanged, and that are likely responsive to both Watch Plaintiffs' and Apple's subpoenas to the Connectivity Standards Alliance.[1] Connectivity Standard Alliance advised the parties that its position is that Apple should produce the documents so that the Connectivity Standards Alliance, a non-party, does not bear the burden of production.[2] On October 7, Watch Plaintiffs asked Apple to produce the documents, both verbally and by email. On October 9, 2026, Watch Plaintiffs renewed the request and asked to meet and confer. On October 16, 2026, Apple explained: "Connectivity Standards Alliance (CSA) owns and controls Causeway, so it is the appropriate party to produce materials from the database." Watch Plaintiffs' position is that Apple must produce the Causeway documents because it has control over them and should produce them to avoid burdening a nonparty, and/or because they appear responsive to Watch Plaintiffs requests for production but were never previously disclosed to Watch Plaintiffs. Apple objects to Watch Plaintiff's request that Apple produce documents from the Causeway repository. Although Apple agrees that the parties should seek to minimize

[1] The Government Plaintiffs have since subpoenaed the Connectivity Standards Alliance. The Watch Plaintiffs believe that the documents within Causeway are likely responsive to the Government's subpoena as well.
[2] If Apple does not produce the Causeway documents, Watch Plaintiffs reserve all rights to bring a motion to compel non-party Connectivity Standards Alliance to produce the same.

unnecessary burdens on nonparties where practicable, the repository is owned and controlled by the Connectivity Standards Alliance, not Apple, and Apple does not agree that member access alone places CSA-owned documents within Apple's possession, custody, or control Apple also may not have access to all documents in the repository. Apple further contends that production of documents from the Causeway repository would be unduly burdensome and disproportional to the needs of the case.

The parties respectfully request that the Court determine the parties have reached impasse on the issue identified above and grant the parties leave to submit letter briefs pursuant to ¶5 of the Special Master Appointment Order. Because Watch Plaintiffs understand that the Causeway database contains documents that Apple provided to the Connectivity Standards Alliance, that Apple has control over, and likely relate to upcoming depositions, Watch Plaintiffs believe this issue merits prompt attention. Apple disagrees that any documents related to this request should have any effect on the dates of deposition already scheduled in the coming months.

Respectfully Submitted,

*/s/ Thomas R. Curtin*

Thomas R. Curtin
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 993-8100
tcurtin@mdmc-law.com

*/s/ Liza M. Walsh*

Liza M. Walsh
WALSH PIZZI O'REILLY
FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Tel: (973) 757-1100
lwalsh@walshlaw.com

cc: All counsel (by ECF)