October 21, 2026

**VIA ECF**

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re: *In re Apple Inc. Smartphone Antitrust Litigation*, 2:24-md-03113-JXN-LDW
Notice of Impasse Regarding Watch Plaintiffs' Request for Linked Documents

Dear Judge Wettre,

On September 29, 2026, the parties agreed to exchange draft notices of impasse by October 16 and to file joint notices of impasse by October 21. In accordance with that agreement, Direct Apple Watch Purchaser Plaintiffs ("Watch Plaintiffs") served Apple a draft of this impasse notice on October 16 and requested that Apple promptly provide its edits. By October 20, Watch Plaintiffs had not received a response, and so emailed Apple asking whether it intended to provide edits and, if so, when. Apple responded with extensive edits on October 21 at 1:41pm Eastern—approximately 10 hours before the filing deadline. Watch Plaintiffs provided its edits just over two hours later, at 3:59pm Eastern. Apple provided edits at 7:40pm Eastern and suggested that the parties proceed in separate sections so that they would not need to agree on language and could get this notice on file by the deadline. Watch Plaintiffs agreed and provided responsive edits at 9:21pm Eastern, placing the parties' respective entries in sections and offering to speak on the phone to help get things finalized. Counsel for Apple called counsel for Watch Plaintiffs at 9:48pm Eastern to suggest edits to Watch Plaintiffs' section, which Watch Plaintiffs declined. Counsel for Apple said that they intended to add only a couple sentences to their section, and Watch Plaintiffs said that they may need to briefly respond. Having not received Apple's edits by 10:57pm Eastern, Watch Plaintiffs emailed Apple asking for them, and then called at 11:04pm Eastern but received no answer. Apple responded at 11:08pm Eastern that they were reviewing with their clients. Watch Plaintiffs emailed Apple at 11:35pm Eastern asking for Apple's edits and informing Apple that if they were not received by 11:40pm Eastern, Watch Plaintiffs would proceed unilaterally in order to meet the filing deadline. Apple responded at 11:39pm Eastern saying that they would provide edits within five minutes. Apple did not provide edits by that time.

Watch Plaintiffs have not received Apple's edits. Accordingly, Watch Plaintiffs file this notice of impasse unilaterally. In order to reflect what we understand Apple's position to be as best as possible, Watch Plaintiffs have left in Apple's section as it existed in the last version exchanged with Apple. The only differences between this version and the last version exchanged with Apple are those necessary to reflect that this is a unilateral filing rather than a joint filing.

* * *

Pursuant to ¶ 4 of the Court's Special Master Appointment Order (Dkt. 208) and the Court's instruction from the September 16, 2026 Case Management Conference (Dkt. 364), Direct Apple Watch Purchaser Plaintiffs ("Watch Plaintiffs") respectfully submit this notice of impasse regarding Watch Plaintiffs' request for linked documents pursuant to the operative ESI protocol (Dkt. 100-2 at 13-15).[1] The parties do not agree on all facts or what should be included in this submission, and thus proceed in separate sections to complete this joint filing.

