October 21, 2026

**VIA ECF**

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re: *In re Apple Inc. Smartphone Antitrust Litigation*, 2:24-md-03113-JXN-LDW
Amended Joint Notice of Impasse Regarding Watch Plaintiffs' Request for Linked Documents

Dear Judge Wettre,

Pursuant to ¶ 4 of the Court's Special Master Appointment Order (Dkt. 208) and the Court's instruction from the September 16, 2026 Case Management Conference (Dkt. 364), Direct Apple Watch Purchaser Plaintiffs ("Watch Plaintiffs") and Apple Inc. ("Apple") respectfully submit this joint notice of impasse regarding Watch Plaintiffs' request for linked documents pursuant to the operative ESI protocol (Dkt. 100-2 at 13-15).[1] The parties do not agree on all facts or what should be included in this submission, and thus proceed in separate sections to complete this joint filing.

* * *

[1] The parties agree that under the operative ESI protocol, "[a] Receiving Party may make reasonable and proportionate requests that the Producing Party conduct a reasonable manual search for Documents corresponding to links identified by the Receiving Party in produced documents," that such requests "shall not be unreasonably denied if it appears on the face of the produced document that the linked document is relevant," and that if the Producing Party finds the requested materials after undertaking a reasonable search, they will be produced. Dkt. 100-2.

**Watch Plaintiffs.** On August 25, 2026, Watch Plaintiffs sent Apple a list of approximately 230 specified links contained within 112 specified documents, and asked Apple to provide the corresponding linked documents in accordance with Sec. V ¶10 of the operative ESI protocol. *See* Dkt. 100-2 at 13-15. Watch Plaintiffs sent follow-up emails seeking a response on September 9 and September 21, 2026. Apple responded on October 7, 2026, stating that it was willing to investigate "a reasonable number of hyperlinks," but that doing so "is a burdensome and time intensive process" because some links "may be dynamic, user-specific, permission-dependent, or may point to a folder, application view, or current version of a document rather than a static file," and that the process for obtaining the corresponding linked documents must be performed manually. On that basis, Apple demanded that Watch Plaintiffs "revise [their] request to a reasonable list of hyperlinks." Watch Plaintiffs responded on Friday, October 9, 2026 and asked to meet and confer on Monday, October 12, 2026. Apple responded on October 11, 2026, offering to meet and confer on October 14 or 15, 2026. Watch Plaintiffs and Apple met and conferred on October 15, 2026. During the conference, Watch Plaintiffs asked Apple to identify which of the listed links were of the type Apple identified as being associated with the burden basing its objection. Apple explained that it did not know because investigating that question was itself part of the burden basing its objection. Apple, in turn, explained that it wanted to avoid open-ended, serial requests across the MDL Action that may be unreasonable or disproportionate in the aggregate, and asked Watch Plaintiffs to identify the total number of links they intend to ask Apple to investigate for the entire litigation. Watch Plaintiffs explained that their best guess was that their requests would proceed in approximate proportion to their review of Apple's productions, but that they could not at that point commit to a limit for the entire litigation because Apple had not finished producing documents. Watch Plaintiffs also emphasized that they were proceeding selectively and not sweeping in links indiscriminately. Watch Plaintiffs emailed a letter the next day, October 16, memorializing the conference, providing its positions, and stating that they understood the parties to be at an impasse as to whether Watch Plaintiffs' August 25, 2026 request for linked documents is reasonable and proportionate.

Watch Plaintiffs maintain that their August 25, 2026 request for documents corresponding to specified links is reasonable and proportionate, and that Apple must conduct a reasonable search for the documents corresponding to the links they identified. Watch Plaintiffs further maintain that Apple's October 7 demand for Watch Plaintiffs to revise its August 25 request constitutes an unreasonable denial—particularly in light of the fact that Apple stands by its demand while refusing to determine whether any of the identified links are of the kind Apple identified as potentially burdensome in its October 7 letter. And Watch Plaintiffs believe that Apple's demand for a predetermined cap on requests for linked documents throughout the entire litigation is unworkable, arbitrary, threatens to delay and disrupt discovery, and is not represented in the operative ESI protocol's controlling language.

Last, Watch Plaintiffs disagree with Apple's objection to the nature and length of the above, which (a) complies with Special Master Appointment Order ¶4, requiring the notice to describe the dispute—i.e., the contested issue and the parties' respective positions—and the parties' efforts to resolve it, and (b) expanded to incorporate and respond to edits that Apple required. Apple's section, in contrast, contains inaccuracies and inappropriate argument.

**Apple.** As a preliminary matter, Apple objects to the length and argumentative nature of Watch Plaintiff's "notice." Apple understands that the purpose of the notice is to inform the Court in a succinct manner that the parties have attempted to resolve a dispute, and that they were not able to do so. Plaintiff's lengthy argument goes well beyond the purpose of the notice, repeats facts about Apple's position that are not in dispute (*e.g.*, that Apple seeks to avoid serial and unending requests), and is an end-run around the page limits imposed on argument.

During the meet and confer process, Apple's position was that investigating links is a manual process, rife with technical difficulties, and usually requires outreach to a number of people per link. Having investigated this, Apple provided specific articulations of these challenges during the meet and confer. Apple therefore asked MDL Plaintiffs to identify the total number of links they collectively intend to ask Apple to investigate. They could do so by providing a target number now, by providing a target number tied to Apple's overall production volume (e.g., 50 links for every *X* documents to be produced), or by some other methodology. Doing so will decrease the prospect of open-ended, serial requests across the MDL Action that would, in the aggregate, be neither reasonable nor proportionate. Ballparking that number at the outset does not require Plaintiffs to identify specific links now; it simply requires them to prioritize their requests over the course of discovery, deferring those that Apple's later productions may render unnecessary. Apple proposed an outbound limit of approximately 200 links for all MDL Plaintiffs. MDL Plaintiffs never substantively responded to Apple's offer, declined to commit to a volume, and by instead sending this notice Watch Plaintiff apparently does not believe that he needs to do so.

As for Plaintiff's suggestion of delay, the linked-document request was one item in a broader August 25 letter concerning Apple's native-file productions, and Apple addressed the balance of that letter by producing native files in September. In the interim Apple was investigating the linked-document request, including by analyzing how documents at links from the different source systems reflected in Watch Plaintiff's list could be located and collected and the burden of doing so; that Apple did not attempt to retrieve each of the roughly 230 specified links before responding does not mean Apple ignored the request, and on October 7 Apple responded and proposed that Watch Plaintiffs narrow it, with the parties meeting and conferring five days later.

* * *

The parties respectfully request that the Court grant leave to submit letter briefs pursuant to paragraph 5 of the Special Master Appointment Order regarding their dispute.

Some of the requested documents correspond to witnesses whose depositions are scheduled to occur in the next few months. Watch Plaintiffs believe that there is greater urgency for production of those documents so that they do not impede or delay upcoming depositions. Apple does not believe that the volume of potential documents here will affect substantial completion, or any impending depositions.

Respectfully Submitted,

/s/ *Thomas R. Curtin*
Thomas R. Curtin
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 993-8100
tcurtin@mdmc-law.com

/s/ *Liza M. Walsh*
Liza M. Walsh
WALSH PIZZI O'REILLY
FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Tel: (973) 757-1100
lwalsh@walshlaw.com

cc: All counsel (by ECF)