WALSH PIZZI O'REILLY FALANGA

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
WALSH.LAW

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

October 26, 2026

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re: *In re Apple Inc. Smartphone Antitrust Litigation*, Civil Action No. 2:24-md-03113-JXN-LDW, Joint Status Report**

Dear Judge Wettre:

The parties in the above-referenced matter submit this joint status letter, as directed by the Court's July 14, 2026, Order Scheduling Case Management Conferences. ECF 234. This status letter sets out items awaiting the Court's decision or referral, including a description of the impasse notices submitted to the Court on October 21, 2026, items still being negotiated between the parties, and scheduling disputes. The parties are prepared to discuss these topics at the forthcoming November 9, 2026, Joint Status Conference.

## I. Items Awaiting the Court's Decision or Referral

### A. Pending Impasse Notices

The following impasse notices were submitted to the Court on October 21, 2026. Impasse notices denoted with an asterisk were identified as urgent by at least one party.

#### 1. Indirect iPhone Purchaser Plaintiffs' Proposed Custodians—Dkt. No. 399

This is a dispute regarding Indirect Plaintiffs' proposal to add four document custodians beyond those agreed to between Apple and the Government.

#### 2. *Watch Plaintiffs' Request for App Review Files—Dkt. 400[1]

This dispute arises out of Watch Plaintiffs' RFPs 72 and 128, through which Watch Plaintiffs seek the App Review files for apps that were rejected for alleged violations of certain of Apple's guidelines. This dispute was previously referred to Special Master Hedges. The parties disagree about how to identify certain apps for which the App Review files would be produced.

[1] This same notice of impasse was inadvertently filed twice, as Dkt. 400 and Dkt. 401.

**3. *Watch Plaintiffs' Request for Causeway Documents—Dkt. 406**

This dispute arises out of a third-party subpoena to the Connectivity Standards Alliance ("CSA"), an industry organization that develops global interoperability standards. CSA informed the parties that Apple has access to documents held in "Causeway," CSA's document repository and file-sharing system where CSA holds connectivity-related documents. Watch Plaintiffs and Apple disagree about, among other things, whether Apple should produce the documents from Causeway.

**4. *Watch Plaintiffs' Request for Linked Documents—Dkt. 407**

This is a dispute over Watch Plaintiffs' request for documents corresponding to identified links within specified produced documents, pursuant to Section V ¶ 10 of the operative ESI Protocol.

**5. *Watch Plaintiffs' Requests for Source Code and Technical Documents—Dkt. 408**

These disputes all relate to Watch Plaintiffs' Requests for source code and technical documents, including technical specification documents (RFP 109), source code (RFP 117), technical design documents (RFPs 110–111), and bug-tracking files (RFPs 115–116).

**6. Apple's RFP 129 to Apple Watch Plaintiff—Dkt. 402**

This dispute relates to Apple's request for documents relating to the named Watch Plaintiff's purchase or acquisition of apps, in-app purchases, subscriptions, and other downloadable content on various devices. The parties disagree as to the scope of relevant apps and devices about which Watch Plaintiffs should produce documents.

**7. Apple's Discovery Requests to iPhone Plaintiffs—Dkt. 403**

This dispute relates to Apple's request for documents relating to iPhone Plaintiffs' purchase or acquisition of apps, in-app purchases, subscriptions, and any other downloadable content on various devices and to Apple's request for documents related to iPhone Plaintiffs' smartwatch apps. The parties disagree as to the scope of relevant apps and devices about which iPhone Plaintiffs should produce documents.

**8. Apple's Interrogatory No. 2—Dkt. 405**

This dispute relates to Apple's Second Collective Interrogatory, which asks Plaintiffs to identify Apple IDs they "have access to, created, have used, or that [are] authorized to use one of [their] payment methods." The parties disagree over the relevance, burden, and proportionality of some of the information sought in the interrogatory and whether an additional protective order governing how Apple uses Plaintiffs' Apple IDs is necessary and appropriate.

**B. Deposition Protocol—Dkt. 379**

The parties in this action and the Government Action filed a Proposed Deposition Protocol with competing provisions on September 30, 2026.

## II. Items Still Being Negotiated

**A. Targeted Collections**

MDL Plaintiffs requested that Apple produce certain targeted collections at least 14 days prior to certain identified witnesses' depositions. MDL Plaintiffs also requested that Apple produce other targeted collections, including retailer contracts in response to RFP 29 and privacy audits in response to RFP 106, as soon as possible so that any potential disputes might be promptly resolved by the Court. Apple intends to substantially complete production of these documents by December 7.

**B. Apple's Privilege Log**

On September 30, 2026, Apple informed MDL Plaintiffs that it would revise its privilege logs to address certain concerns raised by the MDL Plaintiffs. MDL Plaintiffs are awaiting the revised privilege logs from Apple. Both parties agree that any disputes to these, or future, privilege logs are not subject to the October 21 deadline for raising disputes arising out of written discovery.

## III. Scheduling Disputes

**A. *Watch Plaintiffs' Motion to Decouple Two Depositions**

Watch Plaintiffs and Apple have filed or expect to file a joint notice of impasse regarding the decoupling of depositions of two Apple witnesses scheduled for November 18 and December 11. Indirect Phone Plaintiffs and Direct Phone Plaintiffs join Watch Plaintiffs' request as to the November 18 deposition and take no position as to the December 11 deposition. Apple believes this dispute is untimely and objects to it.

**B. Amended Scheduling Order**

At the September 25th status conference, the Court instructed the parties in this action and the Government Action to submit a Proposed Amended Scheduling Order with interim deadlines. On October 24, 2026, Apple and the Government Plaintiffs filed a Stipulation and Proposed Amended Scheduling Order in the Government Action. On October 26, 2026, Apple and MDL Plaintiffs filed a Stipulation and Proposed Amended Scheduling Order in this action with competing proposals.

We thank Your Honor for your attention to this matter.

Respectfully submitted,

*s/Liza M. Walsh*
Liza M. Walsh