**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | : | Civil Action No. 2:24-md-03113 (JXN)(LDW) |
| | : | MDL 3113 |
| *This Document Relates to:* | : | |
| *Giamanco v. Apple Inc.*, 24-cv-7238-JXN-LDW | : | |

**ORDER OF THE SPECIAL MASTER**

This matter comes before me pursuant to the September 10, 2026, October 13, 2026, and October 22, 2026 Orders of Magistrate Judge Leda D. Wettre. *See* Order, Sept. 10, 2026, ECF 325 (referring any request to submit additional briefing on the custodian dispute, ECF 316, to the Special Master); Order, Oct. 13, 2026, ECF 391 (reiterating that any request to submit additional briefing concerning the custodian dispute, ECF 385, must be directed to the Special Master); Order, Oct. 22, 2026, ECF 410 (referring to me the discovery dispute concerning the Watch Plaintiffs' demand for additional custodians). For the reasons set forth herein, I will grant in part and deny in part the Watch Plaintiffs' request.

In the September 4, 2026 request, the Watch Plaintiffs seek to submit a two-page reply letter brief. ECF 316. The Watch Plaintiffs assert that the reply brief is necessary to address an argument that Apple did not previously raise, and to "correct several mischaracterizations in Apple's response" regarding the Watch Plaintiffs' allegations and exhibits. The Watch Plaintiffs represent that the reply will not raise new arguments, and will be filed within five business days of approval.

The Undersigned grants the Watch Plaintiffs' September 4, 2026 request. First, Apple has not objected to the request. Second, it appears that Apple's opposition to the Watch Plaintiffs' application for additional custodians relies on Special Master Linares's Order in a separate dispute involving the iPhone Plaintiffs, and that the Watch Plaintiffs have not had an opportunity to address that argument. And although the Undersigned takes no position at this time as to whether Apple mischaracterized the Watch Plaintiffs' allegations and supporting exhibits, a short reply addressing these issues likely will aid in resolving the dispute. *See Derieux v. FedEx Ground Package Sys.*, Civ. No. 21-13645, 2023 WL 13645, at *1 & n.1 (D.N.J. Jan. 20, 2023) (granting leave to file sur-reply to respond to issues first raised in reply brief). Accordingly, I grant the September 4th request.

The Watch Plaintiffs' October 9, 2026 request supplements their September 4th request. ECF 385. The October 9th request proposes to include in the reply brief testimony from recent depositions of Apple employees taken by the Government Plaintiffs. ECF 385. Apple objects to

the request, and asserts that the request seeks to inject new argument and evidence into the dispute. ECF 387. Although the Watch Plaintiffs maintain that the testimony supports their request for additional custodians, they do not identify the witnesses, describe their testimony, or explain its relevance to the custodian dispute. Although it is conceivable that an Apple representative's testimony could have material bearing on the custodian dispute, the Watch Plaintiffs omit mention of any specific testimony, much less how it bears on the custodian issue or augments the extensive briefing that the parties have already submitted. Therefore, the Watch Plaintiffs have not shown good cause to supplement the briefing on this basis. Further, considering new evidence would require another round of briefing and delay resolution of the issue.

For the foregoing reasons, the Watch Plaintiffs shall file their reply brief on or before November 3, 2026. The reply shall not exceed two single-spaced pages, as permitted by Judge Neals's Appointment Order, § 5(c), and shall address only (1) Apple's arguments based on Special Master Linares's Order and (2) the alleged mischaracterizations in Apple's Opposition. The reply must be confined to arguments Apple actually raised and may not introduce new arguments or evidence. The Watch Plaintiffs shall attach Special Master Linares's Order.

**SO ORDERED.**

*/s/ Michael A. Hammer*
Hon. Michael A. Hammer (ret.)
Special Master
October 27, 2026