McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
T: 973.993.8100 | F: 973.425.0161
MDMC-LAW.COM

---

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmclaw.com

November 4, 2026

**<u>VIA ECF</u>**

Honorable Leda Dunn Wettre
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re: *In re Apple Inc. Smartphone Antitrust Litigation*, 2:24-md-03113-JXN-LDW
Joint Notice of Impasse Regarding Third-Party Connectivity Standards Alliance

Dear Judge Wettre,

Pursuant to ¶4 of the Court's Special Master Appointment Order and ¶2 of the Proposed Amended Scheduling Order filed on October 26, 2026, Direct Apple Watch Purchaser Plaintiffs ("Watch Plaintiffs") and non-party Connectivity Standards Alliance respectfully submit this notice of impasse regarding production of Documents in a "Causeway" document-sharing repository system maintained and controlled by CSA and regarding a separate custodial search (*e.g.*, impasse over responsive timeframe and refusal to identify custodians or otherwise proceed to a system-wide search). On October 28, 2026, Watch Plaintiffs informed CSA that they would submit this impasse letter. The parties met and conferred about this letter on November 2, 2026.

**Watch Plaintiffs' Position:**

CSA concedes that it has relevant, responsive documents to the three subpoenas in this case issued by Watch Plaintiffs, Apple, and, more recently, the Government. CSA informed Watch Plaintiffs and Apple about "Causeway," a 643 GB document repository and file-sharing system that CSA and its Members use that has responsive documents that it says would be burdensome to manually search and cannot be subjected to search terms. CSA controls and provides direct access to Causeway to its Members—including Apple—as part of their membership with the CSA. The Members create and store files in Causeway, which allows collaboration between the Members to develop standards. CSA also creates and stores its own files in Causeway. Although Watch Plaintiffs agree that Apple should produce responsive Documents it has in its custody, control, and possession, Watch Plaintiffs also seek additional documents in Causeway that Apple may not have access to, like Documents preceding Apple's membership, Documents among Apple's rivals, and CSA's internal documents—all Documents that CSA refuses to produce.

On September 25, 2026, Watch Plaintiffs proposed search terms to target responsive non-

Causeway documents, and CSA agreed to proceed through eDiscovery. The fundamental disagreement concerning the custodial search is the responsive timeframe (2019 vs. 2014) and scope of the custodial search (unnamed custodians vs. system-wide search). CSA returned hit counts on potential search strings and reported just 600 hits under its narrower scope. On November 2, 2026, CSA agreed to check the feasibility of running system-wide and custodial hit counts on prior search terms covering the entire responsive time period, but refused to agree to execute those search terms.

**Connectivity Standards Alliance's Position:**

The Connectivity Standards Alliance (the "Alliance"), a non-party, respectfully disagrees that it and the Watch Plaintiffs are at an impasse. The Alliance has participated cooperatively throughout this process, including through four meet-and-confers (September 25, October 7, October 13, and November 2, 2026), two substantive letters, numerous emails, and the running and reporting of search hit counts, all while responding, as a small 35-employee nonprofit non-party, to three overlapping subpoenas from the Watch Plaintiffs, Apple, and the Department of Justice. The Alliance prepared correspondence setting out its position for the Court, and requested the Watch Plaintiffs' counsel to attach it to this filing; counsel declined to do so.[1] The Alliance submits that the remaining questions are better resolved through continued meet-and-confer than through motion practice.

From the Alliance's perspective, the remaining open issues are:

1. Search Terms and Hit Counts. Watch Plaintiffs, Apple and the Alliance negotiated the Watch Plaintiffs' originally proposed search strings down to narrower terms focused on Apple Watch and wearables. That narrowing was intended to reduce volume of hits likely to be produced from the originally proposed search strings. The Alliance ran the agreed strings across six custodian accounts it identified as having potentially responsive documents, and on October 28 reported 600 hits across those custodians. The Alliance has offered to review those documents and produce responsive, non-privileged materials. Apple subsequently requested five additional search terms; the Alliance has agreed to run them and report the resulting hit counts. The Watch Plaintiffs are dissatisfied with the 600-hit count, continue to press for the broader original terms, and have asked the Court to resolve the search-term dispute now rather than allow the agreed review and production, and the forthcoming supplemental hit counts, to go forward.

2. Causeway. The Alliance agrees with the Watch Plaintiffs that, as to documents Apple can access, Apple, a Member of the Alliance with direct access to Causeway that created or participated in creating the relevant documents, should produce them. At this time, and given the pending first-party dispute between Watch Plaintiffs and Apple regarding Causeway (*see* ECF 406), the Alliance disagrees that it must search for and produce Causeway documents that Apple cannot access. Causeway is older software without modern search capability, and the universe of potentially responsive files is not reasonably ascertainable. Further, documents inaccessible to Apple are unlikely to be especially relevant; and the burden on the Alliance of such broad searches would not be proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). The Alliance

[1] Watch Plaintiffs' Position is that CSA declined to keep this impasse letter short—CSA's letter is 5-pages. Watch Plaintiffs offered CSA to file its letter separately or once referred for briefing.

remains willing to produce discrete relevant Causeway documents that Apple cannot access if the Watch Plaintiffs identify them after reviewing Apple's production.

The Alliance remains willing to continue to meet and confer and reserves all rights.

**Conclusion**

Watch Plaintiffs respectfully request that the Court determine an impasse has been reached on the issues identified above and grant the parties leave to submit letter briefs pursuant to ¶5 of the Special Master Appointment Order. CSA does not. Watch Plaintiffs believe the Court may want to refer this matter expeditiously so that it can be heard at the same time as the dispute regarding whether Apple must produce the Causeway documents. *See* ECF 406. Watch Plaintiffs also believe this issue merits prompt attention because Watch Plaintiffs understand that CSA's documents likely relate to upcoming depositions.

Respectfully Submitted,

*/s/ Thomas R. Curtin*
Thomas R. Curtin
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 993-8100
tcurtin@mdmc-law.com

*/s/ Hannah Y. Amadei*
Kurt B. Fliegauf (MA BBO No. 564329)
Hannah Y. Amadei (MA BBO No. 710509)
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
One Federal Street, 18th Floor
Boston, MA 02110
(617) 482-8200
KFliegauf@connkavanaugh.com
HAmadei@connkavanaugh.com

*Specially Appearing on behalf of*
*Non-Party Connectivity Standards Alliance*

cc: All counsel (by ECF)