JAVERBAUM WURGAFT
HICKS KAHN WIKSTROM & SININS, P.C.

**STANLEY O. KING, ESQ.**
Partner
sking@lawjw.com

**1000 HADDONFIELD-BERLIN RD.**
**SUITE 203**
**VOORHEES, NJ 08043**
**Phone: (856) 596-4100**
**Fax: (856) 702-6640**
**WWW.LAWJW.COM**

November 4, 2026

**VIA ECF**

Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***In re Apple Inc. Smartphone Antitrust Litigation*,**
**No. 2:24-md-03113-JXN-LDW**
**Joint Notice of Impasse Regarding Indirect iPhone Plaintiffs' Subpoena to Nonparty AT&T Mobility LLC**

Dear Judge Wettre:

Pursuant to ¶ 4 of the Special Master Appointment Order (ECF No. 208) and the Order Centralizing Enforcement of Pretrial Subpoenas (ECF No. 371), Indirect iPhone Plaintiffs ("IIPs") and nonparty AT&T Mobility LLC ("AT&T") respectfully submit this Joint Notice of Impasse regarding the subpoena duces tecum IIPs served on AT&T Inc. on October 22, 2025 and reissued to AT&T Mobility LLC on December 1, 2025 (the "Subpoena") under Federal Rule of Civil Procedure 45. This joint notice of impasse is being filed in accordance with the November 4, 2026 deadline for submitting disputes concerning third party discovery.[1]

IIPs and AT&T met and conferred in good faith regarding the Subpoena by videoconference on January 23, March 23, April 1, June 4, September 23, October 27, and October 30, and exchanged correspondence between April and October 2026. As of November 4, AT&T has not taken a position as to whether AT&T will produce information concerning AT&T's costs, revenues, and profits associated with iPhone sales and accompanying wireless service, including both transaction-level sales and line of service data and profit and loss statements. This is because

[1] As reflected in ECF Nos. 404 and 413, IIPs are continuing negotiations with Apple concerning a uniform hashing proposal that will enable linking between Apple's data and third party datasets. Depending on the outcome of these negotiations, IIPs and AT&T may file a subsequent joint notice of impasse concerning hashing of personally identifying information in AT&T's structured data production on or before November 13, 2026.

AT&T is still in the process of investigating the data and documents that are available and the burden associated with such a production.

For this reason, and to preserve the issue, the parties respectfully request the Court defer consideration of any dispute concerning AT&T's burden until November 18, 2026. If the Court does not approve this extension, then IIPs submit that the parties are at impasse pursuant to the Court's November 4 deadline. AT&T disagrees that the parties are at an impasse.

This dispute does not require expedited resolution by the Court.

We thank the Court for its attention to this matter.

Respectfully submitted,

s/ Stanley O. King
Stanley O. King, Esq.
JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS P.C.
1000 Haddonfield-Berlin Road,
Suite 203
Voorhees, NJ 08043
Tel: 856.596.4100
sking@lawjw.com
*Counsel for Indirect iPhone Plaintiffs*

/s/ Jordan L. Ludwig
Jordan L. Ludwig
CROWELL & MORING LLP
515 South Flower Street, Fl. 40
Los Angeles, CA 90071
Tel: 213.443.5524
jludwig@crowell.com

*Counsel for Nonparty AT&T Mobility LLC*

cc: All counsel of record (via ECF)
Special Masters Linares, Bariso, and Hammer (via email)