WALSH PIZZI O'REILLY

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

November 4, 2026

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***United States of America, et al. v. Apple Inc.*, No.: 2:24-cv-04055 (JXN-LDW)**
***In re Apple Smartphone Antitrust Litigation*, No. 2:24-md-03113 (JXN-LDW)**
**Joint Notice of Impasse**

Dear Judge Wettre:

This firm, together with Gibson, Dunn & Crutcher LLP, represents Defendant Apple Inc. ("Apple") in the above-referenced matters. Norton Rose LLP represents non-party Ultrahuman Healthcare ("Ultrahuman"). We write to provide a notice of impasse for a discovery dispute regarding Ultrahuman's non-response to Apple's subpoena under Federal Rule of Civil Procedure 45, served on September 28, 2026 (the "Subpoena"). This Court has authority to adjudicate this dispute pursuant to this Court's order centralizing enforcement of subpoenas, Dkt. 371.

* * *

**Ultrahuman's Non-Response.** Ultrahuman has responded to a subpoena served by Direct Apple Watch Plaintiff ("DAWP") but has failed to respond to Apple's Subpoena, which is now 20 days overdue. On July 24, 2026, DAWP served a subpoena on Ultrahuman, which has been responding to Plaintiffs' subpoena through its counsel, Norton Rose. On September 28, 2026, Apple served its Subpoena on Ultrahuman's registered agent in Delaware. On October 21, more than 14 days after Ultrahuman was required to respond to the Subpoena under Federal Rule of Civil Procedure 45(d)(2)(B), Apple followed up with Norton Rose, asking whether Ultrahuman intended to respond to the Subpoena. Apple also provided Norton Rose with a copy of the proof of service. On October 27, Norton Rose stated that it had reached out to its client for instructions, and would follow up "in the next day or two either way." Apple followed up again on October 30, and on November 4, Ultrahuman's counsel stated that they "expect[ed] to have a substantive response mid next week."

* * *

Accordingly, and in light of the November 4 deadline, Apple respectfully requests Your Honor's determination that Apple and Ultrahuman have reached an impasse for purposes of these disputes, pursuant to Paragraph 5 of the Court's Special Master Appointment Order. ECF No. 455 ¶ 5. To allow for further discussion with the goal of resolving the impasse, Apple requests that any such determination of impasse not take effect before November 11, 2026, and that it be deemed withdrawn and of no effect if the parties notify the Court on or before that date that the issue has been resolved.

Respectfully submitted,

*/s/ Liza M. Walsh*
Liza M. Walsh

cc: All Counsel of Record (via ECF)