WALSH PIZZI O'REILLY

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
WALSH.LAW

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

**VIA ECF**

November 4, 2026

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re: ***United States v. Apple Inc.*, No. 2:24-cv-04055-JXN-LDW; *In re Apple Inc. Smartphone Antitrust Litigation*, No. 2:24-md-03113-JXN-LDW**
**Joint Notice**

Dear Judge Wettre,

This firm, together with Gibson, Dunn & Crutcher LLP, represents Defendant Apple Inc. ("Apple") in the above-referenced matters. Defendant Apple Inc. ("Apple") and non-party Epic Games, Inc. ("Epic") write to provide a joint notice regarding Apple's subpoena under Federal Rule of Civil Procedure 45, served on Epic on April 9, 2026 (the "Subpoena").

**Apple's Statement.**

**Prior-litigation productions (Request No. 16).** Apple has subpoenaed responsive materials Epic previously produced to Apple in three other antitrust litigations: *Epic v. Apple* (N.D. Cal.); *Epic v. Apple* (Fed. Ct. Austl.); and *Epic v. Google* (N.D. Cal.). Epic refuses to reproduce discovery, or to consent to Apple using documents, from those litigations. Epic proposes instead to produce sealed trial exhibits and deposition designations. Apple maintains that the requested discovery materials are relevant and that Epic should reproduce them or consent to Apple's to use of them in this case. Epic's offer to produce sealed trial exhibits and deposition designations would omit key materials. Because Epic has refused to produce the additional materials, the parties are at impasse.

**Custodial search (Request Nos. 4, 7–10, 13, 15, 18–19, 21–22).** The parties disagree on whether Epic should conduct a reasonable custodial search. Apple maintains that Epic should run eight search term strings against the files of three custodians for the time period of January 1, 2022, to present. Apple has significantly narrowed its requested search to alleviate any burden. Epic objects to Apple's proposed search as burdensome and disproportionate. Epic claims it is willing to consider a narrow custodial search but has not made a counterproposal. As Epic has declined Apple's offer, the parties are at impasse on the scope of the custodial search.

**Targeted collections (Request Nos. 3–4, 10, 13, 15, 17, 20).** The parties disagree on the scope of targeted collections Epic should undertake in response to RFPs 3–4, 10, 13, 15, 17, and 20. Epic argues that the collections Apple has requested are burdensome and disproportionate. Epic also identifies categories of documents it has agreed to produce, which Apple argues do not satisfy the above-listed RFPs. The scope of each remaining request has been narrowly tailored to minimize

Epic's burden and to focus on material unavailable from alternative sources. The requested information is also proportionate, given Epic's communications to enforcement agencies. Epic has declined the above-referenced requests, and therefore the parties are at impasse.

Apple respectfully requests Your Honor's determination that Apple and Epic have reached an impasse for purposes of these disputes, pursuant to Paragraph 5 of the Court's Special Master Appointment Order, and extend the page limit to six pages per party. ECF No. 455 ¶ 5.

**Epic's Statement.**

The parties are not at impasse as to any issues relating to Epic's response to Apple's subpoena. Indeed, as Apple informed Epic today, it "remain[s] willing to discuss and narrow the issues . . . to avoid briefing those issues." 2026.11.04 Email from P. Kennedy to C. Kozikowski.

Apple demands that Epic, a non-party, (1) reproduce millions of documents from its U.S. and Australian litigations with Apple and its U.S. litigation with Google, (2) conduct an extensive custodial search of three custodians from Epic's senior leadership using hundreds of search terms, and (3) collect a wide range of "go get" documents. Significant material responsive to Apple's Subpoena is publicly available from these litigations. In the U.S. Apple litigation alone, there are thousands of publicly available trial exhibits, daily trial transcripts, and voluminous proposed and court-entered findings of fact and conclusions of law. As set forth in Epic's November 2, 2026, letter, Epic has nevertheless also agreed to produce substantial additional materials, including: (1) contracts with Google, Samsung, and cloud-streaming providers; (2) Fortnite active-user and revenue data; (3) responsive European Commission and Competition and Markets Authority submissions; (4) Core Technology Fee invoice records; (5) organizational charts; (6) trust and safety policies; and (7) its trial exhibits and designated deposition testimony from the U.S. Apple and Google litigations. Apple has not substantively responded to this recent counterproposal.

*First*, with respect to the prior litigation materials, the parties continue to confer. These litigations involve many issues unrelated to the present litigation. The most relevant materials are part of the publicly available trial records. Epic cannot reproduce or grant access to the millions of previously produced documents without substantial cost, including undertaking a burdensome and expensive notice process. On November 2, Epic offered to provide Apple with its admitted trial exhibits and designated deposition testimony from these litigations. Apple has not responded to this proposal, other than making a blanket statement today that Apple "cannot accept" it, while offering to continue to meet and confer to avoid briefing this and the other issues Apple raises. 2026.11.04 Email from P. Kennedy to C. Kozikowski. *Second*, as explained above, Epic already agreed to produce significant material in response to Apple's "go get" requests. Apple has not articulated any substantial need for the few that remain. *Third*, with respect to Apple's requested custodial search, the parties continue to confer on this topic. As Epic told Apple on November 2, it remains willing to consider the possibility of a narrow custodial search, but Apple's most recent proposal is unduly broad, in that it includes hundreds of search terms that would capture a substantial portion of the files of the three custodians Apple demands, including Epic's CEO.

Given the foregoing, the parties are not at impasse and Court intervention is unnecessary.

* * *

Respectfully submitted,

_/s/ Liza M. Walsh_
Liza M. Walsh

cc: All counsel (by ECF)