JAVERBAUM WURGAFT
HICKS KAHN WIKSTROM & SININS, P.C.

**STANLEY O. KING, ESQ.**
Partner
sking@lawjw.com

**1000 HADDONFIELD-BERLIN RD.**
**SUITE 203**
**VOORHEES, NJ 08043**
**Phone: (856) 596-4100**
**Fax: (856) 702-6640**
**WWW.LAWJW.COM**

November 4, 2026

**VIA ECF**

Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***In re Apple Inc. Smartphone Antitrust Litig.*, No. 2:24-md-03113-JXN-LDW**
**Joint Notice Regarding Indirect iPhone Purchaser Plaintiffs' Subpoenas to Nonparty Walmart, Inc. and Sam's West, Inc. d/b/a Sam's Club**

Dear Judge Wettre:

Pursuant to ¶ 4 of the Special Master Appointment Order (ECF No. 208) and the Order Centralizing Enforcement of Pretrial Subpoenas (ECF No. 371), Indirect iPhone Purchaser Plaintiffs ("IIPs") and nonparties Walmart, Inc. and Sam's West, Inc. d/b/a Sam's Club (together, "Walmart") respectfully submit this Joint Notice regarding the subpoenas IIPs served on Walmart on September 26, 2025 and Sam's Club on June 24, 2026 (together, the "Subpoenas"), respectively, under Federal Rule of Civil Procedure 45. This joint notice is being filed in accordance with the November 4 deadline for disputes concerning third party discovery.[1]

IIPs and Walmart have met and conferred in good faith regarding the Subpoenas on multiple occasions and have exchanged correspondence. Walmart has agreed to produce responsive, non-privileged documents residing in central files, and aggregated monthly purchase and sales data in response to certain requests in IIPs' Subpoenas. The parties have not yet reached agreement on whether Walmart will produce: (i) transaction-level sales data (including the amounts actually paid or owed for hardware, including installments, trade-ins, discounts and promotions, and credits; status of device sold; channel of sale; list price; and geographic information related to the sale) (RFP No. 74); (ii) responsive, non-privileged documents from custodial searches concerning Walmart's internal communications and documents regarding negotiations with Apple, and Walmart's iPhone pricing and retail sales information (RFP Nos. 9, 65-69, 85); and (iii) Walmart's profit & loss statements (RFP No. 76). Walmart does not believe the parties are at impasse on these issues. IIPs believe the parties are at impasse given today's

[1] As reflected in ECF Nos. 404 and 413, IIPs are negotiating with Apple concerning a uniform hashing proposal that will enable linking between Apple's data and third-party datasets.

deadline to file impasse notices but will continue to work with Walmart to try to reach resolution and if so, will withdraw any affected impasse notice.

**Walmart's Position.** Walmart produced material responsive to the DOJ's and Apple's requests for production on April 23, 2026, which include internal, substantive documents regarding Apple Pay adoption, provisioning of co-branded credit cards to Apple Wallet, and access to Apple's NFC antenna. *First*, with respect to data, Walmart and IIPs continue to meet and confer about IIPs' request that Walmart produce transaction-level sales data (RFP No. 74), in addition to the aggregate data it has already agreed to produce. Apple, which requested similar data from Walmart, has accepted production of aggregate data. Walmart's transaction-level sales data is competitively sensitive, includes personally identifiable information ("PII") about its customers, and would be burdensome to produce, particularly going back to 2015 as IIPs request. Walmart and IIPs are continuing to confer on these topics. On November 3, for example, IIPs sent a proposal to Walmart concerning a uniform proposal that IIPs characterize as, among other things, deferring production of any PII. Walmart is evaluating this proposal but will not be in a position to respond by today. With respect to time period, Walmart has asked IIPs whether they would accept data coinciding with the class period—2020 forward instead of 2015 forward—and IIPs agreed to consider that. *Second*, with respect to Walmart's Profit and Loss statements, IIPs first raised this request on November 2, 2026. Walmart has not had adequate time to respond to this request and will continue to meet and confer on this issue. *Third*, with respect to IIPs' proposal regarding a custodial search of Walmart's documents, IIPs sent their first and only search proposal on October 30, 2026. Walmart has already been investigating what documents may exist on a go-get basis in response to IIPs' RFP Nos. 9, 65-69, and 85. Walmart will also evaluate and respond to IIPs' custodial search proposal regarding these RFPs once it has had adequate time to review this proposal in view of its ongoing "go get" search and will continue to meet and confer on this issue.

**IIPs' Position.** The parties have been meeting and conferring about the issues identified in this impasse notice, including frequent communication in recent weeks that included IIPs' position that if these disputes were not resolved by November 4, they would need to be presented to the Court for resolution. First, IIPs have repeatedly requested that Walmart produce its transactional sales data as requested in RFP No. 74 and explained how that data is relevant to demonstrate that the (alleged) overcharges were passed on to the members of the IIP class who purchased iPhones from Walmart, and to identify IIP class members. IIPs have made clear that aggregated transaction data is insufficient. IIPs have also provided Walmart with a copy of the robust Discovery Confidentiality Order in this case which should sufficiently protect any confidentiality concerns Walmart has in producing its transaction-level data. Additionally, IIPs notified Walmart that they are discussing a uniform hashing protocol with Apple and would share that protocol once finalized. Putting aside the negotiations over PII (which are subject to the November 13 impasse deadline (Dkt. 413)), it is IIPs understanding that Walmart is refusing to produce transaction data on a transaction-by-transaction basis as IIPs requested. The parties are thus at impasse. Second, until just a couple of weeks ago, Walmart had refused to conduct custodial searches for documents responsive to IIPs' Subpoenas. Although IIPs believe Walmart is in the best position to identify custodians and search terms relevant to the issues in IIPs' Subpoenas, IIPs provided custodians and search strings to Walmart shortly thereafter. Third, based on the recent information IIPs

received from Walmart regarding its data sets, IIPs believe that Walmart's profit and loss statements are important to understand the data that Walmart maintains.

This dispute does not require expedited resolution by the Court.

IIPs respectfully request that the Court determine that the parties are at impasse and grant leave to submit letter briefs pursuant to ¶ 5 of the Special Master Appointment Order. IIPs request leave to file a letter brief of up to 8 pages, single spaced. Walmart takes no position on IIPs' page limit extension request, but respectfully requests that to the extent the Court requires further briefing, that Walmart be permitted the same number of pages as IIPs.

We thank the Court for its attention to this matter.

Respectfully submitted,

s/ Stanley O. King
Stanley O. King, Esq.
JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS P.C.
1000 Haddonfield-Berlin Road,
Suite 203
Voorhees, NJ 08043
Tel: 856.596.4100
sking@lawjw.com
*Counsel for Indirect iPhone Plaintiffs*

/s/ Gabriella E. Bensur
Gabriella E. Bensur (notice of appearance forthcoming)
WIGGIN AND DANA LLP
437 Madison Avenue, 35th Floor
New York, New York 10022

*Counsel for Nonparty Walmart, Inc. and Sam's West, Inc. d/b/a Sam's Club*

cc: All counsel of record (via ECF)
Special Masters Linares, Bariso, and Hammer (via email)