**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Case No. 24-md-3113-JXN-LDW<br><br>MDL No. 3113<br><br>Hon. Julien X. Neals, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J. |

# STIPULATED ORDER REGARDING APPLE'S PRODUCTION OF DEVICE PURCHASE-RELATED DATA

A. Direct Apple Watch Purchaser Plaintiffs, Direct iPhone Purchaser Plaintiffs, and Indirect iPhone Purchaser Plaintiffs (collectively, "MDL Plaintiffs" or "Plaintiffs") and Defendant Apple Inc. ("Apple") (collectively, the "Parties"), hereby jointly stipulate as follows:

B. WHEREAS, MDL Plaintiffs have requested data sufficient to identify putative members of their alleged classes, to calculate the net price (the price paid by the consumer) of their direct purchases of Apple Watch and iPhone devices from Apple, and to understand the reason(s) for any difference between list and net price;

C. WHEREAS, while Apple does not adopt all characterizations of its data as set forth in MDL Plaintiffs' requests, in response to those requests, Apple intends in good faith to make two data productions, referred to as "Production I" and "Production II";

D. WHEREAS, Production I is intended by Apple solely to enable Plaintiffs to attempt to meet their burden of showing that putative class members are currently and readily ascertainable based on objective criteria, *see In re Niaspan Antitrust Litig.*, 67 F.4th 118, 129 (3d Cir. 2023) (providing that, to show ascertainability, a plaintiff need not "identify all class members at class certification – instead, a plaintiff need only show that class members can be identified"). Production I will consist of samples reflecting certain purchase data for 100,000 Apple Watch

serial numbers, purchase data for 100,000 iPhone serial numbers, and registration data for 100,000 iPhone serial numbers from certain datasets rather than the full datasets;

E. WHEREAS, Production II will be a complete set of anonymized data on Apple Watch and iPhone purchases and registrations, which at any class notice or claims administration stage can be linked to contact information in the full set of data from which Production I is taken, as and if required by the Court;

F. Accordingly, the Parties **JOINTLY STIPULATE** as follows:

G. Apple will make Production I and Production II as agreed in a separate agreement, which may be referred to as the "Device Data Agreement," designated Highly Confidential pursuant to the Discovery Confidentiality Order, Dkt. 124. If Apple identifies any unexpected issues when pulling the data, it shall inform MDL Plaintiffs and the parties will meet and confer before seeking judicial intervention. If MDL Plaintiffs identify any issues with the data after receipt, they shall inform Apple and the parties will meet and confer before seeking judicial intervention.

H. In exchange for MDL Plaintiffs' agreement to accept Production I as a sample rather than a full production, Apple will not challenge ascertainability on the ground that Plaintiffs' ascertaining mechanism relies on a sample which does not itself cover every class member, nor will Apple claim that the putative class member data in the full set of data represented in Production I cannot be linked to the purchase data in Production II.

I. Although putative class member data such as name and contact information will not be included in Production II, Apple commits to retaining the data in such a way that putative class member data can be re-linked to the produced datasets so that (subject to appropriate safeguards for privacy and security) it could be used (as and if required by the Court) for purposes

of class notice and claims administration.

J. Apple reserves the right to challenge ascertainability on all other grounds. Apple reserves its rights to object to or contest any use of statistical sampling in an attempt to (1) satisfy any requirement of class certification under Rule 23 of the Federal Rules of Civil Procedure (such as predominance) other than ascertainability, or (2) prove any element or aspect of Plaintiffs' claims (such as injury or damages).

K. If the Court later rules that any MDL Plaintiff has failed to satisfy the ascertainability requirement because Production I provides an insufficient data sample and requires a complete or greater set of such data for an MDL Plaintiff to meet its burden to demonstrate ascertainability, then Apple shall provide such data, to the extent available, as and if required by the Court. However, any such future production and any other production of similar data shall be governed by the Supplemental Protective Order (submitted concurrently herewith as a stipulated proposed order), unless otherwise ordered by the Court.

L. Apple will produce data pursuant to the Device Data Agreement by December 16, 2026, with a supplementation on February 15, 2027. For avoidance of doubt, these deadlines are an exception to the generally applicable deadline for substantial completion contained in the currently proposed scheduling order governing other aspects of Apple's structured data production.

* * *

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: November 4, 2026

Joseph R. Rose (*pro hac vice*)
Julian W. Kleinbrodt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
(415) 393-8200
jrose@gibsondunn.com
jkleinbrodt@gibsondunn.com

Cynthia E. Richman (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036-4504
(202) 955-8234
crichman@gibsondunn.com

Daniel G. Swanson (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
dswanson@gibsondunn.com

Connor S. Sullivan (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
cssullivan@gibsondunn.com

*/s/ Liza M. Walsh*

Liza M. Walsh
Douglas E. Arpert
Jessica K. Formichella
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
lwalsh@walsh.law
darpert@walsh.law
jformichella@walsh.law
lmalakoff@walsh.law

Craig S. Primis, P.C. (*pro hac vice*)
K. Winn Allen, P.C. (*pro hac vice*)
Tracie Bryant, P.C. (*pro hac vice*)
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
craig.primis@kirkland.com
winn.allen@kirkland.com
tracie.bryant@kirkland.com

Devora W. Allon, P.C. (*pro hac vice*)
Alexia R. Brancato, P.C. (*pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-5967
devora.allon@kirkland.com
alexia.brancato@kirkland.com

*Attorneys for Defendant Apple Inc.*

Dated: November 4, 2026

By: *<u>/s/ Raj Mathur</u>*
Raj Mathur
SUSMAN GODFREY LLP
One Manhattan West, Floor 50
New York, NY 10001
Tel: (212) 336-8330
rmathur@susmangodfrey.com
*Counsel for Direct iPhone Purchaser Plaintiffs*

Dated: November 4, 2026

By: *<u>/s/ Daniel H. Silverman</u>*
Daniel H. Silverman
COHEN MILSTEIN SELLERS & TOLL, LLP
769 Centre Street, Suite 207
Boston, MA 02130
Tel: (202) 408-4600
dsilverman@cohenmilstein.com
*Counsel for Indirect iPhone Purchaser Plaintiffs*

Dated: November 4, 2026

By: *<u>/s/ Scott K. Attaway</u>*
Scott K. Attaway
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
sattaway@kellogghansen.com
*Counsel for Direct Apple Watch Purchaser Plaintiffs*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: ____November 10_______, 2026

Leda Dunn Wettre

HON. LEDA DUNN WETTRE
United States Magistrate Judge