McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
**T:** 973.993.8100 | **F:** 973.425.0161
**MDMC-LAW.COM**

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmc-law.com

November 10, 2026

**VIA ECF**

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re: *In re Apple Inc. Smartphone Antitrust Litigation*, 2:24-md-03113-JXN-LDW
Watch Plaintiffs' Letter Brief to Compel "Causeway" Documents

Dear Judge Wettre,

Direct Apple Watch Purchaser Plaintiffs ("Watch Plaintiffs") respectfully request that the Court compel Apple to produce responsive documents to which it has access through "Causeway," a document repository and file-sharing system that the Connectivity Standards Alliance ("Alliance"), a technology connectivity nonprofit, maintains and makes available to Apple as an Alliance Member. Watch Plaintiffs request oral argument pursuant to Local Rule 78.1(b).

## I. Introduction

According to the Alliance, Causeway contains connectivity-related documents ("Causeway Documents") that Apple and the Alliance have exchanged and that likely are responsive to both Watch Plaintiffs' and Apple's subpoenas to the Alliance. The Alliance contends that Apple should bear the burden to review and produce the Causeway Documents rather than the Alliance, a nonparty. Apple refuses. It cites burden and asserts that, contrary to the Alliance's suggestion, it lacks possession, custody, or control of the documents.

Watch Plaintiffs' position is that Apple should produce the Causeway Documents to which it has access.[1] The burden to share these documents through the Causeway platform would be minimal. Ordering Apple to produce the Causeway Documents is consistent with the Court's precedent: "'Control' is broadly construed, so a party may be required 'to produce a document that is in the possession of a nonparty entity if the party has the legal right to obtain the document.'" *Microsoft Corp. v. Softicle.com*, 2017 WL 4387376, at *7 (D.N.J. Oct. 2, 2017). In the alternative, Watch Plaintiffs ask the Court to compel the Alliance to produce the Causeway Documents.

[1] Watch Plaintiffs understand that Apple may not have access to every document in the Causeway database. Watch Plaintiffs move to compel Apple to produce only those Causeway Documents to which it has access.

## II. Background

The Alliance describes itself as a nonprofit organization of technology device companies (including Apple) that facilitates standards, tools, and platforms related to connectivity among and between devices. *See* Connectivity Standards Alliance, https://csa-iot.org (last visited October 26, 2026). Apple is a member. Joint Impasse Letter with the Alliance, ECF 428 at 2. In response to subpoenas that Watch Plaintiffs and Apple issued to the Alliance, the Alliance disclosed the existence of "Causeway," a document repository and file-sharing system to which the Alliance controls access. The Alliance provides Apple access to Causeway as part of Apple's membership. According to the Alliance, Causeway contains 643 GB of data. It includes connectivity-related documents that Apple and the Alliance have exchanged and that are likely responsive to both Watch Plaintiffs' and Apple's subpoenas to the Alliance.[2]

The Alliance has refused to produce the Causeway Documents, contending that Apple should produce them to avoid burdening a nonparty. Accordingly, on October 7 and 9, 2026, Watch Plaintiffs asked Apple to produce the Causeway Documents. Apple responded on October 16, 2026, refusing to produce the Causeway Documents. It cited burden, disputed the Alliance's claim that Apple had control of the documents, and argued that the Alliance should produce them instead. Because Apple and the Alliance each insist that the other must produce the Causeway Documents, Watch Plaintiffs have been unable to obtain them from either.

## III. Argument

### A. Relevance: The Connectivity Standards Alliance Coordinates Connectivity and Interoperability Standards Industry-Wide with Apple

The Causeway Documents are relevant because they relate closely to the "claims and defenses of the parties, in the Complaint and other pleadings, which set the guardrails for discoverable information." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Becton, Dickinson & Co.*, 2019 WL 1771996, at *3 (D.N.J. Apr. 23, 2019). The Alliance is a group of technology device companies (including Apple) that facilitates standards, tools, and platforms related to connectivity among devices. *See* Connectivity Standards Alliance, https://csa-iot.org (last visited November 3, 2026). Connectivity and interoperability among devices are at the core of Watch Plaintiffs' allegations. They allege that Apple uses technical and contractual restrictions to impair connectivity between the iPhone and competitor smartwatches. *See, e.g.,* ECF 86 (Am. Compl.) ¶¶ 156-163. Accordingly, Watch Plaintiffs seek documents, including the Causeway Documents, concerning connectivity, as relevant to their allegations. *See* Requests for Production to Apple, Ex. A (RFPs 7, 8.1, 8.4, 10, 10.1, 17, 17.1, 51.4, 55.1, and 70).

The Causeway Documents that Apple exchanged with the Alliance also are relevant to Apple's defenses. They are likely to contain Apple's statements concerning connectivity and interoperability and to discuss Apple's anticipated procompetitive justifications for the challenged conduct.

Apple does not dispute the documents' relevance. The Alliance also agrees the documents are relevant. *See, e.g.*, Joint Impasse Letter with the Alliance, ECF 428 at 2 ("Apple, a [M]ember

---

[2] The Government Plaintiffs have since subpoenaed the Alliance. The documents within Causeway are likely responsive to the Government Plaintiffs' subpoena as well.

of the Alliance with direct access to Causeway that created or participated in creating the *relevant documents*, should produce them.") (emphasis added).

### B. Not Unduly Burdensome

Under Fed. R. Civ. P. 26(b)(1), once a threshold showing of relevance is made, Apple, as the party resisting discovery, "'bears the burden of showing specifically how the request is burdensome.'" *Kelly v. City of Paterson*, 2021 WL 2821175, at *2 (D.N.J. July 7, 2021); *see also Baier v. Princeton Off. Park, L.P.*, 2018 WL 5253288, at *4 (D.N.J. Oct. 22, 2018) ("The mere statement by a party that a discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." (internal quotation marks omitted)). Apple has not made such a showing.

Apple's burden to produce the Causeway Documents is minimal and proportional to the needs of this litigation. Causeway's website says that "Causeway makes it easy to share documents between groups and committees." Causeway, Sharing Documents, https://www.causewaynow.com/guide/sharing-documents (last visited Nov. 3, 2026). Apple does not argue that it cannot access the documents or that doing so would be difficult. Nor would Apple shoulder a significant review burden. Apple can apply the search terms and TAR model the parties negotiated and need not undertake a manual review. Because these documents were exchanged with a third party, no privilege review will be necessary.

### C. Apple Has "Control"

Apple claims that it does not have "control" of the Causeway Documents, but the Alliance represents that Apple has access to and its permission to reproduce them. *See* Joint Impasse Letter with the Alliance, ECF 428 at 2 (stating that "Apple can access" certain Causeway Documents). That suffices under Rule 34 because "[f]ederal courts construe 'control' very broadly," *Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438, 441 (D.N.J. 1991), to include having "demonstrated access to documents in the ordinary course of business," *id.* at 442.

## IV. Conclusion

Watch Plaintiffs respectfully request that Apple be ordered to produce the Causeway Documents to which it has access. In the alternative, Watch Plaintiffs ask the Court to order the Alliance to produce them.

Respectfully submitted,

/s/ Thomas R. Curtin

Thomas R. Curtin
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 993-8100

tcurtin@mdmc-law.com