# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Case No. 2:24-md-03113 (JXN) (LDW)<br>MDL 3113<br>Hon. Julien X. Neals, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J. |

**<u>DEFENDANT'S SECOND SET OF COLLECTIVE INTERROGATORIES</u>**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Apple Inc. ("Apple") submits its Second Set of Interrogatories (collectively, the "Interrogatories"; individually, an "Interrogatory") to the putative Indirect iPhone Purchaser Plaintiff Class, putative Direct iPhone Purchaser Plaintiff Class, and the putative Apple Watch Purchaser Plaintiff Class. Each Interrogatory is subject to the Definitions and Instructions below.

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. All terms otherwise undefined herein are used consistent with their use in the Consolidated Complaints (as defined below), without waiver or admission concerning the accuracy of any such usage. As used in the below Interrogatories and the Definitions and Instructions, the words set forth below shall be defined as follows:

1. "Apple" shall mean Apple Inc.

2. "Apple ID" (also known as "Apple Account") shall mean an account created with Apple to access Apple services like the App Store, Apple Music, iCloud, iMessage, Facetime, and others.

3. "Consolidated Complaints" shall mean the Direct Purchaser Plaintiffs' Consolidated Class Action Complaint ("Direct Purchaser Complaint"), the Indirect iPhone Purchaser Plaintiffs' Corrected Consolidated Class Action Complaint ("Indirect Purchaser Complaint"), and the Direct Apple Watch Purchaser Plaintiffs' First Amended Class Action Complaint ("Watch Purchaser Complaint") filed in the consolidated multidistrict proceeding against Apple in the United States District Court for the District of New Jersey on July 30, 2025 and September 11, 2025 (Case No. 2:24-md-03113, Dkt. Nos. 85–86 & 109), or any future amended complaints.

4. "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books; records and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

5. "Plaintiffs," "You," and "Your" shall mean the named Plaintiffs representing the purported iPhone Direct Purchaser Class, specifically Shoshi Goldfus, Deanna Siano, James Collins, and Deborah (Daisy) Collins; the purported iPhone Indirect Purchaser Class, specifically Erik Loewen, Sharla Hilburn, Alton Peacock, Jared Schermer, Thomas Bane, Pashen Bennett, Jemiah Duff, Miguel Gomez, Kiana Brown, Kenneth Hill, Jeffrey Burke, Charles Derr, Thomas P. Gorczynski, Susan Marie, David Love, Dana Bein, Joshua Hodges, David McNeal, Ken Leinbach, Nicole Arends, Nancy Cox, Andrea Mathieu, David Burleigh, Kori Lodi, and Joshua Roy; and the purported Direct Apple Watch Purchaser Class, specifically Joseph Giamanco, as well as anyone acting on behalf of the named Plaintiffs including present or former agents, representatives, attorneys, investigators, accountants, and any and all Persons acting or purporting to act on behalf of them.

6. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all responses that might otherwise be construed to be outside of its scope.

7. The terms "any," "each," and "all" are mutually interchangeable and are meant to encompass each other.

8. The terms "concerning," "reflecting," "regarding," and "related to" mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with, involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

9. The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

10. The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

11. The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1. For purposes of interpreting or construing the scope of these Interrogatories, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Interrogatory.

2. Each Plaintiff is instructed to respond individually to each Interrogatory, to the extent that Plaintiff possesses any unique, non-duplicative information responsive to the Interrogatory. If multiple Plaintiffs have the same response to any Interrogatory, they shall so state and need not offer separate responses.

3. In answering these Interrogatories, You should furnish all information, however obtained, including hearsay, that is available to You through Your reasonable inquiry, access, or control, including information in Your actual or constructive possession, or in the actual or constructive possession of Your attorneys, experts, or anyone else acting on Your behalf.

4. If You cannot answer an Interrogatory in full, You should answer to the extent possible, specifying the reason(s) for the inability to answer the remainder of the Interrogatory.

5. If You object to a portion of any Interrogatory, You shall state the legal and factual basis for Your objection with specificity and respond to all parts of the Interrogatory to which You do not object.

6. If You encounter any ambiguity in the Interrogatories, in a definition, or in an instruction relevant to the Interrogatories, explain what You find to be ambiguous and what construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in an Interrogatory, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the Interrogatory that You do understand.

7. If You object to any Interrogatory on the grounds that responding is unduly burdensome, describe the undue burden.

8. If You contend that any part of an Interrogatory is overbroad, You shall explain in detail why it is that You consider that part of the Interrogatory to be overbroad, and You shall respond to the remainder of the Interrogatory that You do not consider to be overbroad.

9. If any requested answer to an Interrogatory is withheld in whole or in part on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Paragraph VI.3 of the Proposed Stipulation and Order Governing Electronically Stored Information and Hard Copy Documents, ECF No. 100-2, and any other applicable orders.

10. If any portion of any information responsive to these Interrogatories is withheld under claim of privilege, all non-privileged information must be provided pursuant to the preceding instructions.

11. To the extent required by the Federal Rules of Civil Procedure and applicable case law, these Interrogatories are continuing and require further and supplemental responses if additional information is received, generated, or discovered after the time of the original responses. If after responding to these Interrogatories, You obtain or become aware of any additional information that is directly or indirectly responsive to any part of any of these Interrogatories, You shall promptly provide any additional responses.

12. Apple serves these Interrogatories without prejudice to its right to serve additional interrogatories pursuant to the Case Management Order.

**DEFENDANT'S SECOND SET OF COLLECTIVE INTERROGATORIES**

**COLLECTIVE INTERROGATORY NO. 2:**

Identify each and every Apple ID that You have access to, created, have used, or that is authorized to use one of Your payment methods, and provide for each such Apple ID all account details including the associated email address, phone number, first name, last name, date of birth, physical address (if entered), and any other identifying information associated with the Apple ID.

Dated: July 21, 2026

Respectfully submitted,

*/s/ Liza M. Walsh*

Liza M. Walsh
Douglas E. Arpert
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Tel.: (973) 757-1100
Email: LWalsh@walsh.law
DArpert@walsh.law

Devora W. Allon, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-5967
Email: devora.allon@kirkland.com

Cynthia E. Richman (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: (202) 955-8500
Email: crichman@gibsondunn.com

Daniel G. Swanson (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.: (213) 219-7000
Email: dswanson@gibsondunn.com

Joseph R. Rose (*pro hac vice*)
Julian W. Kleinbrodt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel.: (415) 393-8200
Email: jrose@gibsondunn.com
jkleinbrodt@gibsondunn.com

Craig S. Primis, P.C. (*pro hac vice*)
Matthew J. Reilly, P.C. (*pro hac vice*)
K. Winn Allen, P.C. (*pro hac vice*)
Luke P. McGuire (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
Email: craig.primis@kirkland.com
matt.reilly@kirkland.com
winn.allen@kirkland.com
luke.mcguire@kirkland.com

Connor S. Sullivan (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 351-4000
Email: cssullivan@gibsondunn.com

*Counsel for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of July, 2026, counsel of record have been served by electronic mail, pursuant to agreement of the parties, with a true and correct copy of the foregoing.

*<u>/s/ Nick Barba</u>*
Nick Barba