# Exhibit C

GIBSON DUNN

Connor S. Sullivan
Partner
T: +1 212.351.2459
M: +1 216.956.8955
cssullivan@gibsondunn.com

September 29, 2026

VIA EMAIL

Caroline F. Bartlett, Esq.
Carella Byrne Cecchi Brody & Agnello P.C.
cbartlett@carellabyrne.com

Jeffrey L. Spector, Esq.
Spector Caldes & Corrigan PC
jspector@scc.law

Ariela M. Migdal
Rund M. Khayyat
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
amigdal@kellogghansen.com

Re: *In re Apple Inc. Smartphone Antitrust Litigation*, No. 2:24-md-03113

Dear Counsel,

We write in response to Plaintiffs' September 2, 2026 letter regarding Interrogatory 2, which responded to Apple's August 28, 2026 letter regarding the same. As to each of the issues addressed in the letters—the relevance and proportionality of Interrogatory 2, the extent to which Plaintiffs can withhold their Apple IDs based on their speculation about how Apple might use their Apple IDs, and the relevance of non-party Apple IDs—it is clear that the parties are at impasse.

Before addressing Plaintiffs' specific objections, Apple notes again that Plaintiffs' own discovery requests explicitly call for or otherwise put at issue Plaintiffs' Apple IDs. *See, e.g.*, iPhone Plaintiffs' RFP 61, 105; Watch RFP 61; *see also* Watch RFP 61.1, 79 (requesting data that includes Apple IDs). Plaintiffs have not withdrawn these requests, and insofar as they will not do so, they must provide Apple with their Apple IDs immediately. Plaintiffs' continued failure to provide this fundamental information prejudices Apple's ability to use the data Plaintiffs themselves have requested (and that Apple has agreed to produce) and, in the case of iPhone RFP 105, makes it impossible for Apple to respond. Apple reserves all rights.

**Relevance, Overbreadth, and Proportionality**

Apple disagrees with Plaintiffs' arguments on relevance, overbreadth, and proportionality. Plaintiffs concede that there are appropriate and relevant uses of their Apple IDs for this litigation, including to obtain device purchase information and to "identify the information Apple has collected about the named Plaintiffs." Letter at 2. But those are not the only reasons why Apple

is entitled to Plaintiffs' Apple IDs. Apple is also entitled to Plaintiffs' Apple IDs, at a minimum, to investigate whether Plaintiffs can satisfy the requirements of Rule 23, whether they've been injured, and whether they have standing to pursue their claims. For instance, Plaintiffs' Apple IDs will allow Apple to investigate Plaintiffs' app downloads and subscription purchases, which could bear on whether Plaintiffs' conduct is typical or atypical of the class, their experience (if any) with the apps and services at issue in the complaint, and their injury allegations.

Plaintiffs speculate that Apple will "conduct a fishing expedition through a user's data for use in this litigation" and claim that if Apple has their Apple IDs, Apple can and will obtain access to Plaintiffs' "health information, location data, financial transactions, communications, or any of the other personal information Apple maintains on users." Letter at 2–3. First, as Apple has repeatedly explained, Plaintiffs' Apple IDs will not give Apple the ability to access any data that it does not already have. Rather, Plaintiffs' Apple IDs are necessary for Apple to investigate Plaintiffs' claims and Apple's defenses, including by identifying Plaintiffs within the data that Apple has already produced or may produce at a later time. And even with Plaintiffs' Apple IDs, Apple cannot access any data that is end-to-end encrypted, which includes the contents of Plaintiffs' iMessages, Health data, and passwords. *See* Apple Letter at 3–4. Regardless, Plaintiffs' Apple IDs are basic identifying information that Apple is entitled to in discovery both to respond to Plaintiffs' own discovery requests and to investigate fundamental disputed issues. Plaintiffs cannot prevent Apple from defending itself by withholding plainly relevant information.[1]

Finally, Plaintiffs' invitation to negotiate an additional protective order beyond the discovery confidentiality order ("DCO") is unnecessary and would needlessly delay discovery. The DCO already prevents Apple from disclosing confidential and highly confidential material beyond the listed recipients and provides robust data security protections. *See generally* Dkt. 124. According to Plaintiffs, their proposed Apple-ID protocol would dictate "how MDL Plaintiffs' Apple IDs may be used" and would require Apple to get Plaintiffs' consent to access any "particular piece of information" not already in the case and to provide a relevance justification when doing so. Letter at 4. But no such unnecessary and intrusive strictures have been imposed any other litigation involving the disclosure in discovery of named plaintiff Apple IDs, and Plaintiffs have pointed to no unique circumstances here. Moreover, negotiations over the provisions in Plaintiffs' proposed Apple ID protocol would prolong the discovery timeline and prevent Apple from responding to Plaintiffs' own discovery requests.

**<u>Non-Party Apple IDs</u>**

Plaintiffs' explanations for refusing to offer the Apple IDs for which Plaintiffs are payors is without merit. Every Apple ID for which a named Plaintiff is a payor is relevant to Apple's

---

[1] Plaintiffs' various questions and arguments about Apple's privacy policy are irrelevant for the same reasons. Apple pointed Plaintiffs to the Apple privacy policy based on Plaintiffs' questions at the August 24, 2026, meet and confer, but as Apple stated at the meet and confer and in its subsequent letter, Apple is entitled Plaintiffs' Apple IDs regardless of the contents of the privacy policy.

defenses and assessment of the merits of Plaintiffs' allegations. The Apple ID information that Apple has requested will permit it to investigate Plaintiffs' decision-making and real world conduct regarding their engagement with the products and services at issue in their complaints. Those decisions are relevant and discoverable whether Plaintiffs made them for themselves or whether they authorized others to make them through the use of their payment methods. Plaintiffs can argue to the factfinder about the probative value of conduct authorized via their payment methods, but they are not entitled to preemptively cutoff Apple's inquiry into that conduct by withholding discovery.

The parties are at an impasse on ROG 2. Please provide edits to the attached joint notice of impasse or confirm that Plaintiffs will respond to ROG 2 in full by 3 business days.[2]

Sincerely,

_/s/ Connor S. Sullivan_

GIBSON, DUNN & CRUTCHER LLP

---

[2] In light of the Court's general instruction to expeditiously move discovery forward, Apple requests that Plaintiffs make every effort to comply with this deadline.