# Exhibit E

GIBSON DUNN

Connor S. Sullivan
Partner
T: +1 212.351.2459
M: +1 216.956.8955
cssullivan@gibsondunn.com

May 5, 2026

VIA EMAIL

Daniel Epstein
Korein Tillery
depstein@koreintillery.com

Ariela Migdal
Kellog, Hansen, Todd, Figel & Frederick, P.L.L.C.
amigdal@kellogghansen.com

Re: *In re Apple Inc. Smartphone Antitrust Litigation*, No. 2:24-md-03113

Dear Counsel,

We write to follow up on the issues discussed during our March 13, March 19, and March 26, 2026 meet-and-confers ("M&Cs") regarding Apple's written discovery requests to Watch Plaintiff.

**Search Terms**

Apple understands that Watch Plaintiff will propose search terms for Apple's RFPs. Apple requests that Watch Plaintiff confirm whether and when he is going to propose search terms by May 12, 2026.

**RFP 129**

*All Documents, data, and Communications relating to Your complete history of digital software purchases or acquisitions, including Apps, In-App Purchases, subscriptions, and any other downloadable content, regardless of whether such items were obtained via an App Marketplace, direct web download, or side loading. This request encompasses all software installed, purchased, or acquired on any device used by You (including Smartphones, tablets, Wearables, portable media players, smart TVs, gaming consoles) and shall include the name of the item, the cost (if any), and the date of acquisition.*

Apple addresses various aspects of this Request below.

- Scope of "digital software purchases or acquisitions": This phrase encompasses any software, including apps, video games, and computer programs, that a plaintiff has purchased or acquired digitally. This is distinct from physical media (e.g., a DVD or flash drive) that a plaintiff purchases from a brick and mortar store. For the avoidance of doubt, Apple notes that "acquired" includes software that a plaintiff downloads for free.

- Scope of "subscriptions": Apple clarifies that "subscriptions" in this Request means subscriptions purchased through or in connection with "digital software."

  For example, if Watch Plaintiff subscribed to the New York Times ("NYT") in the NYT app on his iPhone, then documents and communications relating to that subscription purchase would be responsive because it was done in connection with "digital software" (namely, the NYT iOS app). Likewise, if Watch Plaintiff subscribed to the NYT on the NYT website (accessed through an internet browser on their phone, personal computer, or other means), documents and communications relating to that subscription purchase would also be responsive if that subscription is being used within the NYT app on their iPhone.

  The scope of this Request is also limited to the fact and details of the subscriptions themselves. It does not include documents and communications about what Watch Plaintiff does inside of a subscription. For example, documents and communications would be responsive if they relate to Watch Plaintiff's decision to subscribe to the NYT or Uber One—including any documents relating to his decision to subscribe or not subscribe, the level at which he subscribed, his satisfaction or dissatisfaction with the purchasing process, and the price he paid—but documents and communications relating to the specific articles that he read on the NYT app, or the specific restaurants he ordered from on Uber Eats, would not be responsive.

- Scope of "In-App Purchases": As an initial matter, Apple refers Watch Plaintiff to the definition provided in its definitions: "'In-app Purchase' shall mean the purchase of a product, feature, service, or functionality for a fee that occurs within a mobile App." Apple does not understand Watch Plaintiff to have any confusion about this definition and confirms that any documents or communications that fit within it are responsive. However, for purposes of this Request, Apple agrees that movies, TV shows, and music purchased, rented, or otherwise acquired within an app, e.g., a movie purchased from within the Amazon Prime app, can be excluded from the scope of "In-App Purchases."

- Relevance: The information sought in this Request is relevant to assessing Watch Plaintiff's allegations concerning lock in, consumer switching, and other issues relevant to Apple's ability to cross examine Watch Plaintiff regarding his allegations. *See, e.g.*, Watch Compl. ¶¶ 38–43, 203–04.

Further, Apple does not agree to limit this Request to documents "sufficient to show." That said, in the interest of compromise, Apple is willing to defer certain categories of this Request. Specifically, Apple is willing to defer requests for digital software purchases or acquisitions made on (1) gaming consoles; or (2) PC/Mac devices, *except* for (a) web-based purchases for subscription or digital items that are used within smartphone, smartwatch, or iPad applications (e.g., purchasing virtual currency or in-game items through a webstore for use in a mobile game), and (b) purchases made through the Mac App Store.

In addition, while Watch Plaintiff's App Store purchase records are responsive to this Request, Apple is willing to defer this aspect of the Request if Watch Plaintiff provides his Apple

IDs, along with the associated email address, phone number, first name, last name, date of birth, physical address (if entered), and any other identifying information.

