# Exhibit H

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Case No. 2:24-md-3113(JXN)(LDW)<br>MDL 3113<br>Hon. Julien X. Neals, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J. |

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO APPLE WATCH PURCHASER PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 34, Defendant Apple Inc. ("Apple") submits its First Set of Requests for Production of Documents (collectively, the "Requests"; individually, a "Request") to Apple Watch Purchaser Plaintiff. Each Request is subject to the Definitions and Instructions below.

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. All terms otherwise undefined herein are used consistent with their use in the Consolidated Complaint (as defined below), without waiver or admission concerning the accuracy of any such usage. As used in the below Requests and the Definitions and Instructions, the words set forth below shall be defined as follows:

1. "Alleged Conduct" shall mean all (and any component of) the conduct alleged to be unlawful in the Consolidated Complaint. Alleged Conduct includes but is not limited to:

a. Any alleged contractual restrictions Apple has placed on non-Apple Smartwatch manufacturers;

b. Any alleged restrictions Apple has placed on third-party device makers' access to iOS features and development tools, including APIs and SDKs;

c. Any alleged actions Apple has taken to push iPhone and iOS updates that disrupt the functioning of Smartwatches;

d. Any alleged restrictions Apple has imposed on access to Messaging APIs for third-party Smartwatch manufacturers;

e. Any alleged restrictions Apple has placed on phone number sharing for non-Apple Smartwatches;

f. Any alleged restrictions Apple has imposed on access to Notification APIs for non-Apple Smartwatches;

g. Any alleged restrictions Apple has imposed on Wallet APIs for non-Apple Smartwatches;

h. Any alleged restrictions Apple has imposed regarding background app refresh and low power mode for non-Apple Smartwatches;

i. Any alleged restrictions Apple has imposed on Bluetooth pairing for non-Apple Smartwatches;

j. Any alleged restrictions or penalties Apple has imposed on app developers who mention third-party devices in their App Store app listings or otherwise design Apps that support or are compatible with non-Apple Smartwatches.

2. "Alleged Smartphone Market" or "Alleged Smartphone Markets" shall mean the "market for iOS smartphones," "market for smartphones," and "performance smartphone market" as defined in Paragraphs 198, 202, 205 of the Consolidated Complaint.

3. "Alleged Smartwatch Market" or "Alleged Smartwatch Markets" shall mean the "iOS-connected smartwatch" and "market for smartwatches," as defined in Paragraph 197 of the Consolidated Complaint.

4. "API" shall mean an application programming interface and shall be defined as in the Consolidated Complaint, including without limitation in Paragraph 46 of the Consolidated Complaint.

5. "Apple" shall mean Apple Inc.

6. "App" or "Application" shall mean a native software application offered on Smartphones, tablets, smart TVs, Wearables, gaming consoles, MacBook laptops, Macintosh desktop computers, or Windows-based laptops and stand-alone personal computers that performs specific tasks at the user's request, including without limitation as set out in Paragraph 33 of the Consolidated Complaint.

7. "App Marketplace" shall mean any online storefront where Apps are offered for download or purchase, including the Apple App Store, Amazon Appstore, Amazon Underground, Android Market, Aptoide, Blackberry World, Chrome Web Store, Epic Games Store, GetJar, Google Play Store, Microsoft Store, Origin, Samsung Galaxy Store, Steam, Windows Phone Store, Altstore, TutuApp, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

8. "App Review" shall mean Apple's or any other Person's processes of reviewing Apps or App updates for potential inclusion on App Marketplaces.

9. "Communication" shall mean any exchange or transmission of words or ideas to another Person or entity, whether accomplished Person to Person, by telephone, in writing, via electronic mail or text message, via social media, or through any other medium, and shall include discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, blogs, postings, statements, and questions.

10. "Consolidated Complaint" shall mean the Direct Apple Watch Purchaser Plaintiff's First Amended Class Action Complaint filed in the consolidated multidistrict proceeding against Apple in the United States District Court for the District of New Jersey on July 30, 2025 (Case No. 2:24-md-03113, Dkt. No. 86), or any future amended complaints.

11. "Digital Wallet" shall mean an Application that allows users to store, manage, and use digital representations of payment credentials, personal identification, transit passes, movie tickets, car keys, or other personal information for in-person or online uses.

12. "Document" shall have the full meaning ascribed to it under Rule 34 and Rule 45 of the Federal Rules of Civil Procedure and shall include Communications; memoranda; records; Reports; books; records and summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records and summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs; or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. The term "Document" further includes all copies where the copy is not identical to the original.

13. "In-App Purchase" shall mean the purchase of a product, feature, service, or functionality for a fee that occurs within a mobile App.

14. "Including," "included," "includes," and "include" shall not be construed as limiting any Request, and shall mean the same as "including, but not limited to."

15. "Person" shall mean any natural individual, partnership, corporation, company, association, organization, joint venture, government, agency, or entity.

16. "Plaintiff," "You," and "Your" shall mean Joseph Giamanco and anyone acting on his behalf including present or former agents, representatives, attorneys, investigators, accountants, and any and all Persons acting or purporting to act on behalf of them.

17. "Report" shall mean any reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

18. "SDK" shall mean Apple's Software Development Kit.

19. "Smartphone" shall mean a mobile device that combines the functions of cell phones with those of a mobile computer, including by enabling a user to make phone calls, send emails and text messages, and use Apps, as defined in Paragraph 201 of the Consolidated Complaint. Smartphones generally include Apple iPhone devices using the iOS mobile operating system, as well as competing Smartphones primarily using the Android mobile operating system, as referenced in Paragraph 198 of the Consolidated Complaint.

20. "Smartwatch" shall be defined as in the Consolidated Complaint, including in Paragraph 23 of the Consolidated Complaint.

21. "Messaging APIs" shall be defined as in the Consolidated Complaint, including in Paragraphs 53 through 95 of the Consolidated Complaint.

22. “Notification APIs” shall be defined as in the Consolidated Complaint, including in Paragraphs 96 through 107 of the Consolidated Complaint.

23. “Wallet APIs” shall be defined as in the Consolidated Complaint, including in Paragraphs 108 through 113 of the Consolidated Complaint.

24. “Wearable” or “Wearables” shall mean wearable devices with an interactive display and accompanying Apps that let users perform a variety of functions and shall include any “Smartwatch” as defined above.

25. The connectives “and” and “or” shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents, Communications, materials, or responses that might otherwise be construed to be outside of its scope.

26. The terms “any,” “each,” and “all” are mutually interchangeable and are meant to encompass each other.

27. The terms “concerning,” “reflecting,” “regarding,” “relating to,” and “related to” mean in whole or in part, concerning, reflecting, regarding, related to, relating to, in connection with, involving, supporting, addressing, analyzing, constituting, containing, commenting on, discussing, describing, identifying, referring to, reporting on, stating, dealing with, or in any way pertaining or bearing a logical connection to.

28. The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

29. The use of the feminine form of any word includes the masculine form and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

30. The past tense shall be construed to include the present tense and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

**INSTRUCTIONS**

1. For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

2. All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures.

3. Plaintiff is instructed to respond individually to each Request, to the extent that Plaintiff possesses any unique, non-duplicative Documents or information responsive to the Request.

