JAVERBAUM WURGAFT
HICKS KAHN WIKSTROM & SININS, P.C.

**STANLEY O. KING, ESQ.**
Partner
sking@lawjw.com

**1000 HADDONFIELD-BERLIN RD.**
**SUITE 203**
**VOORHEES, NJ 08043**
**Phone: (856) 596-4100**
**Fax: (856) 702-6640**
**WWW.LAWJW.COM**

November 16, 2026
**VIA ECF**

Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***In re Apple Inc. Smartphone Antitrust Litigation*,**
**No. 2:24-md-03113-JXN-LDW**
**<u>Joint Notice of Impasse Regarding Indirect iPhone Plaintiffs' Subpoena to Nonparty AT&T Mobility LLC</u>**

Dear Judge Wettre:

Pursuant to ¶ 4 of the Special Master Appointment Order (ECF No. 208) and the Order Centralizing Enforcement of Pretrial Subpoenas (ECF No. 371), Indirect iPhone Plaintiffs ("IIPs") and nonparty AT&T Mobility LLC ("AT&T") respectfully submit this Joint Notice of Impasse regarding the subpoena duces tecum IIPs served on AT&T Inc. on October 22, 2025 and reissued to AT&T Mobility LLC on December 1, 2025 (the "Subpoena") under Federal Rule of Civil Procedure 45. This joint notice of impasse is being filed in accordance with the November 16, 2026 deadline for submitting disputes concerning the uniform hashing proposal.

IIPs and AT&T met and conferred in good faith regarding the Subpoena by videoconference on January 23, March 23, April 1, June 4, September 23, October 27, October 30, and November 3, and exchanged correspondence between April and November 2026. In negotiating the production of transaction data, both Apple and numerous non-parties raised privacy concerns with producing (a) IMEI and device serial numbers; and/or (b) purchaser and subscriber information.

To address the concern with respect to IMEI and serial numbers, IIPs negotiated a uniform hashing protocol with Apple (ECF No. 465), which provides a method by which all IMEI and serial numbers are hashed using the same methodology such that identical devices in Apple's data can be linked to identical devices in third-party data without revealing the original IMEI or serial numbers to any party other than an Apple engineer and/or the specialized vendor.

To address the concern with preserving the privacy of purchasers' and subscribers' information, IIPs have proposed a declaration that sets forth: i) what purchaser and subscriber information AT&T maintains, ii) how AT&T maintains that information, and iii) AT&T's commitment to maintain the data and produce it to a Court-ordered class action administrator for purposes of providing class notice and claims administration following certification of IIPs' proposed litigation class or preliminary certification of any settlement class. IIPs proposed this declaration to AT&T in lieu of requiring AT&T to produce complete purchaser information at this time to ensure that all necessary class member information will be preserved and available following class certification.

On November 2, IIPs sought AT&T's agreement in principle to produce IMEI and serial number information pursuant to a uniform hashing protocol and to provide a declaration. On November 9, IIPs provided AT&T with the uniform hashing proposal and the template declaration. Given that it received the proposal and declaration on November 9, AT&T requires additional time to propose potential revisions to the hashing protocol and the declaration. This is because AT&T is still (1) in the process of considering the issues surrounding the hashing proposal and potential edits to it, and (2) researching, verifying, potentially editing, and finding a declarant for the proposed declaration. The Microsoft Outlook issues that persisted through November 12 impeded the ability to exchange drafts and communicate on that day as well.

For these reasons, and to preserve the issue, AT&T respectfully requests the Court defer consideration of any dispute concerning the hashing protocol and declaration until December 14, 2026. AT&T respectfully requests this 30-day extension given the complexity of the issues involved, the forthcoming Thanksgiving holiday, and AT&T's perception of the likelihood of resolution. IIPs do not believe 30 days is necessary for AT&T to complete its review and any proposed edits, and respectfully request that any deferral run only until November 30, 2026. If the parties determine that they cannot reach a resolution, they will promptly notify the Court.

If the Court does not approve this extension, then IIPs submit that the parties are at impasse pursuant to the Court's November 16 deadline. AT&T disagrees that the parties are at an impasse.

This dispute does not require expedited resolution by the Court.

We thank the Court for its attention to this matter.

Respectfully submitted,

*s/ Stanley O. King*
Stanley O. King, Esq.
JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS P.C.
1000 Haddonfield-Berlin Road,
Suite 203
Voorhees, NJ 08043
Tel: 856.596.4100
sking@lawjw.com
*Counsel for Indirect iPhone Plaintiffs*

*/s/ Jordan L. Ludwig*
Jordan L. Ludwig
CROWELL & MORING LLP
515 South Flower Street, Fl. 40
Los Angeles, CA 90071
Tel: 213.443.5524
jludwig@crowell.com

*Counsel for Nonparty AT&T Mobility LLC*

cc: All counsel of record (via ECF)