JAVERBAUM WURGAFT
HICKS KAHN WIKSTROM & SININS, P.C.

**STANLEY O. KING, ESQ.**
Partner
sking@lawjw.com

**1000 HADDONFIELD-BERLIN RD.**
**SUITE 203**
**VOORHEES, NJ 08043**
**Phone: (856) 596-4100**
**Fax: (856) 702-6640**
**WWW.LAWJW.COM**

November 16, 2026

**VIA ECF**
Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***In re Apple Inc. Smartphone Antitrust Litigation*****,**
**No. 2:24-md-03113-JXN-LDW**
**Notice of Impasse Regarding Indirect iPhone Plaintiffs' Subpoena to Nonparty Red Pocket Inc.**

Dear Judge Wettre:

Pursuant to ¶ 4 of the Special Master Appointment Order, ECF No. 208, and the Order Centralizing Enforcement of Pretrial Subpoenas, ECF No. 371, Indirect iPhone Purchaser Plaintiffs ("IIPs") respectfully submit this Notice of Impasse regarding the subpoena duces tecum IIPs served on nonparty Red Pocket Inc. ("Red Pocket") on April 30, 2026 (the "Subpoena") under Federal Rule of Civil Procedure 45. This notice of impasse is being filed in accordance with the November 16, 2026 deadline for submitting disputes concerning third-party data-hashing issues. ECF No. 477. Although IIPs twice sought Red Pocket's approval to do a joint submission, Red Pocket did not respond.

IIPs and Red Pocket met and conferred regarding the Subpoena via videoconference on June 9 and telephonically on October 13. IIPs and Red Pocket have reached an impasse on whether Red Pocket should produce certain data and documents. Red Pocket has not agreed to produce *any* responsive materials. ECF No. 430.

In negotiating the production of transaction data, Apple and various third parties have raised privacy concerns with producing (a) IMEI numbers[1] and device serial numbers; and/or

[1] IMEI stands for International Mobile Equipment Identity. It is a unique 15-digit number assigned to every mobile phone and cellular device. The IMEI and serial number are the device identifiers that are unique to a particular device, and they exist in both Apple and third-party resellers' transactional data.

(b) personally identifiable information ("PII"), which includes consumers' names and contact information.

**Hashing.** To address concerns regarding IMEI and serial numbers, IIPs negotiated a uniform hashing protocol with Apple, ECF No. 465, which provides a method by which all IMEI and serial numbers are hashed using the same methodology, such that identical devices in Apple's data can be linked to identical devices in third-party data without revealing the original IMEI or serial numbers to any party other than the specialized vendor. IIPs asked Red Pocket to agree to follow this hashing protocol or produce their transaction data with all fields unhashed. Red Pocket has not agreed to do either; it is refusing to produce any responsive data. Thus, the parties have reached an impasse on Red Pocket's production of transaction-level structured data containing IMEI, device-serial-number data, and customer-identification data pursuant to the uniform hashing protocol.

**PII.** To address any concerns with preserving the privacy of its purchasers' PII, IIPs sent Red Pocket a template declaration setting forth: (i) what PII Red Pocket maintains, (ii) how Red Pocket maintains that PII, and (iii) Red Pocket's commitment to maintain the data and produce it to a Court-ordered class-action administrator for purposes of providing class notice and claims administration following certification of IIPs' proposed class or preliminary certification of any settlement class. IIPs proposed this declaration to Red Pocket in lieu of requiring it to produce its purchaser PII at this time, to ensure that all necessary class member PII will be preserved and available following class certification. As noted above, Red Pocket is refusing to produce any data and likewise has not agreed to the declaration concerning PII.

This dispute does not require expedited resolution by the Court.

Because the parties have been unable to reach resolution, IIPs respectfully request that the Court determine that the parties are at impasse on the issues identified above and grant leave to submit letter briefs pursuant to ¶ 5 of the Special Master Appointment Order. IIPs request leave to file a letter brief of up to six pages, single-spaced.

We thank the Court for its attention to this matter.

Respectfully submitted,

s/ Stanley O. King
Stanley O. King, Esq.
JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS P.C.
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
Tel: 856.596.4100
sking@lawjw.com
*Counsel for Indirect iPhone Plaintiffs*
cc: All counsel of record (via ECF)