JAVERBAUM WURGAFT
HICKS KAHN WIKSTROM & SININS, P.C.

**STANLEY O. KING, ESQ.**
Partner
sking@lawjw.com

**1000 HADDONFIELD-BERLIN RD.**
**SUITE 203**
**VOORHEES, NJ 08043**
**Phone: (856) 596-4100**
**Fax: (856) 702-6640**
**WWW.LAWJW.COM**

November 16, 2026

**VIA ECF**

Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***In re Apple Inc. Smartphone Antitrust Litigation*****,**
**No. 2:24-md-03113-JXN-LDW**
**Joint Notice of Impasse Regarding MDL Plaintiffs' Subpoena to Nonparty Comcast Corporation d/b/a Xfinity Mobile**

Dear Judge Wettre:

Pursuant to ¶ 4 of ECF No. 208 and the Order ECF No. 371, Indirect iPhone Purchaser Plaintiffs ("IIPs") and nonparty Comcast Corporation ("Comcast") respectfully submit this Joint Notice of Impasse regarding the subpoena duces tecum IIPs served on Comcast on January 30, 2026 (the "Subpoena") under Federal Rule of Civil Procedure 45. This joint notice of impasse is being filed in accordance with the November 16, 2026 deadline for submitting disputes concerning hashing in relation to third parties' production of data (ECF No. 413 & 477).

IIPs and Comcast met and conferred in good faith regarding the Subpoena by videoconference on May 6, May 21, June 29, July 23, and September 18 and exchanged correspondence between July and November 2026. In negotiating the production of transaction data, both Apple and numerous third parties, including Comcast, raised privacy concerns with producing (a) IMEI[1] and device serial numbers; and/or (b) personally identifiable information ("PII") (which includes the name and contact information for the purchaser).

**Hashing:** To address the concern with respect to IMEI and serial numbers, IIPs negotiated a uniform hashing protocol with Apple (ECF No. 465), which provides a method by which all

---

[1] IMEI stands for International Mobile Equipment Identity. It is a unique 15-digit number assigned to every mobile phone and cellular device. The IMEI and serial number are the device identifiers that are unique to a particular device, and they exist in both Apple and third-party resellers' transactional data.

IMEI and serial numbers are hashed using the same methodology such that identical devices in Apple's data can be linked to identical devices in third-party data without revealing the original IMEI or serial numbers to any party other than the specialized vendor. IIPs first shared this protocol with Comcast on November 8, 2026, and asked Comcast to agree to follow this hashing protocol or produce their transaction data with all fields unhashed.

Comcast is still reviewing the proposed hashing protocol and is not prepared to agree to it at this time, including because Comcast has serious concerns that the protocol does not have adequate provisions to satisfy the privacy laws and regulations that may apply to the PII at issue. As Comcast explained over a month ago, the information that IIPs are requesting implicates various privacy laws and regulations that must be carefully analyzed. Despite that, IIPs reached a bilateral protocol with Apple without input from the impacted non-parties or their customers who will be affected. Further, they have not provided Comcast sufficient time to review the hashing protocol and then demanded Comcast agree to impasse the day the impasse notice was initially due. In light of the serious privacy concerns and the unjustifiably rushed timing of IIPs' requests, Comcast views these requests as unreasonable, especially for a nonparty. Comcast further believes that this issue is premature and does not require review by the Court at this time.

**PII:** To address Comcast's concern with preserving the privacy of its purchasers' PII, IIPs sent Comcast a template declaration, also on November 8, 2026, that sets forth: i) what PII Comcast maintains, ii) how Comcast maintains that PII, and iii) Comcast's commitment to maintain the data and produce it to a Court-ordered class action administrator for purposes of providing class notice and claims administration following certification of IIPs' proposed litigation class or preliminary certification of any settlement class. IIPs proposed this declaration to Comcast in lieu of requiring Comcast to produce its purchaser PII prior to certification of a litigation class or preliminary certification of a settlement class to ensure that all necessary class member PII will be preserved and available following class certification.

Comcast is still reviewing the proposed PII template declaration and is not prepared to agree to it at this time, including because Comcast has serious concerns that the declaration does not appear to have adequate provisions to satisfy the privacy laws and regulations that may apply to the PII at issue. As Comcast explained over a month ago, the information that IIPs are requesting implicates various privacy laws and regulations that must be carefully analyzed. IIPs have not provided Comcast with sufficient time to review the declaration, into which Comcast had no input and which it received approximately a week ago, following which IIPs demanded Comcast agree to impasse the day the impasse notice was initially due. In light of the serious privacy concerns the content of the declaration raises and the unjustifiably rushed timing of IPPs' requests, Comcast views these requests as unreasonable, especially for a nonparty. Comcast further believes that this issue is premature and does not require review by the Court at this time. This dispute does not require expedited resolution by the Court.

Should the Court determine that the parties are at impasse on the issues identified above, IIPs and Comcast respectfully request that the Court grant leave to submit letter briefs pursuant to ¶ 5 of the Special Master Appointment Order. IIPs and Comcast each request leave to file a letter brief of up to six pages, single spaced.

We thank the Court for its attention to this matter.

Respectfully submitted,

s/ Stanley O. King
Stanley O. King, Esq.
JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS P.C.
1000 Haddonfield-Berlin Road,
Suite 203
Voorhees, NJ 08043
Tel: 856.596.4100
sking@lawjw.com

*Counsel for Indirect iPhone Purchaser Plaintiffs*

s/ Arthur J. Burke
Arthur J. Burke, Esq.
Christopher Lynch, Esq.
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel: 212-450-4352
arthur.burke@davispolk.com
christopher.lynch@davispolk.com

*Counsel for Nonparty Comcast Cable Communications Management, LLC*

cc: All counsel of record (via ECF)