JAVERBAUM WURGAFT
HICKS KAHN WIKSTROM & SININS, P.C.

**STANLEY O. KING, ESQ.**
Partner
sking@lawjw.com

**1000 HADDONFIELD-BERLIN RD.**
**SUITE 203**
**VOORHEES, NJ 08043**
**Phone: (856) 596-4100**
**Fax: (856) 702-6640**
**WWW.LAWJW.COM**

November 16, 2026

**VIA ECF**

Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***In re Apple Inc. Smartphone Antitrust Litigation*****,**
**No. 2:24-md-03113-JXN-LDW**
**Joint Notice of Impasse Regarding Indirect iPhone Purchaser Plaintiffs' Subpoena to Nonparty Boost SubscriberCo LLC**

Dear Judge Wettre:

Pursuant to ¶ 4 of the Special Master Appointment Order (ECF No. 208) and the Order Centralizing Enforcement of Pretrial Subpoenas (ECF No. 371), Indirect iPhone Purchaser Plaintiffs ("IIPs") and nonparty Boost SubscriberCo LLC[1] ("Boost") submit this Joint Notice of Impasse regarding the subpoena duces tecum IIPs served on Boost on February 5, 2026 under Federal Rule of Civil Procedure 45. This notice is filed in accordance with the November 16, 2026 deadline for submitting disputes on third party data hashing (ECF Nos. 413 & 477).

After several meet and confers, Boost has agreed to produce transaction-level structured data responsive to IIPs' RFP No. 16 as laid out in the November 4, 2026 Joint Notice of Impasse (ECF No. 439). Yet, Apple and multiple third parties raised privacy concerns about producing (a) IMEI and device serial numbers; and/or (b) personally identifiable information ("PII") (which includes the name and contact information for the purchaser, among other data fields).

---

[1] The joint notice of impasse filed on November 4, 2026 regarding Boost SubscriberCo LLC (ECF 439) erroneously asserted that Boost SubscriberCo LLC is named DISH Wireless L.L.C. d/b/a Boost SubscriberCo LLC. All prior references by IIPs to DISH Wireless L.L.C. intend to reference Boost SubscriberCo LLC.

**I. Hashing**

IIPs have asked Boost to agree to the uniform hashing protocol negotiated between Apple and IIPs (ECF No. 465) or produce their transaction data with all fields unhashed.

In June 2026, Boost produced structured data that included certain PII fields that were hashed/anonymized. The IIPs have requested an update to that data and have requested that the updated data extraction contain certain additional fields, including IMEI and/or serial-number data, device-storage, and device-status. It is Boost's position that Boost may not legally produce certain IMEI and/or serial-number data absent court order (these fields are PII, which, when coupled with other account information, function as CPNI).

While the final hashing protocol submitted by Apple and IIPs to the Court implies that subscriber or account number is not PII, Boost believes otherwise. Thus, Boost has agreed that if the parties (IIPs, Apple, and any government entities) obtain an appropriate hashing/anonymization protocol from the Court[2] and Boost is not required to pay for the costs of hashing or other compliance with the Court's order, then it will not oppose the IIPs in seeking a court order requiring production of: "all data fields provided in the June 2026 structured data production updated through the date of the extraction and including (to the extent available) IMEI and/or serial-number data, device-storage, and device-status." Boost and IIPs agree that the text of the Court's hashing protocol shall be included or incorporated by reference in the proposed order sought from the Court.[3]

Accordingly, the parties submit this joint impasse notice on Boost's production of transaction-level structured data containing IMEI, device serial number data, and customer identification data pursuant to the uniform hashing protocol. Boost's position is that it cannot make such a production without a court order compelling it to do so. IIPs intend to file an unopposed motion to compel the aforementioned production upon the Court's determination that the parties are at impasse.

**II. PII**

To address Boost's concern with preserving the privacy of its purchasers' PII, IIPs sent Boost a template declaration that sets forth: i) what PII Boost maintains, ii) how Boost maintains that PII, and iii) Boost's commitment to maintain a "snapshot" data set extracted from its database and produce it (pursuant to Court order requiring production) to a Court-ordered class action administrator for purposes of providing class notice and claims administration following

[2] While the IIPs and Boost understand that Apple has not yet selected an independent vendor, Boost agrees to follow the protocol so long as Apple eventually selects industry-recognized data-handling vendor with industry-standard data-security protocols and a strong process for data separateness between parties producing pursuant to subpoena.

[3] IIPs and Boost also agree that any additional transaction level structured data productions made by Boost may contain anonymization of subscriber or account number data that is different from the anonymization of such data that is found in Boost's June 2026 production.

certification of IIPs' proposed litigation class or preliminary certification of any settlement class. IIPs proposed this declaration to Boost in lieu of requiring Boost to produce its purchaser PII at this time to ensure that all necessary class member PII will be preserved and available following class certification. Although the parties submit this notice of impasse, they intend to continue to meet and confer and anticipate achieving resolution on the aforementioned PII declaration in the near term.

This dispute does not require expedited resolution by the Court. Because the parties have been unable to reach resolution, IIPs and Boost respectfully request that the Court determine that the parties are at impasse and grant leave to submit letter briefs pursuant to ¶ 5 of the Special Master Appointment Order. IIPs request leave to file a letter brief of up to six pages, single spaced.

We thank the Court for its attention to this matter.

Respectfully submitted,

s/ Stanley O. King
Stanley O. King, Esq.
JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS P.C.
1000 Haddonfield-Berlin Road,
Suite 203
Voorhees, NJ 08043
Tel: 856.596.4100
sking@lawjw.com
*Counsel for Indirect iPhone Plaintiffs*

/s/ Christine P. Payne
Christine P. Payne
Gunster, Yoakley & Stewart, P.A.
777 South Flagler Drive
Suite 500 East
West Palm Beach, FL 33401
561-655-1980
CPayne@gunster.com
*Counsel for Nonparty Boost SubscriberCo LLC*

cc: All counsel of record (via ECF)