Liza M. Walsh
Douglas E. Arpert
Lauren R. Malakoff
Jessica K. Formichella
WALSH PIZZI O'REILLY LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

*Attorneys for Defendant Apple Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | Case No. 2:24-md-03113-JXN-LDW<br><br>MDL No. 3113<br><br>**[PROPOSED] ORDER TO SEAL**<br><br>*Filed Electronically* |

**THIS MATTER** having come before the Court by way of Defendant Apple Inc.'s ("Apple") Motion to Seal portions of (1) Watch Plaintiffs' Letter Brief in Support of Additional Watch Custodians, dated August 26, 2026, (Dkt. No. 294); (2) Apple's Response Regarding Watch Plaintiff's Proposed Additional Custodians, dated September 2, 2026, (Dkt. No. 313); (3) Apple's Letter in Response to Watch Plaintiff's Letter Regarding the Timeliness of Motion to Compel Custodians, dated September 29, 2026, (Dkt. No. 378); and (4) Watch Plaintiffs' Reply Letter Brief in Support of Additional Watch Custodians, dated November 3, 2026, (Dkt. No. 423), as well as the exhibits filed at Dkt. Nos. 294-2 through 294-13, 294-16 through 294-48, 294-50, 294-51, 299-2, 313-2, 346-7 through 346-13, 359-8, 378-2, and 423-2; and having considered the

Declaration of Liza M. Walsh in support of the Motion to Seal as well as the factors set forth in Local Civil Rule 5.3(c), the Court makes the following Findings of Fact and Conclusions of Law:

1. Apple seeks to seal portions of (1) Watch Plaintiffs' Letter Brief in Support of Additional Watch Custodians, dated August 26, 2026, (Dkt. No. 294); (2) Apple's Response Regarding Watch Plaintiff's Proposed Additional Custodians, dated September 2, 2026, (Dkt. No. 313); (3) Apple's Letter in Response to Watch Plaintiff's Letter Regarding the Timeliness of Motion to Compel Custodians, dated September 29, 2026, (Dkt. No. 378); and (4) Watch Plaintiffs' Reply Letter Brief in Support of Additional Watch Custodians, dated November 3, 2026, (Dkt. No. 423), as well as the exhibits filed at Dkt. Nos. 294-2 through 294-13, 294-16 through 294-48, 294-50, 294-51, 299-2, 313-2, 346-7 through 346-13, 359-8, 378-2, and 423-2.

2. There is "a common law public right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). However, "the common law right of access is 'not absolute,'" and the presumption of access may be rebutted where the party seeking sealing demonstrates "'that the interest in secrecy outweighs the presumption.'" *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672–673 (3d Cir. 2019) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). Specifically, "[t]he movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id*. at 672 (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). Moreover, while there is generally a "presumptive right to public access to all material filed in

connection with *nondiscovery* pretrial motions," there is "no such right as to discovery motions and their supporting documents." *N. Jersey Media Grp. Inc v. United States*, 836 F.3d 421, 435 (3d Cir. 2016) (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993)) (emphasis original).

3. Fed. R. Civ. P. 26(c)(1)(G) allows the Court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information" to prevent harm to a litigant's competitive standing in the marketplace. *See In re Avandia Mktg.*, 924 F.3d at 679 ("[C]ourts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'" (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)); *Pearson Educ., Inc. v. Chegg, Inc.*, No. 21-16866, 2023 WL 1779523, at *3 (D.N.J. Feb. 6, 2023) (granting motion to seal information regarding the structure and function of a party's proprietary database, and trade secret and other information contained in the database).

4. Local Civil Rule 5.3(c)(3) requires a party seeking to seal materials filed with the Court to file a motion that describes "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interest which warrants the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."

5. Here, the confidential information at issue is not subject to the presumption of public access because it is discovery material that was filed in connection with a pretrial discovery brief. *See N. Jersey Media Grp. Inc.*, 836 F.3d at 435; *Leucadia*, 998 F.2d

at 164–65. But even if the presumption applied, the Court finds that the confidential information should be sealed for the reasons set out below.

6. The confidential material at issue contains non-public, proprietary, and commercially sensitive information concerning the personally identifiable information of nonparty current and former Apple employees and related nonpublic information concerning their roles, responsibilities, reporting lines, performance evaluations, and team composition; nonpublic information about Apple's internal email listservs, mailboxes, and administrative channels and internal operating procedures, including as to Apple's App Review process; security sensitive information related to Apple's external and internal platforms; nonpublic financial information concerning Apple's sales; nonpublic information concerning Apple's unannounced, unreleased, or cancelled products and services, including internal codenames; nonpublic information concerning Apple's business dealings and communications with nonparties; nonpublic information related to Apple's product development; nonpublic technical information about Apple's products and services; nonpublic information regarding foreign regulatory investigations, including documents that are treated as confidential under foreign law; and nonpublic information related to Apple's business strategy and internal deliberations, including Apple's internal analyses of its products and services, business plans, marketing strategies, strategic considerations, and other nonpublic information relating to Apple's efforts to gain a competitive advantage, all of which Apple does not reveal to the public. Apple designated this information as "Confidential" and/or "Highly Confidential" pursuant to the Discovery Confidentiality

Order. *See Pearson Educ., Inc. v. Chegg, Inc.*, 21-cv-16866 (ESK), 2023 WL 1779523, at *3 (D.N.J. Feb. 6, 2023) ("Confidential information regarding the structure and function of a party's proprietary database qualifies for protection from public disclosure, due to the risk that the information will be used improperly by competitors to the severe disadvantage of that party."); *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) ("The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure."); *see also Ivanovs v. Bayada Home Health Care, Inc.*, 2023 WL 184118, at *3 (D.N.J. Jan. 13, 2023) (sealing nonparty employee's performance evaluation); *Jorjani v. N.J. Inst. of Tech.*, 2022 WL 1811304, at *6 (D.N.J. June 2, 2022) (granting a motion to seal nonparties' employment information, concluding that "[p]ublic disclosure would likely threaten the privacy interests of such nonparties, exposing them to potential embarrassment and harm to their reputation"); *HomeSource, Corp. v. Retailer Web Servs., LLC*, No. 1:18-CV-11970 (CPO-AMD), 2024 WL 5245558, at *3 (D.N.J. Oct. 3, 2024) ("[P]ersonal identifying information of nonparties is precisely the kind of information that courts will protect.").

7. Apple has a legitimate interest in protecting this sensitive, non-public, and proprietary business information, disclosure of which poses a substantial risk of harm to Apple's competitive standing in that competitors are likely to use this information to enhance their own business operations, better their market and negotiation positions, and gain an unfair advantage over Apple. *See Overton v. Sanofi-Aventis U.S., LLC*, 13-cv-5535

(DEA), 2014 WL 1554718, at *2 (D.N.J. Apr. 9, 2014) ("[C]ourts have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents.").

8. There is no less restrictive alternative available than to seal the information. Apple has sought to seal only that information that is entitled to protection.

9. Apple has satisfied the requirements for sealing under Local Civil Rule 5.3(c).

**WHEREAS** the Court having found that legitimate private interests outweigh any presumption of public access, warranting the relief sought; and no opposition to the motion having been filed; and for good cause shown

**IT IS** on this day, ________________, 2026; **ORDERED** that:

1. The Motion to Seal is **GRANTED** and the information identified in Exhibit 1 to the Declaration of Liza M. Walsh is hereby ordered **SEALED**.

2. The Clerk of Court is directed to terminate the motion at ECF 489.

______________________________

**HONORABLE LEDA DUNN WETTRE**
**UNITED STATES MAGISTRATE JUDGE**