**FILED UNDER SEAL—COPY SERVED ON HON. RONALD HEDGES, SPECIAL MASTER**

WALSH PIZZI O'REILLY FALANGA

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

***VIA ECF AND EMAIL***

August 27, 2026

Honorable Ronald Hedges, U.S.M.J. (Ret.), Special Master
r_hedges@live.com

**Re:** ***In re: Apple Inc. Smartphone Antitrust Litigation***
**Civil Action No. 2:24-md-03113-JXN-LDW (MDL 3113)**

Dear Judge Hedges:

Apple respectfully submits this letter in response to Your Honor's August 13, 2026 request for briefing on whether Apple waived privilege by producing U.S.-privileged materials compelled by the European Commission ("EC") under threat of sanction and over Apple's express objections.[1]

## I. The Privilege-Waiver Issue Is Not Properly Before Your Honor

The privilege-waiver issue is not properly before Your Honor because it falls outside the scope of Judge Wettre's referral and because Watch Plaintiff waived the issue. Pursuant to the Special Master Appointment Order, Dkt. 208, Judge Wettre referred "Watch Plaintiffs' non-expedited discovery disputes," Dkts. 257 & 265, to Your Honor. The notice of impasse, letter brief, and subsequent referral make no reference to privilege waiver, even though the procedural history confirms this is a distinct issue requiring a separate impasse notice. Across emails and meet and confers, the parties, including Watch Plaintiff, discussed whether certain productions to the EC waived privilege. *See* Dkt. 244. The iPhone Plaintiffs, for example, expressly raised this privilege issue in their simultaneously filed impasse notice, Dkt. 245, but withdrew it via their briefing, *see* Dkt. 258. MDL Plaintiffs therefore recognized that this issue should be submitted pursuant to a separate impasse notice for resolution, yet Watch Plaintiff elected not to do so. Moreover, Watch Plaintiff did not raise it in his brief and therefore waived the issue. *See, e.g.*, *Arroyo v. N.J. Trans. Rail Oper., Inc.*, 2026 WL 2111312, at *5 (D.N.J. July 22, 2026). Watch Plaintiff's six-page letter brief requested only "*nonprivileged*" documents—it did not request documents produced to the EC that are privileged under U.S. law, much less justify how Apple waived any privilege. *See* Dkt. 257 at 1; *see also* Dkt. 244 (Watch Plaintiff failing to raise waiver issue).

## II. Apple Did Not Waive Privilege by Producing Documents Compelled by the EC

Even if the issue were properly before Your Honor, Apple did not waive privilege and Fed. R. Evid. 502(a) does not apply. Privilege can be waived by disclosure to a government body only where the disclosure was voluntary, not where it was compelled under threat of sanctions notwithstanding a party's continued assertion of privilege. *See In re Vitamins Antitrust Litig.*, 2002 WL 35021999, at *28 (D.D.C. Jan. 23, 2002) ("[C]ompulsion avoiding waiver requires that a disclosure be made in response to a court order or subpoena or the demand of a governmental authority backed by sanctions for noncompliance, and that any available privilege or protection

[1] The documents at issue consist of in-house counsel communications that are squarely privileged under U.S. law, and that the EC has refused to recognize as privileged under the laws of the European Union. *See, e.g.*, Lo Decl. Ex. 7 (Broadcom Order) ¶¶ 41–42, 46.

must be asserted."); *S.E.C. v. Teo*, 2009 WL 1684467, at *24 (D.N.J. June 12, 2009) ("[C]ompelled production of privileged documents does not generally waive otherwise applicable claims of privilege[.]"); *Brown v. NCL (Bahamas), Ltd.*, 155 F. Supp. 3d 1335, 1339 (S.D. Fla. 2015) (same).

Apple's productions to the EC at issue here—one made in 2024/2025 and one in 2026—were not "voluntary." In each case, the EC issued binding Requests for Information by Decision requiring Apple to produce specified documents—including materials privileged under U.S. law—by a fixed deadline. *See* Lo Decl. Exs. 1 at 4 (2024 Decision); 2 at 7 (2026 Decision). Each Decision imposed severe financial penalties (€500,000 *per day*) for non-compliance. *See* Lo Decl. Exs. 1 at 5; 2 at 7. Apple repeatedly objected that the Decisions demanded materials protected by U.S. attorney-client privilege and sought to have the EC excuse those materials from its production. The EC rejected those objections. *See, e.g.*, Lo Decl. Exs. 3 at 5 (Oct. 2, 2024 Letter); 4 at 7 (Apr. 2, 2026 Submission). When the EC declined to permit Apple to withhold certain U.S.-privileged documents, in both instances Apple provided the privileged materials separately from its other productions under password protection, expressly stated that the submission was "under protest and under duress, solely in order to avoid the imminent threat of . . . daily periodic penalty payments . . . but without any intentional or willful waiver of Apple's rights," and requested that the EC decline to review the materials. Lo Decl. Exs. 5 at 2 (May 18, 2026 Letter); 6 at 2 (Nov. 10, 2024 Letter) (substantively same). Apple provides these documents to facilitate the Court's understanding of the relevant facts and legal issues, but reserves the right to argue that production of similar documents in other litigation matters is not appropriate.

A finding of waiver on these facts would conflict with longstanding principles of international comity and threaten the future conduct of companies engaged in international legal proceedings. *See In re Vitamin C Antitrust Litig.*, 8 F.4th 136, 143–45 (2d Cir. 2021). Multinational litigants would be forced to choose between violating a foreign sovereign's lawful orders and incurring extraordinary sanctions, or complying and forfeiting privilege in U.S. litigation. Neither precedent nor sound policy supports that result. Indeed, the General Court of the European Union recently rejected the position that a waiver of U.S. privilege could occur when producing documents to the EC under these very facts. When another American company argued that the EC's demand for privileged documents could result in waiver in the U.S., the President of the General Court disagreed because non-compliance "entails a risk of fines and periodic penalty payments," and U.S. courts do not deem such "compulsory production of documents" to "entail a waiver of the legal professional privilege." Lo Decl. Ex. 7 (Broadcom Order) ¶¶ 78, 94–100.

Rule 502(a) is inapplicable to this dispute. Rule 502(a) covers "Disclosure Made in a Federal Proceeding or to a Federal Office or Agency," and addresses only whether a privilege waiver "extends to an undisclosed communication or information." Fed. R. Evid. 502(a). That has no bearing where the caselaw universally finds that no waiver occurred at all. *See supra* 1–2. The authorities cited previously by iPhone Plaintiffs on this issue in correspondence do not hold otherwise. For example, *Teo*, 2009 WL 1684467, at *5, and *In re Grand Jury (Impounded)*, 138 F.3d 978, 981 (3d Cir. 1998) only indicate that voluntary or inadvertent exposure of privileged documents, without efforts to assert privilege or ensure confidentiality, may waive privilege.

## III. Requested Relief

Apple respectfully requests that Your Honor: (1) decline to reach the privilege issue because it was not referred to Your Honor for resolution and was waived by Watch Plaintiff; or (2) reject any contention that Apple waived privilege by complying under compulsion with the EC's Decisions.

Respectfully submitted,

*s/Liza M. Walsh*
Liza M. Walsh

cc: All Counsel of Record (via ECF and Email)