McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
T: 973.993.8100 | F: 973.425.0161
MDMC-LAW.COM

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmclaw.com

September 22, 2026

**VIA ECF & EMAIL**

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re: *In re Apple Inc. Smartphone Antitrust Litigation*, 2:24-md-03113-JXN-LDW
Watch Plaintiffs' Letter Regarding the Timeliness of Motion to Compel Custodians

Dear Judge Wettre,

Direct Apple Watch Purchaser Plaintiffs ("Watch Plaintiffs") write to address the Court's concerns, raised at the recent status conference, regarding the timeliness of Watch Plaintiffs' motion to compel Apple Inc. ("Apple") to produce additional document custodians (Dkt. 294).

* * *

Watch Plaintiffs respectfully seek addition of 14 custodians they diligently and timely pursued. Dkt. 294. Any delay was caused by Apple, whose piecemeal document productions and dilatory conduct prevented earlier resolution.[1]

One year ago the Government Plaintiffs requested Apple HR spreadsheets to identify custodians. *U.S. v. Apple*, No. 2:24-cv-04055 (D.N.J.), Dkt. 303 at 4-5. Apple objected and this Court denied the request in part because the Government could rely on the CID documents that Apple claimed the Government had in their possession for four years. *See* Pls. Ex. 45 (9/16/25 Tr. 13:3-22); *id.* at 17:17-18:18 (Apple: "They have over four years of [investigation] documents . . . . Millions of documents with people's names."). Apple refused Watch Plaintiffs' similar request on the basis that custodians should be found by reviewing the CID documents. Pls. Ex. 48 at 2.

But Watch Plaintiffs lacked such access to the CID documents. This Court will recall that MDL Plaintiffs requested those documents in January 2025, Dkt. 66, but Apple objected and the Court denied the request. Dkt. 74. Consequently, although they diligently served their own initial requests in October, well in advance of the Court's January 2026 deadline, Pls. Ex. 50, Watch Plaintiffs did not begin to receive CID documents on which they had to rely until late November 2025, just before Apple was ordered to "promptly make rolling productions." Clerkin Decl. ¶3; Dkt. 142 at 5.

Apple did not complete its "prompt[] . . . rolling productions" of the CID documents until July 9, 2026, more than seven months later. Pls. Ex. 47. So when Apple and the Government conferred about custodians on December 22, 2025, Watch Plaintiffs had received 1.6M CID documents (only 61% of the total) just days before. Clerkin Decl. ¶4. When Apple and the Government met again in early February 2026, just three months after Watch Plaintiffs began receiving the productions, they had already agreed to 52 of the 54 Government custodians. Pls. Ex. 49. Watch Plaintiffs were still racing to review those productions for potential custodians.

As Apple concedes, Watch Plaintiffs bring wholly distinct allegations from those of the Government, including unique conduct, damages, and markets.[2] Yet on March 13, 2026, Apple proposed that MDL Plaintiffs rely exclusively on the Government custodians. Dkt. 192 at 22; Dkt. 283 at 1. On April 16, 2026—before Apple finished producing CID documents—MDL Plaintiffs jointly proposed 66 additional custodians, including 36 from Watch Plaintiffs. Dkt. 283 at 1; Dkt. 192 at 7, 22. Apple took a month to reject that list without providing a response on any custodian. Dkt. 192 at 22. Watch Plaintiffs continued to review the incomplete CID productions and on June 24, 2026 narrowed their request to 17 custodians, providing Apple a detailed chart with evidence for each. Dkts. 294-2, 294-3. During a June 25, 2026 meeting, Apple promised to respond, but failed to do so until a month later, and only after Watch Plaintiffs sent five requests and threatened to file an impasse notice detailing Apple's intransigence.[3] Following Apple's belated response, Watch Plaintiffs sent a draft notice of impasse on July 28, 2026. Pls. Ex. 2 at 6 (Dkt. 294-3). Apple

[1] Watch Plaintiffs attach Pls. Ex. 44 to illustrate the timeline. Each entry in Pls. Ex. 44 is described in this letter.

