# EXHIBIT 49

# KIRKLAND & ELLIS LLP

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

Luke P. McGuire
To Call Writer Directly:
+1 202 389 3271
luke.mcguire@kirkland.com

+1 202 389 5000

Facsimile:
+1 202 389 5200

www.kirkland.com

February 11, 2026

**By E-mail**

Jack G. Lerner
Trial Attorney
Antitrust Division, U.S. Department of Justice
450 5th Street, N.W.
Washington, D.C. 20530

Re: *United States v. Apple*, No. 2:24-cv-04055-JXN-LDW (D.N.J.)

Counsel:

I write in response to your February 6, 2026 letter and with respect to our February 5, 2026 meet-and-confer. I do not specifically address every subject, assertion, or characterization covered during our meet-and-confer, and Apple reserves all rights with respect to any issue identified during that discussion.

***First***, we can confirm that Apple designated [redacted] as custodians, bringing Apple's total number of custodians to 52 (and 68 when you consider the investigation custodians). Since the parties' December 22 meet-and-confer, after which the parties disagreed over 19 specific proposed custodians, Apple has designated 7 of the 19 and Plaintiffs have withdrawn one ([redacted]i), such that 11 proposed custodians remain in dispute.

***Second***, we have considered your proposal that we replace [redacted] with [redacted]. [redacted] is one of the 11 proposed custodians whom Apple has not agreed to add. For the reasons we gave on our February 5 meet-and-confer, we continue to believe that [redacted] is the more appropriate custodian, given that he oversaw [redacted] with respect to the only project that could even potentially make [redacted] relevant, covers the entire discovery period, and remains employed at Apple. We do not have reason to believe that [redacted] would have unique, relevant documents beyond those we would expect to search and review for [redacted]. We thus do not believe that [redacted] is an appropriate custodian, and Plaintiffs' intention to depose [redacted] does not suggest otherwise. Because we do not believe [redacted] substantive responsibilities were relevant here, his successor's responsibilities would not be either. We are happy to continue discussing the remaining 10 proposed custodians.

***Third***, we are willing to discuss further the remaining points you have raised. With respect to successors, for instance, we will identify successors for [redacted] and [redacted], as you have requested. We can also discuss [redacted], although we understand that your request concerning him is not necessarily a request for a successor, given that [redacted] remains at Apple.

We are also prepared to discuss again the reasons that we do not believe [redacted] or [redacted] should be document custodians for the requests that Plaintiffs have served. And we can again explain the reasons that [redacted] and [redacted] should not be designated as document custodians.

* * *

We look forward to continuing to discuss these issues. We are available to do so on Thursday, February 12, from 2:00 to 3:00 p.m., if that proposed time is still open for Plaintiffs. We also have availability on Friday, February 13, from 3:00 to 5:00 p.m.

Sincerely,

*/s/ Luke P. McGuire*

Luke P. McGuire