WALSH PIZZI O'REILLY FALANGA

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

**HIGHLY CONFIDENTIAL**

**VIA ECF**

September 29, 2026

Honorable Leda Dunn Wettre, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***In re: Apple Inc. Smartphone Antitrust Litigation***
**Civil Action No. 2:24-md-03113-JXN-LDW (MDL 3113)**

**Apple's Response Regarding Watch Plaintiff's Proposed Additional Custodians**

Dear Judge Wettre:

This firm, together with Gibson, Dunn & Crutcher LLP, represents Defendant Apple Inc. ("Apple") in the above-captioned matter. Apple respectfully submits this letter in Response to Watch Plaintiff's Letter Regarding the Timeliness of Motion to Compel Custodians.

Watch Plaintiff was not diligent in seeking additional custodians, and he cannot shift blame to Apple by omitting and misrepresenting key facts.

**Watch Plaintiff Did Not "Lack Access to the CID documents"**

Watch Plaintiff claims that he could not have participated in the negotiation of custodians with the government, and otherwise acted diligently, because of the timing of Apple's production of documents from the Government's Civil Investigative Demand ("CID"). That is incorrect. Apple began making rolling productions of CID files on November 5, 2025—nearly a year ago. Def. Ex. 26. By the December 22, 2025 meet-and-confer with Apple, the Government, and MDL Plaintiffs regarding custodians, Watch Plaintiff already had 1.6 million CID documents and over 260,000 more documents produced from the Government Action on top of that. Pl. Supp. Br. at 1. Those included 12 of the 34 documents Watch Plaintiff submitted in support of his current motion. *See* Appendix. And by the time of the February meet-and-confers, Watch Plaintiff had in hand 20 of the 34 documents—touching on all but one of the disputed custodians. *See* Appendix.

The correspondence between the parties further confirms that focus on the CID documents is an after-the-fact excuse. When the parties exchanged drafts of their impasse notice, Apple specifically noted that Watch Plaintiff had been invited to the meet and confers with the Government. Watch Plaintiff did *not* respond to that fact by saying that those invitations were meaningless because they did not have access to certain documents. Instead, Watch Plaintiff appeared to have had no awareness of the invitations whatsoever—asking Apple to provide copies of them. Def. Ex. 25 (I. Moody Email, Aug. 11, 2026) ("Apple included in its edits the contention that Watch Plaintiffs were invited to participate in custodian negotiations in the Government Action three times between December 2025 and February 2026. Please identify the correspondence where Watch Plaintiffs were invited to do so."). As requested, Apple provided Watch Plaintiff with a copy of the invitations on August 14, 2026, and it is only since then that Watch Plaintiff has raised the timing of the CID documents.

Moreover, the CID documents do not explain the delay between April and August. According to Watch Plaintiff's own timeline, Watch Plaintiff proposed its "additional custodians' on April 16, 2026, and Apple promptly "reject[ed] MDL custodians" on May 12, 2026. Plaintiff's own characterization of Apple's response means that he viewed the issue as ripe then for Court intervention. Yet Watch Plaintiff did not submit a notice of impasse until August 18, 2026.

Watch Plaintiff does not address this delay because it is entirely of his own making. The April 16 proposal sought to add 61 custodians—more than the total number of custodians in the Government Action—with no explanation as to why any were relevant or proportional. Watch Plaintiff assuredly knew this bare list was not a proposal that could be raised in good faith with the Court. Watch Plaintiff therefore spent several more months trying to come up with justifications for those custodians. Over that time, he changed his proposal significantly. It took nearly three months for him to offer justifications for ten of the proposed custodians. Two weeks after that, he sent a revised chart seeking 17 custodians, abandoning three from the prior set of ten, and adding ten names he had never provided justifications for. Watch Plaintiff never suggested that any of these changes emerged from newly obtained CID documents. This history at best reflects a lack

of diligence by Watch Plaintiff—in assembling an initial list, in amending that list, and in engaging with Apple about his proposed custodians. His motion therefore is untimely.

**Apple's Custodian Proposal is reasoned and more than sufficient for the MDL Actions**

Watch Plaintiff suggests incorrectly that Apple has conceded that "Watch Plaintiffs bring wholly distinct allegations from those of the Government." Dkt. 359 at 1. As Apple has explained, Watch Plaintiff's legal theories diverge from the Government's but depend on the ***same essential set of facts***. Dkt. 313 at 2. That is why the filing Watch Plaintiff cites for this supposed concession says his allegations "echo" the Government's. Dkt. 359 at 1. It also is why the JPML centralized Watch Plaintiff's claims in this MDL, rejecting his argument of "minimal overlap" and finding all the MDL cases "involve substantial factual overlap and ***common discovery***." Dkt. 1 at 2 (emphasis added). So even if Watch Plaintiff asserts "distinct" legal theories, Dkt. 34 at 5, these cases were centralized precisely to "avoid duplicative discovery" of the kind sought here. Dkt. 1 at 2. Recognizing that overlap, Apple as the producing party identified the custodians most likely to hold relevant, non-duplicative documents. *See Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 427 (D.N.J. 2009) (recognizing, under Sedona Principle 6, that the responding party "is in the best position to choose an appropriate method of searching and culling the data"). Many of those agreed-upon custodians were selected because of their Watch work and supervised most of the custodians Watch Plaintiff now seeks. Accordingly, there is no basis to add duplicative custodians now.

