McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
T: 973.993.8100 | F: 973.425.0161
MDMC-LAW.COM

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmc-law.com

November 3, 2026

**VIA ECF AND EMAIL**

Honorable Michael A. Hammer (ret.)
One Lowenstein Drive
Roseland, New Jersey 07068

Re: *In re Apple Inc. Smartphone Antitrust Litigation*, 2:24-md-03113-JXN-LDW
Watch Plaintiffs' Reply Letter Brief In Support Of Additional Watch Custodians

Dear Judge Hammer,

Pursuant to ¶5(c) of the Special Master Appointment Order (Dkt. 208) and with leave from the Court (Dkts. 325, 391, 419), Direct Apple Watch Purchaser Plaintiffs ("Watch Plaintiffs") respectfully submit this reply in support of its motion to compel additional custodians.

* * *

Apple's opposition brief (Dkt. 313, "Opp.") contains several mischaracterizations that Watch Plaintiffs correct below.

***First***, Apple states that the present dispute "is no different" from what was recently decided by Judge Linares,[1] who rejected "a request by iPhone Plaintiffs to compel additional custodians relevant to Apple's relationship with retailers *because identifying them* and *searching their documents* was not 'proportional to the needs of the case' in light of other custodians who covered the same subjects." Opp. at 1 (emphases added).

The present dispute is different. Judge Linares decided the proper scope of production for RFP 29, through which iPhone Plaintiffs sought all contracts with iPhone retailers and all communications regarding those contracts. Apple argued the demand would require it to "identify every employee who ever served as a point of contact with any non-carrier retailer in the last decade, a monumental and disproportionate task that [Apple] is not even certain can be accomplished." Pls. Ex. 51 at 3–4. Judge Linares agreed, holding that "requiring Defendant to *identify* additional custodians and *search* for communications that span more than a decade does not appear to be proportional to the needs of the case, *at this point in time*." *Id.* at 8 (emphases added). Judge Linares denied the request without prejudice, permitting iPhone Plaintiffs to re-raise it if they identify material discrepancies in Apple's productions. *Id.* at 7–8.

Watch Plaintiffs do not ask Apple to identify anyone. Watch Plaintiffs have already identified the custodians, justified each by reference to apparent gaps in Apple's productions, and narrowed their requests "in good faith to reduce Apple's burden." Pls. Ex. 2 at 15 (Dkt. 294-3). Nor would Apple need to manually search for responsive documents, since on September 29, 2026—more than a month after Judge Linares's order—the Court entered a protocol directing Apple to identify custodial production documents by simply running the already-agreed set of search terms and a TAR model across custodians' files.[2] *See* Dkt. 377. Apple's mischaracterization that this dispute "is no different" could mislead the Court to believe that ruling for Watch Plaintiffs would contradict Judge Linares's earlier ruling. It would not. Judge Linares rejected only an unbounded reading of RFP 29's scope, not a measured request for a finite set of already-identified custodians.

***Second***, Apple claims that no additional custodians are needed because the Government Action "implicates essentially the same factual issues." Opp. at 1. But this mischaracterizes Watch Plaintiffs' allegations and even Apple's own previously stated position. In moving to dismiss, Apple posited that Watch Plaintiffs allege *unique* anticompetitive conduct and *unique* relevant product markets. *See* Apple's Mem. Supp. Mot. Dismiss (Dkt. 132-1) at 60 ("Unlike the allegations in the Government's case, Watch Plaintiff challenges Apple's alleged attempts to 'limit[], disrupt[], and degrade[] the capabilities of competitor smartwatches' by refusing to assist smartwatch rivals to the alleged detriment of competition in the 'smartwatch market.'"); *id.* at 1 ("Watch Plaintiff claims (unlike the Government) that iPhone is its own market"); *id.* at 2 ("While the Court concluded the Government 'd[id] not allege Apple is failing to deal with its smartphone rivals,' … Watch Plaintiff alleges Apple refused to assist its *smartwatch* rivals in the *smartwatch* market to the detriment of *smartwatch* purchasers.") (citations omitted and emphases in original). Apple cannot credibly flip-flop positions from motion to motion based on its desired outcome. Watch Plaintiffs assert unique allegations necessitating discovery of unique facts from unique custodians.

