JAVERBAUM WURGAFT
HICKS KAHN WIKSTROM & SININS, P.C.

**STANLEY O. KING, ESQ.**
Partner
sking@lawjw.com

**1000 HADDONFIELD-BERLIN RD.**
**SUITE 203**
**VOORHEES, NJ 08043**
**Phone: (856) 596-4100**
**Fax: (856) 702-6640**
**WWW.LAWJW.COM**

November 18, 2026

**VIA ECF**

Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** ***In re Apple Inc. Smartphone Antitrust Litigation*****,**
**No. 2:24-md-03113-JXN-LDW**
**Joint Notice of Impasse Regarding Indirect iPhone Plaintiffs' Subpoena to Nonparty AT&T Mobility LLC**

Dear Judge Wettre:

Pursuant to ¶ 4 of the Special Master Appointment Order (ECF No. 208) and the Order Centralizing Enforcement of Pretrial Subpoenas (ECF No. 371), Indirect iPhone Plaintiffs ("IIPs") and nonparty AT&T Mobility LLC ("AT&T") respectfully submit this Joint Notice of Impasse regarding the subpoena duces tecum IIPs served on AT&T Inc. on October 22, 2025 and reissued to AT&T Mobility LLC on December 1, 2025 (the "Subpoena") under Federal Rule of Civil Procedure 45. The parties submit this joint notice of impasse regarding third-party discovery disputes in accordance with the November 18, 2026 deadline, as extended from November 4, 2026. *See* ECF No. 433.

IIPs and AT&T met and conferred in good faith regarding the Subpoena by videoconference on January 23, March 23, April 1, June 4, September 23, October 27, October 30, November 3, and November 16, and exchanged correspondence between April and October 2026. Since November 4, AT&T has produced samples of its transactional-level sales and service line data. The parties continue to meet and confer regarding the scope of those productions. AT&T has not taken a position concerning whether AT&T will produce profit-and-loss statements.

AT&T's position is that the parties are not at an impasse on this issue. IIPs did not identify profit-and-loss statements as a priority request until the afternoon of October 30. As such, AT&T had been working diligently on the priority requests IIPs identified, and have since provided IIPs with multiple data samples responsive to those requests. Further, IIPs indicated that these

documents were necessary only because IIPs had not yet received certain AT&T data samples. AT&T has since provided those samples, and accordingly, it believed IIPs no longer needed the profit-and-loss statements. But on November 18, IIPs stated that they needed the profit-and-loss statements even though AT&T had provided the requested data samples. AT&T has not refused to provide these documents, but it needs time to evaluate what documents exist, whether they are the type of documents IIPs are looking for, and whether AT&T is willing to produce them.

Because the parties have been unable to reach resolution, IIPs respectfully request that the Court determine that the parties are at impasse and grant leave to submit briefs pursuant to ¶ 5 of the Special Master Appointment Order.

AT&T does not believe that any briefing is necessary at this time and respectfully requests the Court defer any such briefing until IIPs and AT&T are actually at an impasse, if such a date arises.

This dispute does not require expedited resolution by the Court.

We thank the Court for its attention to this matter.

Respectfully submitted,

s/ Stanley O. King
Stanley O. King, Esq.
JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS P.C.
1000 Haddonfield-Berlin Road,
Suite 203
Voorhees, NJ 08043
Tel: 856.596.4100
sking@lawjw.com
*Counsel for Indirect iPhone Plaintiffs*

/s/ Jordan L. Ludwig
Jordan L. Ludwig
CROWELL & MORING LLP
515 South Flower Street, Fl. 40
Los Angeles, CA 90071
Tel: 213.443.5524
jludwig@crowell.com

*Counsel for Nonparty AT&T Mobility LLC*

cc: All counsel of record (via ECF)