# EXHIBIT B

WEINBERG GONSER LLP

JORDAN MATTHEWS
424.239.2867 direct
jordan@wgcounsel.com

May 14, 2026

**VIA EMAIL TO EQUINBY@PRETI.COM**

Ms. Elizabeth F. Quinby
Preti, Flaherty, Beliveau & Pachios, Chartered, LLP
One City Center
Portland, ME 04101

**RE:** ***Apple Inc. Smartphone Antitrust Litigation (Case No. 2:24-md-03113-JXN-LDW)***
**Subpoena addressed to RedPocket, Inc.**

Dear Ms. Quinby,

Our firm represents Red Pocket, Inc., ("Red Pocket," or "Responding Party") and I am writing you regarding the subpoena addressed to Red Pocket dated April 30, 2026 (the "Subpoena").

To that end, please let me know if there are any upcoming deadlines about which you are concerned. I would also appreciate if you could provide a service list for all counsel in this matter.

In the interim, the Responding Party is objecting to the Subpoena to preserve its rights. The Responding Party believes that the Subpoena is objectionable for several reasons, including its scope, time-frame and the burden it seeks to impose on a non-party. The Responding Party's objections to the Subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure are as follows:

1. The Responding Party objects to the Subpoena in its entirety as overbroad, unduly burdensome, and oppressive, including the fact that the Subpoena is approximately 542 pages; the definition of various terms, including, but not limited to "Buyer", "Government Buyer" and "New iPhone Product" are overbroad and vague; and the requests pertain to numerous matters pending outside California, including with respect to the DOJ Complaint, the MDL Complaint, the IIP Complaint, etc.

2. The Responding Party objects to the Subpoena to the extent it purports to impose any obligation to preserve and/or produce any documents that are newly created or received after the receipt of the Subpoena, because efforts to preserve and/or produce such documents or information would impose an undue burden and require an unreasonable expense, which the Responding Party, as a non-party to the litigation, is not required to undertake pursuant to the Federal Rules of Civil Procedure. Accordingly, the Responding Party will not undertake to preserve or produce documents it prepares or received after the date of the Subpoena (here, April 30, 2026).

3. The Responding Party objects to the Subpoena to the extent that any order issued by the court in the litigation, or any agreement of the parties to the litigation would limit, circumscribe, or preclude the discovery purportedly sought by the Subpoena.

4. The Responding Party objects to the Subpoena to the extent that it seeks documents that can be obtained in a more convenient, less burdensome, and less expensive manner from the parties, from other non-parties, or from publicly available sources. Many of the documents and the information requested by the Subpoena are available from the parties' own files or from other sources and should be sought from those sources directly. The Responding Party, a non-party, should not be put to the time and expense of producing such documents.

5. The Responding Party, a non-party to the litigation, objects to the Subpoena to the extent that it calls for the production of documents which constitute proprietary information, trade secrets, or other confidential, research, development or commercial information, including without limitation, checklists, internal forms, policy or procedures, billing information, time budget reports, billing files, staffing and time records, engagement letters, internal communications, requests for consultation and the like, or any files maintained separately from working papers. Such documents have been developed at great expense and effort. Further, such documents are not relevant to the claim or defense of any party. They are not and could not be an issue in this litigation. Their disclosure would be competitively harmful, and no confidentiality stipulation provides adequate protection for their production.

6. The Responding Party objects to the Subpoena to the extent that it purports to require the production of documents which are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, rule, or duty of confidentiality, which precludes or limits production or disclosure of information therein.

7. The Responding Party objects to the Subpoena to the extent that it purports to require the production of documents sought by or from regulatory agencies. The Responding Party objects to producing such documents on the grounds that it is not a legitimate purpose of the litigation to seek information gathered by or for regulatory agencies in connection with such regulatory agencies' functions. Further, the Responding Party may be precluded from producing such documents.

8. Upon information and belief, by virtue of its overbroad nature, the Subpoena calls for the production of documents that are not relevant to the issues in the litigation or any party's claims or defenses and are not proportional to the needs of the case. The Responding Party objects to the subpoena to the extent that it calls for the production of such irrelevant documents.

9. The Responding Party objects to the requests as overbroad in nature, burdensome and oppressive, including, but not limited to, the extent to which they purport to encompass more than just the referenced individuals and parties. As such, the purported requests are so ambiguous and vague and their meaning so unascertainable as to make any search for documents impossible.

