McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
T: 973.993.8100 | F: 973.425.0161
MDMC-LAW.COM

THOMAS R. CURTIN
Direct Dial: (973) 401-7117
tcurtin@mdmc-law.com

**VIA ECF**

Honorable Peter F. Bariso, Jr., A.J.S.C., Special Master
Chasan, Leyner, Bariso, & Lamparello, P.C.
300 Harmon Meadow Boulevard
Secaucus, NJ 07094

Re: *In re Apple Inc. Smartphone Antitrust Litigation*, No. 2:24-md-03113-JXN-LDW
Request for Leave to Submit Reply Regarding the Causeway Dispute

Dear Judge Bariso:

On November 10, the Direct Apple Watch Purchaser Plaintiffs ("Watch Plaintiffs") submitted a letter brief regarding the Causeway Documents dispute. Dkt. 461 (letter brief); Dkt. 406 (joint notice of impasse). Apple responded on November 18. Dkt. 502. Pursuant to ¶5(c) of the Special Master Appointment Order, Dkt. 208, Watch Plaintiffs respectfully request leave to submit a two-page reply. Apple opposes the request to address arguments about relevance, but does not oppose a reply brief limited to a single page to respond to the agreement (Dkt. 502-1, Ex. 4-6) between the Connectivity Standards Alliance (the "Alliance") and Apple that Apple first disclosed to Watch Plaintiffs in its Response.

Watch Plaintiffs request a reply to respond to arguments that Apple had not raised during the pre-impasse process or in the impasse notice, including a relevance objection and an argument based on the contract between the Alliance and Apple attached to Apple's response letter. The meet and confer process required by the Special Master Appointment Order, Dkt. 208 ¶4 is designed so that the parties can identify the scope of their disagreement. Any objections must be raised there so that the scope of the actual dispute is clearly defined and can be memorialized for the Court in the joint notice of impasse. *Id.* (directing the parties to "describe the dispute as well as the parties' efforts to resolve the dispute"). Because the *joint* notice fixes the agreed scope of the dispute, the briefing that follows is correspondingly limited: each side receives just four single-spaced pages, and no reply is available absent leave. *Id.* ¶5(a)–(c). Apple may contend that their newly raised relevance objection does not justify granting leave to reply because Watch Plaintiffs bore the burden of establishing relevance in the first instance. In ordinary motion practice—where the dispute is not bracketed in advance, a respondent may raise any argument, and the movant may answer it on reply as a matter of course—that might be so. But the Special Master Appointment Order frontloads threshold objections like relevance and confines briefing to the dispute as noticed, so a moving party briefs the objections actually raised, not those the respondent never made. If a responding party can raise an objection in their response that it had never raised previously, that is a recipe for ambush.

That is exactly what happened here: Apple refused to meet and confer after Watch Plaintiffs identified the issue of Apple documents stored on the Alliance's Causeway platform on October 7, 2026. In the impasse notice and the correspondence preceding it, Apple raised one argument—that producing documents it sent to the Alliance through the Causeway platform would be unduly burdensome, and that the Alliance should produce the documents instead. Apple did not make a relevance argument. Nor did Apple mention the contract with the Alliance that it

attached to its response brief. *See* Dkt. 502-1, Ex. 4. Apple had the opportunity to raise any objection it wanted; it raised some but not others, the ones it raised were included in the impasse notice and addressed in our opening brief, and then Apple ambushed Watch Plaintiffs by raising new objections in its response. Because the Order affords no automatic reply, Apple's tactic would leave those objections unanswered and reward Apple for circumventing the very process designed to surface them. Fairness requires that Watch Plaintiffs be permitted to respond to arguments that they could not reasonably foresee. Indeed, Apple's relevance objection was particularly unforeseeable because Apple itself has subpoenaed similar documents from the Alliance. *See* Dkt. 502-1 at 28-46 (Apple's subpoena to the Alliance); *id.* at 5 (Apple and Watch Plaintiffs proposed joint search terms).

Watch Plaintiffs therefore respectfully request leave to file a two-page reply within three business days of an order granting this request.

Respectfully submitted,

*<u>/s/ Thomas R. Curtin</u>*
Thomas R. Curtin
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 993-8100
tcurtin@mdmc-law.com