**Watch Plaintiffs.** On August 25, 2026, Watch Plaintiffs sent Apple a list of approximately 230 specified links contained within 112 specified documents, and asked Apple to provide the corresponding linked documents in accordance with Sec. V ¶10 of the operative ESI protocol. *See* Dkt. 100-2 at 13-15. Watch Plaintiffs sent follow-up emails seeking a response on September 9 and September 21, 2026. Apple responded on October 7, 2026, stating that it was willing to investigate "a reasonable number of hyperlinks," but that doing so "is a burdensome and time intensive process" because some links "may be dynamic, user-specific, permission-dependent, or may point to a folder, application view, or current version of a document rather than a static file," and that the process for obtaining the corresponding linked documents must be performed manually. On that basis, Apple demanded that Watch Plaintiffs "revise [their] request to a reasonable list of hyperlinks." Watch Plaintiffs responded on Friday, October 9, 2026 and asked to meet and confer on Monday, October 12, 2026. Apple responded on October 11, 2026, offering to meet and confer on October 14 or 15, 2026. Watch Plaintiffs and Apple met and conferred on October 15, 2026. During the conference, Watch Plaintiffs asked Apple to identify which of the listed links were of the type Apple identified as being associated with the burden basing its objection. Apple explained that it did not know because investigating that question was itself part of the burden basing its objection. Apple, in turn, explained that it wanted to avoid open-ended, serial requests across the MDL Action that may be unreasonable or disproportionate in the aggregate, and asked Watch Plaintiffs to identify the total number of links they intend to ask Apple to investigate for the entire litigation. Watch Plaintiffs explained that their best guess was that their requests would proceed in approximate proportion to their review of Apple's productions, but that they could not at that point commit to a limit for the entire litigation because Apple had not finished producing documents. Watch Plaintiffs also emphasized that they were proceeding selectively and not sweeping in links indiscriminately. Watch Plaintiffs emailed a letter the next day, October 16, memorializing the conference, providing its positions, and stating that they understood the parties to be at an impasse as to whether Watch Plaintiffs' August 25, 2026 request for linked documents is reasonable and proportionate.

Watch Plaintiffs maintain that their August 25, 2026 request for documents corresponding to specified links is reasonable and proportionate, and that Apple must conduct a reasonable search for the documents corresponding to the links they identified. Watch Plaintiffs further maintain that

[1] The parties agree that under the operative ESI protocol, "[a] Receiving Party may make reasonable and proportionate requests that the Producing Party conduct a reasonable manual search for Documents corresponding to links identified by the Receiving Party in produced documents," that such requests "shall not be unreasonably denied if it appears on the face of the produced document that the linked document is relevant," and that if the Producing Party finds the requested materials after undertaking a reasonable search, they will be produced. Dkt. 100-2.

Apple's October 7 demand for Watch Plaintiffs to revise its August 25 request constitutes an unreasonable denial—particularly in light of the fact that Apple stands by its demand while refusing to determine whether any of the identified links are of the kind Apple identified as potentially burdensome in its October 7 letter. And Watch Plaintiffs believe that Apple's demand for a predetermined cap on requests for linked documents throughout the entire litigation is unworkable, arbitrary, threatens to delay and disrupt discovery, and is not represented in the operative ESI protocol's controlling language.

**Apple.** After Watch Plaintiff sent his list of requested links, the parties exchanged written correspondence at least on September 9, September 21, October 7, and October 16. The parties also spoke on October 15.

During the meet and confer process, Apple's position was that investigating links is a manual process, rife with technical difficulties, and usually requires outreach to a number of people per link. Apple therefore asked MDL Plaintiffs to identify the total number of links they collectively intend to ask Apple to investigate. They could do so by providing a target number now, by providing a target number tied to Apple's overall production volume (e.g., 50 links for every *X* documents to be produced), or by some other methodology. Doing so will decrease the prospect of open-ended, serial requests across the MDL Action that would, in the aggregate, be neither reasonable nor proportionate. Ballparking that number at the outset does not require Plaintiffs to identify specific links now; it simply requires them to prioritize their requests over the course of discovery, deferring those that Apple's later productions may render unnecessary. Apple proposed an outbound limit of approximately 200 links for all MDL Plaintiffs. MDL Plaintiffs never responded to Apple's offer, declined to commit to a volume, and by instead sending this notice Watch Plaintiff apparently does not believe that he needs to do so.

* * *

Watch Plaintiffs respectfully request that the Court grant leave to submit letter briefs pursuant to paragraph 5 of the Special Master Appointment Order regarding their dispute.

Some of the requested documents correspond to witnesses whose depositions are scheduled to occur in the next few months. Watch Plaintiffs believe that there is greater urgency for production of those documents so that they do not impede or delay upcoming depositions. Apple does not believe that the volume of potential documents here will affect substantial completion, or any impending depositions.

Respectfully Submitted,

/s/ *Thomas R. Curtain*
Thomas R. Curtin
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 993-8100
tcurtin@mdmc-law.com

cc: All counsel (by ECF)