This narrowing is offered as a compromise and without waiver of Apple's right to seek production of the deferred categories of purchases and acquisitions at a later time, including in response to information Apple learns from Plaintiffs' interrogatory responses, document productions, or deposition testimony.

Please confirm Watch Plaintiff's position on this Request by May 12, 2026.

**RFP 149**

*All Documents and Communications relating to Your use of or experience with any Apple services or features, including iMessage, FaceTime, iCloud, AirDrop, Apple Wallet, or CarPlay.*

Watch Plaintiff noted his objection that "any Apple services or features" is overbroad. Apple disagrees. Nonetheless, to the extent Watch Plaintiff has a proposal for narrowing this Request, Apple will consider it.

Apple clarifies that "experience with any Apple services or features" encompasses documents and communications that reflect or relate to (1) Watch Plaintiff's satisfaction or dissatisfaction with "Apple services or features"; (2) how frequently and for what purposes he uses "Apple services or features"; and (3) his ability or inability to access and use alternatives to the "Apple services or features" that he uses. It does not encompass documents and communications that simply reflect the fact of his use—e.g., a text message that says "I just had an argument over Facetime with my spouse" would not be responsive.

Please confirm Watch Plaintiff's position on this Request by May 12, 2026.

**RFPs 134–35, 137–38**

*134: All Documents, data, and Communications exchanged with any foreign competition or antitrust regulators, agencies, or organizations that relate to any of Your allegations.*

*135: All Documents, data, and Communications exchanged with any State Government, the Federal Government, or any agency thereof, that relate to any of Your allegations*

*137: All Documents, data, and Communications exchanged between You and any third party relating to any investigation by a State Government, the Federal Government, any agency thereof, or any foreign regulator concerning the Alleged Conduct.*

*138: All Documents, data, and Communications exchanged between You and any third party concerning the Alleged Conduct, specifically including Communications with any lobbying firms, public relations agencies, strategy consultants, or communications firms, as well as any competitors of Apple (such as Microsoft Corporation) or any representatives, affiliates, or members of the Coalition for App Fairness (including Epic Games, Spotify, and Match Group).*

Apple understands that Watch Plaintiff has relevance objections to these Requests. Apple disagrees and maintains that the relevance of these Requests is self-evident and indisputable

because these Requests only seek documents and communications that relate to the Alleged Conduct, i.e., to a "claim or defense." Fed. R. Civ. P. 26(b).

To the extent that Watch Plaintiff has questions concerning which third parties Apple references in these Requests, Apple responds that these Requests seek documents and communications relating to the Alleged Conduct exchanged between Watch Plaintiff and all third parties, without limitation. The specific third parties mentioned in these Requests are provided by way of example and to ensure thoroughness. The lists are not meant to be all-inclusive and they are not limitations on Watch Plaintiff's obligation to produce all documents and communications relating to the Alleged Conduct.

Please confirm Watch Plaintiff's position on these Requests by May 12, 2026.

**RFP 147**

*All non-privileged Communications between You and any plaintiffs (or counsel for any such Plaintiff) named in the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint, Dkt. No. 87, and Indirect iPhone Purchaser Plaintiffs' Corrected Consolidated Class Action Complaint, Dkt. No. 109, regarding this litigation, and any Documents relating to such Communications.*

Watch Plaintiff asked Apple to clarify the scope of "this litigation." As stated at the March 26 M&C, "this litigation" means the entirety of *In re Apple Inc. Smartphone Antitrust Litigation*, No. 2:24-md-03113.

Please confirm Watch Plaintiff's position on this Request by May 12, 2026.

**RFP 148**

*All Communications with any plaintiff (or counsel of any plaintiff) in the action United States v. Apple Inc., 2:24-cv-04055 (D.N.J.), and any Documents relating to such Communications.*

The parties discussed the scope of this Request as to subject matter and communicator. As to subject matter, Apple agrees to limit the Requests to responsive documents and communications relating to the Alleged Conduct such that the Request can be read as "All Communications with any plaintiff (or counsel of any plaintiff) in the action *United States v. Apple Inc.*, 2:24-cv-04055 (D.N.J.) [relating to the Alleged Conduct], and any Documents relating to such Communications." As to the communicator, Apple confirms that the Requests are not limited to communications between a plaintiff and the government plaintiffs. Therefore, communications between third parties and government plaintiffs relating to the Alleged Conduct are also responsive to these Requests (to the extent they are in a plaintiff's possession, custody, or control).

Please confirm Watch Plaintiff's position on this Request by May 12, 2026.