4. In responding to these Requests, You shall produce all Documents and Communications in Your possession, custody, or control, and all Documents and Communications reasonably available to You, including those in the possession, custody, or control of any Person acting on Your behalf.

5. These Requests shall not be deemed to call for identical MD5 hash duplicates of Documents and Communications. "Identical" means precisely the same in all respects; for example, a Document or Communication with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks. Additionally, for Documents or

Communications with attachments, the hash value shall be generated based on the parent/child document grouping. Otherwise identical Documents or Communications with unique family members are not identical, and both must be produced. You shall produce as a separate Document or Communication any Document and Communication that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document or Communication without such marks.

6. In responding to any Request calling for the production of data, logs, application usage history, or other information generated by or stored on a Smartphone or other devices, You shall search for and produce responsive information contained in all available backups of such devices (whether stored locally, such as on a computer, or in the cloud, such as via iCloud, Google Drive, or Samsung Cloud). You are instructed to produce such information even if it is no longer present on Your current active device, and, if necessary to retrieve responsive information, You shall restore such backups to a device or utilize forensic tools to access the data.

7. If there are no Documents or Communications responsive to a category in these Requests, You shall so state in writing.

8. If You object to a portion of any Request, You shall state the basis for Your objection with specificity and respond to all parts of the Request to which You do not object.

9. If You encounter any ambiguity in the Requests, in a definition, or in an instruction relevant to the Requests, explain what You find to be ambiguous and what construction You used in providing Your response. If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

10. If any requested Document or Communication is withheld on the basis of any claim of privilege, You must set forth the information necessary for Apple to ascertain whether the privilege properly applies, including all information identified in Paragraph VI.3 of the Proposed Stipulation and Order Governing Electronically Stored Information and Hard Copy Documents, ECF No. 100-2, and any other applicable orders.

11. If any portion of any Document or Communication responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

12. These Requests are continuing and require further and supplemental production if additional Documents or Communications are received, generated, or discovered after the time of the original production. If after responding to these Requests, You obtain or become aware of any additional Documents or Communications that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents or Communications.

13. Apple serves these Requests without prejudice to its right to serve additional requests for production of Documents and Communications or other requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents, data, and Communications relating to Your allegations relating to Apple's policies and practices regarding access to SDKs and APIs, including Apple's alleged use of API restrictions to harm or hamstring competition in various markets such as the Alleged Smartwatch Markets and Alleged Smartphone Markets.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents, data, and Communications relating to Your allegations relating to the App Store, including allegations that Apple exercises its control over the App Store in a manner that harms Smartwatch competition.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents, data, and Communications relating to Your allegations in Paragraph 1 of the Consolidated Complaint that Apple has used "anticompetitive acts and agreements to degrade user experience, block innovation, hamper app developers, and stifle competition with its smartwatch."

**REQUEST FOR PRODUCTION NO. 4:**

All Documents, data, and Communications relating to Your allegations that Apple uses, or will use, a "tech monopolist's playbook" as alleged in Paragraphs 2, 30, and 173 of the Consolidated Complaint.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents, data, and Communications relating to Your allegations in Paragraph 3 of the Consolidated Complaint that Apple "creates an unending barrage of problems that cause

competitor smartwatches to disconnect from paired iPhones and constrain the information competitor smartwatches can provide their users."

**REQUEST FOR PRODUCTION NO. 6:**

All Documents, data, and Communications relating to Your allegations in Paragraph 5 of the Consolidated Complaint that "competitor smartwatches are disappearing."

**REQUEST FOR PRODUCTION NO. 7:**

All Documents, data, and Communications relating to Your allegations in Paragraph 6 of the Consolidated Complaint that "Apple's monopolistic abuses have also been enormously profitable."

**REQUEST FOR PRODUCTION NO. 8:**

All Documents, data, and Communications relating to Your allegations in Paragraph 7 of the Consolidated Complaint that "Apple's years-long campaign to limit smartwatch competition has harmed Apple iPhone users."

**REQUEST FOR PRODUCTION NO. 9:**

All Documents, data, and Communications relating to Your allegations in Paragraph 24 of the Consolidated Complaint that "[u]sers who purchase Android smartphones . . . can choose from a number of competing smartwatches that connect to their Android devices while providing all of the functionality users expect from a smartwatch."

**REQUEST FOR PRODUCTION NO. 10:**

All Documents, data, and Communications relating to Your allegations in Paragraph 25 of the Consolidated Complaint that "Apple has for many years limited, disrupted, and degraded the capabilities of competitor smartwatches that connect to iOS, the iPhone operating system."

**<u>REQUEST FOR PRODUCTION NO. 11:</u>**

All Documents, data, and Communications relating to Your allegations in Paragraphs 27 through 31 of the Consolidated Complaints that Apple restricts, limits, or degrades the functionality of non-Apple "iPhone-enhancing accessories" aside from Smartwatches.

**<u>REQUEST FOR PRODUCTION NO. 12:</u>**

All Documents, data, and Communications relating to Your allegations in Paragraph 32 of the Consolidated Complaint that Apple used "contractual and technical means" to "monopolize the iOS-connected smartwatch market."

**<u>REQUEST FOR PRODUCTION NO. 13:</u>**

All Documents, data, and Communications relating to Your allegations in Paragraph 42 of the Consolidated Complaint that Apple uses DPLA to "prevent competitor smartwatches from connecting to the iPhone like the Apple Watch does"; "constrain competitor smartwatches from offering iPhone users critical functions"; "enforce anticompetitive App Review Guidelines"; "prevent third-party developers in their App Store listings from identifying their apps as designed for or compatible with a competitor smartwatch."

**<u>REQUEST FOR PRODUCTION NO. 14:</u>**

All Documents, data, and Communications relating to Your allegations in Paragraph 49 of the Consolidated Complaint that Apple "selectively limit[s] the functionality of competitor smartwatches when paired to an iPhone."

**<u>REQUEST FOR PRODUCTION NO. 15:</u>**

All Documents, data, and Communications relating to Your allegations in Paragraphs 50 and 51 that using "API restrictions to harm competition in smartphone-related markets is a longstanding Apple strategy."

**REQUEST FOR PRODUCTION NO. 16:**

All Documents, data, and Communications relating to Your allegations concerning Messaging APIs, including Paragraphs 53 through 95 of the Consolidated Complaint.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents, data, and Communications relating to Your allegations in Paragraph 60 through 62 of the Consolidated Complaint concerning Beeper Mini, including relating to Your allegation that Apple's "assertions" that "Beeper Mini posed security concerns" were "baseless."

**REQUEST FOR PRODUCTION NO. 18:**

All Documents, data, and Communications relating to Your allegations in Paragraph 63 of the Consolidated Complaint that "Apple's restrictions on access to iMessage serve no procompetitive purpose."

**REQUEST FOR PRODUCTION NO. 19:**

All Documents, data, and Communications relating to Your allegations in Paragraph 66 of the Consolidated Complaint that "competitor smartwatches cannot send or reply to text messages received on the iPhone."

**REQUEST FOR PRODUCTION NO. 20:**

All Documents, data, and Communications relating to Your allegations in Paragraph 67 of the Consolidated Complaint that there is "no procompetitive justification for these restrictions."

**REQUEST FOR PRODUCTION NO. 21:**

All Documents, data, and Communications relating to Your allegations in Paragraph 67 of the Consolidated Complaint that "Android devices operate smoothly and securely without restricting third-party apps from using APIs to provide full-service SMS messaging."