[2] *See*, *e.g.*, Apple's Mem. Supp. Mot. Dismiss (Dkt. 132-1) at 1 ("Many of their allegations echo the Government's. But echoes fade fast . . . Watch Plaintiff advances different claims in admitted tension with the Government's.").

[3] Watch Plaintiffs requested responses on July 7, July 13, July 17, July 20, and July 23, 2026. *See* Pls. Ex. 2 (Dkt. 294-3). Apple replied only after Watch Plaintiffs twice threatened to file a solo impasse notice. *Id.* at 7-8, 10. Apple replied to the first threat by offering five custodians, only two of whom were part of Watch Plaintiffs' narrowed proposal, and withholding its positions on the remainder. *Id.* Apple replied to the second threat with the written positions it promised in June. *Id.*

rejected it, insisting on another round of letters. *Id.* at 5. Watch Plaintiffs replied on August 3, 2026, narrowing their request further and explaining again why each requested custodian was necessary. *Id.* at 4; Pls. Ex. 4 (Dkt. 294-5). The parties filed a notice of impasse on August 18, 2026.

**Watch Plaintiffs diligently sought the requested custodians. Apple has delayed.** This Court has held a requesting party need only present "sufficient information" to raise a "fair inference" that proposed custodians possess relevant, non-duplicative material. *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin., Inc.*, 2015 WL 5055241, at *3 (D.N.J. 2015) (Wettre, M. J.); *see also*, *e.g.*, *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2022 WL 20359181 (D.N.J. 2022) (allowing new custodians requested in April and rejected in July where the requesting party moved to compel in October). Watch Plaintiffs did that as promptly as Apple made possible.

As the facts above show, Watch Plaintiffs initiated custodian discussions as soon as they reasonably could. Government Plaintiffs had over four years to review a complete set of CID documents and propose custodians; Watch Plaintiffs spent just four months reviewing an incomplete set of CID documents and proposed 36 additional custodians—only to have Apple reject them wholesale after a month, without explanation. Watch Plaintiffs continued review of the still-incomplete document set to narrow the proposal to 17 custodians, each supported by specific documentary evidence. Apple held that proposal for another month before responding. Watch Plaintiffs then made every effort to bring the dispute—narrowed again to just 14 custodians—to the Court promptly, but Apple delayed even that process. *Supra* p.1.

**Watch Plaintiffs could not have meaningfully participated in the Government-Apple custodian negotiations.** Apple contends Watch Plaintiffs "received invitations" to three meetings regarding custodians in December 2025 and February 2026. Dkt. 313 at 1. But those invitations were an illusory opportunity, because even by February 2026—while *finalizing* Government negotiations—Watch Plaintiffs had just received the bulk of the CID productions one to three months earlier. Watch Plaintiffs had little time to review and digest the millions of documents Apple *had* produced, and could not have become familiar with the productions, identified potential custodians with missing, relevant materials, and narrowed their proposals to the most important custodians in time to meaningfully participate in soon-to-be-concluded Government discussions. Nonetheless, Watch Plaintiffs proposed the custodians at issue within mere months. *Supra* p.1.

**Ordering Watch-specific custodians will not disrupt the RFP/search term process.** The parties have already agreed on search terms for custodial productions. Compelling Watch-specific custodians will require no additional RFP or search term negotiations. It will add only as much time as Apple takes to collect, run its TAR model, and screen the responsive documents for privilege. Apple has known about each of these custodians since April 2026 and should have begun the process already; it should not be permitted to benefit from its own foot-dragging. Nor would the Government case be affected, since the Government has not requested the 14 Watch custodians.

**Rejecting the proposed custodians will prejudice Watch Plaintiffs.** Watch Plaintiffs have cut their list of desired custodians from 36 to 14. The 14 remaining are essential. If Watch Plaintiffs are forced to rely on custodians negotiated by different parties in a different case with different elements, they will be deeply prejudiced.

Watch Plaintiffs in all events have acted diligently, and respectfully request that the Court order Apple to produce documents from the 14 requested custodians.

Respectfully Submitted,

/s/ Thomas R. Curtin
Thomas R. Curtin
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 993-8100
tcurtin@mdmc-law.com

cc: All counsel (by ECF & Email)