**Ordering additional MDL Plaintiff custodians will disrupt the case**

Watch Plaintiff argues that his request will not impact search term negotiations, but he is conspicuously silent on its impact on the case schedule. As Watch Plaintiff acknowledges, compelling additional custodians will add "as much time as Apple takes to collect, run its TAR model, and screen the responsive documents for privilege." Pl. Supp. Br. at 2. If he were to receive all of his proposed custodians, it would take at least several months to ingest, review, and produce all of the new custodians' responsive documents. Watch Plaintiff seeks to shift any blame for delay in this respect because Apple has known of these potential custodians and "should have begun the process [of collecting documents] already." *Id.* But ingesting a custodian's documents on its own is a laborious undertaking which Apple has already performed 59 times, and Watch Plaintiff points to no authority suggesting that Apple had the obligation to undertake a burdensome collection from each of MDL Plaintiffs' unjustified, 61 proposed additional custodians on the possibility that one day Apple may be compelled to collect documents from those custodians.

**Rejecting Watch Plaintiff's proposed custodians will not prejudice him**

For the reasons explained in Apple's opposition, the additional custodians sought by Watch Plaintiff are far from "essential," Dkt. 313 at 2-7, but, to the extent they have relevant documents, those documents are duplicative and cumulative of the documents of the 59 custodians from whom Apple has agreed to produce in the MDL.

Respectfully submitted,

*/s/Liza M. Walsh*

Liza M. Walsh

cc: All Counsel of Record (via ECF and Email)

## APPENDIX

The below table maps the exhibits cited in support of Watch Plaintiff's August 2026 Motion to Compel Additional Custodians against the date those exhibits were in Watch Plaintiff's possession. The exhibits highlighted blue were in Watch Plaintiff's possession before the conclusion of the meet and confers with Apple, the Government, and MDL Plaintiffs on February 12, 2026. The exhibits highlighted green were in Watch Plaintiff's possession even earlier—before the December 22, 2025 meet-and-confer. The exhibits highlighted amber were produced after the February 12, 2026 meet-and-confers but before Apple's March 13, 2026 custodian proposal. The production cover letters and transmittal emails corresponding to each production below are attached as Exhibits 26–47 to the Declaration of Liza M. Walsh.

| Custodian | Exhibit | Bates Number | Date Produced |
|---|---|---|---|
| [redacted] | 42 | APLDOJLIT01860316 | 1/3/2026 |
| [redacted] | 27 | APLCIDLIT04270863 | 12/13/2025 |
| [redacted] | 24 | APLDOJLIT00160189 | 11/5/2025 |
| | 25 | APLDOJLIT00232668 | 11/5/2025 |
| | 23 | APLDOJLIT08595468 | 4/22/2026 |
| [redacted] | 21 | APLDOJLIT01988049 | 1/3/2026 |
| | 19 | APLDOJLIT03808974 | 2/10/2026 |
| | 22 | APLDOJLIT05998199 | 3/20/2026 |
| | 20 | APLDOJLIT07466274 | 4/3/2026 |
| [redacted] | 26 | APLDOJLIT00223344 | 11/5/2025 |
| | 33 | APLDOJLIT00368454 | 11/5/2025 |
| | 32 | APLDOJLIT00603201 | 11/10/2025 |
| | 34 | APLDOJLIT04269914 | 2/19/2026 |
| [redacted] | 13 | GARMIN-CID-00002479 | 1/8/2026 |
| | 14 | GARMIN-CID-00002490 | 1/8/2026 |

| | | | |
|---|---|---|---|
| | 11 | APLDOJLIT02363334 | 1/10/2026 |
| | 12 | APLDOJLIT14720418 | 6/11/2026 |
| [redacted] | 9 | APLDOJLIT00274798 | 11/5/2025 |
| | 8 | APLCIDLIT07027303 | 12/19/2025 |
| | 10 | APLDOJLIT04890977 | 3/5/2026 |
| [redacted] | 17 | APLDOJLIT00109763 | 11/5/2025 |
| | 18 | APLDOJLIT03189478 | 1/20/2026 |
| | 15 | APLDOJLIT08869540 | 4/22/2026 |
| | 16 | APLDOJLIT16638613 | 6/15/2026 |
| [redacted] | 31 | APLDOJLIT00371835 | 11/5/2025 |
| [redacted] | 6 | APLDOJLIT02452176 | 1/10/2026 |
| | 7 | APLCIDLIT07851858 | 12/23/2025 |
| | 5 | CID Deposition Transcript | 4/23/2026 |
| [redacted] | 30 | APLDOJLIT00603419 | 11/10/2025 |
| | 29 | APLDOJLIT00802953 | 11/21/2025 |
| | 28 | APLDOJLIT12845067 | 6/3/2026 |
| [redacted] | 26 | APLDOJLIT00223344 | 11/5/2025 |
| [redacted] | 35 | APLDOJLIT06042367 | 3/20/2026 |
| | 37 | APLDOJLIT07141678 | 4/2/2026 |
| | 36 | APLDOJLIT11301020 | 5/26/2026 |