---

[1] *See* Dkt. 296, attached as Pls. Ex. 51.

[2] The September 29 order also reduces the review burden Apple describes in its September 2 brief. *See* Opp. at 1–2.

***Finally***, Apple contends throughout its brief that because existing custodians "wrote or received" Watch Plaintiffs' exhibits, Watch Plaintiffs' "own exhibits show" that producing the proposed custodians' documents would be cumulative. Opp. at 1. Apple is wrong. Existing custodians wrote or received Watch Plaintiffs' exhibits for a self-defining reason: they are, with few exceptions, the only documents Watch Plaintiffs have. That these documents appear in existing custodians' files does not negate the fact that their *content* raises a "fair inference" that the proposed custodians possess relevant "emails or analyses different from those of the agreed custodians." *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin., Inc.*, 2015 WL 5055241, at *3 (D.N.J. Aug. 21, 2015) (Wettre, J.). Watch Plaintiffs are not required to submit as evidence the very documents they seek; such a standard would be absurd.

Additionally, Apple mischaracterizes the evidence when it claims that the information Watch Plaintiffs seek "will already be in the files Apple has collected and searched[.]" Opp. at 1. For example: Watch Plaintiffs seek [redacted] as a custodian and showed Apple examples of relevant emails and documents he possesses that Apple has not produced. Dkt. 294 at 3. Apple's counter—that [redacted] "day-to-day exchanges about Garmin . . . were visible" to existing custodians, Opp. at 3—obscures the key question: whether those custodians have those exchanges and whether they were produced. Watch Plaintiffs cited nearly a year of Garmin-[redacted] emails that *Garmin*—not Apple—produced. Pls. Exs. 13–14 (Dkts. 294-14, 294-15). *Apple has never produced these emails.* Watch Plaintiffs also identified relevant "working documents" [redacted] accessed that are missing from Apple's productions, and Apple responds only that the "supposed 'missing document' is a link to a different employee's working notes." Opp. at 3. Apple does not deny that these emails and documents are relevant, that they are missing from its productions, or that they are in [redacted] files.[3]

Apple distorts the evidence for other custodians as well. Apple minimizes [redacted] role as merely "to circulate market data," Opp. at 5, but Apple's own exhibit shows [redacted] interpreting, explaining, and analyzing data on the smartwatch market (a market uniquely alleged by Watch Plaintiffs, *supra* at 1) for existing custodians who do not appear to understand it as well as she does. Def. Ex. 20 (Dkt. 313-2). Likewise, Apple characterizes [redacted] as someone who just "escalat[es] developer feedback," Opp. at 3, disregarding that the document it relies on says that his role is to "[a]ctively solicit feedback on developer experience," and "[e]scalate *as appropriate* … to management." Pls. Ex. 6 at -177 (Dkt. 294-07) (emphasis added). Apple similarly downplays [redacted] because he sits in a reporting chain with existing custodians, Opp. at 5–6, ignoring that [redacted] is listed as a "critical" attendee alongside those existing custodians for discussions about the messaging limitations on Apple Watch. Def. Ex. 24 at -944 (Dkt. 313-2). These examples—along with the other exhibits cited in Watch Plaintiffs' brief—demonstrate that the proposed custodians are likely to have relevant documents Apple has not already "collected and searched."

Watch Plaintiffs have satisfied their burden to raise a "fair inference." Watch Plaintiffs therefore respectfully request an order compelling Apple to produce documents from the proposed custodians.

---

[3] Apple's own exhibits indicate that [redacted] is responsible for "continuing to manage increasingly urgent developer-facing communications," further reinforcing that he is likely to have relevant communications that have not been produced. Def. Ex. 4 at -986 (Dkt. 313-2).

Respectfully Submitted,

*/s/ Thomas R. Curtin*

Thomas R. Curtin
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 993-8100
tcurtin@mdmc-law.com

cc: All counsel (by ECF and email)