10. The Responding Party objects to the Subpoena to the extent that it calls for the production of documents that are not in the possession, custody, or control of the Responding Party.

11. The Responding Party objects to the scope of the Subpoena as overbroad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to require the Responding Party to search not only its own offices for relevant documents, but also the offices of other entities not subject to its control.

12. The Responding Party objects to the Subpoena to the extent it purports to impose an obligation to preserve and/or produce transient or dynamic data, such as metadata, RAM, cookies or data on dynamic databases, because such data is not material to the litigation and efforts to preserve and/or produce such data would require an undue burden and unreasonable expense, which the Responding Party, as a non-party to the litigation, is not required to undertake pursuant to the Federal Rules of Civil Procedure.

13. The Responding Party objects to the Subpoena to the extent that it purports to impose on the Responding Party an undue burden and unreasonable expense in connection with the preservation of documents or electronically stored information ("ESI"), which the Responding Party, as a non-party to the litigation, is not required to undertake. The Responding Party is taking reasonable steps to ensure that documents responsive to the Subpoena are preserved. However, the Responding Party will not undertake an open-ended obligation to preserve documents, which would be unduly burdensome. Instead, Responding Party will revert to its ordinary procedures and processes for managing documents (including any applicable document retention and destruction policies).

14. The Responding Party objects to the Subpoena to the extent that it seeks the production of documents, including ESI, in a format that is not reasonably usable, or that imposes undue burden and expense on the Responding Party as a non-party, or that prevents the Responding Party from adequately labeling and controlling its production. If and when Responding Party produces documents and/or other ESI pursuant to the Subpoena, the Responding Party will produce such documents and/or ESI in a reasonably usable format within the meaning of the Federal Rules of Civil Procedure, or subject to mutual agreement.

15. The Responding Party objects to the Subpoena as overly broad and unduly burdensome to the extent that it purports to require preservation and/or production of ESI: (i) from active backup and disaster recovery systems; (ii) from inactive systems, backup tapes and other media that are no longer part of the Responding Party's normal business operations; (iii) that is transient or dynamic ESI, such as RAM, system files, log files, cookies or ESI in free or slack drive space. Such ESI is not reasonably accessible, and is duplicative of ESI available from other, more readily accessible sources. Efforts to preserve or produce such ESI would require an undue burden, would disrupt normal business operations, and would impose unreasonable expenses on the Responding Party.

16. The Responding Party objects to the Subpoena to the extent that it calls for the production of documents in a location in which they are not maintained.

17. The Responding Party objects to the Subpoena to the extent that it purports to impose any obligations on the Responding Party beyond those required by the Federal Rules of Civil Procedure and/or the Local Rules of the District of New Jersey or by controlling case law interpreting these rules.

18. The Responding Party objects to the Subpoena to the extent that it purports to require the Responding Party to produce documents related to individuals, entities, customers, vendors, or clients that are not at issue in the litigation and/or are not parties in the litigation, documents concerning work unrelated to the subject matter of the litigation or documents related to other litigation.

19. The Responding Party objects to the Subpoena to the extent that it was improperly issued, improperly served, defective in its form, and the court has no jurisdiction to enforce the Subpoena on an out-of-state non-party.

20. The Responding Party objects to the material to the extent that it is unduly vague, precluding the Responding Party from determining with sufficient precision the identity of the documents for which plaintiff seeks production.

21. The Responding Party objects to producing the material sought by the Subpoena in the absence of a prior written commitment to pay for all reasonable costs of production, including attorney's fees and administrative costs.

22. The Subpoena was not served sufficiently in advance of its return date to allow the Responding Party adequate time to respond.

In making the above objections, the Responding Party is not suggesting or implying in any way that it has documents responsive to any particular request and reserves all rights. The Responding Party expressly reserves the right to amend, expand or delete any part of the objections stated herein. Citations or references to particular sections or requests do not constitute a waiver of any and all objections that the Responding Party has, or may interpose in the future, to any section and/or requests not cited herein.

Given these objections, Responding Party will not produce documents on May 30, 2026. However, I will be prepared to meet and confer and discuss these matters with you in an effort to determine any potential resolution.

Thank you for your anticipated cooperation.

Sincerely,

Jordan Matthews, Esq.

cc: Braden Leach (*via email*)
Erica Fruiterman (*via email*)
Suneel Jain (*via email*)
Stephen Tensmeyer (*via email*)
Hannah Simson (*via email*)
Baya Yantren (*via email*)
E.J. Morera (*via email*)
Charles Ma (*via email*)