**RFP 92**

*All Documents, data, and Communications relating to the alleged monetary or nonmonetary injury allegedly suffered by You due to the Alleged Conduct, whether directly or indirectly, both for Your individual claims and on behalf of any putative class, including any and all claimed injuries and all damages calculations, estimates, or methodologies (including any calculations, estimates or methodologies regarding the pass-through of alleged overcharges) and all other relief that You seek individually and on behalf of the putative class.*

As Apple explained at the parties' March 26 M&C, these Requests seek all documents relating to any monetary or non-monetary harm that Watch Plaintiff claims to have suffered due to the Alleged Conduct. Examples of the types of documents that could be relevant are receipts, spreadsheets tracking Apple Watch expenses, and text messages where Watch Plaintiff is discussing whether he got a good deal for his Apple Watch, the quality of his Apple Watch, or any other degradation or benefit caused by the Alleged Conduct. Those examples are illustrative of a simple concept: If Watch Plaintiff claims any type of monetary or non-monetary harm due to the Alleged Conduct, then in responding to this Request he should produce all documents he has in his possession, custody, or control that support or rebut the existence of that alleged harm.

Additionally, Apple notes that the minor differences between the versions of this Request served on the different plaintiff groups are not intended to convey any substantive differences in the scope of discovery sought.

Please confirm Watch Plaintiff's position on this Request by May 12, 2026.

**RFP 139**

*All Documents, data, and Communications referenced in, relating to, or that You reviewed, referred to, identified, or relied on in preparing any of Your responses to interrogatories or requests for admission in this litigation, to the extent such Documents have not already been produced.*

Apple notes that the minor differences between this Request and the corresponding requests to iPhone Plaintiffs (DPP RFP 142, IPP RFP 139) are not intended to convey any substantive differences in the scope of discovery sought. Apple's understanding is that there is otherwise nothing to clarify in writing about this Request. Please confirm Watch Plaintiff's position on this Request by May 12, 2026.

**RFP 133**

*All Documents, data, and Communications relating to Your calculations or comparisons of the combined cost of iPhone or Apple Watch, including any data plans, necessary accessories, and subscription services for those devices.*

The parties discussed what Apple meant by "combined cost" in these Requests. For Watch Plaintiff this concept refers to the lifecycle cost associated with his use of an iPhone or Apple Watch for the expected duration of ownership of the device. This includes the cost of the device,

wireless service (if applicable), and any other costs that Watch Plaintiff needs to operate, upgrade or enhance his iPhone or Apple Watch.

As Apple noted at the M&C, Watch Plaintiff is only required to produce documents in response to this Request to the extent he has "calculate[ed]" or "compar[ed]" the "combined cost of iPhone or Apple Watch."

Please confirm Watch Plaintiff's position on this Request by May 12, 2026, including whether Watch Plaintiff has investigated and determined that they do not have any responsive documents.

**RFP 132**

*All Documents and Communications relating to Your views, reactions, or comments to any change in Apple's App Store policies.*

The parties discussed the scope of "App Store policies" at the March 26 M&C. As Apple explained, "App Store policies" means any actual or perceived App Store policies. In other words, this Request is not limited to Apple's written policies concerning the App Store; they include anything Watch Plaintiff considers to be an App Store policy even if that thing is not actually an App Store policy.

Watch Plaintiff also noted an overbreadth objection to this Request. Apple disagrees. Nonetheless, if Watch Plaintiff has a proposal for narrowing this Request Apple will consider it.

Please confirm Watch Plaintiff's position on this Request by May 12, 2026.

**RFP 121**

*All Documents, data, and Communications relating to Your detailed device and Application usage history on any Smartwatch You owned or controlled, whether such data is retrieved from the device's current active memory or from any local or cloud-based backups (including iCloud, iTunes/Finder, Google Drive, Samsung Cloud, or similar archival services). This Request encompasses all available data and analytics logs from the "Screen Time" feature on iOS devices, the "Digital Wellbeing" feature on Android devices, or any other similar features.*

At the parties March 26 M&C, Watch Plaintiff did not raise any objections to this Request, which requests discovery on Watch Plaintiff's usage of any smartwatch. The parties previously discussed RFP 120, which requests the same information but for any smartphone. Apple covered the parties' discussion of RFP 120 in its March 23, 2026 letter, and Apple responded to Watch Plaintiff's April 7, 2026 letter regarding RFP 120 in its May 5, 2026 response letter.

Please confirm Watch Plaintiff's position on this Request by May 12, 2026.

**RFP 145**

*All Documents relating to all agreements between and/or among You and Your counsel pertaining to this litigation or any of Your allegations.*

Apple's understanding is that there is nothing for Apple to clarify in writing regarding this Request. Please confirm Watch Plaintiff's position on this Request by May 12, 2026.

Sincerely,

*/s/ Connor S. Sullivan*

GIBSON, DUNN & CRUTCHER LLP