**<u>REQUEST FOR PRODUCTION NO. 22:</u>**

All Documents, data, and Communications relating to Your allegations in Paragraph 73 of the Consolidated Complaint that "iPhone users frequently do not know how to turn off iMessage" and that "Apple engineered iMessage to 'claim' the phone number associated with the iPhone in such a way that text messages to that number would be delivered to iMessage (and thus the iPhone) only."

**<u>REQUEST FOR PRODUCTION NO. 23:</u>**

All Documents, data, and Communications relating to Your allegations in Paragraph 79 of the Consolidated Complaint that "Apple's messaging restrictions prevent competing smartwatch makers from providing users with cellular-enabled smartwatches."

**<u>REQUEST FOR PRODUCTION NO. 24:</u>**

All Documents, data, and Communications relating to Your allegations in Paragraph 80 of the Consolidated Complaint that "[t]here is no procompetitive justification for Apple's restrictions on messaging from a shared phone number."

**<u>REQUEST FOR PRODUCTION NO. 25:</u>**

All Documents, data, and Communications relating to Your allegations in Paragraphs 82 through 95 of the Consolidated Complaint that "Apple's messaging restrictions harmed competition from [Fitbit, Garmin, Samsung, and Google]."

**<u>REQUEST FOR PRODUCTION NO. 26:</u>**

All Documents, data, and Communications relating to Your allegations concerning Notification APIs, including Paragraphs 96 through 107 of the Consolidated Complaint.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents, data, and Communications relating to Your allegations in Paragraph 96 of the Consolidated Complaint that Apple "utiliz[es] the DPLA to strategically prevent competitors from accessing the APIs that would allow their smartwatch users the same type of control over notifications available to Apple Watch users."

**REQUEST FOR PRODUCTION NO. 28:**

All Documents, data, and Communications relating to Your allegations in Paragraph 98 of the Consolidated Complaint that "Competitor smartwatches are unable to tailor app or message notifications" and that "[c]ompetitor smartwatch users regularly complain that they receive iPhone notifications on their smartwatches even while they are staring at their iPhone."

**REQUEST FOR PRODUCTION NO. 29:**

All Documents, data, and Communications relating to Your allegations in Paragraph 101 of the Consolidated Complaint that "[t]he Android operating system enables users to tailor the delivery of notifications to their smartwatch, including based on whether the smartphone is locked or unlocked."

**REQUEST FOR PRODUCTION NO. 30:**

All Documents, data, and Communications relating to Your allegations in Paragraph 103 of the Consolidated Complaint that "Apple . . . restricts access to APIs that allow users to act on notifications they receive."

**REQUEST FOR PRODUCTION NO. 31:**

All Documents, data, and Communications relating to Your allegations in Paragraph 107 of the Consolidated Complaint that "[t]here is no procompetitive justification for Apple's decision to restrict the ability of third-party smartwatch users to tailor or take action on notifications,"; that

"Apple's decision to limit notification APIs . . . provides no conceivable benefit beyond coercing [iPhone users] to purchase Apple Watches instead of competing smartwatches"; and that "Apple could enable these functionalities with no additional engineering effort."

**REQUEST FOR PRODUCTION NO. 32:**

All Documents, data, and Communications relating to Your allegations concerning Wallet APIs, including Paragraphs 108 through 113 of the Consolidated Complaint.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents, data, and Communications relating to Your allegations in Paragraph 113 of the Consolidated Complaint that "[t]here is no procompetitive justification for this API restriction."

**REQUEST FOR PRODUCTION NO. 34:**

All Documents, data, and Communications relating to Your allegations in Paragraph 115 of the Consolidated Complaint that "Apple has historically used its ability to approve or reject third-party apps under the App Review Guidelines to delay the launch of smartwatch competitors' companion apps, preventing them from competing for iPhone users."

**REQUEST FOR PRODUCTION NO. 35:**

All Documents, data, and Communications relating to Your allegations in Paragraph 116 of the Consolidated Complaint that "Apple refused to approve the Pebble Time iOS app ahead of the launch of the Pebble Time smartwatch . . . despite the absence of problems with the Pebble Time app."

**REQUEST FOR PRODUCTION NO. 36:**

All Documents, data, and Communications relating to Your allegations in Paragraph 118 of the Consolidated Complaint that "Apple has . . . used the App Review Guidelines to limit

support for competitor smartwatches by iOS sister apps, and to limit the discoverability of those . . . sister apps."

**REQUEST FOR PRODUCTION NO. 37:**

All Documents, data, and Communications relating to Your allegations in Paragraph 122 of the Consolidated Complaint that "Guideline 2.3.10 substantially limits the incentive of developers to build sister apps that work closely with competitor smartwatches" and causes them to have "little hope of being found by users of the competitor smartwatch for which their app is designed."

**REQUEST FOR PRODUCTION NO. 38:**

All Documents, data, and Communications relating to Your allegations in Paragraph 123 of the Consolidated Complaint that "there is no legitimate procompetitive justification for these restrictions."

**REQUEST FOR PRODUCTION NO. 39:**

All Documents, data, and Communications relating to Your allegations in Paragraph 124 of the Consolidated Complaint that "Apple's restrictions on App Store listings harm consumers."

**REQUEST FOR PRODUCTION NO. 40:**

All Documents, data, and Communications relating to Your allegations in Paragraphs 125 and 126 of the Consolidated Complaint that Apple "has enforced" the "App Store policy" to "remove an iPhone app listing for merely mentioning a competing smartwatch in App Store metadata."

**REQUEST FOR PRODUCTION NO. 41:**

All Documents, data, and Communications relating to Your allegations in Paragraph 131 of the Consolidated Complaint that "Apple frequently updates and redesigns iOS in ways that disrupt and degrade the performance of competitor smartwatches."

**REQUEST FOR PRODUCTION NO. 42:**

All Documents, data, and Communications relating to Your allegations in Paragraph 132 of the Consolidated Complaint that "Apple has progressively degraded competitor smartwatches' ability to deliver information."

**REQUEST FOR PRODUCTION NO. 43:**

All Documents, data, and Communications relating to Your allegations in Paragraph 135 of the Consolidated Complaint that "Apple has hamstrung its smartwatch competitors by placing increasingly onerous restrictions on the amount of time smartwatches can spend processing data in the background," including by allegedly "slash[ing] the time available for background execution by 83%" in 2019" and "impos[ing] further restrictions on background execution time since."

**REQUEST FOR PRODUCTION NO. 44:**

All Documents, data, and Communications relating to Your allegations in Paragraph 137 of the Consolidated Complaint that "beginning with iOS 14, the operating system's algorithms became substantially more aggressive in stopping background execution for apps."

**REQUEST FOR PRODUCTION NO. 45:**

All Documents, data, and Communications relating to Your allegations in Paragraph 138 of the Consolidated Complaint that "ten seconds (or even 30 seconds) is not sufficient time to adequately transfer and keep updated all of the information consumers exchange between their smartwatches and smartphones."

**REQUEST FOR PRODUCTION NO. 46:**

All Documents, data, and Communications relating to Your allegations in Paragraph 143 of the Consolidated Complaint that "Apple's limits on background execution have . . . caused competing smartwatch makers to eliminate certain categories of information from background execution altogether."

**REQUEST FOR PRODUCTION NO. 47:**

All Documents, data, and Communications relating to Your allegations in Paragraph 144 of the Consolidated Complaint that "Apple's restrictions on background execution serve no procompetitive purpose"; that the alleged limits on "background execution" are not "technologically necessary"; and that "Android OS does not impose comparably strict limits on background execution."

**REQUEST FOR PRODUCTION NO. 48:**

All Documents, data, and Communications relating to Your allegations in Paragraphs 146 through 148 of the Consolidated Complaint relating to the "Low Power Mode" feature, including that it "significantly degrades the performance of competitor smartwatches"; that there are "no procompetitive justifications for Low Power Mode automatically inhibiting the smooth functioning of competitor smartwatches"; and that "Apple benefits from this [alleged] restriction."

**REQUEST FOR PRODUCTION NO. 49:**

All Documents, data, and Communications relating to Your allegations in Paragraph 149 of the Consolidated Complaint that Apple "diminished privacy for competitor smartwatches."

**REQUEST FOR PRODUCTION NO. 50:**

All Documents, data, and Communications relating to Your allegations in Paragraph 154 of the Consolidated Complaint regarding "HRV measurements," including that Apple "has

intentionally refused to support HRV measurements taken using the more reliable method employed by competitor smartwatch makers such as Fitbit and Garmin."

**REQUEST FOR PRODUCTION NO. 51:**

All Documents, data, and Communications relating to Your allegations in Paragraph 155 of the Consolidated Complaint that "[t]here is no procompetitive justification for Apple's differential treatment of its Apple Watch and third-party smartwatches within its Health app."

**REQUEST FOR PRODUCTION NO. 52:**

All Documents, data, and Communications relating to Your allegations in Paragraphs 156 and 178 of the Consolidated Complaint that Apple "design[s] iOS in various ways that cause competitor smartwatches to disconnect from the iPhone," including by "design[ing] iOS to ensure that competitor smartwatches' Bluetooth connections are consistently severed by iPhone users."

**REQUEST FOR PRODUCTION NO. 53:**

All Documents, data, and Communications relating to Your allegations in Paragraphs 157 through 162 of the Consolidated Complaint that "Apple knowingly causes compatibility problems with iOS-connected third-party smartwatches through iOS software updates and intentionally delays resolving them to advantage the Apple Watch over its competitors."

**REQUEST FOR PRODUCTION NO. 54:**

All Documents, data, and Communications relating to Your allegations in Paragraph 162 of the Consolidated Complaint that "Apple . . . refuses to share sufficient information about its iOS updates" and that "[t]here is no technical or otherwise legitimate reason for Apple's conduct."

**REQUEST FOR PRODUCTION NO. 55:**

All Documents, data, and Communications relating to Your allegations in Paragraph 163 of the Consolidated Complaint that "the third-party smartwatches that connect to both iPhones and Android suffer no similar problems with Android operating system updates."

**REQUEST FOR PRODUCTION NO. 56:**

All Documents, data, and Communications relating to Your allegations in Paragraphs 164 through 172 of the Consolidated Complaint that "Apple encourages iPhone users to stop sharing their location with competitor smartwatches," including any allegations regarding any allegedly "intrusive and misleading" "scare screens."

**REQUEST FOR PRODUCTION NO. 57:**

All Documents, data, and Communications relating to Your allegations in Paragraph 182 of the Consolidated Complaint that "Apple could provide the same Bluetooth functionality to competing smartwatches as it provides to the Apple Watch, but chooses not to."

**REQUEST FOR PRODUCTION NO. 58:**

All Documents, data, and Communications relating to Your allegations in Paragraph 188 of the Consolidated Complaint, including that when "[c]onsidered as a whole, Apple's conduct is a highly effective anticompetitive scheme to acquire and maintain a monopoly in the market for iOS-connected smartwatches," and that the alleged conduct "forc[es] out rivals," "preclud[es] new entrants," "restrict[s] supply," "harm[s] competition," and "enabl[es] Apple to charge supracompetitive prices" for Apple Watch.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents, data, and Communications relating to Your allegations in Paragraphs 189 and 190 of the Consolidated Complaint that "Apple has substantially foreclosed competition" in the Alleged Smartwatch Markets.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents, data, and Communications relating to Your allegations in Paragraph 189 of the Consolidated Complaint that Google, Meta, and Samsung "have either exited or chosen never to enter the market for iOS-connected smartwatches" "as a result of Apple's conduct."

**REQUEST FOR PRODUCTION NO. 61:**

All Documents, data, and Communications relating to Your allegations in Paragraph 189 of the Consolidated Complaint that Pebble was "forced out of business" and Motorola "temporarily exited the market" "as a result of Apple's conduct."

**REQUEST FOR PRODUCTION NO. 62:**

All Documents, data, and Communications relating to Your allegations in Paragraph 191 of the Consolidated Complaint that "[e]ven if there were legitimate business objectives for certain of the restrictions and technical limitations imposed on competitor smartwatches, those objectives could be achieved by less restrictive means."

**REQUEST FOR PRODUCTION NO. 63:**

All Documents, data, and Communications relating to Your allegations in Paragraph 192 of the Consolidated Complaint that "Apple has been able to increase prices and charge supracompetitive prices for the Apple Watch without losing market share."

**REQUEST FOR PRODUCTION NO. 64:**

All Documents, data, and Communications relating to Your allegations in Paragraph 196 of the Consolidated Complaint that "Apple's restrictions on competitor smartwatches . . . harm all smartphone and smartwatch users."

**REQUEST FOR PRODUCTION NO. 65:**

All Documents, data, and Communications relating to Your Alleged Smartphone Markets definitions and any market shares of any participants in the Alleged Smartphone Markets or any relevant aftermarkets, including any analyses, reports, studies, surveys, or data You relied upon in defining the Alleged Smartphone Markets or any relevant aftermarkets, or in calculating or assessing market shares or monopoly power within those markets.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents, data, and Communications relating to Your Alleged Smartwatch Markets definitions and any market shares of any participants in the Alleged Smartwatch Markets, including any analyses, reports, studies, surveys, or data You relied upon in defining the Alleged Smartwatch Markets or in calculating or assessing market shares or monopoly power within those markets.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents, data, and Communications relating to Your allegations in Paragraph 202 of the Consolidated Complaint that "iOS smartphones are a relevant product market."

**REQUEST FOR PRODUCTION NO. 68:**

All Documents, data, and Communications relating to Your allegations that iOS Smartphones and Android Smartphones are not "reasonably interchangeable," including Your allegations in Paragraph 202 of the Consolidated Complaint that "iOS smartphone users do not

consider iOS and Android smartphones reasonably interchangeable and generally do not consider purchasing Android smartphones when it comes time to replace their iPhone."

**REQUEST FOR PRODUCTION NO. 69:**

All Documents, data, and Communications relating to Your allegations in Paragraph 203 of the Consolidated Complaint that "[t]he desire to continue using apps; to preserve data such as messages, photos, and videos; and to continue using a device that one has learned and grown accustomed to means that users generally continue using smartphones on the same mobile operating system once they have begun."

**REQUEST FOR PRODUCTION NO. 70:**

All Documents, data, and Communications relating to Your allegations in Paragraph 203 of the Consolidated Complaint concerning "Apple's [alleged] efforts to tie its products together and lock its customers into the Apple ecosystem."

**REQUEST FOR PRODUCTION NO. 71:**

All Documents, data, and Communications relating to Your allegations in Paragraph 204 of the Consolidated Complaint that "switching between iOS and Android phones is uncommon."

**REQUEST FOR PRODUCTION NO. 72:**

All Documents, data, and Communications relating to Your allegations in Paragraphs 210 and 211 of the Consolidated Complaint that Smartwatches are "not reasonably interchangeable" with "smartphones, wrist-worn health and fitness trackers, or wristwatches."

**REQUEST FOR PRODUCTION NO. 73:**

All Documents, data, and Communications relating to Your allegations in Paragraph 216 of the Consolidated Complaint that Apple "could impose a small but significant non-transitory

increase in price . . . in the market for iOS-connected smartwatches and not lose sufficient volume to make the price increase unprofitable."

**REQUEST FOR PRODUCTION NO. 74:**

All Documents, data, and Communications relating to Your allegations in Paragraph 217 of the Consolidated Complaint that any iPhone buyers are "locked into using iPhone devices."

**REQUEST FOR PRODUCTION NO. 75:**

All Documents, data, and Communications relating to Your allegations in Paragraph 217 of the Consolidated Complaint that "[w]hen non-smartwatch users purchase an iPhone . . . they typically do not consider the costs and difficulties that will be associated with purchasing a non-Apple smartwatch with their device."

**REQUEST FOR PRODUCTION NO. 76:**

All Documents, data, and Communications relating to Your allegations in Paragraph 217 of the Consolidated Complaint that there are "significant costs in switching away from iPhones."

**REQUEST FOR PRODUCTION NO. 77:**

All Documents, data, and Communications relating to Your allegations in Paragraph 217 of the Consolidated Complaint that "iPhone users cannot simply switch to an Android smartphone in order to purchase or use a non-Apple smartwatch after Apple imposes its smartwatch restrictions."

**REQUEST FOR PRODUCTION NO. 78:**

All Documents, data, and Communications relating to Your allegations that the United States is the relevant geographic scope for any alleged market, including the Alleged Smartphone Markets and the Alleged Smartwatch Market.

**<u>REQUEST FOR PRODUCTION NO. 79:</u>**

All Documents, data, and Communications relating to the market shares of Apple or any competitors in the Alleged Smartwatch Markets (e.g., Samsung, Google, Pebble, Motorola, Fossil, and Meta).

**<u>REQUEST FOR PRODUCTION NO. 80:</u>**

All Documents, data, and Communications relating to Your allegations in Paragraphs 223 through 234 of the Consolidated Complaint that Apple "has monopoly power in" the Alleged Smartwatch Markets.

**<u>REQUEST FOR PRODUCTION NO. 81:</u>**

All Documents, data, and Communications relating to Your allegations in Paragraph 227 of the Consolidated Complaint that any alleged price increases for Apple Watch "have not reflected increasing Apple Watch quality."

**<u>REQUEST FOR PRODUCTION NO. 82:</u>**

All Documents, data, and Communications relating to Your allegations in Paragraph 230 through 232 of the Consolidated Complaint that "Apple competitors," including Amazfit and Garmin, "have released smartwatches that compare favorably to the Apple Watch . . . but sell for [] substantially lower price[s]."

**<u>REQUEST FOR PRODUCTION NO. 83:</u>**

All Documents, data, and Communications comparing, evaluating, or analyzing the price, affordability, or "value for money" of Apple Watches versus Smartwatches offered by other manufacturers, including the "out-of-pocket" or "net" acquisition cost to You after accounting for any carrier subsidies, device installment plans, trade-in credits, or wireless service contracts.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents, data, and Communications relating to Your allegations in Paragraph 233 of the Consolidated Complaint that "Apple has enjoyed increasing gross profit margins throughout this period."

**REQUEST FOR PRODUCTION NO. 85:**

All Documents, data, and Communications relating to Your allegations regarding any barriers to entry the Alleged Smartwatch Markets.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents, data, and Communications relating to the market shares of Apple or any competitors in the Alleged Smartphone Markets or in any relevant aftermarkets.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents, data, and Communications relating to Your allegations in Paragraph 236 of the Consolidated Complaint that "Apple has monopoly power in the market for smartphones."

**REQUEST FOR PRODUCTION NO. 88:**

All Documents, data, and Communications relating to Your allegations in Paragraphs 238 and 240 of the Consolidated Complaint that neither "[c]ompeting smartphones" nor "new entrants" can "discipline Apple's exercise of monopoly power in the smartphone market."

**REQUEST FOR PRODUCTION NO. 89:**

All Documents, data, and Communications relating to Your allegations in Paragraph 240 of the Consolidated Complaint that "[m]any sophisticated technology companies have tried and failed to enter the smartphone business."

**REQUEST FOR PRODUCTION NO. 90:**

All Documents, data, and Communications relating to Your allegations in Paragraph 240 of the Consolidated Complaint that "iPhone benefits from substantial network effects."

**REQUEST FOR PRODUCTION NO. 91:**

All Documents, data, and Communications relating to Your allegations in Paragraphs 241 and 242 of the Consolidated Complaint that "once consumers have purchased an iPhone, they are locked into that device and the Apple ecosystem" such that they are allegedly "unlikely to switch to a competing device due to difficulties or perceived difficulties related to the transfer of photos and videos, text messages, and apps" and "feel constrained to continue purchasing iPhones."

**REQUEST FOR PRODUCTION NO. 92:**

All Documents, data, and Communications relating to the alleged monetary or nonmonetary injury allegedly suffered by You due to the Alleged Conduct, whether directly or indirectly, both for Your individual claims and on behalf of any putative class, including any and all claimed injuries and all damages calculations, estimates, or methodologies (including any calculations, estimates or methodologies regarding the pass-through of alleged overcharges) and all other relief that You seek individually and on behalf of the putative class.

**REQUEST FOR PRODUCTION NO. 93:**

All Documents, data, and Communications relating to Your allegations in Paragraph 294 of the Consolidated Complaint that the Alleged Conduct is "immoral, unethical, oppressive, unscrupulous, offends public policy, and is substantially injurious to consumers."

**REQUEST FOR PRODUCTION NO. 94:**

All Documents, data, and Communications relating to Your allegations regarding Apple's motivations and intent with respect to the Alleged Conduct, including Your allegations that the

Alleged Conduct is motivated by Apple's intent (a) to deter consumers from buying non-Apple Smartwatches; (b) to inhibit the development of non-Apple Smartwatches; or (c) to harm or prevent competition in the Alleged Smartphone Markets, the Alleged Smartwatch Markets, or in any relevant aftermarkets.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents, data, and Communications relating to any evaluations or assessments of privacy, security, safety, or user experience of iPhone, Apple Watch, or App Store or of other Smartphones, Smartwatches, or App Marketplaces.

**REQUEST FOR PRODUCTION NO. 96:**

All Documents, data, and Communications relating to Your allegations that Apple's justifications for its policies or practices are pretextual, including any justifications related to privacy, security, safety, or user experience.

**REQUEST FOR PRODUCTION NO. 97:**

All Documents, data, and Communications relating to Your allegations that Apple's Alleged Conduct harms consumers.

**REQUEST FOR PRODUCTION NO. 98:**

All Documents, data, and Communications relating to the effects that Apple's Alleged Conduct has on consumers' or Your decisions in purchasing an Apple Watch or iPhone, including Apple's alleged restrictions on Messaging APIs, Notification APIs, and Wallet APIs, Apple's App Review Guidelines, and Apple's alleged use of software or hardware design changes to disrupt or degrade the performance of competitor Smartwatches.

**REQUEST FOR PRODUCTION NO. 99:**

All Documents, data, and Communications, including any studies, Reports, or other analyses, relating to customers' Smartwatch purchases or purchasing decisions in the United States.

**REQUEST FOR PRODUCTION NO. 100:**

All Documents, data, and Communications, including any studies, Reports, or other analyses, relating to customer satisfaction with Apple Watch or non-Apple Smartwatches or to customers' decisions to switch or not switch between Apple Watch and non-Apple Smartwatches.

**REQUEST FOR PRODUCTION NO. 101:**

All Documents, data, and Communications, including any studies, Reports, or other analyses, relating to customers' decisions to buy an Apple Watch or non-Apple Smartwatches based on their compatibility with the "Apple ecosystem."

**REQUEST FOR PRODUCTION NO. 102:**

All Documents, data, and Communications relating to competition for and among iOS-connected Smartwatches, or Smartwatches, including Your allegations that Apple's Alleged Conduct harms competition in the Alleged Smartwatch Markets.

**REQUEST FOR PRODUCTION NO. 103:**

All Documents, data, and Communications relating to the price of Apple Watch and the price of Smartwatches offered by other manufacturers, including Samsung, Google, Pebble, Motorola, Fossil, and Meta.

**REQUEST FOR PRODUCTION NO. 104:**

All Documents, data, and Communications relating to concerns about the use of non-Apple Smartwatches connected to non-iPhone Smartphones, including regarding privacy, security, reliability, or interoperability between non-Apple Smartwatches and non-iPhone Smartphones.

**REQUEST FOR PRODUCTION NO. 105:**

All Documents, data, or Communications relating to the value You place on digital security or digital privacy, including the extent to which any such value factors into the devices You purchase and the Apps, features, and services you use.

**REQUEST FOR PRODUCTION NO. 106:**

All Documents, data, or Communications relating to the risk of cyberattacks or cyber-threats with respect to Apple Watches or Smartwatches, including the effect of encryption of data and communications on such risks.

**REQUEST FOR PRODUCTION NO. 107:**

All Documents, data, or Communications relating to Your exposure to any cyber-threats, security risks, or malicious activity affecting your personal devices or accounts, demonstrating the frequency and nature of the digital threats You face, including (a) attempted or successful intrusions, including notifications of "suspicious login attempts," "unrecognized devices," or password reset requests You did not initiate; (b) social engineering or phishing attempts targeted at You, such as malicious text messages, fraudulent emails, or scam calls soliciting Your personal data; and (c) Your installation of third-party security tools (e.g., antivirus software, spam filter, or identity theft monitoring services) to mitigate these risks.

**REQUEST FOR PRODUCTION NO. 108:**

All Documents relating to Your purchase, acquisition, ownership, or lease of any Smartphones (including both iPhone and non-Apple devices). This request includes any transactional records (such as receipts, invoices, order confirmation, wireless service agreements, carrier installment plans, purchase agreements, financing agreements, or order histories) or any other Documents reflecting, for each device:

1. the date of acquisition
2. the specific price paid (if any);
3. the method and source of the payment (including credit cards, rewards cards, third-party financing, or cash);
4. any goods or services purchased in connection with or bundled with the device (including any warranties, extended coverage or insurance, streaming or content services, or subscription services);
5. the financial terms of the sale, including the value of any discounts, rebates, or incentives applied before or after the purchase (such as trade-in credits, carrier subsidies, loyalty rewards program points, cashback earnings, employer/student discounts, credit card merchant offers, any other promotional offers applied or other non-cash consideration);
6. the manner in which You acquired the device (e.g., direct purchase from the device's manufacturer, purchase from a third-party retailer, purchase from a wireless carrier, purchase on a peer-to-peer marketplace, purchase on a business-to-consumer marketplace, purchase from an individual, receipt as a gift, trade-in, etc.);
7. the identity of the vendor or seller from whom it was purchased;

8. whether the device was new, used, or refurbished at the time of acquisition; and
9. whether You still own the device, and if not, the manner and date of disposition of the device.

**REQUEST FOR PRODUCTION NO. 109:**

All Documents relating to Your purchase, acquisition, ownership, or lease of any non-iPhone Apple products, including iPad, Mac (e.g., MacBook Air, MacBook Pro, iMac, Mac mini), Apple Watch, AirPods (including AirPods Pro and AirPods Max), HomePod, Apple TV, or AirTags. This Request includes transactional records (such as receipts, invoices, order confirmation, wireless service agreements, carrier installment plans, purchase agreements, financing agreements, or order histories) or any other Documents reflecting, for each device:

1. the date of acquisition
2. the specific price paid (if any);
3. the method and source of the payment (including credit cards, rewards cards, third-party financing, or cash);
4. any goods or services purchased in connection with or bundled with the device (including any warranties, extended coverage or insurance, streaming or content services, or subscription services);
5. the financial terms of the sale, including the value of any discounts, rebates, or incentives applied before or after the purchase (such as trade-in credits, carrier subsidies, loyalty rewards program points, cashback earnings, employer/student discounts, credit card merchant offers, any other promotional offers applied or other non-cash consideration);

6. the manner in which You acquired the device (e.g., direct purchase from the device's manufacturer, purchase from a third-party retailer, purchase from a wireless carrier, purchase on a peer-to-peer marketplace, purchase on a business-to-consumer marketplace, purchase from an individual, receipt as a gift, trade-in, etc.);
7. the identity of the vendor or seller from whom it was purchased;
8. whether the device was new, used, or refurbished at the time of acquisition; and
9. whether You still own the device, and if not, the manner and date of disposition of the device.

**REQUEST FOR PRODUCTION NO. 110:**

All Documents related to Your purchase, acquisition, ownership, or lease of any non-Apple computing or gaming devices (excluding Smartphones), including (a) Android-based tablets; (b) personal computers (Windows, Chrome OS, or Linux); and (c) dedicated gaming consoles (e.g., Nintendo, PlayStation, Xbox, or Steam Deck). This Request specifically includes transactional records (such as receipts, invoices, order confirmation, wireless service agreements, carrier installment plans, purchase agreements, financing agreements, or order histories) or any other Documents reflecting, for each device:

1. the date of acquisition
2. the specific price paid (if any);
3. the method and source of the payment (including credit cards, rewards cards, third-party financing, or cash);
4. any goods or services purchased in connection with or bundled with the device (including any warranties, extended coverage or insurance, streaming or content services, or subscription services);

5. the financial terms of the sale, including the value of any discounts, rebates, or incentives applied before or after the purchase (such as trade-in credits, carrier subsidies, loyalty rewards program points, cashback earnings, employer/student discounts, credit card merchant offers, any other promotional offers applied or other non-cash consideration);
6. the manner in which You acquired the device (e.g., direct purchase from the device's manufacturer, purchase from a third-party retailer, purchase from a wireless carrier, purchase on a peer-to-peer marketplace, purchase on a business-to-consumer marketplace, purchase from an individual, receipt as a gift, trade-in, etc.);
7. the identity of the vendor or seller from whom it was purchased;
8. whether the device was new, used, or refurbished at the time of acquisition; and
9. whether You still own the device, and if not, the manner and date of disposition of the device.

**REQUEST FOR PRODUCTION NO. 111:**

All Documents related to Your purchase, acquisition, ownership, or lease of any non-Apple Smartwatches or Wearables. This Request specifically includes transactional records (such as receipts, invoices, order confirmation, wireless service agreements, carrier installment plans, purchase agreements, financing agreements, or order histories) or any other Documents reflecting, for each device:

1. the date of acquisition
2. the specific price paid (if any);
3. the method and source of the payment (including credit cards, rewards cards, third-party financing, or cash);

4. any goods or services purchased in connection with or bundled with the device (including any warranties, extended coverage or insurance, streaming or content services, or subscription services);
5. the financial terms of the sale, including the value of any discounts, rebates, or incentives applied before or after the purchase (such as trade-in credits, carrier subsidies, loyalty rewards program points, cashback earnings, employer/student discounts, credit card merchant offers, any other promotional offers applied or other non-cash consideration);
6. the manner in which You acquired the device (e.g., direct purchase from the device's manufacturer, purchase from a third-party retailer, purchase from a wireless carrier, purchase on a peer-to-peer marketplace, purchase on a business-to-consumer marketplace, purchase from an individual, receipt as a gift, trade-in, etc.);
7. the identity of the vendor or seller from whom it was purchased;
8. whether the device was new, used, or refurbished at the time of acquisition; and
9. whether You still own the device, and if not, the manner and date of disposition of the device.

**REQUEST FOR PRODUCTION NO. 112:**

All Documents, data, and Communications relating to Your decision to purchase or use any Apple devices, including the factors that influenced Your decision and Your reasons for selecting Apple products over competitor devices.

**REQUEST FOR PRODUCTION NO. 113:**

All Documents, data, and Communications related to Your consideration of whether to purchase or use any non-Apple Smartwatch, including the Garmin Smartwatch referenced in

Paragraph 9 of the Consolidated Complaint which Plaintiff states he "would prefer to own," including Your preference for certain features, prices, discounts, and other relevant factors for each non-Apple Smartwatch You considered purchasing or decided to purchase.

**REQUEST FOR PRODUCTION NO. 114:**

All Documents, data, and Communications relating to Your consideration of, or any attempt to, switch from an iPhone to a non-Apple Smartphone (or vice versa), including (a) the perceived monetary or non-monetary switching costs and frictions or benefits associated with such a switch, including any financial, technological, and behavioral obstacles to switching; and (b) any experiences You have had or attempts You have made to switch, including any financial, technological, and behavioral obstacles to switching that You encountered during the process.

**REQUEST FOR PRODUCTION NO. 115:**

All Documents, data, and Communications related to Your consideration of whether to purchase or Your decision to purchase or use any non-Apple Smartphone, including your preference for certain features, prices, discounts, and other relevant factors for each non-Apple Smartphone You considered purchasing or decided to purchase.

**REQUEST FOR PRODUCTION NO. 116:**

All Documents, data, and Communications related to Your consideration of, or any attempt You have made to, switch from an Apple Watch to a non-Apple Smartwatch (or vice versa), including (a) the perceived monetary or non-monetary switching costs and frictions or benefits associated with such a switch, including any financial, technological, and behavioral obstacles to switching; (b) any experiences You have had or attempts You have made to switch, including any financial, technological, and behavioral obstacles You encountered (such as feature or service

incompatibilities); or (c) Apps or functionalities that would or would not have been available on the device You switched (or considered switching) to.

**REQUEST FOR PRODUCTION NO. 117:**

All Documents, data, and Communications relating to Your use, consideration, or comparison of Digital Wallet or tap-to-pay services, including (a) all Digital Wallet or tap-to-pay services You have ever used, downloaded, or considered using (including Apple Wallet, Google Pay, Samsung Wallet, or any financial institution's payment App); (b) Your decisions to use or not use a particular service, including any comparisons You relied on regarding features, security, bank/card availability or rewards; and (c) screenshots showing all credit cards, debit cards, loyalty cards, and transit passes currently or previously provisioned to the Digital Wallet.

**REQUEST FOR PRODUCTION NO. 118:**

All Documents, data, and Communications related to consumer awareness, including Your awareness, of Apple's alleged restrictions at the time they purchase iPhone or Apple Watch, including awareness of (a) Apple's Guidelines; (b) Apple's App Review process; (c) limitations on Apps and third-party devices, including Smartwatches, compatible with iPhone; (d) restrictions on third-party developer and third-party Smartwatch manufacturers' access to APIs and data; and (e) interoperability limitations between iPhone and third-party Smartwatches.

**REQUEST FOR PRODUCTION NO. 119:**

All Documents, data, and Communications relating to any instance in which You sought, attempted, or desired to download an Application or unlock digital content or features that were unavailable, blocked, or removed from the App Store, including (a) any search queries or browsing history reflecting attempts to find Apps not hosted on the App Store; (b) complaints or feedback by You to Apple, any App developers, or on social media regarding the inability to access specific

Apps or content through the App Store; and (c) Your use of "jailbreaking" software to bypass the App Store distribution.

**REQUEST FOR PRODUCTION NO. 120:**

All Documents, data, Communications relating to Your detailed device and Application usage history on any Smartphone You owned or controlled, whether such data is retrieved from the device's current active memory or from any local or cloud-based backups (including iCloud, iTunes/Finder, Google Drive, Samsung Cloud, or similar archival services). This Request encompasses all available data and analytics logs from the "Screen Time" feature on iOS devices, the "Digital Wellbeing" feature on Android devices, or any other similar features. This includes all information contained within the "See All App & Website Activity" (or equivalent) detailed view, including "Screen Time," "Most Used" Applications, "Pickups," and "Notifications."

**REQUEST FOR PRODUCTION NO. 121:**

All Documents, data, and Communications relating to Your detailed device and Application usage history on any Smartwatch You owned or controlled, whether such data is retrieved from the device's current active memory or from any local or cloud-based backups (including iCloud, iTunes/Finder, Google Drive, Samsung Cloud, or similar archival services). This Request encompasses all available data and analytics logs from the "Screen Time" feature on iOS devices, the "Digital Wellbeing" feature on Android devices, or any other similar features.

**REQUEST FOR PRODUCTION NO. 122:**

All Documents related to any terms, conditions, or agreements entered into between You and Apple.

**REQUEST FOR PRODUCTION NO. 123:**

All Documents and Communications between You and any actual or potential member of the proposed class whom You seek to represent regarding this litigation as well as any non-privileged Communications with any other Person regarding this litigation.

**REQUEST FOR PRODUCTION NO. 124:**

All Documents, data, and Communications relating to any analysis You have conducted or relied upon to compare Apple Watch to any non-Apple Smartwatches, including any comparison of features, functionality, operating systems, available Apps, cellular network options, and price (including any financing options).

**REQUEST FOR PRODUCTION NO. 125:**

All Documents, data, and Communications relating to any analysis You have conducted or relied upon to compare iPhone to any non-Apple Smartphones, including any comparison of features, functionality, operating systems, available Apps, cellular network options, and price (including any financing options).

**REQUEST FOR PRODUCTION NO. 126:**

All Communications between You and Apple, including any records of Your visits to Apple stores, Communications with AppleCare specialists and/or Genius Bar specialists, and Communications with Apple support staff, and any Documents relating to such Communications.

**REQUEST FOR PRODUCTION NO. 127:**

Documents sufficient to show all Apps You have ever downloaded or otherwise used on Your Apple devices, including Your iPhone or Apple Watch.

**REQUEST FOR PRODUCTION NO. 128:**

All Documents and Communications relating to Your understanding that iPhone Apps must be downloaded from the App Store, including where You complained about or discussed the unavailability of a certain App on the App Store prior to purchasing your Apple Watch.

**REQUEST FOR PRODUCTION NO. 129:**

All Documents, data, and Communications relating to Your complete history of digital software purchases or acquisitions, including Apps, In-App Purchases, subscriptions, and any other downloadable content, regardless of whether such items were obtained via an App Marketplace, direct web download, or side loading. This request encompasses all software installed, purchased, or acquired on any device used by You (including Smartphones, tablets, Wearables, portable media players, smart TVs, gaming consoles) and shall include the name of the item, the cost (if any), and the date of acquisition.

**REQUEST FOR PRODUCTION NO. 130:**

All Documents, data, and Communications relating to all Apps You attempted to or intended to download, but ultimately did not download on Your Apple devices, including Your iPhone or Apple Watch.

**REQUEST FOR PRODUCTION NO. 131:**

All Documents and Communications relating to any user manuals or warranty documents You received for any iPhone, Apple Watch, or any other Apple products You purchased or acquired.

**REQUEST FOR PRODUCTION NO. 132:**

All Documents and Communications relating to Your views, reactions, or comments to any change in Apple's App Store policies.

**REQUEST FOR PRODUCTION NO. 133:**

All Documents, data, and Communications relating to Your calculations or comparisons of the combined cost of iPhone or Apple Watch, including any data plans, necessary accessories, and subscription services for those devices.

**REQUEST FOR PRODUCTION NO. 134:**

All Documents, data, and Communications exchanged with any foreign competition or antitrust regulators, agencies, or organizations that relate to any of Your allegations.

**REQUEST FOR PRODUCTION NO. 135:**

All Documents, data, and Communications exchanged with any State Government, the Federal Government, or any agency thereof, that relate to any of Your allegations.

**REQUEST FOR PRODUCTION NO. 136:**

All Documents, data, and Communications referenced in, relating to, or that You reviewed, referred to, identified, or relied on in drafting the Consolidated Complaint, to the extent such Documents have not already been produced.

**REQUEST FOR PRODUCTION NO. 137:**

All Documents, data, and Communications exchanged between You and any third party relating to any investigation by a State Government, the Federal Government, any agency thereof, or any foreign regulator concerning the Alleged Conduct.

**REQUEST FOR PRODUCTION NO. 138:**

All Documents, data, and Communications exchanged between You and any third party concerning the Alleged Conduct, specifically including Communications with any lobbying firms, public relations agencies, strategy consultants, or communications firms, as well as any

competitors of Apple (such as Microsoft Corporation) or any representatives, affiliates, or members of the Coalition for App Fairness (including Epic Games, Spotify, and Match Group).

**REQUEST FOR PRODUCTION NO. 139:**

All Documents, data, and Communications referenced in, relating to, or that You reviewed, referred to, identified, or relied on in preparing any of Your responses to interrogatories or requests for admission in this litigation, to the extent such Documents have not already been produced.

**REQUEST FOR PRODUCTION NO. 140:**

All Documents, data, and Communications, to the extent not already produced, that You intend to rely on or otherwise expect to use in any hearing, deposition, motion, or trial in this litigation.

**REQUEST FOR PRODUCTION NO. 141:**

All non-privileged Documents You reviewed or relied upon in connection with the preparation of the Consolidated Complaint.

**REQUEST FOR PRODUCTION NO. 142:**

All non-privileged Documents provided to You by any person or entity (including any investigators, consultants, or other third parties) in connection with the preparation of the Consolidated Complaint.

**REQUEST FOR PRODUCTION NO. 143:**

All non-privileged Documents sufficient to show the identity of any Person who assisted, advised, or consulted with You in the preparation, investigation, or drafting of the Consolidated Complaint, including any investigators, consultants or other third parties.

**REQUEST FOR PRODUCTION NO. 144:**

All non-privileged Communications with any Person who assisted in the preparation of the Consolidated Complaint, and any Documents relating to such Communications.

**REQUEST FOR PRODUCTION NO. 145:**

All Documents relating to all agreements between and/or among You and Your counsel pertaining to this litigation or any of Your allegations.

**REQUEST FOR PRODUCTION NO. 146:**

All Communications with Your counsel regarding the allegations in Your Consolidated Complaint that predate the formation of an attorney-client relationship, and any Documents relating to such Communications.

**REQUEST FOR PRODUCTION NO. 147:**

All non-privileged Communications between You and any plaintiffs (or counsel for any such Plaintiff) named in the Direct iPhone Purchaser Plaintiffs' Consolidated Class Action Complaint, Dkt. No. 87, and Indirect iPhone Purchaser Plaintiffs' Corrected Consolidated Class Action Complaint, Dkt. No. 109, regarding this litigation, and any Documents relating to such Communications.

**REQUEST FOR PRODUCTION NO. 148:**

All Communications with any plaintiff (or counsel of any plaintiff) in the action *United States v. Apple Inc.*, 2:24-cv-04055 (D.N.J.), and any Documents relating to such Communications.

**REQUEST FOR PRODUCTION NO. 149:**

All Documents and Communications relating to Your use of or experience with any Apple services or features, including iMessage, FaceTime, iCloud, AirDrop, Apple Wallet, or CarPlay.

**REQUEST FOR PRODUCTION NO. 150:**

All Documents relating to any agreement with any Person relating to the funding of this litigation.

Dated: January 5, 2026

Respectfully submitted,

*/s/ Liza M. Walsh*

Liza M. Walsh
Douglas E. Arpert
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Tel.: (973) 757-1100
Email: LWalsh@walsh.law
DArpert@walsh.law

Craig S. Primis, P.C. (*pro hac vice*)
Matthew J. Reilly, P.C. (*pro hac vice*)
K. Winn Allen, P.C. (*pro hac vice*)
Luke P. McGuire (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
Email: craig.primis@kirkland.com
matt.reilly@kirkland.com
winn.allen@kirkland.com
luke.mcguire@kirkland.com

Connor S. Sullivan (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
Email: cssullivan@gibsondunn.com

Devora W. Allon, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-5967
Email: devora.allon@kirkland.com

Cynthia E. Richman (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: (202) 955-8500
Email: crichman@gibsondunn.com

Daniel G. Swanson (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.: (213) 219-7000
Email: dswanson@gibsondunn.com

Joseph R. Rose (*pro hac vice*)
Julian W. Kleinbrodt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel.: (415) 393-8200
Email: jrose@gibsondunn.com
jkleinbrodt@gibsondunn.com

*Counsel for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January, 2026, counsel of record have been served by electronic mail, pursuant to agreement of the parties, with a true and correct copy of the foregoing.

/s/ *Nick Barba*
Nick Barba